UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PCJV USA, LLC et al., <br><br> Defendants. | Case No. 2:24-cv-04546-SB-AGR <br><br> ORDER DENYING EX PARTE APPLICATION TO CLARIFY AND MODIFY PRELIMINARY INJUNCTION  [DKT. NO. 72] AND REQUEST TO MODIFY BOND AMOUNT |

On November 14, 2024, the Court granted in part and denied in part Defendants' motion to dismiss the complaint and preliminarily enjoined Defendants Guy Koren, PCJV USA, LLC, and PCI Trading, LLC (and those in active concert or participation with them, including franchisees) from using Plaintiff's registered marks.  Dkt. No 56.  On November 20, the Court mostly denied Defendants' ex parte application (EPA) to reconsider but set a hearing and briefing schedule on Defendants' request to increase the bond amount.  Dkt. No. 61; *see also* Dkt. No. 64 (amended order correcting signature).  Defendants filed an interlocutory appeal challenging both orders the next day.  Dkt. No. 62.  Then, on December 2, Defendants filed another EPA, this time asking the Court to clarify or modify its preliminary injunction.  Dkt. No. 72.  Plaintiff filed its opposition the next day and included a request for the Court to initiate contempt proceedings.  Dkt. No. 77.  Meanwhile, the Ninth Circuit denied Defendants' emergency motion to stay either the proceedings in this Court or the November 14 preliminary injunction.  Dkt. No. 78.  Defendants' interlocutory appeal remains pending.

I.

Defendants' latest EPA principally seeks modification (often framed as "clarification") of the November 14 preliminary injunction that Defendants have appealed.  "The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Accordingly, the Court lacks

jurisdiction to modify its injunction—which the Ninth Circuit has declined to stay—and the EPA is for the most part denied on that basis.

The EPA includes one request for relief unrelated to the injunction and within the Court's jurisdiction: Defendants ask for an order clarifying that the First Amended Complaint (FAC) filed November 22 was improper to the extent it added new claims not contained in the original complaint.[1] The Court authorized Plaintiff to file an FAC to further develop its allegations against the Koren Affiliates if Plaintiff wished to pursue those claims. Dkt. No. 56 at 13. The order did not expressly permit or prohibit Plaintiff from adding claims related to trade secret misappropriation. At the November 8 motion hearing, Plaintiff acknowledged that it had not alleged claims for trade secret misappropriation in its original complaint because the pertinent facts arose after the case was filed. Plaintiff discussed its intention to add those claims in an amended complaint, and Defendants did not object at the hearing. The deadline for a motion to amend the pleadings passed on November 8—the date of the motion hearing. *See* Dkt. No. 29 (case management order).

Although the order granting leave to amend focused only on the issues pertinent to the motion to dismiss and did not expressly allow Plaintiff to add trade secret claims, amendment is nevertheless appropriate under Rule 16(b)(4). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992) (explaining that Rule 16's "good cause" standard applies to amendments after the deadline for amending has passed). Plaintiff has been reasonably diligent, and the facts giving rise to the new claims developed after this case was filed. Moreover, while Defendants imply that it may be difficult to meet the current trial schedule if amendment is allowed, denying leave to amend would simply require Plaintiff to file a separate case alleging the new claims, which would then likely be reassigned and consolidated into this case, causing further delay and waste of resources that would benefit nobody.[2] Accordingly, the Court grants Plaintiff leave to include the

---

[1] Although Defendants frame this request as seeking clarification of the November 14 order, it relates only to the portion of that order addressing the motion to dismiss, which Defendants expressly excluded from their notice of appeal. Dkt. No. 62 at 1 n.1.

[2] To the extent the amendment prevents the parties from complying with the current deadlines despite their exercise of diligence, the Court will consider a properly supported request for a reasonable extension of the deadlines in the case management order.

new claims in the FAC filed on November 22, and the FAC is deemed properly filed. Defendants' EPA is therefore denied.

## II.

Defendants' request in their prior EPA to increase the bond amount is also encompassed in their appeal. *See* Dkt. No. 62 at 2 (appealing from denial of EPA to increase bond amount). Accordingly, the request is denied without prejudice for lack of jurisdiction, and the December 20 hearing is vacated. *Griggs*, 459 U.S. at 58.

## III.

Plaintiff devotes much of its opposition to a recitation of Defendants' recent conduct and a request to initiate contempt proceedings against them. The request is denied. Plaintiff's assertions about Defendants' conduct—including Koren's apparent statements to franchisees that they do not need to comply with the injunction—are concerning. However, as Plaintiff points out, this case has been unduly burdened with expedited ex parte requests, and in the absence of a demonstrated emergency, the Court declines to take further action at this time based on arguments raised in an opposition to an EPA. The Court has repeatedly noted the heated nature of the relationship between counsel and has "encourage[d] the parties and counsel to consider how to redirect their conversations toward productive and professional cooperation." Dkt. No. 61 at 3 n.2. The latest filings suggest that both sides continue to take an unhelpfully aggressive approach to this litigation. The Court continues to urge the parties to work towards cooperation. In the event contempt sanctions become necessary, Plaintiff may file a properly noticed motion after thoroughly meeting and conferring with Defendants.

Date: December 4, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge