**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile:  424.239.3434

Attorneys for Defendants PCJV USA, LLC, PCI TRADING, LLC, GUY KOREN, POTATO CORNER LA GROUP, LLC, NKM CAPITAL GROUP, LLC, J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, and GK CAPITAL GROUP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; Potato Corner LA Group, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J & K CULVER, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K OAKRIDGE, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K CAPITAL 2, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; J&K CONSULTANTS GROUP, LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF ARASH BERAL**<br><br>Complaint Filed: May 31, 2024<br>Trial Date:          August 4, 2025 |

160850.00001/151846931v.1

**DECLARATION OF ARASH BERAL**

limited liability company; and DOES 1 through 100, inclusive,

Defendants.

## DECLARATION OF ARASH BERAL

I, Arash Beral, declare as follows:

1. I am a partner of Blank Rome, LLP, counsel of record for Defendants in this action. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify under oath, I could and would testify competently thereto.

2. During the week of December 2, 2024, my office requested that Plaintiff's counsel meet and confer with us over Plaintiff's First Amended Complaint. We did so because my schedule did not align well with my partner Todd Malynn's schedule the following week, and so we requested a meet and confer that week. Plaintiff's counsel ignored us.

3. On December 4, 2024, the Court noted in its Order: "The Court continues to urge the parties to work towards cooperation. In the event contempt sanctions become necessary, Plaintiff may file a properly noticed motion after thoroughly meet and conferring with Defendants." Doc. No. 80 at p. 3 of 3.

4. Rather that meet and confer in good faith, Plaintiff's counsel, Michael Murphy, sent us an email on Saturday night, December 7, 2024, rendering only conclusions, among other things: (a) "the following can no longer be challenged …" and (b) "[t]hat Koren and PCJV and PCIT and each of the stores Koren operates, have previously, up to the transmission of tis [sic] email, engaged in a contempt is without dispute").

5. On Monday, December 9, I responded to Mr. Murphy's email cordially, and in an attempt to bring down the temperature in this case: "Mike (and Kenny): Good morning, and happy Monday. Hope you enjoyed your weekend. I really hope that we can heed the Court's suggestion to curb the 'unhelpfully aggressive

approach to this litigation' and to 'work towards cooperation,'" my email began. I addressed Mr. Murphy's Saturday night email in detail, including to let Mr. Murphy know that "Defendants have acted diligently and in good faith to fully comply with the Court's order as quickly as possible." I noted for Mr. Murphy the Court's guidance in Doc. No. 64 at pp. 2-3: "If Defendants act diligently and in good faith to fully comply with the Court's order as quickly as possible, then they will not be found in contempt if they can demonstrate that changing the names more quickly was impossible because of constraints outside their control." I asked Mr. Murphy to send me any evidence that he might have of Defendants not making diligent efforts at changing names, if anything. I also brought up the issues with us needing to meet and confer regarding the First Amended Complaint and ended my email with: "Finally, we'd like to discuss with you a mutual agreement on setting a hearing date so that neither side's opposition or reply deadlines fall through the holidays." A true and correct copy of my December 9, 2024 email is attached hereto as **Exhibit A.**

6. Mr. Murphy sent me two hostile emails after that, accusing my clients of contempt without ever expressing a true desire to meet and confer about what Defendants have done and are doing to change names and the final projected dates of completion. In fact, before our scheduled remote conference on Friday, December 13, Mr. Murphy sent me an email stating (among other things): "Notwithstanding our attendance today at 4:30, the email record is clear that SPAVI has already exhausted all efforts to meet and confer with your firm in good faith specifically regarding its imminent request for OSC Re: Civil Contempt." I responded before our 4:30 p.m. call. A true and correct copy of our email chain prior to our 4:30 p.m. December 13 remote conference is attached hereto as **Exhibit B.**

7. My partner, Mr. Malynn, and I participated in a remote conference at 4:30 p.m. on December 13 as promised. Plaintiff's counsel never truly had a desire to meet and confer in good faith, although they did concede that they have no

evidence, argument, or authority that our clients' efforts at changing names have not been diligent or in good faith. Their only position was that Defendants have been in violation of the injunction order since the minute it was issued. We tried to reason with them and explained that the Court has (a) given us guidance about making diligent efforts at changing names, and (b) required the parties to "thoroughly meet and confer," none of which it would have done had the Court believed that Defendants were in contempt as soon as the order was issued. Plaintiff's counsel did not care. They urged that their client wants the motion filed and their client doesn't understand how things work in the United States.

8.  We also discussed scheduling that evening. Plaintiff's counsel was adamant about filing their motion as early as that following Monday, December 16. They knew that we had our motion to dismiss deadline on Friday, December 20, and offered to file their motion for contempt "early" to afford us additional time to oppose it. We all discussed potential hearing dates of January 17, 24, and 31. We also discussed our unavailability as well as the unavailability of witnesses during the holidays. If we were going to each file our motions on or before Friday, December 20 (again, Plaintiff's counsel suggested that they would file theirs as early as Monday, December 16), then we would expect the hearing date to be scheduled for at least January 24, giving each side sufficient time to oppose. A true and correct copy of an email I sent later that evening on December 13 after our remote conference is attached hereto as **Exhibit C.** I specifically noted in that email: "Neither Todd nor I are available the week between Christmas and New Years, and we believe that to be the case for our clients and third parties as well who will need to participate in any opposition papers we would file. Even if we were to select January 24, a January 3 opposition deadline is ambitious given the holidays. I'm embarrassed to have suggested January 24 on the call, but I think the more prudent course is that we both select January 31."

9. On Wednesday, December 18, Mr. Hsu emailed me to say that "SPAVI will agree to set a hearing date of January 24." In reliance on that email, and expecting Plaintiff's motion to be filed by Friday, December 20, I emailed Mr. Hsu and agreed to set our motion to dismiss hearing for January 24 as well. We then filed our motion to dismiss. A true and correct copy of those communications with Mr. Hsu is attached hereto as **Exhibit D.**

10. Friday night, December 20, came and went, and we did not receive any motion from Plaintiff. On Saturday morning, December 21, I emailed Mr. Hsu:

> Kenny,
>
> We did not see a motion from you guys last night. We presume you're not filing one, certainly not one set for hearing at this point on January 24.
>
> Arash

A true and correct copy of that communication is attached hereto as **Exhibit E.**

11. Mr. Hsu ignored me, as did Mr. Murphy. Indeed, I heard nothing on Saturday, Sunday, Monday, Tuesday, Wednesday, or Thursday. On Thursday night, December 26, 2024 at 7:14 p.m., I received an ECF notice containing Plaintiff's motion for contempt with a hearing date of January 24, 2025. Meaning, my office and my clients have only until January 3, 2025 to file opposition papers inclusive of party and non-party declarations.

12. On Saturday morning, December 28, I am taking my family on vacation, inclusive of my wife, my three children (ages 8, 5, and 2), and my in-laws. I am out all next week. My partner, Mr. Malynn, is currently out of state on vacation himself with his family. I understand many members of my client team are also on vacation. It is impractical for us to be able to prepare and submit comprehensive opposition papers by next Friday, January 3, given the holidays and travel, including obtaining third party and direct party declarations, and the like. Had I known it was Plaintiff's counsel intent to drop this motion on our laps between Christmas and New Year's, I would not have agreed to set our motion to dismiss hearing on January 24, 2025 (we

could have set it for January 17, 2025). I thought Plaintiff's counsel and we had an agreement to mutually file by December 20. Plaintiff's counsel broke that agreement and purposefully delayed filing to give us the least amount of time possible and force us to have to make the unpleasant "ask" of the Court for an emergency extension.

13. All throughout the months of October and November 2024, while briefing and litigation activity was heavy in this case, I was suffering from a health issue, which caused me to go to two urgent cares, multiple doctors, and the emergency room at Cedars-Sinai. In fact, the evening that the Court issued its tentative ruling on the motion for preliminary injunction, I was admitted inside the Cedars-Sinai emergency department. The doctors wanted to keep me overnight for observation and further testing the following morning, but I declined and checked myself out because the hearing on the motion for preliminary injunction was the following morning, November 8. Also, my father passed away on November 22. Despite his (unexpected) passing and the other health issues, I've done everything I can to be responsive in this case, without asking for many extensions. The one extension I believe I asked for was a pleading extension, and I believe that was it. Otherwise, I have not typically asked for extensions. I respectfully request the Court grant this extension request.

14. In accordance with Local Rule 7-19, I provided written notice of the date and substance of this Application to Plaintiff's counsel, Michael Murphy and Kenneth Hsu, Ervin Cohen & Jessup LLP, 9401 Wilshire Boulevard, 12th Floor, Beverly Hills, CA 90212-2974, (310) 281-6367, mmurphy@ecjlaw.com, khsu@ecjlaw.com, and informed them that opposing papers are to be filed no later than 48 hours following service or by 3:00 p.m. on the first court day after service, whichever is later. A true and correct copy of that communication is attached hereto as **Exhibit F.**

1 | I declare under penalty of perjury that the foregoing is true and correct. Executed December 26, 2024, within the United States, its territories, possessions, or commonwealths.

*/s/ Arash Beral*
Arash Beral