Michael D. Murphy (SBN 224678)
  mmurphy@ecjlaw.com
Kenneth P. Hsu (SBN 306326)
  khsu@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and GK CAPITAL GROUP, LLC, a California limited liability company,<br><br>        Defendants. | Case No. 2:24-cv-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE OR CONTINUE HEARING ON PLAINTIFF'S MOTION FOR OSC RE: CONTEMPT (DOC. NO. 87)**<br><br>[*Filed concurrently with Declaration of Michael D. Murphy*]<br><br>*Action Filed:  May 31, 2024*<br>*Trial Date:    August 4, 2025* |

18393.1:11425162.3

1

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE OR CONTINUE HEARING ON MOTION FOR OSC RE: CONTEMPT

Out of respect for the Court's resources, Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI") addresses only specific allegations made in Defendants PCJV USA, LLC and Guy Koren's (collectively, "Defendants") latest *ex parte* application – its fourth overall and third in the past month alone – which amounts to a generalized, knee-jerk complaint about the timing of SPAVI's Motion for Order to Show Cause Re: Civil Contempt (the "Contempt Motion") (Dkt. 87) filed just <u>*three hours*</u> before Defendants rushed to file the application. In sum, putting aside the obvious failure to establish any exigency warranting *ex parte* relief, Defendants did not provide sufficient *ex parte* notice and, even if they did, their application is not only baseless, but also premised upon accusations that contradict the record.

- *First*, Defendants' grievances about the hearing date for the Contempt Motion are unfounded and, frankly, puzzling. After substantial meeting and conferring, SPAVI in good faith agreed to set a later hearing date for the Contempt Motion – January 24, 2025, rather than weeks earlier as initially sought – to be heard concurrently with Defendants' pending Motion to Dismiss (Dkt. 85) as an accommodation to various conflicts raised by Defendants' counsel, <u>*who expressly agreed to that hearing date*</u>.[1] (*See* Dkt. 88-5 (Declaration of Arash Beral, Ex. D) at 2-3 ("In the interest of judicial economy, and as another accommodation to the scheduling issues raised by your firm, SPAVI will agree to set a hearing date of January 24").) The Contempt Motion is <u>*indisputably timely*</u> according to that hearing date and, in fact, was served with an additional day of notice. Although Defendants now inexplicably claim that they "expected" SPAVI to file the Contempt Motion on December 20, 2024, they do not cite any rule, authority, or evidence supporting that

---

[1] The various travel plans and health concerns raised in the Declaration of Arash Beral were <u>*never*</u> raised during the parties' meeting and conferring. (Dkt. 88-1 ¶ 13.) To the contrary, the email correspondence shows that Defendants' counsel themselves agreed to set a later hearing date of January 24, 2025 based simply on other conflicting briefing deadlines in this action. (Dkt. 88-5 at 4.)

"expectation," whatever that may mean.[2]

More fundamentally, it is imperative that the Contempt Motion be heard as soon as practicable. Without belaboring the record here, the evidence submitted in support of the Contempt Motion demonstrates that Defendants' wholesale non-compliance with this Court's preliminary injunction, as well as the irreparable harm that Defendants continue to inflict on SPAVI, must immediately be addressed through, at a minimum, a hearing on an Order to Show Cause Re: Civil Contempt. For that reason, even setting the later hearing date of January 24, 2025 was a concession that, again, SPAVI agreed upon to accommodate Defendants. If any party is violating that agreement, it is Defendants' counsel, who agreed to have the Motion to Dismiss heard on the same date as the Contempt Motion.[3]

- *Second*, Defendants' claim that SPAVI "held" onto the Contempt Motion only to "drop" it on their laps during the holidays is especially egregious given that, the day after filing the application – beginning *just twelve hours later* – Defendants filed both (1) an "Emergency Motion for Stay of District Court Case, or in the Alternative, Stay of Enforcement" in the U.S. Supreme Court; and (2) a "Motion to Increase Bond Securing Preliminary Injunction or, in the Alternative, to Remand for Bond Hearing" in the Ninth Circuit Court of Appeals. The "emergency" motion in the U.S. Supreme Court appeals the Ninth Circuit's denial of a stay on December 3, 2024 (Dkt. 77), while the motion in the Ninth Circuit arises from this Court's denial of Defendants' request to modify the bond amount on December 4,

---

[2] Defendants filed their pending Motion to Dismiss on December 20, 2024 because that was their responsive pleading deadline, which had already been extended by stipulation. Curiously, even if SPAVI also filed the Contempt Motion on December 20, 2024 as Defendants had "expected," their opposition would still be due on January 3, 2025, placing Defendants in the exact same position that they are in now.

[3] The application declines to ask that the hearing on the Motion to Dismiss be moved as well, indicating that Defendants are using this manufactured controversy for a strategic purpose: to have their motion heard first.

18393.1:114425162.3

2

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STRIKE OR CONTINUE HEARING ON MOTION FOR OSC RE: CONTEMPT

2024 (Dkt. 80). While the application complains about non-existent "sandbagging" by SPAVI, Defendants have yet to explain why they waited more than three weeks – until a Friday between Christmas and New Year's Day – to file these motions.

Importantly, Defendants are well aware that SPAVI was already in the midst of preparing oppositions to Defendants' instant application, the Motion to Dismiss (due January 3, 2025), and the appeal to the Ninth Circuit (due January 17, 2025), in addition to, now, their "emergency" motion with the U.S. Supreme Court and newer motion with the Ninth Circuit, which are suddenly due in the coming days.[4] Put otherwise, at the same time Defendants appeared *ex parte* to complain about having to prepare one opposition to a timely noticed motion during the holidays, they have forced SPAVI to file *five* oppositions during the same time period. To be sure, in the interest of professionalism and out of respect for all three federal courts, SPAVI intends on responding to each motion in due course without requesting "emergency" relief. SPAVI is dismayed that Defendants seems intent on pursuing a different tact.

- *Third*, Defendants failed to satisfy Local Rule 7-19.1's requirement of advising SPAVI of the "substance" of the proposed application. The notice provided by Defendants identified only the relief they seek – to "strike" the Contempt Motion or continue the hearing date. (Declaration of Michael D. Murphy ("Murphy Decl."), Ex. A.) Missing was any explanation as to the substance of their request. (*Id.*) Defendants provided no explanation of the grounds for the relief sought or the authorities on which it is based; the information typically found in a notice of intent to seek an order. (*Id.*) Rather than respond to SPAVI's request for an explanation, Defendants filed the application within an hour. (Dkt. 88.) The Application was thus not filed pursuant to sufficient or proper notice under the Local Rules.

- *Fourth*, Defendants' evidentiary support is riddled with inadmissible

---

[4] SPAVI, of course, has just recently opposed Defendants' two prior *ex parte* applications and one "emergency motion" in the Ninth Circuit, all of which were summarily denied in the past month and a half.

opinions, speculation, and irrelevant personal attacks designed to prejudice this Court. SPAVI will not ask this Court to waste judicial resources on evidentiary objections, knowing that it may later challenge this same inadmissible evidence if raised in a subsequent motion. By way of example, however, in Paragraph 7 of the Declaration of Arash Beral (Dkt. 88-1), he speculates as to the "desire" of SPAVI's counsel to meet and confer in good faith during a teleconference on December 13, 2024 (one of multiple attempts by SPAVI to meet and confer on the relief sought). In that same paragraph, Mr. Beral smears SPAVI's counsel by testifying that counsel admitted they had no evidence of "good faith" for their Contempt Motion, which is not only false, but also not the standard applied in contempt proceedings. (*Id*. ¶ 5.) Later in that paragraph. Mr. Beral attempts to prejudice this Court against SPAVI by testifying, falsely again, that SPAVI's counsel stated that SPAVI "doesn't understand how things work in the United States" – a statement that was never made and is, indeed, the opposite of the truth. (*Id*.) Regardless, none of this has anything to do with the hearing date, but instead it is part of a strategy to attack the character of counsel, rather than defend the merits of their case. (*Id*.)

- *Fifth*, the application's complaints about the adequacy of SPAVI's meet and confer efforts in advance of the Contempt Motion are, at most, arguments to raise in an Opposition, not in an *ex parte* application filed just three hours after receiving the Contempt Motion. In any event, as explained in detail in the Contempt Motion itself, despite Defendants' attempts to reinterpret this Court's preliminary injunction (Dkt. 56), SPAVI met and conferred with Defendants in various correspondence and teleconferences spanning over one month before filing the Motion. (*See* Dkt. 87-1 ¶¶ 7-14, Exs. C-F.) Ultimately, SPAVI filed the Contempt Motion after it was clear that Defendants had a fundamental, irreconcilable disagreement about their non-compliance with the preliminary injunction. (*Id.*

- *Sixth*, the fact that Defendants spent valuable time on yet another *ex parte* application contravenes their claim that they are now suddenly unable to

effectively oppose the Contempt Motion with a hearing date that they themselves agreed to. However, even if that claim were true, Defendants will have not only more than the statutorily required time to oppose the Contempt Motion, but also additional time to respond to SPAVI's request for an order of contempt at the requested hearing on an Order to Show Cause, meaning they will have more than ample opportunity to advance their defenses to their non-compliance, if any.

In the end, particularly given the host of unfounded, hostile accusations made in the application – all without a showing of any exigency – SPAVI insists that its timely filed Contempt Motion remain on the docket as noticed without striking it, as Defendants insist, and be heard on the hearing date that Defendants agreed to (January 24, 2025). To the extent that this Court is inclined to continue that hearing date, notwithstanding the absence of any *ex parte* notice for that relief, SPAVI respectfully requests that it also continue the hearing date on Defendants' pending Motion to Dismiss (Dkt. 85) so that it remains heard on the same date.

DATED: December 27, 2024         ERVIN COHEN & JESSUP LLP

By: _____
Michael D. Murphy
Attorneys for Plaintiff SHAKEY'S PIZZA ASIA VENTURES, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on December 27, 2024, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 27, 2024          By:     */s/ Kenneth P. Hsu*
                                          Kenneth P. Hsu