Michael D. Murphy (SBN 224678)
  mmurphy@ecjlaw.com
Kenneth P. Hsu (SBN 306326)
  khsu@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>             Plaintiff,<br>     v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and GK CAPITAL GROUP, LLC, a California limited liability company,<br><br>             Defendants. | Case No. 2:24-cv-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr*<br><br>**DECLARATION OF MICHAEL D. MURPHY IN SUPPORT OF PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE OR CONTINUE HEARING ON PLAINTIFF'S MOTION FOR OSC RE: CONTEMPT (DOC. NO. 87)**<br><br>[*Filed concurrently with Opposition*]<br><br>*Action Filed:   May 31, 2024*<br>*Trial Date:     August 4, 2025* |

18393.1:11425929.1

1

DECLARATION OF MICHAEL D. MURPHY IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION TO STRIKE OR CONTINUE HEARING ON PLAINTIFF'S MOTION FOR OSC RE: CONTEMPT

# DECLARATION OF MICHAEL D. MURPHY

I, Michael D. Murphy, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Ervin Cohen & Jessup LLP, attorneys of record for Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe that they are true.

2. I make this Declaration in support of SPAVI's Opposition to the Ex Parte Application filed last night by Defendants PCJV USA, LLC ("PCJV") and Guy Koren ("Mr. Koren") to Strike or Continue the Motion for an OSC Re: Civil Contempt (the "Contempt Motion") that we caused to be filed on behalf of SPAVI yesterday, to be heard at a hearing on January 24, 2025.

## Our Exhaustive Meet and Confer Prior to Filing the Contempt Motion

3. As explained in the Contempt Motion (Dkt. 87), despite having been ordered, unequivocally, to cease using our client's Potato Corner trademarks, PCJV and Koren, and the 37 stores under PCJV operating around the country, continue to do so even now, six weeks after the Injunction Order was entered. I myself have visited one of these outlets after the injunction issued – at the Americana mall in Glendale – and was stunned to see that nothing had changed, and Defendants continued to emblazon the prohibited marks on signage, menus, cups, uniforms, etc. Defendants have pretended that the injunction simply does not exist.

4. The Ex Parte Application accuses Mr. Hsu and me of not meeting and conferring as required by LR 7-1. The opposite is true. As is set forth in the Contempt Motion, from November 19, 2024 through our last meet and confer conference on this Motion – December 13, 2024 – Mr. Hsu and I have engaged in an ongoing meet and confer that has been conducted through various mediums –

telephone, email, and video conference. During this extensive meet and confer, Mr. Beral and the Defendants have had more than enough opportunities to explain why their failure to comply with the injunction is justified. They have not, and, as such our client had no choice but to seek contempt, if it wants the injunction it sought to have any effect. To be sure, I have never met and conferred so exhaustively before a motion. To the extent Defendants wish to challenge the sufficiency of the meet and confer, that should be done in their Opposition, not by way of Ex Parte Application.

5. In Paragraph 7 of the Declaration of Arash Beral (Dkt. 88-1), he speculates as to the "desire" of my firm to meet and confer in good faith during a teleconference on December 13, 2024, one of multiple attempts by SPAVI to meet and confer on the relief sought. In that same paragraph, Mr. Beral smears Mr. Hsu and me by testifying we admitted that SPAVI had no evidence of "good faith" for its Contempt Motion, which is not only false, but also not the standard applied in contempt proceedings. Later in that paragraph. Mr. Beral attempts to prejudice this Court against SPAVI by testifying, falsely again, that Mr. Hsu and/or I stated that SPAVI "doesn't understand how things work in the United States" – a statement that was never made and is, indeed, the opposite of the truth.

**Our Agreement to Have Our Motion Heard on the Same Day as the Rule 12 Challenge to the Amended Complaint**

6. I attended every meeting or call with Mr. Beral in which the Contempt Motion was met and conferred upon and was copied on every meet and confer email.

7. The topic of the hearing date was important to Mr. Beral during this meet and confer who insisted that we not set a hearing date of January 17, as we preferred. He urged us, particularly during our December 13, 2024 videoconference meet and confer, to postpone having our motion heard to January 24, 2025 or January 31.

8. Mr. Hsu and I later agreed to have our Contempt Motion heard on January 24, 2025, despite the ongoing harm our client is suffering, as communicated in the email Mr. Beral attaches as Exh. C. (Dkt. 88-5.)

9. At no point did I ever agree (nor did Mr. Hsu) on a date to *file* our Contempt Motion nor did we ever agree on a joint briefing schedule, nor was one even discussed. I never agreed to file our Contempt Motion a week early.

10. I understand the reason why Mr. Beral filed his Rule 12 Motion on December 20, 2024 is because his responsive pleading was due that day – which we had already extended once as a courtesy as a result of the loss in his family. I did not, however, agree that, by extending his date to respond to the First Amended Complaint, we were binding ourselves also to file a Contempt Motion on that date.

11. We did not "hold" our Contempt Motion as alleged by Plaintiff. We filed it one day earlier than we are required.

**As of this Declaration, We Are Simultaneously Opposing Four Motions Filed by Defendants At Every Level of the Federal Judiciary, Each of Which Must be Prepared over the Next Week**

12. I understand Defendants' counsel objects to preparing an Opposition for a Contempt Motion due next week, a holiday week. They claim our motion filed strategically because no one from Defendants' firm is available all next week ( fact they have not established in their Application). I know nothing about Mr. Beral's schedule or the schedule of his colleagues, and to the extent he mentioned it weeks ago, that was in the context of picking hearing dates, not briefing schedules.

13. Upon receipt of this Application, I noted that Mr. Beral's primary argument is that he is inconvenienced by having to oppose our properly noticed motion next week during the holiday. I was surprised he would make this argument when his Rule 12 Motion requires us to oppose that Motion during the same holiday week, and our Responding Brief to the 9th Circuit on Defendants' appeal of the

Injunction is due on January 25, 2025. I too had vacation plans but, when we agreed on the joint date for the Rule 12 Motion and Contempt Motion, I understood that meant our opposition would be due next week. Mr. Beral agreed to this as well but appears to now want out of our agreement.

14. What makes Mr. Beral's argument in this Application most surprising is what he filed today, and that he must have been preparing, while also filing this Application complaining about having to oppose one motion next week. Those two new filings are described as follows:

15. This afternoon, while preparing our Opposition to this Ex Parte, and working on our Opposition to Defendants Rule 12 Motion, Mr. Beral filed, with the Supreme Court Defendants filed an "Emergency Motion for Stay of District Court Case, or in the Alternative, Stay of Enforcement" in the U.S. Supreme Court. Given the speed with which Justice Kagan may act on the Application, we are duty bound to file an Opposition to this Application to the Supreme Court by Tuesday, New Year's Eve. This means we have to put our Rule 12 Motion Opposition on hold and focus on that instead.

16. The Emergency Motion for Stay is appealed from the Ninth Circuit's denial of a stay on enforcement entered on December 3, 2024. Mr. Beral could have filed this any day since December 3, 2024, but chose today the Friday of a weekend during the holidays, when he knew we were also opposing the Rule 12 Motion and this Ex Parte.

17. Even more curious when considered in the context of this Application is that today, hours after the Supreme Court filing, Mr. Beral, on behalf of Defendants filed *another* Motion in the Ninth Circuit, styled as a "Motion to Increase Bond Securing Preliminary Injunction or, in the Alternative, to Remand for Bond Hearing." The Opposition for that Motion is due no later than 10 days from now. Again, while objecting in this Court to filing one Opposition next week, Mr. Beral knew he was about to place our office in the position of, during the same

period, having **five briefs due in this case, in every level of the federal judiciary**: (1) a Rule 12 Opposition; (2) this Ex Parte Opposition, (3) the Responding Brief before the Court of Appeals for the Ninth Circuit, (4) the new Motion before the Ninth Circuit, and (5) the Opposition to the Motion for a Stay before the Supreme Court.

### The Defective Notice And Mr. Beral's Refusal to Meet and Confer Prior to this Ex Parte Application

18. Last night at 9:20, I received an email from Mr. Beral complaining vaguely about the Contempt Motion, and stating, for the first time he wished to file this Application to "strike" or continue the January 24, 2025 hearing. That email, and my response, is attached hereto as **Exhibit "A."**

19. I immediately responded and asked Mr. Beral for the basis and grounds for this relief, as well as authorities that support relief of this sort. That email is also found in Exhibit "A."

20. Mr. Beral ignored my email, and did not even acknowledge receipt. He filed his application soon thereafter instead.

21. I do not believe this was sufficient notice. I asked for the grounds and authority so that I could know the substance of their Application and possibly avoid an Ex Parte. All I was placed on notice of was that Mr. Beral would ask this Court to strike the Contempt Motion, I had no idea why. This undermines the purpose and spirit of the Local Rule, such that we are back to the old days of using ex partes to engage in sandbagging and gotcha techniques. The refusal to respond to my email or even meet and confer reinforces the failure to adhere to at least the spirit of the Local Rules.

18393.1:11425929.1

5

DECLARATION OF MICHAEL D. MURPHY IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION TO STRIKE OR CONTINUE HEARING ON PLAINTIFF'S MOTION FOR OSC RE: CONTEMPT

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of December, 2024, at Los Angeles, California.

_____
Michael D. Murphy

18393.1:11425929.1

6

DECLARATION OF MICHAEL D. MURPHY IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION TO STRIKE OR CONTINUE HEARING ON PLAINTIFF'S MOTION FOR OSC RE: CONTEMPT