UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC., | Case No. 2:24-cv-04546-SB-AGR |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ORDER TO SHOW CAUSE RE CIVIL CONTEMPT [DKT. NO. 87] |
| PCJV USA, LLC et al., | |
| Defendants. | |

More than two months ago, the Court enjoined Defendants Guy Koren, PCJV USA, LLC, and PCI Trading, LLC "from directly or indirectly using, advertising, marketing, promoting, or distributing" three registered marks belonging to Plaintiff Shakey's Pizza Asia Ventures, Inc. (SPAVI) during the pendency of this action. Dkt. No. 56 at 28–29. SPAVI moves for an order to show cause (OSC) why Defendants should not be held in civil contempt for failing to comply with the injunction. The Court held a hearing on January 31, 2025, and the parties submitted on the Court's tentative ruling. Defendants do not deny that they and their franchisees continue using the registered marks. Because the Court's order was unambiguous and Defendants' excuses for their noncompliance are unavailing, the Court grants SPAVI's motion and orders Defendants to show cause why they should not be held in civil contempt.

"Under traditional principles of equity practice, courts have long imposed civil contempt sanctions to 'coerce the defendant into compliance' with an injunction or 'compensate the complainant for losses' stemming from the defendant's noncompliance with an injunction." *Taggart v. Lorenzen*, 587 U.S. 554, 560 (2019) (quotation omitted). A party moving for contempt sanctions "has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court," after which the burden shifts to

1

the contemnors to demonstrate why they were unable to comply. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quotation omitted).

The Court's injunction prohibiting Defendants from directly or indirectly using SPAVI's registered marks during the pendency of the litigation was specific and definite. Moreover, this Court and the Ninth Circuit have denied Defendants' repeated requests to modify or stay the injunction. In the absence of a stay, Defendants are obligated to "comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Their belief that they will ultimately prevail on appeal does not entitle them to violate the Court's injunction.

SPAVI has produced uncontroverted evidence that Defendants and their franchisees continue to use the marks. More specifically, SPAVI has demonstrated that as of January 14, 15 and 16—two months after the issuance of the injunction—Defendants and their franchisees continue to use SPAVI's marks on their signage, menus, uniforms, and paper goods at each of the eight locations visited by SPAVI's investigator. Dkt. Nos. 96-1, 96-2, 96-3. Defendants have not shown, or even attempted to show, that it is impossible for them to cease using the marks in these ways.

Defendants instead raise a host of arguments that serve only to demonstrate the propriety of issuing an OSC. They suggest that the Court should sua sponte dissolve or modify the injunction (which the Court lacks jurisdiction to do in light of Defendants' pending appeal); they raise additional arguments for why they believe the order was incorrect; they assert a lack of harm to SPAVI (which, even if correct, would not excuse their contempt); they attempt to inject ambiguity into the Court's order by selectively relying on portions of the Court's orders that they take out of context;[1] they attempt to reargue their position on the merits; and they point to ways in which they have partially complied with the injunction.

---

[1] In characterizing the Court's language, Defendants ignore what the Court ordered. For example, Defendants rely on the Court's references to the hardship Defendants face without acknowledging that the Court found the balance of hardships in SPAVI's favor, such that injunctive relief was warranted. Dkt. No. 56 at 24–25. Similarly, the Court's statement that Defendants would not be held in contempt for failing to take action that was "impossible because of constraints outside their control," in the context of denying Defendants' request to reconsider or modify the injunction, was not license for Defendants to delay taking all steps within their control to comply with the injunction. Dkt. No. 64 at 3. And the

The Court need not address these arguments in full at this juncture. Defendants have not shown that the order prohibiting them from continuing to use SPAVI's marks was ambiguous or that they are excused from following it. And, although intent it is not necessary for a finding of civil contempt, *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th Cir. 1982), Defendants' decision not to comply appears to be willful.

Because SPAVI has shown by clear and convincing evidence that Defendants are actively violating the Court's order, Defendants Guy Koren, PCJV USA, LLC, and PCI Trading, LLC are ORDERED TO SHOW CAUSE at an in-person hearing in Courtroom 6C on February 14, 2025 at 8:30 a.m.[2] why they should not be held in civil contempt for violating the Court's preliminary injunction by failing to stop their use of SPAVI's marks. In particular, Defendants shall show cause why the Court should not impose coercive escalating fines or imprisonment, order them to pay compensatory fines and SPAVI's attorney's fees incurred to enforce the injunction, and/or appoint a special master to oversee compliance. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (purpose of civil contempt is to compensate opposing party and coerce compliance). Defendants shall file a written response to this order to show cause no later than February 7, 2025.

Date: January 31, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

Court's attempt to encourage the parties to work towards cooperation in the hope of avoiding the need for additional motion practice on contempt, in the context of denying Defendants' further request to modify or clarify the injunction, did not state or suggest that Defendants were in compliance with the Court's order. Dkt. No. 80 at 3.

[2] At the hearing, defense counsel requested a continuance of the OSC hearing date. Counsel may file a declaration regarding their unavailability together with their written response to the OSC, and the Court will consider whether to advance or continue the hearing date.