UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PCJV USA, LLC et al., <br><br> Defendants. | Case No. 2:24-cv-04546-SB-AGR <br><br> ORDER ON JOINT MOTION FOR ATTORNEYS' FEES AND COSTS [DKT. NO. 105] |

  As part of their motion to dismiss Plaintiff's First Amended Complaint, Defendants moved under California's Strategic Lawsuit Against Public Participation (anti-SLAPP) statute to strike two claims. Dkt. No. 99. In advance of the January 31 hearing on that motion, the Court issued a tentative ruling that Defendants' anti-SLAPP motion was frivolous and Plaintiff was therefore entitled to an award of attorneys' fees in an amount to be determined. *See* Cal. Civ. Proc. Code § 425.16(c)(1) ("If the court finds that a special motion to strike is frivolous . . . , the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion[.]"). Defendants did not oppose Plaintiff's request for attorneys' fees either in their papers or at the hearing.

  Consistent with its tentative ruling, the Court denied the anti-SLAPP motion and held that Plaintiff was entitled to recover attorneys' fees. Dkt. No. 99 at 3.[1] The order, which was signed January 31 and entered on the docket February 3, directed:

---

[1] The Court inadvertently neglected to delete the word "tentative" from the title of the order. As the parties have correctly understood, the order filed at Dkt. No. 99 was the Court's final ruling after the hearing and not a tentative decision.

> The parties shall meet and confer in person or by videoconference and seek to reach agreement on the appropriate amount of reasonable attorney's fees and costs to be awarded. No later than February 14, 2025, the parties shall file either (1) a stipulation as to the reasonable amount of fees or (2) if they are unable to reach agreement, a joint motion in which each side presents its arguments . . . together with any supporting evidence (including detailed billing records to support any fees SPAVI seeks to recover).

*Id*.

The parties did not meet and confer in person or by videoconference as ordered. Instead, Plaintiff waited more than a week until February 11—three days before the filing deadline—to send Defendants an email stating that Plaintiff's fees would be more than $15,000 and proposing that the parties stipulate to an award of $12,000. Dkt. No. 105-4 at 9 of 9. Defense counsel was not immediately available. Although the parties exchanged further emails, Plaintiff did not provide any billing records for Defendants' review until the evening of February 13, and the parties were unable to reach agreement.[2] *Id.* at 5 of 9. The parties then filed a joint motion for attorney's fees, in which Plaintiff seeks approximately $22,000 in fees and Defendants request an award of only $5,000. Dkt. Nos. 105–107.

The joint motion cites only a single case, providing as the entire legal standard that "the court has broad discretion in determining the reasonable amount of attorney fees and costs to award." *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008). In general, "[a]nti-SLAPP attorney-fees awards use the lodestar approach, which multiplies the hours reasonably expended by a reasonable hourly rate." *In re Santa Clarita, LLC*, No. 2:22-CV-04261-JLS, 2023 WL 8881861, at *2 (C.D. Cal. Nov. 20, 2023). Neither side expressly applies a lodestar approach; they principally dispute the number of hours reasonably expended in opposing the anti-SLAPP motion, although Defendants also explain that counsel have not had the chance to fully review Plaintiff's records or discuss the matter with their clients.

The purpose of the Court's requirement that the parties meet in person or by videoconference was to encourage early and comprehensive discussions that would

---

[2] Notwithstanding the parties' inability to agree, it appears from the tone of their correspondence that they have heeded to some extent the Court's repeated admonitions to communicate more professionally.

avoid what has been presented to the Court—a last-minute motion in which the parties have not adequately applied the law or taken the time necessary to thoroughly engage with each other on the reasonableness of the fees sought.  The failure of the parties (in particular Plaintiff, who is the party seeking fees) to comply with those obligations not only falls short of the standards of professionalism expected of counsel but also substantially increases the burden on the Court.  In light of Plaintiff's failures to (1) meet and confer in person or by videoconference as ordered by the Court or (2) provide Defendants with the records of the fees it sought until the day before the motion was due, the Court awards Plaintiff $5,000—the portion of the requested fees that both sides agree is appropriate—as the reasonable attorneys' fees and costs to which it is entitled under § 425.16(c)(1).[3]

      Accordingly, the joint motion for attorneys' fees and costs is granted in part, and Defendants within 10 days after entry of this order shall (1) pay to Plaintiff $5,000 in attorneys' fees and (2) file a declaration confirming that payment has been made.

Date: February 28, 2025

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge

---

[3] The Court finds this matter suitable for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.