1  **BLANK ROME LLP**
   Arash Beral (SBN 245219)
2  arash.beral@blankrome.com
   Todd M. Malynn (SBN 181595)
3  todd.malynn@blankrome.com
   Victor Sandoval (SBN 344461)
4  victor.sandoval@blankrome.com
   2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
   Telephone:  424.239.3400
6  Facsimile:   424.239.3434

7  Attorneys for Defendants, Counterclaimants, and
   Third Party Plaintiffs PCJV USA, LLC, PCI
8  TRADING LLC, POTATO CORNER, LA
   GROUP, LLC, GK CAPITAL GROUP, LLC,
9  NKM CAPITAL GROUP, LLC and GUY
   KOREN, and Defendants J & K AMERICANA,
10 LLC, J&K LAKEWOOD, LLC, J&K
   OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J
11 & K ONTARIO, LLC, J&K PC TRUCKS, LLC,
   HLK MILPITAS, LLC, and GK CERRITOS, LLC

12

13

14           **UNITED STATES DISTRICT COURT**

15          **CENTRAL DISTRICT OF CALIFORNIA**

16

17 SHAKEY'S PIZZA ASIA VENTURES, | Case No. 2:24-CV-04546-SB(AGRx)
   INC, a Philippines corporation,
18                                         | *Hon. Stanley Blumenfeld, Jr.*
                      Plaintiff,
19                                         | **NOTICE OF ERRATA AS TO**
              vs.                          | **JOINT AGENDA [DKT. 123]**
20 PCJV USA, LLC, a Delaware limited        | Date:
   liability company; PCI TRADING , LLC, a | Time:               .
21 Delaware limited liability company; GUY  | Courtroom:
   KOREN, an individual; POTATO CORNER
22 LA GROUP, LLC, a California limited      | Complaint Filed:   May 31, 2024
   liability company; NKM CAPITAL GROUP,   | Trial Date:          August 4, 2025
23 LLC, a California limited liability company;
   J & K AMERICANA, LLC, a California
24 limited liability company; J&K
   LAKEWOOD, LLC, a California limited
25 liability company; J&K VALLEY FAIR,
   LLC, a California limited liability company;
26 J & K ONTARIO, LLC, a California limited
   liability company; HLK MILPITAS, LLC, a
27 California, limited liability company; GK
   CERRITOS, LLC, a California, limited
28 liability company;  J&K PC TRUCKS, LLC,

160850.00001/153289966v.1

**NOTICE OF ERRATA AS TO JOINT AGENDA [DKT. 123]**

a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,

Defendants.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

Counter-Claimants,

v.

SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

Counter Defendant.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

Third Party Plaintiffs,

v.

PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,

Third Party Defendants.

_____

**NOTICE OF ERRATA AS TO JOINT AGENDA [DKT. 123]**

1   Propounding Defendant PCJV USA, Inc. ("PCJV") files this Notice of Errata

2   with regard to Exhibit 1 attached to the Joint Agenda [Dkt. 123] (the "Agenda").

3   PCJV inadvertently filed the wrong Exhibit 1 to the Agenda.  A true and correct

4   copy of the Agenda, together with the correct Exhibit 1 is attached hereto as Exhibit

5   A.

6

7   DATED:  March 12, 2025          **BLANK ROME LLP**

8

9                              By: */s/ Todd M. Malynn*
                                   Arash Beral
10                                 Todd Malynn
                                   Victor Sandoval
11                                 Attorneys for Defendants, Counterclaimants,
                                   and Third Party Plaintiffs PCJV USA, LLC,
12                                 PCI TRADING LLC, POTATO CORNER,
                                   LA GROUP, LLC, GK CAPITAL GROUP,
13                                 LLC, NKM CAPITAL GROUP, LLC and
                                   GUY KOREN, and Defendants J & K
14                                 AMERICANA, LLC, J&K LAKEWOOD,
                                   LLC, J&K OAKRIDGE, LLC, J&K
15                                 VALLEY FAIR, LLC, J & K ONTARIO,
                                   LLC, J&K PC TRUCKS, LLC, HLK
16                                 MILPITAS, LLC, and GK CERRITOS,
                                   LLC

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **CERTIFICATE OF SERVICE**

3

4

The undersigned certifies that on March 12, 2025, the foregoing document

5

was electronically filed with the Clerk of the Court for the United States District

6

Court, Central District of California, using the Court's Electronic Case Filing (ECF)

7

system.  I further certify that all participants in the case are registered CM/ECF

8

users and that service will be accomplished by the CM/ECF system.

9

I certify under penalty of perjury that the foregoing is true and correct.

10

Executed on March 12, 2025.

11

12

By:   /s/AJ Cruickshank

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT A

**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants PCJV USA, LLC, PCI TRADING, LLC, GUY KOREN, POTATO CORNER LA GROUP, LLC, NKM CAPITAL GROUP, LLC, J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, and GK CAPITAL GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; Potato Corner LA Group, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J & K CULVER, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K OAKRIDGE, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K CAPITAL 2, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; J&K CONSULTANTS GROUP, LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**JOINT AGENDA FOR DISCOVERY CONFERENCE**<br><br>Date:          March 12, 2025<br>Time:         10:00 am<br>Courtroom:<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:          August 4, 2025 |

1  limited liability company; and DOES 1
   through 100, inclusive,

2                              Defendants.

3

4

5      **SUMMARY OF ITEMS FOR DISCOVERY CONFERENCE**

6          Plaintiff Shakey's Pizza Asia Ventures, Inc. ("Plaintiff") and propounding

7  Defendant PCJV USA ("PCJV") hereby jointly submit the following agenda for the

8  Magistrate Judge's review prior to the hearing on March 12, 2025, at 10:00 a.m.:

9          1.      Plaintiff's proportionality, scope, relevance, privacy, and burden

10                 objections (among others) to PCJV's Requests for Production of

11                 Documents, Set No. One (Nos. 1-27);

12         2.      The status of Plaintiff's document production and privilege log (if

13                 relevant documents are withheld from production) as to document

14                 requests or portions thereof as to which there is no dispute; and

15         3.      The sufficiency of Plaintiff's response to PCJV's Interrogatory No. 1.

16      **JOINT STATEMENT OF CASE UNDELRYING DISCOVERY**

17         To assist in the resolution of the discovery dispute, the parties summarize the

18  case, which involves the brand "Potato Corner" and related trademarks, including

19  the word mark "Potato Corner" (USPTO Reg. No. 3760041), the tagline "World's

20  Best Flavored French Fries" (USPTO Reg. No. 3760041), and the logo mark

21  (USPTO Reg. No. 3760041) with a cartoon potato depicted as follows:

22

23  

24

25

26         The international brand was owned by third-party defendant Cinco

27  Corporation ("Cinco"). The parties dispute how the brand expanded to the United

28  States and who has superior trademark rights to the U.S. brand. The parties'

respective positions are the subject of an Order on Defendants' Motion to Dismiss and Plaintiffs' Motion for a Preliminary Injunction, which can be found at Dkt. 56, and which is the subject of a briefed appeal before the Ninth Circuit.

Plaintiff contends that, beginning in 2010, PCJV, a U.S. franchisor (then partly owned and operated by Defendant Guy Koren), was a licensee of Cinco and offered sublicenses of the Potato Corner brand to U.S. franchisees (some owned by Koren as a principal of a U.S. franchisee). Other than Defendant PCI Trading, LLC, each of the other Defendants are single purpose entity owners of franchised fast-food outlets. In March of 2022, Plaintiff closed on a transaction with Cinco, whereby it acquired Cinco's international trademark portfolio, including the U.S. registrations, as well as alleged trade secret proprietary flavorings unique to Potato Corner. Plaintiff contends that at issue in this action is Plaintiff's termination of PCJV's license on May 31, 2024, after negotiations on the royalty rates that PCJV would pay for use of the brand fell apart. This termination also caused the entire network of franchised outlets to lose their rights. Plaintiff claims that it had the right to do so because there was no written license agreement and, as such, Defendants were operating on an implied, terminable at-will license. In its First Amended Complaint (Dkt. 65), Plaintiff alleges violations of the Lanham Act and related laws governing fair trade, claiming Defendants are holdover licensees who also misappropriated trade secrets after their licenses ended so as to aid their new competing brand.

Defendants contend that in 2010, Cinco agreed to expand into the United States through PCJV by entering into a joint venture agreement with Koren's LA Group and Koren's LA Group agreed to create, develop and operate a U.S. franchise system in exchange for ownership interests, including a perpetual license in PCJV with restrictions on transfer until a written license was agreed upon. Plaintiff disputes Defendants' interpretation of the joint venture agreement, which was the subject of prior litigation in which Cinco was enjoined from interfering with Koren's rights under the agreement, as well as the enforceability of a long-term

written license under the joint venture agreement referenced in franchise disclosure documents. The prior litigation ended with Cinco and its affiliated parties entering into a settlement agreement with Koren's LA Group, dismissing their claims with prejudice, making representations regarding and transferring to a Koren controlled entity all of Cinco's rights and obligations in the joint venture. In the Answer, Cross-Complaint and Third-Party Complaint (Dkt. 108), Defendants seek declarations of trademark ownership or prior written license rights and assert claims against Plaintiff for, *inter alia,* inducing breach of contract, tortious interference, and aiding and abetting breaches of fiduciary duties. Defendants claim to have prior and superior trademark rights under (a) written agreements with Cinco that pre-date Plaintiff's purchase agreement and (b) the settlement with Cinco that forms the basis of its dismissal with prejudice in the state court action (whether via *res judicata,* collateral estoppel or direct evidence of the parties' respective rights).

### DISCOVERY IN DISPUTE

Defendants have requested a discovery conference in connection with PCJV's Document Request Nos. 1-27, Interrogatory No. 1, as well as to the status of production and a privilege log. Attached as Exhibit "1" is Plaintiff's Responses to PCJV's Requests for Production of Documents, Set No. One (Nos. 1-27). Attached as Exhibit "2" is Plaintiff's Response to PCJV Interrogatory No. 1. The parties have met and conferred on the following issues:

1.   The timing of Plaintiff's production and privilege log, including as to documents Plaintiff has agreed to produce (such as communications with PCJV's U.S. franchisees—Request No. 21);

2.   Plaintiff's objections to Request Nos. 1-20 relating to Plaintiff's acquisition of Potato Corner assets;

3.   Plaintiff's objections to Request Nos. 22-27 relating to Plaintiff's contentions and alleged trade secrets; and

4.  Plaintiff's response to Interrogatory No. 1 seeking a verified written disclosure of Plaintiff's allege trade secrets.

.

DATED: March 11, 2025          BLANK ROME LLP


By: /s/ Todd M. Malynn
    Arash Beral
    Todd Malynn
    Victor Sandoval
Attorneys for Defendant
PCJV USA, LLC, PCI TRADING, LLC, GUY KOREN, POTATO CORNER LA GROUP, LLC, NKM CAPITAL GROUP, LLC, J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, GK CAPITAL GROUP, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC


DATED: March 11, 2025          FOX FOTHSCHILD LLP


By: /s/ Michael D. Murphy
    Michael D. Murphy
    Kenneth P. Hsu
Attorneys for Plaintiff
SHAKEY'S PIZZA ASIA VENTURES, INC,

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 11, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 11, 2025.

By:   /s/AJ Cruickshank

EXHIBIT 1

1 | Michael D. Murphy (SBN 224678)
 mmurphy@ecjlaw.com
2 | Kenneth P. Hsu (SBN 306326)
 khsu@ecjlaw.com
3 | **ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
4 | Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
5 | Facsimile: (310) 859-2325

6 | Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

Plaintiff,

v.

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and GK CAPITAL GROUP, LLC, a California limited liability company,

Defendants.

Case No. 2:24-cv-04546-SB(AGRx)

**SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO PCJV USA, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

*Action Filed:* May 31, 2024
*Trial Date:* August 4, 2025

18393.1:11410103.2

1

ERVIN COHEN & JESSUP LLP

PROPOUNDING PARTY:   DEFENDANT PCJV USA, LLC

RESPONDING PARTY:    PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.

SET NO.:             ONE (1)

Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI") hereby responds to the First Set of Requests for Production of Documents ("Requests"), propounded by Defendant PCJV USA, LLC ("PCJV"), as follows:

## PRELIMINARY STATEMENT

SPAVI states that its discovery, internal investigation, and preparation for the trial in this matter are not complete as of the date of these responses. SPAVI will respond to these Requests to the best of its present existing knowledge. However, SPAVI anticipates that the discovery process will reveal facts, documents, and witnesses not presently known to it but upon which it may rely. Accordingly, the responses contained herein are not intended to and shall not preclude SPAVI from making any contention or relying on any facts, documents, or witnesses at trial, whether or not identified or relied upon herein, based upon any additional or further evidence adduced during the discovery process.

SPAVI further asserts that the inadvertent production of any privileged information or documentation shall not be deemed a waiver of any applicable privilege or of any other ground for objecting to production of the information or documentation, nor shall inadvertent production waive the right of SPAVI to object to the use of any such information or documentation during any subsequent proceeding, including trial. SPAVI reserves any and all rights to withhold any information or documentation from production based on any objection made herein or that may be made in the future based on subsequent investigation and preparation for trial.

ERVIN COHEN & JESSUP LLP

**GENERAL OBJECTIONS**

(a)    SPAVI objects to all Requests to the extent they attempt or purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure.

(b)    SPAVI objects to all Requests to the extent they attempt or purport to require disclosure of information or documentation containing the work product, impressions, conclusions, opinions, legal research, or theories of its attorneys, current and former, developed in connection with or in anticipation of this or other litigation.

(c)    SPAVI objects to all Requests to the extent they attempt or purport to require disclosure of information or documentation protected from such disclosure by the attorney-client privilege, the right to privacy, or any other privilege available under United States or California law.

(d)    SPAVI objects to all Requests to the extent they attempt or purport to require disclosure of information or documentation protected from disclosure by the attorney-client or work product privileges insomuch as it seeks work by any consulting expert in this matter. SPAVI will not produce said information or documentation unless required to do so pursuant to Federal Rule of Civil Procedure 26 *et seq.*

Subject to and without prejudice to or waiver of the foregoing Preliminary Statement and General Objections, each of which is incorporated in each response below as though fully set forth therein, SPAVI responds as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS REFERRING to, or EVIDENCING any agreements or contracts related to the sale of Potato Corner assets to YOU, including but not limited to the final purchase agreement, any amendments, and any ancillary agreements.

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

SPAVI incorporates each and every Preliminary Statement and General Objection set forth above as though fully set forth herein. SPAVI specifically objects to this Request on the grounds that it is overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action. SPAVI's acquisition of the "Potato Corner" brand, including the registered "Potato Corner" trademarks and other intellectual property, is not a material fact reasonably in dispute in this action nor a material fact that could be reasonably in dispute. Even if that acquisition were somehow in dispute, the burdens and expenses that would necessarily be incurred in responding to this Request would effectively require SPAVI to gather, review, and produce thousands – if not more – of confidential documents and communications, including all internal and external communications that refer to the "Potato Corner" and that involve any of SPAVI's employees, licensees, and/or franchisees across the globe. Such burdens and expenses would far outweigh the likely benefit of documents produced in response to the Request given that SPAVI's acquisition and ownership of the "Potato Corner" brand can be easily established at the time of trial using a very limited amount of documents, all of which have already been produced in this action or are publicly available.

SPAVI also specifically objects to this Request on the grounds that it seeks documents that are confidential, proprietary, trade secret, and protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally, including confidential internal and external communications, agreements, contracts, disclosures, and deal documents relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines corporation. SPAVI must especially protect disclosure of such documents from PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

1  and other intellectual property on an ongoing basis.

2       SPAVI further specifically objects to this Request on the grounds that a

3  substantial portion of responsive documents and information are protected by the

4  attorney-client privilege and the attorney work product doctrine, especially given

5  that SPAVI was represented by, advised by, and dealing with counsel in connection

6  with its acquisition of the "Potato Corner" brand.

7       In addition, SPAVI specifically objects to this Request on the grounds that it

8  is vague and ambiguous as to the terms "related to the sale of Potato Corner assets,"

9  "final purchase agreement," and "ancillary agreements," none of which are defined.

10 In light of these undefined terms, the Request is lacking in reasonable particularity.

11      Based on the foregoing objections, SPAVI will not produce documents

12 responsive to the Request.

13 **REQUEST FOR PRODUCTION NO. 2:**

14      All DOCUMENTS and COMMUNICATIONS RELATING to the business

15 opportunity of acquiring POTATO CORNER assets, including but not limited to

16 DOCUMENTS EVIDENCING when and how YOU learned about the opportunity.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18      SPAVI incorporates each and every Preliminary Statement and General

19 Objection set forth above as though fully set forth herein. SPAVI specifically

20 objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

21 and seeks documents that are neither relevant to the claims and defenses in this

22 action nor proportional to the needs of this action. SPAVI's acquisition of the

23 "Potato Corner" brand, including the registered "Potato Corner" trademarks and

24 other intellectual property, as well as the "opportunity" presented by the "Potato

25 Corner" brand, whatever that may mean, are not material facts reasonably in dispute

26 in this action nor material facts that could be reasonably in dispute. Even if that

27 acquisition were somehow in dispute, the burdens and expenses that would

28 necessarily be incurred in responding to this Request would effectively require

ERVIN COHEN & JESSUP LLP

1  SPAVI to gather, review, and produce thousands – if not more – of confidential
2  documents and communications, including all internal and external communications
3  that refer to the "Potato Corner" (or "opportunity" presented by the "Potato Corner"
4  brand) and that involve any of SPAVI's employees, licensees, and/or franchisees
5  across the globe. Such burdens and expenses would far outweigh the likely benefit
6  of documents produced in response to the Request given that SPAVI's ownership of
7  the "Potato Corner" brand can be easily established at the time of trial using a very
8  limited amount of documents, all of which have already been produced in this action
9  or are publicly available.

10  SPAVI also specifically objects to this Request on the grounds that it seeks
11  documents that are confidential, proprietary, trade secret, and protected from
12  disclosure from the right to privacy belonging to SPAVI and various third parties
13  located both domestically and internationally, including confidential internal and
14  external communications, agreements, contracts, disclosures, and deal documents
15  relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines
16  corporation. SPAVI must especially protect disclosure of such documents from
17  PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato
18  Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets
19  and other intellectual property on an ongoing basis.

20  SPAVI further specifically objects to this Request on the grounds that a
21  substantial portion of responsive documents and information are protected by the
22  attorney-client privilege and the attorney work product doctrine, especially given
23  that SPAVI was represented by, advised by, and dealing with counsel in connection
24  with its acquisition of the "Potato Corner" brand.

25  In addition, SPAVI specifically objects to this Request on the grounds that it
26  is vague and ambiguous as to the phrases "business opportunity" and
27  "DOCUMENTS EVIDENCING when and how YOU learned about the
28  opportunity." In light of these phrases, the Request is lacking in reasonable

ERVIN COHEN & JESSUP LLP

1    particularity such that SPAVI is unable to even search for, much less produce,

2    responsive documents without speculating as to PCJV's intentions as to the scope of

3    the Request.

4        Based on the foregoing objections, SPAVI will not produce documents

5    responsive to the Request.

6    **REQUEST FOR PRODUCTION NO. 3:**

7        All DOCUMENTS and COMMUNICATIONS RELATING to the valuation

8    of the business opportunity of acquiring POTATO CORNER assets, including but

9    not limited to DOCUMENTS EVIDENCING the valuation of the business

10    opportunity by country or region.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

12        SPAVI incorporates each and every Preliminary Statement and General

13    Objection set forth above as though fully set forth herein. SPAVI specifically

14    objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

15    and seeks documents that are neither relevant to the claims and defenses in this

16    action nor proportional to the needs of this action. SPAVI's acquisition of the

17    "Potato Corner" brand, including the registered "Potato Corner" trademarks and

18    other intellectual property, as well as the "valuation" of the "opportunity" presented

19    by the "Potato Corner" brand, whatever that may mean, are not material facts

20    reasonably in dispute in this action nor material facts that could be reasonably in

21    dispute. Even if that acquisition were somehow in dispute, the burdens and expenses

22    that would necessarily be incurred in responding to this Request would effectively

23    require SPAVI to gather, review, and produce thousands – if not more – of

24    confidential documents and communications, including all internal and external

25    communications that refer to the "Potato Corner" (or "opportunity" presented by the

26    "Potato Corner" brand) and that involve any of SPAVI's employees, licensees,

27    and/or franchisees across the globe. Such burdens and expenses would far outweigh

28    the likely benefit of documents produced in response to the Request given that

ERVIN COHEN & JESSUP LLP

1  SPAVI's ownership of the "Potato Corner" brand can be easily established at the

2  time of trial using a very limited amount of documents, all of which have already

3  been produced in this action or are publicly available.

4          SPAVI also specifically objects to this Request on the grounds that it seeks

5  documents that are confidential, proprietary, trade secret, and protected from

6  disclosure from the right to privacy belonging to SPAVI and various third parties

7  located both domestically and internationally, including confidential internal and

8  external communications, agreements, contracts, disclosures, and deal documents

9  relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines

10  corporation. SPAVI must especially protect disclosure of such documents from

11  PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

12  Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

13  and other intellectual property on an ongoing basis.

14          SPAVI further specifically objects to this Request on the grounds that a

15  substantial portion of responsive documents and information are protected by the

16  attorney-client privilege and the attorney work product doctrine, especially given

17  that SPAVI was represented by, advised by, and dealing with counsel in connection

18  with its acquisition of the "Potato Corner" brand.

19          In addition, SPAVI specifically objects to this Request on the grounds that it

20  is vague and ambiguous as to the undefined term "valuation" and the phrases

21  "business opportunity" and "DOCUMENTS EVIDENCING the valuation of the

22  business opportunity by country or region." In light of these undefined terms, the

23  Request is lacking in reasonable particularity such that SPAVI is unable to even

24  search for, much less produce, responsive documents without speculating as to

25  PCJV's intentions as to the scope of the Request.

26          Subject to and without waiving the foregoing objections, SPAVI will produce

27  a copy of its most recent consolidated financial statement, which shows the total

28  valuation of the assets acquired, including intellectual property, in its acquisition of

ERVIN COHEN & JESSUP LLP

1 the "Potato Corner" brand.

2 **REQUEST FOR PRODUCTION NO. 4:**

3      All DOCUMENTS and COMMUNICATIONS RELATED to the negotiation

4 of the sale of POTATO CORNER assets to YOU, including but not limited to letters

5 of intent, term sheets, drafts of agreements, and correspondence between the parties.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

7      SPAVI incorporates each and every Preliminary Statement and General

8 Objection set forth above as though fully set forth herein. SPAVI specifically

9 objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

10 and seeks documents that are neither relevant to the claims and defenses in this

11 action nor proportional to the needs of this action. SPAVI's acquisition of the

12 "Potato Corner" brand, including the registered "Potato Corner" trademarks and

13 other intellectual property, as well as the "negotiation" of that acquisition are not

14 material facts reasonably in dispute in this action nor material facts that could be

15 reasonably in dispute. Even if that acquisition were somehow in dispute, the burdens

16 and expenses that would necessarily be incurred in responding to this Request would

17 effectively require SPAVI to gather, review, and produce thousands – if not more –

18 of confidential documents and communications, including all internal and external

19 communications that refer to the "Potato Corner" or the "negotiation" of SPAVI's

20 acquisition of the "Potato Corner" brand and that involve any of SPAVI's

21 employees, licensees, and/or franchisees across the globe. Such burdens and

22 expenses would far outweigh the likely benefit of documents produced in response

23 to the Request given that SPAVI's ownership of the "Potato Corner" brand can be

24 easily established at the time of trial using a very limited amount of documents, all

25 of which have already been produced in this action or are publicly available.

26      SPAVI also specifically objects to this Request on the grounds that it seeks

27 documents that are confidential, proprietary, trade secret, and protected from

28 disclosure from the right to privacy belonging to SPAVI and various third parties

ERVIN COHEN & JESSUP LLP

1  located both domestically and internationally, including confidential internal and

2  external communications, agreements, contracts, disclosures, and deal documents

3  relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines

4  corporation. SPAVI must especially protect disclosure of such documents from

5  PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

6  Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

7  and other intellectual property on an ongoing basis.

8       SPAVI further specifically objects to this Request on the grounds that a

9  substantial portion of responsive documents and information are protected by the

10 attorney-client privilege and the attorney work product doctrine, especially given

11 that SPAVI was represented by, advised by, and dealing with counsel in connection

12 with its acquisition of the "Potato Corner" brand.

13       In addition, SPAVI specifically objects to this Request on the grounds that it

14 is vague and ambiguous as to the undefined terms "negotiation," "letters of intent,"

15 and "term sheets." In light of these undefined terms, the Request is lacking in

16 reasonable particularity.

17       Based on the foregoing objections, SPAVI will not produce documents

18 responsive to the Request.

19 **REQUEST FOR PRODUCTION NO. 5:**

20       All DOCUMENTS and COMMUNICATIONS RELATING to the discount,

21 if any, that YOU requested or received in connection with acquiring POTATO

22 CORNER assets in any particular country due to any risk of litigation, whether

23 existing or potential litigation.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

25       SPAVI incorporates each and every Preliminary Statement and General

26 Objection set forth above as though fully set forth herein. SPAVI specifically

27 objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

28 and seeks documents that are neither relevant to the claims and defenses in this

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1    action nor proportional to the needs of this action. SPAVI's acquisition of the

2    "Potato Corner" brand, including the registered "Potato Corner" trademarks and

3    other intellectual property, as well as any "discount" SPAVI "requested or

4    received," whatever that may mean, are not material facts reasonably in dispute in

5    this action nor material facts that could be reasonably in dispute. Even if that

6    acquisition were somehow in dispute, the burdens and expenses that would

7    necessarily be incurred in responding to this Request would effectively require

8    SPAVI to gather, review, and produce thousands – if not more – of confidential

9    documents and communications, including all internal and external communications

10   that refer to the "Potato Corner" or any "discount" SPAVI "requested or received,"

11   whatever that may mean, and that involve any of SPAVI's employees, licensees,

12   and/or franchisees across the globe. Such burdens and expenses would far outweigh

13   the likely benefit of documents produced in response to the Request given that

14   SPAVI's ownership of the "Potato Corner" brand can be easily established at the

15   time of trial using a very limited amount of documents, all of which have already

16   been produced in this action or are publicly available.

17        SPAVI also specifically objects to this Request on the grounds that it seeks

18   documents that are confidential, proprietary, trade secret, and protected from

19   disclosure from the right to privacy belonging to SPAVI and various third parties

20   located both domestically and internationally, including confidential internal and

21   external communications, agreements, contracts, disclosures, and deal documents

22   relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines

23   corporation. SPAVI must especially protect disclosure of such documents from

24   PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

25   Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

26   and other intellectual property on an ongoing basis.

27        SPAVI further specifically objects to this Request on the grounds that a

28   substantial portion of responsive documents and information are protected by the

1  attorney-client privilege and the attorney work product doctrine, especially given

2  that SPAVI was represented by, advised by, and dealing with counsel in connection

3  with its acquisition of the "Potato Corner" brand.

4        In addition, SPAVI specifically objects to this Request on the grounds that it

5  is vague and ambiguous as to the phrases "discount that YOU requested or

6  received" and "risk of litigation," and, moreover, the phrase "in any particular

7  country" as a modifier of "acquiring POTATO CORNER assets." In light of these

8  phrases, the Request is lacking in reasonable particularity such that SPAVI is unable

9  to even search for, much less produce, responsive documents without speculating as

10  to PCJV's intentions as to the scope of the Request.

11       Responding Party will interpret this Request to be seeking documents and

12  communications related to any Request by SPAVI made to Cinco Corporation

13  ("Cinco") during the negotiation of its acquisition of the "Potato Corner" brand, in

14  which SPAVI responds to any offer or counter-offer from Cinco to sell the "Potato

15  Corner" assets in a specific country for a proposed price (whether as a standalone or

16  part of a global purchase and sale) by asking that the price proposed by Cinco for

17  the "Potato Corner" assets in that country be reduced "due to any risk of litigation,

18  whether existing or potential litigation," as well as any documents and

19  communications related to any reduced price for the "Potato Corner" assets in that

20  specific country. Given the relevance, proportionality, overbreadth, privacy, and

21  confidentiality objections above, SPAVI still would not respond to this Request

22  except as it relates to the United States.

23       Subject to and without waiving the foregoing objections, and subject to the

24  limitation set forth in the preceding paragraph, SPAVI responds as follows: There

25  are no documents or communications responsive to this Request in SPAVI's

26  possession, custody, or control.

27  **REQUEST FOR PRODUCTION NO. 6:**

28       All DOCUMENTS and COMMUNICATIONS RELATING to the due

12

ERVIN COHEN & JESSUP LLP

1   diligence that YOU conducted in connection with the acquisition of POTATO
2   CORNER assets, including but not limited to financial statements, asset valuations,
3   and legal opinions.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5         SPAVI incorporates each and every Preliminary Statement and General
6   Objection set forth above as though fully set forth herein. SPAVI specifically
7   objects to this Request on the grounds that it is overbroad, burdensome, oppressive,
8   and seeks documents that are neither relevant to the claims and defenses in this
9   action nor proportional to the needs of this action. SPAVI's acquisition of the
10  "Potato Corner" brand, including the registered "Potato Corner" trademarks and
11  other intellectual property, as well as any "due diligence" that SPAVI conducted
12  before its acquisition of the "Potato Corner" brand are not material facts reasonably
13  in dispute in this action nor material facts that could be reasonably in dispute. Even
14  if that acquisition were somehow in dispute, the burdens and expenses that would
15  necessarily be incurred in responding to this Request would effectively require
16  SPAVI to gather, review, and produce thousands – if not more – of confidential
17  documents and communications, including all internal and external communications
18  that refer to the "Potato Corner" or any "due diligence" that SPAVI performed with
19  regards to the "Potato Corner" and that involve any of SPAVI's employees,
20  licensees, and/or franchisees across the globe. Such burdens and expenses would far
21  outweigh the likely benefit of documents produced in response to the Request given
22  that SPAVI's ownership of the "Potato Corner" brand can be easily established at
23  the time of trial using a very limited amount of documents, all of which have already
24  been produced in this action or are publicly available.

25        SPAVI also specifically objects to this Request on the grounds that it seeks
26  documents that are confidential, proprietary, trade secret, and protected from
27  disclosure from the right to privacy belonging to SPAVI and various third parties
28  located both domestically and internationally, including confidential internal and

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1   external communications, agreements, contracts, disclosures, and deal documents

2   relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines

3   corporation. SPAVI must especially protect disclosure of such documents from

4   PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

5   Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

6   and other intellectual property on an ongoing basis.

7       SPAVI further specifically objects to this Request on the grounds that a

8   substantial portion of responsive documents and information are protected by the

9   attorney-client privilege and the attorney work product doctrine, especially given

10  that SPAVI was represented by, advised by, and dealing with counsel in connection

11  with its acquisition of the "Potato Corner" brand, including with regards to due

12  diligence performed. Indeed, the Request expressly requests production of "legal

13  opinions," which are clearly privileged documents.

14      In addition, SPAVI specifically objects to this Request on the grounds that it

15  is vague and ambiguous as to the undefined terms "financial statements" and "asset

16  valuations." In light of these undefined terms, the Request is lacking in reasonable

17  particularity such that SPAVI is unable to even search for, much less produce,

18  responsive documents without speculating as to PCJV's intentions as to the scope of

19  the Request.

20      Subject to and without waiving the foregoing objections, SPAVI will produce

21  a copy of its most recent consolidated financial statement, which shows its total

22  valuation of the assets acquired, including intellectual property, in its acquisition of

23  the "Potato Corner" brand.

24  **REQUEST FOR PRODUCTION NO. 7:**

25      All DOCUMENTS and COMMUNICATIONS RELATING to the risk

26  assessment, if any, of acquiring POTATO CORNER assets involved, or potentially

27  involved, in litigation, whether before and/or after the acquisition of the POTATO

28  CORNER assets, including but not limited to litigation or potential litigation in or

1  outside of the United States.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

3      SPAVI incorporates each and every Preliminary Statement and General

4  Objection set forth above as though fully set forth herein. SPAVI specifically

5  objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

6  and seeks documents that are neither relevant to the claims and defenses in this

7  action nor proportional to the needs of this action, especially with regards to

8  "litigation or potential litigation . . . outside of the United States," subject matters

9  that are never once mentioned in any of the operative pleadings. SPAVI's

10  acquisition of the "Potato Corner" brand, including the registered "Potato Corner"

11  trademarks and other intellectual property, as well as any "risk assessment" of

12  certain "assets involved" that SPAVI conducted before its acquisition of the "Potato

13  Corner" brand are not material facts reasonably in dispute in this action nor material

14  facts that could be reasonably in dispute. Even if that acquisition were somehow in

15  dispute, the burdens and expenses that would necessarily be incurred in responding

16  to this Request would effectively require SPAVI to gather, review, and produce

17  thousands – if not more – of confidential documents and communications, including

18  all internal and external communications that refer to the "Potato Corner" or any

19  "risk assessment" that SPAVI performed with regards to certain "assets involved"

20  and that involve any of SPAVI's employees, licensees, and/or franchisees across the

21  globe. Such burdens and expenses would far outweigh the likely benefit of

22  documents produced in response to the Request given that SPAVI's ownership of

23  the "Potato Corner" brand can be easily established at the time of trial using a very

24  limited amount of documents, all of which have already been produced in this action

25  or are publicly available.

26      SPAVI also specifically objects to this Request on the grounds that it seeks

27  documents that are confidential, proprietary, trade secret, and protected from

28  disclosure from the right to privacy belonging to SPAVI and various third parties

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1   located both domestically and internationally, including confidential internal and

2   external communications, agreements, contracts, disclosures, and deal documents

3   relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines

4   corporation. SPAVI must especially protect disclosure of such documents from

5   PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

6   Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

7   and other intellectual property on an ongoing basis.

8        SPAVI further specifically objects to this Request on the grounds that a

9   substantial portion of responsive documents and information are protected by the

10  attorney-client privilege and the attorney work product doctrine, especially given

11  that SPAVI was represented by, advised by, and dealing with counsel in connection

12  with its acquisition of the "Potato Corner" brand, including with regards to due

13  diligence and "risk assessment."

14       In addition, SPAVI specifically objects to this Request on the grounds that it

15  is vague and ambiguous as to the undefined terms "risk assessment" and "potential

16  litigation." In light of these undefined terms, the Request is lacking in reasonable

17  particularity.

18       Subject to and without waiving the foregoing objections, SPAVI will produce

19  all non-privileged documents in its possession, custody, or control that (1) predate

20  its acquisition of "Potato Corner" assets, which closed in March of 2022; (2)

21  evidence its due diligence relating to its acquisition of the "Potato Corner" brand;

22  and (3) expressly refer to any prior, pending, or expected litigation in the United

23  States involving "Potato Corner."

24  **REQUEST FOR PRODUCTION NO. 8:**

25       All regulatory filings YOU or any other entity in connection with YOU made

26  RELATING to the acquisition of POTATO CORNER assets, including filings with

27  the Securities and Exchange Commission of the Philippines or any other relevant

28  regulatory authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

SPAVI incorporates each and every Preliminary Statement and General Objection set forth above as though fully set forth herein. SPAVI specifically objects to this Request on the grounds that it is overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action. SPAVI's acquisition of the "Potato Corner" brand, including the registered "Potato Corner" trademarks and other intellectual property, is not a material fact reasonably in dispute in this action nor a material fact that could be reasonably in dispute.

SPAVI further specifically objects to this Request to the extent it seeks documents and information protected by the attorney-client privilege and the attorney work product doctrine, especially given that SPAVI was represented by, advised by, and dealing with counsel in connection with its acquisition of the "Potato Corner" brand.

In addition, SPAVI specifically objects to this Request on the grounds that it is vague and ambiguous as to the undefined terms "regulatory filings" and "relevant regulatory authority." In light of these undefined terms, the Request is lacking in reasonable particularity. By way of example, this Request could be interpreted as seeking communications by SPAVI to a health department official in a rural jurisdiction of Malaysia about a Potato Corner outlet. Given the relevance, proportionality, overbreadth, privacy, and confidentiality objections above, SPAVI still would not respond to this Request except as it relates to the Securities and Exchange Commission. As such, SPAVI additionally specifically objects to this Request on the grounds that it seeks documents that are already in PCJV's possession, custody, or control or are publicly available.

Subject to and without waiving the foregoing objections, and subject to the limitation set forth in the preceding paragraph, SPAVI responds as follows: SPAVI will produce all regulatory filings filed by SPAVI and in its possession, custody, or

ERVIN COHEN & JESSUP LLP

1  control specifically disclosing any information pertaining to its acquisition of the

2  "Potato Corner" brand.

3  **REQUEST FOR PRODUCTION NO. 9:**

4        All minutes of meetings, resolutions, or other DOCUMENTS and

5  COMMUNICATIONS REFLECTING decisions made by YOUR board of directors

6  or any committee thereof regarding the acquisition of POTATO CORNER assets,

7  including but not limited to minutes relating to (a) how the business opportunity

8  came to the board or any committee thereof, (b) initial or subsequent asset or

9  business valuations related to the business opportunity requested by or presented to

10  the board or any committed thereto, (c) any updates, progress reports, delays or

11  setbacks in or during negotiations to acquire POTATO CORNER assets that was

12  communicated to the board or any committee thereof, (d) any discounts or offers of

13  value related to any actual, perceived or possible litigation risk connected with any

14  POTATO CORNER assets communicated to the board or any committee thereof,

15  and (e) due diligence requested by or presented to the board or any committed

16  thereof.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18        SPAVI incorporates each and every Preliminary Statement and General

19  Objection set forth above as though fully set forth herein. SPAVI specifically

20  objects to this Request on the grounds that the Request and each of its many

21  subparts are overbroad, burdensome, oppressive, and seeks documents that are

22  neither relevant to the claims and defenses in this action nor proportional to the

23  needs of this action. SPAVI's acquisition of the "Potato Corner" brand, including

24  the registered "Potato Corner" trademarks and other intellectual property, as well as

25  any related "business opportunity," "business valuations," "updates, progress

26  reports, delays or setbacks," "negotiations," "discounts," "offers of value" or

27  "perceived or possible litigation risk," whatever those terms may mean, are not

28  material facts reasonably in dispute in this action nor material facts that could be

ERVIN COHEN & JESSUP LLP

1  reasonably in dispute. Even if that acquisition were somehow in dispute, the burdens

2  and expenses that would necessarily be incurred in responding to this Request would

3  require SPAVI to gather, review, and produce potentially hundreds of confidential

4  documents, the vast majority of which would be entirely irrelevant to this action.

5  Such burdens and expenses would far outweigh the likely benefit of documents

6  produced in response to the Request given that SPAVI's ownership of the "Potato

7  Corner" brand can be easily established at the time of trial using a very limited

8  amount of documents, all of which have already been produced in this action or are

9  publicly available.

10  SPAVI also specifically objects to this Request on the grounds that it seeks

11  documents that are confidential, proprietary, trade secret, and protected from

12  disclosure from the right to privacy belonging to SPAVI and various third parties

13  located both domestically and internationally, especially all of the responsive

14  documents relate to a highly sensitive acquisition transaction involving SPAVI, a

15  Philippines corporation. SPAVI must especially protect disclosure of such

16  documents from PCJV, which now proclaims itself as a competitor of SPAVI and

17  the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's

18  trade secrets and other intellectual property on an ongoing basis.

19  SPAVI further specifically objects to this Request on the grounds that a

20  substantial portion of responsive documents and information are protected by the

21  attorney-client privilege and the attorney work product doctrine, especially given

22  that SPAVI was represented by, advised by, and dealing with counsel in connection

23  with its acquisition of the "Potato Corner" brand, including with regards to due

24  diligence performed.

25  In addition, SPAVI specifically objects to this Request on the grounds that it

26  is vague, ambiguous, and unintelligible as to the phrase "DOCUMENTS and

27  COMMUNICATIONS REFLECTING decisions made" and the terms, "business

28  opportunity," "business valuations," "updates, progress reports, delays or setbacks,"

ERVIN COHEN & JESSUP LLP

1  "negotiations," "discounts," "offers of value" and "perceived or possible litigation

2  risk." In light of these phrases and terms, the Request is lacking in reasonable

3  particularity such that SPAVI is unable to even search for, much less produce,

4  responsive documents without speculating as to PCJV's intentions as to the scope of

5  the Request.

6       Based on the foregoing objections, SPAVI will not produce documents

7  responsive to the Request.

8  **REQUEST FOR PRODUCTION NO. 10:**

9       All COMMUNICATIONS between YOU and any other party REGARDING

10  the acquisition of POTATO CORNER assets.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

12      SPAVI incorporates each and every Preliminary Statement and General

13  Objection set forth above as though fully set forth herein. SPAVI specifically

14  objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

15  and seeks communications that are neither relevant to the claims and defenses in this

16  action nor proportional to the needs of this action. SPAVI's acquisition of the

17  "Potato Corner" brand, including the registered "Potato Corner" trademarks and

18  other intellectual property, is not a material fact reasonably in dispute in this action

19  nor a material fact that could be reasonably in dispute. Even if that acquisition were

20  somehow in dispute, the burdens and expenses that would necessarily be incurred in

21  responding to this Request would effectively require SPAVI to gather, review, and

22  produce hundreds or thousands – if not more – of confidential communications,

23  including all internal and external communications that refer to the "Potato Corner"

24  and that involve any of SPAVI's employees, licensees, and/or franchisees across the

25  globe. Such burdens and expenses would far outweigh the likely benefit of

26  communications produced in response to the Request given that SPAVI's

27  acquisition and ownership of the "Potato Corner" brand can be easily established at

28  the time of trial using a very limited amount of documents, all of which have already

ERVIN COHEN & JESSUP LLP

1  been produced in this action or are publicly available.

2      SPAVI also specifically objects to this Request on the grounds that it seeks

3  communications that are confidential and protected from disclosure from the right to

4  privacy belonging to SPAVI and various third parties located both domestically and

5  internationally, including confidential internal and external communications relating

6  to a highly sensitive acquisition transaction involving SPAVI, a Philippines

7  corporation. SPAVI must especially protect disclosure of such communications

8  from PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

9  Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

10  and other intellectual property on an ongoing basis.

11      SPAVI further specifically objects to this Request on the grounds that a

12  substantial portion of responsive communications are protected by the attorney-

13  client privilege and the attorney work product doctrine, especially given that SPAVI

14  was represented by, advised by, and dealing with counsel in connection with its

15  acquisition of the "Potato Corner" brand. This Request is so broad that it could even

16  be interpreted as seeking information protected by the marital privilege, if, for

17  example, an employee of SPAVI did nothing more than forward a newspaper

18  clipping to his spouse about the acquisition.

19      In addition, SPAVI specifically objects to this Request on the grounds that it

20  is vague and ambiguous as to the phrase "REGARDING the acquisition of

21  POTATO CORNER assets." In light of this phrase, the Request is lacking in

22  reasonable particularity.

23      Based on the foregoing objections, SPAVI will not produce documents

24  responsive to the Request.

25  **REQUEST FOR PRODUCTION NO. 11:**

26      All COMMUNICATIONS between or among YOUR employees, officers,

27  directors or agents REGARDING the acquisition of POTATO CORNER assets.

28

ERVIN COHEN & JESSUP LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

SPAVI incorporates each and every Preliminary Statement and General Objection set forth above as though fully set forth herein. SPAVI specifically objects to this Request on the grounds that it is overbroad, burdensome, oppressive, and seeks communications that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action. SPAVI's acquisition of the "Potato Corner" brand, including the registered "Potato Corner" trademarks and other intellectual property, is not a material fact reasonably in dispute in this action nor a material fact that could be reasonably in dispute. Even if that acquisition were somehow in dispute, the burdens and expenses that would necessarily be incurred in responding to this Request would effectively require SPAVI to gather, review, and produce hundreds or thousands – if not more – of confidential communications, including all internal and external communications that refer to the "Potato Corner" and that involve any of SPAVI's employees, licensees, and/or franchisees across the globe. Such burdens and expenses would far outweigh the likely benefit of communications produced in response to the Request given that SPAVI's acquisition and ownership of the "Potato Corner" brand can be easily established at the time of trial using a very limited amount of documents, all of which have already been produced in this action or are publicly available.

SPAVI also specifically objects to this Request on the grounds that it seeks communications that are confidential and protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally, including confidential internal and external communications relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines corporation. SPAVI must especially protect disclosure of such communications from PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets and other intellectual property on an ongoing basis.

ERVIN COHEN & JESSUP LLP

1  SPAVI further specifically objects to this Request on the grounds that a

2  substantial portion of responsive communications are protected by the attorney-

3  client privilege and the attorney work product doctrine, especially given that SPAVI

4  was represented by, advised by, and dealing with counsel in connection with its

5  acquisition of the "Potato Corner" brand.

6  In addition, SPAVI specifically objects to this Request on the grounds that it

7  is vague and ambiguous as to the phrase "REGARDING the acquisition of

8  POTATO CORNER assets," as well as to the undefined term "agents," in the

9  context of this Request. In light of this phrase and term, the Request is lacking in

10  reasonable particularity.

11  Based on the foregoing objections, SPAVI will not produce documents

12  responsive to the Request.

13  **REQUEST FOR PRODUCTION NO. 12:**

14  All financial DOCUMENTS RELATED to the acquisition of POTATO

15  CORNER assets, including but not limited to payment records, wire transfers, and

16  bank statements.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

18  SPAVI incorporates each and every Preliminary Statement and General

19  Objection set forth above as though fully set forth herein. SPAVI specifically

20  objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

21  and seeks documents that are neither relevant to the claims and defenses in this

22  action nor proportional to the needs of this action. SPAVI's acquisition of the

23  "Potato Corner" brand, including the registered "Potato Corner" trademarks and

24  other intellectual property, is not a material fact reasonably in dispute in this action

25  nor a material fact that could be reasonably in dispute. Even if that acquisition were

26  somehow in dispute, the burdens and expenses that would necessarily be incurred in

27  responding to this Request would effectively require SPAVI to gather, review, and

28  produce thousands – if not more – of "financial documents," including "payment

ERVIN COHEN & JESSUP LLP

1    records" and "bank statements," that refer or allude to the "Potato Corner." Such

2    burdens and expenses would far outweigh the likely benefit of documents produced

3    in response to the Request given that SPAVI's acquisition and ownership of the

4    "Potato Corner" brand can be easily established at the time of trial using a very

5    limited amount of documents, all of which have already been produced in this action

6    or are publicly available.

7         SPAVI also specifically objects to this Request on the grounds that it seeks

8    "financial documents" that are confidential and protected from disclosure from the

9    right to privacy belonging to SPAVI and various third parties located both

10   domestically and internationally, including confidential financial records, relating to

11   a highly sensitive acquisition transaction involving SPAVI, a Philippines

12   corporation. SPAVI must especially protect disclosure of such "financial

13   documents" from PCJV, which now proclaims itself as a competitor of SPAVI and

14   the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's

15   trade secrets and other intellectual property on an ongoing basis.

16        SPAVI further specifically objects to this Request on the grounds that a

17   substantial portion of responsive documents and information are protected by the

18   attorney-client privilege and the attorney work product doctrine, especially given

19   that SPAVI was represented by, advised by, and dealing with counsel in connection

20   with its acquisition of the "Potato Corner" brand.

21        In addition, SPAVI specifically objects to this Request on the grounds that it

22   is vague and ambiguous as to the terms "financial DOCUMENTS," "payment

23   records," and "bank statements." In light of these undefined terms, the Request is

24   lacking in reasonable particularity such that SPAVI is unable to even search for,

25   much less produce, responsive documents without speculating as to PCJV's

26   intentions as to the scope of the Request.

27        Based on the foregoing objections, SPAVI will not produce documents

28   responsive to the Request.

ERVIN COHEN & JESSUP LLP

1  **REQUEST FOR PRODUCTION NO. 13:**

2      All DOCUMENTS and COMMUNICATIONS RELATED to the transfer of

3  intellectual property to YOU, including but not limited to trademark assignments,

4  patent assignments, and copyright transfers.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6      SPAVI incorporates each and every Preliminary Statement and General

7  Objection set forth above as though fully set forth herein. SPAVI specifically

8  objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

9  and seeks documents and communications that are neither relevant to the claims and

10  defenses in this action nor proportional to the needs of this action, especially given

11  that the Request is not limited in time or subject matter (*i.e.,* the precise intellectual

12  property at issue). At most, only the transfer of the intellectual property comprising

13  the "Potato Corner" brand specifically alleged in the operative Complaint to SPAVI

14  is remotely relevant to this action. The transfer of all other intellectual property,

15  including any marks and trade secrets, not related to the "Potato Corner" brand is far

16  outside the scope of discovery.

17      Even if this Request was limited exclusively to the transfer of the intellectual

18  property comprising the "Potato Corner" brand to SPAVI, SPAVI's acquisition of

19  the "Potato Corner" brand, including the registered "Potato Corner" trademarks and

20  other intellectual property, is not a material fact reasonably in dispute in this action

21  nor a material fact that could be reasonably in dispute. Even if that acquisition were

22  somehow in dispute, the burdens and expenses that would necessarily be incurred in

23  responding to this Request would effectively require SPAVI to gather, review, and

24  produce hundreds or thousands – if not more – of confidential documents and

25  communications, including all internal and external communications that refer to the

26  transfer of "Potato Corner"-related intellectual property and that involve any of

27  SPAVI's employees, licensees, and/or franchisees across the globe. Such burdens

28  and expenses would far outweigh the likely benefit of documents produced in

ERVIN COHEN & JESSUP LLP

1   response to the Request given that SPAVI's acquisition and ownership of the

2   "Potato Corner" brand can be easily established at the time of trial using a very

3   limited amount of documents, all of which have already been produced in this action

4   or are publicly available.

5      SPAVI also specifically objects to this Request on the grounds that it seeks

6   documents and communications that are confidential and protected from disclosure

7   from the right to privacy belonging to SPAVI and various third parties located both

8   domestically and internationally, including confidential internal and external

9   communications, agreements, contracts, disclosures, and deal documents relating to

10  a highly sensitive acquisition transaction involving SPAVI, a Philippines

11  corporation. SPAVI must especially protect disclosure of such documents from

12  PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

13  Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

14  and other intellectual property on an ongoing basis.

15     SPAVI further specifically objects to this Request on the grounds that a

16  substantial portion of responsive documents and information are protected by the

17  attorney-client privilege and the attorney work product doctrine, especially given

18  that SPAVI was represented by, advised by, and dealing with counsel in connection

19  with its acquisition of the "Potato Corner" brand.

20     In addition, SPAVI specifically objects to this Request on the grounds that it

21  is vague and ambiguous as to the phrase "RELATED to the transfer of intellectual

22  property to YOU." In light of these undefined terms, the Request is lacking in

23  reasonable particularity such that SPAVI is unable to even search for, much less

24  produce, responsive documents without speculating as to PCJV's intentions as to the

25  scope of the Request.

26     Subject to and without waiving the foregoing objections, SPAVI will produce

27  deeds of assignment sufficient to show the transfer of trademarks comprising the

28  "Potato Corner" brand to SPAVI, as well as all filings recorded with the U.S. Patent

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1   and Trademark Office showing the same, within its possession, custody, or control.

2   **REQUEST FOR PRODUCTION NO. 14:**

3        All press releases, public announcements, and other public

4   COMMUNICATIONS made by YOU REGARDING the acquisition of POTATO

5   CORNER assets.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7        SPAVI incorporates each and every Preliminary Statement and General

8   Objection set forth above as though fully set forth herein. SPAVI specifically

9   objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

10  and seeks documents that are neither relevant to the claims and defenses in this

11  action nor proportional to the needs of this action. SPAVI's acquisition of the

12  "Potato Corner" brand, including the registered "Potato Corner" trademarks and

13  other intellectual property, is not a material fact reasonably in dispute in this action

14  nor a material fact that could be reasonably in dispute. Even if that acquisition were

15  somehow in dispute, the burdens and expenses that would necessarily be incurred in

16  responding to this Request would effectively require SPAVI to gather, review, and

17  produce all "public COMMUNICATIONS," whatever that may mean, that refer to

18  the "Potato Corner," even though those "COMMUNICATIONS" would be, by

19  definition, publicly available or already in the possession, custody, or control of

20  PCJV. Such burdens and expenses would far outweigh the likely benefit of

21  documents produced in response to the Request given that SPAVI's acquisition and

22  ownership of the "Potato Corner" brand can be easily established at the time of trial

23  using a very limited amount of documents, all of which have already been produced

24  in this action or are publicly available.

25       In addition, SPAVI specifically objects to this Request on the grounds that it

26  is vague and ambiguous as to the phrases "public announcements" and "public

27  COMMUNICATIONS." In light of these phrases, the Request is lacking in

28  reasonable particularity such that SPAVI is unable to even search for, much less

18393.1:11410103.2                    27

1  produce, responsive documents without speculating as to PCJV's intentions as to the

2  scope of the Request.

3      Based on the foregoing objections, SPAVI will not produce documents

4  responsive to the Request.

5  **REQUEST FOR PRODUCTION NO. 15:**

6      All internal reports, analyses, and presentations prepared by or for YOU

7  regarding the acquisition of POTATO CORNER assets, including but not limited to

8  market analyses, competitive analyses, and strategic plans.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

10     SPAVI incorporates each and every Preliminary Statement and General

11  Objection set forth above as though fully set forth herein. SPAVI specifically

12  objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

13  and seeks documents that are neither relevant to the claims and defenses in this

14  action nor proportional to the needs of this action. SPAVI's acquisition of the

15  "Potato Corner" brand, including the registered "Potato Corner" trademarks and

16  other intellectual property, is not a material fact reasonably in dispute in this action

17  nor a material fact that could be reasonably in dispute. Even if that acquisition were

18  somehow in dispute, the burdens and expenses that would necessarily be incurred in

19  responding to this Request would effectively require SPAVI to gather, review, and

20  produce all "internal reports, analyses, and presentations," virtually all of which are

21  confidential and highly sensitive, that refer or allude to the "Potato Corner." Such

22  burdens and expenses would far outweigh the likely benefit of documents produced

23  in response to the Request given that SPAVI's acquisition and ownership of the

24  "Potato Corner" brand can be easily established at the time of trial using a very

25  limited amount of documents, all of which have already been produced in this action

26  or are publicly available.

27     SPAVI also specifically objects to this Request on the grounds that it seeks

28  "internal reports, analyses, and presentations," including "competitive analyses" and

ERVIN COHEN & JESSUP LLP

1  "strategic plans," that are confidential and protected from disclosure from the right

2  to privacy belonging to SPAVI and various third parties located both domestically

3  and internationally, including confidential financial records and analyses relating to

4  a highly sensitive acquisition transaction involving SPAVI, a Philippines

5  corporation. SPAVI must especially protect disclosure of such "internal reports,

6  analyses, and presentations," particularly the requested "competitive analyses" and

7  "strategic plans," from PCJV, which now proclaims itself as a competitor of SPAVI

8  and the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's

9  trade secrets and other intellectual property on an ongoing basis.

10       SPAVI further specifically objects to this Request on the grounds that a

11  substantial portion of responsive documents and information are protected by the

12  attorney-client privilege and the attorney work product doctrine, especially given

13  that SPAVI was represented by, advised by, and dealing with counsel in connection

14  with its acquisition of the "Potato Corner" brand, including with regards to its

15  "analyses" and "strategic plans."

16       In addition, SPAVI specifically objects to this Request on the grounds that it

17  is vague and ambiguous as to the terms "internal reports, analyses, and

18  presentations," "competitive analyses," and "strategic plans." In light of these

19  undefined terms, the Request is lacking in reasonable particularity such that SPAVI

20  is unable to even search for, much less produce, responsive documents without

21  speculating as to PCJV's intentions as to the scope of the Request.

22       Based on the foregoing objections, SPAVI will not produce documents

23  responsive to the Request.

24  **REQUEST FOR PRODUCTION NO. 16:**

25       All legal opinions obtained by YOU in connection with the acquisition of

26  POTATO CORNER assets, including but not limited to opinions on regulatory

27  compliance, intellectual property, and contractual obligations.

28

ERVIN COHEN & JESSUP LLP

**ERVIN COHEN & JESSUP** LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

SPAVI incorporates each and every Preliminary Statement and General Objection set forth above as though fully set forth herein. SPAVI specifically objects to this Request on the grounds that a virtually all responsive documents and information are protected by the attorney-client privilege and the attorney work product doctrine, especially given that SPAVI was represented by, advised by, and dealing with counsel in connection with its acquisition of the "Potato Corner" brand, including with regards to due diligence performed. Indeed, the Request expressly requests production of "legal opinions," including with regards to "regulatory compliance, intellectual property, and contractual obligations," which are clearly privileged documents.

SPAVI also specifically objects to this Request on the grounds that it is overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action. SPAVI's acquisition of the "Potato Corner" brand, including the registered "Potato Corner" trademarks and other intellectual property, as well as any related "legal opinions" are not material facts reasonably in dispute in this action nor material facts that could be reasonably in dispute. Even if that acquisition were somehow in dispute, the burdens and expenses that would necessarily be incurred in responding to this Request would effectively require SPAVI to gather, review, and produce confidential, clearly privileged "legal opinions," and would far outweigh the likely benefit of documents produced in response to the Request given that SPAVI's ownership of the "Potato Corner" brand can be easily established at the time of trial using a very limited amount of documents, all of which have already been produced in this action or are publicly available.

SPAVI further specifically objects to this Request on the grounds that it seeks documents that are confidential and protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and

1   internationally, including confidential, clearly privileged "legal opinions" relating to

2   a highly sensitive acquisition transaction involving SPAVI, a Philippines

3   corporation. SPAVI must especially protect disclosure of such documents from

4   PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

5   Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

6   and other intellectual property on an ongoing basis.

7          In addition, SPAVI specifically objects to this Request on the grounds that it

8   is vague and ambiguous as to the undefined term "legal opinions." In light of this

9   undefined term, the Request is lacking in reasonable particularity.

10          Based on the foregoing objections, SPAVI will not produce documents

11   responsive to the Request.

12   **REQUEST FOR PRODUCTION NO. 17:**

13          All COMMUNICATIONS amongst YOU and YOUR employees or

14   management REGARDING the acquisition of POTATO CORNER assets, including

15   but not limited to internal memos, emails, and meeting notes.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

17          SPAVI incorporates each and every Preliminary Statement and General

18   Objection set forth above as though fully set forth herein. SPAVI specifically

19   objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

20   and seeks communications, as well as "internal memos" and "meeting notes," that

21   are neither relevant to the claims and defenses in this action nor proportional to the

22   needs of this action. SPAVI's acquisition of the "Potato Corner" brand, including

23   the registered "Potato Corner" trademarks and other intellectual property, is not a

24   material fact reasonably in dispute in this action nor a material fact that could be

25   reasonably in dispute. Even if that acquisition were somehow in dispute, the burdens

26   and expenses that would necessarily be incurred in responding to this Request would

27   effectively require SPAVI to gather, review, and produce hundreds or thousands – if

28   not more – of confidential communications, including all internal and external

ERVIN COHEN & JESSUP LLP

SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO PCJV USA, LLC'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   communications that refer to the "Potato Corner" and that involve any of SPAVI's

2   employees, licensees, and/or franchisees across the globe. Such burdens and

3   expenses would far outweigh the likely benefit of communications produced in

4   response to the Request given that SPAVI's acquisition and ownership of the

5   "Potato Corner" brand can be easily established at the time of trial using a very

6   limited amount of documents, all of which have already been produced in this action

7   or are publicly available.

8       SPAVI also specifically objects to this Request on the grounds that it seeks

9   communications, which PCJV has defined to include "internal memos" and

10  "meeting notes," that are confidential and protected from disclosure from the right

11  to privacy belonging to SPAVI and various third parties located both domestically

12  and internationally, including confidential internal and external communications

13  relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines

14  corporation. SPAVI must especially protect disclosure of such communications

15  from PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

16  Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

17  and other intellectual property on an ongoing basis.

18      SPAVI further specifically objects to this Request on the grounds that a

19  substantial portion of responsive communications are protected by the attorney-

20  client privilege and the attorney work product doctrine, especially given that SPAVI

21  was represented by, advised by, and dealing with counsel in connection with its

22  acquisition of the "Potato Corner" brand.

23      In addition, SPAVI specifically objects to this Request on the grounds that it

24  is vague and ambiguous as to the phrase "REGARDING the acquisition of

25  POTATO CORNER assets," as well as to the undefined term "management," in the

26  context of this Request. In light of these terms, the Request is lacking in reasonable

27  particularity.

28      Based on the foregoing objections, SPAVI will not produce documents

ERVIN COHEN & JESSUP LLP

SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO PCJV USA, LLC'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  responsive to the Request.

2  **REQUEST FOR PRODUCTION NO. 18:**

3      All COMMUNICATIONS between YOU and any third parties, including

4  advisors, consultants, and regulatory bodies, REGARDING the acquisition of

5  POTATO CORNER assets.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7      SPAVI incorporates each and every Preliminary Statement and General

8  Objection set forth above as though fully set forth herein. SPAVI specifically

9  objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

10  and seeks communications that are neither relevant to the claims and defenses in this

11  action nor proportional to the needs of this action. SPAVI's acquisition of the

12  "Potato Corner" brand, including the registered "Potato Corner" trademarks and

13  other intellectual property, is not a material fact reasonably in dispute in this action

14  nor a material fact that could be reasonably in dispute. Even if that acquisition were

15  somehow in dispute, the burdens and expenses that would necessarily be incurred in

16  responding to this Request would effectively require SPAVI to gather, review, and

17  produce hundreds or thousands – if not more – of confidential communications,

18  including all external communications that refer to the "Potato Corner" and that

19  involve any of SPAVI's employees, licensees, and/or franchisees across the globe.

20  Such burdens and expenses would far outweigh the likely benefit of

21  communications produced in response to the Request given that SPAVI's

22  acquisition and ownership of the "Potato Corner" brand can be easily established at

23  the time of trial using a very limited amount of documents, all of which have already

24  been produced in this action or are publicly available.

25      SPAVI also specifically objects to this Request on the grounds that it seeks

26  communications that are confidential and protected from disclosure from the right to

27  privacy belonging to SPAVI and various third parties located both domestically and

28  internationally, including confidential external communications relating to a highly

SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO PCJV USA, LLC'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

ERVIN COHEN & JESSUP LLP

1  sensitive acquisition transaction involving SPAVI, a Philippines corporation. SPAVI

2  must especially protect disclosure of such communications from PCJV, which now

3  proclaims itself as a competitor of SPAVI and the "Potato Corner" brand and which

4  is alleged to be misappropriating SPAVI's trade secrets and other intellectual

5  property on an ongoing basis.

6      SPAVI further specifically objects to this Request on the grounds that a

7  substantial portion of responsive communications are protected by the attorney-

8  client privilege and the attorney work product doctrine, especially given that SPAVI

9  was represented by, advised by, and dealing with counsel in connection with its

10  acquisition of the "Potato Corner" brand.

11      In addition, SPAVI specifically objects to this Request on the grounds that it

12  is vague and ambiguous as to the phrase "REGARDING the acquisition of

13  POTATO CORNER assets," as well as to the undefined terms "advisors" and

14  "consultants," in the context of this Request. In light of this phrase and terms, the

15  Request is lacking in reasonable particularity.

16      Based on the foregoing objections, SPAVI will not produce documents

17  responsive to the Request.

18  **REQUEST FOR PRODUCTION NO. 19:**

19      All DOCUMENTS RELATED to compliance with any legal or regulatory

20  requirements in connection with the acquisition of POTATO CORNER assets,

21  including but not limited to filings, permits, and approvals.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

23      SPAVI incorporates each and every Preliminary Statement and General

24  Objection set forth above as though fully set forth herein. SPAVI specifically

25  objects to this Request on the grounds that a substantial portion, if not all, of

26  responsive documents and information are protected by the attorney-client privilege

27  and the attorney work product doctrine, especially given that SPAVI was

28  represented by, advised by, and dealing with counsel in connection with its

1   acquisition of the "Potato Corner" brand, including with regards to due diligence

2   performed. Indeed, the Request expressly requests production of documents related

3   to "legal or regulatory requirements."

4       SPAVI also specifically objects to this Request on the grounds that it is

5   overbroad, burdensome, oppressive, and seeks documents that are neither relevant to

6   the claims and defenses in this action nor proportional to the needs of this action.

7   SPAVI's acquisition of the "Potato Corner" brand, including the registered "Potato

8   Corner" trademarks and other intellectual property, as well as any related documents

9   related to "legal or regulatory requirements," are not material facts reasonably in

10  dispute in this action nor material facts that could be reasonably in dispute. Even if

11  that acquisition were somehow in dispute, the burdens and expenses that would

12  necessarily be incurred in responding to this Request would effectively require

13  SPAVI to gather, review, and produce confidential, clearly privileged documents,

14  and would far outweigh the likely benefit of documents produced in response to the

15  Request given that SPAVI's ownership of the "Potato Corner" brand can be easily

16  established at the time of trial using a very limited amount of documents, all of

17  which have already been produced in this action or are publicly available.

18      SPAVI further specifically objects to this Request on the grounds that it seeks

19  documents that are confidential and protected from disclosure from the right to

20  privacy belonging to SPAVI and various third parties located both domestically and

21  internationally, including confidential, clearly privileged "legal opinions" relating to

22  a highly sensitive acquisition transaction involving SPAVI, a Philippines

23  corporation. SPAVI must especially protect disclosure of such documents from

24  PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato

25  Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets

26  and other intellectual property on an ongoing basis.

27      In addition, SPAVI specifically objects to this Request on the grounds that it

28  is vague and ambiguous as to the phrase, "RELATED to compliance with any legal

ERVIN COHEN & JESSUP LLP

1   or regulatory requirements in connection with the acquisition of POTATO

2   CORNER assets" in the context of this Request. In light of this phrase, the Request

3   is lacking in reasonable particularity.

4        Based on the foregoing objections, SPAVI will not produce documents

5   responsive to the Request.

6   **REQUEST FOR PRODUCTION NO. 20:**

7        All audit reports RELATED to the acquisition of POTATO CORNER assets,

8   including but not limited to financial audits, compliance audits, and operational

9   audits.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11       SPAVI incorporates each and every Preliminary Statement and General

12   Objection set forth above as though fully set forth herein. SPAVI specifically

13   objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

14   and seeks documents that are neither relevant to the claims and defenses in this

15   action nor proportional to the needs of this action. SPAVI's acquisition of the

16   "Potato Corner" brand, including the registered "Potato Corner" trademarks and

17   other intellectual property, is not a material fact reasonably in dispute in this action

18   nor a material fact that could be reasonably in dispute. Even if that acquisition were

19   somehow in dispute, the burdens and expenses that would necessarily be incurred in

20   responding to this Request would effectively require SPAVI to gather, review, and

21   produce all "audit reports," virtually all of which are confidential and highly

22   sensitive, that refer or allude to the "Potato Corner" even though such burdens and

23   expenses would far outweigh the likely benefit of documents produced in response

24   to the Request given that SPAVI's acquisition and ownership of the "Potato Corner"

25   brand can be easily established at the time of trial using a very limited amount of

26   documents, all of which have already been produced in this action or are publicly

27   available.

28       SPAVI also specifically objects to this Request on the grounds that it seeks

*ERVIN COHEN & JESSUP* LLP

1  "audit reports" that are confidential and protected from disclosure from the right to

2  privacy belonging to SPAVI and various third parties located both domestically and

3  internationally, including confidential financial records and analyses relating to a

4  highly sensitive acquisition transaction involving SPAVI, a Philippines corporation.

5  SPAVI must especially protect disclosure of such "audit reports" from PCJV, which

6  now proclaims itself as a competitor of SPAVI and the "Potato Corner" brand and

7  which is alleged to be misappropriating SPAVI's trade secrets and other intellectual

8  property on an ongoing basis.

9       SPAVI further specifically objects to this Request on the grounds that a

10  substantial portion of responsive documents and information are protected by the

11  attorney-client privilege and the attorney work product doctrine, especially given

12  that SPAVI was represented by, advised by, and dealing with counsel in connection

13  with its acquisition of the "Potato Corner" brand.

14       In addition, SPAVI specifically objects to this Request on the grounds that it

15  is vague and ambiguous as to the undefined term "audit report." In light of this

16  undefined term, the Request is lacking in reasonable particularity.

17       Based on the foregoing objections, SPAVI will not produce documents

18  responsive to the Request.

19  **REQUEST FOR PRODUCTION NO. 21:**

20       All DOCUMENTS and COMMUNICATIONS RELATED TO the

21  FRANCHISEES, including but not limited to all COMMUNICATIONS between

22  YOU and the FRANCHISEES including DOCUMENTS YOU received from the

23  FRANCHISEES.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

25       SPAVI incorporates each and every Preliminary Statement and General

26  Objection set forth above as though fully set forth herein. SPAVI specifically

27  objects to this Request on the grounds that it is overbroad, burdensome, oppressive,

28  and seeks documents that are neither relevant to the claims and defenses in this

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1    action nor proportional to the needs of this action. SPAVI further specifically

2    objects to this Request to the extent that it seeks confidential documents or

3    information protected by the attorney-client privilege, the attorney work product

4    doctrine, or the right to privacy. SPAVI further specifically objects to this Request

5    on the grounds that some responsive documents and information are protected by

6    the attorney-client privilege, the attorney work product doctrine, and the joint

7    defense privilege.

8            Subject to and without waiving the foregoing objections, SPAVI will produce

9    all responsive documents and communications exchanged with franchisees of the

10   "Potato Corner" brand based in the United States and not owned or controlled by

11   one of the named Defendants in this action, including Defendant Guy Koren, except

12   those protected by the attorney-client privilege, the attorney work product doctrine,

13   and the joint defense privilege.

14   **REQUEST FOR PRODUCTION NO. 22:**

15           All DOCUMENTS and COMMUNICATIONS RELATED TO the allegation

16   in paragraph 11 of the COMPLAINT that the specific ingredients and proportions of

17   the ingredients, as well as the recipe for preparation of each, are a deeply guarded

18   secret and are YOUR property.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

20           SPAVI incorporates each and every Preliminary Statement and General

21   Objection set forth above as though fully set forth herein. SPAVI specifically

22   objects to this on the grounds that it seeks documents and communications that

23   contain confidential, proprietary, trade secret, and/or private information protected

24   from disclosure from the right to privacy belonging to SPAVI and various third

25   parties located both domestically and internationally, including confidential internal

26   and external communications, agreements, contracts, disclosures, and other

27   categories of documents relating to the recipes for its proprietary flavorings, which

28   are highly sensitive and confidential. SPAVI must especially protect disclosure of

18393.1:11410103.2                          38

1  such documents from PCJV, which now proclaims itself as a competitor of SPAVI

2  and the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's

3  trade secrets, including the recipes for its proprietary flavorings, and other

4  intellectual property on an ongoing basis. SPAVI notes that it has already served

5  PCJV with a formal "Trade Secret Disclosure" specifically identifying the trade

6  secrets subject to its cause of action for misappropriation of trade secrets.

7      SPAVI further specifically objects to this Request to the extent that it seeks

8  confidential documents or information protected by the attorney-client privilege, the

9  attorney work product doctrine, or the right to privacy.

10     In addition, SPAVI specifically objects to this Request to the extent it

11 mischaracterizes or misstates the allegations in SPAVI's operative Complaint as

12 pled.

13     Based on the foregoing objections, SPAVI will not produce documents

14 responsive to the Request.

15 **REQUEST FOR PRODUCTION NO. 23:**

16     All DOCUMENTS and COMMUNICATIONS RELATED TO the allegation

17 in paragraph 15 of the COMPLAINT that DEFENDANTS are simultaneously

18 developing a competing business.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

20     SPAVI incorporates each and every Preliminary Statement and General

21 Objection set forth above as though fully set forth herein. SPAVI specifically

22 objects to this Request to the extent that it seeks confidential documents or

23 information protected by the attorney-client privilege, the attorney work product

24 doctrine, or the right to privacy. In addition, SPAVI specifically objects to this

25 Request to the extent it mischaracterizes or misstates the allegations in SPAVI's

26 operative Complaint as pled.

27     Subject to and without waiving the foregoing objections, SPAVI will produce

28 all responsive non-privileged documents and communications.

ERVIN COHEN & JESSUP LLP

1  **REQUEST FOR PRODUCTION NO. 24:**

2      All DOCUMENTS and COMMUNICATIONS RELATED TO the allegation

3  in paragraph 179 of the COMPLAINT that YOU provided DEFENDANTS with

4  confidential, proprietary information, including the recipes, ingredients, and

5  ingredient allocations for its proprietary flavorings, the identities of its suppliers,

6  and other know-how procedures, and processes used and employed at Potato Corner

7  outlets.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

9      SPAVI incorporates each and every Preliminary Statement and General

10  Objection set forth above as though fully set forth herein. SPAVI specifically

11  objects to this Request as mischaracterizing or misstating the referenced allegation

12  in SPAVI's operative Complaint as pled. SPAVI also specifically objects to this on

13  the grounds that it seeks documents and communications that contain confidential,

14  proprietary, trade secret, and/or private information protected from disclosure from

15  the right to privacy belonging to SPAVI and various third parties located both

16  domestically and internationally, including confidential internal and external

17  communications, agreements, contracts, disclosures, and deal documents relating to

18  the recipes for its proprietary flavorings, which are highly sensitive and confidential.

19  SPAVI must especially protect disclosure of such documents from PCJV, which

20  now proclaims itself as a competitor of SPAVI and the "Potato Corner" brand and

21  which is alleged to be misappropriating SPAVI's trade secrets, including the recipes

22  for its proprietary flavorings, and other intellectual property on an ongoing basis.

23  SPAVI notes that it has already served PCJV with a formal "Trade Secret

24  Disclosure" specifically identifying the trade secrets subject to its cause of action for

25  misappropriation of trade secrets.

26      SPAVI further specifically objects to this Request to the extent that it seeks

27  confidential documents or information protected by the attorney-client privilege, the

28  attorney work product doctrine, or the right to privacy.

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1    In addition, SPAVI specifically objects to this Request as explicitly seeking
2  documents already in PCJV's possession, custody, or control. For that reason, the
3  Request is overbroad, burdensome, and oppressive.

4    Based on the foregoing objections, SPAVI will not produce documents
5  responsive to the Request.

6  **REQUEST FOR PRODUCTION NO. 25:**

7    All DOCUMENTS and COMMUNICATIONS RELATED TO the allegation
8  in paragraph 182 of the COMPLAINT that as a direct and proximate result of
9  DEFENDANTS' alleged use of confidential, proprietary information for their own
10  benefit without authorization from YOU, YOU have been damaged and continue to
11  be damaged in an amount believed to be in the millions of dollars, including but not
12  limited to the basis for the belief that the amount of damages is millions of dollars.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

14    SPAVI incorporates each and every Preliminary Statement and General
15  Objection set forth above as though fully set forth herein. SPAVI specifically
16  objects to this Request to the extent that it seeks confidential documents or
17  information protected by the attorney-client privilege, the attorney work product
18  doctrine, or the right to privacy. In addition, SPAVI specifically objects to this
19  Request to the extent it mischaracterizes or misstates the allegations in SPAVI's
20  operative Complaint as pled.

21    Subject to and without waiving the foregoing objections, SPAVI will produce
22  all responsive non-privileged documents and communications.

23  **REQUEST FOR PRODUCTION NO. 26:**

24    All DOCUMENTS EVIDENCING YOUR alleged trade secrets.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

26    SPAVI incorporates each and every Preliminary Statement and General
27  Objection set forth above as though fully set forth herein. SPAVI specifically
28  objects to this on the grounds that it seeks documents and communications that

contain confidential, proprietary, trade secret, and/or private information protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally, including confidential internal and external communications, agreements, contracts, disclosures, and other categories of documents relating to the recipes for its proprietary flavorings, which are highly sensitive and confidential. SPAVI must especially protect disclosure of such documents from PCJV, which now proclaims itself as a competitor of SPAVI and the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's trade secrets, including the recipes for its proprietary flavorings, and other intellectual property on an ongoing basis. SPAVI notes that it has already served PCJV with a formal "Trade Secret Disclosure" specifically identifying the trade secrets subject to its cause of action for misappropriation of trade secrets.

SPAVI further specifically objects to this Request to the extent that it seeks confidential documents or information protected by the attorney-client privilege, the attorney work product doctrine, or the right to privacy.

Based on the foregoing objections, SPAVI will not produce documents responsive to the Request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS identifying YOUR alleged trade secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

SPAVI incorporates each and every Preliminary Statement and General Objection set forth above as though fully set forth herein. SPAVI specifically objects to this on the grounds that it seeks documents and communications that contain confidential, proprietary, trade secret, and/or private information protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally, including confidential internal and external communications, agreements, contracts, disclosures, and other categories of documents relating to the recipes for its proprietary flavorings, which

ERVIN COHEN & JESSUP LLP

1    are highly sensitive and confidential. SPAVI must especially protect disclosure of

2    such documents from PCJV, which now proclaims itself as a competitor of SPAVI

3    and the "Potato Corner" brand and which is alleged to be misappropriating SPAVI's

4    trade secrets, including the recipes for its proprietary flavorings, and other

5    intellectual property on an ongoing basis. SPAVI notes that it has already served

6    PCJV with a formal "Trade Secret Disclosure" specifically identifying the trade

7    secrets subject to its cause of action for misappropriation of trade secrets.

8         SPAVI further specifically objects to this Request to the extent that it seeks

9    confidential documents or information protected by the attorney-client privilege, the

10   attorney work product doctrine, or the right to privacy.

11        Based on the foregoing objections, SPAVI will not produce documents

12   responsive to the Request.

13

14   DATED:  January 21, 2025          ERVIN COHEN & JESSUP LLP
                                       Michael D. Murphy
15                                     Kenneth P. Hsu

16

17

18                                By:  _____/s/ Michael D. Murphy_____
                                       Michael D. Murphy
19                                     Attorneys for Plaintiff SHAKEY'S PIZZA
                                       ASIA VENTURES, INC.
20

21

22

23

24

25

26

27

28

SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO PCJV USA, LLC'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

ERVIN COHEN & JESSUP LLP

## PROOF OF SERVICE

### 2:24-cv-04546-SB(AGRx)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of . My business address is 9401 Wilshire Boulevard, Twelfth Floor, Beverly Hills, CA 90212-2974.

On January 21, 2025, I served true copies of the following document(s) described as **PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO DEFENDANT PCJV USA, LLC'S REQUESTS FOR PRODUCTION, SET ONE** on the interested parties in this action as follows:

Arash Beral, Esq.                                    Attorneys for Defendants
Todd M. Malynn, Esq.
Victor Sandoval, Esq.
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone:  (424) 239-3400
Facsimile:  (424) 239-3434
Email:  Arash.beral@blankrome.com
        Todd.malynn@blankrome.com
        Victor.sandoval@blankrome.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address khsu@ecjlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 21, 2025, at Beverly Hills, California.

_/s/ Kenneth P. Hsu_
Kenneth P. Hsu

EXHIBIT 2

1  Michael D. Murphy (SBN 224678)
     mmurphy@ecjlaw.com
2  Kenneth P. Hsu (SBN 306326)
     khsu@ecjlaw.com
3  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Twelfth Floor
4  Beverly Hills, California 90212-2974
   Telephone: (310) 273-6333
5  Facsimile: (310) 859-2325

6  Attorneys for Plaintiff SHAKEY'S
   PIZZA ASIA VENTURES, INC.

7

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10  SHAKEY'S PIZZA ASIA                    Case No. 2:24-cv-04546-SB(AGRx)
    VENTURES, INC, a Philippines
11  corporation,                           **PLAINTIFF SHAKEY'S PIZZA
                                           ASIA VENTURES, INC.'S
12                  Plaintiff,             RESPONSE TO DEFENDANT PCJV
                                           USA, LLC'S INTERROGATORIES,**
          v.                               **SET ONE**
13
    PCJV USA, LLC, a Delaware limited
14  liability company; PCI TRADING
    , LLC, a Delaware limited liability    *Action Filed:    May 31, 2024*
15  company; GUY KOREN, an individual;     *Trial Date:       August 4, 2025*
    POTATO CORNER LA GROUP, LLC,
16  a California limited liability company;
    NKM CAPITAL GROUP, LLC, a
17  California limited liability company; J
    & K AMERICANA, LLC, a California
18  limited liability company; J&K
    LAKEWOOD, LLC, a California
19  limited liability company; J&K
    VALLEY FAIR, LLC, a California
20  limited liability company; J & K
    ONTARIO, LLC, a California limited
21  liability company; HLK MILPITAS,
    LLC, a California, limited liability
22  company; GK CERRITOS, LLC, a
    California, limited liability company;
23  J&K PC TRUCKS, LLC, a California
    limited liability company; and GK
24  CAPITAL GROUP, LLC, a California
    limited liability company,
25
                   Defendants.
26

27

28

ERVIN COHEN & JESSUP LLP

**ERVIN COHEN & JESSUP** LLP

1 PROPOUNDING PARTY:  DEFENDANT PCJV USA, LLC

2 SPAVI:                              PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES,

3                                          INC.

4 SET NO.:                          ONE (1)

5      Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI") hereby responds to

6 Defendant PCJV USA, LLC's ("PCJV") First Set Interrogatories (the

7 "Interrogatories") as follows:

8                        **PRELIMINARY STATEMENT**

9      SPAVI states that its discovery, internal investigation, and preparation for the

10 trial in this matter are not complete as of the date of these responses. SPAVI will

11 respond to these Interrogatories to the best of its present existing knowledge.

12 However, SPAVI anticipates that the discovery process will reveal facts, documents,

13 and witnesses not presently known to it but upon which it may rely. Accordingly,

14 the responses contained herein are not intended to and shall not preclude SPAVI

15 from making any contention or relying on any facts, documents, or witnesses at trial,

16 whether or not identified or relied upon herein, based upon any additional or further

17 evidence adduced during the discovery process.

18      SPAVI further asserts that the inadvertent production of any privileged

19 information or documentation shall not be deemed a waiver of any applicable

20 privilege or of any other ground for objecting to production of the information or

21 documentation, nor shall inadvertent production waive the right of SPAVI to object

22 to the use of any such information or documentation during any subsequent

23 proceeding, including trial. SPAVI reserves any and all rights to withhold any

24 information or documentation from production based on any objection made herein

25 or that may be made in the future based on subsequent investigation and preparation

26 for trial.

27 / / /

28 / / /

18393.1:11409908.2                                         2

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO DEFENDANT PCJV USA, LLC'S
INTERROGATORIES, SET ONE

**ERVIN COHEN & JESSUP LLP**

## GENERAL OBJECTIONS

(a)    SPAVI objects to all Interrogatories to the extent they attempt or purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure.

(b)    SPAVI objects to all Interrogatories to the extent they attempt or purport to require disclosure of information or documentation containing the work product, impressions, conclusions, opinions, legal research, or theories of its attorneys, current and former, developed in connection with or in anticipation of this or other litigation.

(c)    SPAVI objects to all Interrogatories to the extent they attempt or purport to require disclosure of information or documentation protected from such disclosure by the attorney-client privilege, the right to privacy, or any other privilege available under United States or California law.

(d)    SPAVI objects to all Interrogatories to the extent they attempt or purport to require disclosure of information or documentation protected from disclosure by the attorney-client or work product privileges insomuch as it seeks work by any consulting expert in this matter. SPAVI will not produce said information or documentation unless required to do so pursuant to California Code of Civil Procedure Section 2034.210 *et seq*.

Subject to and without prejudice to or waiver of the foregoing Preliminary Statement and General Objections, each of which is incorporated in each response below as though fully set forth therein, SPAVI responds as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify with reasonable particularly YOUR alleged trade secrets.

**RESPONSE TO INTERROGATORY NO. 1:**

SPAVI specifically objects to this Interrogatory on the ground that it asks for all of the trade secrets SPAVI has ever owned, irrespective of the brand or relevance

1    to this case, without time limitation. SPAVI was incorporated in 1974 (originally as

2    International Family Food Services, Inc.) and operates and owns multiple brands

3    worldwide. SPAVI refuses to provide any information as to any of its trade secrets

4    except, as further limited herein, as to the Potato Corner brand. Even as to the Potato

5    Corner brand, this Interrogatory is objectionable on the grounds that it is overbroad,

6    burdensome, oppressive, and seeks information that is neither relevant to this case

7    and asks for information that is disproportionate to the needs of this case. The only

8    trade secrets of relevance are those that have been misappropriated by Defendants,

9    for which relief is sought in this action.

10      SPAVI further specifically objects to this Interrogatory on the grounds that

11    seeks information that is trade secret, confidential, private and/or proprietary.

12    SPAVI must protect this information from public disclosure, as well as from being

13    learned by PCJV, which now proclaims itself as a competitor of SPAVI (while,

14    strangely, also operating unlicensed Potato Corner stores). As such, SPAVI will not

15    provide any more specific disclosure than that which is offered herein. Any more

16    particularity risks disclosure of the actual details comprising the trade secrets at

17    issue. SPAVI also objects to the term "reasonable particularity" as it is vague,

18    ambiguous, and undefined. SPAVI will interpret that term to have the same meaning

19    as it is used in California Code of Civil Procedure Section 2019.210 and will

20    provide a response only as detailed as that which was in SPAVI's previously served

21    Trade Secret Disclosure.

22      SPAVI further specifically objects the extent this Interrogatory requires

23    disclosure of information protected from such disclosure by the attorney-client

24    privilege or the right to privacy. Subject to and without waiving the foregoing

25    objections, SPAVI responds as follows:

26      In this action, SPAVI alleges that the following trade secrets have been

27    misappropriated:

28      1.      The recipe for creating each of SPAVI's proprietary flavorings

ERVIN COHEN & JESSUP LLP

1 (Barbeque, Cheese, Sour Cream, Chili Barbeque, Cinnamon & Sugar, and Garlic &

2 Parmesan) sold at Potato Corner stores;

3     2.    The specific ingredients, the quantities of such ingredients, and the

4 relative proportion of such ingredients comprising each of SPAVI's proprietary

5 flavorings (Barbeque, Cheese, Sour Cream, Chili Barbeque, Cinnamon & Sugar,

6 and Garlic & Parmesan) sold at Potato Corner stores, as shown on the flavoring

7 packages for those respective flavorings; and

8     3.    The method of preparing, including all steps taken to combine and mix

9 specific ingredients, to create the each of SPAVI's proprietary flavorings (Barbeque,

10 Cheese, Sour Cream, Chili Barbeque, Cinnamon & Sugar, and Garlic & Parmesan)

11 sold at Potato Corner stores.

12     This response is without waiver of, and should not be construed as excluding,

13 other trade secrets that have been misappropriated by one, some, or all of the named

14 Defendants, but the use and/or misappropriation of which has been concealed from

15 SPAVI. To the extent additional misappropriated trade secrets are discovered,

16 SPAVI will supplement this response accordingly.

17

18 DATED:  January 16, 2025        ERVIN COHEN & JESSUP LLP

19

20

21                 By:    */s/  Michael D. Murphy*

22                      Michael D. Murphy
                     Attorneys for Plaintiff SHAKEY'S PIZZA

23                      ASIA VENTURES, INC.

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO DEFENDANT PCJV USA, LLC'S INTERROGATORIES, SET ONE

1

## PROOF OF SERVICE

2

### 2:24-cv-04546-SB(AGRx)

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of . My business address is 9401 Wilshire Boulevard, Twelfth Floor, Beverly Hills, CA 90212-2974.

5

6

On January 16, 2025, I served true copies of the following document(s) described as **PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO DEFENDANT PCJV USA, LLC'S INTERROGATORIES, SET ONE** on the interested parties in this action as follows:

7

8

9

Arash Beral, Esq.                                    Attorneys for Defendants
Todd M. Malynn, Esq.

10

Victor Sandoval, Esq.
BLANK ROME LLP

11

2029 Century Park East, 6th Floor
Los Angeles, California 90067

12

Telephone:  (424) 239-3400
Facsimile:  (424) 239-3434

13

Email:  Arash.beral@blankrome.com

14

Todd.malynn@blankrome.com

15

Victor.sandoval@blankrome.com

16

17

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address arector@ecjlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19

20

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21

22

Executed on January 16, 2025, at Beverly Hills, California.

23

24

_____/s/ Ayesha Rector_____

25

Ayesha Rector

26

27

28

18393.1:11409908.2

ERVIN COHEN & JESSUP LLP