MICHAEL D. MURPHY
mdmurphy@foxrothschild.com
JORDAN ZOLLIECOFFER
jzolliecoffer@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

Attorneys for Plaintiff SHAKEY'S PIZZA ASIA VENTURES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld*<br><br>**JOINT STATUS REPORT OF PLAINTIFF AND DEFENDANTS REGARDING ONGOING MEET AND CONFER DISCUSSIONS**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:          August 4, 2025 |

| | |
|---|---|
| 1 | |
| 2 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Counter-Claimants, |
| 8 | v. |
| 9 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 10 | |
| 11 | Counter Defendant. |
| 12 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | Third Party Plaintiffs, |
| 19 | v. |
| 20 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and DOES 1 through 10, inclusive, |
| 21 | |
| 22 | |
| 23 | |
| 24 | Third Party Defendants. |

## PLAINTIFF'S STATEMENT

Pursuant to this Court's Orders of March 13, 2025 (Dkt. 127) and today, March 25, 2025 (Dkt. 133), Plaintiff and Defendants PCJV USA, LLC and Guy Koren (collectively, "Defendants") submit the following status report, regarding their ongoing meet and confer efforts to resolve (1) "any outstanding violations of the Court's preliminary injunction," and (2) "the amount of reasonable attorney's fees to award to Plaintiff in connection with its contempt motion."

First, this Report was supposed to be a Joint Report as per an email exchange between counsel in which counsel for all parties agreed that Plaintiff needed another week to file a Joint Report given that the backup to be gathered is not insubstantial, and, moreover, other very pressing and imminent issues occupied all Parties' attention. Among the things that had to be addressed over the last 12 days (since this Court's last Order on this issue) are as follows:

- The Parties attended on March 13, 2025, and have attended, and met and conferred upon conference with the Magistrate Judge regarding a discovery dispute.
- After that conference, Plaintiff, having finally a narrower set of documents to search for in response to Defendants' Requestrs for Production, have been diligently searching for responsive documents, which has taken priority over the separate gathering of backup to support Plaintiffs' fee demand in this case, given the guidance on timing suggested by the Magistrate.
- Because responsive pleadings were due by Plaintiff as to the Answer and Counterclaim and Third Party Complaint, and Plaintiff, as well as the three new Third Party Defendant wish to challenge them under Rule 12, these parties have had interrelated service, and Rule 12 deadline to satisfy, which also includes attempts to meet and confer under LR 7-3. Those have taken much of our time as well.

- Plaintiff also intends to file an Application for the Case Management Order and trial date to be changed as a result of, among other things, three new parties having been named and not even served, the fact that the case is not at issuer as to the parties originally named, and other issues in disclosure and discovery. The meet and confer overt that has also been pressing, given where the parties are in the current scheduling order.

Counsel for Defendants agreed that another week to negotiate is warranted.

As Plaintiff's counsel was writing yesterday's Joint Report Plaintiffs' counsel was made aware of new violations of the Injunction Order. I spent the last twenty-four hours investigating them and have now raised them with Defendants' counsel. Those new violations, if true, will impact this Court's final ruling as to when the contempt concluded, and the remedies which may require more in addition to just Plaintiffs' fees.

Accordingly, there remains no agreement as to fees, however, this is not a result of an impasse, it is a result of not having completed the negotiation, and an additional new issue having been discovered within hours of the deadline to file this report. Accordingly, the Parties respectfully request that the deadline contained in this Court's Order of March 13, 2025, be extended to April 8, 2025.

Second, thirty minutes before this Court's 2 pm deadline, counsel for Plaintiff changed their agreement, and sent a new section for this Joint statement now substantively debating the fees issue. This sandbagging has rendered it impossible for Plaintiff to write, in 30 minutes why their $90,000 proposal on fees was reasonable and a reduction. We sought fees for only those filings that addressed injunction compliance, and Kenny's time was reduced. It would be unfair to decide the issue here and now, given that until 30 minutes before this filing, this was to be a joint request for further time. The 90k fees and costs is reasonable and is substantiated by backup. Plaintiff just needs more time to gather it.

## DEFENDANTS' STATEMENT

On Wednesday, March 5, Mr. Murphy informed that he'd likely be seeking $20,000-$30,000 in attorney's fees with respect to the contempt motion.

On Saturday, March 8, we received a link to download fee invoices from Mr. Murphy, alongside a separate email from Mr. Murphy claiming that the fees total "AT LEAST $92,414.50" and offering to settle at $60,000.

On Monday morning, March 10, our staff accessed the link and downloaded four redacted invoices. That same day, we emailed Mr. Murphy (in part):

> The Court ordered us to thoroughly discuss "the amount of reasonable attorney's fees to award to Plaintiff in connection with its contempt motion, in light of the Court's conclusion that Defendants violated the preliminary injunction before the January 31, 2025 OSC." Dkt. No. 117. On Wednesday evening, you informed us that the monetary sanctions you'd be seeking were likely going to be in the $20-30K range. Your Saturday morning email, however, included amounts that were substantially higher than that. I need more time to review your fee invoices (downloaded today) in between handling other matters, and discuss them with our clients and get back to you. I would like us to stipulate to continue our meet and confer on the fees until Friday this week so that we could hopefully reach an agreement on that. As well, I don't see the need for an evidentiary hearing on March 28 involving compliance, but if you do, I suggest we agree to postpone that as well in light of our ongoing discussions on that subject.

By Wednesday, March 12, we had finished our review of the redacted fee invoices and sent another email to Mr. Murphy:

> As you know, on your motion for OSC re: contempt (filed 12/26/24 – Dkt. No. 87, the "motion"), we were ordered to thoroughly discuss "the amount of reasonable attorney's fees to award to Plaintiff in connection with its contempt motion, in light of Court's conclusion that Defendants violated the preliminary injunction before the January 31, 2025 OSC." Dkt. No. 117. While your motion had requested various forms of relief, including a "per day" fine, a special master, and future legal fees, Judge Blumenfeld informed us that he only would issue an award of reasonable attorney's fees incurred through January 31, 2025 in connection with bringing your motion.
>
> As a preliminary matter, kindly note that your motion and your declaration in

support of the motion requested **$25,612.50** in total attorney's fees. (Dkt. No. 87-1 at Paragraph 16.) We view that amount to be the outer bounds of what SPAVI could potentially receive as an award. On that, I've had a chance to review your fee invoices. Unfortunately, it's practically impossible for me to determine how much time was reasonably spent on the motion for three principal reasons:

1.   A lot of the fees are incurred for other items (such as opposing our motion for reconsideration, or our motion for stay, or our motion to dismiss, or are in connection with filings made with the Ninth Circuit, or involve communicating with PCJV's franchisees).

2.   While you went through the effort of trying to isolate what you believe is the "relevant time" on *your* fee entries that are partly redacted (which I appreciate), I did not get the same for Kenny's fee entries. Therefore, it is impossible for me to determine how much of Kenny's time (in a partially redacted block-bill entry, for example) involves the motion vs. other matters.

3.   There appear to be some duplication of efforts between you and Kenny.

Perhaps more importantly and from a more holistic perspective, you brought this motion at a time when you believed there were "38 Potato Corner stores using the trademarks." I surmise that part of SPAVI's strategy in bringing this motion was to try and "use it" to strike relationships with PCJV's third party franchisees (which it did). Indeed, you have told us that: (a) SPAVI has entered agreements with third party franchisees; and (b) with respect to injunction compliance, you are only concerned with the stores that Mr. Koren has an interest in (like those 7 defendant entity stores you sued: NKM, J&K Americana, J&K Lakewood, J&K Valley Fair, J&K Ontario, HLK Milpitas, GK Cerritos). It appears to us, therefore, that the fees SPAVI incurred in bringing this motion and using the motion to forge alliances with third parties *significantly benefitted SPAVI*. Put another way, at least 70-80% of the motion (dealing with third party franchisees) is not germane or relevant to this analysis (and your client has by all accounts received a significant benefit by forging relationships with PCJV's third party franchisees anyway).

That all said, we have to try and reach common ground on a reasonable fee. If our side is able to convince the Court that roughly only 20% of your fee request should be awarded (given that roughly 80% of it is not in issue and/or otherwise resulted in a benefit to SPAVI), then the "rough" reasonable fee is $5,000 (give or take 5-10% margin of error and accepting your entire $25K fee

request made in the motion). If the Court does not view the "benefit" gained by SPAVI as a result of forging relationships with PCJV's third party franchisees as an offset, we presume the Court will award SPAVI something up to $25,612.50, but likely less.

Just now, I received authority to propose we simply cut this roughly in half and agree on **$12,500**. We think it's fair. Let us know SPAVI's response please. Thank you.

Later that day on March 12, Mr. Murphy called to address only the issue of Mr. Hsu's entries and agreed to send un-redacted invoice. He did not address the other points above, and stated he did not think that $12,500 would be enough.

On Thursday, March 20, Mr. Murphy sent an email acknowledging that he still owes us "additional backup" and that he would like to ask the Court for an extra week. We said that would be fine.

Last night at 9:34 pm, with a statement being due and not having heard further from Mr. Murphy on these issues, we emailed him:

Still haven't heard back from you on any of the below emails, including the attorney's fees stuff. As a reminder, on Thursday, you asked to continue the fees stuff and I said that would be fine. I trust that you are handling the filing of a statement with the Court tonight.

Mr. Murphy did not respond last night. There have been multiple emails today (while defense counsel has been in court on other matters), which counsel is happy to provide (including the original emails copied above). Counsel was only given a draft joint statement from Mr. Murphy at 1 pm, which did not contain information relevant to the Court. As to the "compliance issue" (which first surfaced hours ago), it concerns Defendants' "Undercover Fries" Instagram account (@undercover_fries) which we assume Meta recently activated and for a period of time – maybe hours – may have contained Potato Corner material before removed. We are still investigating the matter but have promptly responded to Mr. Murphy's requests for information regarding same.

Dated: March 25, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Jordan Zolliecoffer
Attorneys for Plaintiff SHAKEY'S PIZZA ASIA VENTURES, INC.

DATED: March 25, 2025

**BLANK ROME LLP**

By: */s/ Arash Beral*
Arash Beral
Todd Malynn
Victor Sandoval
Attorneys for Defendants

# **CERTIFIFCATE OF SERVICE**

The undersigned certifies that, on March 25, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  March 25, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff SHAKEY'S PIZZA ASIA VENTURES, INC.