**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:  424.239.3434

Attorneys for Defendants PCJV USA, LLC, PCI TRADING, LLC, GUY KOREN, POTATO CORNER LA GROUP, LLC, NKM CAPITAL GROUP, LLC, J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, and GK CAPITAL GROUP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; Potato Corner LA Group, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J & K CULVER, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K OAKRIDGE, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K CAPITAL 2, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; J&K CONSULTANTS GROUP, LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**JOINT AGENDA**<br><br>Date:  April 4, 2025<br>Time:  10:00 am<br>Courtroom: Video<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:  August 4, 2025 |

160850.00001/151846931v.1

**JOINT AGENDA**

limited liability company; and DOES 1 through 100, inclusive,

Defendants.

**SUMMARY OF ITEMS FOR DISCOVERY CONFERENCE**

Plaintiff Shakey's Pizza Asia Ventures, Inc. ("Plaintiff") and propounding Defendant PCJV USA ("Defendant") hereby submit the following agenda for the Magistrate Judge's review prior to the hearing on April 4, 2025, at 10:00 a.m.:

1. Compliance with the March 12, 2025 Order on PCJV's Request for Production of Documents ("RFP"), Set No. 1, and Interrogatory No. 1, including the following related issues:

   a. Defendants' contentions that Plaintiff's failure to produce any documents the week of March 24, 2025, or further RFP responses or privilege log violated any order;

   b. Plaintiff's failure to serve a supplemental response to Interrogatory No. 1 by March 21, 2025;

   c. Defendants' contentions that Plaintiff's failure to file the approved stipulated Protective Order by March 14, 2025 was a violation of an order; and

   d. Defendants' contentions that Plaintiff failed to circulate the search terms being used to gather documents for Defendant's review and comment.

2. Defendant's second set of discovery:

   a. Plaintiff's objections to RFP Nos. 29 to 36; and

   b. Plaintiff's objections to Interrogatory Nos. 2-3, 7-8, and 10-11.

3. Plaintiff contends that Defendants acted in bad faith and deceived Plaintiff with respect to extending discovery and/or otherwise revising the Case Management Order, which induced Plaintiff into an untenable,

|  |  |
|---|---|
| 1 | inequitable, and absurd situation in discovery; |
| 2 | 4. Defendants' objections to Plaintiff's Requests for Production, Set One, including Defendants' reliance upon objections not to produce documents coupled with an alleged strategic change of position regarding trial date continuance, which Defendants deny; |
| 6 | 5. The adequacy and timing of Defendants' service of Initial Disclosures within 30 days before the purported close of discovery. |
| 8 | 6. Defendants' alleged refusal to offer dates for depositions when asked. |

**JOINT STATEMENT OF CASE UNDELRYING DISCOVERY**

To assist in the resolution of the discovery dispute, the parties summarize the case, which involves the brand "Potato Corner" and related trademarks, including the word mark "Potato Corner" (USPTO Reg. No. 3760041), the tagline "World's Best Flavored French Fries" (USPTO Reg. No. 3760041), and the logo mark (USPTO Reg. No. 3760041) with a cartoon potato depicted as follows:



The international brand was owned by third-party defendant Cinco Corporation ("Cinco"). The parties dispute how the brand expanded to the United States and who has superior trademark rights to the U.S. brand. The parties' respective positions are the subject of an Order on Defendants' Motion to Dismiss and Plaintiffs' Motion for a Preliminary Injunction, which can be found at Dkt. 56, and which is the subject of a briefed appeal before the Ninth Circuit.

Plaintiff contends that, beginning in 2010, PCJV, a U.S. franchisor (then partly owned and operated by Defendant Guy Koren), was a licensee of Cinco and offered sublicenses of the Potato Corner brand to U.S. franchisees (some owned by Koren as a principal of a U.S. franchisee). Other than Defendant PCI Trading, LLC, each

of the other Defendants are single purpose entity owners of franchised fast-food outlets. In March of 2022, Plaintiff closed on a transaction with Cinco, whereby it acquired Cinco's international trademark portfolio, including the U.S. registrations, as well as alleged trade secret proprietary flavorings unique to Potato Corner. Plaintiff contends that at issue in this action is Plaintiff's termination of PCJV's license on May 31, 2024, after negotiations on the royalty rates that PCJV would pay for use of the brand fell apart. This termination also caused the entire network of franchised outlets to lose their rights. Plaintiff claims that it had the right to do so because there was no written license agreement and, as such, Defendants were operating on an implied, terminable at-will license. In its First Amended Complaint (Dkt. 65), Plaintiff alleges violations of the Lanham Act and related laws governing fair trade, claiming Defendants are holdover licensees who also misappropriated trade secrets after their licenses ended so as to aid their new competing brand.

  Defendants contend that in 2010, Cinco agreed to expand into the United States through PCJV by entering into a joint venture agreement with Koren's LA Group and Koren's LA Group agreed to create, develop and operate a U.S. franchise system in exchange for ownership interests, including a perpetual license in PCJV with restrictions on transfer until a written license was agreed upon. Plaintiff disputes Defendants' interpretation of the joint venture agreement, which was the subject of prior litigation in which Cinco was enjoined from interfering with Koren's rights under the agreement, as well as the enforceability of a long-term written license under the joint venture agreement referenced in franchise disclosure documents. The prior litigation ended with Cinco and its affiliated parties entering into a settlement agreement with Koren's LA Group, dismissing their claims with prejudice, making representations regarding and transferring to a Koren controlled entity all of Cinco's rights and obligations in the joint venture. In the Answer, Cross-Complaint and Third-Party Complaint (Dkt. 108), Defendants seek declarations of trademark ownership or prior written license rights and assert claims

against Plaintiff for, *inter alia,* inducing breach of contract, tortious interference, and aiding and abetting breaches of fiduciary duties. Defendants claim to have prior and superior trademark rights under (a) written agreements with Cinco that pre-date Plaintiff's purchase agreement and (b) the settlement with Cinco that forms the basis of its dismissal with prejudice in the state court action (whether via *res judicata*, collateral estoppel or direct evidence of the parties' respective rights).

## DISCOVERY IN DISPUTE

Attached are the following Exhibits:

- Exhibit 1:  The March 13, 2025 Order
- Exhibit 2:  Plaintiff's Responses to Defendant's Requests for Production of Documents, Set No. One (Nos. 1-27)
- Exhibit 3:  Plaintiff's Response to Defendant's Interrogatory No. 1.
- Exhibit 4:  Plaintiff's Responses to Defendant's Requests for Production of Documents, Set No. Two (Nos. 28-36)
- Exhibit 5:  Plaintiff's Responses to Defendant's Interrogatories, Set No. Two (Nos. 2-11)
- Exhibit 6:  Summary of meet and confer on 2nd set of RFP
- Exhibit 7:  Summary of meet and confer on 2nd set of Interrogatories.
- Exhibit 8:  Email from Defendants' Counsel Dated January 8, 2025, insisting upon an agreement from Plaintiffs' counsel to modify the Case Management Order.
- Exhibit 9: Summonses issued on March 31, 2025, for new parties named by Defendants as Third-Party Defendants, who have not participated in Rule 26, let alone discovery, but are being served after the close of discovery.
- Exhibit 10:  Email from Defendants' Counsel from two weeks ago stating, for the first time, that they have changed their mind and no longer want a new trial date (despite asking for one).

- Exhibit 11: Defendants' March 27, 2025, Responses to Plaintiffs' Requests for Production, Set One.
- Exhibit 12: Defendants' February 28, 2025, Initial Disclosures

Defendant intends to address the following issues at the hearing:

1. Defendants' contentions that Plaintiff failed to comply with the March 12, 2025, Order, including initial production of documents, circulation of search terms and custodians for review and comment prior to Plaintiff's final production of documents, supplemental response to Interrogatory No. 1 and privilege log;
2. Plaintiff's objections to RFP Nos. 29 to 36, the outstanding issues as to which are summarized in Exhibit 6; and
3. Plaintiff's objections to Interrogatory Nos. 2-3, 7-8, and 10-11, the outstanding issues as to which are summarized in Exhibit 7.

Plaintiff intends to address the following issues:

1. Its participation in discovery and compliance, as opposed to Defendants' alleged failure to produce documents;
2. The discovery cut off, which Defendants allegedly misrepresented their intent to modify and as to which Defendants are allegedly taking unreasonable positions so as to avoid discovery.
3. Defendants' alleged late filed Initial Disclosures
4. <u>Defendants' alleged refusals to respond to or produce any documents whatsoever.</u>

.

```
1   DATED: April 3, 2025            BLANK ROME LLP
2
3                                   By: /s/ Todd M. Malynn
                                        Arash Beral
4                                       Todd Malynn
                                        Victor Sandoval
5                                   Attorneys for Defendant
                                    PCJV USA, LLC, PCI TRADING, LLC, GUY
6                                   KOREN, POTATO CORNER LA GROUP,
                                    LLC, NKM CAPITAL GROUP, LLC, J & K
7                                   AMERICANA, LLC, J&K LAKEWOOD, LLC,
                                    J&K OAKRIDGE, LLC, J&K VALLEY FAIR,
8                                   LLC, J & K ONTARIO, LLC, J&K PC
                                    TRUCKS, LLC, GK CAPITAL GROUP, LLC,
9                                   HLK MILPITAS, LLC, and GK CERRITOS,
                                    LLC
10

11
    DATED: April 3, 2025            FOX ROTHSCHILD LLP
12

13
                                    By: /s/ Michael D. Murphy
14                                      Michael D. Murphy
                                        Kenneth P. Hsu
15                                  Attorneys for Plaintiff
                                    SHAKEY'S PIZZA ASIA VENTURES, INC,
16
```

# CERTIFICATE OF SERVICE

The undersigned certifies that on April 3, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 3, 2025.

By:  /s/AJ Cruickshank