EXHIBIT 7

| | |
|---|---|
| **From:** | Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com> |
| **Sent:** | Friday, March 28, 2025 3:18 PM |
| **To:** | Malynn, Todd M. |
| **Cc:** | Beral, Arash; Murphy, Michael D. |
| **Subject:** | RE: Meet and confer |

Thank you for our call today, Todd. I have revised your notes in red.

Thank you,
Jordan

Todd understood that Jordan will relay all we discussed during the meeting back to client and Michael.

1. Protective Order: You agreed to connect with Mike on the Protective Order, which has been approved for filing, so as to get it on file today.
2. Monday:
    a. You confirmed we will get Plaintiff's amended or supplemental response to interrogatory no. 1
    b. You confirmed that Plaintiff will begin producing documents
    c. I requested (and am requesting) an update as to:
        i. Whether or where we are at an impasse as to the 2nd set of discovery
        ii. The status of the search terms for our review, comment, supplementation
3. RFP 36: Given that "FRANCHISEES" is defined with reference to SPAVI's pleading and allegations referencing U.S. Potato Corner franchisees, you understood the recitation of the definition of FRANCHISEES as ready by Todd, ~~RFP~~ and confirmed you would get back to us as to whether Plaintiff would provide a complete and straightforward response and production of documents.
4. Interrogatory No. 2: We discussed the context of this question; you understood our concern that Plaintiff is raising trade secret and privacy objections to something it does not know and thus could not be compelled to produce, which makes the objections deceptive and inappropriate. An answer to this interrogatory would plainly include the recipes and ingredient allocations included in Plaintiff's original trade secret disclosure based on our understanding of the facts, which is why we propounded the interrogatory to confirm the same.
5. Interrogatory No. 3: You understood Defendant's position to the interrogatory; ~~we confirmed that~~ a responsive answer would be identifying what on the seasoning packets purchased by PCIT is allegedly trade secret.
6. Interrogatory No. 7: You understood our position that the interrogatory was misinterpreted; we are entitled to a list of people that the parties can call as witnesses of the alleged trade secrets.
7. Interrogatory No. 8: You understood Defendant's position to the interrogatory; we are entitled to a list of people that the parties can call as witnesses of the alleged misappropriation.
8. Interrogatory No. 10: You understood Defendant's position to the interrogatory; we are entitled to the basis of any understanding that Defendants would pay SPAVI royalties absent the referenced agreement.
9. Interrogatory No. 11: You understood our position that the interrogatory was misinterpreted; services not only include licensing but the interrogatory makes this clear in referencing the compensation SPAVI seeks "under the theory of quantum meruit...." Having provided that clarification, which you understood, Plaintiff is required to answer the interrogatory (It is Defendant's position that Michael's request is a red-herring), unless we have reach an impasse.

10. Basis of res judicata/collateral estoppel. Among other things cited in briefing and reference during our call and call yesterday:
    a. Preliminary injunction orders/rulings, including hearing transcript (which have already been quoted)
    b. Dismissal with prejudice, including settlement documents (which have already been cited)

**Jordan Zolliecoffer**
Associate

10250 Constellation Boulevard
Suite 900
Los Angeles, CA 90067
(310) 228-2918
(310) 556-9828
jzolliecoffer@foxrothschild.com

**Learn about our new brand.**

---

**From:** Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Sent:** Friday, March 28, 2025 6:04 PM
**To:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>; Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Subject:** [EXT] RE: Meet and confer

Jordan,

It was nice speaking with you. I am writing to confirm what we discussed:

1. Protective Order: You agreed to connect with Mike on the Protective Order, which has been approved for filing, so as to get it on file today.
2. Monday:
    a. You confirmed we will get Plaintiff's amended or supplemental response to interrogatory no. 1
    b. You confirmed that Plaintiff will begin producing documents
    c. I requested (and am requesting) an update as to:
        i. Whether or where we are at an impasse as to the 2nd set of discovery
        ii. The status of the search terms for our review, comment, supplementation
3. RFP 36: Given that "FRANCHISEES" is defined with reference to SPAVI's pleading and allegations referencing U.S. Potato Corner franchisees, you understood the RFP and confirmed you would get back to us as to whether Plaintiff would provide a complete and straightforward response and production of documents.

2

4. Interrogatory No. 2: We discussed the context of this question; you understood our concern that Plaintiff is raising trade secret and privacy objections to something it does not know and thus could not be compelled to produce, which makes the objections deceptive and inappropriate. An answer to this interrogatory would plainly include the recipes and ingredient allocations included in Plaintiff's original trade secret disclosure based on our understanding of the facts, which is why we propounded the interrogatory to confirm the same.
5. Interrogatory No. 3: You understood the interrogatory; we confirmed that a responsive answer would be identifying what on the seasoning packets purchased by PCIT is allegedly trade secret.
6. Interrogatory No. 7: You understood our position that the interrogatory was misinterpreted; we are entitled to a list of people that the parties can call as witnesses of the alleged trade secrets.
7. Interrogatory No. 8: You understood the interrogatory; we are entitled to a list of people that the parties can call as witnesses of the alleged misappropriation.
8. Interrogatory No. 10: You understood the interrogatory; we are entitled to the basis of any understanding that Defendants would pay SPAVI royalties absent the referenced agreement.
9. Interrogatory No. 11: You understood our position that the interrogatory was misinterpreted; services not only include licensing but the interrogatory makes this clear in referencing the compensation SPAVI seeks "under the theory of quantum meruit...." Having provided that clarification, which you understood, Plaintiff is required to answer the interrogatory (Michael's request is a red-herring)
10. Basis of res judicata/collateral estoppel. Among other things cited in briefing and reference during our call and call yesterday:
    a. Preliminary injunction orders/rulings, including hearing transcript (which have already been quoted)
    b. Dismissal with prejudice, including settlement documents (which have already been cited)

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Thursday, March 27, 2025 4:49 PM
**To:** 'Murphy, Michael D.' <mdmurphy@foxrothschild.com>; 'Zolliecoffer, Jordan' <JZolliecoffer@foxrothschild.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>
**Subject:** RE: Meet and confer

Michael,

I am writing to confirm what we agreed to, discussed and tabled today during our meet and confer this afternoon:

1. Protective Order: You agreed to send to us the Protective Order we approved and told the Magistrate Judge we approved after you fixed automatic numbering, so we can get it on file today.
2. Response to Interrogatory No. 1: You said we would have Plaintiff's interrogatory response tomorrow or by Monday.
3. Document production: You said we would have Plaintiff's initial production of documents tomorrow or by Monday.
4. Search terms: After discussion, you confirmed you would do as agreed and provide to us the search terms used/being used to gather documents. Once we receive the search terms (which I reiterated should

3

5. RFP No. 29: In addition to what you have already agreed to produce, you said you would confirm whether Plaintiff will also produce all documents and communications (including agreements and contracts) with its suppliers (including Ferna and Newly Webs) re: Plaintiff's alleged trade secret ingredients (as set forth in Plaintiff's initial trade secret disclosure, including the ingredients, ingredient allocations, and recipes for making the flavored seasonings).

(continuing from previous page) include the subject matter of each RFP as reviewed and permitted by the Magistrate Judge), we will provide our comments/supplementation, if any, as directed by the Magistrate Judge.

6. RFP No. 30: You said you meant to agree (and agreed) to produce "all" non-privileged responsive documents.
7. RFP No. 31: You said you would confirm whether Plaintiff will agree to produce all board minute meetings and notes from discussions of the alleged trade secrets (including as initially disclosed).
8. RFP No. 32: You agreed to produce all communications with PCJV and non-privileged internal documents and communications relating to the quoted contention in Plaintiff's complaint.
9. RFP Nos. 33-34: You requested support that services include licensing (which is apparent from the subject matter of the question) even after I provided that clarification. I responded that I will provide to you what we intend to argue to the Magistrate Judge, including that the clarification disposes of the objection, after which you said you would consider it and confirm whether Plaintiff will produce documents.
10. RFP No. 35: You objected to producing documents Plaintiff may use at trial and requested a *quid pro quo* citing Rule 26, which involves initial disclosures not a document request. I objected to the requested *quid pro quo* as non-responsive but indicated I would speak with Arash and get back to you.
11. RFP No. 36: Until the definition of "any FRANCHISEE" was before you, you would not answer whether Plaintiff will produce all non-privileged documents and communications with PCJV's franchisees, who remain under contract with PCJV as franchisees until a court rules upon any purported claim of rescission, which has not occurred.
12. 2nd set of interrogatories: We will pick up with RFP No. 36 and Plaintiff's 2nd set of interrogatories tomorrow at 2:00 pm.

Please email me a copy of the Protective Order, so we can get that one file today.

Regards,
Todd

**Todd M. Malynn** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Thursday, March 27, 2025 3:01 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>
**Subject:** RE: Meet and confer

Mike, AJ circulated a Teams call in for 3:00 pm. I'm on.

Regards,
Todd

**Todd M. Malynn** | BLANK**ROME**

2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Sent:** Thursday, March 27, 2025 2:39 PM
**To:** Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>
**Subject:** Meet and confer



Todd:

I got sucked in to a fire drill.

Free to continue this at 3




**Michael Murphy**
Partner

☐ (213) 213-1211
☐ (310) 974-2271 (cell)
☐ mdmurphy@foxrothschild.com

**Learn about our new brand.**



This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the

5

Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.