1  MICHAEL D. MURPHY
   mdmurphy@foxrothschild.com
2  JORDAN ZOLLIECOFFER
   jzolliecoffer@foxrothschild.com
3  FOX ROTHSCHILD LLP
   Constellation Place
4  10250 Constellation Boulevard, Suite 900
   Los Angeles, California 90067
5  Telephone:    310.598.4150
   Facsimile:    310.556.9828
6
   Attorneys for Plaintiff SHAKEY'S
7  PIZZA ASIA VENTURES, INC.

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, | Case No. 2:24-cv-04546-SB(AGRx) |
| 12 | *Hon. Stanley Blumenfeld, Jr.* |
| 13                    Plaintiff, | |
|              v. | **STIPULATED PROTECTIVE ORDER** |
| 14  PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING, | **NOTE CHANGES MADE BY COURT** |
| 15  LLC, A DELAWARE LIMITED LIABILITY COMPANY; GUY KOREN, | *Action Filed:*    May 31, 2024 |
| 16  AN INDIVIDUAL; POTATO CORNER LA GROUP, LLC, A CALIFORNIA LIMITED | *Trial Date:*      August 4, 2025 |
| 17  LIABILITY COMPANY; NKM CAPITAL GROUP, LLC, A CALIFORNIA LIMITED | |

18  LIABILITY COMPANY; J & K
    AMERICANA, LLC, A CALIFORNIA
19  LIMITED LIABILITY COMPANY; J&K
    LAKEWOOD, LLC, A CALIFORNIA
20  LIMITED LIABILITY COMPANY; J&K
    VALLEY FAIR, LLC, A CALIFORNIA
21  LIMITED LIABILITY COMPANY; J & K
    ONTARIO, LLC, A CALIFORNIA
22  LIMITED LIABILITY COMPANY; HLK
    MILPITAS, LLC, A CALIFORNIA,
23  LIMITED LIABILITY COMPANY; GK
    CERRITOS, LLC, A CALIFORNIA,
24  LIMITED LIABILITY COMPANY; J&K PC
    TRUCKS, LLC, A CALIFORNIA LIMITED
25  LIABILITY COMPANY; AND, GK
    CAPITAL GROUP, LLC, A CALIFORNIA
26  LIMITED LIABILITY COMPANY AND
    DOES 1 THROUGH 100, INCLUSIVE,

27
                    Defendants.
28

                        1
            STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | |
| 2 | PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY |
| 3 | COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY |
| 4 | COMPANY; GK CAPITAL GROUP, LLC, A CA1IFORNIA LIMITED LIABILITY |
| 5 | COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY |
| 6 | COMPANY; AND GUY KOREN, AN INDIVIDUAL, |
| 7 | |
| 8 | COUNTERCLAIM PLAINTIFFS, |
| 9 | v. |
| 10 | SHAKEY'S PIZZA ASIA VENTURES, INC, A PHILIPPINES CORPORATION, |
| 11 | |
| 12 | COUNTERCLAIM DEFENDANT. |
| 13 | |
| 14 | PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY |
| 15 | COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY |
| 16 | COMPANY; GK CAPITAL GROUP, LLC, A CA1IFORNIA LIMITED LIABILITY |
| 17 | COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY |
| 18 | COMPANY; AND GUY KOREN, AN INDIVIDUAL, |
| 19 | |
| 20 | THIRD PARTY PLAINTIFFS, |
| 21 | v. |
| 22 | PC INTERNATIONAL PTE LTD., A SINGAPORE BUSINESS ENTITY; SPAVI |
| 23 | INTERNATIONAL USA, INC., A CALIFORNIA CORPORATION; CINCO |
| 24 | CORPORATION, A PHILIPPINES CORPORATION; AND DOES 1 THROUGH |
| 25 | 10, INCLUSIVE, |
| 26 | THIRD PARTY DEFENDANTS. |
| 27 | |
| 28 | |

2

STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this lawsuit, through

undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of

information and materials produced in the course of discovery or filed with the Court in this

action:

1.    **PURPOSES OF LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection from public disclosure and from use for any

purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties

acknowledge that this Stipulated Protective Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and

use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles.

2.    **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets and other valuable financial, research,

development, commercial, technical and/or proprietary information for which special protection

from public disclosure and from use for any purpose other than prosecution of this action is

warranted. Such confidential and proprietary materials and information consist of, among other

things, confidential recipes, ingredients, processes, business or financial information, information

regarding confidential business practices, or other confidential research, development, or

commercial information, including information implicating privacy rights of third parties –

information otherwise generally unavailable to the public or which may be privileged or

otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or

common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

disputes over confidentiality of discovery materials, to adequately protect information the parties

are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses

3

STIPULATED PROTECTIVE ORDER

1 of such material in preparation for and in the conduct of trial, to address their handling at the end

2 of the litigation, and serve the ends of justice, a protective order for such information is justified

3 in this matter. It is the intent of the parties that information will not be designated as confidential

4 for tactical reasons and that nothing be so designated without a good faith belief that it has been

5 maintained in a confidential, non-public manner, and there is good cause why it should not be

6 part of the public record of this case.

7 **3.**      **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

8      The parties further acknowledge, as set forth in Section 14.3 below, that this Stipulated

9 Protective Order does not entitle them to file confidential information under seal and that Local

10 Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied

11 when a party seeks permission from the Court to file material under seal.

12      There is a strong presumption that the public has a right of access to judicial proceedings

13 and records in civil cases. In connection with non-dispositive motions, good cause must be shown

14 to support a filing under seal, and a specific showing of good cause or compelling reasons with

15 proper evidentiary support and legal justification, must be made with respect to Protected Material

16 that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery

17 Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18 does not – without the submission of competent evidence by declaration, establishing that the

19 material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable

20 – constitute good cause.

21      Further, if a party requests sealing related to a dispositive motion or trial, then compelling

22 reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly

23 tailored to serve the specific interest to be protected. For each item or type of information,

24 document, or thing sought to be filed or introduced under seal in connection with a dispositive

25 motion or trial, the party seeking protection must articulate compelling reasons, supported by

26 specific facts and legal justification, for the requested sealing order.  Again, competent evidence

27 supporting the application to file documents under seal must be provided by declaration.

28

1    Any document that is not confidential, privileged, or otherwise protectable in its entirety

2    will not be filed under seal if the confidential portions can be redacted. If documents can be

3    redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or

4    otherwise protectable portions of the document, shall be filed. Any application that seeks to file

5    documents under seal in their entirety should include an explanation of why redaction is not

6    feasible.

7    **4.    DEFINITIONS**

8    3.1    Action: the above-captioned action, entitled *Shakey's Pizza Asia Ventures, Inc. v.*

9    *PCJV USA, LLC. et al.*, Case No. 2:24-cv-04546-SB(AGRx).

10    3.2    Challenging Party: a Party or Non-Party that challenges the designation of

11    information or items under this Stipulated Protective Order.

12    3.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is

13    generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule

14    of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

15    3.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

16    Items:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to

17    another Party or Non-Party would create a substantial risk of serious harm that could not be avoided

18    by less restrictive means.

19    3.5    Counsel: Outside Counsel of Record, In-House Counsel, and their support staff.

20    3.6    Designated Material: any Disclosure or Discovery Material that is designated as

21    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22    3.7    Designating Party: a Party or Non-Party that designates information or items that it

23    produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

24    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25    3.8    Disclosure or Discovery Material: all items or information, regardless of the

26    medium or manner in which it is generated, stored, or maintained, that are produced or generated

27

28

1    in disclosures or responses to discovery in this matter, including, among other things, produced

2    documents, testimony, transcripts, and tangible things.

3         3.9    Expert: a person with specialized knowledge or experience in a matter pertinent to

4    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

5    consultant in the Action.

6         3.10    In-House Counsel: attorneys who are employees of a Party, not including Outside

7    Counsel of Record or any other outside counsel.

8         3.11    Non-Party: any natural person, partnership, corporation, association, or other legal

9    entity not named as a Party to the Action.

10         3.12    Outside Counsel of Record: attorneys and support staff who are not employees of a

11    Party but are retained to represent or advise a Party and have appeared in the Action on behalf of

12    that Party or are affiliated with a law firm which has appeared on behalf of that Party.

13         3.13    Party: any party to the Action, including all of its officers, directors, employees,

14    consultants, retained experts, and Outside Counsel of Record.

15         3.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

16    Material in the Action.

17         3.15    Professional Vendors: persons or entities that provide litigation support services,

18    including photocopying, videotaping, translating, preparing exhibits or demonstrations, and

19    organizing, storing, or retrieving data in any form or medium, and their employees and

20    subcontractors.

21         3.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a

22    Producing Party.

23    **5.    SCOPE**

24         The protections conferred by this Stipulated Protective Order cover not only  Designated

25    Material, but also (1) any information copied or extracted from Designated Material; (2) all

26    copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony,

27    conversations, or presentations by Parties or their Counsel that might reveal Designated Material.

28

STIPULATED PROTECTIVE ORDER

1    Any use of Designated Material at trial shall be governed by the orders of the Court in the Action.

2    This Stipulated Protective Order does not govern the use of Designated Material at trial.

3    **6.    DURATION**

4        "Final disposition" of the Action is defined as the conclusion of any appellate

5    proceedings, or, if an appeal is not commenced, when the time for filing of an appeal has expired.

6    Except as set forth below, the terms of this protective order apply through final disposition of the

7    Action. The Parties may stipulate that they will be contractually bound by the terms of this

8    agreement beyond final disposition of the Action, but will have to file a separate action for

9    enforcement of the Stipulated Protective Order at that time.  The Court does not retain jurisdiction

10    over any stipulation or agreement among the parties to be contractually bound by the terms of this

11    Protective Order beyond the final disposition of this Action.  (AGR)

12    **7.    DESIGNATING PROTECTED MATERIAL**

13        7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

14    or Non-Party that designates information or items for protection under this Stipulated Protective

15    Order must take care to limit any such designation to specific material that qualifies under the

16    appropriate standards. The Designating Party must designate for protection only those parts of

17    material, documents, items, or oral or written communications that qualify so that other portions of

18    the material, documents, items, or communications for which protection is not warranted are not

19    swept    unjustifiably    within    the    ambit    of    this    Stipulated    Protective    Order.

20    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

21    clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber

22    the case development process or to impose unnecessary expenses and burdens on other parties) may

23    expose the Designating Party to sanctions. If it comes to a Designating Party's attention that

24    information or items that it designated for protection do not qualify for protection, that Designating

25    Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

26        7.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated

27    Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that

28

STIPULATED PROTECTIVE ORDER

1 qualifies for protection under this Stipulated Protective Order must be clearly so designated before

2 the material is disclosed or produced. Designation in conformity with this Stipulated Protective

3 Order requires:

4         (a)    For information in documentary form (*e.g.,* paper or electronic documents,

5 but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party

6 shall affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

7 ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or

8 portions of the material on a page qualifies for protection, the Producing Party also must clearly

9 identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins).

10      A Party or Non-Party that makes original documents available for inspection need not

11 designate them for protection until after the inspecting Party has indicated which documents it

12 would like copied and produced. During the inspection and before the designation, all of the

13 material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS'

14 EYES ONLY." After the inspecting Party has identified the documents it wants copied and

15 produced, the Producing Party must determine which documents, or portions thereof, qualify for

16 protection under this Stipulated Protective Order. Then, before producing the specified documents,

17 the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY" to each page that contains Designated Material. If only a portion or

19 portions of the material on a page qualifies for protection, the Producing Party also must clearly

20 identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins).

21         (b)    Deposition transcripts and portions thereof taken in this action may be

22 designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23 ONLY" during the deposition or promptly thereafter, in which case the portion of the transcript

24 containing Designated Material shall be identified in the transcript by the Court Reporter as

25 "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The

26 designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

27 Where testimony is designated during the deposition, the Designating Party shall have the right to

28

STIPULATED PROTECTIVE ORDER

1    exclude, at those portions of the deposition, all persons not authorized by the terms of this Stipulated

2    Protective        Order        to        receive        such        Designated        Material.

3       Within thirty (30) days after a deposition transcript is certified by the Court reporter, any

4    Party may designate pages of the transcript and/or its exhibits as Designated Material.  During such

5    thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL," except

6    for those portions identified earlier as "HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES

7    ONLY," which shall be treated accordingly from the date of designation. If any Party so designates

8    such material, the Parties shall provide written notice of such designation to all Party within the

9    thirty (30) day period.  Designated Material within the deposition transcript or the exhibits thereto

10    may be identified in writing by page and line, or by underlining and marking such portions

11    "CONFIDENTIAL" or "HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES  ONLY" and

12    providing such marked-up portions to all counsel.

13       (c) For information produced in some form other than documentary and for any

14    other tangible items, the Producing Party shall affix in a prominent place on the exterior of the

15    container or containers in which the information is stored the legend "CONFIDENTIAL" or

16    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the

17    information warrants protection, the Producing Party, to the extent practicable, shall identify the

18    protected portion(s).

19      7.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

20    designate qualified information or items does not, standing alone, waive the Designating Party's

21    right to secure protection under this Stipulated Protective Order for such material. Upon timely

22    correction of a designation, the Receiving Party must make reasonable efforts to assure that the

23    material is treated in accordance with the provisions of this Stipulated Protective Order.

24    **8.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25      8.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of

26    confidentiality at any time that is consistent with the Court's Scheduling Order.

27

28

9

STIPULATED PROTECTIVE ORDER

8.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process set forth under Local Rule 37-1 *et seq*.

8.3    Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges or challenges made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.    ACCESS TO AND USE OF DESIGNATED MATERIAL**

9.1    Basic Principles. A Receiving Party may use Designated Material that is disclosed or produced by another Party or by a Non-Party in connection with the Action only for prosecuting, defending, or attempting to settle the Action. Such Designated Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below. Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b)    the officers, directors, and employees, including In-House Counsel, of the Receiving Party to whom disclosure is reasonably necessary for the Action;

10

STIPULATED PROTECTIVE ORDER

1        (c)     Experts of the Receiving Party to whom disclosure is reasonably necessary

2  for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

3  A);

4        (d)     the Court and its personnel;

5        (e)     private court reporters and their staff;

6        (f)     professional jury or trial consultants, mock jurors, and Professional Vendors

7  to whom disclosure is reasonably necessary for the Action and who have signed the

8  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9        (g)     the author or recipient of a document containing the information or a

10  custodian or other person who otherwise possessed or knew the information;

11        (h)     during depositions, witnesses, and attorneys for witnesses, in the Action to

12  whom disclosure is reasonably necessary provided that they will not be permitted to keep any

13  confidential information unless they sign the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

15  transcribed deposition testimony or exhibits to depositions that reveal Designated Material may be

16  separately bound by the Court reporter and may not be disclosed to anyone except as permitted

17  under this Stipulated Protective Order; and

18        (i)     any mediator or settlement officer, and supporting personnel, mutually

19  agreed upon by any of the Parties engaged in settlement discussions.

20     9.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

22  Designating Party, a Receiving Party may disclose any information or item designated

23  "CONFIDENTIAL" only to:

24        (a)     the Receiving Party's Outside Counsel of Record in the Action, as well as

25  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

26  information for the Action;

27

28

STIPULATED PROTECTIVE ORDER

1        (b)      Experts of the Receiving Party to whom disclosure is reasonably necessary

2    for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

3    A), not including any Expert who is also an officer or employee of the Receiving Party;

4        (c)      the Court and its personnel;

5        (d)      private court reporters and their staff to whom disclosure is reasonably

6    necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound"

7    (Exhibit A);

8        (e)      professional jury or trial consultants, mock jurors, and Professional Vendors

9    to whom disclosure is reasonably necessary for the Action and who have signed the

10   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11       (f)      the author or recipient of a document containing the information or a

12   custodian or other person who otherwise possessed or knew the information; and

13       (g)      during depositions, witnesses, and attorneys for witnesses, in the Action to

14   whom disclosure is reasonably necessary provided the deposing party requests that the witness sign

15   the form attached as Exhibit A hereto, that they sign the "Acknowledgment and Agreement to Be

16   Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If

17   the witness does not agree to be bound, then the witness cannot see the information. Pages of

18   transcribed deposition testimony or exhibits to depositions that reveal Designated Material may be

19   separately bound by the Court reporter and may not be disclosed to anyone except as permitted

20   under this Stipulated Protective Order; and

21       (h)      any mediator or settlement officer, and supporting personnel, mutually

22   agreed upon by any of the Parties engaged in settlement discussions.

23   9.4      Nothing herein in any way restricts the ability of the Receiving Party to use

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material

25   produced to it in examining or cross-examining any employee or consultant of the Designating

26   Party.

27

28

STIPULATED PROTECTIVE ORDER

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in the Action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated

Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by

the Designating Party whose Designated Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena

or court order shall not produce any information designated in this action as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

Court from which the subpoena or order issued, unless the Party has obtained the Designating

Party's permission. The Designating Party shall bear the burden and expense of seeking protection

in that court of its confidential material and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from

another court.

**11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
THE ACTION**

The terms of this Stipulated Protective Order are applicable to information produced by a

Non-Party in the Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with the

Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing

STIPULATED PROTECTIVE ORDER

1  in these provisions should be construed as prohibiting a Non-Party from seeking additional

2  protections.     In the event that a Party is required, by a valid discovery request, to produce a Non-

3  Party's confidential information in its possession, and the Party is subject to an agreement with the

4  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

5          (a)      promptly notify in writing the Requesting Party and the Non-Party that some

6  or all of the information requested is subject to a confidentiality agreement with a Non-Party;

7          (b)      promptly provide the Non-Party with a copy of the Stipulated Protective

8  Order in the Action, the relevant discovery request(s), and a reasonably specific description of the

9  information requested; and

10         (c)      make the information requested available for inspection by the Non-Party, if

11  requested.

12         If the Non-Party fails to seek a protective order from this court within fourteen (14) days of

13  receiving the notice and accompanying information, the Receiving Party may produce the Non-

14  Party's confidential information responsive to the discovery request. If the Non-Party timely seeks

15  a protective order, the Receiving Party shall not produce any information in its possession or control

16  that is subject to the confidentiality agreement with the Non-Party before a determination by the

17  Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

18  seeking protection in this court of its Designated Material.

19  **12.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

20         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated

21  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

22  the Receiving Party must immediately (a) notify in writing the Designating Party of the

23  unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the

24  Designated Material; (c) inform the person or persons to whom unauthorized disclosures were made

25  of all the terms of this Stipulated Protective Order; and (d) request that such person or persons

26  execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

27

28

STIPULATED PROTECTIVE ORDER

**13.**    **INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR    OTHERWISE
PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**14.**    **MISCELLANEOUS**

11.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**15.**    **FINAL DISPOSITION**

After the final disposition of the Action, as defined in Section 6 above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Designated Material to the Producing Party or destroy such material. As used in this subdivision, "all

15

STIPULATED PROTECTIVE ORDER

1   Designated Material" includes all copies, abstracts, compilations, summaries, and any other format

2   reproducing or capturing any of the Designated Material. Whether the Designated Material is

3   returned or destroyed, the Receiving Party must submit a written certification to the Producing

4   Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that

5   (1) identifies (by category, where appropriate) all the Designated Material that was returned or

6   destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts,

7   compilations, summaries or any other format reproducing or capturing any of the Designated

8   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

9   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

10  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

11  and expert work product, even if such materials contain Designated Material. Any such archival

12  copies that contain or constitute Designated Material remain subject to this Stipulated Protective

13  Order as set forth in Section 6 above.

14  **16.    VIOLATION**

15      Any violation of this Stipulated Protective Order may be punished by any and all

16  appropriate measures including, without limitation, contempt proceedings and/or monetary

17  sanctions.

18  **17.    EFFECT OF ORDER**

19      This Stipulated Protective Order shall not affect the right of any Party or Non-Party to

20  oppose production of documents or other information on any ground permitted by the Federal Rules

21  of Civil Procedure, including any applicable privilege. Moreover, this Stipulated Protective Order

22  shall not affect the scope of discovery by any Party under the Federal Rules of Civil Procedure or

23  the admissibility of any evidence in this action.

24  **18.    CONTINUING JURISDICTION**

25      All provisions of this Stipulated Protective Order shall continue to be binding after the

26  conclusion of this action unless subsequently modified by agreement between the Parties or order

27  of the Court.  and the Court shall retain jurisdiction of this matter for the purpose of enforcing this

28

STIPULATED PROTECTIVE ORDER

1    ~~Stipulated Protective Order.~~ ~~AGR~~

2

3                   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4

5    Dated:  March 31, 2025              */s/ Michael D. Murphy*
                                         Michael D. Murphy
6                                        Jordan Zolliecoffer
                                         Fox Rothschild LLP
7                                        *Attorneys for Plaintiff and Counterclaim*
                                         *Defendant Shakey's Pizza Asia Ventures, Inc.*
8

9    Dated:  March 31, 2025              BLANK ROME LLP
                                            Arash Beral
10                                          Todd M. Malynn

11

12                                 By:   */s/ Todd M. Malynn*

13                                       Arash Beral
                                         Attorneys for Defendants PCJV USA, LLC, PCI
14                                       TRADING, LLC, GUY KOREN, POTATO
                                         CORNER LA Group, LLC, NKM CAPITAL
15                                       GROUP, LLC, J & K AMERICANA, LLC, J & K
                                         CULVER, LLC, J&K LAKEWOOD, LLC; J&K
16                                       OAKRIDGE, LLC, J&K VALLEY FAIR, LLC,
                                         J & K CAPITAL 2, LLC, J & K ONTARIO, LLC,
17                                       HLK MILPITAS, LLC, GK CERRITOS, LLC,
                                         J&K PC TRUCKS, LLC, and GK CAPITAL
18                                       GROUP, LLC

19

20

21                                 **<u>ORDER</u>**

22         The Court, having considered this [PROPOSED] STIPULATED PROTECTIVE ORDER,

23    and finding good cause therefor, hereby GRANTS this [PROPOSED] STIPULATED

24    PROTECTIVE ORDER.

25         IT IS SO ORDERED.

26                                                  *alicia G. Rosenberg*

27    Dated:  April 4, 2025           _____
                                         THE HON. ALICIA G. ROSENBERG
28                                       UNITED STATES MAGISTRATE JUDGE
                                     17
                        STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

**EXHIBIT "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2025, in the case of *Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC. et al.*, Case No. 2:24-cv-04546-SB(AGRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

19
STIPULATED PROTECTIVE ORDER