**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF ARASH BERAL IN RESPONSE TO DKT. NO. 148**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:           August 4, 2025 |

**DECLARATION OF ARASH BERAL IN RESPONSE TO DKT. NO. 148**

| | |
|---|---|
| 1 | limited liability company and DOES 1 through 100, inclusive, |
| 2 | Defendants. |
| 3 | _____ |
| 4 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 9 | Counter-Claimants, |
| 10 | v. |
| 11 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 12 | Counter Defendant. |
| 13 | _____ |
| 14 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 19 | |
| 20 | Third Party Plaintiffs, |
| 21 | v. |
| 22 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 25 | Third Party Defendants. |
| 26 | |

1

**DECLARATION OF ARASH BERAL IN RESPONSE TO DKT. NO. 148**

## DECLARATION OF ARASH BERAL

I, Arash Beral, declare as follows:

1. I am a partner at Blank Rome LLP, counsel of record for Defendants, Counterclaimants, and Third Party Plaintiffs. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify under oath, I could and would testify competently thereto.

2. At 7:56 a.m. on Tuesday, March 25, the Court entered Dkt. No. 133 admonishing counsel for failing to comply with a prior Court Order requiring the parties to "file either a joint statement that they have fully resolved their dispute … or a joint statement not to exceed three pages per side …" by the prior day on March 24. Dkt. No. 127.

3. That day, on March 25, I was concerned that the Court may have viewed the failure to comply with the prior Court Order as something having been caused by Defendants. Therefore, in the statement filed that day (Dkt. No. 134), I felt the need to explain to the Court what had transpired. In providing the Court with an objective factual recitation of the meet and confer record dating back to March 5, I explained that on March 20, Mr. Murphy had sent an email expressing an interest to ask the Court for an additional week and that we assented to it. I also informed the Court that on Monday, March 24, I had followed up with Mr. Murphy: "Still haven't heard back from you on any of the below emails, including the attorney's fees stuff. As a reminder, on Thursday, you asked to continue the fees stuff and I said that would be fine. I trust that you are handling the filing of a statement with the Court tonight." Unfortunately, Plaintiff filed nothing that night.

4. With respect to Dkt. No. 134, Mr. Murphy had circulated a draft statement at 1 pm for filing at 2 pm and accused me of "sandbagging" him when I returned the statement with our portion containing what I viewed to be the objective meet and confer record facts. It remains unclear how I could have "sandbagged" him when he had ignored multiple of my emails. Regardless, I moved on.

5. To the extent the Court may be wondering why I did not file a unilateral statement on March 24 when I had not heard back from Mr. Murphy, there are two reasons. First, I did not think that the Court would have received a unilaterally filed statement well when the Order required a joint one. And second, in the past when I filed a declaration (on March 10, 2025, Dkt. No. 120) in response to Dkt. No. 118 (which expressly required me to file a declaration), Mr. Murphy immediately emailed me complaining about it. When I explained to Mr. Murphy that I was ordered to do so and that I had sent Mr. Murphy multiple emails on the subject but had not heard back, he reverted to accusing me of not copying his assistant and publicly trying to shame him. Of course, I had no intent to "shame" him and had to explain that to him in an email.

6. With regard to the latest joint statement (Dkt. No. 149), I explained within it (prior to my knowing that Mr. Murphy's firm would not file it until 1:42 p.m.) what had transpired that morning. Of relevance here, after waiting for Plaintiff's portion, we rushed to complete our portion of the statement by 11:50 a.m., as demanded, without ever having seen Plaintiff's portion, which we saw for the first time when it was filed nearly an hour later. Plaintiff's portion included documents we had never seen before like billing records dated March 28, 2025, a proforma dated April 2, 2025, and an invoice from Hover View Investigations dated March 3, 2025. Before 12:00 noon, Mr. Murphy claimed that he could not open the file so I then sent him (at 12:00 noon) a copied and pasted version of our portion of the statement embedded within the email response so that he could simply paste it into the document and file it.

7. At 12:04 p.m., Mr. Murphy emailed: "my computer was forced to restart after opening … Jordan delete arash's attachment and I will cut and paste arash's section as included in the email below." At 1:05 p.m., and not yet having seen any ECF notice confirmation of the filing of the joint statement, I followed up with Mr. Murphy: "Mike: It's been over an hour. What's going on?"

1  8. At 1:11 p.m., the Court issued Dkt. No. 148. We did not get a response to my 1:05 p.m. email, and I presume that Mr. Murphy will explain in his declaration in response to Dkt. No. 148 why the report was filed that late.

9. I respectfully submit to the Court that no sanctions are necessary or warranted against me, my partner Todd Malynn, our law firm, or our clients. While we have had to spend substantial time to correct records and address what seem to us to be Plaintiff and its counsel's hidden agendas and undisclosed motivations, we have been professional, diligent, communicative, forthright, and are doing our best to represent the best interests of our clients while complying with every Court Order, including in our interactions with Plaintiff and its counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed April 10, 2025, within the United States, its territories, possessions, or commonwealths.

*/s/ Arash Beral*
Arash Beral

4
**DECLARATION OF ARASH BERAL IN RESPONSE TO DKT. NO. 148**

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 10, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2025.

By:  /s/AJ Cruickshank