EXHIBIT 7

| | |
|---|---|
| **From:** | Malynn, Todd M. |
| **Sent:** | Friday, January 17, 2025 5:25 PM |
| **To:** | 'Kenneth Hsu' |
| **Cc:** | Beral, Arash; Sandoval, Victor; 'Michael D. Murphy' |
| **Subject:** | RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests |

Dear Kenny,

We have received and reviewed Plaintiff's Response to PCJV's Interrogatory No. 1, which is evasive and incomplete. We are writing to meet and con er. A ter reviewing our grounds or a motion to compel, please confirm that Plaintiff will provide a complete and straight orward verified response, without objection, so that we do not have to waste time filing a motion.

**General Objections**

The Federal Rules o Civil Procedure, including and in particular Rule 34(b)(4), do not authorize general objections to interrogatories but require specific grounds or any objection. Please provide an amended response that withdraws the general objections.

**Specific Objection No. 1**

Plaintiff's objection that Interrogatory No. 1 "asks or all o the trade secrets SPAVI has ever owned, irrespective o the brand or relevance to this case, without time limitation," is baseless. Interrogatory No. 1 plainly asks SPAVI to "[i]denti y with reasonable particularly YOUR *alleged* trade secrets," emphasis added. The interrogatory asks Plaintiff to describe with reasonable particularity the trade secrets "alleged" in this proceeding. Plaintiff's own pleading defines the scope o the interrogatory. Please withdraw this objection, including the request or some irrelevant temporal limitation.

**Specific Objection No. 2**

Plaintiff's objection that, "[e]ven as to the Potato Corner brand, this Interrogatory is objectionable on the grounds that it is overbroad, burdensome, oppressive, and seeks in ormation that is neither relevant to this case and asks or in ormation that is disproportionate to the needs o this case," is baseless. De endants are entitled to discover Plaintiff's alleged trade secrets described with reasonable particularity.

**Specific Objection No. 3**

Plaintiff's objection that this Interrogatory "seeks in ormation that is trade secret, confidential, private and/or proprietary" lacks merit too. Having put Plaintiff's trade secrets at issue, Plaintiff has waived any such objection and is required to describe their alleged trade secrets with reasonable particularity, without objection. As an aside, De endants are competitors claiming superior rights to use registered trademarks, and Plaintiff is claiming that De endants are in ringing upon those marks. Any other characterization would be untrue.

**Specific Objection No. 4**

Plaintiff's next objection, that the term "reasonable particularity" as it is vague, ambiguous, and undefined, is baseless. The term has a well-defined and operative meaning at each stage o the case.

**Specific Objection No. 5**

Finally, Plaintiff's objection that "this Interrogatory requires disclosure of information protected from such disclosure by the attorney-client privilege or the right to privacy," is baseless as well. Defendants are entitled to a complete and straightforward verified response, not limited by objections. Any privacy concerns to this interrogatory were waived when Plaintiff put its alleged trade secrets at issue. And the interrogatory does not call for the disclosure of any attorney-client communication; it calls for a reasonably particular disclosure of business information, *i.e.,* Plaintiff's alleged trade secrets.

**Plaintiff's Unverified, Incomplete and Evasive Response**

Plaintiff limited its response to what Plaintiff disclosed pursuant to California Code of Civil Procedure section 2019.210. That response is insufficient for the several reasons. To begin with, the standard to enable Plaintiff to commence discovery set forth in Code of Civil Procedure section 2019.210 may or may not, in the exercise of the Magistrate's discretion, be the same as to what is required to provide a complete and straightforward verified response to an interrogatory under Federal Rule of Civil Procedure 34. For example, a Magistrate has discretion to require a more particular disclosure for purposes of trial preparation, settlement and summary judgment than to commence discovery. If, instead, the Magistrate holds that the standards are the same, that would just mean Plaintiff may not yet commence discovery and its discovery response is insufficient.

Plaintiff cannot commence discovery under Code of Civil Procedure section 2019.210 by erroneously disclosing as a trade secret information published on product labeling. Moreover, Plaintiff's disclosure alleges nothing that would separate what it purchases and resells from Ferna or Newly Weds from what Ferna, Newly Weds and others sell in the open market. Defendants are entitled to know the boundaries of the alleged trade secrets compared to what is generally known in the trade and what Ferna, Newly Weds and others have already made public knowledge. For example, what about Plaintiff's alleged "recipes," "ingredients," "ingredient allocations," and/or "method of preparing" seasonings makes it economically valuable by being secret? Disclosing something that is not secret is a non-starter.

Plaintiff's interrogatory response is also deficient because unlike a disclosure to commence discovery, Federal Rule of Civil Procedure 34 requires a complete and straightforward verified response. Even if it could get away with it under Code of Civil Procedure section 2019.210, Plaintiff cannot deceptively disclose non-secret information as secret in a verified discovery response. Similarly, Plaintiff cannot say that it is "withholding" information under one or more objections when, in reality, Plaintiff does not even know the information. Defendants are entitled to a non-evasive and more specific disclosure in this regard unless Plaintiff does not possess further information to disclose, in which case, Plaintiff must so disclose the same. If Plaintiff does not know the alleged trade secret "recipes," "ingredient allocations," or "method of preparing" the seasonings at issue, for example, it cannot pretend as if it does. It must honestly verify a complete and straightforward interrogatory response.

Please confirm that Plaintiff will voluntarily withdraw its objections and provide a complete and straightforward verified interrogatory response. If not, please confirm when next week you are available to meet and confer on a motion to compel for the above reasons.

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Thursday, January 16, 2025 10:32 AM
**To:** Beral, Arash <arash.beral@blankrome.com>; Michael D. Murphy <mmurphy@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Arash, Todd,

I hope you and your families are safe and healthy after last week's devastation. Following up on the below, SPAVI will serve its responses to PCJV USA, LLC's First Set of Interrogatories later today. However, given the back-up created by last week that we are still dealing with, we request another modest five-day extension of time to respond (to 1/21, a 12-day extension in total) to its First Set of Requests for Production. We would appreciate it and do not anticipate any further extensions on those responses at this time. Please advise if this agreeable to your firm.

Thank you in advance.

Thanks,
Kenny


**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.



**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Wednesday, January 8, 2025 6:39 PM
**To:** Michael D. Murphy <mmurphy@ecjlaw.com>; Kenneth Hsu <khsu@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

I care for all of you, of course. It is crazy what is happening. Many of my close friends and family members have been evacuated, some lost their homes, colleagues have lost theirs, and my wife just texted me to come home as she thinks the fire is getting close. Kenny and Mike – take care of yourselves and your families. That comes first. If you don't serve responses, I'm not running to the Court on a motion claiming that you waived objections. Again, I am absolutely fine with an extension, and going a step further, I assume that you all are ok with amending the CMO and will get back to me on dates to meet and confer over the specifics.

3

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
[Arash Beral | Blank Rome LLP](#)

---

**From:** Michael D. Murphy <mmurphy@ecjlaw.com>
**Sent:** Wednesday, January 8, 2025 6:28 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Kenneth Hsu <khsu@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Arash:

Are you conditioning an extension on discovery on our client's agreement to amend the CMO?

Kenny just told you he probably has to evacuate and I may have to evacuate my parents, and you are conditioning a one week extension on a new scheduling agreement. Kenny and I do not have time to set up a meeting with our client to discuss this.

Please tell me that is not what you are doing here. Our city is ablaze and Kenny's place may go, and so may my parents.

He asked you  or a one week extension. Be a human being  or a moment and just say yes  or God's sake.

Can you imagine i  we had placed conditions on responding to our complaint right a ter your  ather died? We didn't. We just said yes. Because we are human and care  or you as a human.

Im stunned.

---

**Michael D. Murphy**

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6367 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | mmurphy@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Wednesday, January 8, 2025 6:19 PM
**To:** Kenneth Hsu <khsu@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Thank you, Kenny. I'm sorry to hear that. A lot of people on our side have been affected by the fires as well. Hope you all stay safe, and let us know if you need anything.

On this, I just want to confirm that you will agree to amend the Case Management Order. The Court had suggested we meet and confer about that (which we can do when convenient for you). Provided that you are in agreement with amending the CMO, then yes.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Wednesday, January 8, 2025 3:00 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Arash, Todd,

I hope you had a happy new year's holiday. Mike and I are in the process of finalizing SPAVI's responses to PCJV USA, LLC's First Set of Interrogatories and Requests for Production. However, both he and I are now being affected by the ongoing fires (both of our families will likely be evacuating tonight) and may not have much time to focus on our matters, potentially for the next few days. In light of that, we request a modest one-week extension of time to respond (to 1/16) to those discovery requests. Please advise if this agreeable to your firm.

Thank you in advance.

Thanks,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain con idential or privileged in ormation and are only  or the use o  the intended recipient o  this message. I  you are not the intended recipient, please noti y the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies o  this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction o  this message or any attachments is prohibited and may be unlaw ul.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*