EXHIBIT 8

| | |
|---|---|
| **From:** | Malynn, Todd M. |
| **Sent:** | Friday, January 24, 2025 6:44 AM |
| **To:** | 'Kenneth Hsu' |
| **Cc:** | Beral, Arash; Sandoval, Victor; 'Michael D. Murphy' |
| **Subject:** | RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests |

Kennny,

Given that we asked to meet and confer last week, and have not heard back on our meet and confer request, I assume we are at an impasse.  If we do not hear back from you today, we reserve the right to proceed and prepare a joint stipulation based on Plaintiff's refusal to meet and confer.

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Friday, January 17, 2025 5:25 PM
**To:** Kenneth Hsu <khsu@ecjlaw.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>; Michael D. Murphy <mmurphy@ecjlaw.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Dear Kenny,

We have received and reviewed Plaintiff's Response to PCJV's Interrogatory No. 1, which is evasive and incomplete. We are writing to meet and confer. After reviewing our grounds for a motion to compel, please confirm that Plaintiff will provide a complete and straightforward verified response, without objection, so that we do not have to waste time filing a motion.

**General Objections**

The Federal Rules of Civil Procedure, including and in particular Rule 34(b)(4), do not authorize general objections to interrogatories but require specific grounds for any objection. Please provide an amended response that withdraws the general objections.

**Specific Objection No. 1**

Plaintiff's objection that Interrogatory No. 1 "asks for all of the trade secrets SPAVI has ever owned, irrespective of the brand or relevance to this case, without time limitation," is baseless.  Interrogatory No. 1 plainly asks SPAVI to "[i]dentify with reasonable particularly YOUR *alleged* trade secrets," emphasis added. The interrogatory asks Plaintiff to describe with reasonable particularity the trade secrets "alleged" in this proceeding. Plaintiff's own pleading defines the scope of the interrogatory. Please withdraw this objection, including the request for some irrelevant temporal limitation.

**Specific Objection No. 2**

Plaintiff's objection that, "[e]ven as to the Potato Corner brand, this Interrogatory is objectionable on the grounds that it is overbroad, burdensome, oppressive, and seeks information that is neither relevant to this case and asks for information that is disproportionate to the needs of this case," is baseless. Defendants are entitled to discover Plaintiff's alleged trade secrets described with reasonable particularity.

**Specific Objection No. 3**

Plaintiff's objection that this Interrogatory "seeks information that is trade secret, confidential, private and/or proprietary" lacks merit too. Having put Plaintiff's trade secrets at issue, Plaintiff has waived any such objection and is required to describe their alleged trade secrets with reasonable particularity, without objection. As an aside, Defendants are competitors claiming superior rights to use registered trademarks, and Plaintiff is claiming that Defendants are infringing upon those marks. Any other characterization would be untrue.

**Specific Objection No. 4**

Plaintiff's next objection, that the term "reasonable particularity" as it is vague, ambiguous, and undefined, is baseless. The term has a well-defined and operative meaning at each stage of the case.

**Specific Objection No. 5**

Finally, Plaintiff's objection that "this Interrogatory requires disclosure of information protected from such disclosure by the attorney-client privilege or the right to privacy," is baseless as well. Defendants are entitled to a complete and straightforward verified response, not limited by objections. Any privacy concerns to this interrogatory were waived when Plaintiff put its alleged trade secrets at issue. And the interrogatory does not call for the disclosure of any attorney-client communication; it calls for a reasonably particular disclosure of business information, *i.e.,* Plaintiff's alleged trade secrets.

**Plaintiff's Unverified, Incomplete and Evasive Response**

Plaintiff limited its response to what Plaintiff disclosed pursuant to California Code of Civil Procedure section 2019.210. That response is insufficient for the several reasons. To begin with, the standard to enable Plaintiff to commence discovery set forth in Code of Civil Procedure section 2019.210 may or may not, in the exercise of the Magistrate's discretion, be the same as to what is required to provide a complete and straightforward verified response to an interrogatory under Federal Rule of Civil Procedure 34. For example, a Magistrate has discretion to require a more particular disclosure for purposes of trial preparation, settlement and summary judgment than to commence discovery. If, instead, the Magistrate holds that the standards are the same, that would just mean Plaintiff may not yet commence discovery and its discovery response is insufficient.

Plaintiff cannot commence discovery under Code of Civil Procedure section 2019.210 by erroneously disclosing as a trade secret information published on product labeling. Moreover, Plaintiff's disclosure alleges nothing that would separate what it purchases and resells from Ferna or Newly Weds from what Ferna, Newly Weds and others sell in the open market. Defendants are entitled to know the boundaries of the alleged trade secrets compared to what is generally known in the trade and what Ferna, Newly Weds and others have already made public knowledge. For example, what about Plaintiff's alleged "recipes," "ingredients," "ingredient allocations," and/or "method of preparing" seasonings makes it economically valuable by being secret? Disclosing something that is not secret is a non-starter.

Plaintiff's interrogatory response is also deficient because unlike a disclosure to commence discovery, Federal Rule of Civil Procedure 34 requires a complete and straightforward verified response. Even if it could get away with

it under Code of Civil Procedure section 2019.210, Plaintiff cannot deceptively disclose non-secret information as secret in a verified discovery response. Similarly, Plaintiff cannot say that it is "withholding" information under one or more objections when, in reality, Plaintiff does not even know the information. Defendants are entitled to a non-evasive and more specific disclosure in this regard unless Plaintiff does not possess further information to disclose, in which case, Plaintiff must so disclose the same. If Plaintiff does not know the alleged trade secret "recipes," "ingredient allocations," or "method of preparing" the seasonings at issue, for example, it cannot pretend as if it does. It must honestly verify a complete and straightforward interrogatory response.

Please confirm that Plaintiff will voluntarily withdraw its objections and provide a complete and straightforward verified interrogatory response. If not, please confirm when next week you are available to meet and confer on a motion to compel for the above reasons.

Regards,
Todd

**Todd M. Malynn** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Thursday, January 16, 2025 10:32 AM
**To:** Beral, Arash <arash.beral@blankrome.com>; Michael D. Murphy <mmurphy@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Arash, Todd,

I hope you and your families are safe and healthy after last week's devastation. Following up on the below, SPAVI will serve its responses to PCJV USA, LLC's First Set of Interrogatories later today. However, given the back-up created by last week that we are still dealing with, we request another modest five-day extension of time to respond (to 1/21, a 12-day extension in total) to its First Set of Requests for Production. We would appreciate it and do not anticipate any further extensions on those responses at this time. Please advise if this agreeable to your firm.

Thank you in advance.

Thanks,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

E**RVIN** C**OHEN** & J**ESSUP** LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.



**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Wednesday, January 8, 2025 6:39 PM
**To:** Michael D. Murphy <mmurphy@ecjlaw.com>; Kenneth Hsu <khsu@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

I care for all of you, of course. It is crazy what is happening. Many of my close friends and family members have been evacuated, some lost their homes, colleagues have lost theirs, and my wife just texted me to come home as she thinks the fire is getting close. Kenny and Mike – take care of yourselves and your families. That comes first. If you don't serve responses, I'm not running to the Court on a motion claiming that you waived objections. Again, I am absolutely fine with an extension, and going a step further, I assume that you all are ok with amending the CMO and will get back to me on dates to meet and confer over the specifics.

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

**From:** Michael D. Murphy <mmurphy@ecjlaw.com>
**Sent:** Wednesday, January 8, 2025 6:28 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Kenneth Hsu <khsu@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Arash:

Are you conditioning an extension on discovery on our client's agreement to amend the CMO?

Kenny just told you he probably has to evacuate and I may have to evacuate my parents, and you are conditioning a one week extension on a new scheduling agreement. Kenny and I do not have time to set up a meeting with our client to discuss this.

Please tell me that is not what you are doing here. Our city is ablaze and Kenny's place may go, and so may my parents.

He asked you for a one week extension. Be a human being for a moment and just say yes for God's sake.

Can you imagine if we had placed conditions on responding to our complaint right after your father died? We didn't. We just said yes. Because we are human and care for you as a human.

Im stunned.

**Michael D. Murphy**

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6367 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | mmurphy@ecjlaw.com | About me | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Wednesday, January 8, 2025 6:19 PM
**To:** Kenneth Hsu <khsu@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** RE: SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Thank you, Kenny. I'm sorry to hear that. A lot of people on our side have been affected by the fires as well. Hope you all stay safe, and let us know if you need anything.

On this, I just want to confirm that you will agree to amend the Case Management Order. The Court had suggested we meet and confer about that (which we can do when convenient for you). Provided that you are in agreement with amending the CMO, then yes.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Wednesday, January 8, 2025 3:00 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Subject:** SPAVI v. PCJV USA, LLC et al.: Discovery Requests

Arash, Todd,

I hope you had a happy new year's holiday. Mike and I are in the process of finalizing SPAVI's responses to PCJV USA, LLC's First Set of Interrogatories and Requests for Production. However, both he and I are now being affected

by the ongoing fires (both of our families will likely be evacuating tonight) and may not have much time to focus on our matters, potentially for the next few days. In light of that, we request a modest one-week extension of time to respond (to 1/16) to those discovery requests. Please advise if this agreeable to your firm.

Thank you in advance.

Thanks,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **From:** | Malynn, Todd M. |
| **Sent:** | Friday, January 24, 2025 1:01 PM |
| **To:** | 'Kenneth Hsu'; Beral, Arash; Sandoval, Victor |
| **Cc:** | 'Michael D. Murphy'; 'Ayesha Rector'; 'Chary Weis' |
| **Subject:** | RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al. |

Kenny,

We are writing to set up a time to meet and confer on Plaintiff's Response to PCJV's Frist Set of Requests for Production of Documents ("RFP"). Please let us know when you are available to meet and confer next week.

**Preliminary Statement & General Objections**

The Federal Rules of Civil Procedure, including and in particular Rule 34(b)(4), do not authorize general objections to document requests but require specific grounds for any objection. Please provide an amended response that withdraws the general objections.

**Boilerplate Objections**

Similarly, the Federal Rules of Civil Procedure do not authorize general objections labeled as specific objections to document requests but require specific grounds for any objection. Plaintiff's Responses repeat boilerplate objections that must be amended or withdrawn, including for the reasons set out below. Further, even if a boilerplate objection had any efficacy, it does not support Plaintiff's refusals to produce documents. Rather, Plaintiff remains obligated produce all non-privileged, non-objectionable documents in response to each RFP while we meet and confer on objections.

**Response Nos. 1 to 20**

- Objection: "overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action."

Plaintiff does not get to decide what documents are relevant to the business opportunity, risk assessment, valuation, contracts and transfer of IP at the heart of the case—Plaintiff's purchase of Cinco's international Potato Corner assets, including U.S. registrations. Plaintiff made a business decision in the middle of a dispute where Cinco was enjoined from unilaterally acting upon alleged trademark rights over Defendants' objections based on their written agreements, after which Plaintiff opted to acquire already enjoined trademark rights and forum shop rather than intervene and litigate who had superior contractual rights as between Plaintiff and Defendants before Cinco's settlement with Defendants and dismissal with prejudice.

To date, the evidence of Plaintiff's acquisition of any U.S. trademark rights are assignments of U.S. registrations (which only support a rebuttable presumption) and declarations attesting to proffered legal opinions concerning the presumption. The best evidence of Plaintiff's alleged trademark rights remains the agreements between Plaintiff and Cinco and all documents related thereto, including letters of intent, term sheets, internal reports, analyses, presentations, minutes of meetings, committee or board resolutions, other documents reflecting board and committee decisions, financial statements, asset valuations, legal opinions, audit reports, regulatory filings, payment records, wire transfers, bank statements, third-party and internal communications related to the acquisition, all other documents evidencing due diligence, negotiations, updates,

progress reports, delays or setbacks, side oral agreements, valuation, risk assessment, discounts, etc., as well as press releases, public announcements, and other public communications regarding the acquisition of Potato Corner assets.

Further, given that all terms of related contracts must be considered as a whole, each to inform the other, we are entitled to documents for all jurisdictions to compare treatment to the U.S. In addition, given the time of the transaction, due diligence and valuation documents are directly relevant to risks. Finaly, given what is at stake and how much resources Plaintiff has already spent forwarding its positions, the RFP is proportional to the need to discover the truth and ability to cross examine Plaintiff's proffered witnesses. Defendants are entitled to all non-privileged, responsive documents, not just the limited and narrowly described documents Plaintiff has agreed to search for and produce in response to a few of the RFP.

- Objection: "confidential, proprietary, trade secret, and protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally, including confidential internal and external communications, agreements, contracts, disclosures, and deal documents relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines corporation."

This objection was waived once Plaintiff's pled and put its acquisition of U.S. trademark rights in dispute. It is duplicative of Plaintiff's first boilerplate objection. It just uses a different label to raise the same issue. Further, the remedy to the label, if any, are confidentiality protections, including AEO designations. Finally, to resolve any specific objection not waived, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

- Objection: "attorney-client privilege and the attorney work product doctrine, especially given that SPAVI was represented by, advised by, and dealing with counsel in connection with its acquisition of the "Potato Corner" brand."

Business communications with counsel are not protected by privileged. Also, this objection was waived once Plaintiff's put into evidence multiple declarations attesting to due diligence as evidence of the U.S. trademark rights it allegedly purchased and evidence of Plaintiff's prior knowledge of Defendants' contractual rights to the same U.S. trademark assets before any acquisition. Further, to resolve a specific objection not waived, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

- Objection: vague and ambiguous as to the terms "related to the sale of Potato Corner assets," "final purchase agreement," "ancillary agreements," "business opportunity," "DOCUMENTS EVIDENCING," "valuation," "negotiation," "letters of intent," "term sheets," "discount that YOU requested or received," "risk of litigation," "in any particular country" as a modifier of "acquiring POTATO CORNER assets," "financial statements," "asset," "risk assessment," "potential litigation," "DOCUMENTS and COMMUNICATIONS REFLECTING decisions made," "business," "updates, progress reports, delays or setbacks" in or during negotiations, "offers of value," "perceived or possible," "REGARDING the acquisition of POTATO CORNER assets," "agents," "financial DOCUMENTS," "payment records," "bank statements, "RELATED to the transfer of intellectual property to YOU," "internal reports, analyses, and presentations," "competitive analyses," "strategic plans," "management," "advisors," "consultants," "RELATED to compliance with any legal or regulatory requirements in connection with the acquisition of POTATO CORNER assets," and "audit reports."

The objections lack merit. These terms are commonly used and understood and do not prevent the production of relevant, non-privileged documents while the parties meet and confer on proportionality. Nor can the alleged ambiguity be construed and used to withhold non-privileged responsive documents by unilaterally interpreting

to distinguish communications with Cinco-related parties, internal communications or communications with parties related to Plaintiff.

**Response No. 21**

- Objection: "overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action."

Defendants are entitled to all documents and communications related to PCJV's franchisees, which Plaintiff have solicited and are trying to compel to join Plaintiff's organization. These documents are directly relevant to the dispute, including Defendants' damages from unfair competition and wrongful interference. The objections have no merit. After receiving the promised production, Defendants will evaluate the same for full compliance notwithstanding the objections.

- Objection: "confidential documents or information protected by the attorney-client privilege, the attorney work product doctrine, or the right to privacy" or "joint defense privilege."

Documents and communications with third parties are neither private nor privileged. Further, business communications with counsel do not make them privileged. To the extent any privilege is asserted with a third-party, foundation must be laid, and none has been provided. Further, to resolve a specific objection, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

**Response Nos. 22, 24, 25, 26, 27**

- Objection: "confidential, proprietary, trade secret, and/or private information protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally."

Defendants are entitled to discover documents relating to alleged trade secrets and confidential information, including documents Plaintiff does not possess, has provided to Defendants or is relevant to damages. If Plaintiff has no responsive documents disclosing trade secrets or confidential information, including recipes, ingredients, specific ingredients, ingredient allocations, proportions of the ingredients, recipes for preparation of each, identities of its suppliers, and other know-how procedures or processes used or employed at Potato Corner outlets, it must state that it has no responsive documents. It is not germane whether a third party possesses alleged trade secrets or confidential information. Similarly, documents containing responsive information that has already been publicly disclosed, including on product labeling, must be produced. Further, one remedy is to produce documents under a protective order, including with AEO designations. Defendants further incorporate their prior meet and confer as to Plaintiff's related interrogatory response and disclosure.

- Objection: "attorney-client privilege, the attorney work product doctrine, or the right to privacy."

As to any right of privacy, it is has been waived to the extent not already discussed above. Plaintiff is entitled to a privilege log of any documents withheld on the grounds of privilege.

- Objection: "mischaracterizes or misstates the allegations in SPAVI's operative Complaint as pled."

This objection lacks merit. The RFP covers all reasonable interpretations of an allegation, not simply Plaintiff's subjective interpretation, which is unknown. Having put at issue all reasonable interpretations, Plaintiff is required to produce all documents responsive to all reasonable interpretations, including as requested, however characterized.

- Objection: "documents already in PCJV's possession, custody, or control.'

This objection is baseless because documents Plaintiff disclosed is necessary to eliminate a dispute as to those documents. Defendants are entitled to confirm through discovery the entire universe of documents allegedly disclosed to Defendants, whehter or not they were, in fact, disclosed or are still possessed by Defendants.

**Response No. 23**

- Objection: "confidential documents or information protected by the attorney-client privilege, the attorney work product doctrine, or the right to privacy."

Any confidentiality objection has been waived and is adequately protected by a protective order. With regard to internal or third party documents or communications, they are not privileged. To the extent any documents are withheld on the grounds of privilege, Plaintiff is entitled to a privilege log.

- Objection: "mischaracterizes or misstates the allegations in SPAVI's operative Complaint as pled."

This objection lacks merit. The RFP covers all reasonable interpretations of an allegation, not simply Plaintiff's subjective interpretation, which is unknown. Having put at issue all reasonable interpretations, Plaintiff is required to produce all documents responsive to all reasonable interpretations, including as requested, however characterized

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Tuesday, January 21, 2025 6:31 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Ayesha Rector <arector@ecjlaw.com>; Chary Weis <cweis@ecjlaw.com>
**Subject:** Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

<u>**VIA ELECTRONIC SERVICE**</u>

<u>Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.</u>
Case No. 2:24-cv-04546-SB(AGRx)

Dear Counsel:

Attached for electronic service regarding the above referenced matter is the following document:

- **PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO DEFENDANT PCJV USA, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

Please let me know should you have any difficulty with accessing the attached.

Thank you,

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

