EXHIBIT 9

**From:** Malynn, Todd M.
**Sent:** Tuesday, February 4, 2025 9:18 AM
**To:** 'Michael D. Murphy'; 'Kenneth Hsu'
**Cc:** Beral, Arash; Sandoval, Victor
**Subject:** RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Mike and Kenny,

This email will confirm our meet and confer conference last Thursday to resolve Plaintiff's objections to Defendants' First Set of Requests for Production of Documents (RFP) as well as to scheduling and a protective order. Here is where we landed. First, Defendants proposed a 90-day extension of the case management order in light of the Order permitting the Defendants to add supplemental claims. Plaintiff's is going to respond to our proposal with an eye towards submission of a stipulation this week.

Second, we agreed that general objections are not authorized by the federal rules and that Plaintiff will revisit its boilerplate/specific objections in light of Defendants' feedback during the meet and confer. Defendants have requested a privilege log of relevant documents withheld on the grounds other than disproportionality/burden. Please address this issue in your letter this week.

Third, Plaintiff has agreed to produce relevant, non-privileged documents (beyond which its responses have already agreed to produce) subject to a protective order, a draft of which you are going to provide this week. With an appropriate confidentiality designation, those documents will include non-privileged documents evidencing the transaction between Cinco and SPAVI as well as each item that forms the subject of an RFP. Plaintiff agreed to inform us in detail this week as to the scope of the initial, agreed-upon production and when those documents are going to be produced. That production is moving forward while we continue to discuss Defendants' RFPs, Plaintiff's objections and where Plaintiff has unilaterally drawn lines in its initial production. Defendants, in turn, will review Plaintiff's initial production, which will be informative.

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Friday, January 24, 2025 1:01 PM
**To:** Kenneth Hsu <khsu@ecjlaw.com>; Beral, Arash <arash.beral@blankrome.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Ayesha Rector <arector@ecjlaw.com>; Chary Weis <cweis@ecjlaw.com>
**Subject:** RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Kenny,

We are writing to set up a time to meet and confer on Plaintiff's Response to PCJV's Frist Set of Requests for Production of Documents ("RFP"). Please let us know when you are available to meet and confer next week.

**Preliminary Statement & General Objections**

The Federal Rules of Civil Procedure, including and in particular Rule 34(b)(4), do not authorize general objections to document requests but require specific grounds for any objection. Please provide an amended response that withdraws the general objections.

**Boilerplate Objections**

Similarly, the Federal Rules of Civil Procedure do not authorize general objections labeled as specific objections to document requests but require specific grounds for any objection. Plaintiff's Responses repeat boilerplate objections that must be amended or withdrawn, including for the reasons set out below. Further, even if a boilerplate objection had any efficacy, it does not support Plaintiff's refusals to produce documents. Rather, Plaintiff remains obligated produce all non-privileged, non-objectionable documents in response to each RFP while we meet and confer on objections.

**Response Nos. 1 to 20**

- Objection: "overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action."

Plaintiff does not get to decide what documents are relevant to the business opportunity, risk assessment, valuation, contracts and transfer of IP at the heart of the case—Plaintiff's purchase of Cinco's international Potato Corner assets, including U.S. registrations. Plaintiff made a business decision in the middle of a dispute where Cinco was enjoined from unilaterally acting upon alleged trademark rights over Defendants' objections based on their written agreements, after which Plaintiff opted to acquire already enjoined trademark rights and forum shop rather than intervene and litigate who had superior contractual rights as between Plaintiff and Defendants before Cinco's settlement with Defendants and dismissal with prejudice.

To date, the evidence of Plaintiff's acquisition of any U.S. trademark rights are assignments of U.S. registrations (which only support a rebuttable presumption) and declarations attesting to proffered legal opinions concerning the presumption. The best evidence of Plaintiff's alleged trademark rights remains the agreements between Plaintiff and Cinco and all documents related thereto, including letters of intent, term sheets, internal reports, analyses, presentations, minutes of meetings, committee or board resolutions, other documents reflecting board and committee decisions, financial statements, asset valuations, legal opinions, audit reports, regulatory filings, payment records, wire transfers, bank statements, third-party and internal communications related to the acquisition, all other documents evidencing due diligence, negotiations, updates, progress reports, delays or setbacks, side oral agreements, valuation, risk assessment, discounts, etc., as well as press releases, public announcements, and other public communications regarding the acquisition of Potato Corner assets.

Further, given that all terms of related contracts must be considered as a whole, each to inform the other, we are entitled to documents for all jurisdictions to compare treatment to the U.S. In addition, given the time of the transaction, due diligence and valuation documents are directly relevant to risks. Finaly, given what is at stake and how much resources Plaintiff has already spent forwarding its positions, the RFP is proportional to the need to discover the truth and ability to cross examine Plaintiff's proffered witnesses. Defendants are entitled to all non-privileged, responsive documents, not just the limited and narrowly described documents Plaintiff has agreed to search for and produce in response to a few of the RFP.

- Objection: "confidential, proprietary, trade secret, and protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally,

> including confidential internal and external communications, agreements, contracts, disclosures, and deal documents relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines corporation."

This objection was waived once Plaintiff's pled and put its acquisition of U.S. trademark rights in dispute. It is duplicative of Plaintiff's first boilerplate objection. It just uses a different label to raise the same issue. Further, the remedy to the label, if any, are confidentiality protections, including AEO designations. Finally, to resolve any specific objection not waived, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

- Objection: "attorney-client privilege and the attorney work product doctrine, especially given that SPAVI was represented by, advised by, and dealing with counsel in connection with its acquisition of the "Potato Corner" brand."

Business communications with counsel are not protected by privileged. Also, this objection was waived once Plaintiff's put into evidence multiple declarations attesting to due diligence as evidence of the U.S. trademark rights it allegedly purchased and evidence of Plaintiff's prior knowledge of Defendants' contractual rights to the same U.S. trademark assets before any acquisition. Further, to resolve a specific objection not waived, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

- Objection: vague and ambiguous as to the terms "related to the sale of Potato Corner assets," "final purchase agreement," "ancillary agreements," "business opportunity," "DOCUMENTS EVIDENCING," "valuation," "negotiation," "letters of intent," "term sheets," "discount that YOU requested or received," "risk of litigation," "in any particular country" as a modifier of "acquiring POTATO CORNER assets," "financial statements," "asset," "risk assessment," "potential litigation," "DOCUMENTS and COMMUNICATIONS REFLECTING decisions made," "business," "updates, progress reports, delays or setbacks" in or during negotiations, "offers of value," "perceived or possible," "REGARDING the acquisition of POTATO CORNER assets," "agents," "financial DOCUMENTS," "payment records," "bank statements, "RELATED to the transfer of intellectual property to YOU," "internal reports, analyses, and presentations," "competitive analyses," "strategic plans," "management," "advisors," "consultants," "RELATED to compliance with any legal or regulatory requirements in connection with the acquisition of POTATO CORNER assets," and "audit reports."

The objections lack merit. These terms are commonly used and understood and do not prevent the production of relevant, non-privileged documents while the parties meet and confer on proportionality. Nor can the alleged ambiguity be construed and used to withhold non-privileged responsive documents by unilaterally interpreting to distinguish communications with Cinco-related parties, internal communications or communications with parties related to Plaintiff.

**Response No. 21**

- Objection: "overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action."

Defendants are entitled to all documents and communications related to PCJV's franchisees, which Plaintiff have solicited and are trying to compel to join Plaintiff's organization. These documents are directly relevant to the dispute, including Defendants' damages from unfair competition and wrongful interference. The objections have no merit. After receiving the promised production, Defendants will evaluate the same for full compliance notwithstanding the objections.

- Objection: "confidential documents or information protected by the attorney-client privilege, the attorney work product doctrine, or the right to privacy" or "joint defense privilege."

Documents and communications with third parties are neither private nor privileged. Further, business communications with counsel do not make them privileged. To the extent any privilege is asserted with a third-party, foundation must be laid, and none has been provided. Further, to resolve a specific objection, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

**Response Nos. 22, 24, 25, 26, 27**

- Objection: "confidential, proprietary, trade secret, and/or private information protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally."

Defendants are entitled to discover documents relating to alleged trade secrets and confidential information, including documents Plaintiff does not possess, has provided to Defendants or is relevant to damages. If Plaintiff has no responsive documents disclosing trade secrets or confidential information, including recipes, ingredients, specific ingredients, ingredient allocations, proportions of the ingredients, recipes for preparation of each, identities of its suppliers, and other know-how procedures or processes used or employed at Potato Corner outlets, it must state that it has no responsive documents. It is not germane whether a third party possesses alleged trade secrets or confidential information. Similarly, documents containing responsive information that has already been publicly disclosed, including on product labeling, must be produced. Further, one remedy is to produce documents under a protective order, including with AEO designations. Defendants further incorporate their prior meet and confer as to Plaintiff's related interrogatory response and disclosure.

- Objection: "attorney-client privilege, the attorney work product doctrine, or the right to privacy."

As to any right of privacy, it is has been waived to the extent not already discused above. Plaintiff is entitled to a privilege log of any documents withheld on the grounds of privilege.

- Objection: "mischaracterizes or misstates the allegations in SPAVI's operative Complaint as pled."

This objection lacks merit. The RFP covers all reasonable interpretations of an allegation, not simply Plaintiff's subjective interpretation, which is unknown. Having put at issue all reasonable interpretations, Plaintiff is required to produce all documents responsive to all reasonable interpretations, including as requested, however characterized.

- Objection: "documents already in PCJV's possession, custody, or control.'

This objection is baseless because documents Plaintiff disclosed is necessary to eliminate a dispute as to those documents. Defendants are entitled to confirm through discovery the entire universe of documents allegedly disclosed to Defendants, whehter or not they were, in fact, disclosed or are still possessed by Defendants.

**Response No. 23**

- Objection: "confidential documents or information protected by the attorney-client privilege, the attorney work product doctrine, or the right to privacy."

Any confidentiality objection has been waived and is adequately protected by a protective order. With regard to internal or third party documents or communications, they are not privileged. To the extent any documents are withheld on the grounds of privilege, Plaintiff is entitled to a privilege log.

- Objection: "mischaracterizes or misstates the allegations in SPAVI's operative Complaint as pled."

This objection lacks merit. The RFP covers all reasonable interpretations of an allegation, not simply Plaintiff's subjective interpretation, which is unknown. Having put at issue all reasonable interpretations, Plaintiff is required to produce all documents responsive to all reasonable interpretations, including as requested, however characterized

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Tuesday, January 21, 2025 6:31 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Ayesha Rector <arector@ecjlaw.com>; Chary Weis <cweis@ecjlaw.com>
**Subject:** Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

**VIA ELECTRONIC SERVICE**

Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.
Case No. 2:24-cv-04546-SB(AGRx)

Dear Counsel:

Attached for electronic service regarding the above referenced matter is the following document:

- **PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO DEFENDANT PCJV USA, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

Please let me know should you have any difficulty with accessing the attached.

Thank you,

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.



| | |
|---|---|
| **From:** | Malynn, Todd M. |
| **Sent:** | Tuesday, February 4, 2025 9:18 AM |
| **To:** | 'Michael D. Murphy'; 'Kenneth Hsu' |
| **Cc:** | Beral, Arash; Sandoval, Victor |
| **Subject:** | RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al. |

Mike and Kenny,

This email will confirm our meet and confer conference last Thursday to resolve Plaintiff's objections to Defendants' First Set of Requests for Production of Documents (RFP) as well as to scheduling and a protective order. Here is where we landed. First, Defendants proposed a 90-day extension of the case management order in light of the Order permitting the Defendants to add supplemental claims. Plaintiff's is going to respond to our proposal with an eye towards submission of a stipulation this week.

Second, we agreed that general objections are not authorized by the federal rules and that Plaintiff will revisit its boilerplate/specific objections in light of Defendants' feedback during the meet and confer. Defendants have requested a privilege log of relevant documents withheld on the grounds other than disproportionality/burden. Please address this issue in your letter this week.

Third, Plaintiff has agreed to produce relevant, non-privileged documents (beyond which its responses have already agreed to produce) subject to a protective order, a draft of which you are going to provide this week. With an appropriate confidentiality designation, those documents will include non-privileged documents evidencing the transaction between Cinco and SPAVI as well as each item that forms the subject of an RFP. Plaintiff agreed to inform us in detail this week as to the scope of the initial, agreed-upon production and when those documents are going to be produced. That production is moving forward while we continue to discuss Defendants' RFPs, Plaintiff's objections and where Plaintiff has unilaterally drawn lines in its initial production. Defendants, in turn, will review Plaintiff's initial production, which will be informative.

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Friday, January 24, 2025 1:01 PM
**To:** Kenneth Hsu <khsu@ecjlaw.com>; Beral, Arash <arash.beral@blankrome.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Ayesha Rector <arector@ecjlaw.com>; Chary Weis <cweis@ecjlaw.com>
**Subject:** RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Kenny,

We are writing to set up a time to meet and confer on Plaintiff's Response to PCJV's Frist Set of Requests for Production of Documents ("RFP"). Please let us know when you are available to meet and confer next week.

**Preliminary Statement & General Objections**

The Federal Rules of Civil Procedure, including and in particular Rule 34(b)(4), do not authorize general objections to document requests but require specific grounds for any objection. Please provide an amended response that withdraws the general objections.

**Boilerplate Objections**

Similarly, the Federal Rules of Civil Procedure do not authorize general objections labeled as specific objections to document requests but require specific grounds for any objection. Plaintiff's Responses repeat boilerplate objections that must be amended or withdrawn, including for the reasons set out below. Further, even if a boilerplate objection had any efficacy, it does not support Plaintiff's refusals to produce documents. Rather, Plaintiff remains obligated produce all non-privileged, non-objectionable documents in response to each RFP while we meet and confer on objections.

**Response Nos. 1 to 20**

- Objection: "overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action."

Plaintiff does not get to decide what documents are relevant to the business opportunity, risk assessment, valuation, contracts and transfer of IP at the heart of the case—Plaintiff's purchase of Cinco's international Potato Corner assets, including U.S. registrations. Plaintiff made a business decision in the middle of a dispute where Cinco was enjoined from unilaterally acting upon alleged trademark rights over Defendants' objections based on their written agreements, after which Plaintiff opted to acquire already enjoined trademark rights and forum shop rather than intervene and litigate who had superior contractual rights as between Plaintiff and Defendants before Cinco's settlement with Defendants and dismissal with prejudice.

To date, the evidence of Plaintiff's acquisition of any U.S. trademark rights are assignments of U.S. registrations (which only support a rebuttable presumption) and declarations attesting to proffered legal opinions concerning the presumption. The best evidence of Plaintiff's alleged trademark rights remains the agreements between Plaintiff and Cinco and all documents related thereto, including letters of intent, term sheets, internal reports, analyses, presentations, minutes of meetings, committee or board resolutions, other documents reflecting board and committee decisions, financial statements, asset valuations, legal opinions, audit reports, regulatory filings, payment records, wire transfers, bank statements, third-party and internal communications related to the acquisition, all other documents evidencing due diligence, negotiations, updates, progress reports, delays or setbacks, side oral agreements, valuation, risk assessment, discounts, etc., as well as press releases, public announcements, and other public communications regarding the acquisition of Potato Corner assets.

Further, given that all terms of related contracts must be considered as a whole, each to inform the other, we are entitled to documents for all jurisdictions to compare treatment to the U.S. In addition, given the time of the transaction, due diligence and valuation documents are directly relevant to risks. Finaly, given what is at stake and how much resources Plaintiff has already spent forwarding its positions, the RFP is proportional to the need to discover the truth and ability to cross examine Plaintiff's proffered witnesses. Defendants are entitled to all non-privileged, responsive documents, not just the limited and narrowly described documents Plaintiff has agreed to search for and produce in response to a few of the RFP.

- Objection: "confidential, proprietary, trade secret, and protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally,

including confidential internal and external communications, agreements, contracts, disclosures, and deal documents relating to a highly sensitive acquisition transaction involving SPAVI, a Philippines corporation."

This objection was waived once Plaintiff's pled and put its acquisition of U.S. trademark rights in dispute. It is duplicative of Plaintiff's first boilerplate objection. It just uses a different label to raise the same issue. Further, the remedy to the label, if any, are confidentiality protections, including AEO designations. Finally, to resolve any specific objection not waived, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

- Objection: "attorney-client privilege and the attorney work product doctrine, especially given that SPAVI was represented by, advised by, and dealing with counsel in connection with its acquisition of the "Potato Corner" brand."

Business communications with counsel are not protected by privileged. Also, this objection was waived once Plaintiff's put into evidence multiple declarations attesting to due diligence as evidence of the U.S. trademark rights it allegedly purchased and evidence of Plaintiff's prior knowledge of Defendants' contractual rights to the same U.S. trademark assets before any acquisition. Further, to resolve a specific objection not waived, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

- Objection: vague and ambiguous as to the terms "related to the sale of Potato Corner assets," "final purchase agreement," "ancillary agreements," "business opportunity," "DOCUMENTS EVIDENCING," "valuation," "negotiation," "letters of intent," "term sheets," "discount that YOU requested or received," "risk of litigation," "in any particular country" as a modifier of "acquiring POTATO CORNER assets," "financial statements," "asset," "risk assessment," "potential litigation," "DOCUMENTS and COMMUNICATIONS REFLECTING decisions made," "business," "updates, progress reports, delays or setbacks" in or during negotiations, "offers of value," "perceived or possible," "REGARDING the acquisition of POTATO CORNER assets," "agents," "financial DOCUMENTS," "payment records," "bank statements, "RELATED to the transfer of intellectual property to YOU," "internal reports, analyses, and presentations," "competitive analyses," "strategic plans," "management," "advisors," "consultants," "RELATED to compliance with any legal or regulatory requirements in connection with the acquisition of POTATO CORNER assets," and "audit reports."

The objections lack merit. These terms are commonly used and understood and do not prevent the production of relevant, non-privileged documents while the parties meet and confer on proportionality. Nor can the alleged ambiguity be construed and used to withhold non-privileged responsive documents by unilaterally interpreting to distinguish communications with Cinco-related parties, internal communications or communications with parties related to Plaintiff.

**Response No. 21**

- Objection: "overbroad, burdensome, oppressive, and seeks documents that are neither relevant to the claims and defenses in this action nor proportional to the needs of this action."

Defendants are entitled to all documents and communications related to PCJV's franchisees, which Plaintiff have solicited and are trying to compel to join Plaintiff's organization. These documents are directly relevant to the dispute, including Defendants' damages from unfair competition and wrongful interference. The objections have no merit. After receiving the promised production, Defendants will evaluate the same for full compliance notwithstanding the objections.

- Objection: "confidential documents or information protected by the attorney-client privilege, the attorney work product doctrine, or the right to privacy" or "joint defense privilege."

Documents and communications with third parties are neither private nor privileged. Further, business communications with counsel do not make them privileged. To the extent any privilege is asserted with a third-party, foundation must be laid, and none has been provided. Further, to resolve a specific objection, Defendants are entitled to a privilege log of any and all responsive documents being withheld on this ground.

**Response Nos. 22, 24, 25, 26, 27**

- Objection: "confidential, proprietary, trade secret, and/or private information protected from disclosure from the right to privacy belonging to SPAVI and various third parties located both domestically and internationally."

Defendants are entitled to discover documents relating to alleged trade secrets and confidential information, including documents Plaintiff does not possess, has provided to Defendants or is relevant to damages. If Plaintiff has no responsive documents disclosing trade secrets or confidential information, including recipes, ingredients, specific ingredients, ingredient allocations, proportions of the ingredients, recipes for preparation of each, identities of its suppliers, and other know-how procedures or processes used or employed at Potato Corner outlets, it must state that it has no responsive documents. It is not germane whether a third party possesses alleged trade secrets or confidential information. Similarly, documents containing responsive information that has already been publicly disclosed, including on product labeling, must be produced. Further, one remedy is to produce documents under a protective order, including with AEO designations. Defendants further incorporate their prior meet and confer as to Plaintiff's related interrogatory response and disclosure.

- Objection: "attorney-client privilege, the attorney work product doctrine, or the right to privacy."

As to any right of privacy, it is has been waived to the extent not already discused above. Plaintiff is entitled to a privilege log of any documents withheld on the grounds of privilege.

- Objection: "mischaracterizes or misstates the allegations in SPAVI's operative Complaint as pled."

This objection lacks merit. The RFP covers all reasonable interpretations of an allegation, not simply Plaintiff's subjective interpretation, which is unknown. Having put at issue all reasonable interpretations, Plaintiff is required to produce all documents responsive to all reasonable interpretations, including as requested, however characterized.

- Objection: "documents already in PCJV's possession, custody, or control.'

This objection is baseless because documents Plaintiff disclosed is necessary to eliminate a dispute as to those documents. Defendants are entitled to confirm through discovery the entire universe of documents allegedly disclosed to Defendants, whehter or not they were, in fact, disclosed or are still possessed by Defendants.

**Response No. 23**

- Objection: "confidential documents or information protected by the attorney-client privilege, the attorney work product doctrine, or the right to privacy."

Any confidentiality objection has been waived and is adequately protected by a protective order. With regard to internal or third party documents or communications, they are not privileged. To the extent any documents are withheld on the grounds of privilege, Plaintiff is entitled to a privilege log.

- Objection: "mischaracterizes or misstates the allegations in SPAVI's operative Complaint as pled."

This objection lacks merit. The RFP covers all reasonable interpretations of an allegation, not simply Plaintiff's subjective interpretation, which is unknown. Having put at issue all reasonable interpretations, Plaintiff is required to produce all documents responsive to all reasonable interpretations, including as requested, however characterized

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Tuesday, January 21, 2025 6:31 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Sandoval, Victor <Victor.Sandoval@BlankRome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Ayesha Rector <arector@ecjlaw.com>; Chary Weis <cweis@ecjlaw.com>
**Subject:** Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

**VIA ELECTRONIC SERVICE**

Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.
Case No. 2:24-cv-04546-SB(AGRx)

Dear Counsel:

Attached for electronic service regarding the above referenced matter is the following document:

- **PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S RESPONSE TO DEFENDANT PCJV USA, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

Please let me know should you have any difficulty with accessing the attached.

Thank you,

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

