EXHIBIT 13

| | |
|---|---|
| **From:** | Malynn, Todd M. |
| **Sent:** | Monday, March 31, 2025 4:41 PM |
| **To:** | 'Murphy, Michael D.' |
| **Cc:** | Beral, Arash; 'Zolliecoffer, Jordan'; 'James, Pauletta' |
| **Subject:** | RE: SPAVI Proposed Stipulated Protective Order(11465384.1)(170122127.1).docx |
| **Attachments:** | CLEAN Proposed Stipulated Protective Order 03.31.25(TMM).docx |

Michael, I saw and fixed another formatting issue (the new subparagraph (g) was not indented the same).  You are authorized to file the attached stipulated protective order using my electronic signature.

Regards,
Todd


**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

1

1



~~Michael D. Murphy (SBN 224678)~~
~~mmurphy@ecjlaw.com~~
~~Kenneth P. Hsu (SBN 306326)~~
~~khsu@ecjlaw.com~~
~~ERVIN COHEN & JESSUP LLP~~
~~9401 Wilshire Boulevard, Twelfth Floor~~
~~Beverly Hills, California 90212-2974~~
~~Telephone: (310) 273-6333~~
~~Facsimile: (310) 859-2325~~
~~Attorneys for Plaintiff SHAKEY'S~~
~~PIZZA ASIA VENTURES, INC.~~
MICHAEL D. MURPHY
mdmurphy@foxrothschild.com
JORDAN ZOLLIECOFFER
jzolliecoffer@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    310.598.4150
Facsimile:    310.556.9828

Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, ~~WESTERN DIVISION~~

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>v.<br><br>~~PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California~~ | Case No. 2:24-cv-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>*Action Filed:* May 31, 2024<br>*Trial Date:* August 4, 2025 |

1

2

~~limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and GK CAPITAL GROUP, LLC, a California limited liability company,~~ PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING, LLC, A DELAWARE LIMITED LIABILITY COMPANY; GUY KOREN, AN INDIVIDUAL; POTATO CORNER LA GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J & K AMERICANA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J&K LAKEWOOD, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J&K VALLEY FAIR, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J & K ONTARIO, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; HLK MILPITAS, LLC, A CALIFORNIA, LIMITED LIABILITY COMPANY; GK CERRITOS, LLC, A CALIFORNIA, LIMITED LIABILITY COMPANY; J&K PC TRUCKS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND, GK CAPITAL GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY AND DOES 1 THROUGH 100, INCLUSIVE,

Defendants.

PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GK CAPITAL GROUP, LLC, A CA1IFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND GUY KOREN, AN INDIVIDUAL,

2

~~[PROPOSED] STIPULATED PROTECTIVE ORDER~~

ERVIN COHEN & JESSUP LLP

~~170187441.1~~
~~170188853.1~~
170189508.1

3

COUNTERCLAIM PLAINTIFFS,

V.

SHAKEY'S PIZZA ASIA VENTURES, INC, A PHILIPPINES CORPORATION,

COUNTERCLAIM DEFENDANT.

PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GK CAPITAL GROUP, LLC, A CA1IFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND GUY KOREN, AN INDIVIDUAL,

THIRD PARTY PLAINTIFFS,

V.

PC INTERNATIONAL PTE LTD., A SINGAPORE BUSINESS ENTITY; SPAVI INTERNATIONAL USA, INC., A CALIFORNIA CORPORATION; CINCO CORPORATION, A PHILIPPINES CORPORATION; AND DOES 1 THROUGH 10, INCLUSIVE,

THIRD PARTY DEFENDANTS.

1.

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action:

## 1.    **PURPOSES OF LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

PROPOSED] STIPULATED PROTECTIVE ORDER

170187441.1
170188853.1
170189508.1

4

stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    <u>GOOD CAUSE STATEMENT</u>**

This action is likely to involve trade secrets and other valuable financial, research, development, commercial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential recipes, ingredients, processes, business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, including information implicating privacy rights of third parties – information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be

~~[PROPOSED] STIPULATED PROTECTIVE ORDER~~

~~170187441.1~~
~~170188853.1~~
170189508.1

5

part of the public record of this case.

**3.     ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 14.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal and that Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal, and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not – without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be

5

6

redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**4.** **DEFINITIONS**

3.1    <u>Action</u>: the above-captioned action, entitled *Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC. et al.*, Case No. 2:24-cv-04546-SB(AGRx).

3.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

3.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

3.4    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.5    <u>Counsel</u>: Outside Counsel of Record, In-House Counsel, and their support staff.

3.6    <u>Designated Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.7    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.8    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated

6

ERVIN COHEN & JESSUP LLP

7

in disclosures or responses to discovery in this matter, including, among other things, produced documents, testimony, transcripts, and tangible things.

3.9     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

3.10     In-House Counsel: attorneys who are employees of a Party, not including Outside Counsel of Record or any other outside counsel.

3.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

3.12     Outside Counsel of Record: attorneys and support staff who are not employees of a Party but are retained to represent or advise a Party and have appeared in the Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

3.13     Party: any party to the Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

3.14     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

3.15     Professional Vendors: persons or entities that provide litigation support services, including photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and their employees and subcontractors.

3.16     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only  Designated

ERVIN COHEN & JESSUP LLP

8

Material, but also (1) any information copied or extracted from Designated Material; (2) all copies, excerpts, summaries, or compilations of Designated Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Designated Material. Any use of Designated Material at trial shall be governed by the orders of the Court in the Action. This Stipulated Protective Order does not govern the use of Designated Material at trial.

**6.    DURATION**

"Final disposition" of the Action is defined as the conclusion of any appellate proceedings, or, if an appeal is not commenced, when the time for filing of an appeal has expired. Except as set forth below, the terms of this protective order apply through final disposition of the Action. The Parties may stipulate that they will be contractually bound by the terms of this agreement beyond final disposition of the Action, but will have to file a separate action for enforcement of the Stipulated Protective Order at that time.

**7.    DESIGNATING PROTECTED MATERIAL**

7.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that

170187441.1
170188853.1
170189508.1

ERVIN COHEN & JESSUP LLP

9

information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

(a)    For information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Designated Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins).

PROPOSED] STIPULATED PROTECTIVE ORDER

170187441.1
170188853.1
170189508.1

10

(b)     Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or promptly thereafter, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly. Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

Within thirty (30) days after a deposition transcript is certified by the Court reporter, any Party may designate pages of the transcript and/or its exhibits as Designated Material.  During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL," except for those portions identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which shall be treated accordingly from the date of designation. If any Party so designates such material, the Parties shall provide written notice of such designation to all Party within the thirty (30) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

(c)     For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the

10

ERVIN COHEN & JESSUP LLP

11

protected portion(s).

7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process set forth under Local Rule 37-1 *et seq*.

8.3    <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges or challenges made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.    ACCESS TO AND USE OF DESIGNATED MATERIAL**

9.1    <u>Basic Principles</u>. A Receiving Party may use Designated Material that is disclosed or produced by another Party or by a Non-Party in connection with the Action only for prosecuting, defending, or attempting to settle the Action. Such Designated Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below. Designated Material must be stored and maintained by a Receiving Party at a

170187441.1
170188853.1
170189508.1

ERVIN COHEN & JESSUP LLP

12

location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

9.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b)    the officers, directors, and employees, including In-House Counsel, of the Receiving Party to whom disclosure is reasonably necessary for the Action;

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    private court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

12

[PROPOSED] STIPULATED PROTECTIVE ORDER

170187441.1
170188853.1
170189508.1

13

transcribed deposition testimony or exhibits to depositions that reveal Designated Material may be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

9.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b)    Experts of the Receiving Party to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), not including any Expert who is also an officer or employee of the Receiving Party;

(c)    the Court and its personnel;

(d)    private court reporters and their staff to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

13

14

(g) during depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the deposing party requests that the witness sign the form attached as Exhibit A hereto, that they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If the witness does not agree to be bound, then the witness cannot see the information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Material may be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     (g) any mediator or settlement officer, and supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

9.4     Nothing herein in any way restricts the ability of the Receiving Party to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced to it in examining or cross-examining any employee or consultant of the Designating Party.

## 10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

14

ERVIN COHEN & JESSUP LLP

15

(b)      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Designated Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THE ACTION

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in the Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with the Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

15

170187441.1
170188853.1
170189508.1

16

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in the Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Designated Material.

**12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Designated Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

16

ERVIN COHEN & JESSUP LLP

17

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 14. <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 15. <u>FINAL DISPOSITION</u>

After the final disposition of the Action, as defined in Section 6 above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Designated

PROPOSED] STIPULATED PROTECTIVE ORDER

170187441.1
170188853.1
170189508.1

18

Material to the Producing Party or destroy such material. As used in this subdivision, "all Designated Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Designated Material. Whether the Designated Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Designated Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Designated Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Stipulated Protective Order as set forth in Section 6 above.

**16.    <u>VIOLATION</u>**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**17.    <u>EFFECT OF ORDER</u>**

This Stipulated Protective Order shall not affect the right of any Party or Non-Party to oppose production of documents or other information on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Stipulated Protective Order shall not affect the scope of discovery by any Party under the Federal Rules of Civil Procedure or the admissibility of any evidence in this action.

18

170187441.1
170188853.1
170189508.1

19

**18.     APPLICATION TO COURT**

~~Any interested party may apply to the Court for an order permitting the
disclosure of any Confidential Information or for an order modifying or limiting this
Stipulated Protective Order in any respect.~~

**18.     ~~19.~~CONTINUING JURISDICTION**

All provisions of this Stipulated Protective Order shall continue to be binding after the
conclusion of this action unless subsequently modified by agreement between the Parties or order
of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this
Stipulated Protective Order.

19

170187441.1
~~170188853.1~~
170189508.1

20

///
///
///
///
///
///
///
///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  March 31, 2025                    ERVIN COHEN & JESSUP LLP
                                          Michael D. Murphy
                                          Kenneth P. Hsu


                                          By: _____
                                                Michael D. Murphy
                                                Attorneys for Plaintiff SHAKEY'S PIZZA ASIA
                                                VENTURES, INC.

Dated:  March 31, 2025                    */s/ Michael D. Murphy*
                                          Michael D. Murphy
                                          Jordan Zolliecoffer
                                          Fox Rothschild LLP
                                          *Attorneys for Plaintiff and Counterclaim*
                                          *Defendant Shakey's Pizza Asia Ventures, Inc.*

20

170187441.1
170188853.1
170189508.1

21

DATED:  March 31, 2025              BLANK ROME LLP
                                    Arash Beral
                                    Todd M. Malynn
                                    ~~Victor J. Sandoval~~


                           By:    _____
                                    Arash Beral
                                    Attorneys for Defendants PCJV USA, LLC, PCI
                                    TRADING, LLC, GUY KOREN, POTATO
                                    CORNER LA Group, LLC, NKM CAPITAL
                                    GROUP, LLC, J & K AMERICANA, LLC, J & K
                                    CULVER, LLC, J&K LAKEWOOD, LLC; J&K
                                    OAKRIDGE, LLC, J&K VALLEY FAIR, LLC,
                                    J & K CAPITAL 2, LLC, J & K ONTARIO, LLC,
                                    HLK MILPITAS, LLC, GK CERRITOS, LLC,
                                    J&K PC TRUCKS, LLC, and GK CAPITAL
                                    GROUP, LLC

21

~~[PROPOSED] STIPULATED PROTECTIVE ORDER~~

~~170187441.1~~
~~170188853.1~~
170189508.1

ERVIN COHEN & JESSUP LLP

22

## EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2025, in the case of *Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC. et al.*, Case No. 2:24-cv-04546-SB(AGRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER

170187441.1
170188853.1
170189508.1

ERVIN COHEN & JESSUP LLP

23

Signature: _____

ERVIN COHEN & JESSUP LLP

23

170187441.1
170188853.1
170189508.1