# EXHIBIT 10

| | |
|---|---|
| **From:** | Beral, Arash |
| **To:** | Murphy, Michael D.; Malynn, Todd M. |
| **Cc:** | Zolliecoffer, Jordan; James, Pauletta |
| **Subject:** | [EXT] RE: Meet and Confer |
| **Date:** | Monday, March 10, 2025 3:31:00 PM |

Mike:

I appreciate your comment that we are moving in the right direction. Regarding the fee issue, when we spoke on Wednesday evening, I asked about a ballpark of the total fees at issue. You first joked "$500,000" ... then you said "$20-30k." I did not know that your $20-30k number was only *your* personal fees. In fact, in the context of the "$500,000" joke, we believed that your "$20-30k" number was an "all-in" number.

Nonetheless, I will review the fee invoices you sent us, speak with our clients, and get back to you with a proposal. Moreover, we did not take any specific positions regarding what is or is not reimbursable; we said we needed to review your invoices to determine what a reasonable fee would be in connection with SPAVI's contempt motion.

Thank you.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

---

**From:** Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Sent:** Monday, March 10, 2025 2:47 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** RE: Meet and Confer

Arash:

There is a lot to unpack here, but we are moving in the right direction. I will prepare a joint report, very short, summarizing where we are.

Regarding the fee amount: I did not, whatsoever, say the total sanctions I would be seeking would be capped at 20-30k. Those words did not come out of my mouth. In fact,

I expressly said I had not gone through line by line to add things up, because I wanted to first discuss categories of what we believe to fall withing what is reimbursable. Only then could I identify what in the invoices could easily be agreed to, and what would be disputed. After our meet and confer, I took your positions and then analyzed the invoices that way, identifying what would be disputed, and what would not. I could not possibly have been able to estimate what IU would be seeking until after our meet and confer. What I did say I thought **my fees** (meaning what I personally billed) were around 20-30 which is a little under what came out after I pulled the invoices apart. That is just based on my sense as to what effort I had to put in personally over that three monthly period. There were other billers, other vendors, etc. Our investigator alone was nearly 10k.

We offered a 1/3 discount. I think that is pretty fair.

Happy to discuss.

Will circulate a proposed joint statement soon.

Mike

**Michael Murphy**
Partner
(213) 213-1211
(310) 974-2271 (cell)
mdmurphy@foxrothschild.com

Learn about our new brand.

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Monday, March 10, 2025 2:31 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** [EXT] RE: Meet and Confer

Mike:

**<u>Compliance</u>**

You may or may not have seen over the weekend from your own visits to the stores that any remaining "non-fixture related" matters (like receipts, cups, menus, etc.) were all addressed. I will separately send you photos taken on Thursday and Friday by the stores. I understand that the only remaining pending item is the "fixtures." On that, please note:

1. Landlord Simon is preparing lease amendments for tenants HLK Milpitas, LLC and J & K Ontario, LLC, and without executed amendments, it has made clear that the tenants cannot make changes. Its Vice President of Leasing wrote: "To be clear, you are not to remove signage, branding, or anything from your stores, or storefront, without written approval from the Landlord. This must go through our real estate executive team, or design department and or legal team, for approval, prior to an amendment being issued. It is imperative that we have a fully executed amendment before you move forward. We have to go through the proper channels here before you do anything."
2. Landlord Caruso has approved replacement signage, but will not allow it to be installed until it sends the tenant (J & K Americana, LLC) a letter agreement modifying the lease, and the tenant executes it. The tenant awaits the agreement. While requests have been made to cover or take down the Potato Corner fixed signs, the landlord did not approve those requests without an executed lease modification. (You told us in our in-person meeting that you oftentimes visit this location and that you weren't as concerned about the Spudster sign at the top as you were about the other in-store issues, which were corrected – regardless, everything is being addressed).
3. Landlord Macerich also is preparing a lease amendment for tenant J&K Lakewood, LLC's and GK Cerritos, LLC's signature. After repeated requests to cover or take down the Potato Corner fixed signs, their representative informed that they will not allow a "nameless business" but will provide an update this week.
4. Along exactly the same lines as above, the Westfield landlord also is preparing lease amendments for execution for the tenants (the remaining subject stores that you are concerned about) which are located in a Westfield mall, and we also expect that to happen quickly. Without signed amendments, Westfield has also declined approving any fixed sign coverings or changes.

You raised some questions about the lease agreements. One concerned the "Stephan Simsih" name on the Americana lease. We understand that Stephan Simsih was the previous tenant before J & K Americana, LLC took over that location. Others of your questions concerned the lease terms prohibiting changes without landlord approval. While we believed that we had

initially addressed that issue (e.g., at Dkt. Nos. 58-6 through 58-8, explaining that there are, for example, "permitted use" and "continuous use" provisions in all of these leases, in addition to design criteria, etc., and that modifications to the use, name, design, etc. must be approved by the landlord), we are happy to continue that discussion per your suggestion below ("Then we can address what your client claims is impossible") if it still is an issue in your mind. Please note that each of the tenants is eager to sign the lease amendments so that they can move the ball forward. The photos also show that the tenants are operating under "UnderCover Fries" and want nothing but to remove all signs that they are operating as Potato Corner.

**Fees**

The Court ordered us to thoroughly discuss "the amount of reasonable attorney's fees to award to Plaintiff in connection with its contempt motion, in light of the Court's conclusion that Defendants violated the preliminary injunction before the January 31, 2025 OSC." Dkt. No. 117. On Wednesday evening, you informed us that the monetary sanctions you'd be seeking were likely going to be in the $20-30K range. Your Saturday morning email, however, included amounts that were substantially higher than that. I need more time to review your fee invoices (downloaded today) in between handling other matters, and discuss them with our clients and get back to you. I would like us to stipulate to continue our meet and confer on the fees until Friday this week so that we could hopefully reach an agreement on that. As well, I don't see the need for an evidentiary hearing on March 28 involving compliance, but if you do, I suggest we agree to postpone that as well in light of our ongoing discussions on that subject.

Best,

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

---

**From:** Beral, Arash
**Sent:** Monday, March 10, 2025 9:42 AM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** RE: Meet and Confer

Mike:

Good morning. I couldn't work this weekend due to family commitments. Todd's

assistant just pulled these documents from your law firm's sharefile system (seems to be just 4 PDFs)? Do we now have everything you want us to review? Either way, we will review and get back to you in a few hours. I note also that we have information and materials from our clients to review (with still more to come) and once we've done that, I will send you an email with additional information. I understand that the issues you were concerned about were corrected by the stores, pics to come.

Best,

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

---

**From:** Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Sent:** Saturday, March 8, 2025 8:47 AM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** RE: Meet and Confer


Arash:

1. **Ongoing non-compliance**:

    a. At our meet and confer on Wednesday, I went through the evidence of continued noncompliance with the injunction: pictures taken on February 26, 2025 at 5 or so of your clients' stores. These pictures showed different categories of ongoing non-compliance (displays of the prohibited marks including the waving potato on receipts, menus, signs that are fixtures, others that are not, etc.).

    b. On Thursday. I sent the pics to you, with some questions confirming your client agrees this is happening, whether it has been cured, why not, etc.

    c. As of today, 72 hours since going through the photos with you in person, 48 hours after sending them to you with questions, and, indeed, 8 days after

being on notice that we were aware of continued noncompliance, I have not heard anything from you as to whether your client disputes any of this was happening, let alone that it was cured, and if not why. I will assume that your client would have told you by now that he disagrees with what our investigator found at the handful of stores he went to. So we have confirmation of continued noncompliance as of, at least, February 26, 2025, and I will assume it is ongoing until I receive proof otherwise.

  d. Please advise as to what of the ongoing noncompliance has been cured and what has not as soon as possible (but no later than Monday morning 10 am).

  e. Then we can address what your client claims is impossible.

2. **Fees meet and confer (total numbers, backup update, and offer to compromise on fees):**

  a. Backup: I had to go through and redact out the stuff that is privileged or work product and unrelated to contempt. My office has completed the redactions and they are being sent through Kite Works. If I do not hear from you about delivery, I will assume you did receive the four invoices.

  b. Here is a summary of what I found in my review, and what I propose (and has been approved by the client):

     i. November fees related to our having to enforce the injunction: $26,426
        1. Based on our meet and confer this week, I would say $5-10k of that you would agree is related to our addressing noncompliance, and the rest you would dispute. Remember, during the briefing of the various emergency applications etc. much of the battle was as to ongoing uses of the marks. In fact one of those resulted in the order that parties have been referring to that set out the "impossibility" exception to compliance. Much of the work we were doing in responding to your ex partes and emergency motions to amend, stay, change the bond, etc. was reviewing evidence regarding noncompliance, preparing our own, or briefing your client's noncompliance. So I disagree that these briefs would have had to be written anyway. Much of that briefing was about your clients' noncompliance.

      ii. December fees related to our having to enforce the injunction: $30,508.50.
  1. Based on our meet and confer this week, I would predict you would agree with these. At this point the briefing was fairly segregated: motions to dismiss and briefing on the main appeal (not included) and your clients' noncompliance addressed through contempt (included)

      iii. January fees related to our having to enforce the injunction: $14,960.00.
  1. Based on our meet and confer this week, I would predict you would also agree with these.

      iv. Feb fees: $9,520.
  1. This was 100% preparation for and attendance at hearing.

      v. Costs for the entire period:
  1. $6,000: Investigator: $6,000: Each report by our investigator cost in excess of $2,000. I am waiting for the backup for those (from my old firm). But there were three reports.
  2. $1,000: Filings, delivery to court (88 each) and one of the cease and desist demands to franchisees: $1000

      vi. This last week I have not included yet, things like attending and preparing for the meet and confer and these redactions, etc. Likely $4k

c. Proposal (please review the below, and then after reviewing the invoices, please advise as to whether your client will agree):
  i. **Total from above: AT LEAST $92,414.50. This does not include fees for preparing the joint filing, hearing, etc.**
  ii. **Offer: I have the authority to offer the following: $60,000**. This proposal includes, the following:
    1. November discounted to $5k
    2. December 2024 fees amount in full: $30,508.50
    3. January 2025 fees amount in full: $14,960.00
    4. February 2025 fees amount in full: $9,520
    5. Agreement by us to waive March 2025 fees incurred to date

6. Agreement to not include preparation of the joint statement
7. Repay $6k of costs (discount): investigator only at a discount
        Total: $60,988.5.
        We will even agree to round down, if you agree.

d. **This offer will expire Monday morning at 10 am.**

Best,

**Michael Murphy**
Partner
(213) 213-1211
(310) 974-2271 (cell)
mdmurphy@foxrothschild.com

Learn about our new brand.

---

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Thursday, March 6, 2025 4:32 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** [EXT] RE: Meet and Confer

The analysis doesn't change. The Court wants to see us agree on a reasonable attorney fee as a result of you bringing the motion against PCJV and Koren. Can you send us the fee invoices today to review?

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

**From:** Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Sent:** Thursday, March 6, 2025 12:56 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** RE: Meet and Confer

Ok. Thank you for clarifying. That, then, should change your analysis as to damages. If it is not our job to monitor and force compliance, isn't any dollar our client pays towards getting compliance a damage? Put differently, as having been held in contempt, your client has been ruled as knowingly refused to comply. We have been trying to address this since the order issued in November. Does that not mean every effort we have taken in the face of knowing non compliance is a damage to which our client is entitled to recover?

And yes, pics are embedded.

**Michael Murphy**
Partner
(213) 213-1211
(310) 974-2271 (cell)
mdmurphy@foxrothschild.com

Learn about our *new brand*.

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Thursday, March 6, 2025 12:50 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** [EXT] RE: Meet and Confer

Re-sending the below as I got bounce-back messages.

**Arash Beral** | BLANKROME

2029 Century Park East | Los Angeles, CA 90067

[Arash Beral | Blank Rome LLP](Arash Beral | Blank Rome LLP)

---

**From:** Beral, Arash
**Sent:** Thursday, March 6, 2025 12:46 PM
**To:** 'Murphy, Michael D.' <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** RE: Meet and Confer

Thank you. We did not suggest it is your client's job to monitor compliance. We just want the documents and information you're relying on so that we can help resolve these issues.

Were there supposed to be attachments (I don't see any) or just the pictures interposed within the email?

**Arash Beral** | BLANKROME

2029 Century Park East | Los Angeles, CA 90067

[Arash Beral | Blank Rome LLP](Arash Beral | Blank Rome LLP)

---

**From:** Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Sent:** Thursday, March 6, 2025 12:29 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** RE: Meet and Confer


Arash:

First, good meeting yesterday. I recommend in person as much as possible. Next time I come to you.

Second, from now on please always copy my colleagues, Jordan and Pauletta.

Third, my deliverables:

I am working on invoices.

Protective Order in the works as is my meet and confer response

As for Injunction Compliance. We ask for two things:

1. **Known Non-Compliance**: The attached (and below this email) are examples of types of non-compliant uses of trademarks with the dates, times, and locations (one week ago), noted on each picture.

    a. As for each example, we ask for confirmation as to every store in which this remains an issue and that this has been addressed as to each store and halted. We are primarily concerned with all the stores Koren controls (whether owned by a Korean entity / Defendant, or still a friendly franchisee). So, for example, identify every non fixture sign at all stores that has been taken down since last Monday, with pictures.

    b. If your client deems any use "impossible" to cease and impossible to remove this use of a trademark, we require the following for each independent use:
      i. Identify every use of this type at any store Koren controls, along with a picture so we can cross check.
      ii. Provide an explanation as to each use, why it is impossible, with direct evidence as to why you believe it is impossible.
      iii. Describe what is being done now to take care of each use.
      iv. Describe when that attempt to cure the "impossible" uses began.
      v. Advise when you believe they will be resolved.

    c. For example, for the last category below, signs that are fixtures, for each sign that is a fixture
      i. Identify every sign that has a prohibited trademark on it along with a picture and location description
      ii. Note I AM NOT conceding that a lease requirement or landlord instruction is an impossibility or supersedes a court injunction, but you do, and we are entitled to an explanation. So, here, as an example you might say "this is impossible

>> because of clause x in the attached relevant lease, and because of this email from the landlord who said I don't care if you go to jail."
>> iii. What is being done to remove the sign.
>> iv. When those efforts began.
>> v. When the sign will be taken down.

> 2. **Unknown Non-Compliance**: Yesterday it was suggested that it is our client's job to monitor compliance. I disagree. It is your client's job to comply. We should have not had to do anything. These statements suggested that your client believes that any Unknown Non-Compliance is permissible. Accordingly, here is where candor and disclosure will go a long way.
>
>> a. For each other use of any mark other than that we have discovered (maybe at one of the stores we did not check, or another type of use we did not see), please affirmatively disclose every use of this type at any store Koren controls, along with a picture so we can cross check. Then, please apply the impossibility question to these as set forth above. If any use has been addressed, answer the questions in 1(a), or if deemed impossible, answer the questions in 1(b).

The pictures are attached of different categories:

1. Non fixture signs
2. Receipts
3. Cardboard / paper / foam paper type standalone uses
4. Fixture signs

Thank you

**Michael Murphy**
Partner
(213) 213-1211
(310) 974-2271 (cell)
mdmurphy@foxrothschild.com

Learn about our new brand.

---

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Thursday, March 6, 2025 11:42 AM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Kenneth Hsu <khsu@ecjlaw.com>
**Subject:** [EXT] RE: Meet and Confer

Mike:

Following up on nos. 1 and 2 below, as well as (per our discussion in person yesterday) your fee information on the contempt motion matters. Can you send everything to us today? I have hearings today at 1:30 and then tomorrow in person at 11 am and 1:45 pm (with clients each time) at Spring Street. I don't have a lot of free time to address all these matters with the PCJV parties, and it's already almost the end of the workweek.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

---

**From:** Beral, Arash
**Sent:** Tuesday, March 4, 2025 2:10 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Kenneth Hsu <khsu@ecjlaw.com>
**Subject:** RE: Meet and Confer

Mike:

Todd and I were able to clear most of our schedule tomorrow afternoon to meet in person, however, can we meet in our office or at the mezzanine level in our building complex (which has a nice, quiet lounge for us to sit and talk – there's also a Starbucks next door). I have to take off around 5 pm and walk into Beverly Hills for a board meeting, so I would appreciate us meeting closer to Century Park East. We can also meet in the outdoor courtyard area between the twin towers like we did once in the Cinco case. Can we meet at 3:30 pm?

A couple additional follow-ups:

1. I see that the Court just issued the $5,000 attorney fee ruling. Kindly provide payment instructions asap.

2. On Friday, I sent an email asking you to produce the documents/binders you had brought with you to Court and to itemize what exactly you believe is out of compliance so that we could have our clients immediately remedy any remaining issues. We need those asap. It's already Tuesday afternoon. Can we get them today please?

Thank you, and looking forward to meeting.

Best,

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

---

**From:** Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Sent:** Monday, March 3, 2025 6:52 PM
**To:** Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Kenneth Hsu <khsu@ecjlaw.com>
**Cc:** James, Pauletta <PJames@foxrothschild.com>
**Subject:** Meet and Confer


Arash and Todd:

I wrote an email leaving Court on Friday inviting you to our office tomorrow or Wednesday to meet and confer, but it did not send.

So, I now try again. Can we meet and confer at m office on Wednesday? Afternoon?

Topics:

1. Injunction Compliance
2. Damages for Contempt
3. Trial Schedule
4. Resolution of Discovery Issues

Thank you!

**Michael Murphy**
Partner
(213) 213-1211
(310) 974-2271 (cell)
mdmurphy@foxrothschild.com

Learn about our new brand.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


**********************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**********************************************************************************************


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP

by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.