# EXHIBIT 35

| | |
|---|---|
| **From:** | Murphy, Michael D. |
| **To:** | Beral, Arash |
| **Cc:** | Zolliecoffer, Jordan; James, Pauletta; Malynn, Todd M. |
| **Subject:** | arash: proposed based on our call. will turn around when you send a redline |
| **Date:** | Wednesday, March 12, 2025 5:56:29 PM |
| **Attachments:** | Joint Statement re Contempt Negotiations March 10 2025(169351412.1)-C-C-C-C-C.docx |

1 | MICHAEL D. MURPHY
mdmurphy@foxrothschild.com
2 | JORDAN ZOLLIECOFFER
jzolliecoffer@foxrothschild.com
3 | FOX ROTHSCHILD LLP
Constellation Place
4 | 10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
5 | Telephone:  310.598.4150
Facsimile:  310.556.9828
6 |
Attorneys for Plaintiff SHAKEY'S
7 | PIZZA ASIA VENTURES, INC.

8 |                    **UNITED STATES DISTRICT COURT**

9 |                    **CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 |
SHAKEY'S PIZZA ASIA VENTURES, | Case No. 2:24-CV-04546-SB(AGRx)
12 | INC, a Philippines corporation,
| *Hon. Stanley Blumenfeld*
13 |             Plaintiff,
| **FURTHER JOINT STATUS**
14 |        v. | **REPORT OF PLAINTIFF AND DEFENDANTS REGARDING ONGOING MEET AND CONFER DISCUSSIONS**
15 | PCJV USA, LLC, a Delaware limited
liability company; PCI TRADING,
16 | LLC, a Delaware limited liability
company; GUY KOREN, an individual; | Complaint Filed:    May 31, 2024
17 | POTATO CORNER LA GROUP, LLC, | Trial Date:            August 4, 2025
a California limited liability company;
18 | NKM CAPITAL GROUP, LLC, a
California limited liability company; J &
19 | K AMERICANA, LLC, a California
limited liability company; J&K
20 | LAKEWOOD, LLC, a California
limited liability company; J&K
21 | VALLEY FAIR, LLC, a California
limited liability company; J & K
22 | ONTARIO, LLC, a California limited
liability company; HLK MILPITAS,
23 | LLC, a California, limited liability
company; GK CERRITOS, LLC, a
24 | California, limited liability company;
J&K PC TRUCKS, LLC, a California
25 | limited liability company; and, GK
CAPITAL GROUP, LLC, a California
26 | limited liability company and DOES 1
through 100, inclusive,
27 |
28 |             Defendants.

---

1

1
2  PCJV USA, LLC, a Delaware limited
   liability company; PCI TRADING LLC,
3  a Delaware limited liability company;
   POTATO CORNER LA GROUP LLC,
4  a California limited liability company;
   GK CAPITAL GROUP, LLC, a
5  California limited liability company;
   NKM CAPITAL GROUP LLC, a
6  California limited liability company; and
   GUY KOREN, an individual,
7
                    Counter-Claimants,
8
         v.
9
   SHAKEY'S PIZZA ASIA VENTURES,
10 INC, a Philippines corporation,

11                 Counter Defendant.

12 PCJV USA, LLC, a Delaware limited
   liability company; PCI TRADING LLC,
13 a Delaware limited liability company;
   POTATO CORNER LA GROUP LLC,
14 a California limited liability company;
   GK CAPITAL GROUP, LLC, a
15 California limited liability company;
   NKM CAPITAL GROUP LLC, a
16 California limited liability company; and
   GUY KOREN, an individual,
17
                    Third Party Plaintiffs,
18
         v.
19
   PC INTERNATIONAL PTE LTD., a
20 Singapore business entity; SPAVI
   INTERNATIONAL USA, INC., a
21 California corporation; CINCO
   CORPORATION, a Philippines
22 corporation; and DOES 1 through 10,
   inclusive,
23
                    Third Party Defendants.
24

25

26

27

28
                                2

1

**JOINT STATEMENT**

2      Pursuant to this Court's Orders of March 4 and 11, 2025 (Dkt. #117 and

3 122), Plaintiff and Defendants PCJV USA, LLC and Guy Koren (collectively,

4 "Defendants") submit the following further status report, regarding their ongoing

5 meet and confer efforts to resolve (1) "any outstanding violations of the Court's

6 preliminary injunction," and (2) "the amount of reasonable attorney's fees to award

7 to Plaintiff in connection with its contempt motion."

8      As to the first issue, Plaintiff is satisfied that, with one exception, the ongoing

9 and "outstanding violations of the Court's preliminary injunction" raised at the

10 February 28, 2025, hearing have been addressed by Defendants. As such, Plaintiff

11 is satisfied that Defendants have achieved substantial compliance.

12      That one remaining issue is not currently believed to be an issue of contempt,

13 as it does not, on its own, reveal a knowing intent to refuse compliance with the

14 injunction. That issue involves an admitted non-compliance, with respect to signs

15 displaying the trademarks at issue that Defendants represent have not been taken

16 down because of landlord disapproval. Plaintiff does not currently believe this

17 indicates contemptuous non-compliance, but, instead a good faith dispute as to

18 whether a landlord's disapproval of taking down a sign constitutes sufficient

19 "impossibility" that it trumps this Court's authority in issuing an order that the sign

20 constitutes a likely violation of the Lanham Act and is to be removed. In addition to

21 not being an issue of contempt it may also become moot. If the signs that remain on

22 display in reliance on this impossibility defense continue in place, this issue may be

23 raised for resolution, however, it does not, at this time, appear to Plaintiff as being

24 an issue of contempt any longer.

25      Based on the foregoing, then, **Plaintiff and Defendants can now**

26 **affirmatively represent to the Court that the ongoing noncompliance has been**

27 **resolved, and they do not believe an evidentiary hearing on ongoing contempt**

28

3

1  **is necessary**.

2      With respect to the issue of the amount of fees to be ordered as damages

3  resulting from prior contempt orders, Plaintiff and Defendants have not agreed on a

4  number. Each has proposed a number, and they are negotiating in good faith as to

5  where the compromise number lies. They are sharing and considering additional

6  information and are hopeful that such a compromise will be made.

7      If, by one week from Friday, March 21, 2025, no compromise has been

8  struck, Plaintiff and Defendants respectfully request that the two numbers then

9  being proposed by each be presented in a Joint Statement not to exceed more than 3

10  pages per side (excluding exhibits), for either this Court, or if this Court prefers, the

11  Magistrate, to consider for resolution.

12  Dated:  March 10, 2025                    FOX ROTHSCHILD LLP

13

14

15                                          _____
                                            Michael D. Murphy
16                                          Jordan Zolliecoffer
                                            Attorneys for Plaintiff SHAKEY'S
17                                          PIZZA ASIA VENTURES, INC.

18

19  DATED:  March 10, 2025                  **BLANK ROME LLP**

20

21

22                                          By:/s/ *Arash Beral*
                                            _____
                                            Arash Beral
23                                          Todd Malynn
                                            Victor Sandoval
24                                          Attorneys for Defendants

25

26

27

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFIFCATE OF SERVICE</u>

The undersigned certifies that, on February 27, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  February 27, 2025

FOX ROTHSCHILD LLP

_____
Michael D. Murphy
Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.

5