# EXHIBIT 43

| | |
|---|---|
| From: | Murphy, Michael D. |
| To: | Beral, Arash; Malynn, Todd M. |
| Cc: | James, Pauletta; Zolliecoffer, Jordan |
| Subject: | Joint Statement re Contempt Negotiations March 25 2025-C.docx |
| Date: | Tuesday, March 25, 2025 1:57:40 PM |
| Attachments: | Joint Statement re Contempt Negotiations March 25 2025-C-C.docx |

Arash

Final filing attached

You sandbagged us.

Disappointing

Made no changes to your statement

MICHAEL D. MURPHY
mdmurphy@foxrothschild.com
JORDAN ZOLLIECOFFER
jzolliecoffer@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld*<br><br>**JOINT STATUS REPORT OF PLAINTIFF AND DEFENDANTS REGARDING ONGOING MEET AND CONFER DISCUSSIONS**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:  August 4, 2025 |

1

| | |
|---|---|
| 1 | |
| 2 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Counter-Claimants, |
| 8 | v. |
| 9 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 10 | |
| 11 | Counter Defendant. |
| 12 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | Third Party Plaintiffs, |
| 19 | v. |
| 20 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and DOES 1 through 10, inclusive, |
| 21 | |
| 22 | |
| 23 | |
| 24 | Third Party Defendants. |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## ~~JOINT STATEMENT~~PLAINTIFF'S STATEMENT

Pursuant to this Court's Orders of March 13, 2025 (Dkt. 127) and today, March 25, 2025 (Dkt. 133), Plaintiff and Defendants PCJV USA, LLC and Guy Koren (collectively, "Defendants") submit the following status report, regarding their ongoing meet and confer efforts to resolve (1) "any outstanding violations of the Court's preliminary injunction," and (2) "the amount of reasonable attorney's fees to award to Plaintiff in connection with its contempt motion."

Since March 13, 2025, and during those intervening 12 days, counsel for Plaintiff and the Defendants have met and conferred, however, a variety of different pressing issues have had imminent need meet and confer, including meeting and conferring before and after a conference with the Magistrate Judge regarding a discovery dispute, Rule 12 Motions as to the Answer and Counterclaim and Third Party Complaint filed by all of the Defendants, service on the new Third Party Defendants, as well as meeting and conferring on a proposed Case Management Plan Plaintiff intends to propose to this Court. Moreover, Plaintiffs' focus on gathering responsive documents has slowed down the gathering of additional backup needed to complete the negotiation at issue herein.

Finally, within the last 24 hours, Plaintiff was made aware of and has now raised with Defendant one of several new potential issues regarding compliance. The parties' nascent meet and confer over this new issue has just commenced.

Accordingly, there remains no agreement as to fees, however, this is not a result of an impasse, it is a result of not having completed the negotiation, and an additional new issue having been discovered within hours of the deadline to file this report. Accordingly, the Parties respectfully request that the deadline contained in this Court's Order of March 13, 2025, be extended to April 8, 2025.

**DEFENDANTS' STATEMENT**

On Wednesday, March 5, Mr. Murphy informed that he'd likely be seeking $20,000-$30,000 in attorney's fees with respect to the contempt motion.

On Saturday, March 8, we received a link to download fee invoices from Mr. Murphy, alongside a separate email from Mr. Murphy claiming that the fees total "AT LEAST $92,414.50" and offering to settle at $60,000.

On Monday morning, March 10, our staff accessed the link and downloaded four redacted invoices. That same day, we emailed Mr. Murphy (in part):

> The Court ordered us to thoroughly discuss "the amount of reasonable attorney's fees to award to Plaintiff in connection with its contempt motion, in light of the Court's conclusion that Defendants violated the preliminary injunction before the January 31, 2025 OSC." Dkt. No. 117. On Wednesday evening, you informed us that the monetary sanctions you'd be seeking were likely going to be in the $20-30K range. Your Saturday morning email, however, included amounts that were substantially higher than that. I need more time to review your fee invoices (downloaded today) in between handling other matters, and discuss them with our clients and get back to you. I would like us to stipulate to continue our meet and confer on the fees until Friday this week so that we could hopefully reach an agreement on that. As well, I don't see the need for an evidentiary hearing on March 28 involving compliance, but if you do, I suggest we agree to postpone that as well in light of our ongoing discussions on that subject.

By Wednesday, March 12, we had finished our review of the redacted fee invoices and sent another email to Mr. Murphy:

> As you know, on your motion for OSC re: contempt (filed 12/26/24 – Dkt. No. 87, the "motion"), we were ordered to thoroughly discuss "the amount of reasonable attorney's fees to award to Plaintiff in connection with its contempt motion, in light of Court's conclusion that Defendants violated the preliminary injunction before the January 31, 2025 OSC." Dkt. No. 117. While your motion had requested various forms of relief, including a "per day" fine, a special master, and future legal fees, Judge Blumenfeld informed us that he only would issue an award of reasonable attorney's fees incurred through January 31, 2025 in connection with bringing your motion.

As a preliminary matter, kindly note that your motion and your declaration in support of the motion requested $25,612.50 in total attorney's fees. (Dkt. No. 87-1 at Paragraph 16.) We view that amount to be the outer bounds of what SPAVI could potentially receive as an award. On that, I've had a chance to review your fee invoices. Unfortunately, it's practically impossible for me to determine how much time was reasonably spent on the motion for three principal reasons:

1. A lot of the fees are incurred for other items (such as opposing our motion for reconsideration, or our motion for stay, or our motion to dismiss, or are in connection with filings made with the Ninth Circuit, or involve communicating with PCJV's franchisees).

2. While you went through the effort of trying to isolate what you believe is the "relevant time" on *your* fee entries that are partly redacted (which I appreciate), I did not get the same for Kenny's fee entries. Therefore, it is impossible for me to determine how much of Kenny's time (in a partially redacted block-bill entry, for example) involves the motion vs. other matters.

3. There appear to be some duplication of efforts between you and Kenny.

Perhaps more importantly and from a more holistic perspective, you brought this motion at a time when you believed there were "38 Potato Corner stores using the trademarks." I surmise that part of SPAVI's strategy in bringing this motion was to try and "use it" to strike relationships with PCJV's third party franchisees (which it did). Indeed, you have told us that: (a) SPAVI has entered agreements with third party franchisees; and (b) with respect to injunction compliance, you are only concerned with the stores that Mr. Koren has an interest in (like those 7 defendant entity stores you sued: NKM, J&K Americana, J&K Lakewood, J&K Valley Fair, J&K Ontario, HLK Milpitas, GK Cerritos). It appears to us, therefore, that the fees SPAVI incurred in bringing this motion and using the motion to forge alliances with third parties *significantly benefitted SPAVI*. Put another way, at least 70-80% of the motion (dealing with third party franchisees) is not germane or relevant to this analysis (and your client has by all accounts received a significant benefit by forging relationships with PCJV's third party franchisees anyway).

That all said, we have to try and reach common ground on a reasonable fee. If our side is able to convince the Court that roughly only 20% of your fee request should be awarded (given that roughly 80% of it is not in issue and/or

otherwise resulted in a benefit to SPAVI), then the "rough" reasonable fee is $5,000 (give or take 5-10% margin of error and accepting your entire $25K fee request made in the motion). If the Court does not view the "benefit" gained by SPAVI as a result of forging relationships with PCJV's third party franchisees as an offset, we presume the Court will award SPAVI something up to $25,612.50, but likely less.

Just now, I received authority to propose we simply cut this roughly in half and agree on **$12,500**. We think it's fair. Let us know SPAVI's response please. Thank you.

Later that day on March 12, Mr. Murphy called to address only the issue of Mr. Hsu's entries and agreed to send un-redacted invoice. He did not address the other points above, and stated he did not think that $12,500 would be enough.

On Thursday, March 20, Mr. Murphy sent an email acknowledging that he still owes us "additional backup" and that he would like to ask the Court for an extra week. We said that would be fine.

Last night at 9:34 pm, with a statement being due and not having heard further from Mr. Murphy on these issues, we emailed him:

Still haven't heard back from you on any of the below emails, including the attorney's fees stuff. As a reminder, on Thursday, you asked to continue the fees stuff and I said that would be fine. I trust that you are handling the filing of a statement with the Court tonight.

Mr. Murphy did not respond last night. There have been multiple emails today (while defense counsel has been in court on other matters), which counsel is happy to provide (including the original emails copied above). Counsel was only given a draft joint statement from Mr. Murphy at 1 pm, which did not contain information relevant to the Court. As to the "compliance issue" (which first surfaced hours ago), it concerns Defendants' "Undercover Fries" Instagram account (@undercover_fries) which we assume Meta recently activated and for a period of time – maybe hours – may have contained Potato Corner material before removed. We are still investigating the matter but have promptly responded to Mr. Murphy's

1  requests for information regarding same.
2
3
4  Dated: March 25, 2025                    FOX ROTHSCHILD LLP
5
6
7                                           _____
                                            Michael D. Murphy
                                            Jordan Zolliecoffer
8                                           Attorneys for Plaintiff SHAKEY'S
                                            PIZZA ASIA VENTURES, INC.
9
10 DATED: March 25, 2025                    BLANK ROME LLP
11
12
13                                          By: /s/ Arash Beral
                                            _____
                                            Arash Beral
14                                          Todd Malynn
                                            Victor Sandoval
15                                          Attorneys for Defendants
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFIFCATE OF SERVICE**

The undersigned certifies that, on February 27, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: February 27, 2025        FOX ROTHSCHILD LLP

_____
Michael D. Murphy
Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.