# EXHIBIT 9

**Murphy, Michael D.**

| | |
|---|---|
| **From:** | Beral, Arash <arash.beral@blankrome.com> |
| **Sent:** | Monday, March 24, 2025 9:34 PM |
| **To:** | Murphy, Michael D.; Malynn, Todd M. |
| **Cc:** | Zolliecoffer, Jordan; James, Pauletta |
| **Subject:** | [EXT] RE: Meet and Confer items |

Mike:

Still haven't heard back from you on any of the below emails, including the attorney's fees stuff. As a reminder, on Thursday, you asked to continue the fees stuff and I said that would be fine. I trust that you are handling the filing of a statement with the Court tonight.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

---

**From:** Beral, Arash
**Sent:** Monday, March 24, 2025 2:39 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** RE: Meet and Confer items

Mike:

We were disappointed that we didn't hear from you on Friday. You didn't send your document production either. I really don't understand why we must be confronted with these accusatorial, unnecessary emails, which you know are untrue or misleading. I don't get it. I thought we had turned the page.

**Please arrange a time to discuss all issues – yours and ours – with Todd either today or tomorrow.** I'm completely slammed on other matters. I've been in Court with a client all morning, which hearing bled into the lunch hour, and I just got back a little while ago to have these long emails from you to address. I have other urgent matters to tend to this afternoon and I'm back in Court tomorrow. It would have helped for you to identify all your issues in advance so that I could review and give my input to Todd before you meet with him. That opportunity being wasted, quickly pointing out:

1. I am confused by the accusation about our request for you to identify the issues before a meet and confer; we made a customary request. Again, we want to have time to evaluate your positions and authorities so that we could have a meaningful discussion with you; we've made this request multiple times. You not only have requested that we send meet and confer letters to you in the past, but we have prepared one in advance of each of our requested meet and confers (which we have had many) in this case. You could have just helped us by identifying the issues, but elected not to. That's fine. Todd will discuss with you, take copious notes, and then discuss your issues with me. He will also discuss our issues as well.

2. I am also confused about your "reversing tires 180 degrees" comment. I don't know what that means, but I assume you're suggesting that we changed positions. We never did. My memory is that we complained in

1

November about your amended pleading, which added claims and parties without leave of court, and you essentially opposed any suggestion at a continuance of the deadlines (not trial date, but deadlines). Then the Court dealt with the deadlines issue (again, not trial date, but deadlines) in a footnote in one of its Orders. We chose not to file a motion to amend the CMO, but to stay on track with all deadlines and trial date – and any time the matter came up, you would not commit anyway. And we've heard Judge Blumenfeld say time and time again that dates are firm; in fact, you and I had this discussion in Court – we said that Judge Blumenfeld is not likely to change any dates. I made a proposal to you to stay this case pending the Ninth Circuit ruling and you refused that. Thus, our side fully complied with the Scheduling Order, as we were and are required to do. We're not going to prejudice our clients to give you a renewed discovery phase, or to designate experts after you've seen our designation, or otherwise renew the waived MSJ dates, etc. The Counterclaim/TPC does not change the analysis either – nothing in there enlarged the scope of discovery; all the issues were addressed in the early motion to dismiss and injunction papers (at least, if not addressed by the preceding state court litigation) and you've had plenty of time to do discovery on the subject matters. Nothing is new. We also offered you depositions in the past and you elected not to do any.

3. Plaintiff currently is in violation of the Magistrate Judge's Order, requiring the production of documents to the first set of document requests last week, including documents you represented you had already gathered. We have not refused to meet and confer on search terms. The search term issue was separate from the agreed-upon initial production you were to make last week. It concerned a follow-up production in accordance with the Order. You agreed to provide a list of search terms to us (which you have not done) so we could comment on them. It was agreed that the initial production would give us insight as to relevant custodians of record to enable us to provide informed comments. You have now deprived us of the ability to so make informed comments on search terms by hiding them from us and refusing to make the initial production of core relevant documents already gathered. You seem to be holding this issue hostage because we objected – appropriately – to your untimely discovery requests.

Best,

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

---

From: Murphy, Michael D. <mdmurphy@foxrothschild.com>
Sent: Monday, March 24, 2025 8:53 AM
To: Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
Cc: Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
Subject: RE: Meet and Confer items

Arash:

**#1 Our Rule 12 Motion**: Nothing in the Local Rules allows you to condition a meet and confer under LR 7-3 on a written submission preceding even the setting of the meet and confer. You are forcing me to waste my client's money on fees. You are correct I have asked for this in the past from you, but have never conditioned a meet and confer on this. Please identify a date over the next two days to conduct this meet and confer that I have been asking for over a period of nearly two weeks. Should you decline to do

so, I will withdraw my offer to accept service upon simply delivering the summonses to my email for the three new defendant.

Regarding the basis for our Rule 12 Motion, it is quite simple, the entire pleading is fatally flawed and must be dismissed.
- a. As for the affirmative defenses which SPAVI will seek to have adjudicated on the pleadings: they are either pled with insufficient specificity, or they do not exist. Failure to state a claim, for example, is not an affirmative defense. Full faith and credit, while it can be an affirmative defense, has to at least identify some factual basis. Each of your affirmative defenses, with few exceptions, are faulty. You should read the CD Cal. Case Rosen (attached), as it is quite illuminating
- b. As for the claims in the counter claim and third party complaint, I think with few exceptions, not one of the elements of any claim is supported by any allegations
    - i. For Cinco: what is the contract it is bound to? The AJVA supersedes the JVA and Cinco is not a party. What is the source of Cinco's supposed fiduciary duties? What is the relationship from which that supposed fiduciary duty arises? It is not a member, of PCJV, it is not a signatory to the AJVA. A licensor owes no fiduciary duties. Can you find one single authority that confers such a duty in this context?
    - ii. For SPAVI: each of the claims sound in interference. What specifically is the act of SPAVI that interfered with contract / business expectancy. You don't ever actually allege that. And what is the specific contract provision being interfered with? What is the wrongful act of SPAVI (as you know this is a requirement for the business expectancy claims).
    - iii. For the Singapore entity and SPAVI US Third Party Defendants: you fail to allege a single fact that would establish a controversy. Not one.
- c. Given the above, you should just dismiss the counter claim and third party claim. In fact, we urge you to rethinking this entire pleading (the Answer and Counterclaim and Third Party Claim) and dismiss the entire thing as we believe, and are now likely to pursue disnmissal under FRCP Rule 11. Each of the four subsections of FRCP 11(b) have been triggered. The best evidence of the absence of any evidence, legally tenable arguments, and for your improper purpose for both the claims and affirmative defenses, is that you made no effort in this pleading to acknowledge this same Court's analysis in the Injunction Order that aderesases thgee aregyuments on point, and attempt to identify facts that would defeat those arguments. This is a concession that you know you have no legal or factual argument around the Court's analysis, which sent your claims into preliminary defeat, indicating that you know you will lose again.

**#2 Scheduling Order**: I request you rethink this new position, reversing tires 180 degrees announced, for the first time in response to this email at the end of last week. Putting aside the record (which shows you asking for this, us agreeing to this, the Court recommending this, and you never once saying you have changed your mind until this email sent last week, there are a lot of things that undermine your newly changed position. First, the fact that you served your Rule 26 disclosures so late you made it impossible for us to use those as a basis and framework for4 discovery, effectively undermining Rule 26 in this case entirely. Second, do you really think the judge is going to tell Cinco, the Singapore entity, and SPAVI US that they get no discovery, no Rule 26 disclosures? Nothing? I think these three points alone will be difficult to explain to the Court. Accordingly, by forcing us to water the fees to prepare an Ex Parte

application is, in our opinion, nothing more than another way to force our client to waste more fees and time. Let's avoid all of that, and just work up a new calendar to propose.

#4 Documents. I tried to meet and confer with you on search terms, which are3 better decided now. You refused. I also asked for a courtesy on time for other discovery responses, in part so I could get this production rolling, and you refused. This forced me to drop everything and work on this. At a certain point, the refusal by your side to extend many courtesies whatsoever is beginning to look like your substantive strategy. We will begin producing thus week. I am very sorry about how you have decided to degrade the baseline of basic courtesies extended between attorneys. Especially when I have given you every single extension you have asked for. Everyone.

**Michael Murphy**
Partner
☐ (213) 213-1211
☐ (310) 974-2271 (cell)
☐ mdmurphy@foxrothschild.com

Learn about our new brand.

---

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Thursday, March 20, 2025 8:40 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
**Subject:** [EXT] RE: Meet and Confer items

Mike:

I'm going on a 12+ hour day here and my eyes are glazing over. I'm also in depos or hearings every day over the next couple weeks with multiple trials coming up. I'll try to connect with Todd tomorrow to see when he's available to confer and also with the clients over the weekend. My quick comments are below since you requested a response today:

First, #3 is fine.

As to #1, please specifically identify the issues you want to confer about so that we can study it before a meeting. I think Todd has asked for this already.

As to #2, I personally don't think your proposal makes sense for our clients. We've been diligently complying with the Case Management Order and we did not file a request for an extension of the CMO either. Since your side didn't address our extension request back in November/December, we treated the CMO to be final especially given its language that it should be treated as being final, as well as Judge Blumenfeld's admonitions to other parties in other cases each time we appeared in Court that dates are final. And certainly, at this late juncture, you can't expect us to prejudice our clients with wholesale revisions to the CMO which would essentially enable you to hit the reset button on waived percipient discovery deadlines, expert discovery deadlines, MSJ deadlines, etc.

4

Moreover, every day of delay with a preliminary injunction hanging over our clients' heads is prejudicial (not to mention almost all of PCJV's franchisees now claiming to "rescind"); our clients want to vindicate their rights ASAP. That said, I will discuss your proposal with our clients and if they wish to agree to it or have a counter-proposal, I will let you know.

Re: #4, SPAVI is required to produce documents this week. It's already been months that we've been chasing this down. We trust that you will comply with the Magistrate Judge's Order and produce documents tomorrow. In addition, SPAVI is to provide the search terms it is using to ensure that it has gathered all responsive documents subject to the limitations stated in the Order. We cannot delay any further, especially when the discovery motion hearing deadline is April 11. Please comply. As to our written request last Friday to meet and confer over SPAVI's discovery responses as to our second set of discovery requests, this must also be brought to the Magistrate Judge's attention ASAP given the April 11 deadline. I will ask Todd to propose a joint agenda on that tomorrow.

Best,

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
[Arash Beral | Blank Rome LLP](#)

---

From: Murphy, Michael D. <mdmurphy@foxrothschild.com>
Sent: Thursday, March 20, 2025 3:04 PM
To: Beral, Arash <arash.beral@blankrome.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
Cc: Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>; James, Pauletta <PJames@foxrothschild.com>
Subject: Meet and Confer items

Arash and Todd:

1. **Pleading Challenges: Please advise today** as to three times you can meet and confer with Jordan and I regarding a Rule 12 Motion and Motion for Judgment on the Pleadings on behalf of SPAVI, SPAVI US, Cinco, and the Singapore entity. The Motion will be challenging each of the causes of action in the Third Party Complaint / Counterclaim under 12(b)(6) and for failing under Iqbal and Twombly. As for SPAVI we will also be challenging a host of your affirmative defenses and seeking to have them dismissed as well. When you propose dates and times, please keep in mind that once you send us the subpoenas / or we agree to waive service, we only have 12 days to file and our LR 7-3 meet and confer has to be within time sufficient to accomplish that. I can be available tomorrow afternoon. I would prefer it be before 1, because Jordan is on the East Coast.

2. **Trial Schedule**: Rather than us going back and forth as to who was supposed to propose a schedule, given that this was first asked of us by you in December, we propose the below schedule, which I think I can get buy in on with respect to Cinco as well as the additional SPAVI parties you named. We are giving up a lot with respect to time for Cinco's role, as a courtesy. I cannot guarantee its agreement but lets all of us come to an agreement and then I will work with them. We would like to also include in here that for any deadlines that passed, that deadline is extended as if it did not yet toll. This avoids anyone playing games with respect to meeting and conferring as to outstanding discovery (both of us could do so, so let's nip it in the bud). If we can agree on this over the next 24 hours, I will obtain a waiver of service. **Please respond to this proposed schedule by noon tomorrow**.

3. **Contempt Damages**: Regarding fees in contempt, I owe you some additional backup here. I have not had the time to sit down and get you revised redactions showing that we in fact did reduce Kenny's time in each entry where other tasks were identified. I would like to ask the Court for an extra week. **Please confirm this is acceptable**.

4. **Meet and Confer on Discovery**: I noted your letter last Friday. I would like us to complete the meet and confer as to the pleading challenges first, and then we can address document productions, responses, on all sides. I believe an in person meet and confer is advisable. Please note: our production with respect to what was discussed at the IDC got delayed because of things out of my control. We would like to propose the dates on that be extended by 10 days as to each.

Thank you,

| | | |
|---|---|---|
| **Trial**  ☐ Court ☐ Jury              (Mon., 8:30 a.m.) | ~~August 4, 2025~~ | January 5, 2026 |
| **Pretrial Conference**          (Fri., 9:30 a.m.) (including hearing on motions in limine) | ~~July 18, 2025~~ | December 19, 2025 |
| Deadline to Complete Rule 26 Disclosures or Amended Disclosures | April 16, 2025 | |
| **Motion to Amend Pleadings/Add Parties** (Hearing Deadline) | ~~November 8, 2024~~ April 30, 20225 | |
| **Discovery Deadline - Nonexpert** | ~~March 14, 2025~~ | August 15, 2025 |
| **Discovery Deadline – Expert** | ~~April 11, 2025~~ | September 11, 2025 |
| Initial Expert Disclosure | ~~February 28, 2025~~ | August 1, 2025 |
| Rebuttal Expert Disclosure | ~~March 14, 2025~~ | August 15, 2025 |
| **Discovery Motion Hearing Deadline**[1] | ~~April 11, 2025~~ | September 11, 2025 |
| **Non-Discovery Motion Hearing Deadline** | ~~April 25, 2025~~ | September 26, 2025 |
| **Settlement Conference Deadline** ☐ 1. Mag. J.  ☐ 2. Panel  ☐ 3. Private | ~~May 9, 2025~~ | October 10, 2025 |
| **Post-Settlement Status Conf.** (Fri., 8:30 a.m.): | ~~May 23, 2025~~ | October 24, 2025 |
| Joint Status Report Due (7 days before by 9:00 a.m.): | ~~May 16, 2025~~ | October 17, 2025 |
| **Trial Filings (First Set) Deadline** | ~~June 20, 2025~~ | November 21, 2025 |
| **Trial Filings (Second Set) Deadline** | ~~July 7, 2025~~ | December 8, 2025 |

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

---

[1] A motion seeking or opposing further nonexpert discovery must be heard on or before the nonexpert discovery deadline.