# EXHIBIT 12

| | |
|---|---|
| **From:** | Murphy, Michael D. |
| **Sent:** | Friday, April 11, 2025 6:29 PM |
| **To:** | Beral, Arash |
| **Cc:** | Zolliecoffer, Jordan; James, Pauletta; Malynn, Todd M. |
| **Subject:** | Proposal re Potato Corner APA |

Arash:

Herein we make a proposal regarding your RFPs seeking copies of the asset purchase agreement that memorialized the acquisition of Potato Corner by SPAVI. You asked for it, we objected, and the Magistrate implied that she would find merit in our objections, by urging you towards an agreement where we produce those parts that refer to the US, your clients, etc. and to the acquisition of IP in general.

The basis for our objections, as you know, includes that your client is a competitor, and that the information in this agreement (a comprehensive view of a competitor's internal finances and structure and assets) is a core example of information protected under the financial privacy rules. There is no reason a competitor should have access to information of such a sensitive nature. With the exception of a few paragraphs on a few pages, the agreement has no relevance to any of the issues in this case. As such, there is nothing to balance out the grave risk of disclosing details about your financial, structural, and global reach innards to a competitor .

Typically for an irrelevant document of a highly sensitive and competitive nature, I would simply produce those few relevant pages under the Highly Confidential destination and refuse to provide the rest based on our well-founded objections.

I anticipate, however, that your team will likely cry foul, accusing me of lying about what is in the rest of the agreement, and our clients of concealing evidence. I have a proposal to head off such accusations before they are made.

We will agree to make the entire APA available for review with the only redactions being the removal of account numbers, etc. , under the following conditions.

1. One copy of the APA will be made available in a conference room in our office from which it may not be removed.
2. Two attorneys rom Blank Rome may review the document; however, they may not have with them in the conference room, let alone use for any purpose while in the conference room, any electronic or digital device of any kind (no laptop, no cell phone, no pad). To be clear: No pictures, notes, text messages, nothing can be used to transfer information learned from that APA to any other medium.
3. The reviewing attorneys will, throughout the review, always be monitored by a staff member of our office and must remain visible to the staff member of our firm as long as they are in the same room as the document.

4. Any and all information contained in those documents will be deemed highly confidential, such that if any person outside the small group permitted by the Protective Order learns of any information contained in the document, we will pursue ever remedy available.

Our proposal allows you to see something that have no right to see, but that you claim a need to review based upon speculation about what it says. By disclosing in this manner, we can protect its confidentiality, and our obligations to parties to the agreement, while still giving you an opportunity to see firsthand why there are no facts to support the legally untenable theory on which you base much of your defense and affirming claims.

Thank you,

Mike



**Michael Murphy**
Partner
(213) 213-1211
(310) 974-2271 (cell)
mdmurphy@foxrothschild.com

**Learn about our new brand.**