**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAKEYS PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual,<br><br>Defendants - Appellants,<br><br>and<br><br>POTATO CORNER LA GROUP, LLC, a California limited liability company, NKM CAPITAL GROUP, LLC, a California limited liability company, J & K AMERICANA, LLC, a California limited liability company, J & K CULVER, LLC, a California limited liability company, J&K LAKEWOOD, LLC, a California limited liability company, J&K OAKRIDGE, LLC, a California limited liability company, J&K VALLEY FAIR, LLC, a California limited liability company, J & K CAPITAL 2, LLC, a California limited liability company, J & | No. 24-7084<br><br>D.C. No.<br>2:24-cv-04546-SB-AGR<br><br>MEMORANDUM* |

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

K ONTARIO, LLC, a California limited liability company, J&K PC TRUCKS, LLC, a California limited liability company, J&K CONSULTANTS GROUP, LLC, a California limited liability company, GK CAPITAL GROUP, LLC, a California limited liability company, DOES, 1 through 100, inclusive,

        Defendants.

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted May 15, 2025[**]
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

PCJV USA, LLC, PCI Trading, LLC, and Guy Koren (together, "PCJV") appeal from the district court's orders preliminarily enjoining them from using three trademarks associated with the Potato Corner brand, setting a $100,000 bond, and denying their requests for reconsideration. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1292(a), and we affirm.

    1.  Shakey's Pizza Asia Ventures, Inc. (SPAVI)'s trademark infringement

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

claims are not barred by issue or claim preclusion based on the state court litigation between PCJV and Cinco Corporation (Cinco).  First, as to issue preclusion, no "identical issue" was "actually litigated" in the state court action, which centered on control of PCJV, not whether PCJV owned or had a right to use the trademarks registered in Cinco's name.  *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007).  Second, the state court litigation did not involve "the same 'claim' or cause of action," nor "identical parties or privies" for purposes of claim preclusion given that SPAVI does not claim any of the contractual rights that were at issue in the state court action.  *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020–21 (9th Cir. 2019) (citation omitted).  Thus, neither doctrine bars SPAVI's trademark action.

    2.  The district court did not abuse its discretion by preliminarily enjoining PCJV from using the Potato Corner marks.  As the party seeking a preliminary injunction, SPAVI must establish that it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

    To succeed on the merits of its claims against PCJV, SPAVI must be the owner of the relevant marks.  *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (requiring a showing of "ownership of a valid mark" to

sustain a trademark infringement claim). Registration of the mark is prima facie evidence of ownership. 15 U.S.C. § 1115(a). Here, it is undisputed that Cinco registered the three marks at issue then transferred ownership of those marks to SPAVI.

PCJV argues that it has a superior claim to ownership of the marks as the first and exclusive domestic user of the marks. But in the licensor-licensee context, a licensee's use of a trademark inures to the benefit of the licensor-registrant. *See* 15 U.S.C. § 1055. Because SPAVI plausibly alleges that PCJV's use of the marks was authorized by Cinco pursuant to an "unwritten, revocable, at-will license," PCJV's use inured to the benefit of Cinco and did not give PCJV a superior claim of ownership.

Next, PCJV argues that SPAVI is unlikely to succeed on the merits of its claims because it uses the marks pursuant to a long-term written license under either the Amended Joint Venture Agreement (AJVA) or a draft intellectual property agreement (which only Guy Koren signed, left the royalty amount blank, and still contained the drafter's notes). But the AJVA contained an agreement to enter a *future* Master License Agreement, not a "perpetual license" like PCJV claims. *See First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1065 (9th Cir. 2011) ("[A]n 'agreement to agree,' without more, is not a binding contract."). Moreover, SPAVI plausibly alleged that the intellectual property

agreement was merely a draft, and the district court acted within its discretion in finding that PCJV failed to disprove that allegation. Thus, we decline to disturb the district court's decision as to SPAVI's likelihood of success on the merits.

We also decline to disturb the district court's application of the remaining *Winter* factors. Under the Lanham Act, a showing of a likelihood of success on the merits creates a rebuttable presumption of irreparable harm, 15 U.S.C. § 1116(a), which the district court reasonably found PCJV failed to rebut. The court neither applied the wrong legal standards nor based its decision on clearly erroneous factual findings when balancing the equities and considering the public interest. *See Smith v. Helzer*, 95 F.4th 1207, 1213–14 (9th Cir. 2024). At the preliminary injunction stage, we are "not empowered to substitute our judgment for that of the district court," and may reverse "only if the district court abused its discretion"— which it did not do here. *Id.* (citation, alteration, and internal marks omitted).

3. Finally, the district court did not abuse its "wide discretion" when it set a bond of $100,000 under Federal Rule of Civil Procedure 65(c). *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). At the time that bond was set, PCJV had presented no evidence to support its request for at least a $100 million bond, despite bearing the burden of "presenting evidence that a bond is needed." *Id.* at 883. In the absence of any evidence, the district court was well within its discretion to conclude that compliance with the injunction

would cost PCJV no more than $100,000.[1]

**AFFIRMED.**

---

[1] We deny PCJV's Motion to Increase Bond Securing Preliminary Injunction (Dkt. No. 18) without prejudice to its renewal in the district court.