MICHAEL D. MURPHY
mdmurphy@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*The Hon. Stanley Blumenfeld, Jr.*<br><br>***REDACTED* DECLARATION OF MICHAEL MURPHY IN RESPONSE TO THIS COURT'S APRIL 8, 2025 ORDER TO SHOW CAUSE REPLACING DKT. 151 AND PER CHAMBER ORDERS**<br><br>Complaint Filed:   May 31, 2024<br>Trial Date:   August 4, 2025 |

| | |
|---|---|
| 1 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Counter-Claimants, |
| 8 | v. |
| 9 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 10 | |
| 11 | Counter Defendant. |
| 12 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | Third Party Plaintiffs, v. PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and DOES 1 through 10, inclusive, |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | Third Party Defendants. |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## **DECLARATION OF MICHAEL D. MURPHY**

I, Michael D. Murphy do hereby state and declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Fox Rothschild LLP, attorneys of record for Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI"), as well as the newly named Third-Party Defendants: Cinco Corporation, PC International PTE Ltd, and SPAVI International USA, Inc. Those parties have not yet filed their responsive pleadings.

2. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe that they are true.

3. I submit this declaration in response to this Court's Order to Show Cause issued on April 8, 2025 (Dkt. 149).

4. I understand that this Court wishes for there to be an explanation as to why sanctions should not issue for the late filing on April 8, 2025 (compounded by the prior late filing on March 25, 2025). This Court separately has also asked for an explanation as to why we should not be sanctioned "in a reportable amount in light of their long history of noncooperation and the Court's repeated warnings about their conduct." I address each separate question in turn.

### **No Sanctions Should Issue After the April 8, 2025, Late Filing**

5. I bear responsibility for having missed, by approximately 77 minutes, the deadline of 12:00 pm on April 8, 2025 to file the Joint Statement. Below, I explain how this happened, and it is my hope that the Court will conclude that this was not the result of dereliction of duties, lack of competence, or disrespect. Instead, it was the result of an excusable error within my firm that will, as explained herein, never happen again. Sanctioning would not serve any purpose as the cause was a clerical error more than anything else.

1

6. I have been assuming, since joining my new firm a month ago, that, when my name with my new firm and address was added to PACER for this case, my Fox Rothschild legal assistant had also been added, and was, therefore in receipt of all "cacd_ecfmail" activity alerts which effect service of, among other things, this Court's orders. Because my legal assistant has been identified as a necessary recipient of all service documents, it was my belief that when I was added, she was as well. It was my error in not expressly asking if she had been added, and assuming that she had been.

7. I had not discussed the April 8, 2025 filing with my legal assistant, having assumed she knew about it from seeing the Activity alert from this Court after it issued its order on March 25, 2025. (Dkt. 135.) My focus in that filing was preparation of invoices for this Court's review, and redactions of privileged, work product, and confidential material, which I had been working on with other staff members.

8. In the system I have at Fox, my legal assistant takes the lead in populating my calendar, as deadlines for my various matters are received. As it turns out, the April 8, 2025, deadline of noon was not on my calendar, because, again, my legal assistant had not received the Activity alert. As such, although I had a skeletal draft of my portion of the joint statement drafted, as part of my evaluation of the calendar of the week, which I performed this last Sunda, April 6, 2025, to come every Sunday, it was not evident to me that I needed to complete this task before Tuesday at noon, because in fact the task was not on my calendar at all.

9. This is relevant because, on April 8, 2025, around 9:15, I was driving to the office, and the date started nagging at me making me concerned that maybe I have a deadline. I pulled over and looked at my phone calendar and saw that it was not on there. I pulled up PACER and re-read Dkt. 135, and realized I had to get this on file. I turned my car around to go home to work on this in my home office, being only twenty minutes away.

10. Upon returning to my home office on April 8, 2025, the first and primary item of business was to talk to my team about preparing the exhibits which are the invoices upon which the ruling on fees and costs as damages is to be based. If the exhibits were done, I was prepared to file my skeletal draft of the joint statement. Nevertheless, because I knew Defendants would be citing to those same invoices, given that these exhibits were necessary to understand and evaluate each of the party's statements, the redacted invoices had to be completed.

11. Based upon what I had learned during my call about the exhibits (a meeting that began at 9:45 a.m.), it seemed to me a near certainty that we would have all of those invoices done before noon. In addition to already redacted and circulated exhibits (Exh. Nos. 1, 2, 3, and 5), we also needed to contact my old firm and obtain the February 2025 invoice (which was issued on March 31, 2025) as well as my "pre bill" for March of 2025 at Fox. Both needed to be redacted to excise privileged, work product, confidential material. Also, approximately a week ago, I had asked Mr. Agaki, the investigator to resend all of his invoices because the ones I had were in Manila. I had not had the opportunity to follow up (not realizing there was a deadline). Accordingly, we had to follow up with him as well.

12. Again, irrespective of how much I got done on the already begun brief on this issue, I was prepared to file the exhibits and the brief however it stood at noon. As the exhibits were being prepared (including my attempts to contact Mr. Agaki), I revised our statement.

[redacted]

14. At 11:52 am on April 8, 2025, I received Defendants' portion of the brief, and the moment I opened that document, my computer froze and shut down. I still do not know the cause of the crash and was at the time still suspecting that it might have been something in that document.

15. Nevertheless, it was at that time when I realized our exhibits were not completed, as the redactions had not been completed and Mr. Agaki had still not sent his invoices over. It took another hour for the exhibits to be completed; an hour that also included my having heard from Mr. Agaki who is out of town and did not have access to his computer. As soon as the exhibits were assembled, we were ready to file.

16. Again, and to be clear it was the only preparation of exhibits that delayed the filing, and of course since both parties to the joint statement are relying upon and referring to those documents it was necessary that the exhibits be attached. Had I known at the 9:54 am call that the exhibits could not be prepared in time to file by noon, or had a reasonable belief that they would not be done by noon I would have reached out to both the Court and counsel for the Defendants to let them know about the issue. It was not until right at noon that I discovered the exhibits would not be completed.

17. At the end of the day, had the deadline been on my calendar, none of this would have happened because all of these tasks would have been done long before noon on April 8th. I am ultimately responsible for my own calendar and not anybody else, notwithstanding any assistance that I have to help me with my calendar or assumptions regarding who is helping me with my calendar. It is my responsibility. Moreover, because I am at the top of the caption, the fault for any errors from our end lie ultimately with me. For these reasons, I take responsibility for the lateness of the Joint Statement. I intended no disrespect, nor is this evidence of any competence issues. It was purely a clerical error that now that it has been brought to my attention

1  will never happen again.

2      18.      As it turns out, the fact that my assistant was not receiving emails from "cacd_ecfmail" contributed, in part, to the lateness of the March 24, 2025 filing as well. The weekend prior, a serious family emergency had erupted, and I had notified relevant family members that I would be available for them (and offline from work) Monday, March 24, 2025 in the afternoon and into the evening. I had not seen any entries for deadlines on my calendar for Monday, March 24, 2025, although I had remembered the filing was due that week, because Mr. Beral and I had discussed it.

9      19.      I did, indeed, have to turn to my personal family emergency in the afternoon of March 24, 2025 and was offline. The next day, I sent an email to Mr. Beral explaining what had happened, and advised I would file that morning. I specifically recall being confused as to why the joint filing was not on my calendar, however, I assumed I had deleted it or something, not thinking that there as a more fundamental issue.

15      20.      There was a second, countervailing issue that also arose on March 24, 2025, of a substantive nature that complicated any ability to prepare a filing. [REDACTED]

4

1  ████████████████████████████████████████
2  █ ██████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████
8  █ ██████████████████████████████████████
9  ████████████████████████████████████████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████
13 ████████████████████████████████████████
14 ███████████████████████████████████████
15 █ ██████████████████████████████████████
16 ████████████████████████████████████████
17 ████████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████████
20 ██

21   27.   Given the confluence of events, all piled on top of the original sin of my
22 having not ensured that my legal assistant was receiving alerts from this Court, I
23 request that this Court not issue sanctions to either me, or Defendants' counsel. This
24 has not been a result of lack of cooperation, or acrimony. Nor was it a sign of
25 disrespect. This Court has my personal assurance that I will not allow this to happen
26 ─────────────────────
27 [1] ████████████████████████████████████████
28 ████████████████████████████████████████

1  again. I have great respect for our Article III courts, and am deeply sorry about these
2  events, and the effect that it has had on this Court.

### Sanctions Should Not Issue Against Me, My Firm, Nor My Client Regarding Non-Cooperation Referred to in the OSC

5  28. I applaud the Court's commitment towards professionalism between and
6  among counsel that appear before it. I have always prided myself in having good
7  relations with opposing counsel, as can be confirmed by the fact that one of my main
8  sources of referrals are attorneys who represented former opponents. I believe you can
9  zealously advocate, while am not aware of what specific event, or act, the Court is
10 thinking of, when contemplating issuing sanctions against me, of a reportable amount
11 for "non-cooperation." This is a delicate discussion because, I fear that my
12 commentary and discussion about this issue will sound as if I am not taking
13 responsibility for my actions, claiming "they started it," or otherwise.

14 29. With that said, I do believe that before this Court goes so far as to issue
15 sanctions that would serve as a blemish to my law license, for me to respond to an
16 Order to Show Cause, I need to know what specific act or event I am responding to.
17 The fact that there is acrimony between parties or counsel is not new in this profession,
18 nor do I believe I have done anything that is unethical or falls below the level of
19 professionalism that is expected of lawyers in this Court.

20 [REDACTED]
21 [REDACTED]
22 [REDACTED]
23 [REDACTED]
24 [REDACTED]
25 [REDACTED]
26 [REDACTED]
27 [REDACTED]
28 [REDACTED]

| | |
|---|---|
| 1 | ▮ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 2 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 3 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 4 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 5 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 6 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 7 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 8 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 9 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 10 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 11 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 12 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 13 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 14 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 15 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 16 | ▬▬▬▬▬▬▬▬▬ |
| 17 | ▮ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 18 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 19 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 20 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 21 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 22 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 23 | ▬▬▬▬▬▬▬▬ |
| 24 | ▮ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 25 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 26 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 27 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| 28 | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |

1 | identified. ████████████████████████████████████████
2 | ████████████████████████████████████████████████████
3 | ████████████████████████████████████████████████████
4 | ████████████████████████████████████████████████████
5 | ████████████████████████████████████████████████████
6 | █████████████████
7 | █ █ ███████████████████████████████████████████████
8 | ████████████████████████████████████████████████████
9 | ████████████████████████████████████████████████████
10 | ████████████████████████████████████████████████████
11 | ████████████████████████████████████████████████████
12 | ████████████████████████████████████████████████████
13 | ████████████████████████████████████████████████████
14 | ████████████████████████████████████████████████████
15 | ████████████████████
16 | █ █ ███████████████████████████████████████████████
17 | ████████████████████████████████████████████████████
18 | ████████████████████████████████████████████████████
19 | ████████████████████████████████████████████████████
20 | ████████████████████████████████████████████████████
21 | ████████████████████████████████████████████████████
22 | ████████████████████████████████████████████████████
23 | ████████████████████████████████████████████████████
24 | ████████████████████████████████████████████████████
25 | ████████████████████████████████████████████████████
26 | ████████████████████████████████████████████████████
27 | ████████████████████████████████████████████████████
28 | ████████████████████████████████████   ████████████





1  ████████████████████████████████████
2  ████████████████████████████████████
3  ████████████████████████████████████
4  ████████████████████████████████████
5  ████████████████████████████████████
6  ████████████████████████████████████
7  ████████████████████████████████████
8  ████████████████████████████████████
9  ████████████████████████████████████
10 ████████████████████████████████████
11 ████████████████████████████

12     38.    At the end of the day, I agree, vigorously, to rise to this Court's challenge, to be netter in how I approach bad behavior, or even toxicity. I can be better and represent I will continue to work towards this goal. I do not, however, know of any instance of my behavior that is so sanctionable that my license should be tarnished forever.

       39.    For this reason, I respectfully request that no sanctions be ordered against me or my firm or my clients.

       I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

       Executed on this 4th day of June, 2025, at Los Angeles, California.

                                              /s/ Michael D. Murphy
                                              Michael D. Murphy

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on June 5, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 5, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third-Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.