**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Jamison T. Gilmore (SBN322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**SUPPLEMENTAL DECLARATION OF TODD M. MALYNN IN SUPPORT OF DEFENDANT PCJV USA, LLC'S MOTION FOR RELIEF UNDER FRCP RULE 37(b)(2)**<br><br>*[Filed contemporaneously with PCJV USA, LLC's Reply in Support of Motion for Sanctions]*<br><br>Date:          June 27, 2025<br>Time:          8:30 a.m.<br>Location:   Zoom Video Conference<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:           August 4, 2025 |

1  limited liability company and DOES 1 through 100, inclusive,

2                    Defendants.

3  _____

4  PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

9                    Counter-Claimants,

10       v.

11 SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

12                   Counter Defendant.

13 _____

14 PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

19

20                  Third Party Plaintiffs,

21       v.

22 PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,

25                  Third Party Defendants.

26

27

28

2

**SUPPLEMENTAL DECLARATION OF TODD M. MALYNN**

# SUPPLEMENTAL DECLARATION OF TODD M. MALYNN

I, Todd M. Malynn, declare as follows:

1. I am a partner at Blank Rome LLP, counsel of record for the Defendants, Counter-Claimants and Third-Party Plaintiffs, including PCJV USA, LLC and Guy Koren (collectively, "Defendants") in this action against plaintiff and counterclaim defendant Shakey Pizza Asia Ventures, Inc. ("Plaintiff" or "SPAVI"). I have personal knowledge of the facts set forth in this declaration, and if called upon to testify under oath, I could and would testify competently thereto.

2. Attached as **Exhibit 1** is Defendant' Flow Chart outlining critical issues as to which Plaintiff has suppressed evidence in violation of the Court March 12 and April 4, 2025 orders, including evidence falling with Plaintiff's initial disclosures. Exhibit 1 demonstrates how Plaintiff is requiring Defendants to prepare multiple defense responses that involve different trial strategies, evidence, and witnesses, including different lines of questioning, presentation of facts and law, ordering of witnesses, and argumentation at closing, which could plainly confuse a jury.

3. Plaintiff did not begin a rolling production in mid-March or produce documents by April 11, 2025, as ordered. Plaintiff's untimely opposition does not attempt on a request-by-request or other basis to substantiate compliance with the Court's March 12 Order, as directed on April 4, 2025.

4. Rather than produce all documents responsive to the Requests for Documents compelled by Court, Plaintiff produced public filings with the Security Exchange Commission and a few notices to stockholders, which it could have done without a protective order. My colleagues and I have not seen documents that pre-date when Plaintiff contends it closed its transaction with Cinco.

5. A few examples of critical documents Plaintiff did not produce, despite being encompassed by RFPs Plaintiff was ordered to comply with, include:

    a. The purchase agreement or any drafts of the purchase agreement that SPAVI allegedly entered into with Cinco to allegedly acquire U.S. trademark rights free and clear of pre-existing ownership (or right to

1

          control) or licensing rights (or right to use) the Potato Corner marks in the United States in response to RFP No. 1;

    b. Communications related to negotiations for the sale of Potato Corner assets in response to RFP No. 4;

    c. Due diligence or risk assessment documents related to Cinco's existing dispute over control of the U.S. Potato Corner franchise system and any future trademark or trade secret litigation response to RFP Nos. 6-7;

    d. Legal opinions in connection with acquiring the Potato Corner assets in response to RFP No. 16;

    e. Any communications regarding the acquisition of Potato Corner assets with exception of public SEC filings and notices to shareholders regarding largely irrelevant information in response to RFP Nos. 10-11 and 17-18; and

    f. Any documents or communications that show Plaintiff owns the alleged trade secrets and that reasonable efforts to maintain their secrecy in response to RFP Nos. 21-22 and 26-27.

6. No privilege log has been produced.

7. I have spent over 20 hours researching, drafting, revising and updating Defendants' reply brief and my supplemental declaration. I spent an additional 8 hours preparing Exhibit 1 exemplifying Defendants' prejudice. My colleague Jamison Gilmore has spent over 25 hours researching, drafting, revising and updating Defendants' reply brief and my supplemental declaration. Mr. Gilmore's invoiced rate is $538 per hour.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed in Los Angeles, California.

DATED: June 20, 2025

By: _____
      Todd M. Malynn

2
**SUPPLEMENTAL DECLARATION OF TODD M. MALYNN**