# EXHIBIT 1

**FLOW CHART RE WHO HAS SUPERIOR U.S. TRADEMARK RIGHTS**

**HIGHLIGHTED IN RED ARE QUESTIONS AS TO WHICH SPAVI HAS SUPPRESSED EVIDENCE**

**First & Ultimate Question**
Did SPAVI, who had notice of the MLA and JVA, including as enforced in state court, acquire trademark rights (a) with Koren's consent and subject to PCJV's rights under MLA or (b) that were supieror to PCJV/Koren's rights under the JVA over their objection?

↓

**Second Question (Sub-Issue)**
Under SPAVI's purchase agreement with Cinco, did SPAVI step into Cinco's shoes under Cinco's written agreements with PCJV (*e.g.,* MLA) or PCJV's domestic joint venture partners (*e.g.,* JVA), or did SPAVI acquire (unspecified) IP assets, only, and no rights/obligations under the agreements controlling PCJV's use of the U.S. trademarks?

**Complete Assignment (Stepped into Cinco's Shoes)** ↙          ↘ **Partial Assignment (Did Not Assume Contractual/Fiduciary Rights/Obligations in Joint Venture)**

**Third Question (Sub-Issue)**
Did Cinco comply with the JVA, including as amended, and sell to SPAVI U.S. IP rights as authorized by PCJV/Koren under the MLA, including as ratified?

**CONCLUSION**
Under Settlement Agreement with PCJV/Koren resolving the state-court action, Cinco parties sold to Koren parties all interests in PCJV and all licensing rights under the MLA and JVA, including as amended

**Yes** ↙   **No** ↘

**CONCLUSION**
Cinco/SPAVI affirmed MLA, under which PCJV enjoys long-term trademark rights, and SPAVI has committed fraud on the Court, violated Rule 11, and breached the MLA

**FDD Ratification of MLA**
Do the FDDs evidence fraud or an enforceable long-term license by (a) course of performance or (b) promissory estoppel--if so, SPAVI acquired U.S. IP rights subject to PCJV's rights under the MLA

**Ownership by Acquiring Rights**
If FDDs evidence an enforceable MLA by (a) course of performance or (b) promissory estoppel, then Koren parties acquired Cinco's licensor rights and own U.S. trademarks

**Ownership: *Sengoku* Prong #1**
Because Cinco vested control of U.S. trademarks in PCJV under JVA (as part of consideration to create, develop, operate and grow U.S. Potato Corner franchise system) until further agreement (e.g., MLA), PCJV's exclusive use inured to PCJV's own benefit and Cinco could not sell to SPAVI PCJV/Koren parties' trademark rights under 15 U.S.C § 1055

**Ownership: *Sengoku* Prong #2**
Under the *Sengoku* factors, PCJV, the first continuous and exclusive user of the U.S. trademarks, has supieror trademark rights over the foreign registrant to use and control the U.S. marks even if the written agreements do not control ownership

**Long-Term Trademark Rights Under JVA**
Even if not an owner under *Sengoku*, JVA created a right to use the U.S. trademarks that could not be terminated "at will" or transferred absent further agreement (*e.g.,* MLA)

**Defense: Acquiesce**
Pre-closing, SPAVI had knowledge of Cinco's acquiesce in Koren's full control of PCJV's use of the U.S. trademarks as PCJV's President, including becuase JVA delegated full control of the U.S. marks to PCJV's President, who never sought Board approval of PCJV's use and licensing of the marks

**Defense: Assignment in Gross**
Because SPAVI had notice of Koren's objection under the JVA, including as amended, and was bound by the state court's injunction, Koren's refusal to consent to SPAVI's transaction resulted in an assignment in gross (*i.e.,* ownership being split from right to control) as there is (a) no privity of contract between SPAVI/PCJV and no basis in fact or conduct upon which to imply a right to control PCVJ's use of the marks or (b) no contractual right in SPAVI to control PCJV's use of the U.S. trademarks absent an enforceable MLA

**Defense: Unclean Hands**
SPAVI's effort to recapture control of and discontinue PCJV's use of the U.S. trademarks is barred by the doctrine of unclean hands, including because SPAVI aided and abetted Cinco's bresach of fiduciary duties and induced Cinco to breach the restrictions on transfer in the JVA, including as amended