MICHAEL D. MURPHY (SBN 224678)
mdmurphy@foxrothschild.com
MATTHEW FOLLETT (SBN 325481)
mfollett@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third-Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, <br><br> Plaintiff, <br><br> v. <br><br> PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive, | Case No. 2:24-CV-04546-SB(AGRx) <br><br> *The Hon. Stanley Blumenfeld, Jr.* <br><br> **NOTICE OF *EX PARTE* AND *EX PARTE APPLICATION* OF THIRD-PARTY DEFENDANTS AND PLAINTIFF TO CONTINUE TRIAL DATE AND AMEND CASE MANAGEMENT ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 16** <br><br> **(***Filed Concurrently With Supporting Declaration of Michael D. Murphy; and [Proposed] Order***)** <br><br> Complaint Filed: May 31, 2024 <br> Trial Date: August 4, 2025 |

1

| | |
|---|---|
| 1 | Defendants. |
| 2 | |
| 3 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Counter-Claimants, |
| 9 | v. |
| 10 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 11 | |
| 12 | Counter Defendant. |
| 13 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | Third Party Plaintiffs, |
| 20 | v. |
| 21 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and DOES 1 through 10, inclusive, |
| 22 | |
| 23 | |
| 24 | |
| 25 | Third Party Defendants. |
| 26 | |
| 27 | |
| 28 | |

2

# TABLE OF CONTENTS

**NOTICE OF *EX PARTE* AND *EX PARTE* APPLICATION** ............................... 4

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................ 6

   **I.   INTRODUCTION** ......................................................................... 6

   **II.  RELEVANT BACKGROUND** ................................................... 8

      A. *SPAVI Files Suit And An Avalanche of Filings Soon Follow.* .................. 8

      B. *Third Party Defendants Appear In the Lawsuit after Discovery Has Closed.* ........................................................................................... 11

      C. *The Parties Discuss And Agree That A New CMO Continuing the Trial Date Is Needed.* ....................................................................... 13

   **III.  ARGUMENT** ............................................................................ 14

      A. *Legal Standard.* ...................................................................... 14

      B. *There is Good Cause To Continue the Trial Date Because Inter Alia SPAVI and The Third-Party Defendants Have Been Denied Any Opportunity To Exercise Their Rights Under The Federal Rules of Civil Procedure and The 14th Amendment to the U.S. Constitution.* ...................... 15

   **IV.  CONCLUSION** ...................................................................... 16

**CERTIFICATE OF COMPLIANCE RE: WORD COUNT**    18

3

*EX PARTE* APPLICATION TO CONTINUE TRIAL DATE AND AMEND CASE MANAGEMENT ORDER
CASE NO. 2:24-CV-04546-SB(AGRX)
173650116.2

# TABLE OF AUTHORITIES

*Johnson v. Mammoth Recreations, Inc.*
    975 F.2d 604 (9th Cir. 1992) ............................................................. 14

Fed. R. Civ. P. 16(b) ............................................................................. 14

# NOTICE OF *EX PARTE* AND *EX PARTE APPLICATION*

**TO THE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff and Counter Defendant SHAKEY'S PIZZA ASIA VENTURES, INC ("SPAVI") and PC INTERNATIONAL PTE LTD; SPAVI INTERNATIONAL USA, INC; and CINCO CORPORATION (except for SPAVI, all collectively, "Third Party Defendants"), will, and hereby do, move *ex parte* under Federal Rule of Civil Procedure 16(b)(4), L.R. 7-19, and this Court's Standing Order for Civil Cases (Dkt. 25) for an order that continues the trial date in the above-captioned action (the "Action") from August 4, 2025 to February 5, 2026, and that amends the Case Management Order (the "Application").

SPAVI and Third-Party Defendants have advised this Action's Counter-Claimants and Third-Party Plaintiffs regarding the date and substance of this Application. Counter-Claimants and Third-Party Plaintiffs indicated that they will oppose it. Counsel for Counter-Claimants and Third-Party Plaintiffs are Todd Malynn (todd.malynn@blankrome.com); Arash Beral (arash.beral@blankrome.com); and Jamison Gilmore (jamison.gilmore@blankrome.com). All are located at Blank Rome LLP, 2029 Century Park E, Los Angeles, CA 90067. Their phone number is (424) 239-3400.

The Application is based on this Notice and *Ex Parte* Application, the Declaration of Michael D. Murphy and attached exhibits, the [Proposed] Order, and the records, orders and pleadings on file, and such further evidence and argument that may be presented before or at the time of the hearing on the Motion.

Dated: June 24, 2025

**FOX ROTHSCHILD LLP**
*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third-Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As to all claims alleged with sufficient time to engage in discovery, Rule 12 and 56 challenges, Plaintiff SHAKEY'S PIZZA ASIA VENTURES, INC ("SPAVI") is prepared to go to trial. Indeed, its trademark, trade secret, unfair competition and unjust enrichment claims can be presented to a jury in relatively short fashion.

The problem is that, less than 30 days before the close of discovery, PCJV USA, LLC, and each of the other Defendants named three new parties to this case.

– CINCO CORPORATION ("Cinco"), PC INTERNATIONAL PTE LTD ("PC International"), and SPAVI INTERNATIONAL USA, INC. ("SPAVI International," and collectively, the "Third Party Defendants") – each of whom was named as a Third-Party Defendant less than thirty days before the close of discovery. The claims alleged against them are filed impenetrable, illogical, and outlandish claims that would never survive an *Iqbal / Twombly* analysis let alone discovery and a jury. Also, counterclaims were alleged against SPAVI less than 30 days before the closure of discovery.

No matter how diligent SPAVI as counterclaim Defendant, or the Third-Party Defendants could be, they could never have been prepared for trial on the counterclaims and third-party claims. They never had a chance to file a motion, or discovery and were prohibited as when they entered this case, the window had closed. Sending three parties to trial that never had a chance to exercise one single right under the Federal Rules except Answer, is a Due Process nightmare for all involved.[1]

The summons for the claims against them was not issued until March 31, 2025—two weeks after discovery had closed under the current Case Management Order ("CMO"). Moreover, their responsive pleading deadline (April 15) fell over a

---

[1] Of course, technically none of the Third-Party Defendants were even present when the Case Management Dcont Order was issued, so it's an open question as to whether they are technically bound by it. Nevertheless, they would be if they had been given a chance.

month after discovery had already closed. Because of PCJV USA, LLC's ("PCJV") having belatedly added them to the lawsuit, it was impossible for any of them to exercise their rights under, among others, Federal Rule of Civil Procedure ("Rule") 16, Rule 26, Rules 30-31 and 33-36, as well as Rule 56.

Even aside from three entirely new parties being added, the scope of litigation for case has exploded. Since SHAKEY'S PIZZA ASIA VENTURES, INC ("SPAVI") first filed its claims for trademark infringement against the defendants, very serious counter claims have been alleged in name (although the substance is defective as a matter of law), which if prevailed on, could change the ownership of a global brand and essentially shatter the value of a publicly-traded corporation. The counterclaims are intertwined with, and affect materially, the presentation of SPAVI's affirmative claims. Nonetheless, like the claims against the three new parties, SPAVI was unable to explore support for the claims through discovery or move to dismiss them under Rule 12 because of when they were filed. Furthermore, it was not until 22 days before the close of discovery that SPAVI received Defendants Rule 22 initial disclosures.

Since December 2024 and through March 2025, the parties have discussed—and agreed—on the need for a continuance and modified CMO. Yet when SPAVI and Third-Party Defendants presented Defendants with a proposed CMO—per their request (even though Defendants first asked for it in December and had promised that they would negotiate and propose one —Defendants inexplicably took the position that they had never actually agreed to a new scheduling order or even the need for one. Their denials came in the wake of comments made to the opposite effect on the record just eight days prior. What remains curious is that Defendants have no explanation for the due process question, other than to suggest the Third-Party Defendants know what the claims are and will be just fine.

As such, SPAVI and the Third-Party Defendants bring this *ex parte* application (the "Application") for an order that continues the trial date from August 4, 2025, to

7

February 4, 2026, and modifies this action's CMO. Exigent circumstance for *this ex parte* exist because the parties are preparing for trial and all trial documents will be due before the relief sought can be obtained under a noticed motion pursuant to Local Rule 6-1. There is good cause to continue the trial date and modify the CMO for several reasons.

To start, unless the case is continued and the CMO is modified, the Third-Party Defendants will be forced into trial for a case in which they were prohibited from participating in discovery from the outset of the first appearance. Moreover, despite how factually intertwined the counterclaims and affirmative defenses of PCJV are with SPAVI's affirmative claims, SPAVI was unable to test and explore any of these allegations and complexities in discovery, or motion practice. Now, it must blindly present its case before a jury.

Forcing SPAVI and Third Party Defendants to trial three months after they entered the case or had new claims levied against them with no ability to propound discovery, take depositions, or participate in expert discovery regarding the claims against them would not only be unfair—it would violate tenants of fundamental fairness and due process rights under the 5th and 14th Amendment to the U.S. Constitution.

Defendants and Third-Party Defendants have suggested to Defendants and Third-Party Plaintiffs that evidence regarding their affirmative defenses and claims be disallowed, but they have not agreed. Accordingly, Third Party Defendants and SPAVI request a reasonable continuance of the trial date and amendment to the CMO that will allow them the rights afforded to them under the Federal Rules of Civil Procedure and the U.S. Constitution.

## II.    RELEVANT BACKGROUND

### A.    *SPAVI Files Suit And An Avalanche of Filings Soon Follow.*

On May 31, 2024, SHAKEY'S PIZZA ASIA VENTURES, INC ("SPAVI") filed suit against PCJV USA, LLC ("PCJV"), Guy Koren, and others (all collectively,

*EX PARTE* APPLICATION TO CONTINUE TRIAL
DATE AND AMEND CASE MANAGEMENT ORDER
173650116.2                                                CASE NO. 2:24-CV-04546-SB(AGRX)

("Defendants")  Dkt. 1. Defendants each waived service, which made their responsive pleadings due on September 30. Dkts. 8-22. On September 6, the Court issued its CMO, which set trial for August 4, 2025. Dkt. 29. The CMO, among other things, closed non-expert discovery on March 14 and set the last day for hearings on discovery motions as April 11. Dkt. 29.  Soon after the CMO, an avalanche of filings followed. Chief among them:

- On September 24, Defendants PCJV and PCI TRADING, LLC moved *ex parte* for an order to show cause regarding preliminary injunction and temporary restraining order, which the Court denied on September 25. Dkts. 37-39.
- On September 30, Defendants moved to dismiss SPAVI's complaint or in the alternative, for joinder or a more definite statement.  Dkt. 41.
-  On October 10, SPAVI moved for a preliminary injunction regarding the continuous use of its trademarks. Dkt. 44.
- On November 14, the Court issued its order, which granted the preliminary injunction, and in part, granted the motion to dismiss. Dkt. 56.
- On November 20, Defendants moved for reconsideration of the Court's preliminary injunction order, which the Court denied except for reconsideration of the bond amount. Dkts. 61-64.
- On November 21, Defendants filed a notice of appeal regarding the order on their motion for reconsideration, which they amended on November 26 . Dkt. 62, 70.

On November 22, SPAVI filed its First Amended Complaint ("FAC"), which asserted three new claims for quantum meruit, misappropriation of trade secrets, and breach of confidence. Dkt. 65. Among other things, SPAVI alleged that since the start of litigation, Defendants had stolen and delivered to an unauthorized third party,

1  SPAVI's flavor packaging—which it contended consisted of proprietary information
2  and trade secrets—so they could be reverse engineered. Dkt. 65.

3     On December 2, Defendants moved *ex parte* for an order that clarified or
4  modified the preliminary injunction order. Dkt. 72 Among other things, Defendants
5  asked for an order that "clarified" the FAC filed November 22 was improper to the
6  extent that it added new claims not contained in the original complaint. Dkt. 72.
7  Among its gripes with the new claims was its position that the Court had not modified
8  "the Case Management Order to accommodate a trial on and time for discovery into
9  new claims;" Dkt. 72, ¶ 4.

10    The court denied Defendants' *ex parte*, but noted that it would consider a
11 properly supported request for a reasonable extension of the deadlines in the Case
12 Management Order if, despite due diligence, the parties were unable to comply with
13 them. Dkt. 80. Fn. 2.  On December 2, the *ex parte* was denied, and the filings
14 continued:

- On December 20, Defendants moved to dismiss, or in the alternative for a special motion to strike SPAVI's FAC. Dkt. 85.
- On December 26, SPAVI filed an order to show cause regarding civil contempt for Defendants violating the Court's preliminary injunction order. Dkt. 87.
- After modifying the briefing deadlines on December 30, the Court eventually denied Defendants' second motion to dismiss, except for a single claim, and granted SPAVI's motion for an order to show cause for civil contempt. Dkts. 92, 99-100.
- On February 14, SPAVI filed a motion for its attorney's fees, which the Court granted in part on February 28. Dkts. 105 & 118.

### B. Third Party Defendants Appear In the Lawsuit after Discovery Has Closed.

After the parties stipulated to extending Defendants' deadline for filing an answer, Defendants answered the FAC and filed counterclaims against SPAVI and a third-party complaint (collectively, the Third-Party Complaint") that launched a bevy of new claims against SPAVI and the Third-Party Defendants on February 20. Dkt. 132.

At its core, the Third-Party Complaint alleges claims hopelessly tangled with SPAVI's claims against Defendants, and that would have colossal implications if prevailed upon  that Cinco, the predecessor of the Potato Corner brand, sold something to SPAVI that it had no right to convey—a brand that it did not actually own. Defendants aver that, among other things, after prior litigation in state court, that Cinco transferred all U.S. intellectual property rights to a Koren-controlled entity, GK Capital, and expressly warranted that the rights were not subject to any prior sales to SPAVI.  Defendants allege the litigation followed events that transpired over 15 years ago, whereby Cinco gave to Koren the U.S. rights to Potato Corner through a series of agreements, and that that PCJV became the exclusive user and had total control over its marks, including a perpetual license to use the intellectual property. Defendants further allege that the perpetual license was converted into a transferable 50-year license vis-à-vis a Master License Agreement.

More specifically, against  SPAVI, Defendants' Third-Party Complaint alleges:

- Declaratory Relief;
- Inducing Breach of Contract;
- Intentional Inference with Contractual Relations;
- Intentional Interreference with Prospective Economic Relations;
- Negligent Interference with Prospective Economic Relations;
- Negligent Interference with Prospective Economic Relations;

- Aiding and Abetting Torts
- Breach of Fiduciary Duty
- Breach of Contract
- Breach of the Implied Covenant of Good Faith and Fair Dealing
- Violations of Business & Professions Code §§ 17200, et seq;
- Quantum Meruit; and
- Accounting

Against Cinco, Defendants allege:

- Declaratory Relief;
- Breach of Fiduciary Duty;
- Breach of Contracts;
- Breach of the Implied Covenant of Good Faith and Fair Dealing
- Violations of Business & Professions Code §§ 17200, et seq;
- Quantum Meruit;
- Accounting;

Against PC International and SPAVI International, Defendants' FAC allege:

- Declaratory Relief;
- Violations of Business & Professions Code §§ 17200, et seq;
- Quantum Meruit;
- Accounting;

In addition to, among other things, seeking an accounting, constructive trusts, restitution, disgorgement and injunctive relief, Defendants ask for a judicial declaration that they are the rightful, perpetual owners of the U.S. Intellectual Property under the prior entered agreements and settlement documents entered between them. Put differently, they ask for relief that would entirely divest PC

1  International, which holds the Potato Corner trademarks, of something
2  internationally known and worths millions of dollars. For SPAVI International's part,
3  any success by Defendants will mean millions wasted on infrastructure, lost jobs, and
4  liability to PCJV.

5  Despite having monumentally expanded the scope of litigation by alleging
6  potentially business-busting claims--including against parties with no involvement
7  in the instant litigation until Defendants brought them into it, the Third-Party
8  Complaint was not filed until February 20, 2025—*less than 30 days before the close*
9  *of discovery*. Dkt. 108. Defendants thereafter—for the first time—served their Rule
10 26 Disclosures on February 28. Murphy Decl. ¶ 12. The summons for the newly
11 named defendants was not issued until 31—*two weeks after discovery had already*
12 *closed*. Dkt.137.

13 In addition to their filings, the parties have participated in multiple settlement
14 conferences with Magistrate Judge Alicia G. Rosenberg throughout May and June.
15 Dkts. 172, 179, 183, and 191. The meetings resulted in, among other things, a
16 comprehensive proposed settlement proposal drafted by SPAVI and the Third-Party
17 Defendants, which was completed after multiple revisions and conferences with the
18 Magistrate Judge.

19 **C.  *The Parties Discuss And Agree That A New CMO Continuing the***
20 ***Trial Date Is Needed.***

21 Starting in December 2024, the Parties repeatedly discussed, and agreed, that
22 the CMO would need to be amended because of the new claims, including the
23 misappropriation claim, that SPAVI had alleged against Defendants (Mike Decl. ¶ 6.
24 The discussions continued through March 2025. For example, on February 13,
25 Defendants again asked about an extension proposal of the CMO. Murphy Decl. ¶ 9,
26 Ex. 3. On March 5, the parties further discussed stipulating to a new CMO,
27 Defendants contended that it was SPAVI's responsibility to prepare it, a contention
28

13

that SPAVI rejected because of ongoing brief relating to Defendants' violation of the contempt order and counsel still transitioning into a new firm. Murphy Decl. ¶ 10.

During a discovery conference on March 12, Plaintiff counsel affirmed that the need and understanding of a continuance because of ongoing discovery issues and the newly added third party claims. Defendants' counsel was silent. They did not say we do not stipulate. This, of course, furthered a reasonable belief that the only reasonable approach to the addition of new parties is to let them engage in the case by agreeing to a joint new proposed CMO.

On March 20, SPAVI drafted a new, proposed CMO and sent it to Defendants' counsel based on its ongoing representations about the agreed need for a new CMO. Murphy Decl. ¶ 10, Ex. 4. Defendants, however, abruptly reversed their position regarding a new CMO. Because Defendants now refuse to amend the CMO, SPAVI and Third-Party Defendants have brought the instant Application.

In addition to its discussions with Defendants, SPAVI and Third-Party Defendants have raised their concerns about the current CMO with the Court and the Magistrate Judge. Before the Court, it was first raised in a declaration, now redacted, filed with the Court on April 10. Dkt. 151. Defendants and Third-Party Defendants again raised the issue on April 13 during the parties' post-mediation status conference, although the Court indicated that it would not rule on any such request unless properly requested.

III. **ARGUMENT**

  A. ***Legal Standard.***

Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Good cause" to modify the scheduling order exists if the moving party shows that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609. Although the

14

existence of prejudice to the opposing party might supply additional reasons to deny amendment under Rule 16, the focus of the inquiry is on the moving party's reasons for seeking modification. *Id*. The 14th Amendment to the United States Constitution guarantees that no State shall "deprive a person of life, liberty, or property" without due process of law.

    **B.**    ***There is Good Cause To Continue the Trial Date Because Inter Alia SPAVI and The Third-Party Defendants Have Been Denied Any Opportunity To Exercise Their Rights Under The Federal Rules of Civil Procedure and The 14th Amendment to the U.S. Constitution.***

Unless the trial is continued and the CMO is modified, Third Party Defendants will proceed to trial *less than three months* after having been added to this case. More importantly, they will try claims in a case where they were forbidden from participating in discovery, forbidden from testing the pleadings, and forbidden from any potential dispositive motions. Their inability stems from no fault of their own: No level of due diligence would have permitted the Third-Party Defendants to have met the deadlines set forth under the CMO (Dkt. 29) because under it, for example—

- The deadline for a hearing on a motion to amend the pleadings or add parties was November 8, 2024;
- The deadline for non-expert discovery was March 14, 2025;
- The deadline for expert discovery was April 14, 2025;
- The deadline for initial expert and rebuttal disclosures were February 28 and March 14, 2025, respectively;
- The deadline for a hearing for a discovery motion was April 11, 2025;
- The deadline for any other motion was April 25, 2025.

The summons for Third Party Defendants was not issued until March 31, 2025. Dkt. 137. Third Party Defendants filed their responsive pleading on April 15. Dkt. 156. Put differently, by the time that Third Party Defendants appeared in the case,

every single one of the above deadlines had passed except for the deadline for non-discovery motions, which fell eight working days after they entered the case. As noted previously, the Court previously implied that with the exercise of due diligence, the inability to comply with current deadlines under the CMO would constitute good cause for a reasonable extension of the deadlines. Dkt. 80. Fn. 2.

Here, because nearly every deadline pertaining to discovery had passed by the time that the Third-Party Defendants had entered the case, no effort could be taken to depose or propound discovery, or participate in expert discovery, without violating the CMO. Put differently, Third Party Defendants had no chance to understand the full scope of the allegations against them; no chance to identify a secure testimony from witnesses crucial to their defense; and no chance to examine the credibility of witnesses that will testify against them.

In addition to the current deadlines having entirely stymied Third Party Defendants from in anyway participating in discovery, it left them unable to challenge the pleadings under Rule 12 because it was impossible to comply with the mandatory notice period of 28 days under Local Rule 6-1.

Continuing the trial date to February 4, 2026, as Third-Party Defendants and SPAVI request, is reasonable and necessary because of the nature of the claims that Defendants have levied against not only SPAVI, but Third-Party Defendants. Specifically, the claims, if prevailed upon, would among other things entirely divest PC International of its trademarks and mean millions lost by SPAVI International. The new trial date would allow Third Party Defendants to, among other things, propound discovery regarding the claims against them, take the depositions of fact witnesses and experts, and exercise their right to file any dispositive motions under Rule 56.

## IV.     CONCLUSION

Because Third Party Defendants have had no ability to, among other things, exercise their rights under Rules 12, 16, 26, and 56, since the deadlines for all had

16

*EX PARTE* APPLICATION TO CONTINUE TRIAL DATE AND AMEND CASE MANAGEMENT ORDER    CASE NO. 2:24-CV-04546-SB(AGRX)
173650116.2

passed under the current CMO before Third Party Defendants first appeared, they request for the Court to continue the trial date until February 4 and to amend the CMO accordingly.

Dated: June 26, 2025

**Fox Rothschild LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Matthew Follett
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

# CERTIFICATE OF COMPLIANCE RE: WORD COUNT

The undersigned, counsel of record for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third-Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC. certifies that this brief contains 3,414 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 26, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third-Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

# CERTIFICATE OF SERVICE

The undersigned certifies that, on June 26, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  June 26, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third-Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.