MICHAEL D. MURPHY (SBN 224678)
mdmurphy@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third-Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*The Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF MICHAEL MURPHY IN SUPPORT OF EX PARTE APPLICATION OF PLAINTIFF AND THIRD-PARTY DEFENDANTS TO CONTINUE TRIAL DATE AND AMEND CASE MANAGEMENT ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 16**<br><br>Complaint Filed: May 31, 2024<br>Trial Date: August 4, 2025 |

1

| | |
|---|---|
| 1 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Counter-Claimants, |
| 8 | v. |
| 9 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 10 | |
| 11 | Counter Defendant. |
| 12 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Third Party Plaintiffs, |
| 18 | |
| 19 | v. |
| 20 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and DOES 1 through 10, inclusive, |
| 21 | |
| 22 | |
| 23 | |
| 24 | Third Party Defendants. |

2

DECLARATION OF MICHAEL MURPHY IN SUPPORT OF EX PARTE APPLICATION
173887605.1

CASE NO. 2:24-CV-04546-SB(AGRX)

# DECLARATION OF MICHAEL D. MURPHY

As provided for in 28 U.S.C. § 1746, I, Michael D. Murphy, hereby declare, based upon personal knowledge, the following:

1. I am an attorney who is duly admitted to practice before this Court. I am a partner with Fox Rothschild LLP, attorneys of record for Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI"), as well as the Third-Party Defendants Cinco Corporation, PC International PTE Ltd, and SPAVI International USA, Inc.

2. I have personal knowledge of the facts set forth herein, except to those stated on information and belief and, as to those, I am informed and believe that they are true.

3. I raised the issue about the need for a trial continuance and amended Case Management Order in my April 10, 2025 Declaration to this Court, particularly as it addressed the recent disputes between counsel about this very issue. I also raised it during the March 12, 2025 discovery conference with , Magistrate Judge Alicia G. Rosenberg. I raised it again in our Settlement Position statement on May 16, 2025. As per the Local Rules, I met and conferred by zoom with counsel for Defendants on June 20, 2025 and explained our proposed *Ex Parte*, and also our alternative that Defendants not be allowed to present evidence on claims that were not able to be tested under Rule 12 as discovery. They declined and stated they would oppose.

4. I also tried to raise the issue before the Court on June 13, 2025, during the post-mediation status conference. The Court declined from substantively discussing the issue, stating that it was procedurally improper.

5. Defendants served their Rule 26 initial disclosures on SPAVI on February 28, 2025, which was less than 15 days before fact discovery closed on March 14, 2025. Attached is a true and correct copy of the Rule 26 Disclosures of Defendants , Counterclaimants, and Third-Party Plaintiffs, which were served by the same on me on February 28, 2025..

6. The parties engaged in a number of discussions about their need and

1 agreement to a new CMO. The first were in December 2024, when the parties
2 communicated orally after the Court allowed our trade secret theft claim to proceed
3 in December 2024. At first, I was not sure of this was a good idea but given the delays
4 in prosecuting our case as a result of Defendants' strategy to bury us in frivolous
5 filings, and their refusal to comply with the injunction, forcing us to waste time
6 compelling compliance, I eventually agreed.

7. On January 8, 2025, we requested a discovery extension given that my former colleague, Mr. Hsu, as well as my parents, among others at our (and my now prior) firm were displaced, or under threat of destruction from the Eaton and Palisades fire. In response, we received an email from Mr. Beral, in which he, among other things, discussed the potential continuance. A true and correct copy of which is attached hereto as Exhibit 2.

8. At some point over the next month, after an in person meet and confer, it was suggested that the CMO be altered by extending everything to 90 days. I do not remember whose idea it was, but it had some issues given the dates on which specific deadlines fell.

9. Exhibit 3 is a true and correct copy of an email I received from Defendants on February 13, 2025, asking for a new trial date, this time in the context of a 90-day continuance.

10. After the Court ordered a meet and confer at my new offices on March 5, 2024, the need for a new Case Management Order was raised, and everyone agreed to it, but Defendants' counsel insisted that it was my office that was obligated to propose a new order. Given the ongoing contempt briefing, as well as my change of firms, it did not seem feasible. Nonetheless, on March 20, 2025, I drafted a new, proposed CMO and sent it to Defendants' counsel based on its ongoing representations about the agreed need for a new CMO. A true and correct copy of my email enclosing the CMO is attached as Exhibit 4.

11. In addition to our discussions regarding a new CMO, counsel for

4

1  Defendants verbalized the need for a new CMO during our hearing on March 12,
2  2025, over a discovery dispute before Magistrate Judge Alicia G. Rosenberg. A true
3  and correct copy of the transcript is attached as Exhibit 5.

4        12.   I did not before March take on the task of preparing the CMO. I had assumed Defendants would propose something, given their insistence on a new CMO, and our agreement. On February 20, 2025 – weeks before discovery was set to close under the CMO – Defendants finally answered the First Amended Complaint, which included claims against SPAVI, as well as claims against three new parties that had never before appeared: Cinco, PC International PTE, Ltd, and SPAVI International US, Inc.

11        13.   Third-Party Defendants Cinco Corporation, PC International PTE Ltd, and SPAVI International USA, Inc. did not appear until they answered the Third-Party Complaint on April 15, 2025 (Dkt. 156.) The date they filed their response fell after the discovery closed and after the motion cut off.

15      I declare under penalty of perjury of the United States of America and the State of California that the foregoing is true and correct.

17      Executed this 26th of June, 2025, in Los Angeles, California.

                                        */s/ Michael Murphy*
                                        Michael Murphy