# EXHIBIT J

| | |
|---|---|
| **From:** | Malynn, Todd M. |
| **Sent:** | Friday, March 28, 2025 3:06 PM |
| **To:** | 'Murphy, Michael D.'; 'Zolliecoffer, Jordan' |
| **Cc:** | Beral, Arash |
| **Subject:** | RE: Meet and confer |

Michael,

Per your request (asking me to confirm Defendants' position on the case management order), I spoke with Arash, nothing has changed since his March 20 and March 24 emails to you.

1. On March 20, Arash wrote:

    I personally don't think your proposal makes sense for our clients. We've been diligently complying with the Case Management Order and we did not file a request for an extension of the CMO either. Since your side didn't address our extension request back in November/December, we treated the CMO to be final especially given its language that it should be treated as being final, as well as Judge Blumenfeld's admonitions to other parties in other cases each time we appeared in Court that dates are final. And certainly, at this late juncture, you can't expect us to prejudice our clients with wholesale revisions to the CMO which would essentially enable you to hit the reset button on waived percipient discovery deadlines, expert discovery deadlines, MSJ deadlines, etc. Moreover, every day of delay with a preliminary injunction hanging over our clients' heads is prejudicial (not to mention almost all of PCJV's franchisees now claiming to "rescind"); our clients want to vindicate their rights ASAP. That said, I will discuss your proposal with our clients and if they wish to agree to it or have a counter-proposal, I will let you know.

2. On March 24, Arash wrote:

    I am also confused about your "reversing tires 180 degrees" comment. I don't know what that means, but I assume you're suggesting that we changed positions. We never did. My memory is that we complained in November about your amended pleading, which added claims and parties without leave of court, and you essentially opposed any suggestion at a continuance of the deadlines (not trial date, but deadlines). Then the Court dealt with the deadlines issue (again, not trial date, but deadlines) in a footnote in one of its Orders. We chose not to file a motion to amend the CMO, but to stay on track with all deadlines and trial date – and any time the matter came up, you would not commit anyway. And we've heard Judge Blumenfeld say time and time again that dates are firm; in fact, you and I had this discussion in Court – we said that Judge Blumenfeld is not likely to change any dates. I made a proposal to you to stay this case pending the Ninth Circuit ruling and you refused that. Thus, our side fully complied with the Scheduling Order, as we were and are required to do. We're not going to prejudice our clients to give you a renewed discovery phase, or to designate experts after you've seen our designation, or otherwise renew the waived MSJ dates, etc. The Counterclaim/TPC does not change the analysis either – nothing in there enlarged the scope of discovery; all the issues were addressed in the early motion to dismiss and injunction papers (at least, if not addressed by the preceding state court litigation) and you've had plenty of time to do discovery on the subject matters. Nothing is new. We also offered you depositions in the past and you elected not to do any.

Regards,
Todd


**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Friday, March 28, 2025 3:04 PM
**To:** 'Zolliecoffer, Jordan' <JZolliecoffer@foxrothschild.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>; 'Murphy, Michael D.' <mdmurphy@foxrothschild.com>
**Subject:** RE: Meet and confer

Jordan,

It was nice speaking with you.  I am writing to confirm what we discussed:

1. Protective Order:  You agreed to connect with Mike on the Protective Order, which has been approved for filing, so as to get it on file today.
2. Monday:
    a. You confirmed we will get Plaintiff's amended or supplemental response to interrogatory no. 1
    b. You confirmed that Plaintiff will begin producing documents
    c. I requested (and am requesting) an update as to:
        i. Whether or where we are at an impasse as to the 2nd set of discovery
        ii. The status of the search terms for our review, comment, supplementation
3. RFP 36:  Given that "FRANCHISEES" is defined with reference to SPAVI's pleading and allegations referencing U.S. Potato Corner franchisees, you understood the RFP and confirmed you would get back to us as to whether Plaintiff would provide a complete and straightforward response and production of documents.
4. Interrogatory No. 2:  We discussed the context of this question; you understood our concern that Plaintiff is raising trade secret and privacy objections to something it does not know and thus could not be compelled to produce, which makes the objections deceptive and inappropriate.  An answer to this interrogatory would plainly include the recipes and ingredient allocations included in Plaintiff's original trade secret disclosure based on our understanding of the facts, which is why we propounded the interrogatory to confirm the same.
5. Interrogatory No. 3:  You understood the interrogatory; we confirmed that a responsive answer would be identifying what on the seasoning packets purchased by PCIT is allegedly trade secret.
6. Interrogatory No. 7:  You understood our position that the interrogatory was misinterpreted; we are entitled to a list of people that the parties can call as witnesses of the alleged trade secrets.
7. Interrogatory No. 8:  You understood the interrogatory; we are entitled to a list of people that the parties can call as witnesses of the alleged misappropriation.
8. Interrogatory No. 10:  You understood the interrogatory; we are entitled to the basis of any understanding that Defendants would pay SPAVI royalties absent the referenced agreement.
9. Interrogatory No. 11:  You understood our position that the interrogatory was misinterpreted; services not only include licensing but the interrogatory makes this clear in referencing the compensation SPAVI seeks "under the theory of quantum meruit...." Having provided that clarification, which you understood, Plaintiff is required to answer the interrogatory (Michael's request is a red-herring)
10. Basis of res judicata/collateral estoppel.  Among other things cited in briefing and reference during our call and call yesterday:

   a. Preliminary injunction orders/rulings, including hearing transcript (which have already been quoted)
   b. Dismissal with prejudice, including settlement documents (which have already been cited)

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Thursday, March 27, 2025 4:49 PM
**To:** 'Murphy, Michael D.' <mdmurphy@foxrothschild.com>; 'Zolliecoffer, Jordan' <JZolliecoffer@foxrothschild.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>
**Subject:** RE: Meet and confer

Michael,

I am writing to confirm what we agreed to, discussed and tabled today during our meet and confer this afternoon:

1. Protective Order:  You agreed to send to us the Protective Order we approved and told the Magistrate Judge we approved after you fixed automatic numbering, so we can get it on file today.
2. Response to Interrogatory No. 1:  You said we would have Plaintiff's interrogatory response tomorrow or by Monday.
3. Document production:  You said we would have Plaintiff's initial production of documents tomorrow or by Monday.
4. Search terms:  After discussion, you confirmed you would do as agreed and provide to us the search terms used/being used to gather documents. Once we receive the search terms (which I reiterated should include the subject matter of each RFP as reviewed and permitted by the Magistrate Judge), we will provide our comments/supplementation, if any, as directed by the Magistrate Judge.
5. RFP No. 29:  In addition to what you have already agreed to produce, you said you would confirm whether Plaintiff will also produce all documents and communications (including agreements and contracts) with its suppliers (including Ferna and Newly Webs) re: Plaintiff's alleged trade secret ingredients (as set forth in Plaintiff's initial trade secret disclosure, including the ingredients, ingredient allocations, and recipes for making the flavored seasonings).
6. RFP No. 30:  You said you meant to agree (and agreed) to produce "all" non-privileged responsive documents.
7. RFP No. 31:  You said you would confirm whether Plaintiff will agree to produce all board minute meetings and notes from discussions of the alleged trade secrets (including as initially disclosed).
8. RFP No. 32:  You agreed to produce all communications with PCJV and non-privileged internal documents and communications relating to the quoted contention in Plaintiff's complaint.
9. RFP Nos. 33-34:  You requested support that services include licensing (which is apparent from the subject matter of the question) even after I provided that clarification. I responded that I will provide to you what we intend to argue to the Magistrate Judge, including that the clarification disposes of the objection, after which you said you would consider it and confirm whether Plaintiff will produce documents.
10. RFP No. 35:  You objected to producing documents Plaintiff may use at trial and requested a *quid pro quo* citing Rule 26, which involves initial disclosures not a document request. I objected to the requested *quid pro quo* as non-responsive but indicated I would speak with Arash and get back to you.
11. RFP No. 36:  Until the definition of "any FRANCHISEE" was before you, you would not answer whether Plaintiff will produce all non-privileged documents and communications with PCJV's franchisees, who

3

12. 2nd set of interrogatories: We will pick up with RFP No. 36 and Plaintiff's 2nd set of interrogatories tomorrow at 2:00 pm.

(Note: item "remain under contract with PCJV as franchisees until a court rules upon any purported claim of rescission, which has not occurred." appears before item 12.)

Please email me a copy of the Protective Order, so we can get that one file today.

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Malynn, Todd M.
**Sent:** Thursday, March 27, 2025 3:01 PM
**To:** Murphy, Michael D. <mdmurphy@foxrothschild.com>; Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>
**Subject:** RE: Meet and confer

Mike, AJ circulated a Teams call in for 3:00 pm. I'm on.

Regards,
Todd

**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

---

**From:** Murphy, Michael D. <mdmurphy@foxrothschild.com>
**Sent:** Thursday, March 27, 2025 2:39 PM
**To:** Malynn, Todd M. <Todd.Malynn@BlankRome.com>; Zolliecoffer, Jordan <JZolliecoffer@foxrothschild.com>
**Subject:** Meet and confer

Todd:

I got sucked in to a fire drill.

Free to continue this at 3

**Michael Murphy**
Partner

(213) 213-1211
(310) 974-2271 (cell)
mdmurphy@foxrothschild.com

**Learn about our new brand.**


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

5