UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                          Date: June 30, 2025

Title       Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Present:  The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

|  K. Lozada  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR SANCTIONS (NONMONETARY PORTION) (Dkt. No. 153); NOTICE TO PARTIES**

Defendant PCJV USA, LLC ("PCJV") filed a motion for sanctions.  (Dkt. No. 153.)  Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI") filed an opposition.  (Dkt. No. 173.)  On its own motion, the court continued the hearing from May 22, 2025 to June 27, 2025.  (Dkt. Nos. 172, 177, 188.)  PCJV filed a reply.  (Dkt. No. 196.)  The court heard oral argument on June 27, 2025 and took the matter under submission.

The court submits this Report and Recommendation to District Judge Stanley Blumenfeld, Jr., pursuant to 28 U.S.C. § 636 and General Order 05-07 (as amended) of the Central District of California regarding the portion of Defendants' motion that seeks non-monetary sanctions.[1]  For the reasons discussed below, the court recommends the disposition set forth at the end of the Report.

### I.    *Factual Background*

To address Defendants' motion for sanctions, it is necessary to understand the background to the court's first discovery conference in this case on March 12, 2025 and

---

[1]  The court will issue a separate order on PCJV's motion for an award of monetary sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

the discovery order that issued afterwards.  The Order dated March 12, 2025 (Dkt. No. 128) is the predicate of Defendants' motion for sanctions.

### A.  Discovery Conference on March 12, 2025

Pursuant to the District Court's Case Management Order, a "motion seeking or opposing further nonexpert discovery must be heard on or before the nonexpert discovery deadline," which expired on March 14, 2025.  (Case Management Order ("CMO") at 2 & n.1, Dkt. No. 29.)

This court requires that, before filing a discovery motion, the moving party must first participate in a discovery conference with the court.  *See* Fed. R. Civ. P. 16(b)(3)(B)(v).

At the request of Defendants, the court conducted the first discovery conference in this case on March 12, 2025, two days before the fact discovery cut-off date of March 14, 2025.  (Dkt. No. 169 (transcript).)  Pursuant to this court's procedures, the parties filed a Joint Agenda one court day before the discovery conference that identified the following disputes:  (1) Plaintiff's objections to Document Request Nos. 1-20 and 22-27; (2) the timing of Plaintiff's production (including production responsive to Document Request No. 21 as to which there was no dispute); and (3) Plaintiff's response to Interrogatory No 1.  (Dkt. No. 123.)  Unfortunately, the exhibits attached to the Joint Agenda were incorrect.  Therefore, as the court stated on the record, the court reviewed the correct discovery requests on the spot at the hearing.

The court questioned counsel at the discovery conference about a date by which Plaintiff's document production could reasonably be completed.  Plaintiff's counsel stated:  "Our problem is that the cross-claims, third party claims have now brought in additional parties, and the trade secret claim is somewhat new.  And so there was always kind of an understanding, we're going to have to get a new scheduling order.  [¶]  So – and I actually have an e-mail ready to send to them about our proposal, but I don't think we can really tie it to that because we all know it's going to be changed."  (Transcript at 97:7-14, Dkt. No. 169.)  The court chose the expert discovery and expert discovery-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title       Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

related hearing deadline of April 11, 2025 as the deadline for Plaintiff's document production.  (CMO at 2.)

### B.  Order Dated March 12, 2025

After the conclusion of the discovery conference, the court issued the Order dated March 12, 2025, which was entered on the docket the next day.  (Dkt. No. 128.)

The court concluded that the dispute over Document Request No. 23 was not ripe for adjudication and did not require Plaintiff to produce documents responsive to Document Request No. 23.

The March 12, 2025 Order set forth the following tasks and deadlines:

#### 1.  Protective Order

The court ordered the parties to file a stipulation and proposed protective order by March 14, 2025.  The parties ultimately filed the stipulation on March 31, 2025, 17 days late.  (Dkt. No. 136.)  The court issued the protective order with some revisions.  (Dkt. No. 142.)

#### 2.  Interrogatory No. 1

The court limited Interrogatory No. 1 to the trade secrets Plaintiff contends were misappropriated by Defendants and required Plaintiff to serve a supplemental response to amended Interrogatory No. 1 by March 21, 2025.

Plaintiff served a supplemental response to Interrogatory No. 1 on April 9, 2025, 19 days late.  In a footnote, Defendants' motion claims that the supplemental response "fails to reasonably identify the claimed trade secrets and creates even more uncertainty." (Motion Memo. at 20 n.8.)  Defendants' motion does not explain the basis of their conclusory argument and does not attach the supplemental response to Interrogatory No. 1 for the court's review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title        Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

### 3.  Document Requests

In the March 12, 2025 Order, the court ruled on various document requests and required Plaintiffs to make a rolling production beginning March 24, 2025 and ending on April 11, 2025.  The document requests are discussed in more detail below.

### C.  Discovery Status Conference and Order Dated April 4, 2025

At the discovery conference on April 4, 2025, the court and counsel discussed (1) PCJV's proposed motion for sanctions based on SPAVI's failure to meet deadlines in the March 12, 2025 Order and (2) SPAVI's request to reconsider those same deadlines.  (*See* Order dated April 4, 2025, Dkt. No. 144 at 2.)  To avoid duplicative briefing, the court set a briefing and hearing schedule for PCJV's proposed motion and the anticipated counter-motion by SPAVI.  (*Id.* at 2-3.)

SPAVI did not file a counter-motion, and filed an opposition to Defendants' motion for sanctions on May 9, 2025, 13 days before the May 22, 2025 hearing date. Defendants argue that Plaintiff's untimely opposition should be disregarded.  The court declines to do so.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010); *see also King v. Wal-Mart Stores, Inc.*, 830 Fed. Appx. 813, 814-15 (9th Cir. 2020) (finding abuse of discretion and reversing dismissal filed one day after missed deadline).  Plaintiff's filing would have allowed Defendants at least one week to file a reply even assuming a May 22, 2025 hearing date.  The court, on its own motion, continued the hearing to June 27, 2025 due to other ongoing discussions in this case and permitted Defendants to file a reply on June 20, 2025, six weeks after Plaintiff's opposition was filed.  (Dkt. No. 188.)  Defendants have not and cannot show prejudice from any late filing of Plaintiff's opposition.

### II.     Discussion

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which "may include the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                     Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

     (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

     (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

     (iii)   striking pleadings in whole or in part;

     (iv)   staying further proceedings until the order is obeyed;

     (v)    dismissing the action or proceeding in whole or in part;

     (vi)   rendering a default judgment against the disobedient party; or

     (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award unjust." Fed. R. Civ. P. 37(b)(2)(C). Because Defendants allege a failure to comply with a court order, the Court analyzes the matter under Fed. R. Civ. P. 37(b) and finds no reason to resort to its inherent authority. *Societe Internationale v. Rogers*, 357 U.S. 197, 207 (1958).

"Rule 37(b)(2) contains two standards – one general and one specific – that limit a district court's discretion." *Ins. Corp. of Ireland v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 707 1982). "First, any sanction must be 'just,'" reflecting "the general due process restrictions on the court's discretion." *Id.* "[S]econd, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Id.*

> ### A.   *Application of Rule 37(b) to Discovery Order Resulting From Discovery Conference*

This court requires that, before filing a discovery motion, the moving party must first participate in a discovery conference with the court. *See* Fed. R. Civ. P. 16(b)(3)(B)(v). At least one court day before the discovery conference, the parties to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                              Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

dispute must file a Joint Report that lists each discovery dispute, without argument, to be addressed at the discovery conference.  If the court is unable to resolve the discovery disputes at the discovery conference, the court sets a briefing and hearing schedule at the discovery conference.

The March 12, 2025 Order was issued as the result of just such a discovery conference.  In other words, the discovery conference occurred without the parties having the opportunity to fully brief the discovery disputes prior to issuance of the March 12, 2025 Order.

As the Advisory Committee noted, "[m]any judges who hold such conferences find them an efficient way to resolve most discovery disputes without the delay and burdens attending a formal motion."  Advisory Comm. Notes, 2015 Amendment.  In this court's experience, the discovery conference has been an invaluable discovery management tool.  Otherwise, Central District of California Local Rule 37's procedures for discovery motions consume a minimum of 40 days from the date of the moving party's initial letter to opposing counsel to the date of the hearing before the court, assuming counsel take the minimum amount of time to accomplish each step regardless of intervening weekends and holidays.  Local Rule 37-1 to 37-3.  Considering that Local Rule 37-1 requires that counsel "must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible," it is likely that the procedures take more than the minimum 40 days before the hearing.[2]

For a discovery conference to be an efficient method of resolving discovery disputes, the court order that results from it must be obeyed by the parties.  *See, e.g., Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 737 (9th Cir. 2024) (rejecting procedural challenges to discovery order entered after brief on status of discovery and phone conferences with court); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011)

---

[2]  The 40-day minimum assumes the parties reach impasse at the first conference of counsel and the moving party serves its portion of the Joint Stipulation the very next day.  Such a compressed time frame does not include the time necessary for counsel to confer with clients after the initial conference of counsel, conduct further negotiations as appropriate, and prepare thoughtful briefing for the court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

(noting Rule 37(b)(2) motion may be based on order issued without formal motion). Otherwise, the discovery conference would simply delay and burden the resolution of discovery disputes.

It is equally true that, particularly at the first discovery conference, the parties and the court may not have full appreciation and knowledge of facts that bear on the proportionality of the discovery that is ordered. For example, Plaintiff's counsel in this case explains that he did not anticipate the sheer volume of electronic communications that resulted from application of the search terms after the March 12, 2025 discovery conference. (Murphy Decl. ¶ 43.) This phenomenon is not uncommon. When conducting electronic discovery, the use of search terms "is a recognized method to winnow relevant documents." At the same time, "use of this technique must be a cooperative and informed process." *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 652 (M.D. Fla. 2007). Proposed search terms "must be quality control tested to assure accuracy in retrieval and elimination of 'false positives.'" *William A. Gross Constr. Assocs. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009).

A party is free to return to court to request reconsideration of the court order issued after a discovery conference. "All rulings of a trial court are subject to revision at any time before the entry of judgment." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (emphasis removed). Thus, a party who discovers that the court order compels discovery that turns out to be unduly burdensome (if not impossible) to accomplish in the allotted time, or no longer proportional to the needs of the case for other reasons, may notify opposing counsel and, if the parties cannot resolve the dispute, request a discovery conference to notify the court of the circumstances and request appropriate relief.

For these reasons, counsel should not wait until the last minute to request court intervention in discovery disputes, as happened in this case. The Case Management Order specifically advised the parties: "The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for the filing of a discovery motion if necessary and for completion of the discovery allowed if granted." (CMO, Dkt. No. 29 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                              Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Defendants make much of the fact that Plaintiff did not affirmatively move for reconsideration of the March 12, 2025 Order as Plaintiff indicated it would do at the discovery conference on April 4, 2025. Plaintiff instead chose to make its arguments in opposition to Defendants' motion for sanctions. Plaintiff is permitted to do so. "The court's imposition and selection of sanctions pursuant to Fed. R. Civ. P. 37(b) must be consistent with due process requirements." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983). "Thus, neither dismissal nor preclusion of evidence that is tantamount to dismissal may be imposed when the failure to comply with discovery orders is due to circumstances beyond the disobedient party's control." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *see also Rogers*, 357 U.S. at 212 (holding dismissal improper when failure to comply with court order "has been due to inability, and not to willfulness, bad faith, or any fault" of disobedient party); *Potlatch Corp. v. United States*, 679 F.2d 153, 156-57 (9th Cir. 1982) (reversing exclusion of expert reports when delay was caused by circumstances beyond party's control, including opposing party's belated response to interrogatories).

### B. Analysis of Compliance with March 12, 2025 Order

The court addresses Document Request Nos. 1-27 because they are the primary focus of PCJV's motion. PCJV also mentions the filing of a protective order seventeen days late and the service of a supplemental response to Interrogatory No. 1 nineteen days late. These events, however, do not warrant sanctions whether alone or in combination.

As a preliminary matter, the March 12, 2025 Order did not order Plaintiff to comply with Document Request No. 23 because the dispute over that document request was not ripe for adjudication. (Dkt. No. 128 at 1.)

The court concludes that SPAVI timely responded to Document Request No. 13, which calls for production of the Potato Corner trademark assignments and transfers. Plaintiff cites Dkt. Nos. 44-10 through 44-15, including the notarized deeds. *See* Dkt. Nos. 173-7, 173-8. At the hearing, Plaintiff's counsel confirmed that SPAVI is not withholding documents responsive to this document request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                               Date: June 30, 2025

Title        Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

The court therefore turns to the remaining document requests and groups them into three categories.

### 1. Document Request No. 1

Document Request No. 1 calls for production of agreements or contracts related to the sale of Potato Corner assets to SPAVI. At the discovery conference, the court did not have information about the nature or scope of SPAVI's purchase of Potato Corner related assets from Cinco Corporation ("Cinco"). The court permitted Plaintiff to redact portions that apply solely to countries other than the United States. (Dkt. No. 128 ¶ 3(a).)

At the hearing on PCJV's motion for sanctions, Plaintiff's counsel explained that he could not redact the Asset Purchase Agreement ("APA") for production in the manner contemplated by the court. Anticipating that Defendants would "cry foul," by email dated April 11, 2025 (the deadline for Plaintiff's document production under the March 12, 2025 Order) Plaintiff offered to make the entire APA available (except for redacted account numbers, etc.) for inspection by two defense counsel in a conference room that would be monitored by a staff member in Plaintiff counsel's office. Defense counsel would not be permitted to have in the conference room any electronic or other devices that would enable them to photograph or copy the APA. (Exh. 12 to Murphy Decl.) Based on the record before the court, PCJV has not responded to this offer either before filing the motion for sanctions on April 14, 2025 or to this day. (*See* Murphy Decl. ¶ 63.)

PCJV's motion for sanctions seeks imposition of issue sanctions that are confusing and that PCJV does not connect to the request for the APA between SPAVI and Cinco, or the related claims:

- That SPAVI did not acquire U.S. trademark rights in PCJV, whether owned or licensed by PCJV, or co-owned by PCJV's joint and domestic joint venture partners.
- That SPAVI did not acquire any ownership or licensing rights of PCJV or PCJV's foreign or domestic joint venture partners.
- That any proffered evidence regarding SPAVI's purchase agreement with Cinco [] regarding the trademark ownership or licensing rights and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                                Date: June 30, 2025

Title        Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

> obligations of PCJV or PCJV's domestic joint venture partners under the written agreements signed by PCJV or PCJV's domestic joint venture partners are immaterial and inadmissible.
>
> - That SPAVI knowingly acquired U.S. registrations and U.S. trademark rights, if any, covering the trademarks used by PCJV and the Potato Corner USA franchise system subject to any and all prior common law and contractual rights of PCJV or PCJV's domestic joint venture partners.
>
> - That the consideration SPAVI paid for Cinco's international rights to the Potato Corner trademark portfolio reflected the risk and expense of litigation over whether PCJV and PCJV's domestic joint venture partners had superior rights to use and/or control the use of the Potato Corner trademarks in the United States for more than 20 years pursuant to the terms of written agreements signed by PCJV or PCJV's joint venture partners.
>
> - That SPAVI did not pay Cinco adequate consideration for U.S. registrations and U.S. trademark rights, if any, covering the marks used by PCJV and the Potato Corner USA franchise system.

(Dkt. No. 153 at 3-4 ¶¶ 3(a)-(f).)

Regardless, on the existing record, Defendants have not shown that Plaintiff failed to obey the March 12, 2025 Order with respect to Document Request No. 1.  *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241-42 (D. Nev. 2017) ("party requesting sanctions bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements"); *see Chu v. Unum Life Ins. Co.*, 2025 U.S. Dist. LEXIS 70971, *12 (C.D. Cal. Feb. 28, 2025) (moving party bears "initial burden" of showing opposing party "violated the Prior Order").  Plaintiff's offer to produce for inspection the entire APA with redacted account numbers exceeded what the court ordered in the March 12, 2025 Order, albeit on the last day of compliance, April 11, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title        Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

<u>Recommendation</u>:  It is recommended that the District Court accept this Report's findings and recommendation that Defendants' motion for sanctions with respect to Document Request No. 1 be denied and that discovery be reopened for the limited purpose of referring to this court the terms and conditions under which the APA will be made available for inspection and/or production (including redaction).  This court will then schedule an inspection in the courtroom, if necessary, and determine the manner of production.  It is anticipated that the entire procedure should be completed within 14 days after the District Court's order (assuming 7 days to schedule the inspection and 7 days for production).

## 2.  *Document Requests As to Which Production Has Been Completed (Albeit Late)*

In response to the court's questions at the hearing, Plaintiff confirmed that it had completed its production in response to document requests in this category.  Plaintiff's counsel did not have specific dates of production.  Therefore, the court assumes that the production occurred by May 9, 2025, the date of Mr. Murphy's declaration, and was therefore 23 days late.

Document Request Nos. 8, 14, and 19, as narrowed by the March 12, 2025 Order, call for production of press releases and SPAVI's company filings made in compliance with SEC requirements regarding SPAVI's acquisition of Potato Corner assets.  Plaintiff states that the press releases and public filings have been produced.  (Murphy Decl. ¶ 64.)  PCJV appears to confirm receipt of SEC filings and notices to stockholders.  (Malynn Supp. Decl. ¶ 4.)

Document Request No. 9 calls for production of SPAVI's Board of Directors minutes, resolutions or other documents reflecting the Board's decision(s) regarding the acquisition of Potato Corner assets.  Plaintiff states that Board of Director minutes have been produced.  (Murphy Decl. ¶ 64.)  At the hearing, Plaintiff's counsel stated he was not aware of any responsive Board of Director minutes that were being withheld.

Document Request Nos. 12 and 25 call for financials regarding the acquisition of Potato Corner assets (12) and Plaintiff's claim for damages (25).  Plaintiff states that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                          Date: June 30, 2025

Title       Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

produced financials.  (Murphy Decl. ¶ 64.)  At the hearing, Plaintiff's counsel explained that the disgorgement claims were based on Defendants' financials and that Plaintiff's damages claims were based on financials in the SEC filings that have been produced.

While it is conceivable that there is some overlap with the issue sanctions described above, PCJV's motion seeks issue sanctions as follows:

- That SPAVI had full knowledge of PCJV's franchise agreements with third-party U.S. franchisees, including full knowledge that those agreements were approved by both the foreign and domestic joint venture partners of PCJV for PCJV's benefit.

Recommendation:  It is recommended that PCJV's motion for sanctions be denied. PCJV has not shown any prejudice from a 23-day delay in SPAVI's production of documents responsive to these document requests.  *See generally Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (noting minimal impact of one-month delay in context of filing Rule 60(b)(1) motion).  The court-ordered deadline for the completion of Plaintiff's document production was April 11, 2025.  By that time, the fact discovery period had already passed on March 14, 2025.  Thus, the 23-day delay did not prejudice PCJV's ability to take depositions or conduct further discovery.  At the hearing, defense counsel argued that PCJV could have filed a motion to reopen discovery for limited purposes.  PCJV's argument is belied by the fact that it has not filed such a motion since receiving the responsive documents on May 9, 2025, over one and a half months ago.  Taking into account the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the public policy favoring disposition of cases on the merits, and the lack of need for any sanctions, it is recommended that PCJV's motion for sanctions be denied as to these document requests.

### *3.  Document Requests That Remain Outstanding*

The remaining document requests at issue in the March 12, 2025 Order involved Plaintiff identifying custodians and applying search terms to gather documents that would be reviewed for production and placed on a privilege log if appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                              Date: June 30, 2025

Title       Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Plaintiff's counsel explains that he had not anticipated that the search terms would result in over 40,000 unique documents (not pages). Each document must be reviewed carefully for privilege due to the presence of attorneys in the transaction-related documents. (Murphy Decl. ¶¶ 42-43.) Compliance with the March 12, 2025 Order "was an impossibility by April 11." (*Id.* ¶ 59.)

Plaintiff's counsel further explains that he acted with reasonable diligence after the discovery conference on March 12, 2025. *See Grajeda v. Kirkland*, 2009 U.S. Dist. LEXIS 50558, *26-*27 (E.D. Cal. June 15, 2009) (requiring reasonable diligence to comply with discovery order). The next day, on March 13, Plaintiff's counsel requested a conference with opposing counsel to discuss search terms and a revised scheduling order to submit to the court. Plaintiff proposed to make a list of search terms to which Defendants could then add terms. (Dkt. No. 173-9 at 7.) Defense counsel responded that when Plaintiff circulated the search terms and custodians, Defendants would comment on them. (*Id.* at 7.) On March 20, Plaintiff proposed a revised scheduled order and advised that Plaintiff's document production had been delayed due to circumstances beyond counsel's control. (Dkt. No. 173-10 at 7.) That same evening, defense counsel responded. On the matter of discovery, defense counsel stated, in summary, that Defendants expected Plaintiff to start producing documents and to provide search terms "to ensure that it has gathered all responsive documents subject to the limitations stated in the [March 12, 2025] Order." (*Id.* at 5-6.) On March 26, defense counsel inquired when Plaintiff would comply with the March 12, 2025 Order and provide a list of search terms. (Dkt. No. 153-14 at 4.) Counsel for both sides conferred the next day on March 27 as to matters covered by the March 12, 2025 Order in addition to other issues. (Dkt. No. 153-16 at 4.) On April 4, Plaintiff transmitted the list of custodians and search terms it had used, and advised that the search terms had resulted in "too broad a set of documents." (Dkt. No. 173-12 at 2; *see* Dkt. No. 173-11 (list).)

At the discovery conference on April 4, one week before the April 11, 2025 deadline for completion of Plaintiff's document production, the court set a briefing schedule on Defendants' motion for sanctions and Plaintiff's request for reconsideration of the deadlines. As discussed above, Plaintiff did not file a cross-motion and filed an opposition to Defendants' motion for sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV-24-04546-SB (AGRx)                        Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Plaintiff counsel's declaration sufficiently satisfies Plaintiff's burden of
demonstrating that compliance with the March 12, 2025 Order was infeasible if not
outright impossible.  PCJV has not challenged the adequacy of SPAVI's list of search
terms.  (Dkt. No. 173-11.)  Application of the search terms returned hits of over 40,000
unique documents (not just pages).  (Murphy Decl. ¶¶ 42-43.)  In other words, an
attorney who reviewed 50 pages per hour and 8 hours per day,[3] would require 100 days to
review 40,000 pages (assuming each document is only one page).  The time period March
13--April 11, 2025 encompassed 30 days including weekends.  Mr. Murphy further
explains that the 40,000+ documents require careful review for privilege because the
communications occur in a context involving an attorney -- either the SPAVI/Cinco APA
or communications with non-PCJV Potato Corner franchisees during this litigation, when
such franchisees were threatened with suit by PCJV.  (Murphy Decl. ¶¶ 42, 65(A), (C).)
"When the review is of electronically stored information, the risk of waiver [of privilege],
and the time and effort required to avoid it, can increase substantially because of the
volume of electronically stored information and the difficulty in ensuring that all
information to be produced has in fact been reviewed."  Advisory Comm. Note, 2006
Amendment to Fed. R. Civ. P. 26(b)(5).  PCJV has not disputed the showing in Mr.
Murphy's declaration.  Accordingly, the court concludes that an evidentiary hearing is
unnecessary.  *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983).

PCJV argues that SPAVI should have anticipated the need to produce the
documents that are the subject of the March 12, 2025 Order long ago.  PCJV's argument
is unavailing.  As described above, this court permits parties who reach an impasse in
discovery to contact the Courtroom Deputy Clerk and request a discovery conference.
The court endeavors to get the parties on calendar as soon as practicable, and does not
limit the number or frequency of discovery conferences during the discovery period in a
case.  The court adopted these procedures precisely to enable parties to complete
discovery on a timely basis.  The parties in this case were free to seek court intervention
on one or more discovery disputes at any point after the discovery period commenced,
yet did not avail themselves of the opportunity until two days before the fact discovery

---

[3]  *See Lawless v. SEC*, 2023 U.S. Dist. LEXIS 184704, *13 & n.46 (C.D. Cal. Oct. 11,
2023) (noting records indicating staff attorney could review 50 pages per hour).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title    Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

cut-off date.  A party cannot simply sit back, wait until the last minute, and then complain it is prejudiced because the other side should have produced documents earlier.  This court does not reward or encourage such discovery behavior by any party.  Particularly in the era of electronic discovery, which can create time-consuming challenges, the court encourages counsel to seek early and timely resolution of discovery disputes.  Accordingly, the public interest in expeditious resolution of litigation and the court's need to manage its own docket do not favor imposition of sanctions in this case.

The court examines the factors of prejudice and availability of lesser alternatives.  The court categorizes the document requests that remain outstanding into three groups.

Group 1:  SPAVI's Purchase of Potato Corner-Related Assets

The document requests in Group 1 are as follows:

Document Request Nos. 2-7 and 20 call for various documents about the sale of Potato Corner Assets to SPAVI:  how SPAVI learned of the opportunity (2), valuation (3), negotiation of the sale (4), discount requested, if any, due to the risk of litigation (5), due diligence (6), risk assessment of acquisition occurring during litigation (7), and audit reports (20).  During the March 12, 2025 discovery conference, Plaintiff's counsel discussed the challenge of coming up with search terms to compile the documents.  The court ruled that Plaintiff could exclude documents or redact information that related solely to countries outside the United States.

Document Request Nos. 10-11 and 17-18 literally call for production of every communication with anyone – employee, officer, director, agent, or third party – about SPAVI's acquisition of Potato Corner assets.  Rather than deny these requests outright, the court permitted Plaintiff to select the custodians whose electronic communications would be searched in response to these requests.

PCJV's motion failed to explain the prejudice it suffers in defending against SPAVI's claims or presenting evidence in support of the counterclaims.  PCJV attempted to remedy that deficiency in the reply brief.  In a paragraph, PCJV stated that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

requested documents are necessary to "cross examine the efficacy of Plaintiff's
assignment from Cinco," "prove that the assignment does not affect Defendants'
trademark rights," and show Plaintiff did not acquire trademark rights "free and clear of
any pre-existing rights to use or control the U.S. marks that could not be terminated 'at
will.'"  (Reply at 8-9 (footnote omitted).)  The reply brief attaches a "flow chart" that is
not self-explanatory and leaves the court to guess at the relationship between the
requested issue sanctions and the document requests in Group 1.

Defendants' cryptic and cursory argument is not sufficient.[4]  *Compagnie*, 456 U.S.
at 707 (requiring that sanctions be "just" and "specifically related" to particular claims
that gave rise to discovery at issue).

As best as the court can discern, the first step is production of the APA, already
addressed above in connection with Document Request No. 1, which will likely disclose
what Potato Corner assets SPAVI purchased and at what price.  Otherwise, there is no
showing that SPAVI has personal knowledge of the facts underlying Defendants'
argument that Defendants have superior Potato Corner trademark rights by virtue of their
historical relationship with Cinco.  At best, SPAVI may have communications about
Potato Corner trademark rights in the United States that it received from or sent to Cinco
and Defendants (Document Request Nos. 6 and 7), which conceivably may be a source of
cross examination of Cinco witnesses.  (*E.g.,* Gregorio Decl. ¶¶ 24-25, 28, Dkt. No. 44-
4.)  Limiting the requests in this way may reduce the volume of potentially responsive

---

[4]  The court notes that the flow chart refers to *Sengoku* factors, which is presumably a
reference to the manufacturer/exclusive distributor case entitled *Sengoku Works Ltd. v.
RMC Int'l, Ltd.*, 96 F.3d 1217 (9th Cir. 1996).  It is not clear how Defendants seek to
apply *Sengoku* to the motion for sanctions.  Moreover, after *Sengoku*, the Ninth Circuit
held that evidence of actual sales or lack thereof is not dispositive and applies a "totality
of the circumstances" approach that includes consideration of certain non-sales activity.
*See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1205-06 (9th Cir. 2012)
(explaining post-*Sengoku* evolution of Ninth Circuit test).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title     Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

documents and potentially privileged material.[5]  SPAVI may also have valuations of the
Potato Corner trademark rights in the United States in response to Document Request No.
3 if such valuations were made.

　　　Other document requests in Group 1 are unnecessary at this very late stage in the
case.  Document Request No. 16 calls for production of "legal opinions" obtained by
SPAVI "in connection with the acquisition of Potato Corner assets."  In response, SPAVI
claimed the attorney client privilege and work product doctrine.  At the hearing,
Plaintiff's counsel confirmed that SPAVI is not waiving the attorney client privilege or
work product doctrine in this case.  Although Defendants complain about the absence of
a privilege log by April 11, 2025, the court finds no basis for sanctions.  The document
request is specifically limited to legal opinions obtained by the opposing party in
connection with a specific subject matter.  No more is needed to "describe the nature of
the documents, communications, or tangible things not produced or disclosed . . . without
revealing information itself privileged or protected" in a manner that "will enable other
parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A); *Burlington Northern & Santa
Fe Ry. v. United States Dist. Ct.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (noting Ninth
Circuit has not held that document-by-document privilege log is necessary); Advisory
Comm. Note, 1993 Amendment (acknowledging production of document-by-document
log "may be unduly burdensome" in some circumstances, "particularly if the items can be
described by categories").  Moreover, Defendants would not have an opportunity to
challenge any log entry after the fact discovery cut-off date expired in any event.

　　　Document Request Nos. 10-11 and 17-18 are facially overbroad, calling for any
communication about the acquisition of Potato Corner assets with "any other party" (10),
any employees, officers, directors, or agents (11), employees or management (17), and
"any third parties" (18).  Rather than deny these requests outright at the discovery
conference, the court simply allowed Plaintiff to select custodians whose electronic files
would be searched.  (Dkt. No. 128 at 2 ¶ 3(b).)  Even so, the limitation on custodians did
not cure the overbreadth of these document requests.  Imposing sanctions based on these

---

[5]  For example, it may be possible to forego Plaintiff counsel's need to access his emails
at his former law firm to search for communications in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-24-04546-SB (AGRx)                     Date: June 30, 2025

Title      Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

four "kitchen sink" document requests would be an abuse of discretion.  *See Dreith*, 648
F.3d at 787 (requiring discovery order that forms basis of Rule 37(b)(2) sanctions give
party "unequivocal notice" that "certain documents be produced"); *Aldapa v. Fowler
Packaging Co.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (noting courts "routinely disfavor
overly broad discovery requests" that call for "each and every document" relating to
plaintiff's claims); *e.g., Ingram v. W. Capital Lending, Inc.*, 2023 U.S. Dist. LEXIS
115932, *3 (N.D. Cal. Apr. 28, 2023) (denying motion to compel); *HM Elecs., Inc. v.
R.F. Techs., Inc.*, 2014 U.S. Dist. LEXIS 173669, *35, *38 (S.D. Cal. Dec. 15, 2014)
(same).

  Finally, Document Request Nos. 2, 4, 5, and 20 call for information that is either
background, tangential, or subsumed under Document Request Nos. 3, 6, and 7 to the
extent material to the claims or defenses in this case.

  Recommendation:  It is recommended that PCJV's motion for sanctions be denied
and that discovery be reopened for 45 days for the limited purpose of SPAVI's
production of (a) due diligence or risk assessment communications received from, or sent
by SPAVI to, Cinco or PCJV Defendants about Potato Corner trademark rights in the
United States, and (b) valuation documents specific to SPAVI's purchase of Potato
Corner trademark rights in the United States (if any).  It is anticipated that the court will
conduct a discovery conference within 7 days to narrow search terms and custodians to a
manageable level.

Group 2:  SPAVI's Trade Secret Claims

  In Count 10 of the First Amended Complaint ("FAC"), Plaintiff alleges
misappropriation of trade secrets in violation of California's Uniform Trade Secrets Act
(CUTSA).  This claim appears to be based on the PCJV Defendants' actions in reverse
engineering Potato Corner's proprietary flavorings for french fries.  (FAC, Dkt. No. 65 ¶¶
172-173.)  The document requests in Group 2 are Document Request Nos. 22 and 24-27.

  The March 12, 2025 Order narrowed Document Request Nos. 24 and 26-27 to the
trade secrets that Plaintiff contends were misappropriated by Defendants.  (Order, Dkt.
No. 128 ¶¶ 3(f)-(g).)  Document Request No. 25, which calls for documents underlying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV-24-04546-SB (AGRx)                    Date: June 30, 2025

Title       Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Plaintiff's damages claims based on misappropriation, would necessarily have the same limitation.

        In addition to the search term issue, Plaintiff explains that it could not timely comply with the Order for the additional reason that Defendants have never disclosed what flavorings they reverse engineered.  (Murphy Decl. ¶ 43.)  Defendants do not dispute Plaintiff's representation.  Without knowing whether or how Defendants reverse engineered one or more flavorings, Plaintiff is unable to identify the relevant agreements that it will contend prohibit Defendants from reverse engineering in the manner they did.  For example, if Defendants reverse engineered a particular flavoring by retaining a particular supplier to do so, Plaintiff could then produce an agreement with that supplier (if it has one) that prohibits reverse engineering.  Thus, to some extent Defendants own delay has contributed to Plaintiff's inability to produce documents responsive to Document Request Nos. 22 and 24-27.  *See Potlatch*, 679 F.2d at 156 (finding it unfair to cast entire blame for delay upon responding party when moving party initially refused to identify location of lumber at issue and then answered 2½ months late); *Acrisure of Cal., LLC v. TLondon Ins. Servs., LLC*, 2020 U.S. Dist. LEXIS 251373, *12 (C.D. Cal. Dec. 17, 2020) (Blumenfeld, J.) (declining to impose Rule 37 sanctions in context of expert report when delay caused by opposing party's failure to comply with its own discovery obligations).

        PCJV requests the following trade secret-related sanctions:

- That the contents and labeling of the flavored seasoning packages are not trade secrets, including because they are publicly available and purchased by third parties.
- That SPAVI has not taken reasonable steps to maintain the alleged secrecy of the contents or labeling of the flavored seasoning packages.
- That SPAVI does not own or possess the alleged trade secret recipes or ingredient allocations of the flavored seasoning packages.
- That SPAVI has not been damaged as a result of competition mimicking the flavors of the flavored seasonings.

(Dkt. No. 153 at 4-5 ¶¶ 3(h)-(k).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                          Date: June 30, 2025

Title       Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

Recommendation:  It is recommended that Defendants' motion for sanctions be denied and that discovery be reopened for a period of 45 days so that SPAVI may produce the flavorings at issue in the CUTSA claim; and the agreements described in Paragraph 3(e)(i) in the March 12, 2025 Order.

Group 3:  Document Request No. 21

Document Request No. 21, as narrowed by the court, calls for production of communications between SPAVI and Potato Corner franchisees (not owned by PCJV) in the United States.  The court required Plaintiff to prepare a privilege log of communications with those franchisees that are withheld from production due to joint defense privilege.

Recommendation:  As far as the court can discern, Defendants do not seek any issue sanctions related to Document Request No. 21.  (Dkt. No. 153 at 4-5 (list of requested sanctions).)  Out of an abundance of caution, it is recommended that Defendants' motion for sanctions be denied as to Document Request No. 21.

It is recommended that discovery be reopened for the limited purpose of SPAVI producing agreements with Potato Corner franchisees in the United States that are not owned by PCJV to continue operating as Potato Corner franchises during the pendency of this litigation.  This specific, defined category of documents can likely be produced without the time-consuming problems involved in application of the joint defense privilege.  (Murphy Decl. ¶ 65(A).)

### III.    Recommendation

It is recommended that the District Court issue an order:

1.  Accepting the recommendation that Defendants' motion for sanctions listed in Paragraphs 1, 2, 3, and 5 (nonmonetary portion) be denied (Dkt. No. 153);
2.  Reopening discovery for a period of 14 days for the limited purpose of referring to this court the terms and conditions under which the Asset Purchase Agreement will be made available for inspection and/or production (including redaction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-24-04546-SB (AGRx)                              Date: June 30, 2025

Title        Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC, et al.

3.  Reopening discovery for a period of 45 days so that SPAVI may complete
    production of:

    a.  due diligence or risk assessment communications received from, or sent
        by SPAVI to, Cinco or PCJV Defendants about Potato Corner
        trademark rights in the United States;

    b.  valuation documents specific to SPAVI's purchase of Potato Corner
        trademark rights in the United States (if any);

    c.  flavorings (tangible items) at issue in the CUTSA claim;

    d.  the agreements described in Paragraph 3(e)(i) in the March 12, 2025
        Order; and

    e.  agreements, if any, with non-PCJV Potato Corner franchisees in the
        United States to continue operating as Potato Corner franchises during
        the pendency of this litigation.

***NOTICE TO PARTIES***

Any party having objections to the Report and Recommendation shall, not later
than ***July 14, 2025***, file and serve a written statement of Objections/Motion for Review
with points and authorities in support thereof before District Judge Stanley Blumenfeld,
Jr.  Failure to object within the time limit specified shall be deemed consent to any
proposed finding of fact.  A party may respond to the other party's objections within 14
days after being served with a copy.

cc: District Judge Stanley Blumenfeld, Jr.

**Initials of Preparer**        kl