EXHIBIT 1

EXHIBIT C

| | |
|---|---|
| **From:** | Kenneth Hsu <khsu@ecjlaw.com> |
| **Sent:** | Friday, August 23, 2024 4:08 PM |
| **To:** | Beral, Arash |
| **Cc:** | Michael D. Murphy; Malynn, Todd M. |
| **Subject:** | RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR |
| **Attachments:** | SPAVI Joint Rule 26(f) Report(11322964.2).docx |

Arash, Todd,

Thank you for meeting and conferring with us on Wednesday. Per our discussion, please see the attached draft Joint Rule 26(f) Report, which is due for filing **next Tuesday, 8/27**. As you will see, there are placeholders highlighted in yellow for your firm to insert any additional language.

Please circulate an updated draft of the Report by the end of Monday, 8/26, so that our firm can review and finalize for filing the following day. Please note that our firm may make additions or revisions to this draft, although we will circulate the final copy of the Report before filing.

Have a nice weekend.

Thank you,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.



---

**From:** Kenneth Hsu
**Sent:** Wednesday, August 14, 2024 10:35 PM
**To:** Beral, Arash <arash.beral@blankrome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Subject:** RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR

Arash,

Thank you. Please use the following Zoom meeting information next Monday, 8/19, at 3 p.m.:

Topic: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR
Time: Aug 19, 2024 03:00 PM Pacific Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/86962214606?pwd=F71WUo1R49d568AnvXihTcfZfmQKjf.1

Meeting ID: 869 6221 4606
Passcode: 90212

I will circulate a calendar event as well.

Thanks,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.



---

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Wednesday, August 14, 2024 4:52 PM
**To:** Kenneth Hsu <khsu@ecjlaw.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Subject:** RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR

Kenny,

Interesting to see a scheduling conference notice when defendants haven't appeared but, assuming this was not inadvertent, we can certainly talk on Monday. We are available at 3 pm.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Wednesday, August 14, 2024 3:40 PM
**To:** Beral, Arash <arash.beral@blankrome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>
**Subject:** Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR

Arash,

The Court in the above-captioned action recently entered the attached Mandatory Schedule Conference (MSC) Order, which set a Mandatory Scheduling Conference for September 6, 2024 at 8:30 a.m. Pursuant to that Order and FRCP 26(f), please let us know when you are available **next Monday, August 19, 2024** to meet and confer by Zoom. Mr. Murphy and I are generally available on that day other than from 11 a.m. to 12 p.m. (Our firm is largely unavailable for the remainder of this week.) Once we confirm a time, I can circulate Zoom meeting information.

Thank you in advance.

Thanks,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

Ervin Cohen & Jessup LLP

9401 Wilshire Boulevard, 12th Floor ┊ Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* ┊ (310) 859-2325 *(f)*
www.ecjlaw.com ┊ khsu@ecjlaw.com ┊ About me ┊ LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

1  **BLANK ROME LLP**
   Arash Beral (SBN 245219)
2  arash.beral@blankrome.com
   Todd M. Malynn (SBN 181595)
3  todd.malynn@blankrome.com
   Victor Sandoval (SBN 344461)
4  victor.sandoval@blankrome.com
   2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
   Telephone:   424.239.3400
6  Facsimile:    424.239.3434

7  Attorneys for Defendants PCJV USA, LLC, PCI
   TRADING, LLC, GUY KOREN, POTATO
8  CORNER LA GROUP, LLC, NKM CAPITAL
   GROUP, LLC, J & K AMERICANA, LLC, J&K
9  LAKEWOOD, LLC, J&K VALLEY FAIR, LLC,
   J & K ONTARIO, LLC, J&K PC TRUCKS, LLC,
10 and GK CAPITAL GROUP, LLC

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

14 SHAKEY'S PIZZA ASIA VENTURES,        Case No. 2:24-CV-04546-SB(AGRx)
   INC, a Philippines corporation,
15                                       *Hon. Stanley Blumenfeld, Jr.*
                        Plaintiff,
16                                       **NOTICE OF ERRATA RE**
           vs.                           **EXHIBIT 1 TO THE**
17                                       **DECLARATION OF TODD M.**
   PCJV USA, LLC, a Delaware limited     **MALYNN IN SUPPORT OF *EX***
18 liability company; PCI TRADING, LLC, a **PARTE* APPLICATION [DKT. 72]**
   Delaware limited liability company; GUY
19 KOREN, an individual; Potato          Complaint Filed:   May 31, 2024
   Corner LA Group, LLC, a California limited liability  Trial Date:        August 4, 2025
20 company; NKM CAPITAL GROUP, LLC, a
   California limited liability company; J & K
21 AMERICANA, LLC, a California limited
   liability company; J & K CULVER, LLC, a
22 California limited liability company; J&K
   LAKEWOOD, LLC, a California limited
23 liability company; J&K OAKRIDGE, LLC, a   :
   California limited liability company; J&K
24 VALLEY FAIR, LLC, a California limited
   liability company; J & K CAPITAL 2, LLC,
25 a California limited liability company; J & K
   ONTARIO, LLC, a California limited
26 liability company; J&K PC TRUCKS, LLC,
   a California limited liability company; J&K
27 CONSULTANTS GROUP, LLC, a
   California limited liability company; GK
28 CAPITAL GROUP, LLC, a California

   160850.00001/151371209v.1
                **NOTICE OF ERRATA RE EXHIBIT 1 TO THE MALYNN DECL.**

1 | limited liability company; and DOES 1
through 100, inclusive,

2

3 | Defendants.

4

5 | **PLEASE TAKE NOTICE** that on 12:08 am on December 2, 2024,

6 | Defendants filed their *Ex Parte* Application [Dkt. #72] with this Court. Attached to

7 | the Application was the Declaration of Todd M. Malynn (the "Malynn

8 | Declaration"). Defendants inadvertently attached the wrong Exhibit 1 to the Malynn

9 | Declaration (an email sent at 11:15 pm, which was recalled), and not the correct

10 | email that was sent at 11:18 pm. Attached is the correct Exhibit 1.

11 | DATED:  December 2, 2024          **BLANK ROME LLP**

12

13 | By: */s/ Todd M. Malynn*
                                          Arash Beral
                                          Todd M. Malynn
14 |                                        Victor Sandoval

15 | Attorneys for Defendants PCJV USA, LLC, PCI
TRADING, LLC, GUY KOREN, POTATO
16 | CORNER LA GROUP, LLC, NKM CAPITAL
GROUP, LLC, J & K AMERICANA, LLC,
17 | J&K LAKEWOOD, LLC, J&K VALLEY
FAIR, LLC, J & K ONTARIO, LLC, J&K PC
18 | TRUCKS, LLC, and GK CAPITAL GROUP,
LLC

19

20

21

22

23

24

25

26

27

28

160850.00001/151371209v.1              1
**NOTICE OF ERRATA RE EXHIBIT 1 TO THE MALYNN DECL.**

# <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 2, 2024, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 2, 2024.

By:   /s/AJ Cruickshank

2

EXHIBIT 1

**From:** Malynn, Todd M.
**Sent:** Sunday, December 1, 2024 11:18 PM
**To:** 'Michael D. Murphy' <mmurphy@ecjlaw.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>; 'Kenneth Hsu' <khsu@ecjlaw.com>; Cruickshank, AJ <AJ.Cruickshank@BlankRome.com>
**Subject:** RE: Activity in Case 2:24-cv-04546-SB-AGR Shakeys Pizza Asia Ventures, Inc v. PCJV USA, LLC et al Notice of Appeal to 9th Circuit Court of Appeals

Mike,

Following up on Arash's email, in addition to accessing privileged communications, neither the November 14, 2024 Order nor litigation privilege authorize SPAVI's interference with PCJV's contracts and relationship with third-party franchisee, which we are going to ask the Court to address.

Defendants are apply *ex parte* to clarity, modify or issue a new order related to the November 14, 2024 Order granting in part and denying in part Defendants' motion to dismiss and Plaintiff's motion for a preliminary injunction, including as follows:

1. That in granting injunctive relief to effectuate a rebrand and denying injunctive relief restraining competition based in part on SPAVI's position that it did not acquire "any rights…in PCJV…," Dkt. No. 44-4 (¶ 12), including any "contractual rights," Order at 10, 15, 19, the Court made a purposeful distinction in the Order between (a) SPAVI's asserted ownership of the U.S. trademarks and (b) PCJV's ownership rights in the fast-food restaurant franchise business of selling flavored french fries, and intended the parties to adhere to this distinction in implementing the Order;

2. That based on the Order's rulings (at 8, 26) that (a) "it is undisputed that all the claims in the complaint depend on SPAVI's ownership of the marks" and (b) "SPAVI's complaint does not allege trade secret misappropriation" and "has not identified any legal basis to enjoin Defendants from misusing confidential information based on the claims in the complaint," the complaint tracks (a) SPAVI's alleged rights in the U.S. trademarks and (b) PCJV's ownership rights in the business;

3. That in issuing the Order nearly six (6) months after SPAVI filed this action, including well after the Court issued the Case Management Order (Dkt. No. 29), the Court granted Plaintiff leave to amend solely to allege facts supporting its existing claims against the dismissed Koren Affiliates, which the Order twice made clear: (a) "If SPAVI wishes to pursue *its claims* against some or all of these defendants, it may file a First Amended Complaint (FAC) that explains the factual basis for each defendant's liability," and (b) "If SPAVI wishes to pursue *its claims* against the Koren Affiliates, it shall file an FAC no later than November 22, 2024." Order at 13, 28 (emphasis added). After dismissing the Koren Affiliates, the Court did not grant leave to file a FAC raising new claims or

modify the Case Management Order to accommodate a trial on and time for discovery into new claims;

4. That neither the Order nor "litigation privilege" authorized SPAVI after prior solicitations had been rejected, to (a) threaten employees of third-party franchisees with the Order, (b) threaten third-party franchisees with new claims purportedly under the Order and (c) interfere with third-party franchisee's contractual obligations owed to PCJV, including with a demand letter setting a deadline of December 2, 2024 as if ordered by the Court and claiming that third-party franchisees have no legal option but to close their fast-food flavored french fry business or join SPAVI's organization if they want to remain in business; and

5. That modifies the Order or issues a new order to protect Defendants from further irreparable harm and third-party franchisees from ongoing economic duress and threats to shut down their businesses pending trial or the name change the Order has compelled PCJV to effectuate for their businesses.

Plaintiff's opposing papers are to be filed no later than 48 hours following service or by 3:00 p.m. on the first court day after service, whichever is later.

Also, your email omits material information and mischaracterizes facts:

1. The Order does not require U.S. franchisees to violate state law or breach contractual obligations, including real estate leases

2. There has been no final determination let alone an "unequivocal" one as you have represented

3. The Reply will itemize the steps taken and the Court will review the same and presumably disregard erroneous arguments

4. The crystal ball you pretend to have into other people's motives and legal rights is sophistry

5. The interference by SPAVI remains tortious whether or not the litigation privilege shields one from damages

6. The newly asserted claims for misappropriation and breach of confidence are baseless/improperly asserted

7. The settlement offers by SPAVI speak for themselves and plainly evidence its intentions

Regards,

Todd


**Todd M. Malynn** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Sunday, December 1, 2024 8:20 PM
**To:** Michael D. Murphy <mmurphy@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Kenneth Hsu <khsu@ecjlaw.com>; Cruickshank, AJ <AJ.Cruickshank@BlankRome.com>; Ayesha Rector <arector@ecjlaw.com>
**Subject:** RE: Activity in Case 2:24-cv-04546-SB-AGR Shakeys Pizza Asia Ventures, Inc v. PCJV USA, LLC et al Notice of Appeal to 9th Circuit Court of Appeals

Mike:

I'm just now catching up and reading this email. Everything you ascribed to me is categorically false. I was not even on any call with franchisees on November 20 or at any time last week or the week before.

All communications with PCJV's franchisees fall under the common interest doctrine, regardless. That's what I said before; nothing's changed. Please cease and desist (again) from attempting to extract common interest communications with PCJV's franchisees.

Todd will address the rest of your email that needs addressing, if any.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP


**From:** Michael D. Murphy <mmurphy@ecjlaw.com>
**Sent:** Friday, November 29, 2024 10:27 PM
**To:** Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Cc:** Kenneth Hsu <khsu@ecjlaw.com>; Beral, Arash <arash.beral@blankrome.com>; Cruickshank, AJ <AJ.Cruickshank@BlankRome.com>; Ayesha Rector <arector@ecjlaw.com>
**Subject:** RE: Activity in Case 2:24-cv-04546-SB-AGR Shakeys Pizza Asia Ventures, Inc v. PCJV USA, LLC et al Notice of Appeal to 9th Circuit Court of Appeals

Todd:

I respond to that part of your email below following the meet and confer as to the Amended Complaint under the sections entitled "Accessing privileged communications" and "the November 27, 2024 Letter."

You mention an "ex parte" on these issues. You have not, however, specified what the Ex Parte relief is that you would be seeking. **Please specify the ex parte relief you will be demanding**. Whatever the relief is, I suspect that after you read this, you will agree any ex parte would not be well taken.

I address each of the accusations / demands in turn, starting with your false accusation that we "accessed privileged communications."

**The Communications At Issue Were Not Privileged**

It is true that you have previously "warned" us against communicating with your client's franchisees, and you have accused us of tortious interference in doing so. Each time, I have reminded you that we are entitled to do so for a variety of reasons, including the First Amendment. The purpose of our communications to PCJV franchisees has always been with regards to the injunction (or, previously, our plans to seek an injunction) and our offer of protection from the injunction through short term licenses with SPAVI. Indeed, we have expressly avoided discussing the franchisees' agreements with PCJV, although I believe the PCJV franchise agreements are unenforceable as a result of PCJV's decade plus of franchise fraud. How could PCJV possibly enforce a franchise agreement against anyone who believed PCJV had a written license to Potato Corner IP for 20 years when, in fact, it was terminable at will? This representation has been made for over a decade by PCJV, and was a statement Koren knew to be false at all times.

I rejected your "warning" about communicating with your client's franchisees, just as I rejected Mr. Beral's assertion that his communications with the franchisees was "privileged." I even repeatedly asked pressed Mr. Beral as to the basis of the claimed privilege, and the response was, essentially, his claim that he is actually counsel for the franchisees. Given that Mr. Beral cannot possibly, as an ethical matter, be counsel for franchisees, I did not see a basis for his claim that his communications with franchisees is privileged.

This was the context prior to the meeting Mr. Koren and Mr. Beral (your law partner) apparently had with his franchisees last week, Wednesday November 20, 2024. I understood that your firm believes that this meeting was protected under the attorney-client privilege. Nevertheless, based on the information you had provided to me – the claim of an attorney-client relationship with the franchisees – I had no basis to believe that I was prohibited from learning what occurred at this meeting.

You are correct that I am aware that, at that meeting, Mr. Koren and your law partner, Mr. Beral (counsel for PCJV), told the franchisees, among other things: (1) that the PCJV franchisees do not have to cease using the Potato Corner trademarks nor do they have to comply with the injunction; (2) that Mr. Koren and PCJV own the Potato Corner trademarks; (3) that PCJV took down the Potato Corner US website and Instagram account to make it appear as PCJV is complying with the Order, which was designed to conceal that PCJV and Mr. Koren are otherwise not actually in full compliance; (4) that the deceptive and selective partial compliance with the injunction is being designed by Koren, PCJV, and Mr. Beral to buy time so that they can get a stay of enforcement or reversal of the injunction while actually not fully complying; (5) that the franchisees do not need lawyers, and that if SPAVI or our office contacts them, they are to advise that Mr. Beral is their counsel; (6) that PCJV has contracted with a new supplier of flavorings, and Mr. Koren gave the supplier Potato Corner flavoring packets who then "reverse engineered" the packets' contents, and that the fruits of this reverse engineering will be available

for sale by the franchisees of PCJV by December 1, 2024; (6) that SPAVI does not have any rights to the flavorings or the packets; and (7) that, if the franchisees enter into agreements with SPAVI, he falsely claimed they will be charged more by SPAVI. This is just some of what was said at that meeting that we believe to be a problem for a variety of different reasons.

I was not aware until your email yesterday that Mr. Koren and Mr. Beral separately attempted to cloak the meeting in "common interest privilege." Your firm has never claimed a "joint defense privilege" with me before, and, in looking into it, it appears that no valid "common interest" agreement could possibly exist. First, no written common interest (or "joint defense") agreement has been executed, let alone proposed. Although such agreements can be implied, that is usually when conduct implying such an agreement is between lawyers fully educated on what such an agreement or what concepts such as "common interest" mean. Remember, none of the franchisees themselves are lawyers, nor did they have counsel present. (To the contrary, they had been told by Mr. Koren and Mr. Beral they do not need lawyers – a troubling statement in its own right.) In addition, as you know, some of these franchisees do not even speak English as their first language, and many do not have college degrees. Mr. Koren and Mr. Beral cannot unilaterally foist an implied common interest agreement on non-lawyers, especially those who do not understand what that even means. To be sure, I am not aware of any authority that implies a common interest agreement between a party with superior bargaining power (*e.g.,* a franchisor) and those with inferior bargaining power, particularly where, as here, the party with the superior bargaining power is instructing those with less bargaining power to not comply with a federal court order. If you are aware of such an authority, please provide us with a citation.

Notwithstanding the above, you contend a common interest was confirmed in two ways. First, you claim a common interest arose because each of the PCJV franchisees supposedly "rejected prior solicitations" of SPAVI. This is false. Multiple PCJV franchisees have not rejected our solicitations. Second, you claim that "all" of the PCJV franchisees "indicated their alignment with PCJV." What actually appears to have happened – and to have been understood – was that the demand to "indicate alignment" was understood to be simply a pledge of loyalty. Loyalty pledges demanded from those with inferior bargaining power do not create a common interest privilege.

More personally, I know how terrified many of these franchisees are of Mr. Koren – who threatens them with litigation and termination of their franchises regularly – a fear that has now crystallized into fear of potential violation of court orders and litigation, such that that anything they agree to with Mr. Koren is most certainly being done under duress. Of course, the assertion of a "common interest" or a "joint defense" presumes that literally all persons present at the meeting were bound by that "common interest" or "joint defense." Put otherwise, the inclusion of even one person who was not bound would destroy any privilege, to the extent it even existed in the first place.

All that being said, if your firm contends that such an agreement exists, what specifically was the specific legal matter on which PCJV and literally all of its franchisees had a common interest – *i.e.,* what are they "jointly defending" against – and how do you know all of these franchisees share this common interest? What are the terms of the common interest (or "joint defense")

agreement? Where was it memorialized or memorialized as to who was bound by it? Until we receive answers to these questions, and in light of the above, your bald assertion of a common interest privilege is unreasonable and unfounded on its face.

### In Any Event, I Did Not "Access" the Communications At Issue

Under the above-described facts, even if I had listened in / or possessed a recording of this meeting (I did not and do not), no privilege applies to these communications and, if it did, multiple exceptions would apply. But that is academic, as none of us listened in nor do we have a recording of the same.

As such, your accusation of me "accessing privileged communications," is false: there was no privilege, and I did not access it.

To be clear: I have every right to communicate with the PCJV franchisees to advise them, among other thing, that Mr. Beral was wrong in telling them not to comply with the injunction and not to retain their own attorneys. It is clear that, for their own sake, the franchisees need independent counsel, and that they need to be warned that they are being enlisted into a contempt of court and should avoid doing so. We also have every right to advise them that this new flavoring stratagem is a wildly brazen theft of trade secrets. We also have the right to invite them to work with SPAVI, directly, so that they are not bound by the injunction.

What I do think is quite surprising is that your firm would tell the franchisees to _not_ comply with the injunction (placing them in legal jeopardy) and _not_ to do the one thing that would allow them to stay in business as Potato Corner stores to be excused from the injunction (a short-term license that costs much, much less). This misinformation will actually hurt real people: the small business owners who did not sign up for this when they bought into the PCJV franchise system based on the false representation in the FDD that PCJV had a 20-year written license to use the Potato Corner trademarks. Mr. Koren should be going out of his way to mitigate the damages caused by this FDD fraud, not make it worse by forcing these innocent business owners he duped to follow him into the legal abyss.

Nevertheless, I trust that, with this information, this puts to rest your accusation that I "accessed privileged communications." To the contrary, and again, no privilege applies, and I did not access them.

### Our Proper November 27, 2024 Letter to PCJV Franchisees

With respect to your complaint about our November 27, 2024 letter to the franchisees, I have some questions. I need these questions answered so as to better understand what it is you are demanding I "withdraw." Once I have answers, I can then respond to your demand that I "withdraw" the letter.

To summarize, our letter makes two essential demands on each of the franchisees, that: (1) they each to cease and desist from using the Potato Corner marks, as per the November 14, 2024 Order (the "Injunction Order"), and (2) to cease and desist using our client's trade secrets,

including the flavorings that Mr. Koren stated last week he "reverse engineered" from our client's proprietary seasonings.

First, you state our letter misrepresents the injunction. Please identify each statement in our letter that mischaracterized the Injunction Order by specifying the statement, as well as the language of the order that you claim was misrepresented. Obviously, we would never want to misrepresent court orders, so, if something needs to be fixed, it will. I just reread the letter, however, and cannot find anything in it that misstates the ruling.

Second, you claim the injunction allowed a "reasonable time frame" for compliance. Please cite the specific language from the injunction order that states this. The only language regarding time for compliance that I know of can be found in the Court's order denying your latest ex parte application on November 20, 2024. In that order, the Court confirms that compliance was to be immediate upon entry on November 14, 2024, although it did point out that contempt may not be found if the violation of the order was due to something out of your clients' control. If you believe I am misunderstanding these orders, please explain how by citing specific language from the orders. I will note that, we have asked for nearly ten days that your client specify what specific acts in compliance with the injunction are impossible because of things out of your client's control, including in Mr. Hsu's November 21, 2024 email (attached). We insist that you respond to each request in this email. That is a better use of all of our time so we can avoid a contempt motion.

Third, you state the "order speaks to a name change." This is not correct. The injunction was not that PCJV change names, but that it cease using the Potato Corner marks. Accordingly, a "name change" is most certainly not a prerequisite to compliance with the injunction. In other words, SPAVI is not obligated to sit on its hands and tolerate the unauthorized use of its Potato Corner marks in outright violation of Court orders, while your clients market tests a new brand. Your clients should have started this a long time ago if that is how they were going to figure out what direction to go after the May 31, 2024 termination. That your client waited until November – after the injunction issued – to begin this process is a delay the consequences of which are not to be borne by the party whose rights are being violated.

Fourth, and finally, what specific aspects of the November 27, 2024 letter are you demanding we withdraw? That the injunction must be complied with by the franchisees? That the franchisees should find their own attorneys? That SPAVI's trade secrets should not be misappropriated? And what specifically do you mean by withdraw?

## Cease and Desist

All of this dust being kicked up by your firm regarding the November 20, 2024 meeting with franchisees and our letters protecting our clients' rights, is a distraction from the primary issues at hand. Your client is not the victim here. Your client is the perpetrator of trademark misappropriation and now, trade secret misappropriation. As such, we reiterate the following demands.

First, each of the Potato Corner outlets deriving their rights solely from PCJV must comply with the injunction immediately. Their failure to do so constitutes a contempt of court each minute it continues. Moreover, your firm's refusal to answer Mr. Hsu's (attached) email of November 21, 2024 confirms that your clients, and the franchisees, are willfully and knowingly violating Court orders. This must stop immediately.

Second, and separately, we demand your client PCJV and Mr. Koren immediately cease any efforts to use, disseminate, or benefit from, in any way, the flavorings that were reverse engineered. We demand your client (1) terminate any efforts to sell or distribute the reverse engineered flavorings, (2) instruct anyone with access to the reverse engineered or source flavorings or recipe to maintain the confidentiality of those recipes and refrain from distributing them, and then (3) provide us with the recipes developed from this reverse engineering, as well as provide a specific explanation of how this reverse engineering was done, all persons with knowledge of the reverse engineering (including the supplier's identify) and the timing, and all facts on which you maintain this was proper. We may then conclude that this was all done in a proper fashion and retract our demand. That said, based on the facts as we have them, this reverse engineering was nothing short of outright theft and misappropriation of trade secrets. I warn you: distribution or dissemination of the contents of these reverse engineered flavorings, or the original packets, is so serious that we believe federal and state criminal statutes that have been violated.

All rights are reserved. Your clients should govern themselves accordingly.

Mike Murphy

---

**Michael D. Murphy**

Ervin Cohen & Jessup LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6367 *(t)* | (310) 859-2325 *(f)*

www.ecjlaw.com | mmurphy@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Sent:** Thursday, November 28, 2024 11:08 AM
**To:** Kenneth Hsu <khsu@ecjlaw.com>
**Cc:** Beral, Arash <arash.beral@blankrome.com>; Cruickshank, AJ
<AJ.Cruickshank@BlankRome.com>; Michael D. Murphy <mmurphy@ecjlaw.com>
**Subject:** RE: Activity in Case 2:24-cv-04546-SB-AGR Shakeys Pizza Asia Ventures, Inc v.
PCJV USA, LLC et al Notice of Appeal to 9th Circuit Court of Appeals

Kenny,

Thank you for your consideration of Arash's request for extension to file a responsive pleading. I
trust that you will be confirming the request tomorrow or we will be speaking on Friday.

Please let this email constitute Defendants' good faith effort to meet and confer, including on a
Rule 12(b)(6) motion to dismiss, a Rule 12(f) motion to strike, a special motion to strike under
California's anti-SLAPP statute, and an *ex parte* application for reconsideration to modify the
preliminary injunction and set a compliance deadline in light of changed circumstances. One
change in circumstance is your letter dated November 27, 2024, wherein Plaintiff makes threats
that are neither supported nor intended by the preliminary injunction.

**The First Amended Complaint**

- **Inclusion of new parties without leave of court in violation of scheduling order**

The order granting in part and denying in part Defendants' prior Rule 12(b)(6) motion and
Plaintiff's motion for preliminary injunction (the "Order") did not modify the scheduling order
or grant Plaintiff leave to add new parties. Please immediately dismiss the new purported
defendants (*e.g.,* HLK Milpitas, LLC, GL Cerritos, LLC).

- **Continued inclusion of affiliated franchisee defendants based on alleged derivative
  use**

The Order dismissed affiliated franchisee defendants whose prior pled connection to the case
was derivative use from PCJV, the lawfulness of which remains in dispute until trial or a final
decision by the Ninth Circuit. The amended complaint does not add new charging allegations
but, once again, pleads that the claims against the previously dismissed affiliated franchisee
defendants are based on allegations of derivative use. There is no need for these defendants to
resolve Plaintiff's claim for declaratory relief and PCJV, PCIT and Koren are responsible for the
derivative use, so there is no basis for their inclusion. Please immediately dismiss the purported
affiliated franchisee defendants in addition to the ones listed above.

- **Include of new claims in violation of the scheduling order**

The Order does not authorize the inclusion of new claims. In fact, at the hearing, you specifically chose not to ask for leave to add new claims after meeting and conferring on the request. Having not asked for leave to add new claims, the amended complaint's inclusion of new claims violates the scheduling order. Please dismiss the Ninth, Tenth and Eleventh Causes of Action, each one of which also fails to state a claim upon which relief can be granted.

**Ninth Cause of Action**

Plaintiff's conclusory allegations fail to state a claim, including for four reasons beyond the obvious—they are based on a false premise: That Plaintiff owns the U.S. trademarks and have a right to unilaterally revoke Defendants' use thereof. Those are ultimate issues in the case, which will be resolved on Defendants' counterclaim for declaratory relief if the Ninth Circuit does not take up the issues and resolve them on appeal.

First, even if the order granting Plaintiff's motion for a preliminary injunction holds, the same order recognizes Plaintiff acquired a non-royalty bearing license. That is the very rationale of the Order in holding that the master license agreement attached to the complaint is unenforceable. The Order does not reach Defendants' forthcoming promissory estoppel affirmative defense, which, as an alternative legal theory, would enforce the non-royalty bearing master license agreement over the alleged "unwritten" allegedly revoked one. Either way, no consideration is due and owing.

Second, Plaintiff has no reasonable expectation of payment for a second reason: SPAVI had notice of facts (indeed, full knowledge) supportive of Defendants' own legal claim to the U.S. marks and promissory estoppel defense, which due diligence discovery will confirm. SPAVI's pleading does not allege facts to the contrary and has filed pleadings declaring to due diligence. Thus, it never had a reasonable expectation of payment (absent a settlement between the parties), nor an expectation of obtaining control over the marks until it prevailed in court. Having notice of facts supportive of Defendants' expectations, Plaintiff's purchase agreement presumably bakes in and incorporates into the purchase price the alleged value of the non-royalty bearing license, even if an "unwritten" one came into existence. No expectation of payment, no basis for quantum merit, which would simply be a windfall.

Third, Plaintiff's complaint is circular. If Defendants have an obligation to make payment, even quantum meruit, then the master license agreement would be enforceable. The alleged missing term would not be missing. The Court could simply imply a reasonable royalty rate and enforce the master license agreement based on Defendants' course of performance the last 15 years.

Fourth, if equity has anything to say, the doctrine of promissory estoppel would control. For this additional reason, the Ninth Cause of Action fails to state a claim.

**Tenth Cause of Action**

This cause of action is a SLAPP. California's anti-SLAPP statute protects First Amendment activity, which, in turn, protects courts in California from parties trying to create litigation out of

existing litigation. Plaintiff claims that it is the owner of trade secrets, which it claims it licensed to Defendants. As to the alleged license, Plaintiff's claim is predicated on it prevailing, not only that it acquired trade secrets from Cinco, but also that Defendants owed an obligation to SPAVI to keep the alleged trade secrets confidential and not to use them for their own benefit. Plaintiff's complaint bases the elements of this claim on public disclosures in Franchise Disclosure Documents, which it alleges are contrary to Defendants' "brazen" position now in court, which, even if wrong, the litigation privilege protects (if not wrong, there is no liability).

It does not matter which allegation is true—Defendants' alleged prior public statements in Franchise Disclosure Documents or in court. Either way, liability is based on protected speech. Section 425.17 does not apply because PCJV is not a business "primarily engaged in the business of selling or leasing goods or services" to consumers, and even if it were a qualified person by being a seller of a branded business opportunity, the qualifying conditions are not met. Statements in court are not commercial speech. Public disclosures in Franchise Disclosure Documents (authored by Cinco's counsel) about seasonings purchased from Cinco under Plaintiff's legal theory that Cinco (not PCJV) owned the alleged trade secrets, were statements about Cinco's products. They were not statements about a PCJV product or a competitor's product. Therefore, it is immaterial that they were included in Franchise Disclosure Documents allegedly "for the purpose of purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, the person's goods or services or in the course of delivering the person's goods or services."

Plaintiff has no probability of success on merits, including because Plaintiff's amended complaint does not state a claim for multiple reasons. First, the allegation of ownership of confidential information are too conclusory to state a claim (especially without the public disclosures in the Franchise Disclosure Documents). We both know SPAVI does not own the flavored seasonings but simply resells them, which makes the public disclosures in the Franchise Disclosure Documents material to the claim and Defendants' "brazen" contrary position allegedly offensive.

Second, the claim is contrary to the law of the case—the Court's prior ruling on Defendants' TRO application that there was neither a fiduciary nor a contractual obligation in the parties to buy/sell flavored seasonings. In other words, under Plaintiff's legal theory and factual position (buying no rights in PCJV and denying that it induced a breach or that Cinco breached the AJVA when it sold the trademarks to SPAVI), SPAVI and Defendants did not have a commercial relationship other than via purchase orders. The purchase orders are not alleged in the complaint as they do not support the claim. That Defendants also allegedly had an "unwritten, recoverable, at-will" trademark license is immaterial. SPAVI acquired no rights in PCJV. Therefore, the alleged license plainly did not come with strings attached. The parties' negotiations are plainly alleged to have been fruitless.

Third, the Court can take judicial notice that SPAVI does not own the flavored seasonings, which will help isolate and expose the SLAPP. While the basis of Plaintiffs' claimed ownership of confidential information (other than public disclosures in Franchise Disclosure Documents) is unclear, once SPAVI allegedly acquired the IP without any rights in PCJV, where is the

obligation to keep confidential information secret and how is reverse engineering a misappropriation? Business & Professions Code § 16600 prevents the alleged "unwritten, revocable, at-will license" – to which Defendants never agreed and have always opposed by word and conduct – from being interpreted as a contract in restraint of trade. It would be void to that extent.

Fourth, the first sale doctrine defeats the claim. After purchasing seasonings from SPAVI, Defendants were free to reverse engineer them. Neither the purchase orders nor the reference trade secret misappropriation statute creates any obligation to return product purchased in an arms-length transaction whether or not there in an "unwritten, recoverable, at-will" license. Even the allegation acknowledges SPAVI's failure to maintain the alleged confidential information confidential. There is no obligation to return or account for anything.

**Eleventh Cause of Action**

This claim is preempted. There is no common law breach of confidence claim in California.

**The November 27, 2024 Letter**

As you well know, the Order speaks to a name change. It rejected Plaintiff's request for any other restraint on competition, which was requested by Plaintiff in several different ways, all of which were rejected. Yet, Plaintiff is now making over-the-top claims and admits to accessing privileged communications previously warned about in a letter to third parties franchisees trying to (a) put them out of business or (b) induce breaches of their contractual obligations and/or real estate leases.

In response to the Order, Defendants' *ex parte* application informed the Court of the name-change requirements, estimated the time necessary for a U.S. franchisee to effect a name change, and requested a full compliance deadline.  While the Order does not set a compliance deadline, it does recognize a reasonable time frame, which evidence informs. Defendants neither get to set a reasonable time frame on its own, let alone send a letter making false statements to third parties, including that there is a final order (there is not) or when a reasonable time has lapsed.

Please immediately confirm that you withdraw SPAVI's demands on third-party franchisees. Otherwise, we will notify the District Court and Ninth Circuit of the false and/or misleading allegations in your letter, which violate the letter and spirit of the Order, including as modified by the Order granting in part and denying in part Defendants' *ex parte* application for reconsideration (*etc.*).

**Accessing privileged communications**

Prior to our last conference call with U.S. franchisees, who are under contract with PCJV, you were notified that there was a common interest privilege, which the U.S. franchisees confirmed. You were also warned to stop tortiously interfering with PCJV's contractual rights. Roll call was taken at the meeting, at which time each U.S. franchisee confirmed the common interest privilege. All of them indicated their alignment with PCJV, which they previously confirmed when they conveyed their rejection of prior solicitations. Yet, you continue to intentionally

violate and access privileged communications. To date, no justification has been provided. And the Order provides none.  We intend to notify the Court of this misconduct in our forthcoming *ex parte* application.

Regards,

Todd


**Todd M. Malynn** | BLANKROME

2029 Century Park East | 6th Floor | Los Angeles, CA 90067

O: 424.239.3469 | M: 310.595.0271 | F: 424.389.7610 | todd.malynn@blankrome.com


**********************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*************

**Cruickshank, AJ**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Monday, December 2, 2024 8:30 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-04546-SB-AGR Shakeys Pizza Asia Ventures, Inc v. PCJV USA, LLC et al Errata |

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered by Malynn, Todd on 12/2/2024 at 8:29 AM PST and filed on 12/2/2024

| | |
|---|---|
| **Case Name:** | Shakeys Pizza Asia Ventures, Inc v. PCJV USA, LLC et al |
| **Case Number:** | 2:24-cv-04546-SB-AGR |
| **Filer:** | J&K Valley Fair, LLC |
| | J & K Ontario, LLC |
| | J&K PC Trucks, LLC |
| | PCJV USA, LLC |
| | PCI Trading, LLC |
| | Guy Koren |
| | Potato Corner LA Group, LLC |
| | NKM Capital Group, LLC |
| | J & K Americana, LLC |
| | J&K Lakewood, LLC |

**Document Number:** 73

**Docket Text:**
<span style="color:blue">**NOTICE OF ERRATA filed by Defendants J&K Valley Fair, LLC, J & K Ontario, LLC, J&K PC Trucks, LLC, PCJV USA, LLC, PCI Trading, LLC, Guy Koren, Potato Corner LA Group, LLC, NKM Capital Group, LLC, J & K Americana, LLC, J&K Lakewood, LLC. correcting EX PARTE APPLICATION for Order for (1) to Clarify the November 14, 2024 Order Granting and Denying in Part Plaintiff's Motion for a Preliminary Injunction; (2) Clarify the November 14, 2024 Order Granting in Part Defendants' Motion to Dismiss[72] (Attachments: # (1) Exhibit 1)(Malynn, Todd)**</span>

**2:24-cv-04546-SB-AGR Notice has been electronically mailed to:**

Arash Beral    arash.beral@blankrome.com

Kenneth Paul Hsu    khsu@ecjlaw.com, cweis@ecjlaw.com, ebustillos@ecjlaw.com

Michael Donnelly Murphy    mmurphy@ecjlaw.com, arector@ecjlaw.com

Todd Matthew Malynn    todd.malynn@blankrome.com, aj.cruickshank@blankrome.com, docketing@blankrome.com

Victor J Sandoval    victor.sandoval@blankrome.com, arc@blankrome.com

**2:24-cv-04546-SB-AGR Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Notice of Errata to Todd Malynn Declaration.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/2/2024] [FileNumber=39098603-0
] [0dccd9eb5cb4129d65073b56d13a54bfe1d37c7d1969f67595546f5787c200d4b4d
12ce4efdcafc711f6cd4bb59b4901d07bd50f4d7e735851269571459bb38b]]
**Document description:**Exhibit 1
**Original filename:**C:\fakepath\Ex 1 to Malynn Declaration.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/2/2024] [FileNumber=39098603-1
] [4b0c25d061f5599048e462735a21eaddb8a3385f65b850c6c79f0d3311c9af69985
70640925ac6dbd3a8da84e82dee428b9bfde9cffbe1f88d743e7dfa766f26]]