EXHIBIT 1

# EXHIBIT C

| | |
|---|---|
| **From:** | Kenneth Hsu <khsu@ecjlaw.com> |
| **Sent:** | Friday, August 23, 2024 4:08 PM |
| **To:** | Beral, Arash |
| **Cc:** | Michael D. Murphy; Malynn, Todd M. |
| **Subject:** | RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR |
| **Attachments:** | SPAVI Joint Rule 26(f) Report(11322964.2).docx |

Arash, Todd,

Thank you for meeting and conferring with us on Wednesday. Per our discussion, please see the attached draft Joint Rule 26(f) Report, which is due for filing **next Tuesday, 8/27**. As you will see, there are placeholders highlighted in yellow for your firm to insert any additional language.

Please circulate an updated draft of the Report by the end of Monday, 8/26, so that our firm can review and finalize for filing the following day. Please note that our firm may make additions or revisions to this draft, although we will circulate the final copy of the Report before filing.

Have a nice weekend.

Thank you,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.



**From:** Kenneth Hsu
**Sent:** Wednesday, August 14, 2024 10:35 PM
**To:** Beral, Arash <arash.beral@blankrome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Subject:** RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR

Arash,

Thank you. Please use the following Zoom meeting information next Monday, 8/19, at 3 p.m.:

    Topic: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR
    Time: Aug 19, 2024 03:00 PM Pacific Time (US and Canada)

    Join Zoom Meeting
    https://us02web.zoom.us/j/86962214606?pwd=F71WUo1R49d568AnvXihTcfZfmQKjf.1

    Meeting ID: 869 6221 4606
    Passcode: 90212

I will circulate a calendar event as well.

Thanks,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.



---

**From:** Beral, Arash <arash.beral@blankrome.com>
**Sent:** Wednesday, August 14, 2024 4:52 PM
**To:** Kenneth Hsu <khsu@ecjlaw.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>; Malynn, Todd M. <Todd.Malynn@BlankRome.com>
**Subject:** RE: Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR

Kenny,

Interesting to see a scheduling conference notice when defendants haven't appeared but, assuming this was not inadvertent, we can certainly talk on Monday. We are available at 3 pm.

Arash

**Arash Beral** | BLANKROME
2029 Century Park East | Los Angeles, CA 90067
Arash Beral | Blank Rome LLP

**From:** Kenneth Hsu <khsu@ecjlaw.com>
**Sent:** Wednesday, August 14, 2024 3:40 PM
**To:** Beral, Arash <arash.beral@blankrome.com>
**Cc:** Michael D. Murphy <mmurphy@ecjlaw.com>
**Subject:** Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al., Case No. 2:24-cv-04546-SB-AGR

Arash,

The Court in the above-captioned action recently entered the attached Mandatory Schedule Conference (MSC) Order, which set a Mandatory Scheduling Conference for September 6, 2024 at 8:30 a.m. Pursuant to that Order and FRCP 26(f), please let us know when you are available **next Monday, August 19, 2024** to meet and confer by Zoom. Mr. Murphy and I are generally available on that day other than from 11 a.m. to 12 p.m. (Our firm is largely unavailable for the remainder of this week.) Once we confirm a time, I can circulate Zoom meeting information.

Thank you in advance.

Thanks,
Kenny

---

**Kenneth P. Hsu, Esq.**
Partner

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6321 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | khsu@ecjlaw.com | About me | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**************************************************************************************

Michael D. Murphy (SBN 224678)
  mmurphy@ecjlaw.com
Kenneth P. Hsu (SBN 306326)
  khsu@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff SHAKEY'S PIZZA ASIA VENTURES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; Potato Corner LA Group, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J & K CULVER, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K OAKRIDGE, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K CAPITAL 2, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; J&K CONSULTANTS GROUP, LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-04546-PVC<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**JOINT RULE 26(F) REPORT**<br><br>MSC Date:  September 6, 2024<br>Time:  8:30 a.m.<br>Courtroom:  6C<br><br>Complaint Filed:  May 31, 2024<br>Response Due:  September 30, 2024<br>Proposed Trial Date:  November 10, 2025<br><br>*Action Filed:*  May 31, 2024 |

Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI") and Defendants PCJV USA LLC ("PCJV"), PCI Trading, LLC ("PCIT"), Guy Koren ("Koren"), Potato Corner LA Group, LLC; NKM Capital Group, LLC; J & K Americana, LLC; J & K Culver, LLC; J&K Lakewood, LLC; J&K Oakridge, LLC; J&K Valley Fair, LLC; J & K Capital 2, LLC; J & K Ontario, LLC; J&K PC Trucks, LLC; HLK Milpitas, LLC; GK Cerritos, LLC; J&K Consultants Group, LLC; GK Capital Group, LLC (the "Koren Affiliates") (collectively with PCJV, PCIT, and Koren, "Defendants") (collectively with SPAVI, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Report. Pursuant to to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Standing Order, the Parties' counsel met and conferred regarding the below subject matters by videoconference on August 21, 2024.

## I.   SUBJECT MATTER JURISDICTION

The Parties agree that the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a) (trademarks) as SPAVI's allege causes of action for trademark infringement and false designation of origin and description of fact, as well as ancillary jurisdiction over SPAVI's California state law causes of action pursuant to 28 U.S.C. Sections 1338(b) and 1367 because the facts giving rise to those causes of action arise from the same common nucleus of operative facts as the causes of action subject to subject matter jurisdiction. The Parties also agree that, even if there was no federal question subject matter jurisdiction, this Court further, and separately, has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 (diversity) as there is complete diversity of citizenship between SPAVI, on the one hand, and Defendants, including each of the members of the LLCs that are Defendants, on the other.

## II.   STATEMENT OF THE CASE

This action concerns Defendants' alleged "hold-over" trademark infringement arising from the domestic franchising of the international fast food outlet chain, the

"Potato Corner." SPAVI is the owner of the Potato Corner brand as of March 5, 2022, and alleges that Defendants – namely, PCJV and PCIT, a domestic franchisor of the Potato Corner and its affiliated operational entity; the Koren Affiliates, certain franchisees of the Potato Corner; and Koren, their principal – are continuing to openly use the intellectual property comprising the Potato Corner brand (the "Potato Corner Intellectual Property") without any operative licensing authorizing that use. As alleged in further detail in the Complaint (ECF 1), this intellectual property includes three service marks registered with the U.S. Patent and Trademark Office: the green and yellow "Potato Corner" logo shown below (U.S. Reg. No. 3760041), the trademark "Potato Corner" (U.S. Reg. No. 5900257), and the phrase "World's Best Flavored French Fries" (U.S. Reg. No. 6088456):



SPAVI contends that any purported license between Defendants and the Potato Corner brand's prior owner, Cinco Corporation ("Cinco"), authorizing Defendants' use of that intellectual property is invalid, expired, and/or illusory. Indeed, to date, SPAVI has not received any royalties or license fees from Defendants despite their continuous use of the Potato Corner Intellectual Property.

Further, SPAVI alleges that, while SPAVI began negotiating a written license agreement with Koren after it acquired the Potato Corner Intellectual Property, such negotiations failed after Koren made unreasonable demands that would render any such agreement valueless to SPAVI and, eventually, abandoned the negotiations altogether. Notwithstanding SPAVI's continued efforts to advance such negotiations while minimizing disruptions to franchisees not affiliated with Koren, SPAVI had no choice but to terminate any license authorizing Defendants' use of the Potato Corner Intellectual Property and file this action. SPAVI alleges causes of action for

trademark infringement (15 U.S.C. §§ 1114, 1125(a)); false designation of origin and description of fact (15 U.S.C. § 1125(a)); contributory trademark infringement (15 U.S.C. § 1114); contributory trademark infringement and false designation of origin and description of fact (15 U.S.C. § 1125(a)); common law trademark infringement; unfair competition (Cal Bus. & Prof. Code § 17200 *et seq.*); and declaratory relief.

Defendants . . .

## III.  DAMAGES/INSURANCE

### A.  Damages

SPAVI's damages are indeterminable at this early, pre-discovery stage, but are believed to be at least several millions of dollars and counting.

### B.  Insurance

SPAVI presently do not have insurance coverage applicable to this action. Defendants' insurance coverage is undetermined at this stage.

## IV.  PARTIES, EVIDENCE, ETC.

### A.  List of Parties

- **Plaintiff**: SPAVI. SPAVI's parent corporation is Century Pacific Group, Inc., a Philippines corporation.
- **Defendants:**
  o  PCJV
  o  PCIT
  o  Koren
  o  The Koren Affiliates

### B.  Percipient Witnesses

Without waiving its right to identify other percipient witnesses in advance of trial, SPAVI identifies the following percipient witnesses. SPAVI reserves its right to identify and conduct discovery as to other percipient witnesses not identified below:

- FRCP 30(b)(6) witnesses for each of the named parties;
- FRCP 30(b)(6) witnesses for each of the third parties that operate franchises of Potato Corner in the United States;
- Koren;
- Amir Jacoby;
- Amit Nemanim;
- Alon Koren;
- Erlinda Bartholome;
- Presently unidentified individuals employed by PCJV and PCIT;
- Presently unidentified individuals employed by the Koren Affiliates;
- Individuals employed by franchisees of the Potato Corner not owned or operated by Koren or the Koren Affiliates;
- Yiow Leong-Tan;
- Jose P. Magsaysay, Jr.;
- Vicente Gregorio;
- Jose Arnold T. Alvero;
- Maria Rosario L. Ybanez;
- FRCP 30(b)(6) witness for Bunzl Public Limited Company.

Defendants . . .

### C.     Key Documents

Without waiving its right to identify other documents in advance of trial, SPAVI identifies the following key documents. SPAVI reserves its right to identify and conduct discovery as to other documents not identified below:

- Documents relating to the Potato Corner Intellectual Property, including documents showing SPAVI's ownership of the Potato Corner brand, trademark registration documents filed with the U.S. Patent and Trademark Office, and more;
- Documents evidencing Defendants' continued use of the Potato Corner

Intellectual Property, including documents used by Defendants containing the Potato Corner Intellectual Property, photographs of Potato Corner outlets owned and/or operated by Defendants, and more;

- Correspondence between SPAVI and Defendants, including the notice of termination of any license of the Potato Corner Intellectual Property sent on May 31, 2024;

- Correspondence between SPAVI and franchisees of the Potato Corner not owned or operated by Koren or the Koren Affiliates, including correspondence relating to SPAVI's termination of any license of the Potato Corner Intellectual Property sent after May 31, 2024; and

- Actual or purported agreements between any of the Defendants, on the one hand, and any other person governing the ownership or use of Potato Corner Intellectual Property.

- Communications between, among, sent to, or received from, any of the Parties related to ownership or use of Potato Corner Intellectual Property.

==Defendants . . .==

## V. DISCOVERY

### A. Status of Discovery

The Parties have not yet commenced discovery in this action.

### B. Discovery Plan

#### 1. *Subjects on Which Discovery May Be Needed*

SPAVI contends that written and oral discovery will be needed on at least the following subjects:

- Defendants' use of the "Potato Corner Intellectual Property," as defined in the operative Complaint (ECF 1);

- Purported agreements governing Defendants' use of the Potato Corner Intellectual Property;

- Defendants' communications and dealings with the prior licensor of the

Potato Corner Intellectual Property, as well as representatives of the prior 60% owner, Potato Corner International, Inc., including prior litigation and the settlement thereof;

- Defendants' communications and dealings with SPAVI;
- Franchisor-franchisee dealings between and among Defendants, including franchise agreements;
- Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property;
- Consumer confusion arising from Defendants' use of Potato Corner Intellectual Property.

SPAVI reserves its right to conduct discovery regarding subject matters not expressly described above.

Defendants contend that written and oral discovery will be needed on at least the following subjects:

- 

### 2. *Proposed Deadlines for Discovery*

The Parties jointly propose the following deadlines specifically applicable to discovery:

- **Deadline for Rule 26(a) Initial Disclosures:** 14 days after the date of completion of the Mandatory Scheduling Conference;
- **Fact Discovery Cut-Off:** July 11, 2025
- **Expert Discovery Cut-Off:** September 12, 2025

The Parties agree that discovery need not be conducted in distinct "phases."

### 3. *Any Issues Relating to Discovery, Privilege, or Trial-Preparation Protection*

Although the Parties do not presently anticipate issues regarding disclosures, electronically stored information, privilege, trial-preparation materials, or confidentiality, the Parties will meet and confer regarding a Protective Order that

will address any issues that may arise. The Parties anticipate that they will agree on a Protective Order that will be approved by the Court.

### 4. Any Changes on Discovery Limitations

The Parties agree that, at this stage, the Court need not make any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by the Local Rules. However, the Parties respectively reserve their right to move the Court for such a change after discovery commences.

## VI. LEGAL ISSUES

Without waiving its right to identify other key legal issues in advance of trial, SPAVI identifies the following key legal issues this early, pre-discovery stage:

- Ownership of the Potato Corner Intellectual Property;
- The validity of the purported license agreements that Defendants have previously claimed authorize their use of the Potato Corner Intellectual Property.

Defendants . . .

## VII. MOTIONS

### A. Procedural Motions

SPAVI intends on filing a motion for preliminary injunction enjoining Defendants from their continuous, unauthorized, direct and indirect use of the Potato Corner Intellectual Property. SPAVI has met and conferred with Defendants' counsel regarding that motion pursuant to Local Rule 7-3 and anticipates that it will be filed shortly. SPAVI reserves its right to file additional procedural motions not expressly described above.

Defendants . . .

### B. Dispositive Motions

SPAVI may file a motion for summary judgment regarding some or all of its causes of action. SPAVI reserves its right to file additional dispositive motions not expressly described above.

Defendants . . .

C. **Class Certification Motion**

Inapplicable.

VIII. **ALTERNATIVE DISPUTE RESOLUTION (ADR)**

A. **Prior Discussions**

The Parties briefly discussed the possibility of a potential resolution of this action during the Rule 26(f) conference of counsel. The Parties have not otherwise engaged in substantive settlement discussions.

B. **ADR Selection**

At this stage, the Parties prefer a magistrate judge for a mediation.

IX. **TRIAL**

A. **Proposed Trial Date**

**Trial:** November 10, 2025 (*i.e.,* 14 months from the date of the MSC). The Parties agree that, while this Court typically estimates 7 to 12 months for trademark actions, discovery in this action may require additional time given the amount of Defendants named, the amount of potential witnesses who may be abroad and/or outside of this Court's jurisdiction (*e.g.,* the Philippines), and the amount of potential third-party discovery (*e.g.,* from Cinco). In addition, as explained above, the Parties anticipate relatively extensive motion practice, including a motion for preliminary injunction, a motion to dismiss, and potential motions for summary judgment.

B. **Time Estimate**

SPAVI estimates a jury trial of approximately 7-10 days. Without waiving its right to identify additional witnesses, SPAVI anticipates that both it and Defendants will call over a dozen witnesses each, including the percipient witnesses identified in Section IV.B above and multiple expert witnesses.

C. **Jury or Court Trial**

SPAVI requests a jury trial.

D. **Magistrate Judge**

The Parties jointly consent to having a Magistrate Judge only for purposes of addressing and resolving discovery matters. The Parties do not consent to having a Magistrate Judge for all purposes, including trial.

### E. Trial Counsel

**SPAVI's trial counsel:** Michael D. Murphy (lead trial counsel), Kenneth P. Hsu, Ervin Cohen & Jessup LLP

**Defendants' counsel:** Arash Beral, Todd M. Malynn, Blank Rome LLP

### X. SPECIAL REQUESTS/OTHER ISSUES

None.

DATED: July 1, 2025

ERVIN COHEN & JESSUP LLP
Michael D. Murphy
Kenneth P. Hsu

By: _____
Michael D. Murphy
Attorneys for Plaintiff SHAKEY'S PIZZA ASIA VENTURES, INC.

| | | |
|---|---|---|
| 1 | DATED: July 1, 2025 | BLANK ROME LLP |
| 2 | | Arash Beral |
| | | Todd M. Malynn |

By: _____
Arash Beral
Attorneys for Defendants PCJV USA, LLC, PCI TRADING, LLC, GUY KOREN, Potato Corner LA Group, LLC, NKM CAPITAL GROUP, LLC, J & K AMERICANA, LLC, J & K CULVER, LLC, J&K LAKEWOOD, LLC; J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K CAPITAL 2, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, J&K CONSULTANTS GROUP, LLC, and GK CAPITAL GROUP, LLC