**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Jamison T. Gilmore (SBN322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**KOREN PARTIES' NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE EVIDENCE, TESTIMONY, AND ARGUMENT REGARDING THIS COURT'S PRELIMINARY INJUNCTION, CONTEMPT ORDERS, AND SANCTIONS**<br><br>[*Filed concurrently with [Proposed] Order and Declaration of Todd M. Malynn*]<br><br>Date:        August 8, 2025<br>Time:        10:00 a.m.<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:            August 18, 2025 |

160850.00001/154403943v.3           i

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF UNDER RULE 37(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

160850.00001/154403943v.5

1  GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,
2
3              Defendants.
4  _____
5  PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,
6
7
8
9
10              Counter-Claimants,
11     v.
12  SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,
13              Counter Defendant.
14  _____
15  PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,
16
17
18
19
20              Third Party Plaintiffs,
21     v.
22  PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,
23
24
25
26              Third Party Defendants.
27
28

2

160850.00001/154403943v.5

**TO THE COURT AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 8, 2025 at 10:00 a.m., in Courtroom 6C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, PCJV USA, LLC; PCI Trading LLC; Potato Corner; LA Group, LLC; GK Capital Group, LLC; NKM Capital Group, LLC; Guy Koren; J&K Americana, LLC; J&K Lakewood, LLC; J&K Oakridge, LLC; J&K Valley Fair, LLC; J&K Ontario, LLC; J&K PC Trucks, LLC; HLK Milpitas, LLC; and GK Cerritos, LLC ("Koren Parties") move for:

- **Preclusion of reference, evidence, and argument regarding this Court's issuance of a Preliminary Injunction Order and ensuing contempt Orders and sanctions because any probative value is greatly outweighed the substantial unfair prejudice to Koren Parties, risk of jury confusion, and waste of trial time.**

This Motion is made pursuant to Federal Rules of Evidence 401 and 403 and the Civil Pretrial and Trial Order (Dkt. No. 30 at 9-11) and is based upon this Notice of Motion and Motion, the following memorandum of points and authorities filed concurrently herewith, along with the Declaration of Todd M. Malynn, [Proposed] Order, and all papers and pleadings filed by the parties herein, all papers lodged with the Court, any other oral or documentary evidence presented, and on such other matters as the Court may consider at the hearing on this Motion.

DATED: July 3, 2025          **BLANK ROME LLP**

By: */s/ Todd M. Malynn*
Todd M. Malynn
Arash Beral
Jamison T. Gilmore
Attorneys for Koren Parties

1

160850.00001/154403943v.5

## KOREN PARTIES' MOTION IN LIMINE NO. 1

**Evidence Sought to be Precluded and Why**: **reference, evidence, and argument regarding this Court's issuance of a Preliminary Injunction Order and ensuing contempt Orders and sanctions because any probative value is greatly outweighed the substantial unfair prejudice to Koren Parties, risk of jury confusion, and waste of trial time.**

## I. INTRODUCTION

Any reference, evidence or argument regarding the Preliminary Injunction Order and contempt and sanctions Orders should be precluded. Under settled case law, preliminary injunction orders, which are not final but are based on exigent circumstances and an incomplete record early in a case, are not probative and risk severe prejudice at trial. They are not probative of Lanham Act liability or any issue triable to a jury, yet a jury will likely confuse that the Court has already decided the case against the enjoined party in the preliminary injunction.

The Court is and has been fully capable of enforcing its own Orders prior to trial and such derivative orders should not bear on the outcome of the case. They should not diminish Koren Parties' day in court and petitioning right to (a) oppose SPAVI's claims that it acquired, not only a superior claim to ownership of the U.S. Potato Corner marks, but also ownership of those marks free and clear of any non-terminable "at-will" branding rights under a joint venture agreement or licensing agreement evidenced by numerous documents and over a decade of the parties' conduct and (b) assert their own claims and defenses under the Lanham Act, common law and pre-existing contracts with the original trademark registrant. Koren Parties would be unfairly prejudiced and such unfair prejudice would not be ameliorated by a limiting instruction. Any argument, evidence, or testimony regarding the Court's Preliminary Injunction Order and ensuing contempt Orders and sanctions must be preluded.

///

160850.00001/154403943v.5

## II. FACTUAL BACKGROUND

On November 14, 2024, this court issued a preliminary injunction against Koren Parties. Dkt. 56. Following the preliminary injunction, several briefs and orders were filed related to civil contempt in connection with the preliminary injunction order. *E.g.*, Dkt. Nos. 87, 88, 93, 96, 100, 102, 117, 154, 155.

## III. LEGAL STANDARD

A court may preclude evidence that is not probative of an issue being tried to a jury (Fed. R. Evi 401) or if the probative value is substantially outweighed by the danger of unfair prejudice, juror confusion, or waste of time (Fed. R. Evi. 403).

## IV. ARGUMENT

### A. Argument, Evidence, and Testimony Regarding The Preliminary Injunction Order Must Be Precluded

Courts routinely grant Motions *in Limine* to preclude their own preliminary injunctions. *See Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, Case No. 16-cv-01702-BLF, 2018 WL 649133, at *6 (N.D. Cal. Dec. 7, 2018); *see also Reyes v. Transamerica Life Ins. Co.*, Case No. CV 15-3452-DMG (FFMx), 2016 WL 9137532, at *2 (C.D. Cal. June 28, 2016); *ADT Security Services, Inc. v. Security One Int'l, Inc.*, CIVIL ACTION NO. C11-05149 YGR, 2013 WL 6701654, *1 (N.D. Cal. Sept. 9, 2013). The mere reference to a preliminary injunction and contempt proceedings is unfairly prejudicial, risks juror confusion, and substantially outweighs any probative value of those orders and proceedings, and thus is excluded. *See ADT*, 2013 WL 6701654, *1.

The court in *Newmark* granted the defendants' Motion *in Limine* to preclude reference to the court's preliminary injunction issued against the defendants. *Newmark Realty Capital, Inc.*, 2018 WL 649133, at *6. The court found that the "jury is likely to determine that the judge has already decided the factual issues and thus the jury need not re-weigh the evidence." *Id.* The court further found that "[g]iven the complexity of the issues and the unavoidable deference a jury is likely

to give the judge's written order, the Court concludes that a limiting instruction would not sufficiently reduce the prejudicial effect of the evidence." *Id.*

Here, like in *Newmark*, the Court's ruling on the preliminary injunction is likely to cause jurors to believe, without independently assessing the evidence, that the Court had all the evidence, claims and defenses before it and made the correct decision. The issues here are complex. They involve the splitting of a domestic franchise business that created and controlled the goodwill of a branded turn-key business opportunity from the foreign owner of the brand, and involve several contracts, one which is operative if there was no further agreement between the foreign brand owner and the domestic franchise owners, and one which controls if it was the operative future agreement. The jury will have to resolve the mutual intent of the parties, including as evidenced or ratified with over a decade of conforming conduct as well as parol evidence. The Koren Parties will be unfairly prejudiced by introduction of the preliminary injunction considering they are "likely to defer to findings . . . made by an authoritative, professional factfinder rather than determine those issues for themselves." *United States v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007). The risk of the jury adopting this Court's findings in the Preliminary Injunction Order as their own in finding against Koren Parties without considering any or all the evidence is present, clear, and requires preclusion.[1]

Admission or discussion of the Preliminary Injunction Order or related briefing would be even more confusing and likely to waste time given its incompletely and complexity. The Preliminary Injunction Order is nearly thirty pages long but does not address many issues being adjudicated at trial and could lead a jury to perceive it as having dispostive or significant weight. That Order was appealed and reviewed under an abuse of discretion standard, yet would likely cause

---

[1] A limiting instruction would not avoid the unfair prejudice and jury confusion. Rather, it would necessarily involve lengthy, complicated instructions regarding the different record, tests and burdens of proof on the preliminary injunction stage, and would both waste time and confuse the jury as to the completeness of the record and differing nature of a party's burden of proof at trial. *See* Fed. R. Evid. 403.

4

SPAVI to argue its position was found to be "right" not just once, but twice by this Court and the Ninth Circuit. This would lead to a time-consuming and distracting trial-within-a-trial about the correctness of the Preliminary Injunction Order and the Order on appeal. *See Hansen v. Long*, No. SACV 12-2131-VBF (DTB), 2014 WL 3435871, at *11 (C.D. Cal. Jan. 28, 2014), *report and recommendation adopted*, 2014 WL 3436156 (C.D. Cal. July 10, 2014) (affirming exclusion of evidence that "would have led to a trial-within-a-trial"); *see also Bhatti v. Ulahannan*, 414 F. App'x 988, 989 (9th Cir. 2011) (affirming exclusion of evidence that would "effectively require a mini-trial within a trial and likely confuse the jury").

### B. Argument, Evidence, and Testimony Regarding Subsequent Contempt And Sanctions Orders Must Be Precluded

Reference, argument, or evidence related to the contempt Orders or sanctions issued in connection with the Preliminary Injunction Order should necessarily be excluded as well. They are predicated on a finding in the Preliminary Injunction Order that SPAVI is *likely* to succeed on its claims. Accordingly, Koren Parties will be forced to waste the Court's and jurors' time in explaining the Orders underlying findings of contempt and issuing of sanctions are incorrect and, thus, provide a trial-within-a-trial. Worse, they present an even greater risk of unfair prejudice than the underlying Order, as a contempt or sanction Order may cause jurors to find in favor of SPAVI without even considering the evidence.

The contempt and sanction Orders are not probative of who has superior trademark rights and whether SPAVI acquired ownership rights free and clear of Defendants' enforceable branding or licensing rights that were not terminable "at-will." Nor are they relevant to any lost-profits damages triable to a jury. As to disgorgement, the Court can resolve the relevance, if any, of the contempt and sanction orders that are not relevant to Defendants' pre-existing rights to use or control the U.S. Potato Corner marks. Further, willfulness is just one aspect of many factors comprising the "totality of the circumstances" that the Court—not the jury—

considers in awarding equitable remedies. The Court's knowledge of the contempt and sanctions Orders, unlike the jury's knowledge, will not risk or result in unfair prejudice to the Koren Parties.

## V. CONCLUSION

Accordingly, the Court should preclude reference, evidence, and argument regarding its issuance of a Preliminary Injunction Order and ensuing contempt Orders and sanctions.

DATED: July 3, 2025           **BLANK ROME LLP**

By: */s/ Todd M. Malynn*
   Todd M. Malynn
   Arash Beral
   Jamison T. Gilmore
   Attorneys for Koren Parties

160850.00001/154403943v.5

# SPAVI PARTIES' OPPOSITION TO KOREN PARTIES' MOTION IN LIMINE NO. 1

The SPAVI Parties did not serve an opposition by June 30, 2025, after the parties met and conferred on July 20, 2025, as to Defendants' July 18, 2025 letter substantiating the grounds for the motion, which was served on June 23, 2025.

160850.00001/154403943v.5

# CERTIFICATE OF SERVICE

The undersigned certifies that on July 3, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2025.

By: /s/AJ Cruickshank

160850.00001/154403943v.5