# EXHIBIT 1

# BLANKROME

2029 Century Park East | 6th Floor | Los Angeles, CA 90067

*Phone:* (424) 239-3843
*Fax:* (424) 239-3434
*Email:* jamison.gilmore@blankrome.com

June 18, 2025

**BY E-MAIL AND REGULAR MAIL**

Michael Murphy
10250 Constellation Boulevard
Suite 900
Los Angeles, CA 90067
(213)213-1211

Re:   *SPAVI v. PCJV USA, LLC, et al.*; Motions in Limine

Dear Michael:

    Defendants/Counter-Claimants/Third-Party Plaintiffs ("Koren Parties") anticipate filing Motions in Limine seeking the following relief:

    *First*, preclusion of any argument, evidence, or testimony that Cinco Corporation (and the Cinco Group, in general) was not a joint venture partner and fiduciary of PCJV USA, LLC ("PCJV") and PCI Trading LLC ("PCI"). It is undisputed that Cinco Corporation signed the Joint Venture Agreement. Thus, Cinco Corporation owes fiduciary duties to each other and to the partnership itself by operation of law. *Enea v. Sup. Ct.*, 132 Cal. App. 4th 1559, 1565 (2005). It is unreasonable to interpret the First Amendment to the Joint Venture Agreement as superseding the Joint Venture Agreement if PC International PTE LTD is not an identical party with the same rights and obligations. There is no probative value in such an unreasonable interpretation. And if there is any value in the argument, evidence, or testimony that Cinco Corporation was not a joint venture partner or did not owe PCJV or PCI fiduciary, it is substantially outweighed by the danger of misleading the jury. F.R.E. 403. Koren Parties anticipate moving for preclusion of the same.

BLANKROME

Michael Murphy
June 18, 2025
Page 2

*Second*, preclusion of any argument, evidence, or testimony regarding the District Court's issuance of a Preliminary Injunction Order and ensuing contempt Orders/sanctions. Preliminary injunctions are merely meant to maintain the status quo as it found there is a mere "likelihood" of success on the merits. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Al Otro Lado v. Wolf*, 497 F. Supp. 3d 914, 925 (S.D. Cal. 2020). The Court and jury may very well come to opposite conclusions as provided in the Preliminary Injunction Order after hearing all of the evidence at trial. Indeed, preliminary injunctions are routinely precluded because juries are "likely to determine that the judge has already decided the factual issues and thus the jury need not re-weigh the evidence." *Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, Case No. 16-cv-01702-BLF, 2018 WL 649133, at *6 (N.D. Cal. Dec. 7, 2018) (granting a Motion in Limine to preclude introduction of evidence reaching the jury that the court issued a preliminary injunction); *see also Reyes v. Transamerica Life Ins. Co.*, Case No. CV 15-3452-DMG (FFMx), 2016 WL 9137532, at *2 (C.D. Cal. June 28, 2016); *ADT Security Services, Inc. v. Security One Int'l, Inc.*, CIVIL ACTION NO. C11-05149 YGR, 2013 WL 6701654, *1 (N.D. Cal. Sept. 9, 2013). The value of the contempt Orders/sanctions are also substantially outweighed by unfair prejudice and risk of jury confusion. *See ADT*, 2013 WL 6701654 at *1 (precluding reference to contempt proceedings). Accordingly, Koren Parties anticipate moving for preclusion of argument, evidence, and testimony regarding the District Court's issuance of a Preliminary Injunction Order and ensuing contempt Orders/sanctions.

*Third*, preclusion of any argument, evidence, or testimony regarding the District Court's imposition of fees against Koren Parties on their Anti-SLAPP Motion (including its denial). Reference to this order and imposition of fees have the same unfairly prejudicial effect as reference to the court's Preliminary Injunction Order and contempt Orders/sanctions, which are properly excluded. *See Newmark Realty Capital, Inc.*, 2018 WL 649133 at *6; *see also Reyes*, 2016 WL 9137532 at *2; *ADT*, 2013 WL 6701654 at *1. Therefore, Koren Parties anticipate moving for preclusion of argument, evidence, and testimony regarding the District Court's imposition of fees against Koren Parties on their Anti-SLAPP Motion (including its denial).

*Fourth*, preclusion of any argument, evidence, or testimony that Guy Koren or the LA Group breached any "best efforts" provision appearing in any of PCJV's governing documents. Your clients have not alleged in a complaint that Mr. Koren or PCJV breached any contract, let alone a contract containing a "best efforts" provision. *See Dukes v. Wal-Mart Stores, Inc.*, No. 3:01-cv-02252-CRB, 2015 WL 3623481, *3 (N.D. Cal. June 10, 2015) (granting summary judgment on claims not in an operative complaint because such claims are "not within the proper scope of claims for trial."). Moreover, there is no supporting evidence because SPAVI has suppressed evidence that the parties are in privity of contract. Finally, Cinco Corporation has released any breach of contract against Mr. Koren. Accordingly, any argument, evidence, or testimony that Mr. Koren or the LA Group breached any "best efforts" provision appearing in any of PCJV's governing documents is irrelevant and, if relevant, its value is substantially

BLANKROME

Michael Murphy
June 18, 2025
Page 3

outweighed by unfair prejudice and the danger of misleading the jury. F.R.E. 401, 403. Koren Parties anticipate moving for preclusion of the same.

*Fifth*, preclusion of any argument, evidence, or testimony that Mr. Koren or the LA Group ever defrauded PCJV USA, LLC's franchisees. Your clients have not made this allegation in a complaint and, thus, cannot assert it at trial. *See Dukes*, 2015 WL 3623481, *3. Moreover, there is no supporting evidence because SPAVI has suppressed evidence supporting such a claim. Further, Cinco Corporation approved the Franchise Disclosure Documents. Thus, Koren Parties anticipate moving for preclusion of argument, evidence, and testimony that Mr. Koren or the LA Group ever defrauded PCJV USA, LLC's franchisees.

We welcome your response.

Very truly yours,

Jamison Gilmore

Associate

160850.00001/154353578v.1