MICHAEL D. MURPHY (SBN 224678)
mdmurphy@foxrothschild.com
MATTHEW FOLLETT (SBN 325481)
mfollett@foxrothschild.com
JESSICA NWASIKE (SBN 343087)
jnwasike@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:   310.598.4150
Facsimile:    310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*The Hon. Stanley Blumenfeld, Jr.*<br><br>**PLAINTIFF SHAKEY'S PIZZA ASIAN VENTURES, INC.'S MOTION IN LIMINE NO. ONE TO PROHIBIT INTRODUCTION OF EVIDENCE, TESTIMONY, OR ARGUMENT THAT ANYONE OTHER THAN PLAINTIFF OWNS THE REGISTERED TRADEMARKS AT ISSUE**<br><br>Complaint Filed:    May 31, 2024<br>Trial Date:    August 18, 2025 |

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,<br><br>    Defendants. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,<br><br>    Counter-Claimants, |
| 13<br>14 | v.<br><br>SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 15 |     Counter Defendant. |
| 16<br>17<br>18<br>19<br>20<br>21 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 22 |     Third Party Plaintiffs, |
| 23 | v. |
| 24<br>25<br>26<br>27 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and DOES 1 through 10, inclusive, |
| 28 | |

1 | Third Party Defendants.

**TO THE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that, on August 8, 2025 at 10:00 a.m., in Courtroom 6C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. ("SPAVI") and Third Party Defendants CINCO CORPORATION "Cinco"), PC INTERNATIONAL PTE LTD. ("PCI"), and SPAVI INTERNATIONAL USA, INC ("SPAVI International," and collectively with SPAVI, Cinco, and PCI, the "SPAVI Parties") move to:

- **Prohibit introduction of evidence, testimony, or argument that anyone other than Plaintiff owns the registered trademarks at issue.**

This Motion is made pursuant to Federal Rules of Evidence 402 and 403 and the Civil Pretrial and Trial Order (Dkt. No. 30 at 9-11) and is based upon this Notice of Motion and Motion, the following memorandum of points and authorities filed concurrently herewith, along with the Declaration of Michael D. Murphy, [Proposed] Order, and all papers and pleadings filed by the parties herein, all papers lodged with the Court, any other oral or documentary evidence presented, and on such other matters as the Court may consider at the hearing on this Motion.

Pursuant to Local Rule 7-3, the parties met and conferred on June 20, 2025, and again on July 14, 2025, and were unable to resolve the present dispute.

Dated: July 14, 2025

**FOX ROTHSCHILD LLP**
*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

*Statement Pursuant to Civil Pretrial Order*

**The SPAVI Parties[1] seek to preclude any evidence, testimony, or argument that anyone other than Plaintiff owns the registered trademarks at issue.**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION AND RELEVANT BACKGROUND

This case pertains to holdover licensee, Defendant PCJV USA, LLC ("Defendant PCJV"), who, prior to May 31, 2024 was the implied licensee of the Potato Corner Brand, which includes three trademarks registered with the USPTO, and for which the date of first use was 2009.

The initial registrant of the Marks was Third-Party Defendant Cinco Corporation, which was also identified as the first user on the dates identified in the registrations. In 2022, Third Party Cinco sold the PC Brand, to Plaintiff. Deeds were filed with the USPTO unequivocally transferring all rights and good will in the Marks to Plaintiff. The Buyer and the Seller (Cinco and SPAVI), both confirm the Deed is accurate and the sale occurred, and that SPAVI is the sole owner.

This is conclusive evidence of ownership. Nevertheless, Defendants wish to confuse the jury with evidence they claim raises "questions" as to ownership.

### II.  RELEVANT FACTUAL BACKGROUND

#### A.  The Highest and Best Evidence of Ownership is Already in the Record and Points to Plaintiff as the Owner.

##### 1.  The First use of the Marks in the United States is by CINCO.

Potato Corner was first opened as a food cart in the "SM Megamall" in Mandaluyong, Philippines by Jose Magsaysay and three business partners. (Declaration of Jose Magsaysay Jr. ISO Plaintiff's Motion for Preliminary Injunction ("Magsaysay Decl."), Dkt 44-3 at ¶¶ 3-5.) In 1993, Mr. Magsaysay founded Quattro

---

[1] "SPAVI Parties" refers to SHAKEY'S PIZZA ASIA VENTURES, INC. ("SPAVI") and Third-Party Defendants.

1  Food and Resources, Inc. ("Quattro"), a corporation incorporated in the Philippines, for the purpose of owning the Potato Corner Intellectual Property ("PC-IP"), including the Marks. (Magsaysay Decl."), Dkt 44-3 at ¶¶ 3-5, 13-16.)  As of 2008 and 2009, the owner was Third-Party Defendant Cinco. (Magsaysay Decl., Dkt 44-3 at ¶¶ 7-9.)

On March 26, 2007, the Logo Mark was registered by Cinco in the Philippines. (*Id*. at 13.)

In April of 2009, Defendant NKM Capital Group, LLC ("NKM Capital") and Cinco, entered into a licensing agreement where Cinco would license the Potato Corner intellectual property to NKM Capital, which would then expand the brand within Los Angeles. (Masgsaysay Decl., Dkt 44-3 at ¶¶ 23-25.) Nevertheless, shortly after the execution of the April 2009 License Agreement, the structure changed such that Cinco's subsidiary Potato Corner International, would join as 60% owner of PCJV with Defendant Guy Koren, and franchise Potato Corner through this manner. (Masgsaysay Decl., Dkt 44-3 at ¶¶ 23-25.)

It was during this period that the Marks were registered – Defendants were licensees of the PC-IP through NKM and a separate licensee of Cinco had already begun using the Marks at the Tanforan Mall in San Bruno. (*Id*. at ¶ 26.)

Defendants do not dispute any of these facts. (*See also* Declaration of Maria Ybanez ISO of Plaintiff's Motion for Preliminary Injunction; Dkt. 44-2, ¶¶ 2-6); Dkt. 44-10, 12, and 14 (the Mark Registrations).)

### 2. CINCO Sells the Potato Corner Brand to SPAVI, and with it *ALL* Rights to the Potato Corner Intellectual Property.

On or around March 5, 2022, Cinco and its affiliates closed on a sale of the Potato Corner Intellectual Property to SPAVI (the "SPAVI Potato Corner Acquisition"). (Ybanez Decl., Dkt. 44-2, ¶¶ 4-5; Dkt 44-13 and 15 (the Deeds); see also ¶ 6 describing thew scope of the sale).) As documented in two unequivocal deeds filed by SPAVI with the USPTO, SPAVI acquired the entirety of the Potato Corner

brand from Cinco Corporation ("Cinco"), including the Marks. As a result of the SPAVI Potato Corner Acquisition, the Potato Corner Intellectual Property, that was included in the sale to SPAVI, included all three trademarks currently registered with the USPTO. These, as detailed above, include – (1) the Potato Corner Logo Mark, (2) the Potato Corner Standard Characters Mark, and (3) the World's Best Flavored French Fries Mark. (Dkt. 44-2).

### III.   LEGAL ARGUMENT

####   A.   Any Introduction of Evidence Claiming Ownership Of Potato Corner Should be Excluded Under FRE 402

There is no admissible evidence to support a claim of ownership by Defendants. The Federal Rules of Evidence make clear that only relevant evidence is admissible at trial; "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402 (emphasis added). *See also U.S. v. Kosmisaruk*, 885 F.2d 490, 493-94 (9th Cir. 1989) (recognizing, a court may exclude irrelevant evidence from presentation to the jury); *Bennion and Deville Fine Homes Inc. v. Windermere Real Estate Servs. Co.*, 2018 WL 4810743, at *2 (C.D. Cal. June 21, 2018) (holding only relevant evidence is admissible).

Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401; *Bennion and Deville Fine Homes, 2018 WL 4810743*, at *2. The party seeking to introduce evidence, bears the burden of establishing its relevance. *Dowling v. U.S.,* 493 U.S. 342, 360 n.3 (1990). However, even if evidence is relevant the court may still exclude it if its probative value is substantially outweighed by a danger of one or more of the following: confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, there is superior evidence of the sale already in the record, which is conclusive proof that SPAVI is the owner of the marks. Any proffer of evidence

7

that anyone other than Plaintiff is the owner of the Potato Corner brand is irrelevant and will only confuse the jury and waste time.

First, the merger rule found in every state Plaintiff has examined states "[i]f the language of a deed is plain, certain, and unambiguous, neither parol evidence nor surrounding facts and circumstances will be considered to add to, detract from, or vary its terms or to determine the estate conveyed." *See, e .. g, Palos Verdes Corp. v. Hous. Auth. of Los Angeles Cnty.,* 202 Cal. App. 2d 827, 836 (1962). The merger doctrine applies, obviously to purchases of intellectual property as well. *See, generally, B. F. Goodrich Co. v. A. T. I. Caribe, Inc.,* 366 F. Supp. 464,467 (D. Del. 1973). As such, the clear and unambiguous deed is evidence of ownership of the intellectual property rights and any offer of evidence to the contrary is irrelevant and inadmissible as violative of the merger doctrine.

Second, Defendant was not a party to the transaction, and therefore, it cannot challenge the deed or representations contained therein. *See Imperial Residential Design, Inc.v. Palms Dev. Grp., Inc:.,* 70 F.3d 96, 99 (11th Cir. 1995) (agreeing that "that, where there is no dispute between the copyright owner and the transferee about the status of the copyright, it would be unusual and unwarranted to permit a third-party infringer to invoke [the requirement of a writing memorializing the status] to avoid suit for copyright infringement.")

Third, the licensee estoppel doctrine applies. The doctrine provides that PCJV as "a licensee [] of a trademark or trade name may not set up any adverse claim in it as against its licensor." *Pac. Supply Co-op. v. Farmers Union Cent. Exch. Inc.,* 318 F.2d 894, 908 (9th Cir. 1963).

Under each of the three reasons above, any evidence or argument that Plaintiff is not the owner of the registered trademarks at issue would be irrelevant and would only be offered for the purposes of wasting time and would invite the jury to reconsider something already considered.

### B. Defendants Should be Prevented from Attempting to Contradict Statutory and Decisional Law.

There is no question that the first date of use was by a Cinco licensee. Koren claims it was him, and therefore, PCJV was the first to use. This Court, citing one of Defendants' cases and the Lanham Act rejected this theory as being contrary to the written and statutory law. (Dkt 56 at p. 9 and 20 *citing Kabushiki Kaisha Megahouse v. Anjar Co. LLC,* No. 2:14-CV-00598-CAS, 2014 WL 5456523, at *5 (C.D. Cal. Oct. 20, 2014); 15 U.S.C. § 1055.).)

If not allowed to do it to this Court, then Defendants most certainly should not be allowed to present this before a jury. And yet, in their pretrial filings, this representation contrary to the law is being presented by Defendants as a fact they intend to introduce.

### IV. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully request that this Court grant this Motion and issue an order the prohibiting introduction of evidence, testimony, or argument that anyone other than Plaintiff owns the registered trademarks at issue.

///

Dated: July 14, 2025

**Fox Rothschild LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

**CERTIFICATE OF COMPLIANCE RE: WORD COUNT**

The undersigned, counsel of record for Plaintiff Shakey's Pizza Asia Ventures, Inc., certifies that this brief contains 2290 words, which complies with the word limit of L.R. 11-6.1.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on July 14, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 14, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.