MICHAEL D. MURPHY (SBN 224678)
mdmurphy@foxrothschild.com
MATTHEW FOLLETT (SBN 325481)
mfollett@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, A PHILIPPINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING, LLC, A DELAWARE LIMITED LIABILITY COMPANY; GUY KOREN, AN INDIVIDUAL; POTATO CORNER LA GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J & K AMERICANA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J&K LAKEWOOD, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J&K VALLEY FAIR, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J & K ONTARIO, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; HLK MILPITAS, LLC, A CALIFORNIA, LIMITED LIABILITY | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*The Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF MICHAEL MURPHY IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 1 PROHIBITING ARGUMENT OR EVIDENCE OF DEFENDANTS OWNERSHIP OF ANY TRADEMARK IN DISPUTE**<br><br><br>Complaint Filed:    May 31, 2024<br>Trial Date:             August 18, 2025 |

1

| | |
|---|---|
| 1 | COMPANY; GK CERRITOS, LLC, A CALIFORNIA, LIMITED LIABILITY COMPANY; J&K PC TRUCKS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND, GK CAPITAL GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY AND DOES 1 THROUGH 100, INCLUSIVE, |
| 6 | Defendants. |
| 7 | |
| 8 | PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GK CAPITAL GROUP, LLC, A CA1IFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND GUY KOREN, AN INDIVIDUAL, |
| 14 | Counter-Claimants, |
| 15 | v. |
| 16 | SHAKEY'S PIZZA ASIA VENTURES, INC, A PHILIPPINES CORPORATION, |
| 18 | Counter Defendant. |
| 19 | PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GK CAPITAL GROUP, LLC, A CA1IFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND GUY KOREN, AN INDIVIDUAL, |
| 26 | Third Party Plaintiffs, |
| 27 | v. |

2

| | |
|---|---|
| 1 | PC INTERNATIONAL PTE LTD., A SINGAPORE BUSINESS ENTITY; SPAVI INTERNATIONAL USA, INC., A CALIFORNIA CORPORATION; CINCO CORPORATION, A PHILIPPINES CORPORATION; AND DOES 1 THROUGH 10, INCLUSIVE, |
| 2 | |
| 3 | |
| 4 | |
| 5 | *Third Party Defendants.* |

3

I, Michael D. Murphy, declare as follows:

1.  I am a Partner with the law firm Fox Rothschild LLP, attorneys of record for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC. ("Plaintiffs"). I am licensed to practice before all courts in the State of California.

2.  On June 20, 2025, I met-and-conferred with counsel for PCJV USA, LLC, Guy Koren and affiliated Defendants (collectively, the "Koren Parties") about several items we were considering for motions in limine including the specific items underscoring the motion in limine this declaration is in support of. I was not sure which specific items we would bring a motion in limine on; however, counsel for the Koren Parties refused to agree to any that I raised. I again met-and-conferred with counsel on July 14, 2025 about the same issues underlying this motion. During this July 14 meet-and-confer, the parties discussed their respective positions on ownership of the trademarks that are the subject of the motion in limine, but were unable to come to an agreement that would prevent the filing of Plaintiff's Motion in Limine No. 1. We did agree to continue meeting and conferring just as I will do with their motions in limine, and if the Koren Parties change their mind based upon viewing of Plaintiff's motion in limne, then we agreed that the Koren Parties will ask Plaintiff to dismiss the motion.

3.  Attached as Exhibit 1 is true and correct copy of the meet-and-confer letter that I sent to counsel for the Koren Parties on before our July 14, 2025, meet-and-confer.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 14, 2025 in Los Angeles, California.

                                                 */s/ Michael D. Murphy*
                                                 MICHAEL D. MURPHY

# Exhibit 1



Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
310.598.4150    310.556.9828
WWW.FOXROTHSCHILD.COM

MICHAEL D. MURPHY
Direct No: 213.213.1211
Email: mdmurphy@foxrothschild.com

Via Email

July 14, 2025

BLANK ROME LLP
Todd M. Malynn
todd.malynn@blankrome.com
Arash Beral
arash.beral@blankrome.com
Jamison T. Gilmore
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067

      Re:  Shakey Pizza v. PCJV USA, LLC
      Motions *in Limine* Meet and Confer

Dear Counsel,

      This letter is sent ahead of our meet and confer scheduled for today, July 14, 2025 at 5:00 P.M. The purpose of this letter is to bring to attention certain motion in limine items that were previously discussed at our June 20, 2025 meet and confer.

      As you recall, on June 20, 2025, we had a meet and confer via zoom where we had an all-compassing conversation which included, among other things, the potential motions in limine each side intended to file.

      During that meeting, we raised several items we were considering for motions in limine (including those addressed below). We identified more than five specific factual and legal issues that have been precluded in this case whether by substantive law, law of the case, or otherwise, and had not decided whether we were going to address them as one, or as a whole. We did specifically ask whether Defendants were willing to stipulate to any of those issues. At that time, you indicated that Defendants were not willing to stipulate to any of the potential motion in limine topics I brought up.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington

174497825.1

...


BLANK ROME LLP
July 14, 2025
Page 2

We have elected a strategy, and our motion in limine issues to the following issues to be brought in three motions in limine:

**Motion in Limine No. 1: Prohibiting Argument or Evidence of Defendants' "Ownership" of any Trademark in Dispute.**

Prohibiting the introduction of any evidence, testimony, or argument claiming ownership or first use of Potato Corner because any proffer of evidence to the contrary is irrelevant under FRE 402 and FRE 401 as there is no evidence that would make the fact that SPAVI is the owner of Potato Corner any more or less probable than the Deed of Assignment providing conclusive proof that SPAVI is the owner, as well as the evidence of first use by Cisco, which you could only try to defeat by disregarding multiple authorities.

**Motion in Limine No. 2: Precluding Argument or Evidence Contrary to the Law of the Case**

The Law of the Case doctrine should preclude evidence or argument that the Amended Joint Venture Agreement or the 2010 unsigned draft of the master license agreement conveyed to the Koren Parties any independent right to use the intellectual property of Potato Corner. The Ninth Circuit affirmed these legal conclusions, and there is no new evidence other than what has already been submitted to establish these as anything other than an agreement to agree to which Cisco was not a party, and as to the latter, an unsigned illusory agreement.

**Motion in Limine No. 3: Precluding Argument or Evidence of Res Judicata to attempt to make Cinco a party to the AJVA**

Precluding any evidence, testimony, or argument of Res Judicata pertaining to the attempt to make Cinco a party to the AJVA by way of alter ego liability. This was specifically alleged by your client, under oath in the Verified Third Amended Complaint filed in the state case over control of PCJV. When he dismissed, with prejudice, as you yourself have acknowledged, that resolved the alter ego claim in Cinco's favor, forever. PCJV, Koren, and each of the defendants may not dispute, ever again that Cinco and PCI are separate corporate entities and must be respected as such. *See Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, 820 (stating that dismissal with prejudice is determinative of the issues in the action and precludes the dismissing party from

174497825.1



BLANK ROME LLP
July 14, 2025
Page 3

litigating those issues again). Other than that issue, this Motion seeks rulings that no one may argue that the State Court Corporate Governance case between Mr. Koren and PCI has any preclusive effect on this case. Any such evidence is irrelevant and will confuse the jury, under FRE 402 and FRE 403, respectively.

As we plan to discuss these issues further at our meeting today, please let us know whether your position regarding stipulating to the exclusion of evidence on these topics has changed. Also, will you and your clients agree to refrain from referencing "Asian investors" or any corollary when referring to SPAVI?

If you are still unwilling to stipulate, then we will proceed with filing these motions following today's meeting.

Additionally, during our June 20th meet and confer, you stated that you intended to file a motion in limine precluding evidence related to this Court's issuance of the Preliminary Injunction Order and Contempt Order. At that meeting, I agreed to stipulate to the preclusion of evidence regarding the Preliminary Injunction order to prove liability.

You recently filed motion in limine, on July 3, 2025, on that sole issue although there were others.  Please clarify whether you intend to re-file or amend your motion to reflect our stipulation on the injunction and to address the contempt order separately.

Finally, please confirm that today's meet and confer will include discussion on the jury instructions and a stipulation of facts.

We appreciate your readiness to discuss these items this evening.


Sincerely,

/s/ *Michael D. Murphy*

Michael D. Murphy

MDM

174497825.1