MICHAEL D. MURPHY (SBN 224678)
mdmurphy@foxrothschild.com
MATTHEW FOLLETT (SBN 325481)
mfollett@foxrothschild.com
JESSICA NWASIKE (SBN 343087)
jnwasike@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff and Counterclaim
Defendant SHAKEY'S PIZZA ASIA
VENTURES, INC. and Third Party Defendants
CINCO CORPORATION, PC
INTERNATIONAL PTE LTD., and SPAVI
INTERNATIONAL USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>v.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*The Hon. Stanley Blumenfeld, Jr.*<br><br>**PLAINTIFF AND THIRD-PARTY DEFENDANTS' CINCO'S MOTION IN LIMINE NO. 2 TO PROHIBIT INTRODUCTION OF EVIDENCE, TESTIMONY, OR ARGUMENT THAT CONTRADICTS ANY DETERMINATION THAT IS LAW OF THE CASE, INCKLUDING THE INTERPRETATION OF THE AJVA AND "FAKE" LICENSE AGREEMENT**<br><br>Complaint Filed: May 31, 2024<br>Trial Date: August 18, 2025 |

1

CASE NO. 2:24-CV-04546-SB(AGRX)
MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

| | |
|---|---|
| 1 | CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive, |
| 2 | |
| 3 | Defendants. |
| 4 | |
| 5 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Counter-Claimants, |
| 11 | v. |
| 12 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 13 | |
| | Counter Defendant. |
| 14 | |
| 15 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | Third Party Plaintiffs, |
| 22 | v. |
| 23 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and DOES 1 through 10, inclusive, |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

MOTION IN LIMINE TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING OR ARGUING UNDER THE LAW OF CASE DOCTRINE THAT THE AMENDED JOINT VENTURE AGREEMENT OR THE UNSIGNED 2010 MASTER LICENSE AGREEMENT CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

Third Party Defendants.

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 8, 2025 at 9:30 a.m., in Courtroom 6C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. ("SPAVI") and Third Party Defendants CINCO CORPORATION "Cinco"), PC INTERNATIONAL PTE LTD. ("PCI"), and SPAVI INTERNATIONAL USA, INC ("SPAVI International," and collectively with SPAVI, Cinco, and PCI, the "SPAVI Parties") move for an order *in limine* (the "Motion") that will preclude any evidence or argument that the Amended Joint Venture Agreement or the unsigned 2010 master license agreement conveyed to the Koren Parties an independent right to the intellectual property once owned by Cinco Corporation and subsequently transferred to SPAVI.

The SPAVI Parties bring this Motion under Federal Rules of Evidence 401 and 403. It is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities therein, the Declaration of Michael Murphy, the [Proposed] Order, and all papers and pleadings filed by the parties, all papers lodged with the Court, any other evidence presented, and on such other matters as the Court may deem proper to consider at the hearing.

Pursuant to Local Rule 7-3, the parties met and conferred on June 20, 2025, and again on July 14, 2025, and were unable to resolve the present dispute.

///

3

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 14, 2025 | **FOX ROTHSCHILD LLP** |
| 3 | | */s/ Michael D. Murphy* |
| 4 | | Michael D. Murphy<br>Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC. |

4

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

*Statement Pursuant To Civil Pretrial Order*

**The SPAVI Parties[1] seek to exclude evidence or argument that the Amended Joint Venture Agreement or the 2010 unsigned draft of the master license agreement conveyed to the Koren Parties[2] any independent right to use the intellectual property of Potato Corner.**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The SPAVI Parties move for an order *in limine* that will preclude the Koren Parties at trial from introducing into evidence or arguing that the Amended Joint Venture Agreement ("AJVA"), or the 2010 unexecuted, draft master license agreement (the "Unsigned Draft") conferred on any of the Koren Parties an independent right to use the Potato Corner intellectual property (the "PC IP") owned by SPAVI, which consists of the following three registered trademarks: (1) The Potato Corner Logo Mark (U.S. Reg. No. 3760041), which was deemed "incontestable", the "POTATO CORNER Characters Mark" (U.S. Reg. No. 5900257), and the "WORLD'S BEST Characters Mark" (U.S. Reg. No. 6088456). The Koren parties should be precluded from arguing that either document gave any right to use the PC IP under the law of case doctrine given that this Court, and the Ninth Circuit have both evaluated both documents, Defendants' arguments, and concluded the AJVA is not a licensee with PCJV, but an agreement to agree with Cinco that was never executed. The latter – the unsigned purported license agreement – has been interpreted by this Court and the same panel to be an illusory unsigned document that is not a contract.

---

[1] "SPAVI Parties" refers to SHAKEY'S PIZZA ASIA VENTURES, INC. ("SPAVI") and Third-Party Defendants.
[2] "Koren Parties" refers to Defendants, Counter-Claimants, and Third-Party Plaintiffs.

5

MOTION IN LIMINE TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING OR ARGUING UNDER THE LAW OF CASE DOCTRINE THAT THE AMENDED JOINT VENTURE AGREEMENT OR THE UNSIGNED 2010 MASTER LICENSE AGREEMENT CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

Case 2:24-cv-04546-SB-AGR   Document 216   Filed 07/14/25   Page 6 of 11   Page ID #:8827

1    This Court has already observed that the Koren Parties "appear to be trying
2    to reassert legal theories that have been repeatedly rejected" about the "ownership
3    of the trademarks at issue." Dkt. 213, p. 3. Among these theories is that the AJVA
4    or the Unsigned Draft conveyed to the Koren Parties an independent right to use the
5    PC IP. Despite having been rejected by two separate courts, the Koren Parties
6    continue to incessantly ram this argument into the wall that has kept it from
7    succeeding, hoping it will eventually break through.

8    Because this Court and the Ninth Circuit have already rejected that the AJVA
9    or Unsigned Draft conveyed an independent right for the Koren Parties to use the
10   PC IP, they should be precluded from further arguing it at trial under the "law of
11   case" doctrine, which is a fundamental principal that promotes not only consistency
12   within a case, but also finality and efficiency.

## II.     FACTUAL BACKGROUND

14   Since this case's beginning , the Koren Parties have maintained that they had
15   an unabridged, independent right to use the PC IP under the terms of the AJVA and
16   (an obvious) draft, 2010 Master License Agreement signed by no one except for
17   Guy Koren. This contention first surfaced when they moved for their *Ex Parte*
18   *Application for Order for Order to Show Cause Re: Preliminary Injunction and*
19   *Temporary Restraining Order*, which the Court denied. (Dkt 37-1, p. 6:1-11.). It
20   has repeatedly popped up since then, including in opposition to the preliminary
21   injunction obtained by SPAVI. As recently as their *Objections to the Report &*
22   *Recommendations Re: Motion for Sanctions*, the Koren Parties hinted at their
23   purported rights under the documents.

24   At every turn these arguments have been rejected. In its order, for example,
25   granting in part and denying in part the *Motion to Dismiss and Motion for*
26   *Preliminary Injunction*, the Court noted that the "purported license agreement" (i.e.,

6

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

the Unsigned Draft) "was not signed by Cinco, and its section on fees ***plainly was not a final agreement.***" (Dkt. 56, p. 4 ¶ 3 (emphasis added).) Moreover, the Court recognized that "the ***AJVA plainly acknowledged Cinco's ownership of the marks*** by requiring PCJV to license the Potato Corner intellectual property including trademarks from Cinco." Dkt. 36 p. 10 ¶ 1. (emphasis added)

The Ninth Circuit too has weighed in on the AJVA and Unsigned Draft. It noted that that ". . . the AJVA contained an agreement to enter a future Master License Agreement, not a "perpetual license" like PCJV claims. Dkt. 178, p.4 (citing to *First Nat'l Mortg. Co. v. Fed. Realty Inv. Tr.*, 631 F.3d 1058, 1065 (9th Cir. 2011) ("[A]n 'agreement to agree,' without more, is not a binding contract."). It further concluded that SPAVI plausibly alleged that the [Unsigned Draft] "was merely a draft, and the district court acted within its discretion in finding that PCJV failed to disprove that allegation." (Dkt. 178, pp. 4-5.)

The SPAVI Parties now move in limine for an order that precludes the Koren Parties from asserting their theories, which have been repeatedly rejected by two Courts.

**III.   ARGUMENT**

    **A.   *The Law of Case Doctrine Should Preclude The Koren Parties From Arguing That the JVA or AJVA Conferred Any Independent Right to Use the Potato Corner Intellectual Property***

"The law of the case doctrine is a rule of practice, based on the sound policy that, when an issue is once litigated and decided, that should be the end of the matter." *Tully v. Okeson*, 78 F.4th 377, 380 (7th Cir. 2023) (cleaned up). It "establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit." *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d

7

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

1219, 1227 (7th Cir. 1995) It includes "issues decided explicitly or by necessary implication in [the Court's] previous disposition." *Hanna Boys Ctr. v. Miller,* 853 F.2d 682, 686 (9th Cir. 1988)

The doctrine may be applied to an issue decided in ruling on a preliminary injunction where the record before the appellate court was "sufficiently developed and the facts necessary to shape the proper legal matrix." *Naser Jewelers, Inc. v. City of Concord, N.H.,* 538 F.3d 17, 20 (1st Cir. 2008 (internal quotation marks omitted) ; *see also Preminger v. Peake,* 552 F.3d 757, 765 (9th Cir.2008) (holding that the Court's legal determinations on a prior appeal from a preliminary injunction denial "remains the law of the case"); *Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.,* 499 F.3d 1108, 1114 (9th Cir.2007) (holding that conclusions of law made on appeal from a preliminary injunction order are binding on a district court on remand); *This That And The Other Gift And Tobacco, Inc. v. Cobb County*, 439 F.3d 1275, 1283–84 (11th Cir.2006) (concluding that legal rulings issued by a prior panel on an appeal of a preliminary injunction order were the law of the case with respect to subsequent proceedings in the same litigation and describing those rulings as "binding on the district court").

Here, the legal effect of the AJVA and Unsigned Draft have already been decided both "explicitly" and by "necessary implication," since both were examined—and concluded upon—the when the courts examined the ex parte applications for temporary restraining orders and the interlocutory appeal on SPAVI's preliminary injunction. Permitting the Koren Parties continually reintroduce their theories regarding the AJVA and Unsigned Draft and the rights they purportedly conveyed to the PC IP would directly contradict the law of case doctrine followed by this circuit and others. It would invite the jury to reconsider

8

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

something already considered by this Court and the Ninth Circuit, leading to potential confusion and undermining the efficiency and finality that the doctrine seeks to achieve. Since both Court's decisions, there has been no intervening change in controlling law and no indication that either court made an erroneous ruling, Moreover, nothing has material emerged since either ruling was issued that would support the Koren Parties' theories pertaining to either.

## IV. CONCLUSION

For the foregoing reasons, the SPAVI Parties respectfully request that this Court grant this Motion and issue an order the precludes the Koren Parties from trying to evidence, argue, or otherwise suggest that either the AJVA or Unsigned Draft conveyed an independent right to use the PCJV.

Dated: July 14, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI+ INTERNATIONAL USA, INC.

9

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

**CERTIFICATE OF COMPLIANCE RE: WORD COUNT**

The undersigned, counsel of record for Plaintiff Shakey's Pizza Asia Ventures, Inc., certifies that this brief contains 1292 words, which complies with the word limit of L.R. 11-6.1.

10

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)

# **CERTIFICATE OF SERVICE**

The undersigned certifies that, on July 14, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  July 14, 2015

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

11

MOTION IN LIMINE
TO PROHIBIT THE KOREN PARTIE FROM EVIDENCING
OR ARGUING UNDER THE LAW OF CASE DOCTRINE
THAT THE AMENDED JOINT VENTURE AGREEMENT OR
THE UNSIGNED 2010 MASTER LICENSE AGREEMENT
CONVEY RIGHTS IN THE TRADEMARKS AT ISSUE

CASE NO. 2:24-CV-04546-SB(AGRX)