**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Jamison T. Gilmore (SBN 322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**THE PCJV USA PARTIES' OPPOSITION TO SPAVI PARTIES' MOTION IN LIMINE NO. TWO (DKT. NO. 216)**<br><br>Complaint Filed:   May 31, 2024<br>Trial Date:             August 18, 2025 |

1 | limited liability company and DOES 1 through 100, inclusive,

2 |              Defendants.

3 | _____

4 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

9 |              Counter-Claimants,

10 |        v.

11 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

12 |              Counter Defendant.

13 | _____

14 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

19 |

20 |              Third Party Plaintiffs,

21 |        v.

22 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,

25 |              Third Party Defendants.

26 | _____

**THE PCJV USA PARTIES' OPPOSITION TO SPAVI PARTIES' MOTION IN LIMINE NO. TWO**

## I. INTRODUCTION[1]

SPAVI Parties' MIL No. 2 seeks to summarily resolve (a) whether PCJV owns "independent" trademark rights to use registered and unregistered U.S. Potato Corner trademarks as the first lawful, continuous, and exclusive user in the U.S.,[2] and if not, (b) whether two of PCJV's governing documents "conveyed" a "right to use" the IP, *i.e.,* the U.S. Potato Corner trademarks.[3] SPAVI Parties seek to exclude all parol evidence, course of performance evidence, evidence related to Franchise Disclosure Documents ("FDDs"), detrimental reliance evidence, and all evidence of mutual intent—regardless of whether such evidence was previously considered or ruled upon at the preliminary injunction stage.

The MIL should be denied for four reasons: (1) it is untimely; (2) it violates the Civil Pretrial Order in seeking summary adjudication; (3) it improperly seeks to preclude facts and evidence central to the jury's determination; and (4) there is no law of the case precluding PCJV's right to use the marks—neither this Court nor the Ninth Circuit considered a full record or made final determinations on these issues.

## II. ARGUMENT

### A. SPAVI Parties' MIL Improperly Seeks Summary Adjudication

The Civil Pretrial Order prohibits motions *in limine* that generally seek to

---

[1] The SPAVI Parties' MILs are untimely and violate the Civil Pretrial Order. The SPAVI Parties missed the June 23, 2025 deadline to serve their moving portions, instead filing them unilaterally as motions on July 14, 2025, without prior service or proper adequate meet and confer. *See Pate v. BMW of N. Am., LLC et al.*, 2025 WL 1843106, at *2 (C.D. Cal. Apr. 18, 2025) (denying MIL as untimely because trial continuance did not reset expired deadlines); Gilmore Decl., ¶¶ 2-4. Out of caution, the PCJV USA Parties are filing oppositions, and respectfully request leave for further argument and briefing if the Court is leaning towards granting the MIL.

[2] Trademark rights under the Lanham Act derive from use, not registration. The presumption of validity from a foreign (intent-to-use) registration is subject to challenge and lost after six years without proof of lawful use. If there was no license agreement controlling a party's first lawful, continuous and exclusive use, the multi-factor test in *Sengoku* informed by conduct and consumer association determines ownership or licensee status of the user—no rights are lost by default.

[3] Trademark rights are not "conveyed" to the first lawful, continuous and exclusive user; they are established in response to a registrant's claim of seniority by proof of a superior right to use the marks as confirmed by contract or a conduct-based test.

1

**THE PCJV USA PARTIES' OPPOSITION TO SPAVI PARTIES' MOTION IN LIMINE NO. TWO**

exclude evidence or argument, as such motions are improper disguised motions for summary adjudication. Dkt. No. 30 at 9. Yet, the MIL generally seeks to exclude all evidence and argument supporting PCJV's claim to a superior "right to use" the U.S. Potato Corner marks at common law and/or under agreements, including all evidence and argument that the First Amendment to the Joint Venture Agreement ("FAJVA") and the Master License Agreement ("MLA") conveyed a non-terminable-at-will right to use the marks. The probative value of admissions, negotiations, course of performance, FDDs, emails, texts, and Board minutes, alongside witness testimony, is for the jury, not for summary adjudication.[4] *See 4Bowl, LLC v. AMF Bowling Worldwide, Inc.*, No. CV 11-426-GHK (SHx), 2012 WL 13008127, at *3 (C.D. Cal. Aug. 10, 2012). The MIL is an improper attempt to convert an MIL into a summary adjudication motion and should be denied.

### B. The Law of the Case is Inapplicable

Preliminary injunction decisions do not constitute law of the case. *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013). The rare exception—where the record is fully developed and the appellate court provides a reasoned decision on a purely legal issue—does not apply to mixed questions of law and fact. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agric.*, 499 F.3d 1108, 1114 (9th Cir. 2007); *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1076 n.5 (9th Cir. 2015).

Neither this Court's Preliminary Injunction Order nor the Ninth Circuit's Memorandum finally adjudicated whether PCJV has a "right to use" the U.S. Potato Corner marks (that was not even disputed).[5] The issues at the preliminary injunction stage were ownership and whether SPAVI could terminate PCJV's right to use

---

[4] Among the questions reserved for the jury is the factual dispute as to whether the FAJVA was a complete or partial integration—a decision properly decided by the jury. *See Sherman v. Mutual Benefit Life Ins. Co.*, 633 F.2d 782, 785 (9th Cir. 1980). Evidence of negotiations and conduct will show the integration clause did not supersede other agreements or obligations, including fiduciary ones.

[5] Similarly, neither Court rendered an opinion on trade secret rights.

under PCJV's governing documents, not the existence or scope of PCJV's right to use.[6] On a full trial record,[7] PCJV will present evidence—including contract negotiations, the JVA and amendment thereto, related contracts, the master license, course of performance, FDDs, Board minutes, and other communications—demonstrating that, if not ownership, PCJV has a superior right to use the marks. This evidence was not fully adjudicated at the preliminary injunction stage.

Key evidence at trial that will be subject of oral testimony will include:

- Cinco's initial unlawful license to Koren's company, converted to long-term franchisee rights (at the licensee level) and "vested" branding rights (at the U.S. franchisor level) in their joint venture as the "vehicle" through which brandings would expand in the United States;

- Negotiations resulting in the LA Group securing long-term branding rights under a written joint venture agreement, where Cinco's consideration (not the LA Group's) included entry into a master license agreement, but for which PCJV had lifetime branding rights absent a super majority vote or further agreement by PCJV's partners, or owned common law rights based on the parties' conduct under *Sengoku*;

- Written rejection of at-will branding rights by Koren in 2009 and the LA Group in 2010, precluding any implied at-will termination right, which also would be contrary to fiduciary obligations and the implied covenant of good fair dealing protecting the LA Group's benefit of the bargain;

- In response to a proposed 10-year term, the LA Group demanded and obtained "lifetime" branding rights, and later agreed to enter a master license agreement, including a 20-year term plus three 10-year options, authored by Cinco to satisfy their lawyers' concerns about indefinite rights in the master license agreement; and

- Over a decade of course of performance, as documented in FDDs and Board minutes, waiving mutual royalties to each side in favor of growth and confirming the parties' understanding and agreements.

Whether by written or verbal agreement, course of performance, the implied covenant of good faith and fair dealing, or detrimental reliance, the PCJV USA Parties had an enforceable, non-terminable-at-will "right to use." Further, PCJV's claim to ownership as the first lawful, continuous, and exclusive user at common

---

[6] The Preliminary Injunction Order did not reach PCJV's promissory estoppel argument under the FDDs and long-term franchisee agreements in detrimental reliance thereon, nor did the Ninth Circuit address it.

[7] No court has considered oral testimony. All testimony will be heard for the first time at trial.

3

**THE PCJV USA PARTIES' OPPOSITION TO SPAVI PARTIES' MOTION IN LIMINE NO. TWO**

law or under the JVA, including as amended (as well as under the LLC Agreement), or the settlement agreement by acquiring Cinco's trademark rights and obligations under PCJV's governing documents, is further supported by evidence showing Cinco and SPAVI lacked control of the marks.[8] Such issues are rarely suitable for summary adjudication. *See 4Bowl, LLC*, 2012 WL 13008127, at *3; *see also Keen Consulting Group v. Rugged Events Holdings, LLC*, No. 5:19-cv-00654-R-KK, 2019 WL 6646701, at *2 (C.D. Cal. July 11, 2019); Cal. Civ. Code § 1621.

### C.  The Ninth Circuit Did Opine on PCJV's Right to Use the Marks

Finally, a district court decision is never law of the case "[b]ecause a court has the inherent power to alter its own prior rulings." *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949 (C.D. Cal. 1996) (citation omitted). While that differs from an appellate court decision, such a decision does not control "issues not 'within its compass.'" *Id.* (citation omitted). Such decisions only control issues "decided either expressly or by necessary implication." *Id.* (citation omitted).

The MIL should also be denied because the Ninth Circuit's ruling was limited to affirming that this Court did not abuse its discretion by preliminarily enjoining PCJV from using the U.S. Potato Corner marks. Case: 24-7084, Dkt. No. 40.1 at 3. In analyzing likelihood of success on the merits, the Ninth Circuit did not address *Sengoku* but presumed PCJV's use of the marks inured to the benefit of Cinco—not based on evidence of the parties' conduct or consumer association, but a registration and plausible allegation that the JVA was merely an "agreement to agree" to a license. *Id.* at 4. Similarly, the Ninth Circuit relied on SPAVI's plausible allegation that one version of the MLA that Cinco represented was "drafted and ready for

---

[8] Cinco and SPAVI's lack of control, one of the ownership factors under *Sengoku*, supports PCJV's superior claim to ownership in addition to being germane to assignment in gross, naked license and related company doctrines, which are for the jury also. *See Baracmerica Intern. USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 596 (9th Cir. 2002); *Thomas Petroleum, LLC v. Lloyd*, No. 1:11-CV-00902-LJO-JLT., 2012 WL 4511369, at *14 (E.D. Cal. Oct. 2, 2012).

signing" was merely a draft and found that this Court acted within its discretion in finding PCJV failed to disprove this allegation. *Id.* at 4-5.

SPAVI's and Cinco's witnesses were not cross examined or tested for credibility. Further, documents PCJV USA Parties discovered or disclosed after the preliminary injunction hearing substantiating the master license agreed upon or ratified by the FDDs and Board minutes will be presented at trial. Finally, evidence predating the JVA will be considered by the jury. The Ninth Circuit's decision affirming a likelihood of success on the merits based on a presumption, allegations and record then before it, not on oral testimony or documentary evidence anticipated at trial, is not the law of the case.

## III. CONCLUSION

For the reasons stated, SPAVI Parties' MIL No. Two should be denied.

DATED: July 21, 2025              **BLANK ROME LLP**

By: */s/ Todd M. Malynn*
      Todd M. Malynn
      Arash Beral
      Jamison T. Gilmore
Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for PCJV USA Parties, certify that this brief contains 1,698 words, which complies with the word limit of Local Rule 11-6.1.

DATED:  July 21, 2025

                                          */s/ Todd M. Malynn*
                                          TODD M. MALYNN

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 21, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on July 21, 2025.

By:   */s/AJ Cruickshank*