UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PCJV USA, LLC et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-04546-SB-AGR<br><br>ORDER STRIKING NONCOMPLIANT MOTIONS IN LIMINE [DKT. NOS. 209, 215, 216] AND EXPANDING ORDER TO SHOW CAUSE RE SANCTIONS |

　　　　The court's Civil Pretrial and Trial Order provides detailed requirements for joint motions in limine (JMILs), one of which—as the name suggests—is that they must be filed jointly.  Dkt. No. 30 at 10 ("If unable to resolve the issue, counsel shall . . . file a JMIL consisting of:  (1) the moving party's one-sentence statement in bold of the evidence to be excluded and the anticipated prejudice; and (2) each party's contentions set forth below a separate underlined heading for each party (identifying the moving party, the opposing party, and the moving party in reply).").  The order cautions that failing "to cooperate and comply with these procedures may result in summary denial of the JMIL and/or the imposition of sanctions."  *Id*. at 9.

　　　　The parties have filed three motions in limine:  one by Defendants and two by Plaintiff (one of which is joined by the third-party defendants).  Dkt. Nos. 209, 215, 216.  None of the motions is filed jointly, and none reflects the cooperation expected of counsel—a recurring issue in this case that the court has repeatedly raised.  Defendants' motion acknowledges the failure but states that Plaintiff missed the deadline to serve an opposition.  It ignores, however, that the court had continued the trial deadlines two days earlier, allowing more time for pretrial filings.[1]  Plaintiff's motions do not even acknowledge their failure to comply, and

---

[1] The supporting declaration claims that the motion was filed unilaterally to avoid waiving Defendants' rights because the court's order extending the pretrial deadlines "does not reopen deadlines already passed to Koren Parties' prejudice."

1

it does not appear that Plaintiff meaningfully attempted to follow the court's requirements for JMILs. Defendants filed oppositions a week later, objecting to Plaintiff's noncompliance with the court's Civil Pretrial and Trial Order.

This case has likely set a record for the number of times the court has had to caution counsel about their violations of the court's orders and failures to cooperate. The court has already appointed a special master to investigate the parties' misconduct in connection with an outstanding order to show cause (OSC) why the parties and counsel should not be sanctioned. Dkt. No. 213. That counsel continue not to cooperate or comply with the court's instructions and deadlines under these circumstances is extraordinary. As the court's prior actions still have not produced appropriate behavior, the court now expands its OSC re sanctions to include their violations of the court's requirements for filing JMILs. The court will further consider as context for the OSC the parties' conduct through the present. No later than August 1, 2025, counsel for both sides shall show cause in writing why they and their clients should not be further sanctioned under Rule 16(f) and the court's inherent authority for their violations of the Civil Pretrial and Trial Order. The parties shall promptly provide a copy of this order to the special master and file a declaration by July 25 stating that they have done so.

The court's requirements for thorough meet-and-confers and joint filings are not pointless formalities—they are designed to increase effective cooperation and narrow the issues that require judicial resolution. The parties' repeated failures to cooperate have imposed substantial burdens on the court. The noncompliant motions in limine at Dkt. Nos. 209, 215, and 216 are stricken. The parties are cautioned that the court expects strict compliance with its orders as to all remaining pretrial filings.

Date: July 23, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

Dkt. No. 209-1 ¶ 6. The order expressly continued the pretrial conference to August 8 and the deadline for the second set of pretrial filings to July 25. Dkt. No. 208. The continuance would have been largely meaningless if the parties were precluded from further cooperating on those filings.