UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PCJV USA, LLC et al.,<br><br>    Defendants. | Case No. 2:24-cv-04546-SB-AGR<br><br><br>ORDER TO SHOW CAUSE RE SANCTIONS AND FOR FURTHER PRETRIAL FILINGS |

  As the court observed in a recent order, "[t]his case has likely set a record for the number of times the court has had to caution counsel about their violations of the court's orders and failures to cooperate." Dkt. No. 223 at 2. Neither the court's numerous admonishments nor the pending order to show cause (OSC) for the parties' failures to comply with deadlines or cooperate effectively has produced compliance. Because the parties' pretrial filings were untimely, incomplete, and woefully deficient, it now appears that more drastic sanctions may be warranted.

  In early September 2024, the court set deadlines in this case, including for a second set of pretrial filings due July 7, 2025. Dkt. No. 29. The court provided extensive instructions for the form and content of those filings, including a proposed pretrial conference (PTC) order, joint proposed jury instructions, joint verdict forms, a joint statement of the case, a challenged exhibits table, and any joint motions in limine, proposed voir dire questions, or disputed deposition designations. Dkt. No. 30. Thus, counsel have been on notice of what would be required and the relevant deadlines for nearly a year. After the parties filed their first set of pretrial filings, the court denied Plaintiff's untimely and opposed request for a six-month continuance of the trial and all related deadlines but allowed the parties until July 25—an extension of more than two weeks—to file their second set of pretrial filings. Dkt. No. 208. The afternoon before this extended deadline, the parties filed a stipulation to further extend it by nearly a week. As the court explained, the parties "provide[d] no explanation for their request other than that they have agreed to more time to meet and confer over the documents. They have not even attempted to meet the court's standard for establishing good cause for a continuance, which has been repeatedly emphasized to them. It appears the parties

1

once again have failed to act with diligence to meet their obligations within the deadlines set by the court." Dkt. No. 226 (citation omitted).  Despite the lack of good cause, the court extended the deadline to 9:00 a.m. on July 29 "in the hope that the additional time will allow the parties to narrow their disputes and provide filings that are helpful and fully compliant with the court's orders." *Id*.  In a separate order striking noncompliant motions in limine and expanding the outstanding OSC re sanctions, the court explained that "[t]he parties' repeated failures to cooperate have imposed substantial burdens on the court" and cautioned them that it "expects strict compliance with its orders as to all remaining pretrial filings." Dkt. No. 223 at 2.

The parties did not file any of their required joint filings by the twice-extended July 29 deadline.  The only part of the second set of pretrial filings that was timely filed was Defendants' proposed voir dire questions.[1]  After the 9:00 a.m. deadline had passed, the parties filed a joint request to extend it until 2:00 p.m., stating that this would allow them to further narrow their disputes.  The court granted this request as an accommodation.  After the 2:00 p.m. deadline had passed, the parties requested a further extension until 5:00 p.m.  In the meantime, they continued filing some of their required submissions throughout the afternoon.

The parties have wholly failed to file two of the required documents most critical for determining the shape of the trial—the proposed PTC order and any proposed jury instructions.  Most of the other filings, nearly all of which were untimely even after the court's multiple extensions, are also substantively deficient:

- The parties first filed a 536-page challenged exhibit list, which they superseded approximately four hours later with a 122-page list.  Although the shortened document may appear more modest by comparison, it still vastly exceeds the reasonable evidentiary disputes in this case.  For example,

---

[1] Many of Defendants' proposed questions are manifestly inappropriate, designed to prime the jury rather than elicit useful information.  *E.g.*, Dkt. No. 228 ¶ 7 ("Do you believe that people who invest years of hard work and money into building a business deserve to have their efforts and rights protected?"); *id*. ¶ 9 ("Do you think it's important for U.S.-based businesses to be protected from unfair interference by foreign companies or investors?"); *id*. ¶ 22 ("If the evidence shows that one party worked for years to build a business and another party tried to take it over, how would you feel about that?").

the first challenge is Defendants' Rule 403 objection to Plaintiff's registration of its Potato Corner logo mark. Dkt. No. 233 at 2. In a trademark infringement action in which Defendants contest Plaintiff's ownership of the marks, it is inconceivable that the court would find the probative value of Plaintiff's registration outweighed by juror confusion or waste of time, as Defendants suggest. To the extent the parties' dispute relates to the reference to a docket entry in the list of exhibits, that dispute is easily resolved—any exhibits produced to the jury will be clean copies without headers reflecting their docketing in this case.

- The parties failed to file the required "jointly prepared one-page statement of the case to be read by the Court to the prospective panel of jurors." Dkt. No. 30 at 9. Instead, the parties filed a joint document that merely contained competing statements. Dkt. No. 231; *cf.* Dkt. No. 30 at 3 n.2 ("A joint filing . . . does not simply mean combining each party's individual filing into a single document.").

- The parties failed to file a joint proposed verdict form. Instead, they filed a 55-page document consisting essentially of a draft verdict form prepared by Plaintiff, to which Defendants object. Defendants represent that Plaintiff first provided the proposed verdict form to them around 1:00 p.m. on July 29 (after the original deadline and only an hour before the extended deadline the court had granted earlier that morning). Dkt. No. 237 at 3. This belated disclosure—which precluded any meaningful attempts to work cooperatively—is particularly striking because (1) Plaintiff states that it "has been working hard on the verdict form for months," *id.*, and (2) the court has repeatedly chastised Plaintiff for waiting until the last minute to produce documents to Defendants, *e.g.*, Dkt. No. 155 at 8 ("SPAVI did not even obtain—let alone produce to Defendants—some of the billing records on which it relies until the day of the filing, far too late for Defendants to meaningfully respond even if SPAVI had provided the documents to them."). The joint submission does not include any proposed verdict form from Defendants.

Thus, the parties failed to *timely* file any of the required joint submissions, even after repeated extensions; they failed entirely to file some of the required filings (the proposed PTC order and proposed jury instructions); and they failed to adequately cooperate and comply with the court's substantive requirements for the joint documents they did file. These failures come after "the Court's repeated admonitions about the importance of 'early and comprehensive discussions' that would avoid last-minute [filings] in which the parties have not adequately engaged

3

with one another." Dkt. No. 155 at 11 (admonishing that "[t]he parties still appear not to understand that failing to exchange their written positions before filing a joint submission is a per se failure to meet and confer as required."). The parties' repeated violations of the court's orders and deadlines have required an inordinate amount of judicial resources in response. Even more significantly, without compliant pretrial filings, the court is unable to prepare for trial.

Because the court's numerous admonitions and even the outstanding OSC re sanctions and appointment of a special master to investigate counsel's misconduct have not deterred the parties and counsel from continuing their severely deficient approach to this case, it appears that more significant sanctions are necessary. Accordingly, the parties are ordered to show cause at the August 8 pretrial conference why they and their counsel should not be sanctioned under Rule 16(f) and the court's inherent authority for their violations of the court's orders described above. In particular, the parties and counsel should address why the court should not impose large monetary sanctions and refer counsel to the state bar in light of the persistent misconduct in this case. The parties shall file written responses to this OSC no later than August 6, 2025. In the written responses to the OSC, counsel shall state whether they have ever been sanctioned by any court or agency or the subject of an OSC for failing to follow any court rule or order. Although this OSC is separate from the pending OSC re sanctions, the parties shall promptly provide a copy of this order to the special master for consideration as context for his recommendation and shall file a declaration by August 1 stating that they have done so.

The parties shall meet and confer further and no later than 9:00 a.m. on August 5, 2025 shall file their proposed joint PTC order and joint jury instructions, along with an amended joint statement of the case, challenged exhibit list, and joint verdict form, all of which must fully comply with the court's requirements in its Civil Pretrial and Trial Order.[2] Failure to comply yet again will result in escalating sanctions.

Date: July 30, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] The parties' stipulation at Dkt. No. 227 to file an amended exhibit list is granted, and the court accepts the amended joint exhibit list at Dkt. No. 236-1 as superseding the joint exhibit list at Dkt. No. 200.

4