**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF ARASH BERAL RESPONDING TO ORDER TO SHOW CAUSE – DKT. NOS. 223 AND 226**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:           August 18, 2025 |

160850.00001/154448422v.1

**DECLARATION OF ARASH BERAL RE: ORDER TO SHOW CAUSE – DKT. NOS. 223 AND 226**

| | |
|---|---|
| limited liability company and DOES 1 through 100, inclusive, | |
| Defendants. | |

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

     Counter-Claimants,

  v.

SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

     Counter Defendant.

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

     Third Party Plaintiffs,

  v.

PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,

     Third Party Defendants.

## DECLARATION OF ARASH BERAL

I, Arash Beral, declare as follows:

1. I am a partner at Blank Rome LLP, counsel of record for Defendants, Counterclaimants, and Third Party Plaintiffs. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify under oath, I could and would testify competently thereto.

2. In response to the Court's July 23, 2025 Order (Dkt. No. 223) and July 25, 2025 Order (Dkt. No. 226), I submit this declaration. Defendants, Counterclaimants, and Third Party Plaintiffs and we, as their counsel, recognize the seriousness of the Court's concerns regarding compliance with pretrial orders, deadlines, and the requirement for professional cooperation. We acknowledge the Court's frustration and take full responsibility for any shortcomings in compliance with joint filings. While we have encountered significant challenges, particularly with respect to the timing and substance of opposing counsel's contributions, we have consistently acted in good faith and have made every reasonable effort to fulfill our obligations under the Court's orders.

3. I recognize that on July 30, 2025, the Court issued an additional Order (Dkt. No. 238), to which we will provide a more detailed response by August 6, as directed. As the Court is fully aware, the parties are required to submit further pretrial documents by August 5 at 9 a.m. The successful and timely completion of these requirements relies on the ongoing good faith cooperation and professionalism of all parties. Thus, in preparing this declaration, I have taken care to avoid making any statements that could hinder the collective efforts of the parties to resolve outstanding issues and to ensure the submission of a complete set of documents. I wish to make clear that it is not my intention with this declaration to criticize or cast opposing counsel in a negative light, nor do I wish for this process to become counterproductive.

///

4. We at our firm take court orders and deadlines very seriously. Immediately after they were issued in August and September 2024, I not only read the Court's Standing Order, Case Management Order, Civil Pretrial and Trial Order, and Order Re: Motions for Summary Judgment (Dkt. Nos. 25, 29, 30, 31), but I also printed each one and left them directly next to my keyboard on my desk in my office. Each of these documents have been sitting on my desk for nearly a year, and I have reviewed and referenced them on multiple occasions to ensure that we are fully compliant with the Court's rules and requirements.[1] I also relied on calendar entries to ensure full and timely compliance with all court orders. A few months ago, I also requested our associate, Jamison Gilmore, to review all of these orders and to prepare a detailed spreadsheet containing all deadlines with respect to the pretrial document submissions.

5. The first major pretrial deadline on our spreadsheet was Friday, May 23, 2025 – the deadline for the parties to exchange proposed jury instructions and verdict forms. Mr. Gilmore prepared the initial drafts of these documents and he and I worked at length, including almost through midnight on May 23 on these documents. Before midnight on May 23, and in compliance with the Court's Civil Pretrial and Trial Order (Dkt. No. 30, hereinafter, the "CPTO"), Mr. Gilmore emailed them to opposing counsel.

---

[1] Although this issue is not the subject of the OSC, I must inform the Court that I deeply regret my misinterpretation of the CMO's "Discovery Motion Hearing Deadline" of April 11, 2025, and its related footnote. After reviewing the Court's July 11, 2025 Order (Dkt. No. 213), I now understand that the Court intended March 14, 2025 to be the deadline for *nonexpert* discovery motion hearings, and April 11, 2025 to be the deadline for *expert* discovery motion hearings. Mr. Malynn also misunderstood this, as did opposing counsel and also, I believe, the Magistrate Judge who was reviewing the CMO alongside us during the March 12 conference. We never had any intent to mislead the Magistrate Judge. Our misunderstanding was unintentional, and we sincerely apologize to the Court for this error. (Additionally, we were operating under the belief that, once a discovery order had been issued—as occurred here on March 12—subsequent enforcement proceedings related to that order could proceed after the discovery motion hearing deadline, since such enforcement seeks remedies for violations of a court order rather than new discovery itself. Again, we apologize.)

160850.00001/154448422v.1

3

**DECLARATION OF ARASH BERAL RE: ORDER TO SHOW CAUSE – DKT. NOS. 223 AND 226**

6. We did not receive any reciprocal documents from opposing counsel, however. We also did not receive any objections to our drafts by May 27, 2025 as contemplated by the CPTO.

7. The next deadline was for lead counsel to engage in a meet and confer on or by June 6, 2025 to address a variety of topics, including stipulations of fact, disclosure of exhibits, etc. As I explained in my declaration of June 30, 2025 (Dkt. No. 203-1 at Paragraph 38, including footnote 3 and Exh. K), we offered multiple days the week of June 2, 2025 to meet and confer. I brought the issue of the absence of the required meet and confer to the Court's attention on June 13, 2025 while in Court. That meet and confer unfortunately did not take place until June 20, 2025, the date our first set of pretrial filings were due, to no fault of ours.

8. The next relevant date was on June 18, 2025, for the parties to send a letter identifying the MILs they intended to bring in conformance with the CPTO's requirements. We served our letter on June 18, identifying various subject matters of potential motions in limine we were contemplating. Opposing counsel did not send any letters to us that day.

9. During our meet and confer on Friday, June 20, we also discussed motions in limine. Opposing counsel represented that they would agree not to introduce evidence, testimony, or argument regarding Defendants' anti-SLAPP motion and related fee order, and also regarding the existence and entry of the Preliminary Injunction Order. However, opposing counsel represented that he intended to introduce evidence of contempt and related fee orders. This was problematic for us because introducing evidence of contempt of a preliminary injunction necessarily conveys the existence of an injunction order, and would result in prejudice.

10. Therefore, in accordance with the CPTO, on Monday, June 23, 2025 (and after we decided to eliminate some MIL issues on our list), we served on opposing counsel our moving portion of only one motion in limine regarding the

Preliminary Injunction Order and related contempt orders. We also served a stipulation concerning what we believed to be an agreement on the preclusion of evidence and argument concerning the anti-SLAPP motion and related orders. We did not receive any moving portions of a motion in limine from opposing counsel (nor did we receive any response to our proposed stipulation).

11.   After follow-up, we did not hear back from counsel. Opposing counsel's opposition to our moving portion of our MIL was due by June 30, 2025. We did not receive any opposition portion.

12.   The CPTO provides that "All JMILs must be filed and served at least 14 days before the PTC." Dkt. No. 30, p. 10, line 21. The PTC was set for July 18, 2025. Based on this, we understood the CPTO to require that all JMILs be filed and served by July 4, 2025. However, because July 4 is a holiday, we had calendared July 3, 2025, as the deadline for filing any JMIL.[2]

13.   On July 1 (and after the SPAVI parties' opposition portion to our MIL was due), the Court issued an Order (Dkt. No. 208) that continued the July 18 PTC to August 8, moved the August 4 trial date to August 18, and extended the July 7 deadline for the second set of pretrial filings to July 25. The Order did not address what we considered to be the separate July 3 deadline for filing JMILs. Additionally, we became aware of case law (cited in our briefs at Dkt. Nos. 220 and 221) indicating that a continuance of the trial does not automatically reset the deadlines for filing motions in limine.

/ / /

---

[2] We now understand, based on footnote 1 of the Court's July 23, 2025 Order (Dkt. No. 223), that: (a) the Court intended to track the JMILs deadline with the date of the PTC; and (b) the CPTO's requirement at Dkt. No. 30 to file and serve all JMILs "at least 14 days before the PTC" was superseded by Dkt. No. 29's second set of pretrial filings deadline of July 7 (which was only 11 days before the original July 18 PTC). Because Dkt. No. 30 was issued after Dkt. No. 29, we had previously (and, as we now realize, incorrectly) interpreted the "at least 14 days before the PTC" provision in Dkt. No. 30 as removing JMILs from the second pretrial filings deadline of July 7. We apologize for this misunderstanding.

14.     The CPTO does not specify the procedure to follow when the opposing party fails to serve its opposing portion of a motion in limine after the moving party has timely served its portion. However, the CPTO does make clear that "the opposing party's portion of the JMIL is due 18 days before the PTC." In this instance, the SPAVI parties did not serve any opposing portion by June 30 (which was 18 days before the originally scheduled July 18 PTC). They also did not serve (or file) any opposition by July 21 (18 days before the rescheduled August 8 PTC). While, in view of footnote 1 in the Court's July 23 Order, we now acknowledge that we acted prematurely, I submit that this would not have changed the outcome because there was no opposition to our MIL at any point in time.[3]

15.     I interpret our decision to file the MIL after not receiving an opposition as being in line with the CPTO's requirements. In my view, when the opposing party fails to submit any opposing portion, the CPTO allows the moving party to proceed with filing, provided all other requirements have been timely satisfied, as they were in this instance.

16.     With respect to the SPAVI parties' motions in limine, and as the Court recognized, we articulated our position in our opposition papers to those motions. I respectfully submit that the circumstances surrounding our filing of the MIL are materially distinct from those pertaining to Plaintiff's MILs, and therefore, any comparison between the two is a false equivalence. We timely met all of the CPTO's requirements and only filed after we did not receive any opposing portion. The SPAVI parties, however, did not follow that same required protocol.

17.     I respectfully submit that our conduct throughout the pretrial process has been in good faith and consistent with the Court's deadlines and expectations, and

---

[3] For example, the opposing parties filed their motions unilaterally without first serving moving portions and allowing time for us to serve our opposition portions. If the opposing parties were under the impression that they could proceed to file MILs like a typical unilateral motion, then they surely would have filed a separate opposition to our MIL if they intended to oppose it. They did not.

that we have made every effort to ensure timely and complete compliance with all pretrial filing requirements. We recognize the Court's expectation that we address the parties' conduct through the present as context (Dkt. No. 223) and why the parties were unable to meet the July 25 deadline (Dkt. No. 226). Keeping with the purpose outlined in Paragraph 2, above, we provide context below, but wish to defer any further explanations until after our joint filings are made.

Exhibit Exchange and Exhibit Lists

18. We were prepared to exchange exhibits as early as July 11, 2025, following agreement during a July 3, 2025 meet and confer conference. Despite our repeated and documented requests, opposing counsel did not provide their exhibits until July 24, 2025, which was significantly past the date previously agreed upon during our July 3, 2025 meet and confer. This delay materially impacted our ability to prepare joint filings and required us to work under severe time constraints to meet the Court's deadlines. Even then, their production was incomplete, omitting 36 exhibits from their list, which required further follow-up and was not remedied until July 25, 2025. In contrast, we provided our amended exhibit list on July 23, 2025, a full and complete set of our exhibits, and promptly responded to all requests for clarification and redlines. Our exhibit list was amended to reorganize and clarify the exhibits by breaking out attachments as separate exhibits, correcting typographical errors, including pleadings from the related state court action, and adding 2025 financial documents referenced in the expert's report and deposition.

Jury Instructions

19. Our proposed jury instructions were served on May 23, 2025, providing ample time for review and response. Despite this, the opposing parties did not provide their revisions until July 28, 2025, and their submission consisted of a completely revised set of instructions without redlines or specific objections, making it difficult to identify and address disputed issues in a timely manner. We

made multiple requests for a redlined version and for the identification of disputed instructions to facilitate a meaningful meet and confer process.

Verdict Forms

20. We served our proposed verdict form on May 23, 2025. The opposing parties did not provide any proposed verdict form until July 29, 2025—over two months later and only an hour before the filing deadline. This late submission, which included a 32-page proposed form, left insufficient time for meaningful review and joint preparation.

Pretrial Conference Order and Other Joint Filings

21. On July 23, 2025, we circulated a comprehensive draft of the pretrial conference order and promptly followed up with opposing counsel to solicit their input. We also provided redlined versions of all required documents, including the joint statement of the case and exhibit lists, well in advance of the applicable deadlines. Our team maintained a detailed log of all communications and made ourselves available for extended hours to facilitate the completion of joint filings.

22. On July 25, 2025, we specifically requested that all final drafts of the pretrial filings be provided to us by 4:30 p.m., with the intention of utilizing the weekend to conduct a thorough review and prepare any necessary revisions. Despite this clear request, we did not receive any of the required documents either on July 25 or over the weekend. This lack of timely delivery significantly compressed our available time for review and preparation, and imposed additional, unnecessary time constraints on our team as we approached the Court's filing deadlines.

23. In order to compensate for the delay and ensure compliance with the Court's orders, my team and I undertook extraordinary efforts. Beginning on Monday, we worked continuously for 2 days straight—throughout the day, overnight, and into Tuesday—to complete the required filings. During this period, Mr. Malynn and I remained on a Teams call for 28 consecutive hours (at various points with Mr. Gilmore), working collaboratively to review, discuss, and address

1. the revisions submitted by opposing counsel. These sustained efforts were necessary to ensure that we could efficiently and timely comply with the Court's deadlines, despite the substantial time pressure caused by the late receipt of documents.

24. We circulated a proposed final pretrial conference order on July 29 and a proposed final set of Jury Instructions on Wednesday, July 30 (after our team was exhausted, and required some sleep the night before). I offered to schedule a meet and confer for any time this week on all the documents that needed revision. As of the making of this declaration, we only have received back from Plaintiff's counsel (at 5:47 pm this evening) a set of jury instructions and verdict forms, but no pretrial conference order or other documents.

Conclusion

25. Throughout this process, we have acted diligently and in accordance with the Court's orders and deadlines. While we have much more to say, we remain committed to cooperating in good faith and to ensuring that all required filings are completed in a timely and professional manner. We also will timely file a response to Dkt. No. 238.

26. In response to the OSC and the Court's most recent directives, I and my team have:

    A. Promptly provided copies of the Court's orders to the special master, Judge Richard A. Stone, and filed the required declarations;

    B. Followed up with Plaintiff's counsel to address outstanding pretrial filings, including the proposed PTC order, joint jury instructions, amended joint statement of the case, challenged exhibit list, and joint verdict form;

    C. Agreed to continue to work extended hours and to make all necessary personnel available to ensure that all required joint filings are completed and fully compliant with the Court's requirements by the August 5, 2025 deadline;

D. Instructed all counsel and staff to prioritize this matter.

27. We respectfully request that the Court discharge the Order to Show Cause as to our clients and we as counsel. We submit that the record demonstrates our consistent good faith efforts and that the imposition of sanctions—particularly monetary sanctions or referral to the state bar—would be unduly punitive given the circumstances and the actions we have undertaken.

28. We remain fully committed to upholding the highest standards of professionalism and to working collaboratively with all parties and the special master to ensure the efficient and just resolution of these matters, to which we will have further submissions for the Court next week.

I declare under penalty of perjury that the foregoing is true and correct. Executed August 1, 2025, within the United States, its territories, possessions, or commonwealths.

/s/ Arash Beral
Arash Beral

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 1, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2025.

By:  /s/AJ Cruickshank