**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Jamison T. Gilmore (SBN 322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**PCJV USA PARTIES' AND THEIR COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE – DKT. NO. 238**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:          August 18, 2025 |

| | |
|---|---|
| 1 | GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive, |
| 2 | |
| 3 | Defendants. |
| 4 | ────────────────────────────── |
| | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Counter-Claimants, |
| 10 | v. |
| 11 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 12 | |
| 13 | Counter Defendant. |
| | ────────────────────────────── |
| 14 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | Third Party Plaintiffs, |
| 21 | v. |
| 22 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 23 | |
| 24 | |
| 25 | Third Party Defendants. |
| 26 | |
| 27 | |
| 28 | |

1

**PCJV USA PARTIES' AND THEIR COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE – DKT. NO.**
238160850.00001/154787648V.1

## I. INTRODUCTION

Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, *et al.* ("Defendants" or "PCJV USA Parties") and their counsel recognize the seriousness of the Court's concerns regarding compliance with pretrial orders, deadlines, and the requirement for professional cooperation. In response to the Court's Order to Show Cause (Dkt. No. 238), Defendants and their counsel submit the concurrently-filed additional testimony and evidence. Defendants and their counsel remain prepared to provide any further documents, testimony, references, or other information the Court may require to fully and intelligently adjudicate this matter.

## II. ARGUMENT

### A. Defendants' Counsel Acted Diligently and Professionally

The record demonstrates that Defendants' counsel have consistently acted with diligence, professionalism, and civility in their efforts to comply with the Court's orders and to prepare the required pretrial documents. As detailed in the concurrently filed Declaration of Arash Beral ("Beral Decl."), Defendants' counsel made repeated and good faith efforts to meet and confer with Plaintiff's counsel, to exchange exhibits, and to finalize joint submissions in accordance with the Court's deadlines and requirements. Defendants' counsel have a long-standing record of professionalism, as attested to by references from opposing counsel in other matters (*see* Ex. A to Beral Decl.) and by counsel in the state court litigation (*see* Caine Decl. and Lander Decl.) alongside other professional references, and have never been sanctioned by any court or agency for failure to comply with court rules or orders. Beral Decl. ¶ 35; Declaration of Todd M. Malynn ("Malynn Decl.") ¶ 3; Declaration of Jamison T. Gilmore ("Gilmore Decl.") ¶ 2.

/ / /

/ / /

### B. The Primary Source of Delay Was Plaintiff's Conduct

The attached declarations and supporting correspondence also establish that the principal cause of the delays and deficiencies in the pretrial filings was the conduct of Plaintiff's counsel, not Defendants. As set forth in detail in the Beral, Malynn, and Gilmore Declarations, Plaintiff's counsel repeatedly failed to timely provide drafts of pretrial documents, delayed the exchange of exhibits, and made last-minute changes that prejudiced Defendants' ability to meet the Court's deadlines.

For example, Plaintiff's counsel did not provide a complete set of exhibits until July 25, 2025, despite multiple requests and prior agreements to exchange exhibits by July 11, 2025. Beral Decl. ¶ 24; Gilmore Decl. ¶ 7; *see also* Ex. 1 and Ex. 2 to Gilmore Decl. Plaintiff's counsel also failed to serve any proposed jury instructions by the May 23, 2025 deadline, and did not provide revised instructions until July 28, 2025, leaving Defendants with insufficient time to review and respond. Beral Decl. ¶ 25; Malynn Decl. ¶¶ 56-57. The same pattern occurred with the pretrial conference order and verdict forms, which were provided by Plaintiff only hours before the filing deadlines. Beral Decl. ¶¶ 27, 31.

The attached email correspondence (Exs. 1 & 2 to Gilmore Decl.) further documents Defendants' repeated efforts to obtain timely cooperation from Plaintiff's counsel and to avoid last-minute crises.

### C. Defendants' Counsel Maintained Civility Despite Challenging Circumstances

Despite the difficulties encountered, Defendants' counsel maintained civility and professionalism in all interactions. The Beral and Gilmore Declarations describe instances of unprofessional conduct and hostility by Plaintiff's lead counsel, which made the meet and confer process unnecessarily contentious and inefficient. Beral

Decl. ¶¶ 7-14; Gilmore Decl. ¶ 8. Nevertheless, Defendants' counsel remained focused on fulfilling their obligations to the Court and to their clients.

      **D.    Independent Evidence Corroborates Defendants' Position**

The Declaration of Stephen Caine ("Craine Decl."), who served as independent counsel for PCJV USA, LLC and PCI Trading LLC in the state court action, provides an objective perspective on the parties' conduct. Mr. Caine attests that delays in the preparation of joint pretrial documents and settlement materials in the prior litigation were primarily attributable to Plaintiff's side, not Defendants or their counsel. Caine Decl. ¶¶ 5-7. He further observes that the same patterns of delay and non-cooperation by Plaintiff's side have persisted in the present case. Caine Decl. ¶ 8.

## III. <u>CONCLUSION</u>

Defendants and their counsel respectfully submit that the record demonstrates their good faith, diligence, and professionalism in attempting to comply with the Court's orders and to prepare for trial. The delays and deficiencies in the pretrial filings were not the result of any willful misconduct or lack of cooperation by Defendants or their counsel, but rather were caused by repeated failures on the part of Plaintiff's counsel to timely provide necessary documents and to engage in meaningful meet and confer efforts.

Defendants respectfully request that the Court decline to impose sanctions against them or their counsel.

| | |
|---|---|
| DATED: August 6, 2025 | **BLANK ROME LLP** |
| | By: */s/ Todd M. Malynn* |
| | Todd M. Malynn |
| | Arash Beral |
| | Jamison T. Gilmore |
| | Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC |

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 6, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 6, 2025.

By:  */s/AJ Cruickshank*