**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF STEPHEN CAINE**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:          August 18, 2025 |

|   |   |
|---|---|
| 1 | limited liability company and DOES 1 through 100, inclusive, |
| 2 | Defendants. |
| 3 | _____ |
| 4 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 9 | Counter-Claimants, |
| 10 | v. |
| 11 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 12 | Counter Defendant. |
| 13 | _____ |
| 14 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 19 | Third Party Plaintiffs, |
| 20 | v. |
| 22 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 25 | Third Party Defendants. |

39186236.1:12214-0001

**DECLARATION OF STEPHEN CAINE**

# DECLARATION OF STEPHEN CAINE

I, Stephen Caine, declare:

1. I am an attorney practicing as a partner in the firm of Wood Smith Henning & Berman, LLP. I was admitted to practice in the State of California in December 1985. I was admitted to practice before all of the U.S. District Courts in State of California since approximately 1986, and was admitted to practice before the Ninth Circuit Court of Appeals in 1991 (I believe). Since beginning to practice law in 1985 the focus of my practice has been in litigation, primarily in the areas of professional liability defense, directors & officers liability, and commercial litigation. And since 2002 I have been certified by the State Bar of California's Board of Legal Specialization as a specialist in appellate law.

2. I was recently asked by Mr. Arash Beral to provide this declaration in response to recent orders by this court addressed, I believe, to this court's perception of delays and failures to comply with various rules, including chambers rules regarding pretrial preparations in this action.

3. From late 2018 through an eventual settlement finalized in May 2024, I was the counsel primarily responsible for representing nominal defendant and cross-complainant PCJV USA, LLC, and cross-complainant PCI Trading LLC, in the lawsuit which underlies the instant action: *Cinco Corp., et al. v. Guy Koren, et al.*, LASC case no. BC701075 ("*Cinco*"). *Cinco* was a derivative action brought by plaintiffs Cinco Corp., et al., represented by Mr. Michael Murphy, against numerous parties, including the primary defendant, Guy Koren, in his role as president of PCJV USA, LLC. Mr. Koren was represented by Mr. Arash Beral. As counsel for the nominal defendant, PCJV USA, LLC, I was essentially neutral in the *Cinco* litigation.

4. For its last few years, *Cinco* was assigned to one of the "Complex" divisions of the Superior Court for the County of Los Angeles, before the Hon.

39186236.1:12214-0001

1

**DECLARATION OF STEPHEN CAINE**

1. William F. Highberger, Judge in LASC Dept. 10.  I think it fair to say that Judge Highberger maintains especially tight control over the cases on his docket.  In *Cinco* (like in most of Judge Highberger's cases, to my observation), a case management order and pretrial orders were issued that had a level of detail comparable to the orders of this court.  Needless to say, Judge Highberger expected strict compliance.

5. Over the year prior to the settlement of *Cinco*, the parties were engaged in lengthy settlement negotiations.  As the trial date was looming at this time, Judge Highberger allowed some pretrial filings and deadlines to be extended but, because the negotiations were exceedingly slow, he eventually demanded compliance with deadlines to file the panoply of joint pretrial documents required to prepare for trial. In the course of settlement negotiations it would frequently occur that Mr. Beral would make some offer to Mr. Murphy's clients, request some information, or provide some draft of settlement language that the plaintiffs had to review and approve.  Throughout this process I observed that weeks and sometimes months would pass before the plaintiffs would respond.  Mr. Murphy would frequently be called to task by Judge Highberger for these delays.  Mr. Murphy's explanation would almost invariably include the fact that because his client's representatives were a group of individuals spread throughout the Philippines and other Asian countries, and because of their unfamiliarity with American litigation or language concerns, they could not respond quickly.  I did not perceive this to be Mr. Murphy's fault, as such;  rather, it was a plausible explanation for what sounded (to me) to be a challenging client situation.

6. This history of extreme delay spilled over into preparation of joint pretrial documents in *Cinco*.  Numerous deadlines set by Judge Highberger passed and had to be reset or accommodated, to Judge Highberger's increasing disapproval. While Judge Highberger repeatedly made it quite clear that he expected his deadlines to be met, plaintiff Cinco Corp. simply could not meet Judge Highberger's expectations.  The case settled only when Judge Highberger refused to continue trial

any further, forcing Cinco Corp. to prepare for trial despite promises of a pending settlement that had stretched on for over a year.

7. Judge Highberger's disapproval of the inability to timely complete the joint pretrial documents and other preparations needed to either settle *Cinco* or go to trial would occasionally spill over onto Mr. Beral, and even me. Mr. Beral would frequently have to explain that delays or difficulties in preparing final documentation could not be avoided given that Cinco Corp.'s representatives simply could not respond timely. At no point did I observe Mr. Beral or his client (who was domiciled in Los Angeles) having been nonresponsive or having failed to timely do the work or drafting that he/they were required to provide to prepare for trial or in final settlement negotiations. Mr. Beral was consistently professional and well prepared, to my observation. However, because the final documentation in *Cinco* had to be prepared or agreed to jointly, the delay by Cinco Corp. unavoidably spilled over onto Mr. Beral's clients and mine. This, in my perception, did not mean that Mr. Beral was somehow unprofessional, blameworthy, or deserving of sanctions – it was simply the situation that unfortunately occurs in the absence of timely cooperation by one party during the preparation and negotiation of joint documents.

8. Obviously, I have no percipient knowledge of the instant case or the reasons for this court's recent orders, including the OSC re: sanctions. However, as Shakey's Pizza Asia Ventures, Inc., is comprised of many of the same people or corporations in control of the plaintiff in *Cinco*, it appears the same habits or problems that arose in *Cinco* continue to exist in the instant case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of August, 2025, at Los Angeles, CA.

By: /s/ Stephen Caine
Stephen M. Caine

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 6, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 6, 2025.

By: /s/AJ Cruickshank