**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF JAMISON T. GILMORE IN RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS AND FOR FURTHER PRETRIAL FILINGS [DKT. NO. 238]**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:           August 18, 2025 |

|   |   |
|---|---|
| 1 | GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive, |
| 2 |   |
| 3 | Defendants. |
| 4 | _____ |
| 5 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 | Counter-Claimants, |
| 11 | v. |
| 12 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 13 | Counter Defendant. |
| 14 | _____ |
| 15 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 16 |   |
| 17 |   |
| 18 |   |
| 19 |   |
| 20 | Third Party Plaintiffs, |
| 21 | v. |
| 22 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 23 |   |
| 24 |   |
| 25 |   |
| 26 | Third Party Defendants. |
| 27 |   |
| 28 |   |

**DECLARATION OF JAMISON T. GILMORE IN RESPONSE TO DKT NO. 238**

**DECLARATION OF JAMISON T. GILMORE**

I, Jamison T. Gilmore, declare as follows:

1.      I am an associate at Blank Rome LLP, counsel of record for Defendants, Counterclaimants, and Third Party Plaintiffs (collectively, the "PCJV USA Parties"). I submit this declaration in response to the Court's Order to Show Cause RE Sanctions and for Further Pretrial Filings (Dkt. No. 238). I have personal knowledge of the facts herein and I could testify competently thereto. Neither Arash Beral or Todd Malynn have edited this declaration—the words in this declaration are my own unless otherwise stated herein.

2.      I am licensed to practice law in California and am also admitted to the United States District Court for the Northern, Central, Eastern, and Southern Districts of California. I have never been sanctioned by any court or agency or the subject of an OSC for failing to follow any court rule or order.

3.      After passing the bar, I clerked at Los Angeles Superior Court for approximately two and a half years. I worked for Judges Christopher Lui, Theresa Traber, and Daniel Crowley. The department I worked in had a large motion calendar instead of trials and managed over 7,000 active cases. I prepared over 3,000 tentative orders ranging from motions to strike, demurrers, motions for summary judgment, discovery motions, and more while clerking. In doing so, I saw a wide range of civility between lawyers.

4.      After clerking, I worked at King & Spalding LLP for approximately four years. I handled complex commercial litigation and product liability matters from inception through trial. Matters that I have handled have been based in a variety of industries including media and entertainment, technology, healthcare, energy, construction, and more. Those matters involved a diverse set of disputes, including trade secret misappropriation, breach of contract, copyright infringement, unfair business practices (section 17200), and more. One of the matters I handled while at King & Spalding LL was on behalf of General Motors LLC before this

1

1  Court at the Motion to Dismiss stage. *See Kuehl v. General Motors LLC*, Case No.
2  2:23-cv-06980-SB-SK, 2023 WL 8353784 (C.D. Cal. Nov. 17, 2023) (granting
3  Motion to Dismiss in part) (Blumenfeld, J.).

4      5.    I joined Blank Rome LLP on April 14, 2025. On my first day, I reached
5  out to Arash Beral to see if I can be of assistance with his work. At that time, I was
6  onboarded with the *Shakey's Pizza Asia Ventures, Inc v. PCJV USA, LLC, et al.*
7  matter. Through my work on this matter, I have been on dozens of correspondences
8  with Michael Murphy and a few conferences of counsel.

9      6.    Mr. Murphy has made misrepresentations that have caused difficulties
10  and delays in litigating this case. For example, On July 14, 2025, Mr. Murphy
11  emailed me stating ". . . I have asked to record our meet and confers because you
12  misrepresent what I say." This was untrue—I have not misrepresented anything to
13  Mr. Murphy and he has never asked to record any of our meet and confer
14  conferences. However, it took time to consider his accusation that would otherwise
15  have been used to prepare for trial in this matter. Attached as **Exhibit 1** is a true and
16  correct copy of an email correspondence that includes Mr. Murphy's above-
17  mentioned statement.

18      7.    Another example of Mr. Murphy's misrepresentations that have caused
19  difficulties and delays in litigating this case include his amended declaration
20  submitted in response to this Court's July 23, 2025 and July 25, 2025 Orders. *See*
21  Dkt. No. 242. He declares "Defendants have conceded they do not intend to use all
22  of [their trial exhibits] at trial, stating, as their counsel Jam[ison] Gilmore admitted
23  on July 24, 2025, that they intentionally included the same document multiple times,
24  to make it easier for the questioning attorney, rather than comply with the Court's
25  orders regarding duplicates." *Id.* at 5. This statement is false—I have never made
26  such a representation. Focusing on that day in particular, I was on a videoconference
27  with Mr. Murphy and other counsel, as detailed below—no such representation was
28  made there.  Further, attached as **Exhibits 1 and 2** are true and correct copies of the

2

**DECLARATION OF JAMISON T. GILMORE IN RESPONSE TO DKT NO. 238**

only other communications I had with Mr. Murphy on July 24, 2025. Neither of which make the alleged representation. **Exhibit 1** details that (1) SPAVI Parties' production of trial exhibits had missing documents, (2) SPAVI Parties had not produced an amended exhibit list, (3) the second set of pretrial documents were due in approximately twenty-four hours, and (4) SPAVI Parties' delay in providing an amended exhibit list and a complete set of trial exhibits was prejudicing PCJV USA Parties. **Exhibit 2** provides that PCJV USA Parties' Amended Exhibit List was created to: (1) break up attachments to trial exhibits that were already included in the initial exhibit list in anticipation of seeking admission of the exhibits as a whole in compliance with the Court's orders, (2) reorganize the exhibits, and (3) add a few verified state court pleadings and approximately twenty of PCJV USA Parties' 2025 financial documents that were previously unavailable.

8. Also on July 24, 2025, at 3:00 p.m., Michael Murphy, Matthew Follett, Todd Malynn, Arash Beral, and I were on videoconference discussing pre-trial filings. Mr. Follett dropped off the call at approximately 3:31 p.m. in order to attend another call. Mr. Murphy became increasingly agitated during the course of the call as the parties were discussing pre-trial filings, reaching an eruption point of yelling with veins protruding from his neck and visibly spitting on screen that "you dumped shit on me," "you dropped 500 fucking documents on me," and "I'm going to fucking blow my brains out." These statements made me uncomfortable as it is the most uncivil conduct I have seen in my career as an attorney. Despite Mr. Murphy's conduct on the call, I remained civil, focused on ethically advocating for my clients, and dedicated to comply with the Court's Orders to timely file pre-trial documents, as is demonstrated in the email chain that immediately followed our conference of counsel provided in **Exhibit 1**.

9. This job is difficult and tensions run high—particularly when pre-trial deadlines encroach. That said, Mr. Murphy's conduct has caused unnecessarily

3

**DECLARATION OF JAMISON T. GILMORE IN RESPONSE TO DKT NO. 238**

difficulties and delays in litigating this case that neither PCJV USA Parties, nor their counsel, should be punished for.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed August 6, 2025, within the United States its territories, possessions, or commonwealths.

By: */s/ Jamison T. Gilmore*
Jamison T. Gilmore