UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC., | Case No. 2:24-cv-04546-SB-AGR |
| Plaintiff, | |
| v. | ORDER MODIFYING APPOINTMENT OF SPECIAL MASTER |
| PCJV USA, LLC et al., | |
| Defendants. | |

With the consent of the parties, the court on July 11 appointed the Hon. Richard A. Stone as a special master to investigate the parties' misconduct in connection with the missed deadlines that were the subject of the court's April 8 order to show cause (OSC) re sanctions. Dkt. No. 213. The court later expanded that OSC to encompass the parties' noncompliant motions in limine. Dkt. No. 223. Following the parties' failure to file pretrial documents that were timely, complete, or otherwise compliant with the court's instructions, it issued a separate OSC re sanctions on July 30. Dkt. No. 238. In response to that OSC, Defendants filed 229 pages of declarations and supporting exhibits, and Plaintiff filed a declaration of counsel that concluded: "If this Court believes this Declaration does not resolve the question, I respectfully request that it be presented to the Special Master, for consideration along the other issues this Court has asked for him to investigate, given the relationship between what is at issue in this OSC and the issues presented to the Special Master." Dkt. No. 248 at 12.

Both sides assign responsibility to the other side for the lack of cooperation that resulted in missed deadlines, and their accounts of the facts differ substantially. Plaintiff largely blames Defendants' aggressive legal positions for the large gap in their framing of the case, which makes agreement unattainable, while Defendants largely blame Plaintiff's lead counsel's delayed responses and combativeness. The evidence produced by Defendants is substantial, and Plaintiff

1

is correct that the disputed accounts in the declarations relate to the matters the special master is already investigating.[1]

Accordingly, because the matters are intertwined and should be considered together, the better course is to expand the scope of Judge Stone's appointment (1) to include an investigation of the parties' noncompliance that gave rise to both OSCs and (2) to recommend appropriate sanctions and referrals in connection with both OSCs together.  In light of the expanded scope of the appointment, the court extends until September 12 the deadline for Judge Stone to file his report and recommendation.  If Judge Stone does not believe he will be able to complete his investigation and report by September 12, he may file a request for more time that proposes a reasonable alternative deadline.

The parties shall promptly provide a copy of this order to Judge Stone and shall file a declaration by August 12 stating that they have done so.

Date: August 7, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] In a declaration filed two days earlier in response to the earlier OSC, Plaintiff's counsel likewise put the blame on Defendants, representing, "I have no doubt that, had Defendants [acted differently], we could have met the [filing] deadline, no matter what other delays had been imposed."  Dkt. No. 242 at 10.  In evaluating the credibility of this assertion, the court notes—and the special master may consider—Plaintiff's long history of waiting until the last minute and missing deadlines even when nothing was required from Defendants.  *See, e.g.*, Dkt. No. 118 (limiting attorney's fee award because Plaintiff waited to produce billing records to Defendant until the night before the motion was due); Dkt. No. 155 at 8 (limiting attorney's fee award where Plaintiff "did not even obtain—let alone produce to Defendants—some of the billing records on which it relies until the day of the filing"); Dkt. No. 187 (noting multiple missed deadlines but giving Plaintiff's counsel "a final opportunity to file his twice-overdue redacted declaration" before issuing another OSC re sanctions); Dkt. No. 208 (denying Plaintiff's ex parte application to amend the case management order based on months-long delay in seeking relief).