UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No.: | 2:24-CV-04546-SB-AGR | Date: | August 8, 2025 |
|---|---|---|---|

| Title: | Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al. |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Lynnie Fahey | CourtSmart |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Matthew R Follett | Todd Matthew Malynn |
| Michael Donnelly Murphy | Arash Beral |
| Jeffrey Grant | Jamison Gilmore |

**Proceedings: (Minutes of)** Final Pretrial Conference **(Held and continued)**

The court heard from the parties as to pretrial matters. The parties' pretrial submissions do no not reflect either the care or the cooperation required to present the issues for trial. The parties are ordered to meet and confer further and to file supplemental and amended pretrial documents as stated below.

1.  Claims to be Tried

The parties' proposed pretrial order (PTO) includes claims, counterclaims, and defenses that are not addressed in the proposed jury instructions. The parties have not addressed how they expect these claims, counterclaims, and defenses to be adjudicated, to the extent they have not been abandoned. Moreover, for the claims and defenses they do intend to present to the jury, it is unclear which elements are disputed and whether those disputes are legal or factual.

Accordingly, to attempt to focus the parties' disputes and so that the parties and the court can understand the issues to be presented to the jury (which in turn will determine the jury instructions and verdict form), the parties shall meet and confer and no later than 9:00 a.m. on August 12 shall file a joint document listing

each cause of action and defense they intend to present to the jury (which should correspond to the proposed jury instructions). For each claim, counterclaim, or defense, the parties shall list each element, and for each element: (1) whether the element is disputed; (2) whether the basis of the dispute is legal, factual, or both; (3) for each legal dispute, a brief summary (not to exceed one paragraph each) of the parties' respective positions, supported by authority; and (4) for each factual dispute, a brief overview of the evidence for both sides that creates a genuine issue of material fact (not to exceed one paragraph each). For each defense, the parties shall also identify the claim(s) or counterclaim(s) to which it is asserted as a defense.

For all claims, counterclaims, and defenses that the parties do not intend to present to the jury but do not wish to abandon, they shall explain how and when they expect those claims, counterclaims, and defenses to be adjudicated.

Any claims, counterclaims, or defenses not addressed in the report will be deemed waived and abandoned.

2.  Stipulations of Fact

Although the parties did not include any stipulations of fact in their proposed PTO, both sides have acknowledged elsewhere in their declarations that they reached agreement on certain factual stipulations before their discussions broke down. Accordingly, the parties shall meet and confer in good faith to identify the relevant facts that are not genuinely in dispute and no later than 9:00 a.m. on August 12 shall file a joint statement identifying all facts to which they stipulate.

3.  Jury Instructions

The parties' proposed jury instructions contain excessive disputes (including over nearly every substantive instruction) and do not provide the jurors with an adequate understanding of the matters they will be asked to decide. Some of the instructions appear to be unnecessary because there does not appear to be any genuine dispute. For example, while the parties dispute ownership of the trademarks, they do not appear to dispute that the marks are valid and that a likelihood of confusion exists *if* Plaintiff owns them. Thus, it is not clear that instructions on the validity of the marks or the *Sleekcraft* factors are necessary. The parties also dispute many of the instructions based on what they believe the evidence at trial will show: Plaintiff objects to contract-based instructions because

it disputes the existence of a contract (and relies on the court's preliminary injunction findings) and Defendants object to instructions that are predicated on Plaintiff's ownership of the marks registered to it.  The court's preliminary injunction did not make final factual determinations; no party moved for summary judgment; and the jury needs to be instructed on the claims asserted in this case.  That counsel expect the other side to be unable to prove the elements of a claim is not a valid basis for objecting to an instruction on that claim.

    Accordingly, the parties shall meet and confer and no later than 9:00 a.m. on August 13 shall file amended joint proposed jury instructions that reflect their best efforts to narrow their disputes and provide clear guidance to the jury as to the factual disputes the jury will be asked to resolve.  The parties must include proposed instructions for every claim, counterclaim, and defense being presented to the jury for decision.  The filing should comply with the pretrial standing order, including that:

> For any disputed instruction, the parties shall submit the following: the proposed instruction; a one-paragraph statement in support of the instruction with legal citations; a one-paragraph statement in opposition to the instruction with legal citations; and any proposed alternative instruction.
>
> Each requested instruction must:  (1) cite the authority or source of the instructions; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one subject or principle of law; and (6) not repeat principles of law contained in any other requested instruction.  Counsel may submit alternatives to these instructions only if counsel has a reasoned argument that they do not properly state law or are incomplete.

Dkt. No. 30 at 8.  The proposed jury instructions shall not include any commentary from model instructions.

    The parties shall also provide the court with an electronic Word copy of the amended proposed jury instructions (including a clean copy) promptly upon filing them.

4.     Challenged Exhibits

After the court noted that the parties' 122-page list of challenged exhibits "vastly exceed[ed] the reasonable evidentiary disputes in this case" and ordered them to file an amended list after meeting and conferring to narrow their disputes, they filed a new 176-page list—more than 50 pages longer than the prior version. Although the court understands that the parties were rushing to comply with the deadline, the challenged exhibit list does not reflect either the product of reasonable, good-faith agreements or the exercise of due care. Plaintiff's first response, for example, states "Same as above" even though there is nothing preceding it. Several objections are to the description of the exhibit even though the description has been revised. Both sides raise vague objections and arguments that do not enable the court to understand or assess the dispute. E.g., "The exhibit is relevant because it is testimony on matters that are directly on point to the claims and defenses alleged by Plaintiffs." Dkt. No. 245 at 15–16.

Accordingly, the parties shall meet and confer to attempt to resolve their evidentiary disputes and no later than 9:00 a.m. on August 14 shall provide the court with a separate binder that contains a copy of all challenged exhibits (using numbers that correspond to the joint exhibit list). For every disputed exhibit, the parties must provide a two-sided piece of paper. On one side, the objecting party must: (1) identify the objectionable portion(s) of the exhibit; (2) specify the legal rule(s) supporting the objection; and (3) provide properly supported argument with, as appropriate, case citations. On the other side, the party offering the exhibit must respond with appropriate points and authorities demonstrating admissibility. Boilerplate objections (i.e., those not properly supported) shall be deemed waived; and boilerplate responses (i.e., those not properly supported) shall be deemed to concede the merits of the objection(s). The parties shall also file an amended challenged exhibits list that conforms to the materials above by 9:00 a.m. on August 14.

5.     Completed Discovery

Many of Plaintiff's objections involve failure to disclose documents as part of the Rule 26 initial disclosures. To allow the court to understand the context for these objections, which invoke Rule 37(c), the parties no later than 9:00 a.m. on August 14 shall file a joint document identifying all discovery completed, including the initial disclosures exchanged, using a table in the form provided as an

attachment to the case management order (Dkt. No. 29).  The parties shall also file as attachments a copy of all Rule 26 reports they exchanged.

6.     Other Matters

The electronic exhibits provided by the parties at the pretrial conference include Plaintiff's exhibits 1–106 and defense exhibits 1500–1599.  If the parties intend to offer the remaining exhibits listed on the joint exhibit list, they shall deliver a USB flashdrive containing all intended exhibits to Judge Blumenfeld's box by the clerk's office no later than 9:00 a.m. on August 11.  Otherwise, the court will assume that the parties have withdrawn the exhibits not provided.

Defendants' request for judicial notice (Dkt. No. 198) is denied without prejudice to being presented at trial (outside the presence of the jury) if Defendants identify a proper purpose for the request.

Given the failure to file deposition designations as required, the court does not expect to allow any deposition testimony to be read to the jury in lieu of live trial testimony, although depositions may be used for impeachment if otherwise proper.

Counsel are ordered to reread the court's Civil Pretrial and Trial Order (Dkt. No. 30).

The pretrial conference is continued to August 15, 2025, at 8:30 a.m.  The parties should be prepared to proceed to trial on August 18.

The parties are cautioned that further violations of the court's orders may result in sanctions including, as appropriate, entry of default or dismissal of claims or a finding that arguments have been abandoned.

0:26