**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:    424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF ARASH BERAL RE: CHALLENGED EXHIBITS [DKT. 254]**<br><br>Complaint Filed:   May 31, 2024<br>Trial Date:            August 18, 2025 |

**DECLARATION OF ARASH BERAL RE: COMPLIANCE WITH COURT ORDER, DKT. NO. 223**

limited liability company and DOES 1
through 100, inclusive,

                Defendants.

_____

PCJV USA, LLC, a Delaware limited
liability company; PCI TRADING LLC, a
Delaware limited liability company;
POTATO CORNER LA GROUP LLC, a
California limited liability company; GK
CAPITAL GROUP, LLC, a California
limited liability company; NKM CAPITAL
GROUP LLC, a California limited liability
company; and GUY KOREN, an individual,

                Counter-Claimants,

     v.

SHAKEY'S PIZZA ASIA VENTURES,
INC, a Philippines corporation,

                Counter Defendant.

_____

PCJV USA, LLC, a Delaware limited
liability company; PCI TRADING LLC, a
Delaware limited liability company;
POTATO CORNER LA GROUP LLC, a
California limited liability company; GK
CAPITAL GROUP, LLC, a California
limited liability company; NKM CAPITAL
GROUP LLC, a California limited liability
company; and GUY KOREN, an individual,

                Third Party Plaintiffs,

     v.

PC INTERNATIONAL PTE LTD., a
Singapore business entity; SPAVI
INTERNATIONAL USA, INC., a California
corporation; CINCO CORPORATION, a
Philippines corporation; and ROES 1 through
10, inclusive,

                Third Party Defendants.

_____

**DECLARATION OF ARASH BERAL RE: COMPLIANCE WITH COURT ORDER, DKT. NO. 223**

## DECLARATION OF ARASH BERAL

I, Arash Beral, declare as follows:

1. I am a partner at Blank Rome LLP, counsel of record for Defendants, Counterclaimants, and Third Party Plaintiffs. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify under oath, I could and would testify competently thereto.

1. I am making this declaration out of an abundance of caution to ensure that none of our clients' objections to the challenged exhibits are deemed waived. This declaration is not intended to assign blame to any party; rather, it is submitted solely to provide the Court with an update on the current status.

2. Item 4, titled "Challenged Exhibits," of the Court's Order at Dkt. No. 254, required the parties to meet and confer and to make further submissions to the Court, including a binder and an amended list of challenged exhibits.

3. Following various meet and confer communications yesterday, Mr. Murphy and I exchanged our respective positions concerning the challenged exhibits after midnight last night. I took the lead in consolidating the parties' position statements (as they existed at that time) into a single document, which I sent to Mr. Murphy at 4:04 a.m. Attached hereto as **Exhibit A** is a true and correct copy of the draft document I circulated.

4. We have made multiple follow-up requests for information, but as of this filing, we have not received confirmation as to whether the exhibits binder has been delivered to the Court by Plaintiff. Nor have we seen a challenged exhibits table for our review. Of course, the parties have been working throughout the week to resolve disputes and to make the filings required by the Court. I submit this declaration solely to inform the Court—should there be any question as to the status of the parties' efforts regarding challenged exhibits—that, to the extent not already submitted, my clients intend to comply with Item 4 of Dkt. No. 254 and will make the required submissions and I suspect that Plaintiff does too.

2

1       I declare under penalty of perjury that the foregoing is true and correct.

2  Executed August 14, 2025, within the United States, its territories, possessions, or

3  commonwealths.

4

5                      */s/ Arash Beral*
                        Arash Beral

**DECLARATION OF ARASH BERAL RE: COMPLIANCE WITH COURT ORDER, DKT. NO. 223**

EXHIBIT A

1  **BLANK ROME LLP**
   Todd M. Malynn (SBN 181595)
2  todd.malynn@blankrome.com
   Arash Beral (SBN 245219)
3  arash.beral@blankrome.com
   Jamison T. Gilmore (SBN 322100)
4  jamison.gilmore@blankrome.com
   2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
   Telephone:  424.239.3400
6  Facsimile:   424.239.3434

7  Attorneys for Defendants, Counterclaimants, and
   Third Party Plaintiffs PCJV USA, LLC, PCI
8  TRADING LLC, POTATO CORNER, LA
   GROUP, LLC, GK CAPITAL GROUP, LLC,
9  NKM CAPITAL GROUP, LLC and GUY
   KOREN, and Defendants J & K AMERICANA,
10 LLC, J&K LAKEWOOD, LLC, J&K
   OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J
11 & K ONTARIO, LLC, J&K PC TRUCKS, LLC,
   HLK MILPITAS, LLC, and GK CERRITOS, LLC

12

13             **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15

16 SHAKEY'S PIZZA ASIA VENTURES,        Case No. 2:24-CV-04546-SB(AGRx)
   INC, a Philippines corporation,
17                                      *Hon. Stanley Blumenfeld, Jr.*
                    Plaintiff,
18                                      **THE PCJV USA PARTIES'**
          vs.                          **OBJECTIONS TO SPAVI**
19                                      **PARTIES' EXHIBITS**
   PCJV USA, LLC, a Delaware limited
20 liability company; PCI TRADING , LLC, a   Complaint Filed:  May 31, 2024
   Delaware limited liability company; GUY   Trial Date:        August 18, 2025
21 KOREN, an individual; POTATO CORNER
   LA GROUP, LLC, a California limited
22 liability company; NKM CAPITAL GROUP,
   LLC, a California limited liability company;
23 J & K AMERICANA, LLC, a California
   limited liability company; J&K
24 LAKEWOOD, LLC, a California limited
   liability company; J&K VALLEY FAIR,
25 LLC, a California limited liability company;
   J & K ONTARIO, LLC, a California limited
26 liability company; HLK MILPITAS, LLC, a
   California, limited liability company; GK
27 CERRITOS, LLC, a California, limited
   liability company;  J&K PC TRUCKS, LLC,
28 a California limited liability company; and,
   GK CAPITAL GROUP, LLC, a California

                                 i

1   limited liability company and DOES 1 through 100, inclusive,

2                         Defendants.

3   _____

4   PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company;

5   POTATO CORNER LA GROUP LLC, a California limited liability company; GK

6   CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL

7   GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

8

9                         Counter-Claimants,

10          v.

11   SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

12                         Counter Defendant.

13   _____

14   PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company;

15   POTATO CORNER LA GROUP LLC, a California limited liability company; GK

16   CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL

17   GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

18

19                         Third Party Plaintiffs,

20          v.

21   PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI

22   INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a

23   Philippines corporation; and ROES 1 through 10, inclusive,

24                         Third Party Defendants.

25   _____

26

27

28

160850.00001/153289966v.1

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

## **Exhibit No. 2—PCJV USA Parties' Objection(s)**

After further review, this exhibit appears to be an email sent from "TMOfficialNotices@USPTO.GOV" to an unidentified recipient referred to as "XXXX." The PCJV USA Parties are unclear as to the relevance of this email, the identity of the recipient, or which witness could properly lay the foundation and authenticate it as required under FRE 602 and 901. As it stands, the email constitutes hearsay without any applicable exception under FRE 801. Furthermore, if Plaintiff seeks to introduce this exhibit to establish that a declaration of incontestability was filed in 2016, or for a similar purpose, it would constitute secondary evidence under FRE 1002.

## Exhibit No. 2—Plaintiff's Response

## Exhibit No. 4—PCJV USA Parties' Objection(s)

The exhibit in question consists of two documents: a trademark assignment cover sheet and a deed of assignment dated February 21, 2022. PCJV USA Parties surmise that these documents are presented together because that is how they were submitted to the USPTO. The cover sheet appears to be largely administrative, containing information likely prepared by an attorney in Troy, Michigan, and does not seem to have substantive relevance to the issues at hand. As such, it may be considered hearsay if offered for the truth of the matters asserted within it. FRE 801.

The deed of assignment serves as the key document Plaintiff will likely present to demonstrate that the "goodwill of the business symbolized" by the marks was transferred to it. However, introducing this document brings up an issue of secondary evidence. Merely reciting in a deed of assignment—a secondary document purportedly derived from an asset purchase agreement or other related purchase agreement documents—that the goodwill associated with a trademark was transferred is not sufficient to prove that a valid transfer of goodwill actually occurred. FRE 1002; *Glow Industries, Inc. v. Lopez*, 273 F. Supp. 2d 1095, 1108 (C.D. Cal. 2003); *Hallmark Hardwoods, Inv. v. Omni Wood Product, LLC*, 2011 WL 13176098, *15; *Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666, 670 (7th Cir. 1982).

1

**<u>Exhibit No. 4—Plaintiff's Response</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit No. 6—PCJV USA Parties' Objection(s)**

2

Like Exhibit No. 4, this exhibit consists of two documents: a trademark

3  assignment cover sheet and a deed of assignment dated March 5, 2022. Plaintiff will

4  likely present the deed of assignment to demonstrate that the "goodwill of the

5  business symbolized" by the marks was transferred to it. However, like Exhibit No.

6  4, introducing this document brings up an issue of secondary evidence. Merely

7  reciting in a deed of assignment—a secondary document purportedly derived from

8  an asset purchase agreement or other related purchase agreement documents—that

9  the goodwill associated with a trademark was transferred is not sufficient to prove

10  that a valid transfer of goodwill actually occurred. FRE 1002; *Glow Industries, Inc.*

11  *v. Lopez*, 273 F. Supp. 2d 1095, 1108 (C.D. Cal. 2003); *Hallmark Hardwoods, Inv.*

12  *v. Omni Wood Product, LLC*, 2011 WL 13176098, *15; *Money Store v. Harriscorp*

13  *Fin., Inc.*, 689 F.2d 666, 670 (7th Cir. 1982).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit No. 6—Plaintiff's Response**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Exhibit Nos. 20-28—PCJV USA Parties' Objection(s)

2      The communications contained in Exhibit Nos. 20-28 are inadmissible as they

3  constitute mediation and settlement discussions, which are protected under FRE 408

4  and Cal. Evid. Code sections 1115 *et seq.*, 1152, and 1154. Plaintiff seeks to use

5  negotiations regarding a potential "new license agreement" (see, for example,

6  Exhibit No. 26 ["Please don't hesitate to let me know if you have any question

7  regarding the audited financial statements and whenever you're done with your

8  review we can schedule a zoom meeting to discuss the terms of a **new license**

9  **agreement** and hopefully we can get on the same page and agree on the terms of a

10  **new license agreement** that's mutually acceptable that will serve as the foundation

11  of a new healthy partnership that can and will grow and strengthen for years to

12  come!"]) as evidence that Mr. Koren did not believe that PCJV possessed long-term

13  rights or that any prior license agreement—whether written, oral, implied, or

14  established through acquiescence or estoppel—existed. Such use is unfairly

15  prejudicial and contravenes the intent of FRE 408 and related state law, as well as

16  the balancing test under FRE 403.

17      While Plaintiff may argue that these were not settlement communications, the

18  "Proposed Term Sheet" circulated by Mr. Koren (Exhibit No. 21) explicitly states,

19  "In connection with our settlement discussions …" Furthermore, these

20  communications occurred during ongoing mediation and settlement proceedings in

21  the state court action. Admitting these exhibits would also require the PCJV USA

22  Parties to introduce numerous additional exhibits from the 2021-2024 period to

23  provide necessary context, resulting in undue consumption of time and resources, in

24  violation of FRE 403.

25

26

27

28

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit Nos. 20-28—Plaintiff's Response

1

## **Exhibit No. 28—Plaintiff's Response**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit No. 32—PCJV USA Parties' Objection(s)**

This proffered exhibit appears to be a third-party independent audit report for Plaintiff's international operations. This is not relevant and is hearsay. FRE 401-402, 801. To the extent proffered to serve a basis for an opinion (e.g., the value of trademarks associated with the United States business), Plaintiff has not designated an expert witness to render opinions. FRE 701.

1

## **Exhibit No. 32—Plaintiff's Response**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit No. 36—PCJV USA Parties' Objection(s)**

This email comprises communications between the lawyers in this case. They are not relevant and also unduly prejudicial. FRE 401, 402, 403.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **Exhibit No. 36—Plaintiff's Response**

1

## **<u>Exhibit No. 40—PCJV USA Parties' Objection(s)</u>**

2
      This exhibit appears to be a sample franchise agreement drafted by Plaintiff.

3
Unless proffered to establish a claim or defense at trial (which is not readily

4
apparent to PCJV USA Parties), it does not appear to be relevant. FRE 401-402.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## **Exhibit No. 40—Plaintiff's Response**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit No. 44—PCJV USA Parties' Objection(s)**

This email comprises communications between the lawyers in this case. They are not relevant and also unduly prejudicial. FRE 401, 402, 403.

1

## **<u>Exhibit No. 44—Plaintiff's Response</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit Nos. 45-72—PCJV USA Parties' Objection(s)</u>**

Exhibit Nos. 45 through 72 all comprise declarations (and their corresponding exhibits) filed in this case, all of which constitute hearsay (save for certain of the exhibits which should be proffered separately). While an out-of-court prior inconsistent statement under oath "in a trial, hearing, or other proceeding or in a deposition" may be admissible, an inconsistent statement in a sworn declaration does not satisfy the requirement that the statement be made in "a trial, hearing, or other proceeding or in a deposition" to render them admissible. FRE 801(d)(1)(A); *Santos v. Murdock* (2nd Cir. 2001) 243 F3d 681, 683-684; *United States v. Micke* (7th Cir. 1988) 859 F2d 473, 477; *United States v. Cruz* (D PR 1999) 59 F.Supp.2d 340, 344, fn. 28.

1

## Exhibit Nos. 45-72—Plaintiff's Response

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit Nos. 80, 89, 99, 101, 102, and 105—PCJV USA Parties' Objection(s)</u>**

PCJV USA Parties expect Plaintiff to attempt to introduce these exhibits to cast aspersions on Mr. Koren, e.g., to show that certain franchisees in which Mr. Koren had an ownership interest did not pay royalties by virtue of royalty waivers, and/or that Mr. Koren was purportedly financially benefitting himself at PCJV's expense or otherwise making decisions without Cinco's control. These issues were waived and released in the state court litigation. This evidence is irrelevant, prejudicial, and would necessitate unnecessary consumption of time to rebut. FRE 401, 402, 403.

1

## **<u>Exhibit Nos. 80, 89, 99, 101, 102, and 105—Plaintiff's Response</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit No. 104—PCJV USA Parties' Objection(s)**

This appears to be an inadvertently produced document by certain counsel in the state court action. The face of the document clearly shows that it comprises answers from Alon Koren to interrogatories. Alon Koren, who also was a party sued by Cinco in the state court action, was also in a common interest with Guy Koren and other parties. Therefore, the communication also constitutes a common interest communication. Beyond that, PCJV USA Parties cannot ascertain the relevance of this document. FRE 401-402. It also should be barred by FRE 403 for being prejudicial and necessitating undue consumption of time.

## **Exhibit No. 104—Plaintiff's Response**

1

## **Exhibit No. 1007-Plaintiff's Position**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit No. 1007-PCJV USA Parties' Response**

As a threshold matter, there are numerous facts and issues of consequence in this action. Evidence of the parties' communications from 2008-2009—when Koren first met Magsaysay and attempted to negotiate a business deal, while also rejecting an at-will relationship—through the transformation into a joint venture partnership in 2009-2010, and the corresponding investment by Cinco of its trademarks into that joint venture partnership in exchange for a 60% interest in what later became PCJV, is highly relevant. The earlier and subsequent years of communications and records further evidence the parties' meetings of the minds on a variety of subject matters, including termination rights, long-term rights and obligations, consent rights, as well as their course of performance, acquiescence, and consent. All of this is important to demonstrate that PCJV USA Parties had long-term rights to use the intellectual property, whether by grant or license, express or implied, or via authority from PCJV as set forth in relevant franchise agreements. They also are important to establish the relationships the PCJV USA Parties had, which relationships SPAVI interfered with.

Moreover, because SPAVI is claiming that Cinco was not a party to these various agreements, the communications among the parties are necessarily relevant to show the consideration Cinco was receiving—for example, the release of significant contingent liabilities as shown in this exhibit. This exhibit also demonstrates Cinco's (and now SPAVI's) knowledge of U.S. franchise issues, the solid foundation of Mr. Koren's relationship with PCJV's franchisees, and rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## **<u>Exhibit No. 1019-Plaintiff's Position</u>**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **Exhibit 1019--PCJV USA Parties' Response**

2    As with the prior challenged exhibit, there are numerous facts and issues of

3 consequence in this action, which won't be summarized again here. This particular

4 exhibit demonstrates the joint venture partnership the parties entered into long

5 before PCJV was ever formed. The document itself mentions the word "partner" or

6 "partners" or "partnership" seven times, alongside making other expressions of

7 intent. The parties also consider this document to have been ratified as PCJV's first

8 board meeting minutes. Certainly, the partners' words are relevant to prove or

9 disprove the variety of issues of consequence in this action, as mentioned above.

10 The document also rebuts any counter-narrative that Cinco or SPAVI may attempt

11 to present to the jury. Accordingly, the evidence is relevant and not hearsay under

12 Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6).

13 If Cinco or SPAVI present a justification for the basis of their objections (other than

14 simply stating relevance and hearsay), PCJV USA Parties are happy to respond

15 accordingly.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit No. 1036-Plaintiff's Position**

2    II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

160850.00001/153289966v.1

**Exhibit 1036-PCJV USA Parties' Response**

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit demonstrates the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. It also is relevant to "first use" of the trademarks, how NKM's location at Santa Anita was "used as the prototype to precisely develop the Franchise Business Model of Potato Corner in the US," the preparation process of the FDDs by Cinco and its agents/attorneys, the Hong Kong entity's absence from the PCJV deal, etc. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

## **Exhibit No. 1037-Plaintiff's Position**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit 1037-PCJV USA Parties' Response**

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit demonstrates the relative share breakdowns of PCJV, alongside the share breakdown of Potato Corner International. It establishes that Cinco was a party in PCJV. It establishes that the individuals were to be associated with PCJV. It establishes that PCI was never a "wholly-owned subsidiary" of Cinco. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

## **Exhibit No. 1038-Plaintiff's Position**

2     II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1038-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit comprises contemporaneous billing records from DLA Piper demonstrating the evolution of the work being done at what points in time to set PCJV up and create the franchise system in the US within the constructs of the partnership the two groups had developed. It is key evidence concerning the rights being granted PCJV, including evidence of who was performing the work in preparing FDDs and license agreements and the evolution thereof to the corresponding representations made in the FDDs regarding a 50-year license agreement. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

### **Exhibit No. 1039-Plaintiff's Position**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1039-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit comprises contemporaneous billing records from DLA Piper demonstrating the evolution of the work being done at what points in time to set PCJV up and create the franchise system in the US within the constructs of the partnership the two groups had developed. It is key evidence concerning the rights being granted PCJV, including evidence of who was performing the work in preparing FDDs and license agreements and the evolution thereof to the corresponding representations made in the FDDs regarding a 50-year license agreement. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

**<u>Exhibit No. 1040-Plaintiff's Position</u>**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1040-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit comprises contemporaneous billing records from DLA Piper demonstrating the evolution of the work being done at what points in time to set PCJV up and create the franchise system in the US within the constructs of the partnership the two groups had developed. It is key evidence concerning the rights being granted PCJV, including evidence of who was performing the work in preparing FDDs and license agreements and the evolution thereof to the corresponding representations made in the FDDs regarding a 50-year license agreement. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

### Exhibit No. 1041-Plaintiff's Position

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit 1041--PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit comprises contemporaneous billing records from DLA Piper demonstrating the evolution of the work being done at what points in time to set PCJV up and create the franchise system in the US within the constructs of the partnership the two groups had developed. It is key evidence concerning the rights being granted PCJV, including evidence of who was performing the work in preparing FDDs and license agreements and the evolution thereof to the corresponding representations made in the FDDs regarding a 50-year license agreement. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

## __Exhibit No. 1042-Plaintiff's Position__

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1042-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is an email between the partners addressing DLA Piper related issues. The earlier in time emails demonstrate the relationship between DLA and Cinco and may help prove or disprove any inferences that may be drawn, for example, relating to the license agreement and FDDs (i.e., that DLA Piper drafted them and was in confidential communications with Cinco and must be estopped from denying the existence of the agreement between the parties for a 50-year license). PCJV's financial condition is also relevant at various points in time in the context of PCJV's evolution and this email is but a small piece of the puzzle. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

**<u>Exhibit No. 1045-Plaintiff's Position</u>**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **Exhibit 1045-PCJV USA Parties' Response**

2

As with the prior challenged exhibits, there are numerous facts and issues of

3

consequence in this action, which won't be summarized again here. This particular

4

exhibit is a signed written agreement demonstrating the mutual intent of the parties.

5

It is legally operative language, not hearsay. The MSA is also one of the many

6

agreements that PCJV USA Parties are claiming was interfered with. The document

7

also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the

8

jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of

9

Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or

10

SPAVI present a justification for the basis of their objections (other than simply

11

stating relevance and hearsay), PCJV USA Parties are happy to respond

12

accordingly.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>Exhibit No. 1057-Plaintiff's Position</u>**

2  II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### Exhibit 1057-PCJV USA Parties' Response

2  As with the prior challenged exhibits, there are numerous facts and issues of

3  consequence in this action, which won't be summarized again here. This particular

4  exhibit is a letter from one group to the other group concerning a variety of issues. It

5  addresses the evolving financial concerns that PCJV was having. It addresses that

6  the parties always believed that "Cinco Group" were the owners of PCJV (despite

7  PCI holding an equity interest for tax and immigration purposes) and that each

8  individual member would be exposed to "personal liability" if PCJV continues to be

9  undercapitalized. It also shows the Cinco Group's knowledge of receipt of audited

10  financials and other information. It also shows the partners' mutual intentions to

11  rely on "both the Operating Agreement and Joint Venture Agreement." Certainly,

12  the partners' and their agents' words are relevant to prove or disprove the variety of

13  issues of consequence in this action, as mentioned above. The document also rebuts

14  any counter-narrative that Cinco or SPAVI may attempt to present to the jury.

15  Accordingly, the evidence is relevant and not hearsay under Federal Rules of

16  Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or

17  SPAVI present a justification for the basis of their objections (other than simply

18  stating relevance and hearsay), PCJV USA Parties are happy to respond

19  accordingly. To the extent that Cinco or SPAVI object on the grounds that the

20  exhibit is a "duplicate," several points are relevant. First, both parties have included

21  duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized

22  their exhibit list to anticipate the order in which subject matters would arise and to

23  facilitate an efficient presentation of exhibits, whether by subject matter or by the

24  order in which witnesses will testify. Third, certain exhibits listed by SPAVI are

25  inconsistent with the versions in the possession of the PCJV USA Parties. As a

26  result, the PCJV USA Parties have relied on their own versions of those exhibits

27  rather than SPAVI's.

28

1

## **Exhibit No. 1058-Plaintiff's Position**

2    II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit 1058-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit comprise PCJV meeting minutes, an official business record. It speaks to knowledge of audits, and FDD renewals. It speaks to the growth projections of PCJV. It speaks to issues of expired flavors, their manufacture in Australia (reverse engineering), and intention to have the flavors reverse engineered in the US. It speaks to Cinco earning upcharges on those flavors. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

## **Exhibit No. 1059-Plaintiff's Position**

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

1

### Exhibit 1059-PCJV USA Parties' Response

2      As with the prior challenged exhibits, there are numerous facts and issues of

3 consequence in this action, which won't be summarized again here. This particular

4 exhibit comprises emails purporting to give Mr. Koren the first right ("priority") to

5 buy 75% of Cinco, going to show the deep roots of the Koren-Magsaysay

6 partnership as well as Magsaysay's attempt to honor Cinco's obligations in the

7 PCJV governing documents. PCJV USA Parties also wish to ask questions about the

8 reference to SPAVI in this 2016 email. The document also rebuts any counter-

9 narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the

10 evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1),

11 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a

12 justification for the basis of their objections (other than simply stating relevance and

13 hearsay), PCJV USA Parties are happy to respond accordingly.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## **Exhibit No. 1069-Plaintiff's Position**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit 1069-PCJV USA Parties' Response**

2      Amir Jacoby is listed as a witness. His privilege log of items he withheld

3  from production include communications with Cinco, which may become relevant if

4  Jacoby testifies, either to impeach or to demonstrate bias if necessary.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit No. 1083-Plaintiff's Position**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit 1083-PCJV USA Parties' Response**

2      The document may be used to rebut any counter-narrative that Cinco or

3 SPAVI may attempt to present to the jury. It will not likely be used.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit No. 1089-Plaintiff's Position**

2    II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### **Exhibit 1089-PCJV USA Parties' Response**

2      Amir Jacoby is listed as a witness. His verified response in state court may

3  become relevant if Jacoby testifies, either to impeach or to demonstrate bias if

4  necessary.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## __Exhibit No. 1119-Plaintiff's Position__

2    II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit 1119-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit evidences the reasons why a certificate granting PCI 60% equity interest was signed (immigration/tax) but that Cinco was the true owner. It also shows that PCI was not Cinco's "wholly-owned subsidiary." It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## <u>Exhibit No. 1120-Plaintiff's Position</u>

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit 1120-PCJV USA Parties' Response</u>**

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit evidences the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

**<u>Exhibit No. 1139-Plaintiff's Position</u>**

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## __Exhibit 1139-PCJV USA Parties' Response__

This is a public record – an order of the state court – concerning the changing nature of PCJV's management in April 2018 after Cinco filed a lawsuit, corresponding with the actions Cinco next took when it was in charge (such as file FDDs affirming and ratifying PCJV's 50-year license). It also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## **Exhibit No. 1146-Plaintiff's Position**

2    II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

160850.00001/153289966v.1

1

## **Exhibit 1146-PCJV USA Parties' Response**

2          This is an exhibit prepared by SPAVI and presented to Koren during

3    settlement negotiations. If not rendered inadmissible because it is a settlement

4    document (like those offered by SPAVI at Exhs. 20-28), then it must be admissible

5    to rebut any counter-narrative that Cinco or SPAVI may attempt to present to the

6    jury. If Cinco or SPAVI present a justification for the basis of their objections (other

7    than simply stating relevance and hearsay), PCJV USA Parties are happy to respond

8    accordingly.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

## **Exhibit No. 1147-Plaintiff's Position**

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

1

## **<u>Exhibit 1147-PCJV USA Parties' Response</u>**

2          This is an exhibit prepared by SPAVI and presented to Koren during

3    settlement negotiations. If not rendered inadmissible because it is a settlement

4    document (like those offered by SPAVI at Exhs. 20-28), then it must be admissible

5    to rebut any counter-narrative that Cinco or SPAVI may attempt to present to the

6    jury. If Cinco or SPAVI present a justification for the basis of their objections (other

7    than simply stating relevance and hearsay), PCJV USA Parties are happy to respond

8    accordingly.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## <u>Exhibit No. 1117-Plaintiff's Position</u>

2

II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1117-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit demonstrates the relative share breakdowns of PCJV, alongside the share breakdown of Potato Corner International. It establishes that Cinco was a party in PCJV. It establishes that the individuals were to be associated with PCJV. It establishes that PCI was never a "wholly-owned subsidiary" of Cinco. It also goes to show the nature of the parties' meetings of the minds as this start-up business was continuing to evolve. Certainly, the partners' and their agents' words are relevant to prove or disprove the variety of issues of consequence in this action, as mentioned above. The document also rebuts any counter-narrative that Cinco or SPAVI may attempt to present to the jury. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly.

1

**<u>Exhibit No. 1103-Plaintiff's Position</u>**

2

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit 1103-PCJV USA Parties' Response**

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1

## **Exhibit No. 1104-Plaintiff's Position**

2    DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit 1104-PCJV USA Parties' Response**

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## **Exhibit No. 1105-Plaintiff's Position**

2    DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1105-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## **Exhibit No. 1108-Plaintiff's Position**

2

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1108-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1

## <u>Exhibit No. 1109-Plaintiff's Position</u>

2

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1109-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1

## **<u>Exhibit No. 1110-Plaintiff's Position</u>**

2      DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

### Exhibit 1110-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1

## **<u>Exhibit No. 1111-Plaintiff's Position</u>**

2  DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1111-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Exhibit No. 1112-Plaintiff's Position**

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

## Exhibit 1112-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1

**Exhibit No. 1118-Plaintiff's Position**

2

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### Exhibit 1118-PCJV USA Parties' Response

2    As with the prior challenged exhibits, there are numerous facts and issues of

3 consequence in this action, which won't be summarized again here. This particular

4 exhibit is important (in a series of exhibits which appear beside it) to show the

5 evolution of the contract documents and the partners' mutual meetings of the minds.

6 Accordingly, the evidence is relevant and not hearsay under Federal Rules of

7 Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or

8 SPAVI present a justification for the basis of their objections (other than simply

9 stating relevance and hearsay), PCJV USA Parties are happy to respond

10 accordingly. To the extent that Cinco or SPAVI object on the grounds that the

11 exhibit is a "duplicate," several points are relevant. First, both parties have included

12 duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized

13 their exhibit list to anticipate the order in which subject matters would arise and to

14 facilitate an efficient presentation of exhibits, whether by subject matter or by the

15 order in which witnesses will testify. Third, certain exhibits listed by SPAVI are

16 inconsistent with the versions in the possession of the PCJV USA Parties. As a

17 result, the PCJV USA Parties have relied on their own versions of those exhibits

18 rather than SPAVI's.

19

20

21

22

23

24

25

26

27

28

1

## **Exhibit No. 1122-Plaintiff's Position**

2   DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1122-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

**Exhibit No. 1123-Plaintiff's Position**

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

### Exhibit 1123-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

1

## **Exhibit No. 1124-Plaintiff's Position**

2   DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit 1124-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1

**Exhibit No. 1125-Plaintiff's Position**

2

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

### Exhibit 1125-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1

## **Exhibit No. 1126-Plaintiff's Position**

2  DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Exhibit 1126-PCJV USA Parties' Response

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important (in a series of exhibits which appear beside it) to show the evolution of the contract documents and the partners' mutual meetings of the minds. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Exhibit No. 1131-Plaintiff's Position</u>**

DUPLICATE II: Relevance FRE 401, 403; ;Hearsay: FRE 801, 802

**Exhibit 1131-PCJV USA Parties' Response**

As with the prior challenged exhibits, there are numerous facts and issues of consequence in this action, which won't be summarized again here. This particular exhibit is important rebut any counter-narrative Cinco SPAVI may present. Accordingly, the evidence is relevant and not hearsay under Federal Rules of Evidence 801(d)(1), 801(d)(2), 803(1), 803(3), 803(5), and 803(6). If Cinco or SPAVI present a justification for the basis of their objections (other than simply stating relevance and hearsay), PCJV USA Parties are happy to respond accordingly. To the extent that Cinco or SPAVI object on the grounds that the exhibit is a "duplicate," several points are relevant. First, both parties have included duplicates on their respective exhibit lists. Second, the PCJV USA Parties organized their exhibit list to anticipate the order in which subject matters would arise and to facilitate an efficient presentation of exhibits, whether by subject matter or by the order in which witnesses will testify. Third, certain exhibits listed by SPAVI are inconsistent with the versions in the possession of the PCJV USA Parties. As a result, the PCJV USA Parties have relied on their own versions of those exhibits rather than SPAVI's.

**PCJV USA PARTIES' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 14, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 14, 2025.


By:   /s/AJ Cruickshank

**DECLARATION OF ARASH BERAL RE: COMPLIANCE WITH COURT ORDER, DKT. NO. 223**