Michael D. Murphy (SBN 224678)
mdmurphy@foxrothschild.com
Matthew Follett (SBN 325481)
mfollett@foxrothschild.com
Jessica Nwasike (SBN 343087)
jnwasike@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant
SHAKEY'S PIZZA ASIA VENTURES, INC. and
Third Party Defendants CINCO CORPORATION,
PC INTERNATIONAL PTE LTD., and SPAVI
INTERNATIONAL USA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANT AND THIRD-PARTY DEFENDANTS' PROFFER OF PROOF AS TO WAIVER AND ASSIGNMENT IN GROSS DEFENSES**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:         August 18, 2025 |

i
**PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER**

| | |
|---|---|
| 1 | J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants. |
| 8 | |
| 9 | ———————————————— |
| 10 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Counter-Claimants, |
| 18 | v. |
| 19 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 20 | |
| 21 | |
| 22 | Counter Defendant. |
| 23 | ———————————————— |
| 24 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

2

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER**

| | |
|---|---|
| 1 | GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 2 | |
| 3 | Third Party Plaintiff, |
| 4 | |
| 5 | v. |
| 6 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | Third Party Defendants. |

3

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER**

# PROFFER OF PROOF

## I. INTRODUCTION

Pursuant to this Court's Order on August 15, 2025, Plaintiff and Counterclaim Defendant Shakey's Pizza Asia Ventures, Inc. ("SPAVI"), and Third Party Defendants Cinco Corporation, SPAVI International USA Inc., and PC International PTE Ltd. ("Third Party Defendants," and, collectively "Plaintiff and Third Party Defendants"), submit this Proffer of Proof in advance of trial, with respect to the waiver and assignment in gross defenses.

This proffer is submitted to inform the Court of the evidence the Plaintiff and Third-Party Defendants expect to introduce and the testimony they expect to elicit from its witnesses in support of their waiver defense. Separately, as the Court also appears to have inquired as to Plaintiff and Third-Party Defendants' proffer as to Defendants' assignment in gross and waiver defenses, Plaintiff and Third-Party Defendants also provide their best good faith proofer as to the evidence that will refute those defenses.

## II. PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER OF PROOF AS TO THEIR WAIVER DEFENSE

### A. Summary of Defense and Legal Authority

A central factual defense of Defendants to each of Plaintiffs' claims arises from an assertion that, although not documented in any signed or written agreement, Cinco had conferred upon Defendant PCJV USA, LLC an irrevocable, permanent, perpetual, and royalty free license to use all of the intellectual property representing the Potato Corner brand ("Defendants' Claimed Right").

In response Plaintiff and Third-Party Defendants offer a defense of waiver. The elements of waiver in this context are as follows: (1) that Defendants claimed a right about which they had actual knowledge; (2) Defendants' relinquishment of that right, that is either (a) expressed and/or based on their words, or (b) implied based on conduct inconsistent with an intent to enforce that right. *hiQ Labs, Inc. v.*

*LinkedIn Corp.*, 639 F. Supp. 3d 944, 962-63 (N.D. Cal. 2022). If, for example, Defendants' actions "are so inconsistent with an intent to enforce the right as to induce a reasonable belief [by the Plaintiff and/or Third-Party Defendants] that such right has been relinquished." *Id*.

It should be noted that this defense is not offered as a separate waiver of the intent to disprove that Defendants' Claimed Right existed. To the contrary, the evidence will establish the opposite: none of the Defendants ever enjoyed such a right. This defense would first require Defendants to prove the existence of that right.

**B.    Summary of Expected Testimony**

1. <u>Joseph P. Magsaysay, Jr.</u>: he is expected to testify as to the history of the license, including the sources from Defendants' Claimed Right purportedly arise. His testimony will refute that such right exists, by providing testimony about how the parties behaved before this dispute ever came about (including, for example, that there has been a demand for a written license agreement for ***over a decade***, all parties, including Guy Koren assented to this requirement, and that at no point did any of the Defendants, including Mr. Koren, ever state that there was no need for a written license agreement since the AJVA conferred an irrevocable, permanent, perpetual, and royalty free license to use all of the intellectual property representing the Potato Corner brand. Mr. Magsaysay will also testify that, had any of the Defendants asserted such a right before settling the prior action, they would not have settled that action. He will offer other points in time that Cinco would have taken different action including, for example, the sale of the brand to SPAVI.

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER**

2. <u>Myrose Victor</u>: she is expected to testify as to the statements and actions of Defendants between 2018 and 2021 regarding the license, including the sources from Defendants' Claimed Right purportedly arise. Her testimony will refute that such right exists, by providing testimony about how the parties behaved before this dispute ever came about. Ms. Victor will also testify that, had any of the Defendants asserted such a right prior to 2021, for example, Cinco would have included this as a declaratory relief in the prior action. She will also offer how this information would have changed SPAVI's acquisition of the brand, and how SPAVI would have approached the United States issues arising from this purported right.

3. <u>Vicente Gregorio</u>: he, as CEO of SPAVI is expected to testify as to the words and acts of Defendants during the negotiation of a written license agreement with Guy Koren immediately preceding this action soi as to not only defeat the existence of the right, but also to establish the waiver.

4. <u>Yuiopw Leong Tan</u>: he, as a Director of SPAVI responsible for international franchising and licensing is also expected to testify as to the words and acts of Defendants during the negotiation of a written license agreement with Guy Koren immediately preceding this action soi as to not only defeat the existence of the right, but also to establish the waiver.

5. <u>Guy Koren</u>: he, of course, will be confronted with the absence of any evidence of Defendants' Claimed Right as well as his having concealed the belief as to the existence of Defendants' Claimed Right at key moments over the last decade that caused Plaintiff

6

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER**

and Third Party Defendants to take action that they would not have otherwise.

C. **Summary of Expected Documentary / Physical Evidence**

1. Purported Documents from which Defendants' Claimed Right arises. These documents will evidence the absence of any such right.
2. Email correspondence from Guy Koren over the last decade: these will establish that he did not believe any such right exists, and moreover, that he acted and spoke in such a manner to evince a belief that no such right exists and he needs to get a written license in place.
3. Email correspondence from Plaintiff and Third-Party Defendants over the last decade (collectively): evidencing that they had no idea that Defendants possessed such a belief, and evidencing the actions that they took that relief upon the absence of any such right. For example, the proposals made over time that premised no such right existed.
4. Defendants' proposals over the last 13 years involving the rights to the IP: each one of these presumes that Defendants; Claimed Right does not exist.

D. **Summary of Expected Objections or Rebuttal Evidence**

Other than the objections to evidence already presented, Plaintiff and Third-Party Defendants are not aware of any other objections. Their rebuttal evidence will attempt to inject inadmissible statements or inadmissible beliefs unstated

E. **Reservation of Rights**

This proffer is a summary made in good faith and does not constitute a full recitation of all facts, testimony, or exhibits the Plaintiff and Thid Party Defendants may present, and thus they reserve the right to supplement or amend this proffer

7

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER**

based on what transpires at trial.

### III. PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER OF PROOF AS TO THE ABSENCE OF EVCIDENCE ON DEFENDANTS' ASSIGNMENT IN GROSS AND WAIVER DEFENSE

First, Defendants' assignment in gross defense will fail because of the existence of a (1) deed transferring the goodwill to SPAVI from Cinco and the testimony of both Cinco and SPAVI agreeing that goodwill was transferred and (2) testimony and evidence from Vicente Gregorio and Jorge Concepcion regarding the plans by SPAVI to use the goodwill and expand upon it and capitalize on it for the benefit of the owner of the marks.

Second, it is unclear what right of SPAVI or Cinco is purported to have been waived. As such, it is difficult to predict what evidence will be necessary.

DATED: August 14, 2025

/s/ Michael D. Murphy
Michael D. Murphy
Matthew Follett
Fox Rothschild LLP
*Attorneys for Plaintiff and Counterclaim Defendant, and Third Party Defendants*

8
**PLAINTIFF AND THIRD-PARTY DEFENDANTS' PROFFER**