EXHIBIT B

1  Michael D. Murphy (SBN 224678)
      mmurphy@ecjlaw.com
2  Kenneth P. Hsu (SBN 306326)
      khsu@ecjlaw.com
3  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Twelfth Floor
4  Beverly Hills, California 90212-2974
   Telephone: (310) 273-6333
5  Facsimile: (310) 859-2325

6  Attorneys for Plaintiff SHAKEY'S
   PIZZA ASIA VENTURES, INC.

7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 SHAKEY'S PIZZA ASIA                    Case No. 2:24-cv-04546-SB(AGRx)
   VENTURES, INC, a Philippines
   corporation,                           *Hon. Stanley Blumenfeld, Jr.*
12
                                          **PLAINTIFF SHAKEY'S PIZZA**
13            Plaintiff,                   **ASIA VENTURES, INC.'S INITIAL**
                                          **DISCLOSURES PURSUANT TO**
        v.                                **FEDERAL RULE OF CIVIL**
14                                        **PROCEDURE 26(A)(1)**
   PCJV USA, LLC, a Delaware limited
15 liability company; PCI TRADING         *Action Filed:   May 31, 2024*
   , LLC, a Delaware limited liability    *Trial Date:     August 4, 2025*
16 company; GUY KOREN, an individual;
   POTATO CORNER LA GROUP, LLC,
17 a California limited liability company;
   NKM CAPITAL GROUP, LLC, a
18 California limited liability company; J
   & K AMERICANA, LLC, a California
   limited liability company; J&K
19 LAKEWOOD, LLC, a California
   limited liability company; J&K
20 VALLEY FAIR, LLC, a California
   limited liability company; J & K
21 ONTARIO, LLC, a California limited
   liability company; HLK MILPITAS,
22 LLC, a California, limited liability
   company; GK CERRITOS, LLC, a
23 California, limited liability company;
   J&K PC TRUCKS, LLC, a California
24 limited liability company; and GK
   CAPITAL GROUP, LLC, a California
25 limited liability company,

26            Defendants.

27

28

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

Pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Rule 26(a)(1)"), Plaintiff Shakey's Pizza Asia Ventures, Inc. ("SPAVI") hereby provides the following initial disclosures. These disclosures are based on allegations set forth in SPAVI's operative First Amended Complaint (Dkt. 65) and on information reasonably and presently available to SPAVI. SPAVI expressly reserves the right to supplement these disclosures.

By making these disclosures, SPAVI does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this action. SPAVI expressly reserves all rights to object to the production of any information below, including on the grounds that such information is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. SPAVI also reserves the right to object to the admissibility of any of the information below.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Based on information reasonably available to SPAVI at this time, SPAVI identifies the following individuals who are likely to have discoverable information that it may use – other than solely for impeachment – to support its causes of action in this action. SPAVI expressly reserves the right to identify additional individuals after discovery commences.

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
| Guy Koren | Contact through Defendants' counsel | Defendants' access to, use of, and/or claims of ownership to the "Potato Corner Intellectual Property," as defined in the operative Complaint (Dkt. 65); actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, |

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
| | | and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, as well as representatives of the prior 60% owner, Potato Corner International, Inc., including prior litigation and the settlement thereof; Defendants' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; consumer confusion arising from Defendants' use of Potato Corner Intellectual Property; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation; any other facts relevant to any of SPAVI's |

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
| | | claims or Defendants' defenses; Koren's role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Amir Jacoby | Can be reached through counsel: Jim Cooper Levinson Arshonsky & Kurtz LLP 15303, Ventura Boulevard, Suite 1650 Sherman Oaks, CA, 91403 | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner |

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | Intellectual Property; any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' defenses or claims; Jacoby's role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Inbal Jacoby | Can be reached through counsel: Jim Cooper Levinson Arshonsky & Kurtz LLP 15303, Ventura Boulevard, Suite 1650 Sherman Oaks, CA, 91403 | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's |

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
|  |  | Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' defenses or claims; Jacoby's role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors |
| Amit Nemanim | Contact information unknown at this time | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants access to, use of, and ownership of any other intellectual property; actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property |
| Emily Garcia | Contact information | Revenue enjoyed by and |

ERVIN COHEN & JESSUP LLP

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
|  | unknown at this time | Defendants' profits from use of Potato Corner Intellectual Property and damages; treatment by PCJV and Defendants of Potato Corner Intellectual Property; uses of Potato Corner Intellectual Property; of actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; seasonings purchased by any of the Defendants at any point in the stream of commerce from the supplier through each individual store; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; the operations, activities, agreements of each Defendant; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents, any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' |

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | defenses or claims; witnesses' role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Christopher Passmore (formerly of Martini Apkovi Partners, LLP; now of Withum) | 16830 Ventura Blvd # 501, Encino, CA 91436; (818) 789-1179 | Revenue enjoyed by and Defendants' profits from use of Potato Corner Intellectual Property and damages; accounting treatment by PCJV and Defendants of Potato Corner Intellectual Property and documentation of rights; Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants access to, use of, and ownership of any other intellectual property; uses of Potato Corner Intellectual Property; of actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; seasonings purchased by any of the Defendants at any point in the stream of |

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|-----------|
| | | commerce from the supplier through each individual store; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; the operations, activities, agreements of each Defendant; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents, any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' defenses or claims; witnesses' role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Fed. R. Civ. Proc. 30(b)(6) Person Most Knowledgeable of Martini Apkovi Partners, LLP | 16830 Ventura Blvd # 501, Encino, CA 91436; (818) 789-1179 | Revenue enjoyed by and Defendants' profits from use of Potato Corner Intellectual Property and damages; accounting treatment by PCJV and Defendants of Potato Corner Intellectual Property and documentation of rights; Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants access to, use of, and |

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
|  |  | ownership of any other intellectual property; uses of Potato Corner Intellectual Property; of actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; seasonings purchased by any of the Defendants at any point in the stream of commerce from the supplier through each individual store; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; the operations, activities, agreements of each Defendant; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents, any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' defenses or claims; witnesses' role, activities, communications and any other act related to the "Potato |

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Unidentified accounting professionals hired by PCJV USA, LLC after Passmore ceased to perform accounting (sometime after 2018) and for each of the Defendants | Presently undetermined and/or unknown | Revenue enjoyed by and Defendants' profits from use of Potato Corner Intellectual Property and damages; accounting treatment by PCJV and Defendants of Potato Corner Intellectual Property and documentation of rights; Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants access to, use of, and ownership of any other intellectual property; uses of Potato Corner Intellectual Property; of actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof;  seasonings purchased by any of the Defendants at any point in the stream of commerce from the supplier through each individual store; operations, policies, practices, |

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
| | | relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; the operations, activities, agreements of each Defendant; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents, any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' defenses or claims; witnesses' role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Alon Koren | (310) 409-6662; on information and belief, Defendants' counsel is in possession of other relevant contact information | Defendants' access to and use of the Potato Corner Intellectual Property; actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation |

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | and the settlement thereof; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; seasonings purchased by any of the Defendants at any point in the stream of commerce from the supplier through each individual store; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; the operations, activities, agreements of each Defendant; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents, any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' defenses or claims; witnesses' role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Erlinda Bartholome | Contact information unknown at this time | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; |

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Bartolome's role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; willfulness and intent |
| Jose Arnold T. Alvero | Contact through SPAVI's counsel | Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual |

11472032.2

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' false designation of origin arising from their use of Potato Corner Intellectual Property; acquisition of the "Potato Corner" brand from the prior owner, and SPAVI's ownership of the intellectual property at issue and claimed by any party to this action |
| Vicente Gregorio | Contact through SPAVI's counsel | Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including |

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | franchise agreements; Defendants' false designation of origin arising from their use of Potato Corner Intellectual Property; acquisition of the "Potato Corner" brand from the prior owner, and SPAVI's ownership of the intellectual property at issue and claimed by any party to this action |
| Yiow Leong-Tan | Contact through SPAVI's counsel | Defendants' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' false designation of origin arising from their use of Potato Corner Intellectual Property |
| Jose P. Magsaysay, Jr. | Contact through SPAVI's counsel | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; secrecy and proprietary nature of Potato Corner Intellectual Property; Defendants' communications and |

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
| | | dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; Defendants' false designation of origin arising from their use of Potato Corner Intellectual Property; acquisition of the "Potato Corner" brand from the prior owner, and SPAVI's ownership of the intellectual property at issue and claimed by any party to this action |
| Hazel Sazon | Contact through SPAVI's counsel | SPAVI's trade secrets, confidential information, proprietary information, included within the Potato Corner Intellectual Property; Defendants' access to, use of, and/or claims of ownership to SPAVI's trade secrets included within the Potato Corner Intellectual Property; trade secrecy of seasonings and other trade secrets, as well as confidentiality |

11472032.2

17

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
| | | within SPAVI and what information is confidential; willfulness and intent |
| Mario Rosario L. Ybanez | Contact through SPAVI's counsel | The ownership and nature of the Potato Corner Intellectual Property; Defendants' false designation of origin arising from their use of Potato Corner Intellectual Property; SPAVI's contracts, agreements, policies, procedures governing any of Potato Corner Intellectual Property and any other; acquisition of Potato Corner from the prior owner, and SPAVI's ownership of the intellectual property at issue and claimed by any party to this action; SPAVI's trade secrets, confidential information, proprietary information, included within the Potato Corner Intellectual Property; Defendants' access to, use of, and/or claims of ownership to SPAVI's trade secrets included within the Potato Corner Intellectual Property |
| Myrose A. Victor | Contact through SPAVI's counsel | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and |

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|------|---------------|------------|
| | | dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; Defendants' false designation of origin arising from their use of Potato Corner Intellectual Property; acquisition of Potato Corner from the prior owner, and SPAVI's ownership of the intellectual property at issue and claimed by any party to this action, SPAVI's trade secrets, confidential information, proprietary information, included within the Potato Corner Intellectual Property; Defendants' access to, use of, and/or claims of ownership to SPAVI's trade secrets included within the Potato Corner Intellectual Property |
| Jorge Q. Ma. Concepcion | Contact through SPAVI's counsel | United States operations of SPAVI and/or subsidiaries from January 1, 2025 through the present; the operations and actions of PCJV's franchisees and SPAVI's licensees during the same; Defendants' access to, use of, and/or claims of |

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | ownership to the Potato Corner Intellectual Property; Defendants' and third party franchisees' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; consumer confusion arising from Defendants' use of Potato Corner Intellectual Property; SPAVI's trade secrets, confidential information, proprietary information, included within the Potato Corner Intellectual Property |
| Presently unidentified individuals who are employed by, officers or directors of, investors in, or who have privity of any kind with any of the named Defendants | On information and belief, contact through Defendants' counsel | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; actual, purported, proposed, negotiated, drafted, amended, abandoned, terminated, or ongoing agreements (whether written, verbal, or implied) governing Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; Defendants' communications and dealings with the prior licensor of the Potato Corner Intellectual Property, including prior litigation and the settlement thereof; Defendants' communications and dealings with SPAVI; franchisor-franchisee dealings, licensor- |

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; consumer confusion arising from Defendants' use of Potato Corner Intellectual Property; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; any and all confidential, proprietary, trade secret, and or "know how" owned, used, disclosed, received, by any party to this litigation, any other facts relevant to any of Defendants' defenses or claims; Koren's role, activities, communications and any other act related to the "Potato Corner" brand, PCJV, PCI Trading, LLC, Cinco Corporation, Potato Corner International, SPAVI, and any of their officers, directors, managers, agents and/or contractors; willfulness and intent |
| Frank Shaikh | On information and belief, Defendants' | Defendants' access to, use of, and/or claims of ownership to the |

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | counsel is in possession of relevant contact information | Potato Corner Intellectual Property; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants and/or third party franchisees, including franchise agreements; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; consumer confusion arising from Defendants' use of Potato Corner Intellectual Property; willfulness and intent |
| Malik Hussain | On information and belief, Defendants' counsel is in possession of relevant contact information | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; operations, policies, practices, relationships, as well as any intellectual property used, owned, |

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; consumer confusion arising from Defendants' use of Potato Corner Intellectual Property; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; willfulness and intent |
| Presently unidentified individuals that are employed by, officers or directors of, investors in, or who have privity of any kind with any of the "Potato Corner" stores not owned or operated by any of the named Defendants | Presently undetermined and/or unknown | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property; consumer confusion arising from Defendants' use of Potato Corner Intellectual Property; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary |

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

ERVIN COHEN & JESSUP LLP

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| | | nature of Potato Corner Intellectual Property; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; willfulness and intent |
| Presently unidentified individuals that are employed by officers or directors of, investors in, or who have privity of any kind with any Bunzl Public Limited Company | Presently undetermined and/or unknown | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; franchisor-franchisee dealings, licensor-licensee dealings, and/or licensee-sublicensee dealings between and among Defendants, including franchise agreements; Defendants' revenue, earnings, and profits arising from their use of the Potato Corner Intellectual Property |
| Presently unidentified employees, vendors, and third parties that which have engaged in marketing of the "Potato Corner" brand through campaigns, media sponsorships | Presently undetermined and/or unknown | Defendants' access to, use of, and/or claims of ownership to the Potato Corner Intellectual Property; the scope of Defendants' use of Potato Corner Intellectual Property; injury and damages and the need for injunctive relief; willfulness and intent |
| Suppliers of SPAVI | Presently | Consumer confusion; |

| NAME | ADDRESS/PHONE | SUBJECT(S) |
|---|---|---|
| that SPAVI is obligated to not disclose publicly, and presently unidentified employees and suppliers and vendors of Defendants, particularly with regards to seasonings | undetermined and/or unknown or can be reached though SPAVI's counsel of record | misappropriation of trade secrets, reverse engineering of seasonings , and disclosure of trade secrets and confidential information; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property; operations, policies, practices, relationships, as well as any intellectual property used, owned, licensed by any of the Defendants; policies, practices, statements, representations, and facts as contained in any of PCJV's Franchise Disclosure Documents; existence, communication of, and compliance with obligations of confidentiality, and the secrecy and proprietary nature of Potato Corner Intellectual Property |
| Presently unidentified customers of franchisees and affiliate owned stores of PCJV | Presently undetermined and/or unknown | Consumer confusion; misappropriation of trade secrets |

In addition, SPAVI anticipates that other presently unknown individuals may have discoverable information that SPAVI may use to support its causes of action. SPAVI also identifies any individual(s) identified in the Rule 26(a)(1) initial disclosures of any of the named Defendants and expert witnesses to be disclosed at a later time and date in accordance with Federal Rule of Civil Procedure 26(a)(2). SPAVI's investigation is ongoing.

11472032.2

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

ERVIN COHEN & JESSUP LLP

## II.    <u>DOCUMENTS AND TANGIBLE THINGS</u>

Subject to the attorney-client privilege, the attorney work product doctrine, and other applicable privileges, SPAVI identifies the following categories of documents, electronically stored information, and tangible things presently in its possession, custody, or control that it may use to support its causes of action. To the extent these documents contain non-public, confidential, or proprietary information, they will be produced only upon entry of an appropriate protective order governing discovery in this matter:

- Documents relating to intellectual property comprising the Potato Corner brand, as defined in the operative First Amended Complaint (Dkt. 65) (the "Potato Corner Intellectual Property"), including documents showing SPAVI's ownership of the Potato Corner brand, trademark registration documents filed with the U.S. Patent and Trademark Office, documents evidencing SPAVI's trade secrets included within the Potato Corner Intellectual Property, protectability of any of the Potato Corner Intellectual Property (including the maintenance of secrecy of any confidential, proprietary, and/or trade secret information); the value to SPAVI arising out of any of the Potato Corner Intellectual Property; and more;

- Documents evidencing Defendants' continued use of the Potato Corner Intellectual Property, including documents used or created by Defendants containing the Potato Corner Intellectual Property, photographs of Potato Corner outlets owned and/or operated by Defendants, and more;

- Correspondence between SPAVI and Defendants, including the notice of termination of any license of the Potato Corner Intellectual Property sent on May 31, 2024;

- Correspondence between SPAVI and franchisees of the Potato Corner not owned or operated by Koren or the Koren Affiliates, including correspondence relating to SPAVI's termination of any license of the Potato Corner Intellectual Property sent after May 31, 2024;

ERVIN COHEN & JESSUP LLP

1    • Actual, purported, proposed, negotiated, drafted, amended, abandoned,

2    terminated, or ongoing agreements (whether written, verbal, or implied) between

3    any of the Defendants, on the one hand, and any other person governing the

4    ownership or use of Potato Corner Intellectual Property;

5    • Communications between, among, sent to, or received from, any of the

6    Parties related to ownership or use of Potato Corner Intellectual Property; and

7    • Documents filed in support of and relating to the preliminary injunction

8    entered in this action, including Defendants' compliance and non-compliance

9    therewith (Dkt. 56).

10    SPAVI anticipates that there are additional, presently undetermined categories

11    of documents relevant to the issues in this action that it may use to support its causes

12    of action. SPAVI expressly reserves the right to supplement and/or amend its

13    identification of such categories of documents after discovery commences.

14    **III.    DAMAGES**

15    SPAVI is not in a position to calculate a precise computation of damages or

16    identify categories of documents in support of its damages calculations at this early,

17    pre-discovery stage. Nonetheless, SPAVI identifies the following categories of

18    damages that it intends to seek in this action:

19    1.    SPAVI's actual damages, including but not limited to lost profits,

20    reputation harm, damages arising from any diminution of the value of the Potato

21    Corner Intellectual Property, and damages pursuant to 15 U.S.C. Sections 1114,

22    1117, and 1125, which SPAVI may request that the Court treble under those

23    statutes;

24    2.    Damages in an amount of the reasonable value of royalties incurred

25    during the operation of SPAVI's terminable at will, fully revocable license of the

26    Potato Corner Intellectual Property;

27    3.    The named Defendants' profits in an amount that will be calculated

28    once Defendants provide SPAVI with the requested documents demonstrating the

*ERVIN COHEN & JESSUP* LLP

1  same, including pursuant to 15 U.S.C. Section 1117(b) and 1125, which SPAVI may

2  request that the Court treble under those statutes;

3      4.      SPAVI's attorneys' fees and costs incurred in this action, pursuant to

4  15 U.S.C. Section 1117(a);

5      5.      Punitive damages in an amount to be determined at trial;

6      6.      Corrective advertising in an amount sufficient to address the confusion,

7  reputational harm, and other injuries to SPAVI and the Potato Corner brand

8  resulting from Defendants' conduct; and

9      7.      Pre- and post-judgment interest.

10  SPAVI also seeks injunctive relief, equitable relief, and a declaratory

11  judgment as described in its Prayer for Relief in its operative First Amended

12  Complaint (Dkt. 65). SPAVI expressly reserves the right to supplement and/or

13  amend its identification and computation of damages after discovery commences.

14  **IV.    INSURANCE**

15      SPAVI is not presently aware of any applicable insurance agreement

16  applicable to this action.

17

18  DATED:  February 14, 2025          ERVIN COHEN & JESSUP LLP
                                       Michael D. Murphy
19                                     Kenneth P. Hsu

20

21

22                                 By:     /s/ Michael D. Murphy

23                                     Michael D. Murphy
                                       Attorneys for Plaintiff SHAKEY'S PIZZA
24                                     ASIA VENTURES, INC.

25

26

27

28

ERVIN COHEN & JESSUP LLP

PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 26(A)(1)

1 | <u>**PROOF OF SERVICE**</u>

2 | **2:24-cv-04546-SB(AGRx)**

3 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4 | At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of . My business

5 | address is 9401 Wilshire Boulevard, Twelfth Floor, Beverly Hills, CA 90212-2974.

6 | On February 14, 2025, I served true copies of the following document(s)

7 | described as **PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)** on the interested parties in this action as follows:

8 |

9 | Arash Beral, Esq.                                   Attorneys for Defendants

10 | Todd M. Malynn, Esq.
Victor Sandoval, Esq.

11 | BLANK ROME LLP
2029 Century Park East, 6th Floor

12 | Los Angeles, California 90067
Telephone: (424) 239-3400

13 | Facsimile: (424) 239-3434

14 | Email: Arash.beral@blankrome.com
         Todd.malynn@blankrome.com

15 |          Victor.sandoval@blankrome.com

16 |

17 |

18 | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address khsu@ecjlaw.com to the persons at

19 | the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20 | I declare under penalty of perjury under the laws of the United States of

21 | America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22 | Executed on February 14, 2025, at Beverly Hills, California.

23 |

24 |

25 | */s/ Kenneth P. Hsu*
Kenneth P. Hsu

26 |

27 |

28 |

*ERVIN COHEN & JESSUP LLP*

1
PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)