EXHIBIT C

**BLANK ROME LLP**
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and
Third Party Plaintiffs PCJV USA, LLC, PCI
TRADING LLC, POTATO CORNER, LA
GROUP, LLC, GK CAPITAL GROUP, LLC,
NKM CAPITAL GROUP, LLC and GUY
KOREN, and Defendants J & K AMERICANA,
LLC, J&K LAKEWOOD, LLC, J&K
OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J
& K ONTARIO, LLC, J&K PC TRUCKS, LLC,
HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**<br><br>Complaint Filed:   May 31, 2024<br>Trial Date:             August 4, 2025 |

160850.00001/153302716v.1

1  limited liability company and DOES 1
   through 100, inclusive,

2                              Defendants.

3  _____

4  PCJV USA, LLC, a Delaware limited
   liability company; PCI TRADING LLC, a
5  Delaware limited liability company;
   POTATO CORNER LA GROUP LLC, a
6  California limited liability company; GK
   CAPITAL GROUP, LLC, a California
7  limited liability company; NKM CAPITAL
   GROUP LLC, a California limited liability
8  company; and GUY KOREN, an individual,

9                          Counter-Claimants,

10         v.

11 SHAKEY'S PIZZA ASIA VENTURES,
   INC, a Philippines corporation,

12                         Counter Defendant.

13 _____

14 PCJV USA, LLC, a Delaware limited
   liability company; PCI TRADING LLC, a
15 Delaware limited liability company;
   POTATO CORNER LA GROUP LLC, a
16 California limited liability company; GK
   CAPITAL GROUP, LLC, a California
17 limited liability company; NKM CAPITAL
   GROUP LLC, a California limited liability
18 company; and GUY KOREN, an individual,

19

20                       Third Party Plaintiffs,

21         v.

22 PC INTERNATIONAL PTE LTD., a
   Singapore business entity; SPAVI
23 INTERNATIONAL USA, INC., a California
   corporation; CINCO CORPORATION, a
24 Philippines corporation; and ROES 1 through
   10, inclusive,

25                       Third Party Defendants.

26 _____

27

28
   160850.00001/153302716v.1                    1
   **FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS,**
   **COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 26(a), subsections (1) & (2), Defendants PCJV USA, LLC ("PCJV"), PCI Trading LLC ("PCIT"), Guy Koren, Potato Corner LA Group, LLC, NKM Capital Group, LLC, J & K Americana, LLC, J&K Lakewood, LLC, J&K Valley Fair, LLC, J & K Ontario, LLC, HLK Milpitas, LLC, GK Cerritos, LLC, J &K PC Trucks, LLC, and GK Capital Group, LLC (collectively, "Defendants") and Counter-Claimants and Third-Party Plaintiffs PCJV, PCIT, Guy Koren, Potato Corner LA Group, LLC, NKM Capital Group, LLC (collectively, "Counter-Claimants/Third-Party Plaintiffs") hereby provide the following (a) confirmation of their initial disclosures, which reiterate prior disclosures in the parties' joint Rule 26(f) report and preliminary injunction papers, and (b) expert disclosure. By making these disclosures, Defendants and Counter-Claimants/Third-Party Plaintiffs do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this action. Defendants and Counter-Claimants/Third-Party Plaintiffs reserve all rights to supplement or amend these disclosures and to object to the production or admissibility of initially disclosed material, including on the grounds that such information is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or other applicable right or privilege.

## I.   <u>INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION</u>

Based on information reasonably available to them at this time, Defendants and Cross-Complaints/Third-Party Plaintiffs identify the following individuals who, in addition to the witnesses (and subject matters) disclosed in Plaintiff's initial disclosures and/or who have filed declarations in this matter (where the subject of their testimony is disclosed therein), are likely to have discoverable information that might be used – other than solely for impeachment – to support causes of action or defenses. Defendants and Cross-Complaints/Third-Party Plaintiffs reserve the right to identify additional individuals.

| NAME | ADDRESS/PHONE | SUBJECTS |
|---|---|---|
| Guy Koren | *See* Defense counsel | Intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with Cinco Corporation and U.S. franchisees and resulting damages; the aiding and abetting of Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity and first continuous and exclusive use of the U.S. marks; Cross-Complainants/Third-Party Plaintiffs' damages; all the allegations in the operative pleadings, claims and defenses, including all facts relevant thereto |
| Alon Koren | *See* Defense counsel | Operations of PCJV and PCIT, including purchasing of supplies and interaction with franchisees |
| Erlinda "Lyndah" Bartolome | esbartolome@gmail.com; lindabartolome@yahoo.com | Intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with Cinco Corporation and U.S. |

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

| NAME | ADDRESS/PHONE | SUBJECTS |
|---|---|---|
|  |  | franchisees and resulting damages; the aiding and abetting of Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity and first continuous and exclusive use of the U.S. marks; Cross-Complainants/Third-Party Plaintiffs' damages; all the allegations in the operative pleadings, claims and defenses, including all facts relevant thereto |
| Ashley Grudnowski | *See* Defense counsel | Operations of PCJV and PCIT, including branding and interaction with franchisees |
| Jose P. Magsaysay, Jr. | *See* Plaintiff's counsel | Intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with U.S. franchisees and resulting damages; Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity; SPAVI's purchase agreement with and employment of Cinco related parties and hiring of attorneys, legal opinions and due diligence; Cinco's ill-gotten gains, including value attributable to U.S. IP; all the allegations in the operative pleadings, claims and defenses, including all facts relevant thereto |
| Vicente Gregorio | *See* Plaintiff's counsel | Intellectual property rights, including contractual rights, arising from Koren and his LA |

160850.00001/153302716v.1

4

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

| NAME | ADDRESS/PHONE | SUBJECTS |
|---|---|---|
| | | Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with U.S. franchisees and resulting damages; SPAVI's aiding and abetting of Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity; SPAVI's purchase agreement with and employment of Cinco related parties and hiring of attorneys, legal opinions and due diligence; Plaintiff's ill-gotten gains, including value attributable to U.S. IP; Plaintiff's efforts to open up a fast-food franchise that competes with Defendants; all the allegations in the operative pleadings, claims and defenses, including all facts relevant thereto |
| Each of the "Cinco Parties" as defined in the settlement agreement entered with Cinco, inclusive of Cinco Corporation, Potato Corner International, Inc., Highfive Corporation, Jose P. Magsaysay, Jr., Jose Miguel Ma. Montinola, Ricardo Enrique K. Montelibano, Ma. Victoria O. Bermejo, John Edward Hernandez, Chad | *See* Plaintiff's counsel | Intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with U.S. franchisees and resulting damages; Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity; SPAVI's purchase |

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

| NAME | ADDRESS/PHONE | SUBJECTS |
|---|---|---|
| Dominic Hernandez, Miguel Raymundo Hernandez, Myrose Victor, Marivic Del Pilar, Jose Marco Del Pilar, Dia Lacaba, Nicardo Falcis, Bernabe M. Hernandez, Alma Veronica Abcede, Maria Christina V. Dizon, Cesar T. Hernandez, Valens Capital Ventures Inc., and Clayderman Holdings Corporation | | agreement with and employment of Cinco related parties and hiring of attorneys, legal opinions and due diligence; Cinco's ill-gotten gains, including value attributable to U.S. IP; all the allegations in the operative pleadings, claims and defenses, including all facts relevant thereto |
| Fed. R. Civ. Proc. 30(b)(6) witness of PCJV | | Intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with Cinco Corporation and U.S. franchisees and resulting damages; the aiding and abetting of Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity and first continuous and exclusive use of the U.S. marks; Cross-Complainants/Third-Party Plaintiffs' damages; all the allegations in the operative pleadings, claims and defenses, including all facts relevant thereto |

FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS

| NAME | ADDRESS/PHONE | SUBJECTS |
|---|---|---|
| Fed. R. Civ. Proc. 30(b)(6) witness of PCIT | | Operations of PCJV and PCIT, including purchasing of supplies and interaction with franchises |
| Fed. R. Civ. Proc. 30(b)(6) witness of NKM Capital Group, LLC | | Defendants' consideration for entering into the joint venture, including brand equity and first continuous and exclusive use of the U.S. marks |
| Fed. R. Civ. Proc. 30(b)(6) witness of Potato Corner LA Group, LLC | | Damages |
| Individual owners or Fed. R. Civ. Proc. 30(b)(6) witnesses of all the U.S. franchisees and/or Potato Corner fast-food restaurants | | Damages; communications with Cinco and/or SPAVI representatives |
| Fed. R. Civ. Proc. 30(b)(6) witness of SPAVI | | Intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with U.S. franchisees and resulting damages; SPAVI's aiding and abetting of Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity; SPAVI's purchase agreement with and employment of Cinco related parties and hiring of attorneys, legal opinions and due diligence, all the allegations in the operative pleadings, claims and defenses, |

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

| NAME | ADDRESS/PHONE | SUBJECTS |
|---|---|---|
| | | including all facts relevant thereto |
| Fed. R. Civ. Proc. 30(b)(6) witness of Cinco Corp | | Intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with U.S. franchisees and resulting damages; Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity; SPAVI's purchase agreement with and employment of Cinco related parties and hiring of attorneys, legal opinions and due diligence, all the allegations in the operative pleadings, claims and defenses, including all facts relevant thereto |
| FRCP 30(b)(6) witness for Ferna Corporation | | Claims of alleged trade secrets and trade secret protection; spices/seasonings; interference by SPAVI |
| Newly Weds Corporation | | Claims of alleged trade secrets and trade secret protection; spices/seasonings; interference by SPAVI |
| Presently unidentified individuals employed by SPAVI | | The decision to acquire the Potato Corner Intellectual Property from Cinco Corporation, due diligence and legal opinions in connection with that transaction, the contracts and communications between Cinco and SPAVI, the decisions relating to the U.S. franchise, including the use of litigation and self-help tactics. |

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

## II.    **DOCUMENTS AND TANGIBLE THINGS**

Subject to the attorney-client privilege, the attorney work product doctrine, and other applicable privileges and rights of privacy, Defendants and Counter-Claimants/Third-Party Plaintiffs incorporate by this reference the documents and things referenced in Plaintiff's initial disclosure and further identify the following categories of documents, electronically stored information, and tangible things in their possession, custody, or control that they might use to support their causes of action or defenses:

1.    Documents comprising contracts between Cinco and Defendants, including but not limited to PCJV's joint venture agreement, including as amended and modified, limited liability company agreement, master license agreement, and settlement agreement, including membership interest purchase agreement and any obligation to indemnify, defend or hold harmless Defendants related to intellectual property and the operation of the U.S. Potato Corner franchise;

2.    Documents comprising contracts between Cinco and Plaintiff, including but not limited to the acquisition of international trademark rights, not just U.S. registrations, as well as any trade secret or proprietary rights relating to any "Potato Corner" franchisor or franchisee (the "IP"), including but not limited to any obligation to indemnify, defend or hold harmless Plaintiff related to the IP and/or the operation of the U.S. Potato Corner franchise;

3.    Communications, whether internal or external, involving Cinco relating to the IP and the U.S. Potato Corner franchise, including but not limited to any due diligence, legal opinions, settlement, and handling of other Potato Corner outlets or franchises around the world;

/ / /

/ / /

/ / /

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

4.      Communications, whether internal or external, involving Plaintiff relating to the IP and the U.S. Potato Corner franchise, including but not limited to any due diligence, legal opinions, settlement and handling of other Potato Corner outlets or franchises around the world;

5.      Documents relating to any and all representations by Cinco to Plaintiff or Defendants related to the IP and the U.S. Potato Corner franchise;

6.      Documents relating to the creation, ownership, management and control of the U.S. Potato Corner franchise, including IP rights, including but not limited to documents evidencing Defendants' consideration for the joint venture agreement and consumer association of the trademarks in the United States;

7.      Documents, including contracts and communications, with third parties, including suppliers and U.S. franchisees, relating to Defendants, the U.S. Potato Corner franchise, and U.S. fast-food restaurants; and

8.      Documents relating to any and all efforts to start a fast-food restaurant business in competition with Defendants, including use of self-help or litigation to obtain ownership or control of the IP, U.S. Potato Corner franchise, and U.S. fast-food restaurants;

9.      Documents filed in support of and relating to the preliminary injunction entered in this action; and

10.     Documents requested in this action by Defendants.

## III.  **DAMAGES**

Defendants are not aware of any basis for Plaintiff to claim damages, let alone any damages suffered by Plaintiff.

Counter-Claimants and Third-Party Plaintiffs rely on the attached expert disclosure and report to compute their damages. In support thereof, they also identify the following categories of monetary relief that they intend to seek in this action:

160850.00001/153302716v.1

10

FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS

1.      Actual damages, including but not limited to lost profits, loss of goodwill, reputational injury, and diminution value at both the U.S. franchisor and franchisee level resulting from Counter-Defendants' torts, including inducements of breaches of contract and tortious interferences with contractual relations and prospective business advantage arising from the joint venture agreement, including as amended and modified, master license agreement, and/or settlement agreement, including membership interest purchase agreement;

2.      The reasonable value of royalties flowing from SPAVI's wrongful use and enjoyment of Counter-Claimants/Third-Party Plaintiffs' trademark rights, including based on its asserted expectation of royalty payments;

3.      Disgorgement of Counter-Defendants' profits to prevent unjust enrichment;

4.      Corrective advertising in an amount sufficient to address Cross-Defendants' usurpation of Counter-Claimants/Third-Party Plaintiffs' trademark rights and any resulting confusion and other injuries in the marketplace;

5.      Punitive damages according to proof at trial; and

6.      Costs and attorneys' fees as authorized by statute.

Counter-Claimants/Third-Party Plaintiffs also seek equitable relief, including declaratory and injunctive relief and/or an accounting, as described in their Prayer for Relief in their operative pleadings. They further reserves the right to supplement and/or amend their identification and computation of damages prior to trial.

## IV.   **INSURANCE**

At this time, no insurer has accepted coverage.

## V.    **EXPERT DISCLOSURE**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), Counter-Claimants/Third-Party Plaintiffs, by and through their counsel, hereby designate and initially disclose the following expert witness to Plaintiff, Cross-Defendants, and

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

Third-Party Defendants. Counter-Claimants/Third-Party Plaintiffs reserves the right to supplement this disclosure prior to trial in accordance with Rule 26(a)(2) and the Court's Standing Order:

    1.    **Jason A. Engel, CPA, CFE, CIRA, ABV, CVA, MAFF**

        Engel & Engel, LLC

        C/O Blank Rome LLP

        2029 Century Park East, Suite 600

        Los Angeles, CA 90067

Attached as Exhibit "1" is the written report of Jason A. Engel.


DATED:  February 28, 2025          **BLANK ROME LLP**


                              By:/s/ *Arash Beral*
                              Arash Beral
                              Todd Malynn
                              Victor Sandoval
                              Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

**FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

EXHIBIT 1

# ENGEL & ENGEL, LLP
## CERTIFIED PUBLIC ACCOUNTANTS

350 S Grand Avenue, Suite 3160, Los Angeles, CA 90071
Telephone (310) 277-2220

---

**EXPERT REPORT OF
JASON A. ENGEL, CPA, CFE, CVA, CIRA, MAFF, ABV
FEBRUARY 28, 2025**


**SHAKEY'S PIZZA ASIA VENTURES, INC
PLAINTIFF**

**V.**

**PCJV USA, LLC ET AL
DEFENDANTS**

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
CASE NO.: 2:24-CV-04546-PVC**

---

The purpose of this report is to disclose to the parties and the United States District Court for the Central District of California, Western Division, the expert opinions of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

I, Jason A. Engel, am a partner of Engel & Engel, LLP, Certified Public Accountants, 350 S. Grand Avenue, Suite 3160, Los Angeles, California 90071 ("E&E"). On or about December 23, 2024, E&E was retained by Blank Rome, LLP, counsel for Guy Koren, PCJV USA, LLC, and PCI Trading, LLC ("Defendants") to investigate and calculate economic damages suffered by Defendants.

Expert Report of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV
February 28, 2025
Page 2

## FORENSIC EXPERT QUALIFICATIONS

I am a Certified Public Accountant and have been licensed as such in the State of California since 1982. In addition, I am a Certified Fraud Examiner (CFE), a Certified Insolvency and Restructuring Advisor (CIRA), a Certified Valuation Analyst (CVA), a Master Analyst in Financial Forensics (MAFF), and Accredited in Business Valuation (ABV). I have been engaged in public accounting since 1979 and my public accounting experience includes auditing, taxation, management consulting, SEC registration, and SEC reporting for public companies. I have approximately thirty-five years of forensic accounting experience, including a senior manager position with the Litigation Services practice at two of the "Big Four" (formerly Big Eight) accounting firms in the United States. I have testified as an expert witness in over 100 matters and have served as an expert witness in over 500 matters involving economic damages, business valuation, fraud, bankruptcy, and a variety of other business litigation matters. I am a member of the American Institute of Certified Public Accountants, California Society of Certified Public Accountants, National Association of Certified Fraud Examiners, Association of Insolvency and Restructuring Advisors, and National Association of Certified Valuation Analysts.

Specific to the issues in this case of economic damages and lost profits, my experience includes over 1,000 economic damage analyses for both plaintiffs and defendants. In addition, I have prepared in excess of 500 lost profits calculations for both plaintiffs and defendants. In connection with lost profits, I have testified as an expert witness in over 100 cases. Furthermore, I have authored E&E research publications on subjects of lost profits and economic damages.

Attached hereto as **Exhibit 1** is a detailed summary of my professional qualifications and E&E's schedule of standard hourly rates. Also attached hereto as **Exhibit 2** is a listing of cases for which I have testified as an expert witness in the last five years either in trial, deposition, or both.

Expert Report of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV
February 28, 2025
Page 3

## AUTHORED RESEARCH PUBLICATIONS

I have authored the following E&E research publications on a variety of forensic accounting topics:

1. Deposition Outline for Officers and Executives
2. Document Request for Accounting and Business Records
3. Fraudulent Transfers: The Element of Reasonably Equivalent Value
4. Fraudulent Transfers: The Element of Insolvency
5. Fraudulent Transfers: The Element of Unreasonably Small Capital
6. Fraudulent Transfers: The Element of Inability to Pay Debts as They Mature
7. Framework for the Calculation of Lost Profits Part I: Financial Principles as a Framework for the Calculation of Lost Profits
8. Framework for the Calculation of Lost Profits Part II: The Element of Certainty
9. Framework for the Calculation of Lost Profits Part III: Prospective Lost Profits
10. Framework for the Calculation of Lost Profits Part IV: Unestablished Businesses
11. Framework for the Calculation of Lost Profits Part V: Mitigation of Damages
12. Discounting Future Lost Profits
13. The Business Records Exception to the Hearsay Rule: The Admissibility of Financial Records in Federal and State Courts
14. Admissibility of Expert Testimony: The Element of Reliability
15. Framework for the Calculation of Infringement Damages Part I: Trademark Infringement Damages Under the Lanham Act
16. Framework for the Calculation of Infringement Damages Part II: Patent Infringement Damages
17. Investigation and Discovery of Alter Ego Factors
18. Alter Ego: The Element of Undercapitalization
19. Framework for the Calculation of Employment Damages
20. Business Valuation Under California Corporate Code Section 2000.

Expert Report of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV
February 28, 2025
Page 4

## Records and Other Information Considered

As the lead accountant for E&E and as an expert witness in this case, I and E&E's professional staff, under my direction and supervision, have reviewed and analyzed various documents and records. Attached hereto as **Exhibit 3** is a listing of various documents we reviewed and considered in connection with this report.

## I.    Background

Since in or about 2021 or 2022, Shakey's Pizza Asia Ventures, Inc. ("SPAVI")("Plaintiff") and Guy Koren, PCJV USA, LLC, and PCI Trading, LLC ("Defendants") have been involved in a dispute relating to the Potato Corner Trademark. Defendants claim that as a result of Plaintiff's interference with their ownership of the trademark, Defendants have lost business opportunities in opening up new stores since 2022.

We have been retained to investigate and calculate Defendant's economic damages as a result of Plaintiff's alleged interference with Defendant's trademark. In this regard, we have found that Defendant's new store openings grew at an average rate of approximately 12% during the 5 years 2013 through 2018. We have also found that Defendant's new store openings only grew at an annual rate of approximately 2% during the period of dispute between the parties, from 2021– 2024.

It is important to note that during the period 2018 – 2021, new store openings did not grow as compared to 2013 – 2018, where new store openings grew at an annual rate of 12%. It is our understanding that the lack of growth between 2018 and 2021 is attributable to attempts to interfere with control of PCJV and its trademark rights by the alleged former co-owner of PCJV, which included Cinco Corporation, a Filipino entity. In this regard, we did not

Expert Report of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV
February 28, 2025
Page 5

attribute to SPAVI as economic damages in this case for the period 2018 –
2021 as such damages were allegedly caused by Cinco Corporation.

As of November 30, 2024, Defendants, as U.S. franchisor, operated a U.S.
franchise system comprising of 35 Potato Corner outlets. In this regard, we
have been informed by counsel that Defendants have lost the ability to use the
disputed Potato Corner trademark by at least January 1, 2025. We have also
been informed that by at least January 1, 2025, approximately 20 stores have
elected to stop doing business with Defendants and are doing business with
Plaintiff.

As of today, four stores have not yet decided whether they will stop doing
business with Defendant and switch to Plaintiff. For purposes of our damage
analysis contained in this report, we have assumed that the remaining four
stores will also switch over to Plaintiff. Accordingly, we have assumed that
beginning in 2025, Defendants have lost 24 stores, and the remaining 11
stores include 10 stores for which Guy Koren has a direct ownership interest
and 1 store that elected to stay and operate under Defendants.

## II.    <u>Summary of Findings and Opinions of Jason A. Engel</u>

Overall, we have found that Defendant's economic damages resulting from
Plaintiff's alleged interference with Defendant's trademark ranges between
$29.4 million assuming damages are calculated through 2034 and $66.8
million assuming damages are calculated for an additional 10 years through
2044 (**See Schedule A**).

It is our understanding that as owners of the trademark, Defendants could
have operated as the franchisor for an indefinite period of time. In this regard,
we are not opining as to the proper period of time that Defendants would be
entitled to recover economic damages, and accordingly we are providing the
court with a 10-year projection and a 20-year projection. E&E will calculate

Expert Report of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV
February 28, 2025
Page 6

Defendant's economic damages, should the court find an alternative damage period is proper.

With respect to the remaining 11 stores that will be operated and managed by PCJV, we have assumed that the 11 stores will be operated under a new brand name beginning in 2025. In this regard, we did not have sufficient information to evaluate the performance of the 11 stores beginning in 2025 as we do not know how the stores will perform under a new brand. Accordingly, we assumed for purposes of this report, that PCJV will continue to operate from 2025 and will not generate any profits or losses.

In connection with our damage analysis, we did not calculate damages relating to PCI Trading LLC ("PCIT") as we did not have sufficient information. In this regard, we reserve the right to update this report when and if we obtain such information.

We have also been retained in connection with this case to investigate and calculate economic damages of Defendant Guy Koren as Koren has a direct ownership interest in 10 franchisees as of December 31, 2024. It is our understanding that beginning in 2025, Guy Koren's 10 franchisees are likely to incur economic losses as a result of losing intellectual property rights.

We have been unable to evaluate and calculate economic damages potentially suffered by Guy Koren's 10 franchisees as we did not have sufficient information as of the date of this report. It is important to note that there is insufficient information to determine the impact on the sales of the 10 franchisees due to the loss of branding/trade name beginning in 2025. We anticipate that as monthly revenue information becomes available in 2025, we will likely be able to evaluate the impact from the loss of branding/trade name. In this regard, we reserve the right to update this report when and if we obtain such information.

Expert Report of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV
February 28, 2025
Page 7

## III.    Detailed Findings and Opinions of Jason A. Engel

### A.    Historical Damages Resulting From The Alleged Interference From 2022 – 2024

We have calculated Defendant's economic damages approximating $766,969 based on our findings that Defendant's new store openings did not grow during the period 2022 – 2024, but would have grown at a rate of approximately 12% but for Plaintiff's alleged interference with Defendant's Trademark **(See Schedule A)**.

Our calculation of lost revenues for the years 2022 – 2024 is based on the historical average revenues per store and the number of lost stores. Also, our calculation of lost profits takes into consideration cost of goods sold and variable operating expenses **(See Schedule B)**.

### B.    10 Year Projected Lost Profits Resulting From The Alleged Interference From 2025 – 2034

We have calculated Defendant's economic damages approximating $28.6 million based on our findings that Defendants lost 24 existing stores in addition to the lost opportunity to open new stores **(See Schedule A)**. Our calculation of projected new stores is based on the company's historical compound annual growth rate of new store openings approximating 12% **(See Schedule D-1)**.

Our calculation of lost revenues for the years 2025 – 2034 is based on the historical compound annual growth rate of the average revenue per store and the number of lost stores. Also, our calculation of lost profits takes into consideration cost of goods sold and variable operating expenses **(See Schedule B)**.

Expert Report of Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV
February 28, 2025
Page 8

**C.** <u>Additional 10-Year Projected Lost Profits Resulting From The Alleged Interference From 2035 – 2044</u>

We have calculated Defendant's economic damages approximating $37.4 million based on our findings that Defendants lost the opportunity to open 111 new stores **(See Schedule A)**. In this regard, we have assumed that beginning in 2035, PCJV would experience zero growth in the number of new stores. Our assumption is intended to be conservative in our calculation.

Our calculation of lost revenues for the years 2035 – 2044 is based on our finding that for the year 2034, Defendant's average revenue per store would approximate $234,000 per store **(See Schedule B)**. In this regard, we have assumed that beginning in 2035, PCJV would experience zero growth in the average revenue per store. Our assumption is intended to be conservative in our calculation.

Our findings and opinions contained in this report are subject to change should new documents or information become available.

Respectfully submitted on
February 28, 2025

_Jason A. Engel_
Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV

**Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al**

**PCJV USA, LLC**
**Summary of Economic Damages Due To Interference With Trademark**

| | Years | Amount |
|---|---|---|
| Lost Profits Due to Interference With Trademark **(See Schedule B)** | 2022 - 2024 | $ 766,969 |
| 10-Year Projection Assuming Loss of 24 Stores **(See Schedule B)** | 2025 - 2034 | 28,637,030 |
| Additional 10-Year Projection Assuming Loss of 24 Stores **(See Schedule B)** | 2035 - 2044 | 37,403,475 |
| Total Projected Net Present Value of Lost Profits | | $ 66,807,474 |

**Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al**

PCJV USA, LLC
**Present Value of Projected Net Lost Profits Due to Interference With Trademark**
**For the Years 2022 - 2044**

| Year | Number of Lost Stores | Revenues Per Store | Lost Revenues From Lost Stores | Gross Profit % | Lost Gross Profit ($) | Less: Variable Expenses (%) | Less: Variable Expenses ($) | Net Lost Profits | Present Value of Net Lost Profits |
|------|------|------|------|------|------|------|------|------|------|
|  | Schedule C | Schedule B-1 |  | Schedule E |  | Note 1 |  |  | Note 2 |
| **Lost Profits Due to Interference With Trademark** | | | | | | | | | |
| 2022 | 5 | 79,655 | 390,954 | 70% | 274,689 | 30% | (117,286) | 157,402 | 157,402 |
| 2023 | 5 | 75,675 | 399,489 | 75% | 300,518 | 30% | (119,847) | 180,672 | 180,672 |
| 2024 | 11 | 90,073 | 1,005,889 | 73% | 730,662 | 30% | (301,767) | 428,895 | 428,895 |
| Total Projected Net Present Value of Lost Profits Due to Interference With Trademark | | | | | | | | $ | 766,969 |
| **10-Year Projection - Assuming Loss of 24 Stores** | | | | | | | | | |
| 2025 | 38 | 99,080 | 3,755,252 | 73% | 2,727,756 | 30% | (1,126,576) | 1,601,180 | 1,535,904 |
| 2026 | 41 | 108,988 | 4,446,364 | 73% | 3,229,768 | 30% | (1,333,909) | 1,895,859 | 1,744,432 |
| 2027 | 44 | 119,887 | 5,258,701 | 73% | 3,819,837 | 30% | (1,577,610) | 2,242,227 | 1,979,025 |
| 2028 | 47 | 131,875 | 6,212,993 | 73% | 4,513,019 | 30% | (1,863,898) | 2,649,122 | 2,242,837 |
| 2029 | 51 | 145,063 | 7,333,460 | 73% | 5,326,909 | 30% | (2,200,038) | 3,126,871 | 2,539,392 |
| 2030 | 54 | 159,569 | 8,648,405 | 73% | 6,282,064 | 30% | (2,594,521) | 3,687,543 | 2,872,637 |
| 2031 | 58 | 175,526 | 10,190,886 | 73% | 7,402,498 | 30% | (3,057,266) | 4,345,232 | 3,246,987 |
| 2032 | 62 | 193,079 | 11,999,517 | 73% | 8,716,259 | 30% | (3,599,855) | 5,116,404 | 3,667,383 |
| 2033 | 66 | 212,386 | 14,119,393 | 73% | 10,256,103 | 30% | (4,235,818) | 6,020,285 | 4,139,353 |
| 2034 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 4,669,080 |
| Total 10-Year Projected Net Present Value of Net Lost Profits Assuming Loss of 24 Stores | | | | | | | | $ | 28,637,030 |
| **Additional 10-Year Projection - Assuming Loss of 24 Stores With No Growth Rate in New Stores** | | | | | | | | | |
| 2035 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 4,478,734 |
| 2036 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 4,296,148 |
| 2037 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 4,121,005 |
| 2038 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 3,953,003 |
| 2039 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 3,791,849 |
| 2040 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 3,637,265 |
| 2041 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 3,488,983 |
| 2042 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 3,346,747 |
| 2043 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 3,210,309 |
| 2044 | 71 | 233,625 | 16,603,167 | 73% | 12,060,277 | 30% | (4,980,950) | 7,079,327 | 3,079,433 |
| Total Additional 10-Year Projected Net Present Value of Net Lost Profits Assuming Loss of 24 Stores With No Growth Rate in New Stores | | | | | | | | $ | 37,403,475 |
| Total Projected Net Present Value of Net Lost Profits | | | | | | | | $ | 66,807,474 |

Note 1: Variable expenses are estimated at 30%.

Note 2: Discount rate of 4.25% is based on the U.S. Department of the Treasury U.S. T-Bill Rate as of 2/26/2025.

**Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al**

**PCJV USA, LLC**
**Analysis of Average Revenues Per Store**
**For the Years 2018 - 2024**

| | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | CAGR 2018 - 2024 | CAGR Applied 2025 - 2034 |
|---|---|---|---|---|---|---|---|---|---|
| Total PCJV USA, LLC Revenues **(See Schedule E)** | $ 1,256,110 | $ 1,396,616 | $ 812,036 | $ 1,660,632 | $ 1,752,410 | $ 1,967,553 | $ 2,251,814 | | |
| Historical Number of PCJV USA, LLC Stores **(See Note 1)** | 25 | 24 | 24 | 23 | 22 | 26 | 25 | | |
| Average Revenues Per Store | $ 50,244 | $ 58,192 | $ 33,835 | $ 72,201 | $ 79,655 | $ 75,675 | $ 90,073 | | |
| Compound Annual Growth Rate (CAGR) | | | | | | | | 10.2% | 10% |

**Note 1: In calculating the average revenue per store, we did not include the 10 stores that are owned by Guy Koren as PCJV does not earn any revenues from the 10 stores.**

Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al

**PCJV USA, LLC**
**Analysis of Number of Lost Stores**
**For the Years 2022 - 2044**

| Year | Projected Number of Stores[1] | Less: Historical Number of Stores[2] | Number of Lost Stores |
|------|------|------|------|
| **Projected - Due to Interference With Trademark** | | | |
| 2022 | 37 | (32) | 5 |
| 2023 | 41 | (36) | 5 |
| 2024 | 46 | (35) | 11 |
| **10 Year Projection - Assuming Loss of 24 Stores** | | | |
| 2025 | 49 | (11) | 38 |
| 2026 | 52 | (11) | 41 |
| 2027 | 55 | (11) | 44 |
| 2028 | 58 | (11) | 47 |
| 2029 | 62 | (11) | 51 |
| 2030 | 65 | (11) | 54 |
| 2031 | 69 | (11) | 58 |
| 2032 | 73 | (11) | 62 |
| 2033 | 77 | (11) | 66 |
| 2034 | 82 | (11) | 71 |

**Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al**

**PCJV USA, LLC**
**Analysis of Number of Lost Stores**
**For the Years 2022 - 2044**

| Year | Projected Number of Stores[1] | Less: Historical Number of Stores[2] | Number of Lost Stores |
|------|-------------------------------|--------------------------------------|-----------------------|
| **Additional 10 Year Projection - Assuming Loss of 24 Stores** <br> **With No Growth Rate in New Stores** | | | |
| 2035 | 82 | (11) | 71 |
| 2036 | 82 | (11) | 71 |
| 2037 | 82 | (11) | 71 |
| 2038 | 82 | (11) | 71 |
| 2039 | 82 | (11) | 71 |
| 2040 | 82 | (11) | 71 |
| 2041 | 82 | (11) | 71 |
| 2042 | 82 | (11) | 71 |
| 2043 | 82 | (11) | 71 |
| 2044 | 82 | (11) | 71 |

**Note 1: See Schedule D**

**Note 2: The number of lost stores for the years 2022 - 2024 was obtained from "PCJV's Total Open Store Count from 2010-2024.pdf"**

**Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al**

**PCJV USA, LLC**
**Analysis of Projected Number of Stores**
**For the Years 2010 - 2044**

| Period | Year | Number of Stores | Growth Rate[1] | |
|--------|------|------------------|----------------|---|
| **Historical Number of Stores** | | | | |
| **Prior to Interference With Trademark** | | | | |
| 0 | 2010 | 3 | | |
| 1 | 2011 | 6 | 100% | |
| 2 | 2012 | 10 | 67% | |
| 3 | 2013 | 20 | 100% | |
| 4 | 2014 | 26 | 30% | |
| 5 | 2015 | 31 | 19% | CAGR = 11.84% |
| 6 | 2016 | 36 | 16% | |
| 7 | 2017 | 32 | -11% | |
| 8 | 2018 | 35 | 9% | |
| 9 | 2019 | 34 | -3% | |
| 10 | 2020 | 34 | 0% | |
| 11 | 2021 | 33 | -3% | |
| **Projected Number of Stores** | | | | |
| **Due to Interference With Trademark** | | | | |
| 12 | 2022 | 37 | 11.84% | |
| 13 | 2023 | 41 | 11.84% | |
| 14 | 2024 | 46 | 11.84% | |

Case 2:24-cv-04546-SB-AGR    Document 274-3    Filed 08/18/25    Page 30 of 46    Page
ID #:9902
Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al

**PCJV USA, LLC**
**Analysis of Projected Number of Stores**
**For the Years 2010 - 2044**

| Period | Year | Number of Stores | Growth Rate[1] |
|--------|------|------------------|----------------|

**Projected Number of Stores**
**10-Year Projection - Assuming Loss of 24 Stores**

| Period | Year | Number of Stores | Growth Rate[1] |
|--------|------|------------------|----------------|
| 15 | 2025 | 49 | 5.92% |
| 16 | 2026 | 52 | 5.92% |
| 17 | 2027 | 55 | 5.92% |
| 18 | 2028 | 58 | 5.92% |
| 19 | 2029 | 62 | 5.92% |
| 20 | 2030 | 65 | 5.92% |
| 21 | 2031 | 69 | 5.92% |
| 22 | 2032 | 73 | 5.92% |
| 23 | 2033 | 77 | 5.92% |
| 24 | 2034 | 82 | 5.92% |

**Projected Number of Stores**
**Additional 10-Year Projection - Assuming Loss of 24 Stores**
**With No Growth Rate in New Stores**

| Period | Year | Number of Stores | Growth Rate[1] |
|--------|------|------------------|----------------|
| 25 | 2035 | 82 | 0.00% |
| 26 | 2036 | 82 | 0.00% |
| 27 | 2037 | 82 | 0.00% |
| 28 | 2038 | 82 | 0.00% |
| 29 | 2039 | 82 | 0.00% |

**Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al**

**PCJV USA, LLC**
**Analysis of Projected Number of Stores**
**For the Years 2010 - 2044**

| Period | Year | Number of Stores | Growth Rate[1] |
|:------:|:----:|:----------------:|:--------------:|
| 30 | 2040 | 82 | 0.00% |
| 31 | 2041 | 82 | 0.00% |
| 32 | 2042 | 82 | 0.00% |
| 33 | 2043 | 82 | 0.00% |
| 34 | 2044 | 82 | 0.00% |

**Note 1: Growth rate of 11.84% for the years 2022
- 2044 is based on the compound annual growth
rate of new stores from 2013 - 2018. See
Schedule D-1.**

**Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al**

**PCJV USA, LLC**
**Compound Annual Growth Rate**
**Of New Store Openings**
**For the Years 2013 - 2018**

| Period | Year | Number of Stores | Growth Rate |
|--------|------|------------------|-------------|
| 0 | 2013 | 20 | |
| 1 | 2014 | 26 | 30% |
| 2 | 2015 | 31 | 19% |
| 3 | 2016 | 36 | 16% |
| 4 | 2017 | 32 | -11% |
| 5 | 2018 | 35 | 9% |

| 2013 - 2018 CAGR = 11.84% |
|---|

**Source: Based on "PCJV's Total Open Store Count**
**from 2010 - 2024.pdf".**

Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al

**PCJV USA, LLC DBA POTATO CORNER**
**Comparative P&L**
**Per Audited and Internal Financial Statements**
**For the Year 2018 - 2024**

| | 2018 | | 2019 | | 2020 | | 2021 | | 2022 | | 2023 | | 2024 | | Total | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $ | % | $ | % | $ | % | $ | % | $ | % | $ | % | $ | % | $ | % |
| | Adjusted Internal F/S | | Adjusted Internal F/S | | Audited F/S | | Audited F/S | | Audited F/S | | Adjusted Internal F/S | | Internal F/S | | | |
| **Income** | | | | | | | | | | | | | | | | |
| Revenues | | | | | | | | | | | | | | | | |
| Sale of Food and Beverages | $ - | 0% | $ - | 0% | $ 180,780 | 22% | $ 457,039 | 28% | $ 500,094 | 29% | $ - | 0% | $ 1,014,051 | 45% | $ 2,151,964 | 19% |
| Franchise Fees | 96,250 | 8% | 205,693 | 15% | 64,615 | 8% | 103,311 | 6% | 68,941 | 4% | 90,901 | 5% | 90,182 | 4% | 719,893 | 6% |
| Area Development Fees | 118,750 | 9% | 87,750 | 6% | 14,875 | 2% | 15,500 | 1% | 31,624 | 2% | - | 0% | 30,000 | 1% | 298,499 | 3% |
| Royalty Fees | 548,214 | 44% | 604,197 | 43% | 332,460 | 41% | 647,582 | 39% | 687,247 | 39% | 801,611 | 41% | 790,735 | 35% | 4,412,047 | 40% |
| Rebates | 492,896 | 39% | 330,026 | 24% | 154,355 | 19% | 284,575 | 17% | 138,108 | 8% | 448,359 | 23% | 326,846 | 15% | 2,363,454 | 21% |
| Marketing and Revenue | - | 0% | - | 0% | 64,951 | 8% | 152,625 | 9% | - | 0% | 543 | 0% | - | 0% | 356,227 | 3% |
| Other Income | - | 0% | 168,949 | 12% | - | 0% | - | 0% | - | 0% | 626,138 | 32% | - | 0% | 795,087 | 7% |
| Total Revenues | $ 1,256,110 | 100% | $ 1,396,616 | 100% | $ 812,036 | 100% | $ 1,660,632 | 100% | $ 1,752,410 | 100% | $ 1,967,553 | 100% | $ 2,251,814 | 100% | $ 11,097,171 | 100% |
| Cost of Sales - Food and Beverages | (0.2) | 0% | (101,729) | -7% | (138,422) | -17% | (468,641) | -28% | (521,147) | -30% | (487,447) | -25% | (616,132) | -27% | (2,333,518) | -21% |
| Gross Profit | $ 1,256,110 | 100% | $ 1,294,887 | 93% | $ 673,614 | 83% | $ 1,191,991 | 72% | $ 1,231,263 | 70% | $ 1,480,106 | 75% | $ 1,635,682 | 73% | $ 8,763,653 | 79% |
| **Expenses** | | | | | | | | | | | | | | | | |
| Selling, General and Administrative Expenses | (1,268,504) | -101% | (1,710,779) | -122% | (1,174,178) | -145% | (1,271,315) | -77% | (1,118,491) | -64% | (1,352,099) | -69% | (1,466,241) | -65% | (9,361,606) | -84% |
| Fees - Operating | | | | | | | | | | | | | | | | |
| License Fee to Spavi | (351,589) | -28% | (383,347) | -27% | - | 0% | - | 0% | - | 0% | (468,036) | -24% | - | 0% | (1,202,972) | -11% |
| Franchise Fee | (48,125) | -4% | (102,847) | -7% | - | 0% | - | 0% | - | 0% | (45,451) | -2% | - | 0% | (196,422) | -2% |
| Development Fees | (59,375) | -5% | (43,875) | -3% | - | 0% | - | 0% | - | 0% | - | 0% | - | 0% | (103,250) | -1% |
| Total Fees - Operating | $ (459,089) | -37% | $ (530,069) | -38% | $ - | 0% | $ - | 0% | $ - | 0% | $ (513,486) | -26% | $ - | 0% | $ (1,502,644) | -14% |
| Total Expenses | $ (1,727,593) | -138% | $ (2,240,847) | -160% | $ (1,174,178) | -145% | $ (1,271,315) | -77% | $ (1,118,491) | -64% | $ (1,865,585) | -95% | $ (1,466,241) | -65% | $ (10,864,250) | -98% |
| Income (Loss) from Operations | $ (471,483) | -38% | $ (945,960) | -68% | $ (500,564) | -62% | $ (79,324) | -5% | $ 112,772 | 6% | $ (385,479) | -20% | $ 169,441 | 8% | $ (2,100,598) | -19% |
| Other Income | | | | | | | | | | | | | | | | |
| Gain from Sale of Franchised Store | - | 0% | - | 0% | - | 0% | 60,358 | 4% | - | 0% | - | 0% | - | 0% | 60,358 | 1% |
| Other Income | - | 0% | - | 0% | 10,000 | 1% | 130,538 | 8% | - | 0% | - | 0% | - | 0% | 140,538 | 1% |
| Total Other Income | $ - | 0% | $ - | 0% | $ 10,000 | 1% | $ 190,896 | 11% | $ - | 0% | $ - | 0% | $ - | 0% | $ 200,896 | 2% |
| Income (Loss) Before Limited Liability Company Fees | $ (471,483) | -38% | $ (945,960) | -68% | $ (490,564) | -60% | $ 111,572 | 7% | $ 112,772 | 6% | $ (385,479) | -20% | $ 169,441 | 8% | $ (1,899,702) | -17% |
| Other Expenses | | | | | | | | | | | | | | | | |
| Limited Liability Company Fees | - | 0% | - | 0% | (3,300) | 0% | (3,300) | 0% | (3,300) | 0% | - | 0% | - | 0% | (9,900) | 0% |
| Non-Recurring Professional Fees | - | 0% | - | 0% | - | 0% | - | 0% | - | 0% | - | 0% | (285,000) | -13% | (285,000) | -3% |
| Other Expenses (Taxes and Licenses) | - | 0% | - | 0% | - | 0% | - | 0% | - | 0% | - | 0% | (21,062) | -1% | (21,062) | 0% |
| Total Other Expenses | $ - | 0% | $ - | 0% | $ (3,300) | 0% | $ (3,300) | 0% | $ (3,300) | 0% | $ - | 0% | $ (306,062) | -14% | $ (315,962) | -3% |
| Net Income (Loss) | $ (471,483) | -38% | $ (945,960) | -68% | $ (493,864) | -61% | $ 108,272 | 7% | $ 109,472 | 6% | $ (385,479) | -20% | $ (136,621) | -6% | $ (2,215,664) | -20% |

Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al

**PCJV USA, LLC DBA POTATO CORNER**
**Comparative Balance Sheet**
**Per Audited and Internal Financial Statements**
**For the Years 2020 - 2024**

| | As of 12/31/2020 | As of 12/31/2021 | As of 12/31/2022 | As of 12/31/2023 | As of 12/31/2024 |
|---|---|---|---|---|---|
| | Audited F/S | Audited F/S | Audited F/S | Internal F/S | Internal F/S |
| **Assets** | | | | | |
| Current Assets | | | | | |
| Cash and cash equivalents | $ 198,753 | $ 85,687 | $ 176,326 | $ 390,609 | $ 124,530 |
| Restricted cash | 436,634 | 519,816 | 580,790 | 637,032 | 490,285 |
| Account receivable, net | 206,621 | 232,694 | 206,742 | 234,376 | 244,072 |
| Inventory of food and beverages | 9,471 | 14,192 | 19,137 | 24,196 | 7,033 |
| Due from related parties | 39,987 | 107,487 | 75,250 | 14,554 | 114,313 |
| Note receivable | - | 40,959 | 40,960 | 75,914 | 75,914 |
| Prepaid expenses and other current assets | 33,498 | 41,800 | 11,825 | 812 | - |
| Total Current Assets | $ 924,964 | $ 1,042,635 | $ 1,111,030 | $ 1,377,493 | $ 1,056,147 |
| Equipment and leasehold improvements, net | 147,942 | 113,174 | 77,749 | 40,392 | 15,604 |
| Note receivable, net of current portion | - | 64,853 | 37,546 | - | - |
| Other assets | 27,231 | 26,360 | 26,360 | 26,360 | 26,360 |
| Right of use asset, operating | - | - | 158,647 | 140,872 | 74,978 |
| Total Assets | $ 1,100,137 | $ 1,247,022 | $ 1,411,332 | $ 1,585,117 | $ 1,173,089 |
| **Liabilities** | | | | | |
| Current Liabilities | | | | | |
| Accounts payable and accrued expenses | (217,625) | (226,775) | (69,763) | (50,014) | (49,421) |
| Accounts payable - marketing | (478,140) | (533,638) | (618,137) | (650,057) | (487,504) |
| Due to member | (9,000) | (9,000) | (9,000) | - | - |
| Deferred revenue | (78,076) | (83,082) | (79,601) | (101,700) | (106,518) |
| Loan from member | (20,000) | (20,000) | (20,000) | (68,473) | - |
| Current portion of operating lease liability | - | - | (161,038) | (129,337) | (63,443) |
| Total Current Liabilities | $ (802,841) | $ (872,495) | $ (957,539) | $ (999,581) | $ (706,886) |
| Paycheck Protection Program Loan | (102,738) | - | - | - | - |
| Deferred revenue, net of current portion | (437,142) | (526,128) | (489,044) | (489,044) | (489,044) |
| Operating lease liability, net of current portion | - | - | (6,878) | (11,535) | (11,535) |
| Total Liabilities | $ (1,342,721) | $ (1,398,623) | $ (1,453,461) | $ (1,500,160) | $ (1,207,465) |
| **Equity** | | | | | |
| Members' Equity (Deficit) | 242,584 | 151,601 | 42,129 | (84,957) | 34,375 |
| Total Equity | $ 242,584 | $ 151,601 | $ 42,129 | $ (84,957) | $ 34,375 |
| Total Liabilities and Equity | $ (1,100,137) | $ (1,247,022) | $ (1,411,332) | $ (1,585,117) | $ (1,173,090) |

Exhibit 1



# PROFESSIONAL QUALIFICATIONS

## JASON A. ENGEL, CPA, CFE, CIRA, CVA, MAFF, ABV

*PUBLIC ACCOUNTING*

Mr. Engel is a Certified Public Accountant and has been engaged in the practice of public accounting since 1979. His public accounting experience includes auditing, taxation, management consulting, SEC registration, and SEC reporting for public companies. His professional background includes experience at two of the Big Four accounting firms where he was a Senior Manager in both the Audit Practice and Management Consulting Practice.

*EXPERT WITNESS AND FORENSIC ACCOUNTING*

Since 1982, Mr. Engel has been engaged in the practice of forensic accounting and expert testimony in connection with a variety of business litigation matters including economic damages, bankruptcy and insolvency, fraud and embezzlement, business valuation, alter ego, wrongful termination, net worth calculations, and partnership and shareholder dissolutions. He has also been engaged in accounting malpractice and other matters requiring an evaluation of financial statements and compliance with Generally Accepted Accounting Principles and Generally Accepted Auditing Standards. He has made various presentations and has published research publications on the subject of economic damages, lost profits, alter ego, bankruptcy and insolvency and other forensic accounting topics.

Mr. Engel has served as an expert witness in over 500 cases and has testified in federal, bankruptcy and state courts. He has also testified in arbitration and has served as a court appointed accounting referee. His professional credentials include those of Certified Public Accountant (CPA), Certified Fraud Examiner (CFE), Certified Insolvency and Restructuring Advisor (CIRA), Certified Valuation Analyst (CVA), Master Analyst of Financial Forensics (MAFF) and Accredited in Business Valuation (ABV).

*Continues*

Highly Confidential - Attorneys' Eyes Only

American Institute of Certified Public Accountants   •   California Society of Certified Public Accountants

National Association of Certified Fraud Examiners   •   National Association of Certified Valuation Analysts   •   Association of Insolvency and Restructuring Advisors

# ENGEL & ENGEL, LLP
## CERTIFIED PUBLIC ACCOUNTANTS

**EXPERTISE:**
*ECONOMIC DAMAGES*
*BUSINESS LITIGATION*

Mr. Engel has extensive experience and expertise in investigating and developing economic damage calculations and providing expert testimony in connection with a wide variety of business litigation matters. He has earned the credential of a Master Analyst of Financial Forensics (MAFF) and has written various research publications on the subject of economic damages, lost profits, infringement damages, alter ego and other business litigation topics.

His experience and expertise includes investigating and calculating economic damages in connection with lost profits, lost goodwill, lost business value, contract damages, patent infringement, trademark infringement, copyright infringement, compensatory damages, consequential damages, lost earnings, reliance damages, construction delay damages, environmental and contamination damages, unfair business competition, misappropriation of trade secrets and lost opportunity damages. His experience and expertise also includes investigating and providing expert testimony as to the elements of alter ego and fraudulent transfers.

**EXPERTISE:**
*FINANCIAL FRAUD*

Mr. Engel is a Certified Fraud Examiner (CFE) and has extensive experience and expertise in investigating, detecting and uncovering financial fraud and embezzlement. His fraud expertise includes skilled knowledge and application of specialized investigatory techniques designed to detect fraud, embezzlement and fraudulent and misleading financial statements.

Mr. Engel has provided expert testimony in connection with a variety of fraud related engagements. He has experience in conducting fraud investigations in connection with civil and criminal white collar fraud, corporate and employee embezzlement, Ponzi schemes, lapping schemes, securities fraud, insurance fraud, contract fraud, misappropriation of funds and fraudulent and misleading financial statements.

**EXPERTISE:**
*BUSINESS VALUATION*

Mr. Engel is a Certified Valuation Analyst (CVA) and Accredited in Business Valuation (ABV). He has conducted in excess of 100 business valuations. His experience includes performing business valuations in a wide variety of industries, including manufacturing, wholesale, construction, insurance, health care, distributorship, retail establishments, real estate agencies, service enterprises, import and export, franchises and a variety of professional practices including medical, dental, accounting and law.

*Continues*

Highly Confidential - Attorneys' Eyes Only
American Institute of Certified Public Accountants • California Society of Certified Public Accountants
National Association of Certified Fraud Examiners • National Association of Certified Valuation Analysts • Association of Insolvency and Restructuring Advisors

# ENGEL & ENGEL, LLP
## CERTIFIED PUBLIC ACCOUNTANTS

He has conducted business valuations in connection with economic damages, bankruptcy and insolvency, mergers and acquisitions, fraudulent transfers, minority shareholder valuations, net worth calculations and marital, corporate and partnership dissolutions. He has also assisted counsel in evaluating and defending a $4.2 billion hostile takeover of a national insurance company.

**EXPERTISE:**
**BANKRUPTCY AND**
**INSOLVENCY**

Mr. Engel is a Certified Insolvency and Restructuring Advisor (CIRA). His experience in bankruptcy and insolvency includes court appointments by the United States Bankruptcy Court as the accountant for debtors, creditors and Trustees under both Chapters 7 and 11 of the United States Bankruptcy Code. He also served as an accounting expert for a United States Bankruptcy Judge.

Mr. Engel has testified as an expert witness in United States Bankruptcy Courts in a variety of bankruptcy issues. His bankruptcy and insolvency experience and expertise includes investigating, analyzing and testifying as to the elements of a fraudulent transfer including reasonable equivalent value, insolvency, unreasonable small assets, and inability to pay debts as they become due. In addition, Mr. Engel's experience and expertise includes preference analysis, liquidation analysis, analysis of adequate protection, preparation and analysis of reorganization plans, preparation and analysis of Interim Statements and Operating Reports, financial projections, business valuations, crisis management and fraud investigations of insiders and officers.

Mr. Engel has written various research publications on the subject of bankruptcy and insolvency. He has completed a course in the study of Business Reorganization under the Bankruptcy Reform Act sponsored by the University of Southern California Law Center.

**EDUCATION,**
**CERTIFICATIONS AND**
**MEMBERSHIPS**

Mr. Engel earned, in 1979, a Bachelor of Science in Business Administration with a specialty in accounting from California State University at Northridge. In 1982, he attained his CPA credentials and in 1992, he attained his CFE credentials. He attained his CVA and CIRA credentials in 1996 and his CFFA credentials in 2003.

He is a member of the California Society of Certified Public Accountants, the American Institute of Certified Public Accountants, the Management Consulting Section of the American Institute of Certified Public Accountants, the National Association of Certified Fraud Examiners, the Association of Insolvency and Restructuring Advisors, the National Association of Certified Valuation Analysts.

Highly Confidential - Attorneys' Eyes Only

Exhibit 2

**List of Cases**

**Involving Expert Testimony By**

**Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV**

1    Buica v. Talent Ventures (The Acting Corp) (2010)
2    Ferguson v. Broadway (2010)
3    Salvatore Gambino v. Solomon Fingold (2010)
4    Bluewater Sunset v. First View (2010)
5    Sara Lee Corporation v. Sycamore Family Bakery, Inc. (2010)
6    Moustaz Alsayed v. Harvey Capital Corp. (2010)
7    Dorfman v. Troy Hoidal (2010)
8    Miyajima v. Farquhar (2010)
9    101 South La Brea, LLC v. Progressive Management Systems, Inc. (2010)
10   Daniel A. Capen, M.D. v. Robert W. Hunt, M.D. (2010)
11   Fillpoint v. Michael Maas (2010)
12   Joshua Kapland v. Veolia  (2011)
13   Frederick C. Wilgram v. Frontstream Fast Transact,LLC (2011)
14   Mathew Zuckerman v. Green Earth Technologies, Inc. (2011)
15   City of Glendale v. The Insurance Company of the State of Pennsylvania (2011)
16   ICSI, Inc. v. Aim Group (2011)
17   Kassin v. Bently Forbes (2011)
18   Pacesetter v. Nervicon (2011)
19   Han v. Greenland (2011)
20   Laila Rose v. Don Bolin (2011)
21   Valley MFG v. Newell (2011)
22   Arbar Golestaneh No. v. Sierra Investments, LLC (2012)
23   Islam and Amin's Oil v. Indrogit Biswas, et al. (2012)
24   Suzy Yoon v. KRSW (2012)
25   See Plus, Inc. v. Invensys Systems, Inc. aka Wonderware (2012)
26   XYZ Distributors, Inc. V. COLA (2013)
27   Magnetic Imaging Medical Group (2013)
28   Kayne, et al. v. Christopher Ho, et al. (2013)
29   Bar-Kochba Botach v. Yochat Botach: Altatac Corporation (2013)
30   Riverside Global v. G Albert Hreish (2013)
31   Namco Capital Group Inc. v. Mousa Namvar (2013)
32   Cathay Bank v. Majid M. Shavan (2013)
33   Reynen & Bardis v. Contour Development Inc. (2013)
34   Colonial Pacific Leasing Corp.; GE Capital Commercial, Inc. v. Fatima Kazi (2014)
35   Leonel Silva v. Burrtec Waste Industries (2014)
36   Dr. Won R. Yoon v. Dr. Andrew K. Choi (2014)
37   John and Judith Delong v. Brown and Broza et al (2014)
38   Anne Roeser v. Computer Science Corporation (2014)
39   DC Partners v. Gnessin (2015)
40   Safar v. Argelander (2015)
41   Leona Horowitz v. Harold Joseph Brown et al (2015)
42   M&Y Management Inc. v. Shabatian (2015)
43   Matloubian v. Superior Home Design (2015)
44   Vistana Condominium Owners Association Inc. v. Patricia Arnott Inc. (2015)
45   Mighty Enterprises Inc. v. She Hong Industrial Company, LTD et al (2016)
46   Visalemo Transportation Services Company Inc. v. Heather Olson et al (2016)
47   Vahik Meserkhani v. Armen Hacopian (2016)

**List of Cases**
**Involving Expert Testimony By**

**Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV**

48    Marina Moskovenko v. Fenestra America (2016)
49    Laura Bell v. Morgan, Stanley, Smith & Barney (2016)
50    Michael Ross v. The Regents of the University of California et al (2016)
51    SPAP Company, LLC v. Clinical Products, LLC (2017)
52    Isabella Sanchez v. Durham School Services, et al (2017)
53    CRCH, LLC v. Lakha Properties-Chino Hills (2017)
54    FSP-South Flower Street v. Merchant Processing Solutions et al (2017)
55    Layton Construction v. Mint Development (2018)
56    915 S. Mateo Properties et al v. Timothy Norton (2018)
57    Lock & Lock Co., LTD v. Lock & Lock USA Distributor, Inc. (2018)
58    NREA - TRC 700, LLC v. Hurrell Cantrall, LLP (2018)
59    Optional Capital Inc. et al v. DAS Corporation et al (2019)
60    CRTV, LLC v. Mark Steyn et al (2019)
61    CTC Global Corporation v. Jason Huang et al (2019)
62    Atypical Brands, LLC v. ABV Group, Inc. (2019)
63    Gregory Econn v. ADSH Investments II, Inc. et al (2020)
64    Leona Horowitz v. Joseph G. Brown et al (2020)
65    Robert Richards and Amie Richards v. D&X Partnership et al (2020)
66    Skyline Urology v. Urology Associates Medical Group (2021)
67    Craig Berardi v. Impac Mortgage Holdings, Inc. et al (2021)
68    Smobile, Inc. v. Sony Interactive Entertainment, LLC (2022)
69    Wildcat Distributors, Inc. et al v. Mindey Morrison (2022)
70    Glam & Glits Nail Design, Inc. v. iGel Beauty, LLC et al (2022)
71    Maurice Arenson et al v. David Mandelbaum et al (2022)
72    Charlene Tang v. 829 Flower, LLC et al (2022)
73    Spin Green Contractors, Inc. v. Jewnjabi, Inc. et al (2022)
74    Art Architecture Books of the 21st Century v. Ace Gallery NY Corporation et al (2022)
75    Dr. Nina Yaftali v. Southern California Permanente Medical Group (2022)
76    A-dec, Inc. and A-dec Trading Company v. W&H Dentalwerk Bürmoos GMBH et al (2022)
77    Nancy Jaber and Abdalla Albazz v. SLZ Garden, INC., dba Gardena Buffet & Grill (2022)
78    San Juan Products, Inc. and American Environmental Container Corp. v. River Pools & Spas, Inc. et al (2022)
79    Mark R. Guzy and Shannon Guzy v. Timothy W. Nelson et al (2023)
80    Leila Taherkhani v. Zandi and Associates, LLC et al (2023)
81    DC Partners, Inc. DBA Soligen 2006 v. Eaton Areospace LLC et al (2023)
82    Mishael Family Trust of 2004 v. Simontov Eshaghian et al v. Hillcrest Center, LLC et al (2023)
83    Browne George Ross, LLP vs. Vahid Moradi and CJ Charles Jewelers (2023)
84    Schlomo Schmuel v. Caspar Management Group, LLC (2023)
85    Chris Ward v. Sergio Ramirez et al (2023)
86    Ziad Alhassen v. Tarek Alhassen et al (2023)
87    Douglas Amber v. BDMR Holdings LTD., Matthew Revich, and Jacob Djavaheri (2023)
88    Wildcat Distributors, Inc. et al v. Mindey Morrison (2023)
89    Amazing Grace Movie, LLC v. Neon Rated, LLC and Tom Quinn (2023)
90    Laura Stephenson v. City of Menifee et al (2023)
91    Urawa Corporation Co., LTD. v. Kupa Incorporated (2023)
92    Libiano Construction, Inc. v. Park Western Housing, LP et al (2024)
93    Passport 420, LLC et al v. Starr Indemnity & Liability Company (2024)
94    Ziad Alhassen v. Tarek Alhassen et al (2024)

**List of Cases**

**Involving Expert Testimony By**

**Jason A. Engel, CPA, CFE, CVA, CIRA, MAFF, ABV**

| | |
|---|---|
| 95 | Guven Uzun v. City of Santa Monica et al (2024) |
| 96 | Hospitality Marketing Concepts, LLC et al v. Peter Gorla (2024) |
| 97 | Mark L. Palmeri v. CEP America LLC et al (2024) |
| 98 | George Makridis v. Andrew Boulos et al (2024) |
| 99 | Credit Capital, LLC et al v. Mirko Jokanovic (2024) |
| 100 | Jack M. Nelson Jr. Living Trust Dated April 8, 2020: Mark Nelson v. Dorothy Nelson; Dorothy C. Nelson v. Mark Nelson as Personal Representative of Jack M. Nelson (2024) |
| 101 | Kourosh Dayan v. Daryoush Dayan (2024) |
| 102 | Jeffrey P. Perrotte v. Alice L. Boulton et al (2024) |
| 103 | C&M Investment Group, LTD. et al v. Harvey Champlin (2024) |
| 104 | Thomas O'Brien v. Bridgestone America's Tire Operations, LLC (2024) |
| 105 | Grant Robicheaux, M.D. v. Kasra Rowshan, M.D. et al (2025) |

# Exhibit 3

Shakey's Pizza Asia Ventures Inc. v. PCJV USA, LLC et al

**Documents Reviewed And Considered**
**As of 2/25/2025**

| Document | Entity | Years/Periods Received |
|---|---|---|
| **Agreements** | | |
| Tenancy Agreement | Potato Corner WA, LLC; South Center Owner LLC | 12/1/2023 |
| Retail Center Lease Agreement | The Americana at Brand, LLC; Stefan Simsih | 10/6/2011 |
| Deed of Assignment | Cinco Corporation; Shakey's Pizza Asia Ventures LLC | 2/23/2022 |
| Master License Agreement | Potato Corner Global Company Limited, Hong Kong; NKM Capital Group LLC | 4/28/2009 |
| Joint Venture Agreement | Cinco Corporation; Amit Nemanim; Guy Koren; Amir Jacoby | Not Provided |
| First Amendment To The Joint Venture Agreement | Potato Corner International; Guy Koren; Amir Jacoby; Inbal Jacoby | 10/17/2012 |
| Trademark, Copyright, and Know-How License Agreement | PC JV LLC; Cinco Corporation | 10/1/2010 |
| **Financial Documents** | | |
| Profit and Loss Statements | GK Cerritos LLC | 2022 - 2024 |
| Balance Sheet | GK Cerritos LLC | 2022 - 2024 |
| Profit and Loss Statements | HLK Milpitas LLC | 2022 - 2024 |
| Balance Sheet | HLK Milpitas LLC | 2022 - 2024 |
| Profit and Loss Statements | J&K Americana LLC | 2022 - 2024 |
| Balance Sheet | J&K Americana LLC | 2022 - 2024 |
| Profit and Loss Statements | J&K Lakewood LLC | 2022 - 2024 |
| Balance Sheet | J&K Lakewood LLC | 2022 - 2024 |
| Profit and Loss Statements | J&K Ontario, LLC | 2022 - 2024 |
| Balance Sheet | J&K Ontario, LLC | 2022 - 2024 |
| Profit and Loss Statements | J&K Valley Fair LLC | 2022 - 2024 |
| Balance Sheet | J&K Valley Fair LLC | 2022 - 2024 |
| Profit and Loss Statements | NKM Capital Group LLC | 2022 - 2024 |
| Balance Sheet | NKM Capital Group LLC | 2022 - 2024 |
| Profit and Loss Statements | PCIT Trading LLC | 2022 - 2024 |
| Balance Sheet | PCJV USA, LLC DBA Potato Corner | 2023 - 2024 |
| Statement of Operations and Members' Equity | PCJV USA, LLC DBA Potato Corner | 2024 |
| Profit and Loss Statements | GK Topanga LLC | 2024 |
| Franchise Disclosure Document - Financial Statements and Independent Auditors' Report | PCJV USA, LLC | 2020 - 2022 |
| Unaudited Interim Financial Statements | PCJV USA, LLC | 1/1/2023 - 3/31/2023 |
| Profit and Loss Statements | PCJV USA, LLC | 2018 - 2023 |
| Transaction Detail by Account | PCJV USA, LLC | 2018 - 2023 |
| Estimate Cost of Removal of Existing Signage | Potato Corner;  Comfort Messers DBA MDR Builders LLC | 11/18/2024 |
| Franchises Sales Projections Schedule | Various | 2021 - 2023 |

Shakey's Pizza Asia Ventures, Inc. v. PCJV USA, LLC et al

**Documents Reviewed And Considered**
**As of 2/25/2025**

| Document | Entity | Years/Periods Received |
|---|---|---|
| **Legal Documents** | | |
| Order Granting In Part and Denying in Part Motion to Dismiss and Motion for Preliminary Injunction | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); PCJV USA, LLC (Defendants) | 11/14/2024 |
| Plaintiff's Opposition To PCJV USA, LLC's And PCI Trading LLC's Notice of and Emergency Ex Parte Application for Order to Show Cause Re: Preliminary Injunction And Temporary Restraining Order | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 9/24/2024 |
| Declaration of Guy Koren | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 11/19/2024 |
| Declaration of Barry Kurtz | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 11/19/2024 |
| Declaration of Ashley Grudnowski | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 11/19/2024 |
| Declaration of Adam Mandel | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 11/19/2024 |
| Notice of Errata Re Exhibits To the Declaration of Guy Koren in Support of Ex Parte Application | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 11/20/2024 |
| First Amended Complaint | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 11/22/2024 |
| Declaration of Guy Koren with Additional Evidence in Support of the Court's Tentative Ruling Re: Preliminary Injunction | Cinco Corporation (Plaintiff); Guy Koren (Defendants) | 6/6/2018 |
| Declaration of Rada Kong | Shakey's Pizza Asia Ventures, Inc. (Plaintiff); Various (Defendants) | 12/1/2024 |
| **Letters** | | |
| Letter Re: Notice of Electronic Filing | Shakey's Pizza Asia Ventures Inc; PCJV USA, LLC | 11/20/2024 |
| Letter Re: Notice of Termination of License - Effective Immediately | Guy Koren; PCJV USA, LLC; PCI Trading LLC | 5/31/2024 |
| Letter Re: Offer of Short - Term Temporary License During PCJV's Licensing Dispute with the Owners of Potato Corner | Shakey's Pizza Asia Ventures Inc. | 11/22/2024 |
| Letter Re: Cease & Desist - Unauthorized Use of Potato Corner Trade Secrets and Proprietary Information | Ervin Cohen & Jessup LLC | 11/27/2024 |
| Letter Re: Confidential Settlement Communication | Ervin Cohen & Jessup LLC; Arash Beral | 5/4/2023 |
| **Correspondence** | | |
| Email Re: Attorney-Client Communication/ Work Product | Todd Malynn; Jason Engel; Brandon Engel | 12/11/2024 |
| Email Re: Potato Corner (PCJV) Historical Financial Information | Todd Malynn; Jason Engel; Brandon Engel | 11/19/2024 |
| Email Re: Mediation Questionnaire 2 | Todd Malynn; Jason Engel; Brandon Engel | 12/9/2024 |
| **Other Documents** | | |
| Adam Mandel, Job Descriptions and Responsibilities | Adam Mandel; Potato Corner USA | Not Provided |
| Joint Venture Operation Steps and Checklists PowerPoint Presentation | Cinco Corporation; Potato Corner U.S JV | October 2010 |
| PCJV's Total Open Store Count Graph | Potato Corner JV, LLC | 2010 - 2024 |

*Engel & Engel, LLP*

## **PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action; I am employed by BLANK ROME LLP in the County of Los Angeles, California at 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On February 28, 2025, I served the foregoing document(s) described as:

### **FEDERAL RULE OF CIVIL PROCEDURE, RULE 26(A)(1)&(2) DISCLOSURES OF DEFENDANTS, COUNTERCLAIMANTS, AND THIRD PARTY PLAINTIFFS**

on the interested parties in this action as follows:

Kenneth P. Hsu
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd., Twelfth Floor
Beverly Hills, CA 90212-2974
Email: khsu@ecjlaw.com

Michael D. Murphy
Fox Rothschild LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Email: mdmurphy@foxrothschild.com

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** By electronically mailing a true and correct copy through Blank Rome LLP's electronic mail system from arash.beral@BlankRome.com to the email addresses set forth above.

☒ **FEDERAL** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 28, 2025, at Los Angeles, California.

*/s/ Arash Beral*
_____
Arash Beral