**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Todd M. Malynn (SBN 181595)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF ARASH BERAL RE: DKT. NO. 284 AND SUBMISSION OF DEFENDANTS' PROPOSED VERDICT FORM**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:            August 26, 2025 |

160850.00001/154448422v.1

**DECLARATION OF ARASH BERAL RE: DKT. NO. 284 AND SUBMISSION OF DEFENDANTS' PROPOSED VERDICT FORM**

limited liability company and DOES 1 through 100, inclusive,

                      Defendants.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

                      Counter-Claimants,

     v.

SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

                      Counter Defendant.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

                      Third Party Plaintiffs,

     v.

PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,

                      Third Party Defendants.

# DECLARATION OF ARASH BERAL

I, Arash Beral, declare as follows:

1. I am a partner at Blank Rome LLP, counsel of record for Defendants, Counterclaimants, and Third Party Plaintiffs. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify under oath, I could and would testify competently thereto.

2. On Friday morning, in response to Mr. Murphy's 5:06 p.m. email of the previous evening—which did not materially advance our efforts to finalize a joint verdict form but rather demonstrated to us that he had devoted minimal attention to the draft Mr. Malynn had circulated last Monday—I sent an email addressed to both Mr. Murphy and Mr. Malynn. My purpose in addressing the email to Mr. Malynn was to avoid any impression that Mr. Murphy was being singled out and to ensure that personal feelings would not impede our progress. I offered to take time to create a new verdict form for the jury, drawing on my prior experience doing so in another federal trial where my approach satisfied all of the attorneys in that case. I asked that we reach consensus and be prepared to file the form later that day (by Friday night).

3. Mr. Murphy reacted negatively, prompting further correspondence. During those discussions, I furnished Mr. Murphy a preliminary list showing more than sixty (60) problems identified by Mr. Malynn with what Mr. Murphy was proposing. As I understood it, each of these deficiencies stemmed either from Mr. Murphy's refusal to work from the form Mr. Malynn had circulated on Monday or from Mr. Murphy's efforts to wholly delete our side's proposed revisions.

4. All those disputes aside, the 50+ page form under discussion would, in my judgment, impose an undue burden on both the Jury and the Court, rendering it effectively unworkable. Consequently, I devoted the better part of Friday to preparing a new streamlined version, which I circulated at 3:13 p.m, a true and

correct copy of which is attached hereto as **Exhibit A**. Exhibit A is no more than 10 pages long.

5. I prepared Exhibit A as a balanced, compromise proposal. The document grants Plaintiff its originally requested "general" verdict form but does so on a reciprocal basis that applies equally to both sides. Complementing the verdict form is an Appendix containing seven questions which address the trademark issues that I believe the trademark lawyers in this case have identified as dispositive and that the Jury must resolve in an intelligent order. Notably, Question 6 directs the Jury—if it reaches that point—to determine the duration of Defendants' right to use the trademarks in the United States, offering four check-the-box alternatives for ease of decision, including a "May 31, 2024" box for the Jury to effectively find that Plaintiff's May 31, 2024 termination was proper.

6. I thought this proposal would get traction and that we could hopefully agree to and file it that same day (Friday). Indeed, it was *Mr. Murphy* who first desired a short "general verdict" form on Plaintiff's claims.

7. About an hour and a half later, at 4:40 p.m. on Friday, the Court entered Dkt. No. 284, directing the parties to file their verdict form by 7:00 a.m. on Monday, August 25. We, unfortunately, did not hear from Mr. Murphy any further on Friday.

8. We did not hear from Mr. Murphy on Saturday morning either. On Saturday afternoon, Mr. Murphy sent an email summarily rejecting my form stating simply: "Appendices in verdict forms is a bad idea."

9. Over the weekend, Mr. Malynn attempted multiple times to engage Mr. Murphy on my proposed form. On Sunday evening, however, Mr. Murphy declared my form as "confusing" and "oversimplify[ies] everything in a way that inures to your clients' benefit."

///

10. Mr. Malynn continued to engage and meet and confer with Mr. Murphy on the alternative 50+ page form, on which there appear to be significant disputes and impasses. Mr. Malynn answered Mr. Murphy's questions, provided his comments and feedback, and attempted to reach a resolution. No resolution was reached on the 50+ page form.

11. Throughout this litigation I have consistently approached each disagreement with the goal of achieving a fair and efficient resolution, rather than manufacturing disputes for tactical advantage. Despite my expressed desire to file a joint verdict form by Friday night, we received no response from Mr. Murphy on Friday after the Court entered Dkt. No. 284. It has become apparent to me that Mr. Murphy "used" the "additional time" to manufacture inaccurate email records over the weekend, shift the burden back to us so as to later claim—falsely—that we are to blame for the impasse. Mr. Murphy, however, made no meaningful effort to engage with either of our drafts, only superficial attempts for the sake of appearance.

12. I have no desire, now or ever, to be sanctioned or held in contempt for failing to comply with any order issued by any court. We first circulated our proposed verdict form over 3 months ago, on May 23, 2025. We did not get Plaintiff's version until approximately an hour before it was due to be filed jointly, on July 29, 2025. *See* Dkt. No. 249-1 at Paragraphs 31-33; Dkt. No. 241 at Paragraphs 5-7, 20. While we worked collaboratively with Ms. Tirtasaputra for a few short days when Mr. Murphy was not leading the discussions, we have not heard from any counsel other than Mr. Murphy for days. Reaching consensus and having a genuine meet and confer with Mr. Murphy has been nearly impossible. Once again, Mr. Murphy has "used" this additional time to: (a) shift blame on us (e.g. at 8:34 pm tonight, he emailed Mr. Malynn stating, "you may have already sabotaged our ability to meet the 7 am deadline"), (b) repeatedly mischaracterize the

state of discussions (claiming, for example, that the parties are "very close" or that there are "very few actual disagreements" or that "we appear to now have agreement on a single joint verdict form with some disagreements here and there" when none of that is or was true), and (c) misleadingly frame the issues suggesting that his draft is the "only" viable option while refusing to substantively engage with either Mr. Malynn's Monday, August 18 draft or my streamlined, August 22 draft.

13. Mr. Murphy informed us at 8:34 pm Sunday night that he plans to "conduct research" and send us an "incomplete" substantive response (even though he had promised a complete "substantive response" earlier today). He never did provide anything.

14. While I submit this declaration primarily to affirm our good-faith compliance with joint filings (which require Plaintiff's reciprocal good-faith compliance) and thereby avoid the imposition of sanctions, I also respectfully maintain that the form of order I have proposed at Exhibit A is the most practical and equitable for this case, and that it will best serve the Jury and the Court alike.

15. I therefore request that the Court review and adopt my proposed form at Exhibit A to this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed August 25, 2025, within the United States, its territories, possessions, or commonwealths.

/s/ Arash Beral
Arash Beral

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 25, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2025.

By:  /s/AJ Cruickshank