UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PCJV USA, LLC et al., <br><br> Defendants. | Case No. 2:24-cv-04546-SB-AGR <br><br> ORDER FOR FURTHER CLARIFICATION OF CLAIMS AND TRAILING TRIAL |

    As previously observed, "[t]he parties' failure to pre-try this case (including Plaintiff's failure to even begin propounding written discovery until five months into the six-month discovery period) and narrow the issues by filing appropriate motions, together with their apparent inability or unwillingness to cooperate or meet pretrial deadlines, has resulted in extraordinarily deficient pretrial filings that make it difficult even to discern the scope of the trial, let alone prepare appropriate voir dire, jury instructions, and a verdict form and be in a position to rule on evidentiary objections."  Dkt. No. 291.[1]  The Court continues to review the parties'

---

[1] The Court issued its case management order (CMO) on September 6, 2024, giving the parties until March 14, 2025 to complete fact discovery, and cautioned that the parties "should plan to complete discovery far enough in advance of the discovery deadline to allow for the filing of a discovery motion if necessary and for completion of the discovery allowed if relief is granted" and "should prepare this case without expecting an extension of any pretrial or trial deadline, even if the extension request is by stipulation."  Dkt. No. 29 at 2, 4.  As disclosed in the joint statement of discovery history ordered by the Court, Defendants waited three months (until December 6, 2024) to propound their first written discovery, and Plaintiff waited more than five months (until February 14, 2025—a month before the close of fact discovery) to propound its first and only written fact discovery—a single set of requests for production.  Dkt. No. 274 at 2.  The parties did not exchange initial disclosures until more than five months after the CMO issued, and

voluminous trial submissions in an effort to prepare this case for trial and hopes to be in a position to hear from counsel productively on September 12 and to proceed to trial shortly thereafter.  Trial is therefore continued to September 12, 2025 at 8:30 a.m. in Courtroom 6C, although only counsel need appear on that date.

To further clarify the claims at trial and enable the Court to adjudicate evidentiary objections and instruct the jury properly, the parties are ordered to meet and confer in person or by video conference to further discuss each of the items below.  The parties shall file a joint report addressing each of these items no later than 9:00 a.m. on September 10, 2025:

- As to Plaintiff's claims for trademark infringement and false designation of origin under 15 U.S.C. §§ 1114 and 1125(a) and the common law in Counts 1 and 3–6, Plaintiff has at times asserted that they have the same elements.  Dkt. No. 244 at 6.  Although Plaintiff proposes separate questions for these causes of action in its proposed verdict form, the proposed jury instructions include only the elements of common-law trademark infringement and contributory trademark infringement, with no separate instructions for false designation of origin.  It is unclear what purpose would be served by presenting the jury with separate theories of trademark infringement; especially given the joint ownership of Defendants, it is not clear that Plaintiff will be able to recover on an inducing theory or a contributory infringement theory if it is unable to establish direct infringement, and unnecessarily instructing the jury on additional theories is likely to increase confusion.  Plaintiff shall clarify whether it wishes to pursue its inducement and contributory infringement theories at trial.  If so, Plaintiff shall identify (1) for purposes of its "inducing infringement" instruction, which defendant is alleged to be the direct infringer and which defendant(s) is alleged to have to have induced the direct infringer to commit infringement and (2) for purposes of its "contributory infringement" instruction, which defendant is alleged to be the direct infringer and which defendant(s) is alleged to have sold goods or services to the direct infringer.

- Plaintiff's memorandum of contentions of law and fact asserts that Guy Koren took flavorings and gave them to a third party to reverse engineer.

---

Plaintiff conducted only one deposition.  *Id*. at 2–3.  These facts, unknown to the Court when it denied Plaintiff's untimely request for a six-month extension of the CMO (Dkt. No. 208), provide further support for the Court's finding that Plaintiff had not been diligent.

> Dkt. N. 199 at 11. It is not clear what trade-secret misappropriation the other defendants are alleged to have committed. For Plaintiff's trade-secret claim, Plaintiff shall clarify which defendant(s) is alleged to have misappropriated each of the alleged trade secrets, and how.
>
> - Defendants' counterclaims 2 and 3 allege that Plaintiff induced breach of contract and intentionally interfered with contractual relationships. As Defendants recognize, such claims may be brought only by a party to the contract that was breached or interfered with. For each of those counterclaims, Defendants shall identify (1) which defendant is bringing the claim and (2) what contract—and contract provision—was breached or interfered with.
>
> - Similarly, for Defendants' counterclaims 4 and 5, Defendants shall identify each economic relationship with which Plaintiff allegedly interfered and which defendant is asserting the claim for breach of that relationship.
>
> - For Defendants' counterclaim 6, alleging that Plaintiff aided and abetted torts, Defendants shall identify each tort Plaintiff allegedly aided and which defendant was the victim of that tort and is bringing the claim.
>
> - For Defendants' counterclaims 7–9, alleging that Plaintiff and Cinco breached fiduciary duties, breached contracts, and breached the implied covenant of good faith and fair dealing, Defendants shall identify for each alleged breach: (1) which defendant brings the claim, (2) which contract and contract provision gives rise to the alleged breach, and (3) which counterclaim defendant is alleged to have committed the breach.
>
> - For Defendants' quantum meruit counterclaim, which is asserted against all counterclaim defendants, Defendants shall identify as to each counterclaim defendant what services that counterclaim defendant requested from each of the defendants bringing the claim.

In addition to clarifying the scope of their claims, the Court encourages both sides to consider how best to narrow their claims to focus on presenting the jury with the core theories of liability they believe are viable rather than confusing and overwhelming the jury by presenting every conceivable theory that has survived to trial because of the absence of dispositive pretrial motions.

3

The parties' estimated trial times are highly excessive, reflecting their failure to focus the claims and issues for trial.  Plaintiff has estimated a 7-day trial; Defendants have estimated a 15-day trial; and the total time for examination of witnesses reflected in their joint witness list is approximately 49 hours, which amounts to about 8 days of testimony.  The Court will discuss its expectations further on September 12, but the parties should not anticipate being allowed more than ten hours per side to present their case (including opening statements, closing arguments, and direct and cross-examination).  No later than noon on September 10, 2025, the parties shall file an amended joint witness list that provides a more realistic estimate of the time each witness will testify and the scope of the witnesses' testimony.

In response to the Court's order regarding duplicate exhibits, the parties withdrew 107 exhibits (15 percent of the total exhibits in their joint exhibit list).  This reduces the challenged exhibits somewhat, but the parties' objections remain unreasonably numerous.  The parties shall meet and confer further to narrow their disputes, and no later than noon on September 10, 2025, shall file a second amended joint challenged exhibits list reflecting only the disputes that remain.  The parties shall not raise any new arguments; they shall only remove from the amended challenged exhibits list at Dkt. No. 271 the exhibits and objections that have been resolved and add at the beginning of the document a list of the exhibit numbers that were included in Dkt. No. 271 that are no longer in dispute.

The pretrial filings thus far have been riddled with significant careless errors that have impeded the Court's review and caused significant delay and disruption.  *E.g.*, Dkt. No. 260 at 91 (Plaintiff's argument objecting to one of its own proposed jury instructions).  The Court expects the parties to pay closer attention to future filings.

Date: September 5, 2025

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge