EXHIBIT 1

Michael D. Murphy (SBN 224678)
mdmurphy@foxrothschild.com
Matthew Follett (SBN 325481)
mfollett@foxrothschild.com
Jessica Nwasike (SBN 343087)
jnwasike@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant
SHAKEY'S PIZZA ASIA VENTURES, INC. and
Third Party Defendants CINCO CORPORATION,
PC INTERNATIONAL PTE LTD., and SPAVI
INTERNATIONAL USA, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, | PCase No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**PLAINTIFF'S PROPOSED AMENDED TRADEMARK JURY INSTRUCTIONS**<br>Complaint Filed: May 31, 2024<br>Trial Date: August 18, 2025 |

i

LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,

Defendants.

---

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

Counter-Claimants,

v.

SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

Counter Defendant.

---

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK

ii
**JOINT PROPOSED JURY INSTRUCTIONS**
175605561.1
160850.00001/154722954v.6

| | |
|---|---|
| 1 | CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Third Party Plaintiff, |
| 6 | v. |
| 7 | |
| 8 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 9 | |
| 10 | |
| 11 | |
| 12 | Third Party Defendants. |

0

**JOINT PROPOSED JURY INSTRUCTIONS**

175605561.1
160850.00001/154722954v.6

## PROPOSED JURY INSTRUCTION NO. 45

### (Preliminary Instruction--Trademark)

The plaintiff, SPAVI, seeks damages against each of the defendants, for trademark infringement, false designation, and unfair competition. The defendant denies infringing the trademark, unfairly competing and contends the trademark is invalid. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION AND FUNCTION OF A TRADEMARK**

A trademark is a word, name, symbol, or device, or any combination of these items that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace. The main function of a trademark is to identify and distinguish goods or services as the product of a particular manufacturer or merchant and to protect its goodwill.

**HOW A TRADEMARK IS OBTAINED**

A trademark is "used" for purposes of this instruction when it is transported or sold in commerce and the trademark is attached to the product, or placed on its label or container. A service mark is "used" for purposes of these instructions when it is displayed in the sale or advertising of services.

A person acquires the right to exclude others from using the same mark or a similar mark that is likely to cause confusion in the marketplace by being the first to use it in the marketplace, or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark.

A person is deemed to have used a mark if it uses the mark for its own benefit, or someone else, usually a licensee, uses the mark for its benefit. Licensees may not claim that they were the first to use a mark if they used that mark the first

1

time as a licensee on behalf of a licensor. A person's right to exclude others from using a mark based on first use arises whether that person used the mark directly, or, if that person has licensed the right to use a mark to another person (the "licensee").

**TRADEMARK INTERESTS**

The owner of a trademark may transfer, give, or sell to another person the owner's interest in the trademark. This type of agreement is called an assignment, and the person who receives the owner's interest is called an assignee and becomes the owner of the mark. An assignee has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace. To be enforceable, the assignment must be in writing and signed. It must also include the goodwill of the business connected with the trademark.

The owner of a trademark may also enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee. When the owner of a mark enters into a license, they are called a licensor, and in granting the licensee the right to use the marks, at all times during the license, the licensee's use is deemed to be the use of the licensor. This means that all benefits created by the licensee benefit the licensor.

A trademark assignee may enforce the right to exclude others in an action for infringement or assert a claim for unfair competition.

**TRADEMARK REGISTRATION**

After the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace in connection with the type of goods specified in the certificate. These presumptions in favor of the

owner created by the certificate of registration can be overcome or rebutted only by certain types of evidence that I will describe to you later as appropriate.

**LIKELIHOOD OF CONFUSION**

To prove infringement, the plaintiff usually must prove, by a preponderance of the evidence, that the defendant, without the Plaintiff's consent, used in commerce a reproduction, copy, counterfeit or colorable imitation of Plaintiff's mark in connection with the distribution or advertisement of goods, such that the defendant's use of the mark is likely to cause confusion as to the source of the goods. It is not necessary that the mark used by the defendant be an exact copy of the Plaintiff's mark. Rather, the plaintiff must demonstrate that, viewed in its entirety, the mark used by the defendant is likely to cause confusion in the minds of reasonably prudent purchasers or users as to the source of the product in question.

In this case, however, Plaintiff alleges that Defendants are what are known as "holdover tenants," in which they once had permission to use the exact same trademarks and after the permission was terminated, they kept using the exact same trademarks.

There is a presumption of a likelihood of confusion when the offending mark is a counterfeit mark, or a mark virtually identical to a previously registered mark coupled with the intent to pass off or borrow from established good will. A counterfeit mark is "a counterfeit of a mark that is registered . . . , whether or not the person against whom relief is sought knew such mark was so registered.

**THE PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff, SPAVI, contends that the defendants have infringed the Plaintiff's trademark. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the

1 defendant infringed the Plaintiff's trademark.

# PROPOSED JURY INSTRUCTION NO. 53

## (Infringement—Elements—Ownership—Generally)

The law entitles the trademark owner to exclude others from using that trademark. A person acquires the right to exclude others from using a trademark by lawfully using it first in the marketplace or by lawfully using it before the alleged infringer. A person's right to exclude others from using a mark based on first use arises whether that person used the mark directly, or, if that person has licensed the right to use a mark to another person (the "licensee").

A person also acquires the right to exclude others from using a trademark if industry or public usage creates, for a majority of relevant consumers, an association between the person and the mark prior to the alleged infringer's use.

If you find one or more of Plaintiffs' marks to be valid, that is, inherently distinctive, you must consider whether the Plaintiff used the marks as a trademark for Plaintiff's business before the defendant began to use the marks to market its restaurants in the area where the plaintiff sells its products.

A trademark is "used" for purposes of this instruction when it is transported or sold in commerce and the trademark is attached to the product, or placed on its label or container.

DATED: August 14, 2025   **BLANK ROME LLP**

By: _____
   Todd M. Malynn
   Arash Beral
   Jamison T. Gilmore
Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs

DATED: August 14, 2025   <u>*/s/ Michael D. Murphy*</u>
   Michael D. Murphy
   Matthew Follett
   Fox Rothschild LLP
   *Attorneys for Plaintiff and Counterclaim Defendant, and Third Party Defendants*