EXHIBIT 4

**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Jamison T. Gilmore (SBN 322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DEFENDANTS' AMENDED PROPOSED TRADEMARK JURY INSTRUCTIONS IN RESPONSE TO DKT. NO. 292**<br><br>Complaint Filed: May 31, 2024<br>Trial Date: September 12, 2025 |

i
**DEFENDANTS' AMENDED PROPOSED TRADEMARK JURY INSTRUCTIONS**160850.00001/155351485V.2

| | |
|---|---|
| 1 | liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive, |
| 7 | Defendants. |
| 8 | _____ |
| 9 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 16 | Counter-Claimants, |
| 17 | v. |
| 19 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 21 | Counter Defendant. |
| 22 | _____ |
| 23 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |

ii

```
                              Third Party Plaintiff,
         v.

PC INTERNATIONAL PTE LTD., a
Singapore business entity; SPAVI
INTERNATIONAL USA, INC., a California
corporation; CINCO CORPORATION, a
Philippines corporation; and ROES 1 through
10, inclusive,

                              Third Party Defendants.
```

Defendants hereby submit the following amended proposed trademark jury instructions in response to the Court's Order at Dkt. No. 292.

Dated: September 5, 2025

**RESPECTFULLY SUBMITTED,**
**FOX ROTHSCHILD LLP**

_____
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

DATED: September 5, 2025

**BLANK ROME LLP**

By: */s/ Todd M. Malynn*
Todd M. Malynn
Arash Beral
Jamison T. Gilmore
Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

**THE PCJV USA PARTIES' PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 45**

**(Preliminary Instruction--Trademark)**

The plaintiff, SPAVI, seeks damages against the PCJV USA Parties for trademark infringement, false designation, and unfair competition. The PCJV USA Parties deny infringing the trademark and unfairly competing and contend they have a superior right to use and control the trademark. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**DEFINITION AND FUNCTION OF A TRADEMARK**

A trademark is a word, name, symbol, or device, or any combination of these items that indicates the source of goods or services. The owner of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace. The main function of a trademark is to identify and distinguish goods or services as coming from a particular manufacturer or merchant and to protect the manufacturer or merchant's goodwill.

**HOW A TRADEMARK IS OBTAINED**

A person acquires the right to exclude others from using the same mark or a similar mark that is likely to cause confusion in the marketplace by being the first to lawfully use it in the marketplace, or by lawfully using it before the alleged infringer. Rights in a trademark are obtained only through lawful commercial use of the mark.

**TRADEMARK INTERESTS**

The owner of a trademark may transfer, give, or sell to another person the owner's interest in the trademark. This type of agreement is called an assignment, and the person who receives the owner's interest is called an assignee and becomes the owner of the mark. An assignee has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace. To

Deleted: s

be enforceable, the assignment must be in writing and signed. It must also include the goodwill of the business connected with the trademark.

The owner of a trademark may also enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee. If such an agreement exists, a licensee's use of the trademark inures to the benefit of a licensor provided that the licensor exercised adequate quality control over the use of the trademark in the United States.

A trademark assignee may enforce the right to exclude others in an action for infringement or assert a claim for unfair competition.

**TRADEMARK REGISTRATION**

A person or entity may obtain a certificate of registration issued by the United States Patent and Trademark Office. A trademark registration is also assignable. Thereafter, when the owner or assignee brings an action for infringement, it may rely solely on  the registration certificate to prove that the trademark is valid and the owner, or assignee upon proof of a valid trademark assignment, has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace in connection with the type of goods or services specified in the certificate.  These presumptions created by the certificate of registration can be overcome or rebutted by a showing of the defendant to senior rights in the mark, to a superior claim to ownership, to an invalid assignment or to defenses to enforcement of the registration.

**THE PLAINTIFF'S BURDEN OF PROOF**

In this case, the plaintiff, SPAVI, contends that the PCJV USA Parties have infringed SPAVI's trademark, which it claims was assigned to it by the trademark registrant, Cinco Corporation. SPAVI has the burden of proving by a preponderance of the evidence that it is the owner of the trademark and that the PCJV USA Parties

Deleted: an
Deleted: it
Deleted: in favor of the owner or assignee

continued to use the trademark without authorization. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that SPAVI owns the trademark and that the PCJV USA Parties continued to use the trademark without SPAVI's authorization.

**THE PCJV USA PARITES' ALTERNATIVE PROPOSED JURY INSTRUCTION NO. 48**

**(Infringement – Elements and Burden of Proof)**

On Plaintiff's claims for trademark infringement and unfair competition, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the trademark registrant, Cinco Corporation, was the senior user of the trademarks in the United States;
2. That the trademark registrant, Cinco Corporation, exercised adequate quality control over the use of the trademarks in the United States;
3. That the trademark assignee, SPAVI, acquired the goodwill associated with the U.S. trademarks;
4. That the PCJV USA Parties used the U.S. trademarks in interstate commerce;
5. That the PCJC USA Parties used the U.S. trademarks in interstate commerce without legal authorization in a manner that was likely to cause confusion among ordinary consumers as to the source, origin, sponsorship, affiliation, or approval of the services at issue; and
6. That SPAVI had suffered actual damages resulting from Defendants' alleged unauthorized use of the U.S. trademarks.

If you find that each of the elements on which SPAVI has the burden of proof has been proved, absent a defense, your verdict should be for SPAVI on its trademark infringement and unfair competition claims. If, on the other hand, SPAVI has failed to prove any of these elements, or the PCJV USA Parties have met their burden of proof as to a defense to SPAVI's claims, your verdict should be for Defendants on SPAVI's trademark infringement and unfair competition claims.

**Deleted:** proven by a preponderance of evidence

**THE PCJV USA PARTIES' PROPOSED ALTERNATIVE JURY INSTRUCTION NO. 49**

**(Infringement—Elements—Presumed Validity and Ownership—Registered Trademark (15 U.S.C. §§ 1057, 1065 and 1115))**

I gave you instruction number [*insert number of instruction regarding Trademark Elements and Burden of Proof, e.g., 15.6*] that requires the plaintiff to prove by a preponderance of the evidence that the trademark is valid and protectable and that the plaintiff owns the trademark.

One way for the plaintiff to prove trademark validity is to show that the trademark is registered and that it acquired the goodwill associated with the registered trademark. A person or entity may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity of the trademark, but not its assignment.

> **Deleted:** s
> **Deleted:** and protectability
> **Deleted:** .

**PCJV USA PARTIES' PROPOSED ALTERNATIVE**
**JURY INSTRUCTION NO. 51**
**(Infringement—Elements—Ownership—Generally)**

The law entitles the trademark owner to exclude others from using that trademark. A person acquires the right to exclude others from using a trademark by lawfully using it first in the marketplace or by lawfully using it before the alleged infringer. A person also acquires the right to exclude others from using a trademark if industry or public usage creates, for a majority of relevant consumers, an association between the person and the mark prior to the alleged infringer's use.

In this case, you must consider whether Plaintiff's alleged assignor, Cinco Corporation, used the marks as a trademark for its business before the PCJV USA, LLC began to use the marks to market their restaurants in the area where Plaintiff sells its restaurant and catering services. A trademark is "used" for purposes of this instruction when it is affixed to material identifying the source of services from those of others. If senior use of a trademark was made under a license agreement, that use would inure to the benefit of the trademark registrant provided that the trademark registrant exercised adequate quality control over the use of the trademark in the United States. If Plaintiff has not shown by a preponderance of the evidence that Cinco Corporation lawfully used the trademark at issue before PCJV USA, LLC, then you cannot conclude that Plaintiff is the owner of the trademark.

**Source:** Ninth Circuit Model Civil Jury Instruction 15.13 Infringement—Elements—Ownership—Generally.

Margin comments (Deleted):
- If you find one or more of Plaintiff's marks to be valid, that is, distinctive,
- (blank)
- Plaintiff's
- its
- product
- s
- ¶
- ¶
- Plaintiff
- (blank)

**PROPOSED JURY INSTRUCTION NO. 52**

**(Trademark Ownership—Senior Use)**

In cases where a trademark registrant, itself, has not made continuous use of a trademark in the United States but is claiming continuous use of a trademark through a licensee, the alleged licensee has standing to rebut the presumption of ownership arising from a trademark registration and to prove that its use of the trademark in the United States inured to its own benefit. A defendant who is the alleged licensee bears the initial burden of proof to rebut the presumption of ownership favoring the trademark registrant by proving senior use of the mark, *i.e.*, that its use of the trademark inured to its own benefit. If that initial burden is met, the burden of proof shifts back to the plaintiff to prove by a preponderous of evidence that the trademark registrant is the senior user of the trademark, *i.e.*, that the defendant's use of the trademark inured to the sole benefit of the trademark registrant.

In resolving senior use and trademark ownership in this case, you must first look to the relevant agreements between PCJV USA, LLC, PCI Trading, LLC, GK Capital Group, LLC, Guy Koren, Potato Corner LA Group, LLC, and NKM Capital Group, LLC (collectively, "PCJV USA Parties") and Cinco Corporation ("Cinco"), the trademark registrant, to determine who owned the U.S. trademarks. Cinco could not sell that which it did not own. If the person who first lawfully used a trademark in commerce agreed that somebody else would own the trademark, then the senior user and owner of the trademark is identified by the parties' agreement.

In the absence of an agreement regarding trademark ownership, Cinco would remain presumed to have owned the registered U.S. trademarks. To rebut the presumption in the absence of an agreement, the following factors may be considered:

1. Which party invented and affixed the marks to the services at issue;
2. Which party's name appeared with the trademarks;
3. Which party maintained the quality and uniformity of trademark usage;

7

**DEFENDANTS' AMENDED PROPOSED TRADEMARK JURY INSTRUCTIONS**
160850.00001/155351485v.2

4. Which party did the public identify with the services and received complaints from consumers; and

5. Which party possesses the goodwill associated with the product.

**Source:** Ninth Circuit Model Civil Jury Instruction 15.17 Trademark Ownership—Merchant or Distributor.

**PROPOSED JURY INSTRUCTION NO. 54**

**(Special Instruction:  Abandonment through Assignment in Gross)**

A trademark assignment that does not include the goodwill associated with the trademark is invalid.

Goodwill is the value attributable to a going concern apart from its physical assets—the intangible worth of buyer momentum emanating from the reputation and integrity earned by a company.  A trademark is merely the symbol by which the public recognizes that reputation and hence has no independent significance apart from the goodwill.

Plaintiff bears an initial burden of proof that goodwill was the subject of a valid assignment. A mere recitation in the assignment agreement that the trademark was assigned with the goodwill of the business symbolized by the trademark is insufficient to establish a valid assignment.

If you determine that Plaintiff met its initial burden of proof, then the burden shifts to the Defendants to prove by clear and convincing evidence that the goodwill of the business symbolized by the trademark was not transferred to Plaintiff.

Authority:  *Parkinson v. Robanda Intern., Inc.*, 641 F.App'x 745, 746-47 (9th Cir. 2016); 2 McCarthy on Trademarks & Unfair Competition § 18:2. Anti-assignment-in-gross rule—Trademark cannot be assigned apart from the good will it symbolizes.

**PCJV USA PARTIES' PROPOSED ALTERNATIVE**

**JURY INSTRUCTION NO. 57**

**(Derivative Liability—Inducing Infringement)**

A person is liable for trademark infringement by another if the person intentionally induced another to infringe the trademark.

The plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. PCJV USA, LLC infringed SPAVI's trademark;
2. PCJV USA LLC intentionally induced each of the other Defendants to infringe SPAVI's trademark; and
3. SPAVI was damaged by the other Defendants' infringement.

If you find that SPAVI has proved all these elements, then, absent PCJV USA, LLC proving a defense, your verdict for inducing infringement should be for Plaintiff. If, on the other hand, SPAVI has failed to prove any of these elements, your verdict should be for PCJV USA, LLC.

**Source:** Ninth Circuit Model Civil Jury Instruction 15.20 Derivative Liability—Inducing Infringement.

> **Deleted:** by a preponderance of evidence

**PCJV USA PARTIES' PROPOSED ALTERNATIVE**
**JURY INSTRUCTION NO. 58**
**(Derivative Liability—Contributory Infringement)**

A person is liable for trademark infringement by another if the person sells goods or services to another knowing or having reason to know that the other person will use the goods or services to infringe the plaintiff's trademark.

SPAVI has the burden of proving the following elements by a preponderance of the evidence:

1. That SPAVI owns the trademarks;
2. That Defendants used the trademarks without authorization;
3. That one defendant sold or supplied goods or services using the trademarks to another defendant;
4. That the defendant who sold or supplied goods or service using the trademarks knew or should have known that the other person would use the trademarks without authorization in providing services under the trademarks;
5. That the other defendant used the goods or service without authorization in providing services under the trademark; and
6. That SPAVI was damaged by the infringement.

If you find that SPAVI has proved all these elements, then, absent the defendant proving a defense, your verdict for contributory infringement should be for Plaintiff. If, on the other hand, SPAVI has failed to prove any of these elements, your verdict should be for Defendants.

**Source:** Ninth Circuit Model Civil Jury Instruction 15.21 Derivative Liability—Contributory Infringement.

**PROPOSED JURY INSTRUCTION NO. 59**

**(Defenses—Abandonment—Affirmative Defense—Defendants' Burden of Proof)**

The assignee of a trademark cannot exclude others from using the trademark if it has been abandoned.

Defendants PCJV USA, LLC; PCI Trading, LLC; Guy Koren; Potato Corner LA Group, LLC; NKM Capital Group, LLC; J&K Americana, LLC; J&K Lakewood, LLC; J&K Valley Fair, LLC; J&K Ontario, LLC; HLK Milpitas, LLC; GK Cerritos, LLC; J&K PC Trucks, LLC; and GK Capital Group, LLC ("PCJV USA Parties") contend that the trademark has become unenforceable because the owner abandoned it. The owner of a trademark cannot exclude others from using the trademark if it has been abandoned.

The PCJV USA Parties contend that the trademark has become unenforceable because the owner abandoned it. PCJV USA Parties have the burden of proving abandonment by clear and convincing evidence.

The owner of a trademark abandons the right to exclusive use of the trademark when the owner does any one of the following:

1. discontinues its use in the ordinary course of trade, intending not to resume using it;
2. acts or fails to act so that the trademark's primary significance to prospective consumers has become the service itself and not the provider of the service; or
3. fails to exercise adequate quality control over the service sold under the trademark by a licensee.

**Source:** Ninth Circuit Model Civil Jury Instruction 15.22 Defenses—Abandonment—Affirmative Defense—Defendants' Burden of Proof.

**PROPOSED JURY INSTRUCTION NO. 60**

**(Special Instruction: Abandonment through Naked Licensing)**

A trademark owner loses its trademark rights when it licenses a trademark and does not exercise adequate quality control over the licensee's use of the trademark. That is called "naked licensing."

Defendants PCJV USA, LLC; PCI Trading, LLC; Guy Koren; Potato Corner LA Group, LLC; NKM Capital Group, LLC; J&K Americana, LLC; J&K Lakewood, LLC; J&K Valley Fair, LLC; J&K Ontario, LLC; HLK Milpitas, LLC; GK Cerritos, LLC; J&K PC Trucks, LLC; and GK Capital Group, LLC ("PCJV USA Parties") contend that first Cinco Corporation, then Plaintiff engaged in naked licensing. They must prove a naked license by clear and convincing evidence. Use the following factors to determine if adequate control of the trademark was exercised:

1) The trademark owner had a contractual right to control the nature and quality of the use of its mark.

2) The trademark owner actually controlled the nature and quality of the use of its mark.

3) The trademark owner reasonably relied on a licensee to control the nature and quality of the use of its mark.

Do not consider whether the trademark owner's intended to abandon its trademark.

**Source:** *Barcamerica Intern. USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-97 (9th Cir. 2002); 2 McCarthy on Trademarks & Unfair Competition § 18:48. Trademark licensing with quality control: the prohibition against "naked licensing."

DATED: September 5, 2025     **BLANK ROME LLP**

By: /s/ *Todd M. Malynn*
Todd M. Malynn
Arash Beral
Jamison T. Gilmore
Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC