MICHAEL D. MURPHY (SBN 224678)
mdmurphy@foxrothschild.com
MATTHEW FOLLETT (SBN 325481)
mfollett@foxrothschild.com
MEEGHAN H. TIRTASAPUTRA (SBN 325572)
mtirtasaputra@foxrothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:  310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Jamison T. Gilmore (SBN 322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:  424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**PARTIES' FIRST AMENDED JOINT WITNESS LIST**<br><br>Complaint Filed:　May 31, 2024<br>Trial Date:　　　September 12, 2025 |

**FIRST AMENDED JOINT WITNESS LIST**

176721382.2

J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,

      Defendants.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

      Counter-Claimants,

  v.

SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

      Counter Defendant.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

      Third Party Plaintiffs,

  v.

1

**FIRST AMENDED JOINT WITNESS LIST**

176721382.2

PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,

        Third Party Defendants.

**FIRST AMENDED JOINT WITNESS LIST**
176721382.2

Pursuant to the Court's Civil Pretrial and Trial Order (Dkt. No. 30) and L.R.16-5, and as further applied pursuant to this Court's Order of September 5, 2025 (Dkt. 294) the parties respectfully submit their First Amended Joint Witness List.

The parties have worked to consolidate their separate witness lists (eliminating duplication).

In addition, after the restated witness list, the parties each offer specific comments as to the Order issued on September 5, 2025 regarding a shortening of the trial, as well as the current date on which the first witnesses are set to appear, and the impact of both, procedurally and substantively.

**Plaintiff/Counterclaim Defendants' List:**

| Witness's Name | Plaintiff's Questioning (Hours) | Defendants' Questioning (Hours) | Dates of Testimony |
|---|---|---|---|
| Jose P. Magsaysay Jr.<br><br>Plaintiff's Scope: Potato Corner background, and background to license negotiation, as well as the Family of marks, first use of marks, ownership, value of marks, as well as the existence, protection, value, ownership of trade secrets as well as the injuries and damages suffered .<br><br>Defendants' Scope: He will testify about intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with U.S. franchisees and resulting damages; Cinco's breach of | 2.5 | 4 | |
| Yiow Leong Tan<br><br>Plaintiff's Scope: Potato Corner background to license negotiation, ownership, value of marks, as well as the existence, protection, value, ownership of trade secrets as well as the injuries and damages suffered, relationship with suppliers and ownership of trade secret, and intent of infringer; Damages<br><br>Defendants' Scope: TBD based on testimony adduced at trial. If Plaintiff requires 3 hours with this witness, Defendants may require additional | 3 | 0.5 | |

| Witness | | | |
|---|---|---|---|
| cross-examination time beyond 0.5 hours. | | | |
| Joy Ybanez

Plaintiff's Scope: Potato Corner background, and background to license negotiation, as well as the Family of marks, first use of marks, ownership, value of marks, existence, protection, value, ownership of trade secrets as well as the injuries and damages suffered, relationship with suppliers and ownership of trade secret, and intent of infringer; Damages.

Defendants' Scope: TBD based on testimony adduced at trial. | 0.5 | 0.5 | |
| Jorge Concepcion

Plaintiff's Scope: Ownership, value of marks, existence, protection, value, ownership of trade secrets as well as the injuries and damages suffered, relationship with suppliers and ownership of trade secret, and intent of infringer; Damages.

Defendants' Scope: TBD based on testimony adduced at trial. | 1.0 | 0.5 | |
| Myrose Victor

Plaintiff's Scope: Damages, ownership, value of marks, existence, protection, value, ownership of trade secrets as well as the injuries and damages suffered from misappropriation, relationship with suppliers and ownership of trade secret, and intent of infringer

Defendants' Scope: Her dual role with Cinco/SPAVI, statements made regarding PCJV's rights/obligations. Issues relating to IP use. | 4 | 1.5 | |
| Vic Gregrio

Plaintiff's Scope: Damages, ownership, value of marks, existence, protection, value, ownership of trade secrets as well as the injuries and damages suffered fr, relationship with | 2.25 | 1 | |

| | | | |
|---|---|---|---|
| suppliers and ownership of trade secret, and intent of infringer<br><br>Defendants' Scope: TBD based on testimony adduced at trial. | | | |
| Guy Koren<br><br>Plaintiff's Scope: All elements of all claims.<br><br>Defendants' Scope: He will testify about intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with Cinco Corporation and U.S. franchisees and resulting damages; the aiding and abetting of Cinco's breach of fiduciary duties; Defendants' consideration for entering into the joint venture, including brand equity and first continuous and exclusive use of the U.S. marks; Cinco's ill-gotten gains, including value attributable to U.S. IP; and Cross- Claimants/Third-Party Plaintiffs' damages. | 4 | 3 | |
| Ashley Grudnowski<br><br>Plaintiff's Scope: Liability and damages on trademark and unfair competition .<br><br>Defendants' Scope: She will testify about Operations of PCJV and PCIT, including purchasing of supplies and interaction with franchisees; Cinco's | 1.0 | 1 | |

| | | | |
|---|---|---|---|
| ill-gotten gains, including value attributable to U.S. IP; and Cross-Claimants/Third-Party Plaintiffs' damages. | | | |
| Adam Mandel<br><br>Plaintiff's Scope: Liability and damages on trademark and trade secret claims.<br><br>Defendants' Scope: He will testify about intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, the prior state court litigation, including settlement and dismissals with prejudice; the breaches of and tortious interference with Defendants' contracts and relationships with U.S. franchises and resulting damages; breach of fiduciary duties; and Cinco's ill-gotten gains, including value attributable to U.S. IP. | 0.75 | 1 | |
| Barry Kurtz<br><br>Plaintiff's Scope: Statements in FDD, intent, damages.<br><br>Defendants' Scope: FDDs, franchise documents, and franchise practices. | 0.75 | 1 | |
| Malik Hussain (Former Franchisee)<br><br>Plaintiff's Scope: Unclean hands of Defendants. | 0.5 | 0.5 | |
| Frank Shaikh (Former Franchisee)<br><br>Plaintiff's Scope: Different examples of unclean hands of Defendants. | 0.5 | 0.5 | |

| | | | |
|---|---|---|---|
| Mansi Khan (Former Franchisee)<br><br>Plaintiff's Scope: Different examples of unclean hands of Defendants. | 0.5 | 0.2 | |
| Amir Jacoby<br><br>Plaintiff's Scope: Intent, knowledge, infringement, misappropriation, damage, injury, existence of trade secret and protectible trademarks<br><br>Defendants' Scope: TBD based on trial testimony, including the contract documents. | 2 | 1 | |
| Inbal Jacoby<br><br>Intent, knowledge, infringement, misappropriation, damage, injury, existence of trade secret and protectible trademarks<br><br>Defendants' Scope: TBD based on trial testimony. | 2 | 1 | |
| Kim Lambert<br><br>Plaintiff's Scope: FDD preparatoin and false statemetns*<br><br>Defendants' Scope: TBD based on trial testimony. | 0.2 | 1.0 | |
| Kyohara and Takahashi, LLP<br><br>Plaintiff's Scope: Damages*<br><br>Defendants' Scope: TBD based on trial testimony. | 0.2 | 0.2 | |
| Rada Kong*<br><br>Statements in FDD, intent, damages, and injury | .25 | 0.5 | |

**Defendants/Counterclaimants' List:**

| Witness's Name (TO THE EXTENT NOT ALREADY IDENTIFIED IN PLAINTIFF'S WITNESS LIST ABOVE) | Defendants' Questioning (Hours) | Plaintiff's Questioning (Hours) | Dates of Testimony |
|---|---|---|---|
| Bartolome, Erlinda "Lyndah" (PCJV's secretary)<br><br>She will testify about intellectual property rights, including contractual rights, arising from Koren and his LA Group's joint venture with the Cinco Group, including Cinco Corporation, the parties' course of performance, written modifications, waivers, reliance and acquiescence, unclean hands, and the like. | 2 | .5 | |
| Engel, Jason (retained expert witness)<br><br>He will testify about Defendants' contracts and relationships with U.S. franchisees and resulting damages; and Cinco's ill-gotten gains, including value attributable to U.S. IP. | 2 | 1 | |
| Koren, Alon* (PCI Trading)<br><br>He will testify about operations of PCJV and PCIT, including purchasing of supplies and interactions with franchisees. | 0.5 | 0.25 | |
| Lai, Vannrada* (franchisee)<br><br>He will testify about franchisee rights, franchise and FDD documents, and SPAVI's interference activities. | 1 | 0.25 | |

**<u>Statement by Plaintiff and Third-Party Defendants re Witness Availability and in Response to Defendants' Waived Objections to Franchisee Testimony:</u>**

Plaintiff and Third-Party Defendants wish to bring to this Court's attention two urgent issues regarding the principals of Plaintiff and Third-Party Defendant Cinco whose availability is impacted by the timing of Friday's hearing, as well as the restricted time estimates suggested by the Court.

First, four witnesses compromising half of Plaintiff's case are unavailable next week (the week of September 15, 2025). Without these witnesses – each of whom has been diligently present and available to testify since August 18, 2025 – Plaintiff cannot present its case or defenses. They are as follows:

- Jose P. Magsaysay, Jr. (resident of the Republic of the Philippines) – The CEO of Third-Party Defendant Cinco (and party representative for trial) was present in Los Angeles and was ready to testify at all times prior to August 28, 2025. Mr. Magsaysay has eye surgery in Manila for which he must begin pre-operation on Wednesday, September 17 Philippine Standard Time, which is Tuesday, September 16 Pacific Daylight Time. Mr. Magsaysay is on strict orders to convalesce for 12 to 13 days. As such, the first day Mr. Magsaysay is available for trial is October 1, 2025. Mr. Magsaysay is key to all Parties' trial presentation (as the time estimates confirm) and without him physically present, Cinco will not have a party representative at trial. Mr. Magsaysay has to be particularly careful with this operation, as well as too many flights of long duration in a short period of time, as a result of a brain tumor he survived a decade ago.

- Vicente Gregorio (resident of the Republic of the Philippines) – The CEO of SPAVI was present in Los Angeles and was ready to testify at all times prior to August 28, 2025. Mr. Gregorio has run into Visa-related

10

**FIRST AMENDED JOINT WITNESS LIST**

176721382.2

limitations given that his position as CEO requires substantial international travel, including to the United States. Mr. Gregorio must now turn in his passport so that he can again get access to the necessary visas to attend trial in person. Mr. Gregorio is optimistic that this can be completed by October 1, 2025.

- Malik Hussain (resident of the State of Texas) – A third-party witness and former franchisee of PCJV, who can provide information regarding the treatment of franchisees and the claims made about the franchisees by PCJV as well as the core issues in each of the Parties' claims, will be traveling internationally beginning September 13 and is scheduled to return on September 27. Mr. Hussain (as well as Mr. Shaikh below) was present in Los Angeles and was ready to testify prior to August 28, 2025.

- Frank Shaikh (resident of the State of Texas) – A third-party franchisee with separate, not duplicative facts relevant to the Parties' claims and defenses is traveling internationally beginning this week and is scheduled to return on or about September 26.

Given the above, Plaintiff and Third-Party Defendants can be certain, and assure this Court, that all of their witnesses will be available for a trial from October 1, 2025 through October 9, 2025. Given how much time and travel has already been devoted to testifying by Plaintiff and Third-Party Defendants' witnesses, Plaintiff and Third-Party Defendants request that consideration be given to the foregoing schedules so as to ensure that all witnesses are available for trial in person and so that a fair and complete trial may be conducted.

Second, Plaintiff and Third-Party Defendants request this Court's consideration of a timing issue with respect to notice as to when testimony will actually begin. Specifically, four of Plaintiff and Third-Party Defendants' witnesses are traveling from the Republic of the Philippines and Singapore, each of whom are

11
**FIRST AMENDED JOINT WITNESS LIST**
176721382.2

senior executives of these multinational corporations (one of which, again, is publicly traded): Mr. Gregorio, Ms. Victor, Mr. Tan, and Mr. Magsaysay. These parties require a minimum of 72 hours' notice before an expected appearance (to account for the actual travel time from their respective locations, obtaining airfare, arranging accommodations, and other logistics of arriving to Los Angeles and appearing in Court). Because of this, if there is no update as to whether trial is actually starting on Monday, September 15, these witnesses will have to make travel plans and travel all that distance such that, if the trial is continued again, their travel will have been for naught. Accordingly, if possible, Plaintiff and Third Party Defendants request a possible hearing by zoom or hearing in Court tomorrow September 11, 2025 so as to get clarity on the specific anticipated dates on which a jury will be empaneled to take testimony.

Finally, Plaintiff and Third Party Defendants note the objections made to the testimony of Malik Hussain, Frank Shaikh, and Mansi Khan – three former franchisees of PCJV. What Defendants fail to disclose to this Court is that, beginning in the June 20, 2025 witness list (a joint list), Plaintiff identified three "Franchisee Witnesses," each of whom was to testify for an hour. The reason for this declination to identify them by name in the public record is obvious – Koren's repeated threats to the franchisees have made them terrified to testify. Notwithstanding that he could not take any legal action for their testimony, the franchisees are fearful that great harm will come to them. As such, they have each been unwilling to be disclosed for fear of retribution and witness intimidation.

At no point from June 20, 2025 through the present did Defendants' counsel ever ask who the franchisees are, demanded their disclosure, let alone object to the manner in which they were previously disclosed. It appears the goal was to lay in wait and cry foul, when it is Defendants who slept on their rights and failed to object in time.

These three witnesses will not take much time but will provide substantial and necessary information in rebuttal to the claims of Defendants against Cinco and SPAVI.

**Defendants' Statement**

Plaintiff disclosed the names of what were previously designated as "former franchisees," Malik Hussain, Frank Shaikh, and Mansi Khan, on their witness list. Defendants object to the inclusion of additional witnesses at this late juncture; it is not even clear what the relevance of their testimony is. Additionally, for the first time today, Plaintiff seems to be attempting to reformulate its "trade secret" claims, altering the scope of its claims. Dkt. No. 297. Defendants are digesting this new development to more intelligently address this matter with the Court. It is unclear whether Plaintiff's newly added witnesses are intended to support Plaintiff's new theories/reformulated "trade secret" claim, but the timing of these developments appear to be connected.[1]

As to witness availability matters, Defendants report that Ms. Lyndah Bartolome has been in the country since early August, waiting to testify in-person. She was previously scheduled to fly back to the Philippines on August 30, after which she extended her flight to September 15. She awaits word as to whether she is required to testify next week as she is willing to extend her return flight by one more week.

Defendants want to help bring this case to trial in an efficient manner and will be ready to discuss scheduling and logistics and other matters with the Court. Defendants further note that the upcoming Jewish holidays will render certain members of Defendants' team and their lawyers unavailable for Rosh Hashanah and Yom Kippur.

---

[1] Plaintiff's attempt at claiming that the alleged former franchisees are fearful of Koren and, hence, why their names were not previously disclosed is ludicrous.

If the case is not narrowed by, e.g., legal rulings objectively interpreting the contracts or other orders of the same nature, Defendants also would like to be heard on the issue of whether "10 hours" is sufficient time for Defendants to respond to Plaintiff's theories and claims on the Complaint alone. For Plaintiff, the case is basically "we acquired a trademark registration." For Defendants, the case involves hundreds of documents and witness testimony over almost 20 years of agreements and performance, and unraveling the "agreement to agree" argument (which is easy to state in one sentence, but takes substantial time to refute). Defendants respectfully request additional trial time if the scope of the trial remains largely the same.

Lastly, Defendants would appreciate the Court's instructions on "day one" submissions (exhibit binders, list of witnesses to testify in order, etc.) and whether those are required to be delivered/submitted to the Court this Friday. Defendants' exhibit binders are being held at an off-site vendor's office, ready to be delivered upon the Court's directive.

| | |
|---|---|
| Dated: September 10, 2025 | **FOX ROTHSCHILD LLP**<br><br>*/s/ Michael D. Murphy*<br>Michael D. Murphy<br>Matthew Follett<br>Meeghan H. Tirtasaputra<br>Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC. |
| DATED: September 10, 2025 | **BLANK ROME LLP**<br><br>By: */s/ Todd M. Malynn*<br>Todd M. Malynn<br>Arash Beral<br>Jamison T. Gilmore<br><br>Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC |

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4, the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.

*/s/ Michael D. Murphy*
Michael D. Murphy

## CERTIFICATE OF SERVICE

The undersigned certifies that, on September 10, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.