Michael D. Murphy (SBN 224678)
mdmurphy@foxrothschild.com
Matthew Follett (SBN 325481)
mfollett@foxrothschild.com
Meeghan H. Tirtasaputra (SBN 325572)
mtirtasaputra@foxrothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:   310.598.4150
Facsimile:   310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Jamison T. Gilmore (SBN 322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:   424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>                    Plaintiff,<br><br>     vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**PARTIES' JOINT REPORT [DKT. 300]**<br><br><br>Complaint Filed:   May 31, 2024<br>Trial Date:           August 18, 2025 |

J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California limited liability company and DOES 1 through 100, inclusive,

     Defendants.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

     Counter-Claimants,

  v.

SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,

     Counter Defendant.

_____

PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,

     Third Party Plaintiffs,

  v.

PC INTERNATIONAL PTE LTD., a

1

| | |
|---|---|
| Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,<br><br>                  Third Party Defendants. | |

Plaintiff and Counterclaim Defendant Shakey's Pizza Asia Ventures, Inc. ("**Plaintiff**"); Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI Trading LLC, Potato Corner, LA Group, LLC, GK Capital Group, LLC, NKM Capital Group, LLC and Guy Koren, and Defendants J & K Americana, LLC, J&K Lakewood, LLC, J&K Oakridge, LLC, J&K Valley Fair, LLC, J & K Ontario, LLC, J&K PC Trucks, LLC, HLK Milpitas, LLC, and GK Cerritos, LLC (collectively, "**Defendants**"); and Third Party Defendants Cinco Corporation, PC International PTE Ltd., and SPAVI International USA, Inc. (collectively, "**Third-Party Defendants**")[1] hereby submit a joint report pursuant to the Court's September 10, 2025 order (dkt. 300) as follows:

On September 11, 2025, the Parties met and conferred. The Parties agreed that narrowing the issues in this case would be beneficial but could not come to an agreement as to what issues would benefit from the Court's intervention. As such, the Parties, respectively, present their positions in response to Dkt. No. 300 below.

///

///

///

///

///

///

---

[1] Plaintiff, Defendants, and Third-Party Defendants are collectively referred to herein as the "**Parties**."

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' POSITION:**[2]

These issues are listed below in order of priority.

**ISSUE NO. 1: PRECLUSION / ESTOPPEL / LAW OF THE CASE BASED ON PRIOR RULINGS AND FILINGS**

1. **Issue to be resolved:**

    The legal effect of any of the following on any Party's presentation of a fact for the jury to decide:

    (1) that party's having alleged the same fact or claim in any complaint that they later dismissed as part of a settlement in the case, including and specifically *Cinco Corp. v. Guy Koren*, Los Angeles Superior Court Case No. BC701075 (the "**PCJV Governance Case**");

    (2) that party's counsel having taken contrary positions in briefs or on the record in any separate litigation, including the PCJV Governance Case; and

    (3) any Court having made findings of law in any prior ruling in this case that affect the relevance of such fact.

Plaintiff and Third-Party Defendants anticipate that, for each of the above three preclusion principles (issue preclusion, judicial estoppel, law of the case), the Parties will identify any allegation or claim or fact the other Parties will allege that are precluded, so that this Court can apply the principle to any challenged allegation.

2. **The practical effect of a ruling:**

    Each of the Parties has preclusion arguments: Defendants have an affirmative defense based on it and repeatedly refer to the Prior Governance Action as being preclusive and, similarly, Plaintiff and Third-Party Defendants are concerned with the sheer number of claims alleged by Defendants that require findings of fact contrary to facts precluded as a result of these principles. A ruling by the Court on this issue

---

[2] Plaintiff presented a truly joint proposal in writing after the meet and confer, which Defendants rejected, insisting instead on presenting a separate proposal.

will likely narrow, if not eliminate, entire claims (any claim based on the Amendment to the Joint Venture Agreement (the "**AJVA**"), for example) or defenses (res judicata and full faith and credit). More importantly, a ruling would reduce objections and argument and, more importantly, confusion of jurors by taking factual positions that are precluded due to issue preclusion, judicial estoppel or law of the case, only to have this Court ultimately instruct the jurors as to the opposite.

   3. **Briefing necessary to address the issue:**

Plaintiff and Third-Party Defendants request 10 pages for briefing, not including declarations or exhibits.

**ISSUE NO. 2: INTERPRETATION OF VARIOUS AGREEMENTS**

   1. **Issue to be resolved:**

Plaintiff and Third-Party Defendants request that the Court interpret the Amendment to the Joint Venture Agreement (Trial Ex. No. 1053). Specifically, Plaintiff and Third-Party Defendants request the Court make the following determinations:

- Is Third-Party Defendant Cinco Corporation a party to the AJVA?
- Is Third-Party Defendant Cinco Corporation bound by the AJVA?
- Does the AJVA confer a license?

   2. **The practical effect of a ruling:**

Defendants' entire case is premised upon their faulty interpretation of the AJVA. Thus, in addition to presenting and arguing their claims and defenses, the Parties will necessarily need to present and argue their respective interpretations of the underlying agreements upon which their claims are based. This will not only require additional time at trial but may confuse the jury as they will be instructed on what the agreements mean after time is spent by one party arguing the opposite.

The Court's determination of the agreements at issue – which is its exclusive province – would eliminate this additional duty for the jury, streamlining the jury

decision process, and further streamline trial by reducing the time required by the Parties to fully present their claims and defenses.

3. **Briefing necessary to address the issue:**

Plaintiff and Third-Party Defendants request 10 pages for briefing, not including declarations or exhibits.

**ISSUE NO. 3: DUTIES OF THIRD-PARTY DEFENDANT CINCO CORPORATION**

1. **Issue to be resolved:**

    (a) Whether Third-Party Defendant Cinco Corporation owes any contractual duty to any of the Defendants and, if so, which contract such duty(ies) arises out of, and

    (b) Whether Third-Party Defendant Cinco Corporation owes any fiduciary duty to any of the Defendants and, if so, what special relationship such duty(ies) arises out of.

2. **The practical effect of a ruling:**

A ruling from the Court on this issue would clarify what facts the Parties can rely on and thus present at trial to support their claims and defenses. This clarification will decrease the amount of objections and argument between the lawyers during trial and before the jury, thus decreasing the time at trial and the need for any potential sidebars.

3. **Briefing necessary to address the issue:**

Plaintiff and Third-Party Defendants request 5 pages for briefing, not including declarations or exhibits.

**ISSUE NO. 4: DUTIES OF PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES, INC.**

1. **Issue to be resolved:**

    (a) Whether Counterclaim Defendant Shakey's Pizza Asia Ventures, Inc.

owes any contractual duties to any of the Defendants and, if so, which contract such duty(ies) arises out of and

(b) Whether Counterclaim Defendant Shakey's Pizza Asia Ventures, Inc. owes any fiduciary duties to any of the Defendants and, if so, what special relationship such duty(ies) arises out of.

(c) Whether any liabilities or limitations arising from Defendant PCJV USA, LLC restrict Shakey's Pizza Asia Ventures, Inc.'s intellectual property rights in Potato Corner, as a result of it being a "successor in interest."

2. **The practical effect of a ruling:**

Most of the claims alleged against Counterclaim Defendant Shakey's Pizza Asia Ventures, Inc. presume that it is a "successor in interest," although Defendants fail to describe what interests they claim Shakey's Pizza Asia Ventures, Inc. to be a successor to. A ruling from the Court on this issue would clarify to what extent any Defendant can claim that Shakey's Pizza Asia Ventures, Inc. is bound to anything other than the rights and obligations arising from its intellectual property as well as what facts the Parties can rely on and thus present at trial to support their claims and defenses. This clarification will decrease the amount of objections and argument between the lawyers during trial and before the jury, thus decreasing the time at trial and the need for any potential sidebars.

3. **Briefing necessary to address the issue:**

Plaintiff and Third-Party Defendants request 5 pages for briefing, not including declarations or exhibits.

**ISSUE NO. 5 – LITIGATION PRIVILEGE**

1. **Issue to be resolved:**

Whether Defendants can base any claim against Plaintiff arising from Plaintiff's interactions with franchisees of Defendant PCJV USA, LLC given the application of the litigation privilege (and because the facts occurred after this case was filed).

2. **The practical effect of a ruling:**

    Defendants appear to now include in their interference claim allegations that the communication from Plaintiff after this case was filed interfered with franchise agreements and vendor agreements, without specifying which contract or vendor. These accusations seem to be arising from a time period not permitted given the filing date of this case and, moreover, would trigger the litigation privilege given that all such communications were made specifically as a result of the injunction, and concerns innocent parties would get caught up in an injunction, A ruling from the Court on this issue would clarify what facts the Parties can rely on and thus present at trial to support their claims and defenses. This clarification will decrease the amount of objections and argument between the lawyers during trial and before the jury, thus decreasing the time at trial and the need for any potential sidebars.

3. **Briefing necessary to address the issue:**

    Plaintiff and Third-Party Defendants request 5 pages for briefing, not including declarations or exhibits.

**DEFENDANTS' PROPOSAL:**[3]

Defendants maintain that the principal issue warranting judicial resolution—and the one most likely to narrow this case—is the interpretation of the parties' meeting of the minds, as set forth in Defendants' framing below. Many of Plaintiff's segmented issues are interdependent and arise from the same contractual relationships. Defendants' approach is more logical and efficient because it addresses the root contractual relationships at the heart of the dispute, aligns with legal principles, and offers the greatest potential to simplify and resolve the case. In contrast, Plaintiff's segmented approach may lead to fragmented rulings and unnecessary complexity. Moreover, Plaintiff's proposed issues are either unripe, too narrow, irrelevant, lack basis, seek to avoid adjudication on the merits on a full record, or unlikely to materially streamline the case.

The Practical Effect:

Defendants submit that interpretation of the agreements when examined under California law's step-by-step interpretive framework (including consideration of extrinsic evidence and application of rules of construction preferring a lawful, operative, definite, and reasonable interpretation over one that is unlawful or unreasonable) could only lead to one result: both the "Cinco Group" and "LA Group," through PCJV—and the "joint venture" partnership through which PCJV was formed—always had long-term, exclusive, non-terminable IP rights inuring to the joint venture partners' mutual benefit.

Even if the Court were not to reach that conclusion, the practical effect of that examination would be to properly instruct the Jury, whether that instruction be to

---

[3] Contrary to Plaintiff's footnote, Plaintiff did not present a truly joint proposal. It presented its own proposal cloaked as "joint," which itself evolved multiple times including at 8 am this morning. Regardless, Defendants believe that their proposed holistic approach is truly and jointly beneficial to the Parties and the Court. For example, agreements relating to the same subject matter and parties must be construed together to determine their collective meaning. Defendants' approach is consistent with this principle, ensuring that the Court's rulings are grounded in established legal doctrine.

follow the Court's interpretation or, if the Court determines that evidence is in conflict and credibility or factual disputes exist, ask the Jury to resolve that conflict. At the very least, it would narrow the issues in this case as the vast majority, if not all, of Plaintiff's claims, are affected by the agreements. A global interpretation of the agreements will provide clear guidance to the Jury on the parties' rights and obligations, reducing confusion and the likelihood of inconsistent verdicts. It also gives the parties a more predictable framework for presenting their cases.

The Proposed Scope of Inquiry:

Defendants submit that the relevant scope of the inquiry must involve *all* agreements of the parties, construed together, in order to ascertain their objective, mutual intent. *See, e.g.,* pp. 9-17 of Dkt. No. 297. Defendants believe that the key questions to resolve are (and there may be other similar contractual questions presented via briefing):

1. Temporally, what agreement(s) applied at each point in time, i.e., at point of "first use," at point of alleged trademark assignment(s) to Plaintiff, at point of alleged license termination by Plaintiff?
2. What rights, obligations, responsibilities, authorizations, consents, releases, or waivers arise from the agreements, particularly with respect to trademark issues?
3. What is the legal effect of any contractual rights, obligations, responsibilities, authorizations, consents, releases, or waivers, including:
   a. Whether Plaintiff has standing to assert claims against Defendants?
   b. Where, according to SRA Recital G, Plaintiff did not "acquire any ownership rights or equity (membership interests, shares, etc.) in PC International, Cinco, nor PCJV or PCI Trading" but that Defendants acquired all domestic rights, whether PCJV could legally be deemed a "related company" to Plaintiff under 15 U.S.C § 1055?

  c. Where it was represented in SRA Recital E that the state court action involved, among other things, "licensing" and all such claims were released and waived, including by attorneys, agents, employees, assigns, successors, predecessors, representatives, parents, and subsidiaries, and the SRA is also binding upon successors, subsidiaries, affiliates and assigns, whether Plaintiff is contractually prohibited from pursuing any or all of Plaintiff's claims?

<u>Briefing Proposal:</u>

 Defendants propose one concurrent opening brief filing per side (not to exceed 30 pages per side) and one concurrent responsive brief filing per side (not to exceed 15 pages per side), coupled with the evidence that the Court would be examining. Defendants propose that the filings be due on a weeknight (i.e., 8 p.m.).

Dated: September 12, 2025  **FOX ROTHSCHILD LLP**

            */s/ Michael Murphy*
            Michael D. Murphy
            Matthew Follett
            Meeghan H. Tirtasaputra
            Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

///

DATED: September 12, 2025  **BLANK ROME LLP**

By: */s/ Arash Beral*
Todd M. Malynn
Arash Beral
Jamison T. Gilmore

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4, the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.

>  */s/ Michael D. Murphy*
>  Michael D. Murphy

# CERTIFICATE OF SERVICE

The undersigned certifies that, on September 12, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

**DATED:** SEPTEMBER 12, 2025                FOX ROTHSCHILD LLP

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.