MICHAEL D. MURPHY (SBN 224678)
mdmurphy@foxrothschild.com
MATTHEW FOLLETT (SBN 325481)
mfollett@foxrothschild.com
JESSICA NWASIKE (SBN 343087)
jnwasike@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHAKEY'S PIZZA ASIA VENTURES, INC, A PHILIPPINES CORPORATION,

Plaintiff,

v.

PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING, LLC, A DELAWARE LIMITED LIABILITY COMPANY; GUY KOREN, AN INDIVIDUAL; POTATO CORNER LA GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J & K AMERICANA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J&K LAKEWOOD, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J&K VALLEY FAIR, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; J & K ONTARIO, LLC, A

Case No. 2:24-CV-04546-SB(AGRx)

*The Hon. Stanley Blumenfeld, Jr.*

**PLAINTIFF SHAKEY'S PIZZA ASIA VENTURES INC.'S REQUEST FOR ORDERS ON DEFENDANTS' INADEQUATE "OBJECTION" TO THIS COURT'S DISMISSAL OF PLAINTIFFS' TRADE SECRET MISAPPROPRIATION CLAIM WITHOUT PREJUDICE DKT. 302**

Complaint Filed: May 31, 2024
Trial Date: August 18, 2025

CALIFORNIA LIMITED LIABILITY COMPANY; HLK MILPITAS, LLC, A CALIFORNIA, LIMITED LIABILITY COMPANY; GK CERRITOS, LLC, A CALIFORNIA, LIMITED LIABILITY COMPANY; J&K PC TRUCKS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND, GK CAPITAL GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY AND DOES 1 THROUGH 100, INCLUSIVE,

Defendants.

PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GK CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND GUY KOREN, AN INDIVIDUAL,

Counter-Claimants,

v.

SHAKEY'S PIZZA ASIA VENTURES, INC, A PHILIPPINES CORPORATION,

Counter Defendant.

PCJV USA, LLC, A DELAWARE LIMITED LIABILITY COMPANY; PCI TRADING LLC, A DELAWARE LIMITED LIABILITY COMPANY; POTATO CORNER LA GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GK CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; NKM CAPITAL GROUP LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND GUY KOREN, AN INDIVIDUAL,

Third Party Plaintiffs,

v.

PC INTERNATIONAL PTE LTD., A SINGAPORE BUSINESS ENTITY; SPAVI INTERNATIONAL USA, INC., A CALIFORNIA CORPORATION; CINCO CORPORATION, A PHILIPPINES CORPORATION; AND DOES 1 THROUGH 10, INCLUSIVE,

*Third Party Defendants.*

It seems that Defendants simply cannot help themselves.

Plaintiff Shakey's Pizza Asia Ventures Inc. ("SPAVI") dismissed without prejudice its misappropriation claim in the spirit of this Court's request on September 5, 2025 for "both sides to consider how best to narrow their claims to focus on presenting the jury with the core theories of liability. . ." (Dkt. 294 & Dkt. 297.) In response, Defendants—who refused to at all narrow their claims or even affirmative defenses for the filing—filed eleventh hour objections without a shred of evidence to support them on the evening of Friday, September 12 (the "Objections"), that seek to punish SPAVI for its efforts in complying with the Court's request by insisting that the misappropriation claim be dismissed with prejudice. *See*, Dkt. 302.

SPAVI files this *Request for Orders On Defendants' Inadequate "Objection" to This Court's Dismissal of Plaintiffs' Trade Secret Misappropriation Claim Without Prejudice* in response to Defendants' request—made a single, full working day before the September 16, 2025 hearing and without courtesy to SPAVI beforehand (despite learning that SPAVI intended to dismiss the claim when the parties began exchanging drafts of their *Joint Statement Regarding Further Clarification of Claims in Response to Dkt*. 294.). Dkt. 297. No doubt Defendants covertly toiled away on it as Plaintiff took lead in three joint filings on September 10 and another the same day that Defendants filed their "Objection." *See*, Dkts, 297-299, 301.

SPAVI now states and requests as follows:

First, as has become standard practice Defendants' "Objections" misstate the law, facts, and procedure, and simultaneously misrepresent Plaintiff's positions and allegations (hoping to further prejudice this Court against Plaintiff and its counsel), while *concealing* material facts from this Court. Not only do they misrepresent the factual basis for the trade secret claim, speculate wildly about Plaintiff's intent in

4

PLAINTIFF'S REQUEST FOR ORDERS ON DEFENDANTS' "OBJECTION" (DKT. 301)
CASE NO. 2:24-CV-04546-SB(AGRX)
176944227.1

dismissing it without prejudice (while also ignoring Plaintiffs' stated purpose and presenting no explanation as to why Plaintiff should not be believed), they fail to disclose to this Court the entire record undermining their accusation of being surprised on the eve of trial.

It is significant, for example, that Defendants' Objection declines to admit that they were already aware that reverse engineering of seasonings would play a prominent role in Plaintiff's presentation of he False Designation Claim. For example, in the "Claims to be Tried" document – an addendum to the Trial Order – filed on August 12, 2025 (and that had been reviewed by Defendants extensively over the preceding week), the inclusion of the reverse engineered seasonings as being part of the False Designation claim (Dkt. 258, beginning at p. 20:26) was disclosed and described at p. 21:6-21 (*citing Blue Mako Inc. v. Minidis*, No. CV 07-916 AHM (SHX), 2008 WL 11334205 (C.D. Cal. June 23, 2008).

Of course, had Defendants admitted that they already knew that Plaintiff intended to weave the reverse engineering of packets of seasonings for which they had lost the right to possess into other causes of action including False Designation and § 17200, their narrative collapses. Rather than having no place to present the jury with this admitted attempt to use the seasonings as a means to mislead the public that they are Potato Corner, Plaintiff is instead following this Court's request that claims yielding the same quantum of damages be reconsidered unless serving an independent purpose.

Defendants hope this Court will not notice that they already knew about the facts on which False Designation would be presented, and feign surprise, so that they can manufacture a narrative that Plaintiff had lost faith in its trade secret claim (it did not), and was acting in bad faith. Defendants proceed to spin this yarn over their nearly 20-page Objection that repeats the outright false proposition that false designation claims also require satisfaction of separate elements establishing trade

dress infringement. This is incorrect. As repeated previously, should any of the attacks on the trademarks at issue succeed in the § 1114 claim, even unregistered, those marks can still be enforceable through, among other things, false designation claims pled under 15 USC 1125(a), that include, in addition to the unregistered marks, use of colors, and devices to falsely represent that Defendants are Potato Corner when in fact, they are not.

The biggest flaw in the Objection, however, is the wholesale failure to provide any evidence of any "prejudice to some legal interest, some legal claim, some legal argument" that they would suffer with a dismissal without prejudice. *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir. 1996) (setting forth the standard for denying a dismissal without prejudice). They identify no "loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense," that will result if the trade secret misappropriation claim is dismissed without prejudice.[1] *See id.* Defendants cannot, as they appear to attempt now to "establish[] plain legal prejudice merely by asserting that it had begun trial preparations." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982).

Having no evidence of any legal prejudice – a fatal defect in the Dismissal Objection  instead, Defendants, with no evidence accuse Plaintiff of lacking diligence in this action. Putting the merits of that false accusation aside, there is no authority that allows a purported lack of diligence to serve as the sole basis for a refusal to dismiss without prejudice.

---

[1] Defendants' half-hearted and unsworn claim that "Defendants have worked hundreds of hours in preparing for trial, meeting and conferring, preparing jury instructions, verdict forms, exhibits, and other pre-trial filings" is an obvious, poorly-disguised attempt to conflate any preparation regarding the misappropriation claim with its preparation for the other claims, *including its own cross-claims and third party claims.* Indeed, Defendants declined from filing any declaration or other evidence that parses the preparation for the misappropriation claim from the others.

Given this fundamental flaw in the Objection, Plaintiff asks this Court to overrule the Objection outright, so that the Parties can focus on the more important briefing ahead should this Court consider the other filing from Friday morning.

If this Court declines to overrule the Objection, Plaintiff respectfully requests that this Court construe the Objection as a Motion, and give Plaintiff sufficient time to prepare a more fulsome response. Although such a briefing would allow Plaintiff to finally set the record straight[2] given the important issues ahead, extensive briefing on a fatally-flawed Objection this would be a colossal distraction – a sideshow – that Plaintiff should not be forced to endure and fund. If this Court intends to consider the merits of the Objection, Plaintiff respectfully requests the right to consider alternatives, such as proceeding with the meritorious trade secret claim (which will, however, result in duplicative damages, as previously explained), or a motion for leave to amend the Amended Complaint to conform to proof such that a Breach of Confidence claim be reinstated.

Dated: September 15, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael Murphy*
Michael D. Murphy
Matthew Follett
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.

[2] Including, for example, regarding Defendants' delay in filing Initial Disclosures until it was too late for them to be of any use to Plaintiff, and Defendants' duplicity by, quite literally, lying to Plaintiff about their intent to seek a new Case Management Order (including a new trial date and extension of discovery) only to announce they changed their mind less than 30 days before the close of discovery, which they now deny and then cynically point to Plaintiff's having believed them as constituting a lack of diligence.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on September 15, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael Murphy*
Michael D. Murphy
Matthew Follett
Meeghan H. Tirtasaputra
Attorneys for Plaintiff and Counterclaim Defendant SHAKEY'S PIZZA ASIA VENTURES, INC. and Third Party Defendants CINCO CORPORATION, PC INTERNATIONAL PTE LTD., and SPAVI INTERNATIONAL USA, INC.