| | |
|---|---|
| 1 | **BLANK ROME LLP**<br>Todd M. Malynn (SBN 181595) |
| 2 | todd.malynn@blankrome.com<br>Arash Beral (SBN 245219) |
| 3 | arash.beral@blankrome.com<br>Todd M. Malynn (SBN 181595) |
| 4 | jamison.gilmore@blankrome.com<br>2029 Century Park East | 6th Floor |
| 5 | Los Angeles, CA 90067<br>Telephone:  424.239.3400 |
| 6 | Facsimile:   424.239.3434 |
| 7 | Attorneys for Defendants, Counterclaimants, and<br>Third Party Plaintiffs PCJV USA, LLC, PCI |
| 8 | TRADING LLC, POTATO CORNER LA<br>GROUP, LLC, GK CAPITAL GROUP, LLC, |
| 9 | NKM CAPITAL GROUP, LLC and GUY<br>KOREN, and Defendants J & K AMERICANA, |
| 10 | LLC, J&K LAKEWOOD, LLC, J&K<br>OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J |
| 11 | & K ONTARIO, LLC, J&K PC TRUCKS, LLC,<br>HLK MILPITAS, LLC, and GK CERRITOS, LLC |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DECLARATION OF ARASH BERAL SUPPLEMENTING DKT. NO. 306**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:          September 23, 2025 |

160850.00001/154448422v.1

**DECLARATION OF ARASH BERAL SUPPLEMENTING DKT. NO. 306**

| | |
|---|---|
| limited liability company and DOES 1 through 100, inclusive,<br><br>                  Defendants.<br><br>_____<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,<br><br>                  Counter-Claimants,<br><br>   v.<br><br>SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>                  Counter Defendant.<br><br>_____<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual,<br><br>                  Third Party Plaintiffs,<br><br>   v.<br><br>PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive,<br><br>                  Third Party Defendants. | |

**DECLARATION OF ARASH BERAL SUPPLEMENTING DKT. NO. 306**

# DECLARATION OF ARASH BERAL

I, Arash Beral, declare as follows:

1. I am a partner at Blank Rome LLP, counsel of record for Defendants, Counterclaimants, and Third Party Plaintiffs. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify under oath, I could and would testify competently thereto.

2. The last two paragraphs of my declaration at Dkt. No. 306 reported that at 4:31 p.m. on September 16, Mr. Murphy stated that he would "propose a draft report tonight" followed by my request "until tomorrow afternoon to get a joint report on file with the Court."

3. Mr. Murphy circulated the "draft report" the morning of September 17. It was labeled as a "joint" statement but was one-sided and biased. I decided not to raise that issue attempting to keep things civil and professional. I only made simple edits and returned it to Mr. Murphy, sending one version around 11:30 a.m. and another around noon after I added a small footnote.

4. I did not hear from Mr. Murphy all afternoon, however. At 5:15 p.m., I followed up. Mr. Follett responded at 5:22 p.m. stating that Mr. Murphy would be circulating a new report "in 30 minutes."

5. I waited. By 6:30 p.m., however, nothing came. I followed up again stating: "Matt, It's 6:30 pm. I'll be unavailable for several hours tonight. Please send now whatever further draft you guys want reviewed."

6. Mr. Murphy responded (at 6:33 p.m.) with the following email: "Sending it shortly. I am not rearranging my work calls and obligations because you go offline each night. We do a lot of work in this case at night. When we have short fused deadlines you cannot block off entire windows as unavailable."

7. I waited for another approximate hour before I had to sign off—nothing came in by then. I had to log off for a few hours for a personal matter. I did return, however, and I did review Mr. Murphy's further draft at around 11:00 p.m.

8. That further night-time draft, also labeled "joint," was even more one-sided and biased. Among other things:

    a. Plaintiff completely removed Defendants' request for the Court's guidance on the consolidation proposal.

    b. Plaintiff characterized Defendants' consolidation proposal as "preliminary" and "uninformed," suggesting it was not well thought out or serious. This framing minimized the legitimacy of Defendants' proposal and implied a lack of diligence or preparation on their part.

    c. The purported "joint" statement detailed Plaintiff's concerns about proposed assignment of claims (a red herring because Defendants informed Plaintiff that no claims would be changing hands), listing several legal and procedural issues (e.g., need for specifics, assignability of claims, risk of derivative lawsuits). Nor did the statement present or acknowledge any counterpoints or justifications from Defendants regarding why the consolidation would be beneficial or how their concerns might be addressed. This created an imbalance by focusing solely on Plaintiff's perspective.

    d. Plaintiff asserted that the proposed consolidation "will only confuse the jury more," presenting this as a foregone conclusion rather than an opinion. This dismissed the possibility that the consolidation could, as Defendants argue, streamline proceedings and aid the jury, and it did not acknowledge the Court's role in determining whether the instruction would be confusing.

    e. Plaintiff's "red herring" request for detailed information about the assignment (e.g., "for what consideration," "confirmation that the

        transactions have completed") implied that Defendants may be attempting to obscure or improperly handle the process. This casted Defendants in a negative light before the Court, and to preemptively undermine Defendants' position.

    f. Plaintiff stated they "will not object to avoiding certain High Holidays (excepting for example, Sukkot)," but then suggested that accommodating these dates "will compromise the one known window in which all of Plaintiffs' witnesses are available." This appeared to frame the religious accommodation as a burden caused by Defendants, rather than a mutual scheduling challenge, and implied that Defendants' request is unreasonable or somehow prejudicial.

    g. Throughout the statement, Plaintiff used language that subtly questioned Defendants' motives and the practicality of their proposals (e.g., "offhand uninformed concept," "Plaintiff does not want to be in a position of objecting to the case proceeding on a Jewish holiday"). This language was not neutral.

    h. Plaintiff did not mention any efforts by Defendants to address Plaintiff's concerns or to find a compromise, which gave the impression that Defendants are being uncooperative.

9. I (again) did not point these issues out to Mr. Murphy opting rather to hopefully get yet another final document (beyond the one I had already circulated earlier in the day which could and should have been filed by the "afternoon" as I had requested) to Plaintiff's counsel for a (hopefully) smooth, stress-free filing experience. Like before, I made simple changes to the body of the document including a "Defendants' Response" portion (only as I thought was needed) and returned it to Mr. Murphy at 11:44 p.m. to file.

10. It is now well after 1:00 a.m. as I am drafting this declaration, and Plaintiff has not yet filed the report, nor have I heard from Mr. Murphy tonight. Under the circumstances, I feel compelled to file this declaration and have authorized our staff to file it in the morning.

I declare under penalty of perjury that the foregoing is true and correct. Executed September 18, 2025, within the United States, its territories, possessions, or commonwealths.

*/s/ Arash Beral*
Arash Beral

# CERTIFICATE OF SERVICE

The undersigned certifies that on September 18, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 18, 2025.

By: /s/AJ Cruickshank