1  BLANK ROME LLP
   Todd M. Malynn (SBN 181595)
2  todd.malynn@blankrome.com
   Arash Beral (SBN 245219)
3  arash.beral@blankrome.com
   Todd M. Malynn (SBN 181595)
4  jamison.gilmore@blankrome.com
   2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
   Telephone:  424.239.3400
6  Facsimile:   424.239.3434

7  Attorneys for Defendants, Counterclaimants, and
   Third Party Plaintiffs PCJV USA, LLC, PCI
8  TRADING LLC, POTATO CORNER LA
   GROUP, LLC, GK CAPITAL GROUP, LLC,
9  NKM CAPITAL GROUP, LLC and GUY
   KOREN, and Defendants J & K AMERICANA,
10 LLC, J&K LAKEWOOD, LLC, J&K
   OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J
11 & K ONTARIO, LLC, J&K PC TRUCKS, LLC,
   HLK MILPITAS, LLC, and GK CERRITOS, LLC

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16 SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, | Case No. 2:24-CV-04546-SB(AGRx) |
| 17                             Plaintiff, | *Hon. Stanley Blumenfeld, Jr.* |
| 18        vs. | **DECLARATION OF GUY KOREN** |
| 19 PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a | Complaint Filed:  May 31, 2024 |
| 20 Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER | Trial Date:          September 26, 2025 |
| 21 LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, | |
| 22 LLC, a California limited liability company; J & K AMERICANA, LLC, a California | |
| 23 limited liability company; J&K LAKEWOOD, LLC, a California limited | |
| 24 liability company; J&K VALLEY FAIR, LLC, a California limited liability company; | |
| 25 J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a | |
| 26 California, limited liability company; GK CERRITOS, LLC, a California, limited | |
| 27 liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, | |
| 28 GK CAPITAL GROUP, LLC, a California | |

160850.00001/154448422v.1

**DECLARATION OF GUY KOREN**

| | |
|---|---|
| 1 | limited liability company and DOES 1 through 100, inclusive, |
| 2 | Defendants. |
| 3 | _____ |
| 4 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Counter-Claimants, |
| 10 | v. |
| 11 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 12 | |
| 13 | Counter Defendant. |
| | _____ |
| 14 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | Third Party Plaintiffs, |
| 21 | v. |
| 22 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 23 | |
| 24 | |
| 25 | Third Party Defendants. |
| 26 | _____ |
| 27 | |
| 28 | |

160850.00001/154448422v.1                    1
**DECLARATION OF GUY KOREN**

# DECLARATION OF GUY KOREN

I, Guy Koren, declare as follows:

1. I am over 18 years old. The facts stated here are based on my personal knowledge, my work for PCJV USA, LLC ("PCJV") and PCI Trading LLC ("PCI Trading") and all other defendants named in this action (all of which I operate and manage), and my review of files and business records maintained in the ordinary course of our business. If called, I could and would testify competently thereto.

2. Attached to the concurrently-filed Appendix are true and correct copies of Trial Exhibit Nos. ("TE") 1, 3, 5, 62, 75, 1010, 1019, 1020, 1023, 1025, 1028, 1032, 1034, 1038, 1039, 1040, 1041, 1045, 1050, 1052, 1053, 1076, 1077, 1078, 1079, 1084, 1086, 1096, 1154, 1172, 1184, 1239, 1248, 1257, 1413.

3. TE 1, 3, and 5 are Cinco Corporation's registrations of trademarks in the United States under "Class 43: Restaurant and catering services."

4. TE 62 is a true and correct copy of PCJV's Limited Liability Company Agreement, which I executed.

5. TE 75 and 1032 are true and correct copies of email communications with DLA Piper in January 2011 which I received.

6. TE 1010 (April 20, 2010 draft), 1020 (June 1, 2010 draft), 1023 (June 11, 2010 draft), 1025 (June 28, 2010 draft), 1096 (July 2, 2010 draft), 1028 (September 16, 2010 draft) are true and correct copies of all of the drafts of the Joint Venture Agreement we exchanged.

7. TE 1019 is a true and correct copy of the minutes of our May 30, 2010 meeting.

8. TE 1034 is a true and correct copy of the first set of PCJV's Franchise Disclosure Documents approved by DLA Piper and Mr. Magsaysay.

9. TE 1038-1041 are true and correct copies of billing records from DLA Piper, which I subsequently received.

/ / /

10. TE 1045 is a true and correct copy of the Master Services Agreement that I executed.

11. TE 1052 and 1053 are true and correct copies of our October 2012 meeting minutes and a First Amendment to the Joint Venture Agreement intended to reflect the agreements made at that meeting.

12. TE 1076-1079, 1084, 1086 are true and correct copies of verified pleadings and under-oath declarations filed by Cinco in the state court action.

13. TE 1154 is a true and correct copy of a November 22, 2024 letter sent from Plaintiff to our franchisees.

14. TE 1172 is a true and correct copy of the Settlement and Release Agreement and related instruments executed by the parties, including myself, to settle and resolve disputes as reflected in those documents.

15. TE 1184 is a true and correct copy of PCJV's April 19, 2018 FDDs executed and/or filed by members of Cinco and Cinco-affiliated individuals, Myrose Victor and Ben Olivas. I understand that Myrose Victor is now Plaintiff's CFO.

16. TE 1239 and 1248 are true and correct copies of Franchise Agreements I executed on behalf of PCJV with two of our franchisees. There are many more just like these.

17. TE 1257 is a true and correct copy of a Stipulation that PCJV entered with the California Department of Business Oversight alongside a Citation issued to PCJV.

18. TE 1413 is a true and correct copy of a declaration I filed in the state court action. Attached as Exhibit C to that declaration is a true and correct copy of a lawsuit that DLA Piper filed on behalf of PCJV verified by Myrose Victor as "representative of Cinco Group."

19. I have reviewed the content of all of the declarations that are being filed concurrently with our moving papers. I agree with everything that is stated in those declaration and could testify to the facts asserted in them myself if needed. In

1  keeping with a judicious approach, I do not see the need to repeat all of the
2  statements made by the other declarants.

3     20.   Out of an abundance of caution, I independently verify and attest to the
4  following statement of undisputed facts, which I believe are undisputed:

      a. SUF 1: Since 2010, PCJV has been the sole master franchisor of Potato Corner in the United States, and is the only entity ever authorized to sell Potato Corner franchises in the U.S. All U.S. franchisees obtained their rights to use the Potato Corner marks from PCJV, with franchise agreements providing for initial ten-year terms and rights to successive ten-year renewals, extending franchisee rights well into the future. Franchisees agreed that all goodwill inures to PCJV's exclusive benefit.

      b. SUF 2: PCJV is governed by a set of agreements (the Joint Venture Agreement, its First Amendment, and the LLC Agreement), all of which provide for indefinite duration and require a supermajority vote or mutual agreement for termination.

      c. SUF 3: Cinco's verified pleadings and other sworn statements in prior litigation confirm that PCJV's business, reputation, and goodwill were at stake in U.S. operations, that PCJV's rights to the marks were governed by the JVA and LLC structure, and that Cinco's only right was to receive a share of franchise and royalty fees.[1]

      d. SUF 4: Plaintiff did not acquire any ownership rights or equity in Cinco, PC International, PCJV, or PCI Trading, and expressly disavowed acquiring PCJV's membership interests, franchise

---

[1] While I do not agree with Cinco's allegation that its sole role was that of licensor, it is a fact that Cinco made these verified allegations.

agreements, regulatory obligations, supply chain contracts, and related businesses, as well as any contractual or fiduciary obligations owed to or by PCJV. As a result, Plaintiff did not acquire the goodwill of the U.S. franchised business.

e. SUF 5: The Cinco Parties' releases and settlement agreements, negotiated and executed with counsel who also represents Plaintiff, expressly bind successors, subsidiaries, affiliates, and assigns, including Plaintiff, and released all known and unknown licensing and related claims.

f. SUF 6: Following the alleged assignment to Plaintiff, PCJV continued operating as master franchisor.[2]

I declare under penalty of perjury that the foregoing is true and correct. Executed September 24, 2025, within the United States, its territories, possessions, or commonwealths.

Guy Koren

---

[2] At no time did Cinco or SPAVI attempt to dissolve PCJV, revoke PCJV's franchisor status, or attempt (until this lawsuit) to terminate PCJV's authority to grant or maintain long-term franchise rights already granted to U.S. franchisees. Franchisees continued operating under PCJV-issued long-term agreements.

160850.00001/154448422v.1     5
DECLARATION OF GUY KOREN