1  BLANK ROME LLP
   Todd M. Malynn (SBN 181595)
2  todd.malynn@blankrome.com
   Arash Beral (SBN 245219)
3  arash.beral@blankrome.com
   Todd M. Malynn (SBN 181595)
4  jamison.gilmore@blankrome.com
   2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
   Telephone: 424.239.3400
6  Facsimile:  424.239.3434

7  Attorneys for Defendants, Counterclaimants, and
   Third Party Plaintiffs PCJV USA, LLC, PCI
8  TRADING LLC, POTATO CORNER LA
   GROUP, LLC, GK CAPITAL GROUP, LLC,
9  NKM CAPITAL GROUP, LLC and GUY
   KOREN, and Defendants J & K AMERICANA,
10 LLC, J&K LAKEWOOD, LLC, J&K
   OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J
11 & K ONTARIO, LLC, J&K PC TRUCKS, LLC,
   HLK MILPITAS, LLC, and GK CERRITOS, LLC

12

13                UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, | Case No. 2:24-CV-04546-SB(AGRx) |
| 17                    Plaintiff, | Hon. Stanley Blumenfeld, Jr. |
| 18  vs. | **DECLARATION OF BARRY KURTZ** |
| 19  PCJV USA, LLC, a Delaware limited liability company; PCI TRADING, LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company; J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Complaint Filed: May 31, 2024<br>Trial Date: September 26, 2025 |

|   |   |
|---|---|
| 1 | limited liability company and DOES 1 through 100, inclusive, |
| 2 | Defendants. |
| 3 |   |
| 4 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 | Counter-Claimants, |
| 10 | v. |
| 11 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 12 |   |
| 13 | Counter Defendant. |
| 14 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 15 |   |
| 16 |   |
| 17 |   |
| 18 |   |
| 19 |   |
| 20 | Third Party Plaintiffs, |
| 21 | v. |
| 22 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 23 |   |
| 24 |   |
| 25 | Third Party Defendants. |
| 26 |   |
| 27 |   |
| 28 |   |

160850.00001/154448422v.1                                      1
**DECLARATION OF BARRY KURTZ**

# DECLARATION OF BARRY KURTZ

I, Barry Kurtz, declare as follows:

1. I am over 18 years old. The facts stated here are based on my personal knowledge, my work for PCJV USA, LLC ("PCJV"), and my review of files and business records maintained in the ordinary course of my practice. If called, I could and would testify competently thereto.

## Personal Background and Role

2. I am a California attorney and a Certified Specialist in Franchise & Distribution Law (State Bar of California, Board of Legal Specialization). I am a shareholder at Lewitt, Hackman, Shapiro, Marshall & Harlan in Encino, California, where my practice focuses on franchise law and franchise regulatory compliance.

3. I served as outside franchise counsel to PCJV on franchise compliance matters, including in connection with the California Department of Business Oversight (now Department of Financial Protection & Innovation) administrative proceeding concluded in December 2016.

## The California Franchise Order and PCJV's Compliance

4. In 2016, I represented PCJV in a Franchise Investment Law ("FIL") administrative matter before the California Department of Business Oversight ("DBO"). The matter concluded with a Stipulation and a Citation including: (1) Desist and Refrain Order; (2) Assessment of Administrative Penalty; and (3) Claim for Ancillary Relief (dated December 16, 2016). A true and correct copy of the fully executed Stipulation and Citation (together, the "DBO Order") are attached to the Appendix at Trial Ex. 1257. The Stipulation identifies me as PCJV's counsel and provides for service to me at bkurtz@lewitthackman.com. The executed Citation directs service and compliance confirmations through my office.

5. The DBO Order addressed franchise law compliance issues (e.g., timing of fee collection during certain registration periods, disclosure of restated financials, notices of violation) and imposed: (a) a $20,000 administrative penalty; (b) a Desist

and Refrain Order to comply with identified FIL provisions; (c) a requirement to engage an independent monitor (a licensed franchise attorney with no prior affiliation to PCJV) for three annual reviews and reports; and (d) mandatory eight-hour in-person FIL compliance training for specified PCJV officers, to be provided by an experienced franchise attorney approved by the Commissioner. Ex. 1257 at Citation ¶¶ 12–21.

6. PCJV accepted the DBO Order, paid the penalty, and, under my coordination as outside counsel, implemented the ordered remedial actions:

    a. Retained an independent monitor satisfying the independence and qualifications criteria, who performed reviews and submitted annual reports to the DBO as required;

    b. Arranged and completed the mandated franchise law compliance training for the identified PCJV officers, with proof of completion submitted to the Department by the deadlines;

    c. Implemented enhanced compliance policies and procedures addressing franchise registration status, disclosure controls (including handling of material changes and financial statement restatements), fee timing, and notice obligations.

7. The DBO Order did not question PCJV's status as the franchisor of the Potato Corner franchise system in California or the United States, nor did it restrict PCJV's ongoing authority to offer and sell franchises while properly registered or exempt. Rather, it required remedial compliance measures and monitoring. Ex. 1257 (Recitals, Statement of Facts, Orders).

8. In the ordinary course of my work, I monitored PCJV's compliance with California franchise registration and renewal requirements following entry of the DBO Order. PCJV maintained its franchisor status and continued to register and offer franchises consistent with California law after implementing the remedial measures.

**PCJV's Franchise Registrations and FDDs**

9. I have reviewed PCJV's initial and renewal California franchise registration records and franchise disclosure documents ("FDDs"). The records reflect:

   a. Initial California registration filed February 14, 2011 and approved effective April 15, 2011. Exh. 1257 (Stipulation/Citation ¶¶ 3, B).

   b. Subsequent renewals and amendments as described in Ex. 1257, including a 2018 California-filed FDD identifying PCJV as the franchisor and verified under oath by Cinco representatives. A true and correct copy of the April 19, 2018 FDD is attached to the Appendix at Trial Ex. 1184. In my capacity as franchise counsel, I reviewed that filing in the ordinary course and assisted the parties with its filing. On behalf of Cinco, Ms. Myrose Victor and Mr. Ben Olivas approved its filing in 2018. Mr. Olivas signed the FDD application under penalty of perjury.

10. Based on my review of these records, PCJV has been the entity registered and authorized to offer and sell Potato Corner franchises in California since 2011, subject to the compliance conditions and remedial measures described in the DBO Order.

**PCJV's Franchise Agreements and Goodwill Provisions**

11. In my role as franchise counsel, I have reviewed executed franchise agreements issued by PCJV to U.S. franchisees, including the February 7, 2024 Franchise Agreement (Trial Ex. 1239), September 12, 2024 Franchise Agreement (Trial Ex. 1248), and many others. These agreements: (a) grant an initial 10-year term with rights to successive 10-year renewals; (b) identify PCJV as the franchisor granting the rights to use the "Potato Corner" marks and system; and (c) provide

1 | that all goodwill arising from franchisee use of the marks inures to the exclusive
2 | benefit of the franchisor'(PCJV). *See, e.g.*, § 9.1 in TE 1239 and TE 1248.
3 |     12. The provisions above are consistent with standard franchisor practice
4 | and confirm that PCJV granted long-term use rights to franchisees and that goodwill
5 | generated by franchisee operations inures to PCJV as franchisor. It would be
6 | antithetical to the business-format franchise model for PCJV's trademark rights to
7 | have been revocable at-will.

### Observations Relevant to Issues Presented

    13. The California franchise regulator's 2016 DBO Order and subsequent interactions with my office treated PCJV as the long-term franchisor responsible for U.S. franchise regulatory compliance. The Order imposed remedial measures typical for a franchisor's compliance program and monitoring; it did not purport to terminate, revoke, or reassign franchisor status or trademark control.

    14. PCJV's FDD filings and registrations identify PCJV as the franchisor, and the executed franchise agreements I reviewed confirm that U.S. franchisees obtained their trademark use rights from PCJV on long-term agreements with renewal options, with goodwill inuring to PCJV.

    I declare under penalty of perjury that the foregoing is true and correct. Executed September 24, 2025, within the United States, its territories, possessions, or commonwealths.

_____
Barry Kurtz