EXHIBIT 1257

MARY ANN SMITH
Deputy Commissioner
DOUGLAS M. GOODING
Assistant Chief Counsel
JOANNE ROSS (State Bar No.: 202338)
Senior Counsel
Department of Business Oversight
1515 K Street, Suite 200
Sacramento, California 95814
Telephone (916) 324-9687
Facsimile: (916) 445-6985

Attorneys for Complainant

BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | FIL ORG ID.: 96348 |
| THE COMMISSIONER OF BUSINESS OVERSIGHT, | STIPULATION |
| Complainant, | |
| v. | |
| PCJV USA, LLC, | |
| Respondent. | |

IT IS HEREBY STIPULATED BY AND BETWEEN PCJV US, LLC ("PCJV") and the Commissioner of Business Oversight ("Commissioner"), as follows:

RECITALS

A.      PCJV is a Delaware limited liability company formed on July 16, 2010, with a principal address at 6380 Wilshire Boulevard, Suite 1100, Los Angeles, California 90048. PCJV engages in the business of offering and selling franchises under the name "Potato Corner."

B.      On February 14, 2011, PCJV filed its initial application for registration to offer and sell franchises in California. This application was approved by the Department of Business Oversight

State of California – Department of Business Oversight

EXHIBIT 1257 - 0001

1. ("Department") and became effective on April 15, 2011.
2. C.    In March 2011, Potato Corner Global Company Limited, Hong Kong, NKM Capital Group,
3. LLC and PCJV jointly filed Notices of Violation under section 31303 of the FIL, acknowledging
4. that Potato Corner Global Company Limited, Hong Kong and NKM Capital Group, LLC sold three
5. (3) Potato Corner franchises in California, in or around April 2010 without being registered with the
6. Department.
7. D.    On August 20, 2012, PCJV filed a renewal registration for the offer and sale of Potato
8. Corner franchises in California.  On August 23, 2012, the Department issued the registration with
9. the Commissioner's condition to registration that initial franchise fees could not be collected from
10. new California franchisees until after the new franchisees commenced doing business.
11. E.    Following the 2012 registration, PCJV collected initial franchise fees from twelve (12)
12. California franchisees prior to their commencing business, in violation of the Commissioner's
13. condition to registration.
14. F.    On September 13, 2013 PCJV filed a renewal registration for the offer and sale of Potato
15. Corner franchises in California.  On November 25, 2013, the Department again conditionally issued
16. the registration with the requirement that initial franchise fees could not be collected from
17. California franchisees until after the new franchisees commenced doing business.  PCJV failed to
18. disclose to the Department that it had violated this condition twelve (12) times during its previous
19. registration period.
20. G.    On November 22, 2013, PCJV filed a Notice of Violation under section 31303 of the FIL
21. because it attended the West Coast Franchise Expo in October 2013, where it sold three (3)
22. franchises after the date its prior registration lapsed and while its renewal application was pending
23. with the Department.  The Notice of Violation form was approved by the Department on November
24. 25, 2013.
25. H.    On February 14, 2014, PCJV filed another Notice of Violation, for violating the
26. Commissioner's condition to registration for one (1) of five (5) franchises sold to California
27. franchisees in 2013.  The form of the Notice of Violation was approved by the Commissioner, and
28. PCJV paid a two thousand five hundred dollar ($2,500.00) penalty to the Department on April 16,

State of California – Department of Business Oversight

EXHIBIT 1257 - 0002

1  2014. PCJV failed to disclose to the Department that it had violated the condition to its registration
2  four (4) additional times during the 2013 registration period (in addition to the twelve previous
3  violations) by collecting initial franchise fees from all five (5) California franchisees prior to their
4  commencing business.
5  I.  PCJV failed to inform its California franchisees that purchased franchises in 2013 and 2014
6  about the two Notice of Violations filed with the Department in 2013 and 2014.
7  J.  PCJV's auditors issued restated financial statements for 2012, 2013 and 2014 on October
8  20, 2015 after PCJV's 2014 registration had lapsed. The restated financial statements were not
9  provided to the franchisees that purchased their franchises in 2012, 2013, and 2014.
10 K.  On October 21, 2015, PCJV voluntarily disclosed the violations described herein to the
11 Department.
12 L.  The Commissioner is issuing the attached Citation with Desist and Refrain Order and
13 Assessment of Administrative Penalty; Claim for Ancillary Relief ("Citation") under the Franchise
14 Investment Law (Corp. Code, §31000, et seq.) ("FIL"), as a result of these violations of law by
15 PCJV.
16    The Commissioner finds that this action is appropriate in the public interest and consistent
17 with the purposes fairly intended by the policy and provisions of this law.

### TERMS AND CONDITIONS

1. This Stipulation is entered into for the purpose of judicial economy and expediency, and to avoid the expense of a hearing, and possible further court proceedings.
2. PCJV hereby stipulates to the issuance of the Citation, in the form attached as Exhibit A.
3. PCJV agrees to the finality of the Citation and agrees that the Citation shall remain in effect and is public.
4. PCJV hereby agrees that within thirty (30) days from the date of PCJV's receipt, as defined in Paragraph 16, from the Department of this Stipulation and the Citation signed by the Commissioner, it will submit to the Department a Notice of Violation ("NOV") form for approval. The Department will approve or provide PCJV with instructions for the revision of the NOV form within thirty (30) days after receipt of the NOV from PCJV. The NOV form shall address all

State of California – Department of Business Oversight

EXHIBIT 1257 - 0003

relevant violations by PCJV set forth in this Stipulation and be sent to all relevant/affected franchisees within thirty (30) days after PCJV's receipt of written notice from the Department approving the NOV form via FedEx or other traceable method. PCJV shall send proof of mailings, with a copy of each NOV sent to all relevant/affected franchisees, to Joanne Ross, Senior Counsel, Enforcement Division, 1515 K Street, Suite 200, Sacramento, California 95814 within fifteen (15) days of mailing the NOVs.

5.   PCJV agrees to comply with all the provisions of the Citation and this Stipulation. Failure to comply with all provisions of the Citation and this Stipulation, including failure to meet deadlines, shall constitute a breach of this Stipulation and be grounds for the Commissioner to issue a stop order denying the effectiveness of PCJV's registration under the Franchise Investment Law.

6.   PCJV hereby waives a right to a hearing, and to any reconsideration, appeal, or other rights which may be afforded pursuant to the FIL, the California Administrative Procedure Act (Govt. Code, § 11370 et seq.), the California Code of Civil Procedure (Code of Civ. Proc., § 1 et seq.), or any other provision of law in connection with these matters.

7.   PCJV enters this Stipulation voluntarily and without coercion and acknowledges that no promises, threats, or assurances have been made by the Commissioner or any officer, or agent thereof, about this Stipulation.

8.   PCJV acknowledges that nothing in this Stipulation shall preclude the Commissioner, or the Commissioner's agents or employees, to the extent authorized by law, from assisting or cooperating in any investigation and/or action brought by any federal, state or county agency. PCJV also agrees that this Stipulation shall not bind or otherwise prevent any federal, state or county agency from the performance of its duties.

9.   PCJV agrees that the delivery by certified mail of the executed Citation by the Commissioner to PCJV, attention: Guy Koren, President and Chief Operating Officer, at 6380 Wilshire Boulevard, Suite 1100, Los Angeles, California 90048, with a copy sent to Barry Kurtz, Esq., Lewitt, Hackman, Shapiro, Marshall & Harlan, 16633 Ventura Boulevard, 11th Floor, Encino, California 91436 shall constitute valid service of the Citation.

10.   Each of the parties represents, warrants, and agrees that they have received independent

EXHIBIT 1257 - 0004

advice from their attorney(s) and/or representatives with respect to the advisability of executing this Stipulation.

11.   Each of the parties represents, warrants, and agrees that in executing this Stipulation they have relied solely on the statements set forth herein and the advice of their own attorney(s) and/or representatives.  Each of the parties represents, warrants, and agrees that in executing this Stipulation they have placed no reliance on any statement, representation, or promise of any other party, or any other person or entity not expressly set forth herein, or upon the failure of any party or any other person or entity to make any statement, representation or disclosure of anything whatsoever.  The parties have included this clause: (1) to preclude any claim that any party was in any way fraudulently induced to execute this Stipulation; and (2) to preclude the introduction of parol evidence to vary, interpret, supplement, or contradict the terms of this Stipulation.

12.   This Stipulation, and Exhibit A hereto, is the final written expression and the complete and exclusive statement of all agreements, conditions, promises, representations, and covenants between the parties with respect to the subject matter hereof, and supersedes all prior or contemporaneous agreements, discussions, negotiations, representations, and understandings between and among the parties, their respective representatives, and any other person or entity, with respect to the subject matter covered hereby.

13.   In that the parties have had the opportunity to draft, review and edit the language of this Stipulation, no presumption for or against any party arising out of drafting all or any part of this Stipulation will be applied in any action relating to, connected to, or involving this Stipulation. Accordingly, providing that in cases of uncertainty, language of contract should be interpreted most strongly against the party who causes the uncertainty to exist.

14.   The Parties hereby acknowledge and agree that this Stipulation is intended to constitute a full, final and complete resolution of the violations of the FIL referenced above.

15.   PCJV agrees to the provisions of this Stipulation solely for the limited purposes of resolving the violations of the FIL referred to herein.  It is the intent and understanding between the Parties that this Stipulation, and particularly the stipulations of PCJV herein, shall not be binding against them or admissions in any action(s) with third parties or officers or agencies of the state other than

State of California – Department of Business Oversight

1. the Commissioner of Business Oversight.
2. 16. This Stipulation shall not become effective until signed and delivered by all parties.
3. This Stipulation may be executed in one or more separate counterparts, each of which when so
4. executed, shall be deemed an original but all of which, together, shall be deemed to constitute a
5. single document. This Stipulation may be executed by facsimile or scanned signature, and any such
6. facsimile or scanned signature by any party hereto shall be deemed to be an original signature and
7. shall be binding on such party to the same extent as if such facsimile or scanned signature were an
8. original signature. The Stipulation shall be deemed "received" for purposes of this paragraph when
9. the Department emails the fully executed Stipulation to bkurtz@lewitthackman.com.
10. 17. Each signator hereto covenants that he or she possess all necessary capacity and authority to
11. sign and enter into this Stipulation.
12. Dated: 12/13, 2016       JAN LYNN OWEN
                              Commissioner of Business Oversight

By _____
MARY ANN SMITH
Deputy Commissioner
Enforcement Division

Dated: 12/8/, 2016       PCJV USA, LLC

By _____
Guy Koren
President and Chief Operating Officer

APPROVED AS TO FORM:
Dated: 12/8, 2016

By _____
Barry Kurtz, Esq.
Lewitt, Hackman, Shapiro, Marshall & Harlan
Attorneys for PCJV US, LLC

-6-
STIPULATION

EXHIBIT 1257 - 0006



**EXHIBIT 1257 - 0007**

State of California - Department of Business Oversight

MARY ANN SMITH
Deputy Commissioner
DOUGLAS M. GOODING
Assistant Chief Counsel
JOANNE ROSS (State Bar No.: 202338)
Senior Counsel
Department of Business Oversight
1515 K Street, Suite 200
Sacramento, CA 95814
Telephone (916) 324-9687
Facsimile: (916) 445-6985

Attorneys for Complainant

BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

OF THE STATE OF CALIFORNIA

| In the Matter of | ) FIL ORG ID.: 96348 |
|---|---|
| THE COMMISSIONER OF BUSINESS OVERSIGHT, | ) CITATION INCLUDING: |
| Complainant, | ) 1) DESIST AND REFRAIN ORDER; |
| v. | ) 2) ASSESSMENT OF ADMINISTRATIVE PENALTY; AND |
| PCJV USA, LLC, | ) 3) CLAIM FOR ANCILLARY RELIEF |
| Respondent. | ) (CORPORATIONS CODE SECTIONS 31406 AND 31408) |

Jan Lynn Owen, the Commissioner of Business Oversight of the State of California ("Commissioner"), finds the following:

**I.**

**STATEMENT OF FACTS**

1. The Commissioner regulates the offer and sale of franchises under the Franchise Investment Law (Corp. Code §31000 et seq.) ("FIL").

2. PCJV USA, LLC ("PCJV") is a Delaware limited liability company, formed on July 16, 2010. PCJV has a principal place of business at 6380 Wilshire Boulevard, Suite 1100, Los Angeles,

-1-

CITATION WITH DESIST AND REFRAIN ORDER AND ASSESSMENT OF ADMINISTRATIVE PENALTY; CLAIM FOR ANCILLARY RELIEF

EXHIBIT 1257 - 0008

1. California 90048.  PCJV engages in the business of offering and selling franchises under the name "Potato Corner."

3. On February 14, 2011, PCJV filed its initial application for registration to offer and sell franchises in California.  This application was approved by the Department of Business Oversight ("Department") and became effective on April 15, 2011.

4. In March 2011, Potato Corner Global Company Limited, Hong Kong, NKM Capital Group, LLC and PCJV jointly filed Notices of Violation under section 31303 of the FIL, acknowledging that Potato Corner Global Company Limited, Hong Kong and NKM Capital Group, LLC sold three (3) Potato Corner franchises in California, in or around April 2010, without being registered with the Department.

5. On August 20, 2012, PCJV filed a renewal registration for the offer and sale of Potato Corner franchises in California.  On August 23, 2012, the Department issued the registration with the Commissioner's condition to registration that initial franchise fees could not be collected from new California franchisees until after the new franchisees commenced doing business.

6. Following the 2012 registration, PCJV collected initial franchise fees from twelve (12) California franchisees prior to their commencing business, in violation of the Commissioner's condition to registration.

7. On September 13, 2013 PCJV filed a renewal registration for the offer and sale of Potato Corner franchises in California.  On November 25, 2013, the Department again conditionally issued the registration with the requirement that initial franchise fees could not be collected from California franchisees until after the new franchisees commenced doing business.  PCJV failed to disclose to the Department that it had violated this condition twelve (12) times during its previous registration period.

8. On November 22, 2013, PCJV filed a Notice of Violation under section 31303 of the FIL because it attended the West Coast Franchise Expo in October 2013, where it sold three (3) franchises after the date its prior registration lapsed and while its renewal application was pending with the Department.  The Notice of Violation form was approved by the Department on November 25, 2013.

9. On February 14, 2014, PCJV filed another Notice of Violation, for violating the Commissioner's condition to registration for one (1) of five (5) franchises sold to California

franchisees in 2013. The form of the Notice of Violation was approved by the Commissioner, and PCJV paid a two thousand five hundred dollar ($2,500.00) penalty to the Department on April 16, 2014. PCJV failed to disclose to the Department that it had violated the condition to its registration four (4) additional times during the 2013 registration period (in addition to the twelve previous violations) by collecting initial franchise fees from all five (5) California franchisees prior to their commencing business.

10. PCJV failed to inform its California franchisees that purchased franchises in 2013 and 2014 about the two Notice of Violations filed with the Department in 2012 and 2013.

11. PCJV's auditors issued restated financial statements for 2012, 2013 and 2014 on October 20, 2015 after PCJV's 2014 registration had lapsed. The restated financial statements were not provided to the franchisees that purchased their franchises in 2012, 2013, and 2014.

## II.

## CITATION WITH DESIST AND REFRAIN ORDER AND ADMINISTRATIVE PENALTY

12. Corporations Code section 31406 provides:

(a) If, upon inspection or investigation, based upon a complaint or otherwise, the commissioner has cause to believe that a person is violating any provision of this division or any rule or order promulgated pursuant to this division, the commissioner may issue a citation to that person in writing describing with particularity the basis of the citation. Each citation may contain an order to desist and refrain and an assessment of an administrative penalty not to exceed two thousand five hundred dollars ($2,500) per violation and shall contain reference to this section, including the provisions of subdivision (c). All penalties collected under this section shall be deposited in the State Corporations Fund.
(b) The sanctions authorized under this section shall be separate from, and in addition to, all other administrative, civil, or criminal remedies.
(c) If within 60 days from the receipt of the citation, the person cited fails to notify the commissioner that the person intends to request a hearing as described in subdivision (d), the citation shall be deemed final.
(d) Any hearing under this section shall be conducted in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code.
(e) After the exhaustion of the review procedures provided for in this section, the commissioner may apply to the appropriate superior court for a judgment in the amount of the administrative penalty and order compelling the cited person to comply with the order of the commissioner. The application shall include a certified copy of the final order of the commissioner and shall constitute a sufficient showing to warrant the issuance of the judgment and order.

13. FIL section 31110 states it shall be unlawful for any person to offer or sell any franchise in this state unless the offer of the franchise has been registered under this part or exempted. PCJV sold three (3) franchises in October 2013 while it was unregistered. PCJV violated section 31110 three (3) times. Pursuant to Corporations Code section 31406, PCJV is hereby ordered to desist and refrain from offering or selling franchises in California unless registered or exempt.

14. Under FIL section 31203, it is "unlawful for any person to violate any order of the commissioner or conditions to the effectiveness of the registration of the offer or sale of franchises." In at least seventeen (17) instances, PCJV violated section 31203 by accepting initial franchise fees from franchisees before those franchisees had opened for business, despite the Commissioner's condition to the effectiveness of PCJV's registration not to do so. PCJV is hereby ordered to desist and refrain from further violations of FIL section 31203.

15. Pursuant to FIL section 31201, it is "unlawful for any person to offer or sell a franchise in this state by means of any written or oral communication…which includes an untrue statement of a material fact or omits to state a material fact…." PCJV violated section 31201 by misrepresenting material facts to seventeen (17) franchisees by taking the initial franchise fees in violation of the Commissioner's condition to registration. In addition, PCJV failed to disclose to all potential franchisees the Notice of Violations it had filed with the Department in 2013 and 2014, in violation of section 31201. PCJV is hereby ordered to desist and refrain from further violations of FIL section 31201.

16. PCJV also failed to disclose to the Commissioner that it violated the condition to registration in sixteen (16) of the seventeen (17) instances until October 21, 2015. This is a violation of section 31200, which states that it is "unlawful for any person willfully to make any untrue statement of a material fact…or willfully omit to state in any such application, notice, or report any material fact which is required to be stated therein, or fail to notify the Commissioner of any material change as required by section 31123." PCJV is hereby ordered to desist and refrain from further violations of FIL section 31200.

17. FIL section 31123 states that a franchisor "shall promptly notify the commissioner in writing, by an application to amend the registration, or any material change in the information contained in the

-4-

CITATION WITH DESIST AND REFRAIN ORDER AND ASSESSMENT OF ADMINISTRATIVE PENALTY; CLAIM FOR ANCILLARY RELIEF

EXHIBIT 1257 - 0011

1 application as originally submitted, amended or renewed." PCJV's auditors restated financial
2 statements for years 2012, 2013 and 2014 on October 20, 2015 after PCJV's 2014 registration had
3 lapsed. PCJV failed to disclose these restated financial statements with the Commissioner until
4 November 25, 2015, in violation of section 31123. PCJV is hereby ordered to desist and refrain from
5 further violations of FIL section 31123.

18. PCJV is hereby assessed and ordered to pay an administrative penalty of twenty thousand dollars ($20,000.00) ("Penalty") based on the three (3) violations of section 31110, seventeen (17) violations of section 31203, nineteen (19) violations of section 31201, sixteen (16) violations of section 31200, and three (3) violations of section 31123 of the FIL. The Penalty shall be paid by check and made payable to the Department of Business Oversight. The Penalty check shall be received by the Department no later than fifteen (15) calendar days from PCJV's Receipt from the Department of this Citation with Desist and Refrain Order and Assessment of Administrative Penalty; Claim for Ancillary Relief ("Order") signed by the Commissioner. The Order shall be deemed "received" when the Department emails the executed Order to bkurtz@lewitthackman.com.

19. The penalty payment by PCJV should be sent via traceable method to: Department of Business Oversight, ATTN: Accounting-Litigation, 1515 K Street, Suite 200, Sacramento, CA 95814-4052.

## III.

## ANCILLARY RELIEF

20. Corporations Code section 31408 provides:

(a) If the commissioner determines it is in the public interest, the commissioner may include in any administrative action brought under this division, including a stop order, a claim for ancillary relief, including, but not limited to, a claim for rescission, restitution or disgorgement or damages on behalf of the persons injured by the act or practice constituting the subject matter of the action, and the administrative law judge shall have jurisdiction to award additional relief. The person affected may be required to attend remedial education, as directed by the commissioner.
(b) In an administrative action brought under this part the commissioner is entitled to recover costs, which in the discretion of the administrative law judge may include any amount representing reasonable attorney's fees and investigative expenses for the services rendered, for deposit into the State Corporations Fund for the use of the Department of Business Oversight.

-5-

CITATION WITH DESIST AND REFRAIN ORDER AND ASSESSMENT OF ADMINISTRATIVE PENALTY; CLAIM FOR ANCILLARY RELIEF

EXHIBIT 1257 - 0012

21. Under section 31408, the Commissioner may direct the franchisor to attend remedial education and may request additional ancillary relief as part of any administrative action. Within thirty (30) days from the date of PCJV's Receipt from the Department of this Order signed by the Commissioner, PCJV is hereby directed to contract with an independent monitor ("Monitor") who shall have no prior familial, financial, or professional affiliation with PCJV or any of its senior management level employees. PCJV shall provide the name and contact information of the Monitor to the Department within forty-five (45) days from the date of PCJV's Receipt from the Department of this Order signed by the Commissioner. The Monitor shall be a licensed attorney with experience in franchise transactions in California. The Monitor shall be responsible for assisting PCJV to develop and implement policies and procedures, governing books, records and accounts of its franchise sales. The Monitor shall review PCJV's practices and procedures annually for three (3) consecutive years. On or before October 1 of 2017, 2018 and 2019, the Monitor shall submit a report on PCJV's development and implementation of these policies and procedures. The report shall be submitted to: Joanne Ross, Senior Counsel, Enforcement Division, 1515 K Street, Suite 200, Sacramento, California 95814. This three-year term for the Monitor shall be reviewed by the Commissioner on each annual anniversary date of the parties' execution of this Citation. This three-year term for the Monitor may be shortened by the Commissioner in her discretion if PCJV has demonstrated compliance with the FIL and this Citation.

In addition, PCJV is directed to have an experienced franchise attorney or attorneys provide to Guy Koren, President and Chief Operating Officer, and Amir Jacoby, Director, as well as any other officers or employees involved in offering or selling franchises, an eight-hour, in-person training in the area of FIL compliance matters, including but not limited to the offering and selling of franchises ("Training"). PCJV must obtain prior approval of the providers of the Training from the Commissioner within thirty (30) days from the date of PCJV's Receipt from the Department of this Order signed by the Commissioner. Proof of the trainees' attendance at the Training for eight (8) hours, via affidavit by the trainer(s) and each trainee, shall be received by the Department no later than

///
///

1 | March 6, 2017 by sending via traceable method to: Joanne Ross, Senior Counsel, Enforcement
2 | Division, 1515 K Street, Suite 200, Sacramento, California 95814.
3 | Dated: December 16, 2016
        Sacramento, CA                JAN LYNN OWEN
4                                      Commissioner of Business Oversight



By _____
MARY ANN SMITH
Deputy Commissioner
Enforcement Division

-7-

CITATION WITH DESIST AND REFRAIN ORDER AND ASSESSMENT OF ADMINISTRATIVE PENALTY; CLAIM FOR ANCILLARY RELIEF

EXHIBIT 1257 - 0014