1  MICHAEL D. MURPHY (SBN 224678)
   mdmurphy@foxrothschild.com
2  MATTHEW FOLLETT (SBN 325481)
   mfollett@foxrothschild.com
3  MEEGHAN H. TIRTASAPUTRA (SBN 325572)
   mtirtasaputra@foxrothschild.com
4  JESSICA I. NWASIKE (SBN 343087)
   jnwasike@foxrothschild.com
5  FOX ROTHSCHILD LLP
   Constellation Place
6  10250 Constellation Boulevard, Suite 900
   Los Angeles, California 90067
7  Telephone:  310.598.4150
   Facsimile:   310.556.9828
8
   Attorneys for Plaintiff and Counterclaim Defendant
9  SHAKEY'S PIZZA ASIA VENTURES, INC. and
   Third-Party Defendants CINCO CORPORATION,
10 PC INTERNATIONAL PTE LTD., and SPAVI
   INTERNATIONAL USA, INC.
11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15  SHAKEY'S PIZZA ASIA VENTURES,        Case No. 2:24-CV-04546-SB(AGRx)
    INC, a Philippines corporation,
16                                        *The Hon. Stanley Blumenfeld, Jr.*
                    Plaintiff,
17                                        **PLAINTIFF AND**
            v.                            **COUNTERCLAIM DEFENDANT**
18                                        **SHAKEY'S PIZZA ASIA**
    PCJV USA, LLC, A Delaware limited     **VENTURES, INC. AND THIRD-**
19  liability company; PCI TRADING,       **PARTY DEFENDANTS'**
    LLC, a Delaware limited liability     **RESPONSE TO DEFENDANTS'**
20  company; GUY KOREN, an individual;    **STATEMENT OF UNDISPUTED**
    POTATO CORNER LA GROUP, LLC,          **FACTS**
21  a California limited liability company;
    NKM CAPITAL GROUP, LLC, a
22  California limited liability company;
    J & K AMERICANA, LLC, a California    [*Concurrently filed with Memorandum
23  limited liability company; J&K        of Points and Authorities; Appendix of
    LAKEWOOD, LLC, a California           evidence*]
24  limited liability company; J&K
    VALLEY FAIR, LLC, a California
25  limited liability company; J & K
    ONTARIO, LLC, a California limited
26  liability company; HLK MILPITAS,
    LLC, a California, limited liability
27  company; GK CERRITOS, LLC, a
    California, limited liability company;
28

                                          1

**PLAINTIFF AND COUNTERCLAIM DEFENDANT SHAKEY'S PIZZA ASIA VENTURES, INC. AND
THIRD-PARTY DEFENDANTS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED
FACTS** CASE NO. 2:24-CV-04546-SB(AGRX)
177560021.1

1   J&K PC TRUCKS, LLC, a California
    limited liability company; and GK
2   CAPITAL GROUP, LLC, a California
    limited liability company and does 1
3   through 100, inclusive,

4                    Defendants.

5   _____

6   PCJV USA, LLC, a Delaware limited
    liability company; PCI TRADING LLC,
7   a Delaware limited liability company;
    POTATO CORNER LA GROUP LLC,
8   a California limited liability company;
    GK CAPITAL GROUP, LLC, a
9   California limited liability company;
    NKM CAPITAL GROUP LLC, a
10  California limited liability company; and
    GUY KOREN, an individual,

11                  Counterclaimants,

12       v.

13  SHAKEY'S PIZZA ASIA VENTURES,
    INC, a Philippines corporation,
14
                  Counter Defendant.
15  _____

16  PCJV USA, LLC, a Delaware limited
    liability company; PCI TRADING LLC,
17  a Delaware limited liability company;
    POTATO CORNER LA GROUP LLC,
18  a California limited liability company;
    GK CAPITAL GROUP, LLC, a
19  California limited liability company;
    NKM CAPITAL GROUP LLC, a
20  California limited liability company; and
    GUY KOREN, an individual,
21
                  Third Party Plaintiffs,
22
         v.
23
    PC INTERNATIONAL PTE LTD., a
24  Singapore business entity; SPAVI
    INTERNATIONAL USA, INC., a
25  California corporation; CINCO
    CORPORATION, a Philippines
26  corporation; and does 1 through 10,
    inclusive,
27
                  Third Party Defendants.
28
                                    2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Plaintiff hereby submits this Response to Defendants' Statement of Uncontroverted Facts in support of its Opposition to Defendants' Motion for Summary Judgment. Dkt. 309.

| SUF No. | Fact | Defendants' Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| 1. | Since 2010, PCJV has been the sole master franchisor of Potato Corner in the United States, and is the only entity ever authorized to sell Potato Corner franchises in the U.S. All U.S. franchisees obtained their rights to use the Potato Corner marks from PCJV, with franchise agreements providing for initial ten-year terms and rights to successive ten-year renewals, extending franchisee rights well into the future. Franchisees agreed that all goodwill inures to PCJV's exclusive | • Joint Statement of Stipulated Facts, Dkt. 257, Facts 7, 8;<br>• Franchise Agreements: TE 1239, 1248, § 9.1 (goodwill provision; ten-year initial term and renewal rights);<br>• FDDs: TE 1034, 1184;<br>• Declaration of Erlinda Bartolome ("Bartolome Decl.") ¶¶ 7–10, 32(a)-(b);<br>• Declaration of Barry Kurtz ("Kurtz Decl.") ¶¶ 8–10;<br>• Declaration of Adam Mandel ("Mandel Decl.") ¶¶ 5–8;<br>• Declaration of Guy Koren ("G. Koren Decl.") ¶ 20.a. | **Disputed and immaterial**. This purported SUF cobbles together a variety of allegations and "spin" on facts that does not bear on the question presented: whether, after May 31, 2024 Plaintiff consented to the use by PCJV (and its owners and managers and affiliates – i.e. all Defendants) of the trademarks and other elements of the Potato Corner brand. The various subparts of this SUF do not support the fact described. For example, the term "authorized" is unclear as it is not specific as to whose authority is being referred to. If "authorized refers to the authority granted from the owner of the brand, PCJV has not had the authority during the entire period mentioned (2010 through the present), as Plaintiffs withdrew any authority on May 31, 2024[5] when it terminated the license. Separately, Plaintiff has authorized SPAVI International USA, Inc. and its subsidiary to sell franchises, and that process has begun and will begin in additional states over the next few |

| | | | |
|---|---|---|---|
| | benefit. | | months. (This also implicated authority of the states, which have already been asked to approve the SPAVI originated franchises for Potato Corner) Finally, another entity was authorized as a licensee with rights to sublicense in the San Francisco Bay Area before PCJV. That PCJV had authority prior to May 31, 2024 and subsequently continued to offer franchises that represented to franchisees that it possessed the authority to sell franchises (TE 1248) does not prove that there was consent, as, with respect to TE 1248, there was no consent, such that the sale of franchises to that third party resembles the comedic bit regarding a stranger selling the Brooklyn bridge. The fact that franchisees are being asked in agreements not approved by Plaintiff to stipulate that their improvement to the goodwill inures to PCJV's benefit, and not Plaintiff, despite the clear directive of 15 USC 1550 does not mean Cinco or Plaintiff consented to this stipulation in violation of the Lanham Act. Also, Koren has represented over and over that the fake license agreement is binding and enforceable, and Section 4 contradicts this SUF. (TE 11, § 4.) **Evidentiary Objection 1: Bartolome Decl. ¶7:** Fails to |

| | | | | provide personal knowledge for statement that Mr. Koren "developed a U.S.-oriented quick-service restaurant model significantly distinct from then-existing international formats" or that the parties agreed in principal about an allocation of the venture (FRE 602); further tries to introduce expert opinion (FRE, 701, 702); Object to the extent the "agreement in principal" summarizes a written document in violation of the secondary evidence rule (FRE 1004);<br><br>**Evidentiary Objection 2: Bartolome Decl. ¶8:** Fails to provide personal knowledge for statement that "the parties had agreed on essential partnership terms, with the Potato Corner trademarks as the central asset" or that the draft circulated was the first  (FRE 602); Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401)<br><br>**Evidentiary Objection 3: Bartolome Decl. ¶9:** Fails to provide evidence of personal knowledge of what was being agreed to and negotiated (FRE 602); summarizes a written document in violation of the secondary evidence rule (FRE |

5

1004); , and is providing evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); and, finally, is offering opinions not based on personal knowledge or that are expert opinions for which she is not qualified (FRE, 701, 702, 602);

**Evidentiary Objection 4: Bartolome Decl. ¶10:** She fails to provide evidence of personal knowledge of what was being agreed to and negotiated (FRE 602); summarizes a written document in violation of the secondary evidence rule (FRE 1004);  and is providing evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); and, finally, she is offering opinions not based on personal knowledge or that are expert opinions for which she is not qualified (FRE, 701, 702, 602);

**Evidentiary Objection 5: Bartolome Decl. ¶¶ 32 (a)-(b):** Fails to provide personal knowledge that PCJV served and was held out as the sole U.S. Master franchisor or the terms of each franchise agreement; Attempts to introduce an expert opinion for which she is not qualified (FRE 701, 702); Attempts to provide evidence

6

designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); Hearsay to the extent that no business records exception has been established  (FRE 802)

**Evidentiary Objection 6: Kurtz Decl. ¶ 9:**
Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401)

**Evidentiary Objection 7: Kurtz Decl. ¶ 10:** Attempt to introduce expert opinion for which he is not qualified (FRE 701, 702); Fails to provide personal knowledge for statement that "Ms. Myrose Victor  and Mr. Ben Olvas approved its filing in 2018."

**Evidentiary Objection 8: Mandel Decl. ¶ 7:** Fails to provide personal knowledge, including regarding sophistication of parties, their means, and intent, and contributions of purported partnership. ; Attempt to introduce expert opinion for which he is not qualified, including  regarding what constituted it as a "partnership" (FRE 701, 702);  Hearsays regarding statements by Magsaysay and Koren.

7

| | | | Evidentiary Objection 9: G. Koren Decl. ¶ 20.a<br>Offers legal opinion (FRE 704); Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702)<br><br>**Plaintiff's Supporting Evidence**<br>Trial Exhibit ("TE") 1551 at pp. 0126-0131;<br>TE 50, ¶ 2<br>TE 48, at ¶¶ 2-4, 9-12, 28, 30-31, 33-34, 66<br>TE 47, at ¶¶ 16-21, 30, 37-41, 60, 71-74<br>TE 1379, p. 7 ¶ 15 |
| 2. | PCJV is governed by a set of agreements (the Joint Venture Agreement, its First Amendment, and the LLC Agreement), all of which provide for indefinite duration and require a supermajority vote or mutual agreement for termination. | • Joint Venture Agreement ("JVA"), TE 1050 §§ 3(g)-(h), 4(a);<br>• First Amendment to JVA, TE 1053;<br>• Relevant drafts of JVA, TE 1023, 1025;<br>• LLC Agreement, TE 62 §§ 2.7, 9.1–9.2;<br>• Bartolome Decl. ¶¶ 9–15, 32(c)<br>• Mandel Decl. ¶¶ 9–12;<br>• G. Koren Dec. ¶ 20.b. | **Disputed.**<br>In the Prior Governance Action, PCJV alleged, and the Trial Court adopted as a conclusion that the Amended Joint Venture Agreement amended, and thus superseded the Joint Venture Agreement and the so-called LLC Agreement. This SUF is intentionally vague as to the last clause, in that it seeks to present this fact as suggesting that these agreements provided for "indefinite duration" of an intellectual property license and termination limitations on an intellectual property license. Neither the AJVA (nor the JVA or LLC Agreement for that matter) constitute a license, as at best, they provide for an agreement to agree on a future license. The reference to duration and termination rights relate to |

duration of the governance rights and obligations over PCJV – which has nothing to do with this action. There has never been any written agreement executed by licensee and licensor as to the duration of the license to use the Potato Corner brand or its termination. It is true that the agreement to agree contained in the AJVA does not provide for a length for the future license agreement, which, under California law, means it is terminable at will. Finally, the Declarations submitted in support of this SUF do not support these assertions and, indeed, are objectionable because they do not comply with this Court's Order giving leave to file these Motions, as the Partis were directed to rely on trial exhibits and had a strict page length and these declarations effectively served to expand the page length by giving more room for the brief and by sending the reader to documents outside the brief for the (purported) factual background. Also, specifically the declaration sections cited herein are specifically objectionable as follows:

**Evidentiary Objection 10: Bartolome Decl. ¶ 11 at pp. 4:1-3** is objectionable because it fails to provide evidence of personal knowledge of what Cinco

**PLAINTIFF AND COUNTERCLAIM DEFENDANT SHAKEY'S PIZZA ASIA VENTURES, INC. AND THIRD-PARTY DEFENDANTS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**          CASE NO. 2:24-CV-04546-SB(AGRX)

177560021.1

intended or what Cinco's contribution was to be (FRE 602); and is providing evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); and, finally, is offering opinions not based on personal knowledge or that are expert opinions for which she is not qualified (FRE, 701, 702, 602);

**Evidentiary Objection 11: Bartolome Decl. at pp 4:22-27 (¶ 14)** is objectionable because it summarizes written documents in violation of the secondary evidence rule (FRE 1004); is providing evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); and, finally, is offering opinions not based on personal knowledge or that are expert opinions for which she is not qualified (FRE, 701, 702, 602);
9–15, 32(c)

**Evidentiary Objection 12: Bartolome Decl. at pp 5:1-5. ¶ 15)** is objectionable because it is offering legal conclusions and argument in violation of (FRE 704); summarizes written documents in violation of the secondary evidence rule (FRE 1004); is providing evidence designed to interpret an integrated

10

contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); and, finally, is offering opinions not based on personal knowledge or that are expert opinions for which she is not qualified (FRE, 701, 702, 602);
9–15, 32(c)

**Evidentiary Objection 13: Bartolome Decl. at pp 10:8-10, ¶ 32)**  is objectionable because it is offering legal conclusions and argument and even making general statements about "Governing Agreements" designed to get into evidence that all of the "Governing Agreements" are actually agreements, were live, or bound SPAVI in violation of (FRE 704); summarizes written documents in violation of the secondary evidence rule (FRE 1004); is providing evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); and, finally, is offering opinions not based on personal knowledge or that are expert opinions for which she is not qualified (FRE, 701, 702, 602);
9–15, 32(c)

**Evidentiary Objection 14:** Mandel Decl. ¶ 9
Offers opinions not based on personal knowledge or that are

11

expert opinions for which he is not qualified (FRE, 701, 702, 602)

**Evidentiary Objection 15:** Mandel Decl. ¶ 10

Fails to provide personal knowledge for statement any statement in the paragraph(FRE 602); Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702)

**Evidentiary Objection 16:** Mandel Decl. ¶ 12: Object to the extent that is lacks personal knowledge (FRE 602)

**Evidentiary Objection 17:** G. Koren Dec. ¶ 20.b.Bartolom: Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702)

**Plaintiff's Supporting Evidence** TE 1576 (Koren and PCJV allegations in Prior Governance Action at ¶ 68 on p. 24:1-9) TE 1135, p. 13 (Prior Governance Court Ruling that included a conclusion that the AJVA and

12

| | | | Agreement were amended by the AJVA). <br> <u>TE 1050</u> (JVA, generally and at §§ 3(g)-(h)) <br> TE 1053 (AJVA, generally and at § 3(g-h) <br> <u>TE 62</u> (LLC Agreement at pp. §§ 2.7, 9.1– 9.2); <br> TE 57 (Koren Decl. from Injunction Motions at ¶¶ 26-31) <br> Exh. 1052 (Minutes of meeting the day before the AJVA was executed). <br> at p. 3. |
|---|---|---|---|
| 3. | Cinco's verified pleadings and other sworn statements in prior litigation confirm that PCJV's business, reputation, and goodwill were at stake in U.S. operations, that PCJV's rights to the marks were governed by the JVA and LLC structure, and that Cinco's only right was to receive a share of franchise and royalty fees. | • Verified Pleadings and Declarations: TE 1076; TE 1077 ¶¶ 17, 26, 31, 44–47, 139–140; TE 1078 ¶¶ 34, 47–50, 151–152; TE 1079 ¶¶ 34, 47–50, 151–152; TE 1086 ¶ 39; TE 1084 ¶ 39; TE 1413; <br> • JVA, TE 1050 § 3(g); <br> • LLC Agreement, TE 62 § 4.17; <br> • Bartolome Decl. ¶ 31; <br> • G. Koren Decl. ¶ 20.c. | **Legally flawed, disputed.** <br><br> This is vaguely worded and confusing, however, if the phrase "PCJV's business, reputation, and goodwill were at stake in U.S. operations" is suggesting that the trademarks are designed to identify the licensee to the consumer, rather than the owner of the mark, this is directly contrary to the whole design of the Lanham Act, which this Court has pointed out over and over again. Dkt 56 at p. 9. Cinco never represented this in any of the pleadings below and, as such, this is misleading in the extreme. A review of the actual citations in this statement of fact show that it is false. Moreover, it is factually false. Guy Koren himself contradicts this position when he represented that he has functioned as if the fake license agreement is |

13

enforceable and believes it is, because the agreement confirms that as he also testified in this case that although Cinco did not sign, he has treated it as enforceable and believes Cinco has as well. That agreement says: all of the benefits and goodwill inure to the licensor and their rights (franchisees rights) flow from licensor and licensor only (TE 11, § 4). Also, in the Prior Governance Action, PCJV alleged, and the Trial Court adopted as a conclusion that the Amended Joint Venture Agreement amended, and thus superseded the Joint Venture Agreement and the so-called LLC Agreement. This SUF is intentionally vague as to the last clause, in that it seeks to present this fact as suggesting that these agreements provided for "indefinite duration" of an intellectual property license and termination limitations on an intellectual property license. Neither the AJVA (nor the JVA or LLC Agreement for that matter) constitute a license, as at best, they provide for an agreement to agree on a future license. The reference to duration and termination rights relate to duration of the governance rights and obligations over PCJV – which has nothing to do with this action. There never been any written agreement executed by licensee and licensor as to the

14

duration of the license to use the Potato Corner brand or its termination. It is true that the agreement to agree contained in the AJVA does not provide for a length for the future license agreement, which, under California law, means it is terminable at will.

**Evidentiary Objection 18:**
Bartolome Decl. ¶ 31: Attempts to introduce expert opinion for which she is not qualified (FRE 701, 702); Hearsay to the extent that no business records exception has been established (FRE 802); Summarizes a written document in violation of the secondary evidence rule (FRE 1004); Improper legal conclusion (FRE 704)

**Evidentiary Objection 19:**
G. Koren Decl. ¶ 20.c.: Attempts to introduce expert opinion for which she is not qualified (FRE 701, 702); Hearsay to the extent that no business records exception has been established  (FRE 802); Summarizes a written document in violation of the secondary evidence rule (FRE  1004); Improper legal conclusion (FRE 704)

**Plaintiff's Supporting Evidence**

Plaintiff's Supporting Evidence

15

| | | | | TE 10 |
| | | | | TE 11 |
| | | | | TE 1576 (Koren and PCJV allegations in Prior Governance Action at ¶ 68 on p. 24:1-9) |
| | | | | <u>TE 1135,</u> p. 13 (Prior Governance Court Ruling that included a conclusion that the AJVA and Agreement were amended by the AJVA). |
| | | | | <u>TE 1050</u> (JVA, generally and at §§ 3(g)-(h)) |
| | | | | TE 1053 (AJVA, generally and at § 3(g-h) |
| | | | | <u>TE 62</u> (LLC Agreement at pp. §§ 2.7, 9.1– 9.2); |
| | | | | TEW Dkt. 56 |
| | | | | TE 57 (Koren Decl. from Injunction Motions at ¶¶ 26-31) |
| | | | | Exh. 1052 (Minutes of meeting the day before the AJVA was executed). |
| | | | | at p. 3, ; |
| 4. | Plaintiff did not acquire any ownership rights or equity in Cinco, PC International, PCJV, or PCI Trading, and expressly disavowed acquiring PCJV's membership interests, franchise agreements, | • Settlement Agreement and Membership Interest Purchase Agreement, TE 1172, Recitals E, G, H and §§ 4.1, 5, 12; <br> • Dkt. 257; <br> • Franchise Agreements, TE 1248 and TE 1239; <br> • FDDs, TE 1034 and TE 1184; <br> • Bartolome Decl. ¶ | **<u>Disputed and Not Supported by Evidence Cited</u>**. <br><br> It is true that Plaintiff did not acquire ownership rights or equity in Cinco, PC International, PCJV, or PCI Trading, as well as any contractual or fiduciary obligations owed to or by PCJV. There was no "disavowal" however and none of the evidence cited proves that. Instead, this was an asset sale. There was no need for buying equity in PCJVV etc. Moreover, |

16

| | | 32(e); <br> • Kurtz Decl. ¶ 12; <br> • G. Koren Decl. ¶ 20.d. | none of the evidence cited establishes that Plaintiff is not interested in franchise agreements, regulatory obligations, supply chain contracts, etc. Plaintiff is doing this on its own because it wants nothing to do with Koren, and, as such, it is building these relationships and tools on its own. The deeds themselves show goodwill was transferred, which is a presumption that Defendant must rebut and they have not. Nevertheless, Plaintiff has been laser focused on producing a substantially similar products or services under the PC-IP and the service is substantially similar to Cinco; and the marks used in commerce will be in a manner consistent with its prior use, as well as the preservation of the mark's commercial impression. |

regulatory obligations, supply chain contracts, and related businesses, as well as any contractual or fiduciary obligations owed to or by PCJV. As a result, Plaintiff did not acquire the goodwill of the U.S. franchised business.

**Evidentiary Objection 20:**
Bartolome Decl. ¶ 32(e): Fails to provide personal knowledge regarding Cinco's purported treatment (602); Attempts to introduce an expert opinion for which she is not qualified (FRE 701, 702); Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); Hearsay to the extent that no business records exception has been established (FRE 802)

17

**PLAINTIFF AND COUNTERCLAIM DEFENDANT SHAKEY'S PIZZA ASIA VENTURES, INC. AND THIRD-PARTY DEFENDANTS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS** CASE NO. 2:24-CV-04546-SB(AGRX)

177560021.1

| | | | | **Evidentiary Objection 21:** Kurtz Decl. ¶ 12: Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702); Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); Improper legal conclusion (FRE 704) |
| | | | | **Evidentiary Objection 22:** G. Koren Decl. ¶ 20.d: Fails to provide personal knowledge for his statement (FRE 602); Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702); Improper legal conclusion (FRE 704); Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401) |
| | | | | **Plaintiff's Supporting Evidence** TE 4 TE 6 TE 1551 at pp. 0126-0131; TE 50, ¶ 2 TE 48, at ¶¶ 2-4, 9-12, 28, 30-31, 33-34, 66 TE 47, at ¶¶ 16-21, 30, 37-41, 60, 71-74 TE 1379, p. 7 ¶ 15 |
| 5. | The Cinco Parties' releases and | • Settlement Agreement and Membership | | **Disputed and Not Supported by the Evidence.** |

| | | | |
|---|---|---|---|
| | settlement agreements, negotiated and executed with counsel who also represents Plaintiff, expressly bind successors, subsidiaries, affiliates, and assigns, and released all known and unknown licensing and related claims. | Interest Purchase Agreement, TE 1172, Recitals E, G, H and §§ 4.1, 5, 12;<br>• Bartolome Decl. ¶ 32(e);<br>• Kurtz Decl. ¶ 12;<br>• Declaration of Alon Koren ¶ 3;<br>• G. Koren Decl. ¶ 20.e. | This deal was in 2024, two years after SPAVI acquired the brand. By definition SPAVI is not a successor, as the SPAVI transaction preceded the deal. You cannot go back in time and bind prior people you transacted with unless they are an extension of Cinco, and SPAVI is not, and none of the evidence establishes that SPAVI is in any way connected as an affiliate, etc. Moreover, the acquisition of IP from Cinco does not make it a successor except as to things that bind the IP, and there is nothing that Cinco was selling in the settlement that was related to IP. The two are apples and oranges. The seller, PCI, sold its equity in PCJV to GK Capital. As a member of PCJV, PCI had no rights to or obligations arising from PCJV's business such that, PCI did not need a license to the Potato Corner IP to be a member, which is the source of, or representation, that no license was needed. Moreover, PCI had no trademark or IP related claims against anyone, and, as such, was not releasing any such claims. The settlement and sake of equity had nothing to do with intellectual property.<br><br>**Evidentiary Objection 23:**<br>Declaration of Alon Koren ¶ 3 Fails to provide personal knowledge for statement that |

19

| | | | |
|---|---|---|---|
| | | | SPAVI acquired Highfive Corporation or its "relevant operations.  (FRE 602)

**Evidentiary Objection 24:**  G. Koren Decl. ¶ 20.e: Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702); Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); Improper legal conclusion (FRE 704); Summarizes a written document in violation of the secondary evidence rule (FRE 1004);

**Plaintiff's Supporting Evidence**

TE 4
TE 6
TE 1172
TE 46 at ¶¶ 13-16, 58-70 |
| 6. | Following the alleged assignment(s) to Plaintiff, PCJV continued operating as master franchisor. | • Franchise Agreements, TE 1239, 1248;
• Bartolome Declaration ¶¶ 34–35;
• Kurtz Declaration ¶¶ 10–12;
• G. Koren Decl. ¶ 20.f. | **Disputed and Immaterial and not supported by evidence.**

The testimony that Koren does not Dispute is that immediately after the sale, SPAVI and Koren were engage in a negotiation over the terms of a license, from which one can infer if there is no deal, there is no license, and it was clear at all times -that this was a new era and Koren would not get this for free anymore. |

20

| | | | | |
|---|---|---|---|---|
| | | | | **Evidentiary Objection 25:** Kurtz Declaration ¶ 11: Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702); Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); Hearsay to the extent that no business records exception has been established  (FRE 802); Summarizes a written document in violation of the secondary evidence rule (FRE 1004); Improper legal conclusion (FRE 704) |
| | | | | **Evidentiary Objection 26:** G. Koren Decl. ¶ 20.f: Attempts to introduce expert opinion for which he is not qualified (FRE 701, 702); Attempts to provide evidence designed to interpret an integrated contract in violation of the governing parol evidence rule rendering it irrelevant (FRE 401); Improper legal conclusion (FRE 704); Summarizes a written document in violation of the secondary evidence rule (FRE 1004) |
| | | | | **Plaintiff's Supporting Evidence** |
| | | | | TE 50, ¶¶ 10-17 <u>TE 48</u>, at ¶¶ 2-4, 30-75 <u>TE 47</u>, at ¶¶ 31-80 TE 1379, p. 7 ¶ 15 |

21

1

2    Dated:  September 30, 2025                    Fox Rothschild LLP

3

4                                                 /s/ Michael D. Murphy

5                                                 Michael D. Murphy
                                                  Matthew Follett
6                                                 Meeghan H. Tirtasaputra
                                                  Attorneys for Plaintiff and Counterclaim
7                                                 Defendant SHAKEY'S PIZZA ASIA
                                                  VENTURES, INC. and Third Party
8                                                 Defendants CINCO CORPORATION,
                                                  PC INTERNATIONAL PTE LTD., and
9                                                 SPAVI INTERNATIONAL USA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

The undersigned certifies that, on September 30, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF user and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  September 30, 2025

**FOX ROTHSCHILD LLP**

*/s/ Michael D. Murphy*
Michael D. Murphy
Attorneys for Plaintiff SHAKEY'S
PIZZA ASIA VENTURES, INC.

23