1   MICHAEL D. MURPHY (SBN 224678)
    mdmurphy@foxrothschild.com
2   MATTHEW FOLLETT (SBN 325481)
    mfollett@foxrothschild.com
3   MEEGHAN H. TIRTASAPUTRA (SBN 325572)
    mtirtasaputra@foxrothschild.com
4   JESSICA I. NWASIKE (SBN 343087)
    jnwasike@foxrothschild.com
5   FOX ROTHSCHILD LLP
    Constellation Place
6   10250 Constellation Boulevard, Suite 900
    Los Angeles, California 90067
7   Telephone:  310.598.4150
    Facsimile:   310.556.9828
8
    Attorneys for Plaintiff and Counterclaim Defendant
9   SHAKEY'S PIZZA ASIA VENTURES, INC. and
    Third-Party Defendants CINCO CORPORATION,
10  PC INTERNATIONAL PTE LTD., and SPAVI
    INTERNATIONAL USA, INC.

11

12                  UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, | Case No. 2:24-CV-04546-SB(AGRx) |
| 16 | *The Hon. Stanley Blumenfeld, Jr.* |
| 17  Plaintiff, | |
| 17  v. | **PLAINTIFF AND COUNTERCLAIM DEFENDANT** |
| 18 | **SHAKEY'S PIZZA ASIA** |
| 19  PCJV USA, LLC, A Delaware limited liability company; PCI TRADING, | **VENTURES, INC. AND THIRD-PARTY DEFENDANTS' REPLY IN** |
| 20  LLC, a Delaware limited liability company; GUY KOREN, an individual; | **FURTHER SUPPORT OF** |
| 21  POTATO CORNER LA GROUP, LLC, a California limited liability company; | **MOTION FOR SUMMARY** |
| 22  NKM CAPITAL GROUP, LLC, a California limited liability company; | **JUDGMENT** |
| 23  J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California | |
| 24  limited liability company; J&K VALLEY FAIR, LLC, a California | |
| 25  limited liability company; J & K ONTARIO, LLC, a California limited | |
| 26  liability company; HLK MILPITAS, LLC, a California, limited liability | |
| 27  company; GK CERRITOS, LLC, a California, limited liability company; | |

28

1

1  J&K PC TRUCKS, LLC, a California
limited liability company; and GK
2  CAPITAL GROUP, LLC, a California
limited liability company and does 1
3  through 100, inclusive,

4                    Defendants.

5

6  PCJV USA, LLC, a Delaware limited
liability company; PCI TRADING LLC,
7  a Delaware limited liability company;
POTATO CORNER LA GROUP LLC,
8  a California limited liability company;
GK CAPITAL GROUP, LLC, a
9  California limited liability company;
NKM CAPITAL GROUP LLC, a
10  California limited liability company; and
GUY KOREN, an individual,

11                Counterclaimants,

12        v.

13  SHAKEY'S PIZZA ASIA VENTURES,
INC, a Philippines corporation,

14
                 Counter Defendant.
15

16  PCJV USA, LLC, a Delaware limited
liability company; PCI TRADING LLC,
17  a Delaware limited liability company;
POTATO CORNER LA GROUP LLC,
18  a California limited liability company;
GK CAPITAL GROUP, LLC, a
19  California limited liability company;
NKM CAPITAL GROUP LLC, a
20  California limited liability company; and
GUY KOREN, an individual,

21             Third Party Plaintiffs,

22        v.

23  PC INTERNATIONAL PTE LTD., a
Singapore business entity; SPAVI
24  INTERNATIONAL USA, INC., a
California corporation; CINCO
25  CORPORATION, a Philippines
corporation; and does 1 through 10,
26  inclusive,

27             Third Party Defendants.

28

2

**PLAINTIFF AND COUNTERCLAIM DEFENDANT SHAKEY'S PIZZA ASIA VENTURES, INC. AND
THIRD-PARTY DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY
JUDGMENT**                      CASE NO. 2:24-CV-04546-SB(AGRX)
177592497.1

1

# TABLE OF CONTENTS

2   I.    INTRODUCTION ................................................................................5

3   II.   ARGUMENT ......................................................................................5

4         A.   It Is Undisputed that PCJV Had a License and That It Was
               Terminated ..............................................................................5

5
          B.   PCJV's Conduct, As the Licensee, Establishes Cinco's (and Now
6              SPAVI's) Ownership of the PC IP.........................................6

7         C.   Counterclaimants Have Failed to Present a Basis Upon Which a
               Fiduciary Duty Can be Imposed Upon SPAVI.......................6

8
          D.   Third Party Defendants SPAVI International and PC International
9              Are Entitled to Summary Judgment as Defendants Have
               Abandoned Their Claims Against Them ................................7

10
    III.  EVIDENTIARY OBJECTIONS.........................................................7
11
    IV.   CONCLUSION ..................................................................................8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF AND COUNTERCLAIM DEFENDANT SHAKEY'S PIZZA ASIA VENTURES, INC. AND THIRD-PARTY DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**            CASE NO. 2:24-CV-04546-SB(AGRX)

177592497.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gerritsen v. Warner Bros. Ent. Inc.*,
   116 F. Supp. 3d 1104 (C.D. Cal. 2015) ............................................................. 7

*MH Pillars Ltd. v. Realini*,
   277 F. Supp. 3d 1077 (N.D. Cal. 2017) .............................................................. 6

*Shakeys Pizza Asia Ventures, Inc. v. PCJV USA, LLC*,
   No. 24-7084, 2025 WL 1431270 (9th Cir. May 19, 2025) ................................. 6

*World Surveillance Grp., Inc. v. La Jolla Cove Investors, Inc.*,
   66 F. Supp. 3d 1233 (N.D. Cal. 2014) ................................................................ 6

**PLAINTIFF AND COUNTERCLAIM DEFENDANT SHAKEY'S PIZZA ASIA VENTURES, INC. AND THIRD-PARTY DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**      CASE NO. 2:24-CV-04546-SB(AGRX)

177592497.1

## I.   INTRODUCTION

The crux of what is at issue in this Motion is whether PCJV[1] still has a license to use the PC IP. There is no dispute that PCJV had a license to use the PC IP. It is undisputed that Cinco sold the PC IP to SPAVI. It is undisputed that SPAVI sent a letter to PCJV terminating PCJV's license to use the PC IP. The question, then, is the legal effect of the termination letter, which the Court can decide on summary adjudication.

Since it is undisputed that PCJV's use of the PC IP was always pursuant to a license, there is no disputed question of fact that SPAVI owns the PC IP, as confirmed by the Ninth Circuit.

Since Counterclaimants can point to no contract between them and SPAVI, Counterclaimants concede that SPAVI owes no contractual duties to Counterclaimants that could be breached, meaning summary judgment is appropriate on Counterclaimants' breach of fiduciary duty claim against SPAVI.

Counterclaimants' opposition falls severely short of dismantling SPAVI and Third-Party Defendants' Motion. As such, SPAVI and Third-Party Defendants respectfully request that this Court grant their Motion.

## II.   ARGUMENT

### A.   It Is Undisputed that PCJV Had a License and That It Was Terminated

The parties agree that PCJV had a license to the PC IP and that Counterclaimants received from SPAVI a letter terminating that license. (Ex. 48 ¶ 66, Ex. 29 (Trial Ex. 1437)).

Defendants argue the termination letter was ineffective because PCJV's license was irrevocable. Opp. at 18:14-16. But none of the documents Counterclaimants reference state or suggest an irrevocable license. *See Pogrebnoy v.*

---

[1] Unless otherwise defined herein, all defined terms have the meaning ascribed to them in Plaintiffs' Motion for Summary Judgment (the "Motion").

*Russian Newspaper Distribution, Inc.*, 289 F. Supp. 3d 1061, 1070 (C.D. Cal. 2017), aff'd, 742 F. App'x 291 (9th Cir. 2018) ("[A]n implied license, like any other contract, is terminable at the will of either party if it is not for a specified term."). As such Counterclaimants fail to raise a disputed question of fact as to whether PCJV's termination of the license was ineffectual, meaning there is no disputed question of fact as to whether PCJV currently holds a license to the PC IP; it does not.

### B.    PCJV's Conduct, As the Licensee, Establishes Cinco's (and Now SPAVI's) Ownership of the PC IP

Since Counterclaimants conceded that PCJV had a license to the PC IP, there is no disputed question of fact that any use PCJV made of the PC IP inured to the benefit of Cinco and SPAVI as the licensors of the PC IP, meaning there is no disputed question of fact as to the ownership of the PC IP; it is not owned by Counterclaimants. *Shakeys Pizza Asia Ventures, Inc. v. PCJV USA, LLC*, No. 24-7084, 2025 WL 1431270, at *1 (9th Cir. May 19, 2025) ("in the licensor-licensee context, a licensee's use of a trademark inures to the benefit of the licensor-registrant.")  The fact that SPAVI and Third-Party Defendants contend that PCJV no longer holds a license to the PC IP cannot create a disputed question of fact that SPAVI currently owns the PC IP.  *See* Opp. at 20:10.

### C.    Counterclaimants Have Failed to Present a Basis Upon Which a Fiduciary Duty Can be Imposed Upon SPAVI

Despite Counterclaimants' obfuscation, they fail to point to any contractual relationship between them and SPAVI that could form the basis of a fiduciary relationship. *World Surveillance Grp., Inc. v. La Jolla Cove Investors, Inc.*, 66 F.Supp.3d 1233, 1235 (N.D. Cal. 2014).

Since Counterclaimants fail to present any evidence from which a disputed question of material fact could exist as to whether there existed a special relationship between them and SPAVI, they fail to identify a disputed question of fact that any such special relationship existed.

1   While Counterclaimants allege that as a member of PCJV Cinco may have

2   owed Counterclaimants a fiduciary duty, Counterclaimants offer no fact to establish

3   any question as to whether SPAVI is a successor to such a duty. In fact,

4   Counterclaimants fail to even address the factors required to establish such successor

5   liability. *Gerritsen v. Warner Bros. Ent. Inc.,* 116 F. Supp. 3d 1104, 1127 (C.D. Cal.

6   2015).

7   **D.    Third Party Defendants SPAVI International and PC**

8   **International Are Entitled to Summary Judgment as Defendants**

9   **Have Abandoned Their Claims Against Them**

10   Since Counterclaimants abandoned any claim against Third-Party Defendants

11   in the Claims to be Tried Joint Filing (Dkt. 108, 263), the Court should grant

12   summary judgment in favor of PC International PTE Ltd. and SPAVI International

13   USA, Inc. Counterclaimants cannot revive any such claim by a haphazard mention

14   in an opposition to a Motion for Summary Judgment.

15   **III.   EVIDENTIARY OBJECTIONS**

16   SPAVI and Third Party Defendants object to the following paragraphs in the

17   Supplemental Declarations of Erlinda "Lyndah" S. Bartolome ("Bartolome Dec.")

18   and Guy Koren ("Koren Dec."). Preliminarily, however, SPAVI and Third Party

19   Defendants object to the declarations in their entirety to the extent they were used to

20   circumvent the Court's page limit. Dkt. 308.

21

| Defendants' Evidence | Moving Parties' Objections |
|---|---|
| Bartolome Dec. ¶¶ 3-6, ¶¶ 9-17, ¶¶ 8(a)-(i), ¶ 19. | Lacks personal knowledge (FRE 602) |
| Koren Dec. ¶¶ 3-4, ¶ 11, ¶¶ 12-13, ¶ 19, ¶ 22, ¶¶ 24-27 | |

28

| | |
|---|---|
| Bartolome Dec. ¶¶ 3-4, ¶¶ 9-14, ¶ 17, ¶¶ 18(a)(d)(f)-(g)(i), ¶ 19.<br><br>Koren Dec.  ¶4, ¶ 8, ¶ 16, ¶ 20, ¶¶ 22-23, ¶¶ 25-26 | Improper expert opinion for which the declarant is not qualified (701, 702) |
| Bartolome Dec. ¶¶ 3-6, ¶¶ 9-10, ¶¶ 13-17, ¶ 18(a)(d)(e)-(i), ¶ 19.<br><br>Koren Dec. ¶ 1, 4, 5, 7, 10. | Hearsay. Hearsay to the extent that no business records exception has been established  for the documents relied on (FRE 802) |
| Bartolome Dec. ¶¶ 3-4,   ¶¶ 9-10, 14, 16, 18(f)-(g), 18(i).<br><br>Koren Dec. ¶¶ 4-10, ¶ 15, ¶ 20, ¶¶ 22-23, ¶¶ 25-29. | Violates secondary evidence rule by summarizing written document or documents (FRE  1004) |
| Bartolome Dec. ¶¶ 3-4, ¶ 6, ¶ 9, ¶¶ 10-15, ¶¶ 17-18(a)(c)-(e)(g)(i), ¶ 19.<br>Koren Dec. ¶¶  4-5 , ¶ 8, ¶ 10, ¶¶ 16-17, ¶¶ 19-20, ¶¶ 22-28. | Improper legal conclusion (FRE 704) |
| Bartolome Dec. ¶¶ 3-4, 7, 8, 13.<br>Koren Dec. ¶ 3, ¶ 9, ¶¶ 10-11, ¶ 15, ¶ 17, ¶ 21. | Irrelevant (FRE 401) |

## IV.   CONCLUSION

SPAVI and Third Party Defendants request that their motion for summary judgment be granted for the reasons set forth above.

Dated:  October 1, 2025

**FOX ROTHSCHILD LLP**

/s/ *Michael D. Murphy*
Michael D. Murphy
Matthew Follett
Meeghan H. Tirtasaputra
Attorneys for Plaintiff and Counterclaim
Defendant SHAKEY'S PIZZA ASIA
VENTURES, INC. and Third Party
Defendants CINCO CORPORATION,
PC INTERNATIONAL PTE LTD., and
SPAVI INTERNATIONAL USA, INC.

9