**BLANK ROME LLP**
Todd M. Malynn (SBN 181595)
todd.malynn@blankrome.com
Arash Beral (SBN 245219)
arash.beral@blankrome.com
Jamison T. Gilmore (SBN 322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PCJV USA, LLC, a Delaware limited liability company; PCI TRADING , LLC, a Delaware limited liability company; GUY KOREN, an individual; POTATO CORNER LA GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP, LLC, a California limited liability company; J & K AMERICANA, LLC, a California limited liability company; J&K LAKEWOOD, LLC, a California limited liability company; J&K VALLEY FAIR, LLC, a California limited liability company; J & K ONTARIO, LLC, a California limited liability company; HLK MILPITAS, LLC, a California, limited liability company; GK CERRITOS, LLC, a California, limited liability company;  J&K PC TRUCKS, LLC, a California limited liability company; and, GK CAPITAL GROUP, LLC, a California | Case No. 2:24-CV-04546-SB(AGRx)<br><br>*Hon. Stanley Blumenfeld, Jr.*<br><br>**DEFENDANTS' RESPONSES TO OBJECTIONS TO STATEMENT OF UNCONTROVERTED FACTS**<br><br>Complaint Filed:  May 31, 2024<br>Trial Date:           TBD |

i
DEFENDANTS' RESPONSES TO OBJECTIONS TO STATEMENT OF UNCONTROVERTED FACTS

| | |
|---|---|
| 1 | limited liability company and DOES 1 through 100, inclusive, |
| 2 | Defendants. |
| 3 | |
| 4 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Counter-Claimants, |
| 10 | v. |
| 11 | SHAKEY'S PIZZA ASIA VENTURES, INC, a Philippines corporation, |
| 12 | Counter Defendant. |
| 13 | |
| 14 | PCJV USA, LLC, a Delaware limited liability company; PCI TRADING LLC, a Delaware limited liability company; POTATO CORNER LA GROUP LLC, a California limited liability company; GK CAPITAL GROUP, LLC, a California limited liability company; NKM CAPITAL GROUP LLC, a California limited liability company; and GUY KOREN, an individual, |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | Third Party Plaintiffs, |
| 20 | v. |
| 21 | PC INTERNATIONAL PTE LTD., a Singapore business entity; SPAVI INTERNATIONAL USA, INC., a California corporation; CINCO CORPORATION, a Philippines corporation; and ROES 1 through 10, inclusive, |
| 22 | |
| 23 | |
| 24 | |
| 25 | Third Party Defendants. |
| 26 | |
| 27 | |
| 28 | |

Pursuant to Dkt. 319, Defendants submit these responses to Plaintiff's objections (Dkt. 317-1) to the SUF (Dkt. 309-42). Because the objections are numerous and repetitive, Defendants address them in two parts: (A) targeted, SUF-by-SUF responses, and (B) global responses to recurring evidentiary arguments.

**Section A: Responses to Plaintiff's Challenges to Specific SUFs**

1. <u>SUF 1 (PCJV as sole U.S. master franchisor; franchisees derived rights from PCJV; terms; goodwill)</u>

The SUF is based directly on the Stipulated Facts (Dkt. 257), which confirm PCJV's authority to grant tenured rights to every U.S. franchisee. SUF 1 establishes PCJV's right to use the Potato Corner IP under the governing agreements and is material to express or implied duration, Plaintiff's ability to prove "without consent," Plaintiff's inability to prove that it inherited greater rights than Cinco sold to Defendants based on Cinco's admissions, equities and burdens, and Plaintiff's admission that the U.S. franchise law which "exist at the time of entering into a contract form a part of the contract." *Beck Park Apts. v. HUD*, 695 F.2d 366, 369 (9th Cir. 1982). Moreover, "authorized" is not vague. It is grounded in: (i) the stipulated facts; (ii) PCJV franchise agreements (TE 1239, 1248) and FDDs (TE 1034, 1184) (the truth of which statements Cinco admitted under oath, *see* Dkt. 314-2 at 29.b.-c., TE 1421/1355) that identify PCJV as franchisor and recite goodwill inuring to PCJV; and (iii) the parties' course of dealing. Plaintiff's attempt to relabel the evidence as a "Brooklyn Bridge" example is argument, not evidence. Plaintiff's assertion that "another entity was authorized" to sublicense in the Bay Area is unsupported (*see* Dkt. 314-1, ¶ 18.a.), was abandoned, would not qualify as lawful use, was subsequent to Koren's first use, and is immaterial to the agreed upon partnership rights and to the parties' course of dealing, including the overarching, undisputed framework that PCJV functioned as the sole U.S. master franchisor for the national system. The evidentiary objections to Bartolome, Kurtz, Mandel, and Koren do not overcome this SUF (*see* Section B below).

2. <u>SUF 2 and 3 (Set of agreements; long-term duration; supermajority/mutual agreement for termination; rights governed by JVA/LLC)</u>

The SUFs accurately state the facts as agreed by the parties in the settlement agreement (TE 1172, Recital B) that PCJV is governed by a "set of agreements." *See* Dkt. 314-2, ¶ 22. The SUFs also accurately state the undisputed terms of those agreements. Cinco itself relied on those agreements as the operative license agreement in seeking royalty damages. The evidence is also clear and undisputed that the duration provision was always tied to the use of the IP and terminable only upon supermajority/mutual agreement after IP trailing rights. *Id.*, ¶¶ 4-8; Dkt. 314-1, ¶¶ 18.f., 19. Plaintiff's "parol evidence" and "secondary evidence" objections are wrong. Defendants rely on the written agreements themselves and proper foundational declarations. Extrinsic evidence is permissible to explain context, resolve ambiguity, and show course of dealing, including any implied rights—especially where, as here, the issues are intertwined across related agreements and conduct. The Court expressly invited focused briefing on these legal questions and recognized that issues stemming from contract interpretation and course of dealing as foundational (Dkt. 308). The suggestion that summary judgment declarations expand page limits is unfounded. Defendants' declarations (which are always required to support summary judgment) authenticate and provide foundation, necessary context and evidence of the objectively manifested and relied upon mutual intent of the parties for the Court to adjudicate legal issues. Cinco's sworn statements further demonstrate the equities and burdens; Cinco could not have assigned to Plaintiff greater rights than it had or could enforce.

3. <u>SUF 4 (No ownership; no goodwill)</u>

Plaintiff essentially admits this SUF. That Plaintiff claims it is "interested in franchise agreements, regulatory obligations, supply chain contracts, etc." does not change the fact that Plaintiff did not acquire them.

4. <u>SUF 5 (Cinco Parties' releases and the state-court resolution)</u>

2
**DEFENDANTS' RESPONSES TO OBJECTIONS TO STATEMENT OF UNCONTROVERTED FACTS**

Plaintiff's response is argument, not a factual dispute. The SRA/MIPA is a trial exhibit, relevant to prove an assignment in gross, and material to preclusion/release/estoppel issues. The settlement agreement binds all successors, does not limit successors to only past or future successors, and was negotiated by counsel for real party in interest settling and releasing licensing claims under the governing documents—estopping the real party in interest from disavowing Defendants' rights under the governing documents sued upon, settled, and released. Further, even if it meant only future successors, TE 6 shows a transaction in August 2024, post-dating the settlement. The settlement agreement and related instruments also clearly show assignments by both Cinco and PCI to Defendants. Whether PCI "had no IP claims" is immaterial; the releases and settlement documents stand on their terms and legal effect. Plaintiff cites no contrary release language. Plaintiff's discrete objection to a sentence in the Alon Koren declaration is immaterial; the SUF is established from the settlement documents alone.

5. <u>SUF 6 (After alleged assignment(s) to Plaintiff, PCJV continued operating as master franchisor)</u>

Plaintiff's response essentially admits the SUF. Whatever the settlement negotiations were among the parties is immaterial. Plaintiff's statement that "Koren would not get this for free anymore" assumes facts not in evidence, is premised on Koren waiving and compromising legal rights, including an equal sharing of royalty-based income from U.S. franchisees licensing the U.S. marks, and is also belied by the evidence. Dkt. 314-1, ¶¶ 18.e., 18.h.

**Section B: Global Responses to Plaintiff's Evidentiary Objections**

1. <u>"Page-limit circumvention"/use of declarations</u>. Dkt. 308 plainly required a focused motion and anticipated exhibits. Defendants' declarations do not evade page limits; they provide a concise summary-judgment record by (i) authenticating trial exhibits, (ii) laying foundation, (iii) pinpointing record citations, and (iv) offering relevant testimony.

2. <u>FRE 602 (personal knowledge)</u>. Bartolome started with Cinco in 1997, was engaged with the U.S. operations from 2008, attended all meetings, took minutes, and became PCJV's Corporate Secretary after its formation in July 2010. She was directly involved in negotiations, operations, franchise documentation, communications, and regulatory filings, and her testimony is based on her role-derived personal knowledge and company records—no witness in this case has greater personal knowledge of the critical issues. Mandel was a transactional participant with first-hand knowledge of negotiations and IP matters, witnessed the execution of several agreements, and participated in the creation, development and franchising of Potato Corner USA. Kurtz served as PCJV's franchise counsel (after DLA Piper), was directly involved in FDDs, franchise documentation and resolving pre-existing violations of franchise law. He has personal knowledge of the records he worked on and reviewed. Guy Koren has knowledge of the formation, IP rights, and course of dealing at issue.

3. <u>FRE 701/702 (lay/expert opinions)</u>. No testimony is expert opinion. They are (i) foundational/authentication testimony; (ii) factual descriptions of documents and events; and (iii) limited lay opinions rationally based on the witnesses' roles and perception that are helpful to understanding the record.

4. <u>FRE 704 (legal conclusions)</u>. There are no legal conclusions. Even if there were, the Court may disregard any argumentative phrasing without striking factual foundations, context, or exhibits.

5. <u>FRE 1004 (secondary-evidence rule)</u>. Does not apply to Defendants' testimonial evidence. Defendants submitted the operative agreements, franchise contracts, FDDs, settlement documents, and other trial exhibits themselves. Declarants citing or authenticating those exhibits is not summarizing in lieu of the original. If summaries exist, they are permissible under FRE 1006 with the source records in the record.

4
**DEFENDANTS' RESPONSES TO OBJECTIONS TO STATEMENT OF UNCONTROVERTED FACTS**

6. <u>Hearsay (FRE 802)</u>. Operative contracts, FDDs, corporate filings, and settlement documents are not hearsay when offered to show legal effect, notice, consent, or course of dealing, and are also party admissions or business records. Statements showing effect on the listener or course of performance are not hearsay. Any business record is properly supported by custodial or declarant testimony, and party communications fall, at minimum, under Rule 801(d)(2).

7. <u>Relevance (FRE 401)</u>. All testimony is relevant testimony. The operating agreements, terms, franchise agreements/FDDs, releases, and course of performance are directly relevant to the issues before the Court.

8. <u>Parol evidence</u>. The core questions—authorization, duration, and scope across related agreements and the parties' long course of conduct—permit extrinsic evidence to explain and harmonize the documents and resolve ambiguity. The state-court transcript in *Cinco v. Koren* confirms precisely that approach was contemplated for adjacent contract questions. The Ninth Circuit (*e.g., Thomson v. Hodgson*, 2025 WL 2406526, at *4–8) recognizes that duration can be implied from the nature and circumstances of IP agreements and conduct—precisely what the record shows.

9. <u>"Immateriality"</u>. Plaintiff repeatedly labels the SUFs "immaterial" in order to collapse everything into its new May 31, 2024 "termination" theory. But the longstanding structure, the governing agreements, the franchisee rights and goodwill provisions, the regulatory regime, the releases, and the post-assignment conduct all bear directly on the issues before the Court.

At bottom, Plaintiff's SUF responses are argumentative and do not create genuine disputes. Its evidentiary objections rely on incorrect evidentiary principles and cannot erase the stipulated facts and trial exhibits. The Court should overrule the objections, deem Defendants' SUFs admitted or undisputed for purposes of the motions, and reach the merits on the record Defendants submitted.

DATED: October 5, 2025     **BLANK ROME LLP**

By: */s/ Arash Beral*
―――――――――――――――――
Todd M. Malynn
Arash Beral
Jamison T. Gilmore
Attorneys for Defendants, Counterclaimants, and Third Party Plaintiffs PCJV USA, LLC, PCI TRADING LLC, POTATO CORNER, LA GROUP, LLC, GK CAPITAL GROUP, LLC, NKM CAPITAL GROUP, LLC and GUY KOREN, and Defendants J & K AMERICANA, LLC, J&K LAKEWOOD, LLC, J&K OAKRIDGE, LLC, J&K VALLEY FAIR, LLC, J & K ONTARIO, LLC, J&K PC TRUCKS, LLC, HLK MILPITAS, LLC, and GK CERRITOS, LLC

# **CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for PCJV USA Parties, certify that this brief contains 1,517 words, which complies with the word limit of Local Rule 11-6.1.

DATED: October 5, 2025

                                       */s/ Todd M. Malynn*
                                       TODD M. MALYNN

# CERTIFICATE OF SERVICE

The undersigned certifies that on October 5, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2025.

By:   */s/AJ Cruickshank*