UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PCJV USA, LLC et al., <br><br> Defendants. | Case No. 2:24-cv-04546-SB-AGR <br><br><br> ORDER RE INQUIRY ABOUT SPECIAL MASTER |

  The Court appointed the Honorable Richard Stone as a special master to investigate the parties' noncompliance with court orders—including by "interviewing whomever he believes is necessary to evaluate counsel's compliance with their professional obligations and the court's orders"—and to recommend appropriate sanctions. Dkt. No. 213 at 9. After expanding the scope of the referral, the Court extended the deadline for the report and recommendation to September 12 but provided that if Judge Stone believed he could not meet it, "he may file a request for more time that proposes a reasonable alternative deadline." Dkt. No. 251 at 2. The parties were directed to provide copies of the Court's orders to Judge Stone, and Defendants certified compliance.

  No report and recommendation has been filed. Although not fully explained, it appears that Judge Stone may not have been aware of the Court's orders until recently. Yesterday, the parties filed a joint report stating that Judge Stone's case manager contacted them on September 25 to propose "an initial telephonic conference"; that Plaintiff's then-lead counsel, Michael Murphy, did not respond for a week; and that the conference was ultimately scheduled for October 16. Dkt. No. 324 at 4. On October 10, Plaintiff's counsel John Shaeffer informed Defendants that Murphy was on a leave of absence from the firm and would no longer be litigating this action for at least the next 4–5 months. *Id*. On October 13,

1

Shaeffer filed a notice of appearance and identified himself as lead counsel for Plaintiff and the third-party defendants. Dkt. Nos. 322, 333. The parties represent in their joint report that Shaeffer and defense counsel "have worked diligently and professionally on other matters and foresee no further issues in this case" and that Shaeffer has "provided assurances that with his substitution as lead counsel, there will be no further missed deadlines or noncompliance with court orders." Dkt. No. 324 at 5 n.2.

The parties report that they spoke with Judge Stone about the status of the case and recent filings and that he "concluded that he cannot complete his assignment without the ability to hear from Mr. Murphy and requested that the parties seek clarification from the Court regarding how the special master should proceed under these circumstances." *Id*. at 5. The parties therefore seek guidance, and Defendants request that the Court either discharge the order to show cause (OSC) and referral as to them or allow Judge Stone to make a recommendation only as to them pending Murphy's leave of absence.

The parties have not provided any information about the nature of Murphy's leave of absence, nor any explanation why he is unavailable for Judge Stone to interview in compliance with this Court's order. Murphy has not withdrawn from his representation in this matter and in any event is subject to the Court's jurisdiction for purposes of sanctions. *Int'l Aluminum Sys., Ltd. v. Bailey*, 134 F.3d 377 (9th Cir. 1998) (court retains jurisdiction to sanction counsel after withdrawal). Absent further explanation, Murphy is ordered to make himself available to Judge Stone promptly. The Court declines to discharge or alter the OSC or referral as to Defendants at this time. Although their recent filings reflect greater compliance with the Court's instructions and deadlines than those of Murphy and Plaintiff, Defendants' conduct in this case, especially in its early stages, has also been concerning.

The parties shall promptly provide a copy of this order to Judge Stone and shall certify compliance by October 21, 2025. No later than October 31, Judge Stone is requested to file a status report with his best estimate of when he reasonably expects to complete his investigation and file his report and recommendation.

Additionally, given the parties' representations about the professional relationship between Shaeffer and defense counsel, the parties shall promptly meet and confer to discuss whether they believe it may now be possible either to resolve this matter in full or to narrow some of the outstanding disputes—either informally

among counsel or through the use of a mediator—and shall file a joint report on the outcome of their discussion no later than October 21. As the Court continues to devote substantial resources to its ongoing review of the parties' extensive summary-judgment and trial filings, the parties shall promptly notify the Court of any developments that may render adjudication unnecessary.[1]

Date: October 17, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] The Court recognizes that uncertainty about the trial date also imposes a significant burden on the parties and their witnesses, some of whom reside overseas. That uncertainty stems from the parties' failure to properly prepare this case for trial—to an unprecedented extent, in this Court's experience. The parties are advised that the Court likely will be unable to schedule civil jury trials during the government shutdown and intends to provide ten days' notice before witnesses must appear.