UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PCJV USA, LLC et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-04546-SB-AGR<br><br>ORDER TO SHOW CAUSE WHY MICHAEL MURPHY SHOULD NOT BE SANCTIONED |

　　　Michael D. Murphy, who was heavily involved in the prior state litigation, filed this action as lead counsel for Plaintiff.  In February 2025, Murphy changed firms to Fox Rothschild LLP but continued his representation as lead counsel.  Murphy has played a significant role in the misconduct that has plagued this case and resulted in the issuance of multiple orders to show cause (OSCs) re sanctions.  On October 13, 2025, John Shaeffer, another Fox Rothschild lawyer, replaced Murphy as lead counsel.  Soon after, the parties informed the Court that Murphy was no longer at Fox Rothschild (after initially stating that he was on a leave of absence) and that special master Judge Stone was unable to conclude his investigation without being able to hear from Murphy.  The Court ordered Murphy, who had not withdrawn from the case, to cooperate with Judge Stone:

> Murphy has not withdrawn from his representation in this matter and in any event is subject to the Court's jurisdiction for purposes of sanctions. *Int'l Aluminum Sys., Ltd. v. Bailey*, 134 F.3d 377 (9th Cir. 1998) (court retains jurisdiction to sanction counsel after withdrawal). Absent further explanation, Murphy is ordered to make himself available to Judge Stone promptly.

Dkt. No. 325 at 2.

1

It appears that Murphy has not complied, nor has he withdrawn from his representation in this case. A review of the state bar website shows that Murphy recently updated his firm affiliation and contact information. https://apps.calbar.ca.gov/attorney/Licensee/Detail/224678. He has not, however, updated his contact information on the docket, in violation of the Local Rules. *See* L.R. 83-2.4 ("An attorney who is a member of the bar . . . who changes his or her name, office address (or residence address, if no office is maintained), law firm association (if any), telephone number, or e-mail address must, within five (5) days of the change, notify the Clerk of Court in writing. If any actions are currently pending, the attorney or party must file and serve a copy of the notice upon all parties.").

Assuming that Murphy is not willfully defying the Court's orders, he presumably has not received them because of his failure to update his contact information as required by L.R. 83-2.4. That failure is holding up Judge Stone's investigation and report. Although Plaintiff has been vague about the reason for Murphy's apparent de facto withdrawal, at the November 11 summary-judgment hearing, Plaintiff's counsel stated that he was unaware of any reason Murphy could not be ordered to appear and cooperate with Judge Stone. Accordingly, Murphy is ordered to show cause in writing by November 28, 2025, why he should not be sanctioned under L.R. 83-7, Fed. R. Civ. P. 16(f), and the Court's inherent authority for his apparent abandonment of this case, failure to update his contact information, and violation of the Court's order to cooperate with Judge Stone's investigation. The clerk's office shall send a copy of this order to mmurphy@mdmurphylegal.com, the new email address listed by Murphy on his state bar page.

Date: November 24, 2025

                                               Stanley Blumenfeld, Jr.
                                            United States District Judge