UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PCJV USA, LLC et al., <br><br> Defendants. | Case No. 2:24-cv-04546-SB-AGR <br><br> ORDER RE TRIAL DATE AND FILING DEADLINES |

The Court ordered the parties to meet and confer (1) to continue their attempts at resolution and (2) to thoroughly discuss the application of the Court's summary-judgment ruling and the narrowing of the remaining issues for trial. Dkt. No. 331 at 31–32. The Court noted that it expected to order amended pretrial filings but would defer deciding their scope until it had reviewed the parties' submissions. *Id*. at 32 n.15. The parties filed a joint report that expresses optimism about their ongoing settlement discussions and describes their parallel discussions about narrowing the case. Dkt. No. 333. The parties agree that new pretrial filings are necessary and request deadlines to submit a full set of the pretrial documents required by the Court's standing Civil Pretrial and Trial Order (CPTO) at Dkt. No. 30.

I.

Before turning to the filing requirements, the Court addresses some general points from the parties' joint report.

First, the parties conclude their report by stating that they "are cooperating and working towards resolution and also streamlining the trial," and "are more in a collaborative business posture than ever before." Dkt. No. 333 at 13. The Court

1

encourages the parties to continue their parallel attempts at resolving the case and cooperating to narrow the issues for trial. The parties identify at least two areas in which Plaintiff has suggested agreements that could simplify the trial and jury instructions (*id*. at 5–6), which Defendants are considering, and the Court encourages them to continue their collaboration on these and any other areas in which they could reach agreements that would simplify the case being presented to the jury.

Second, Plaintiff represents that it will: (1) "narrow [its] claims to infringement of a registered trademark pursuant to 15 U.S.C. § 1114 and common law trademark infringement only" by "fil[ing] the appropriate requests for dismissal without prejudice to reflect the narrowed case"; (2) narrow its affirmative defenses; and (3) "file appropriate requests for dismissal without prejudice with respect to those Defendants who are not accused of direct trademark infringement." *Id*. at 5. Plaintiff shall file its notices of dismissal as to those claims and defendants no later than December 10, 2025.

Third, Defendants suggest that bifurcation would streamline the trial because the jury's findings on Plaintiff's claims would necessarily narrow Defendants' counterclaims, which could be tried separately (and "there would be a strong likelihood that the matter would be resolved following Phase One"). *Id*. at 11–12. Defendants also request the opportunity to brief the issue of bifurcation and ask that they be required to submit new pretrial documents only as to the first phase of trial. Plaintiff states that it "is not necessarily opposed to the suggestion" but "questions how it will promote judicial efficiency since the same witnesses will need to testify in both phases of the case and many of the factual issues overlap." *Id*. at 6–7.

The parties should proceed on the assumption that trial will not be bifurcated. This case has already been unduly delayed and must be brought to a close. If the Court were to permit a bifurcated trial, it would require the second phase to proceed with the same jury immediately after it renders a verdict in the first phase. Thus, the parties and the Court would need to have ready in advance of trial fully finalized alternative jury instructions for the second phase that would take into account any possible verdict in the first phase. The Court does not foreclose a joint request for such bifurcation if all parties agree—and can demonstrate to the Court's satisfaction—that it would be more efficient, but such an approach would appear to require more work rather than less. The parties must provide pretrial filings for a single trial on the assumption that it will not be

bifurcated, but they may additionally file alternative instructions that would be used in a bifurcated trial if they wish to jointly request bifurcation.

Fourth, the Court emphasizes that the purpose of allowing the summary-judgment proceedings, as requested by the parties, was to *narrow* the issues and claims for trial. Defendants include in their joint report a discussion of evidence that suggests that they may be searching for new theories and evidence. For example, in their summary-judgment motion, Defendants identified the "governing agreements" that addressed PCJV's right to use the Potato Corner marks in the United States as the JVA, the AJVA, the LLC Agreement, and the MSA (as those terms are defined in the Court's summary-judgment order). Dkt. No. 309-1 at 9. The Court found that the AJVA superseded the other agreements. Dkt. No. 331 at 26–27. In the joint report, Defendants now appear to invoke for the first time a different purported licensing agreement.

The parties are not being given another opportunity to raise new issues and evidence that could have been presented earlier. The Court—as urged by Defendants—denied Plaintiff's request for more time to reopen discovery and motions practice. The parties and the Court have expended countless hours attempting to refine and narrow the claims, counterclaims, and defenses, and the Court expects the amended pretrial filings to reflect further progress in narrowing the issues to a smaller subset of what was previously asserted. Absent a showing of newly discovered evidence that could not have been obtained earlier through the exercise of diligence, the Court does not intend to permit the parties to advance claims or evidence that were not previously disclosed in their original pretrial filings. Thus, for example, the Court expects the amended joint exhibit list to contain only a subset of the previously proffered exhibits and expects the challenged exhibit list to include only a subset of the objections that have already been identified at Dkt. No. 298 (which reflects multiple rounds of negotiation and narrowing of disputes).

## II.

The Court resets this case for jury trial on January 20, 2026 at 8:00 a.m., and for a pretrial conference on January 9, 2026 at 8:30 a.m., both in Courtroom 6C.

The Court has expended enormous resources reviewing and reworking the prior trial filings, and much of that work will need to be repeated if the filings are entirely replaced. Nevertheless, the Court agrees with the parties that new pretrial filings are required. Accordingly, they shall meet and confer and file the following

updated pretrial filings, which shall comply with the requirements of the CPTO and this order: (1) memoranda of contentions of law and fact; (2) a joint witness list; (3) a joint exhibit list;[1] (4) a joint status report on settlement; (5) requests for judicial notice; (6) a proposed PTC order; (7) joint proposed jury instructions;[2] (8) a joint verdict form; (9) a joint statement of the case; (10) a challenged exhibits table; (11) joint motions in limine (JMILs), if any;[3] and (12) deposition designations as to which the parties have any dispute or objection, if applicable. The parties need not refile their proposed voir dire questions.

In their latest joint report on settlement, the parties state that they "are working diligently to exhaust all efforts to resolve this matter, and appreciate the Court granting the parties some reasonable time to exhaust those efforts to fully and finally resolve their disputes." Dkt. No. 335 at 3. To allow the parties the maximum time possible to complete their settlement discussions while also allowing the Court time to prepare for trial, all pretrial filings will be due no later than December 29, 2025.

The Court takes the parties at their word that they are cooperating better than ever before and expects the amended pretrial filings to reflect that cooperation. The parties shall also carefully review all submissions to ensure they are error-free and as helpful and clear as possible.

Date: December 4, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] To reduce confusion, the parties shall retain the exhibit numbering from the prior exhibit list and skip the numbers that have been withdrawn.

[2] As stated in the CPTO, the parties should fill in all blanks and select among bracketed options when using pattern instructions. The parties shall also ensure that party names (including capitalization) are consistent throughout the instructions; that defined terms are defined only once—the first time they appear—and used consistently thereafter; and that the formatting is consistent throughout the instructions, including the use of two spaces between sentences.

[3] Because the parties have already had the opportunity to file JMILs (which they did not do in compliance with the CPTO), as well as an extra opportunity to seek summary judgment after the trial filings, the parties are limited to no more than two JMILs each.