UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PCJV USA, LLC et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-04546-SB-AGR<br><br>ORDER RE ATTORNEY MICHAEL MURPHY AND SPECIAL MASTER INVESTIGATION |

　　　On November 24, the Court ordered attorney Michael D. Murphy "to show cause in writing by November 28, 2025, why he should not be sanctioned under L.R. 83-7, Fed. R. Civ. P. 16(f), and the Court's inherent authority for his apparent abandonment of this case, failure to update his contact information, and violation of the Court's order to cooperate with Judge Stone's investigation." Dkt. No. 332 at 2. Murphy did not file a response by the November 28 deadline. However, on December 10—nearly two weeks after the deadline had passed—he emailed to the Court a responsive declaration that he had attempted unsuccessfully to file before the deadline.

　　　Murphy's declaration explains that: (1) he is "former counsel" for Plaintiff and the related parties; (2) he ceased to be affiliated with Fox Rothschild in early October after beginning treatment (which is ongoing) for a medical condition; (3) he contacted Judge Stone on November 3 and offered to make himself available for an interview, but Judge Stone responded that his schedule made that impossible, that he was waiting to hear back from this Court on timing, and that he would "keep [Murphy] posted"; (4) he has followed up to request updates and has received none, but will make himself available as soon as Judge Stone is ready; (5) he initially did not believe he could update his contact information because doing so would hold himself out as counsel of record for Plaintiff; (6) he can be

1

reached at mmurphy@mdmurphylegal.com; (7) he has been unable to file his declaration because PACER requires two-factor authentication using his Fox Rothschild email address, which has been disabled; (8) he has been trying to contact PACER since November 27 to resolve the issue but has not been successful; and (9) he asked other attorneys at Fox Rothschild to file his declaration for him, but they refused.

Although Murphy has not demonstrated diligence in updating his contact information and responding to the order to show cause (OSC)—for which he waited nearly two weeks after the deadline to email the Court—his declaration provides at least partial explanations for the failures identified in the OSC. Crediting Murphy's declaration, it does not appear that he is now delaying Judge Stone's investigation or that he has intentionally abandoned his clients. The Court takes no further action on its OSC at this time but reserves ruling until it addresses the other misconduct in this case.

Murphy's statement that the other attorneys at Fox Rothschild who represent Plaintiff refused to file his declaration for him, despite sill being listed as his cocounsel on the docket and being aware that he was the subject of an OSC and unable to access PACER, does not reflect well on counsel. For practical purposes, it appears to be undisputed that Murphy no longer represents any parties in this case, and he will be treated as having withdrawn. Because he is the subject of outstanding OSCs and Judge Stone's investigation, the Court will leave him on the docket to ensure that he continues to receive notice of all orders. The clerk's office is directed to (1) file a copy of Murphy's declaration and (2) update Murphy's contact information on the docket to reflect the information listed on the state bar website at https://apps.calbar.ca.gov/attorney/Licensee/Detail/224678. Until Murphy regains PACER access (which he shall endeavor to obtain as soon as possible), the Court expects Plaintiff's counsel to assist Murphy in filing any declarations or responses to Court orders as needed.

Judge Stone's November 1 status report stated: "Without [Murphy's] participation and information as to his whereabouts and ability/desire/willingness to participate, I do not know when I will be able to complete my assignment. . . . I intend to update the Court promptly if circumstances change in a manner that would allow me to provide a more definite completion timeline." Dkt. No. 327-1 at 2. Murphy claims to have contacted Judge Stone two days later and offered to make himself available at Judge Stone's convenience. More than a month has passed, and Judge Stone has not provided any update on his expected timeline for

completion of his investigation and report (for which the Court's extended deadline was September 12 unless Judge Stone proposed a reasonable alternative).

      Accordingly, Judge Stone no later than December 20 shall file (or cause the parties to file) a further status report with a date by which he expects to conclude his investigation and report.  To the extent that Judge Stone remains involved in ongoing settlement negotiations between the parties and believes that his special master appointment would interfere with his role as a mediator, he may defer his investigation until after those negotiations conclude.  If Judge Stone's other commitments preclude him from completing his special master obligations within a reasonable time, he shall inform the Court promptly so that it can appoint a different special master in his place.

      The parties shall promptly provide a copy of this order to Judge Stone and shall file a declaration by December 12 stating that they have done so.  The clerk's office shall send a copy of this order to mmurphy@mdmurphylegal.com.

Date: December 10, 2025

                                             Stanley Blumenfeld, Jr.
                                            United States District Judge