UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PCJV USA, LLC et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-04546-SB-AGR<br><br>ORDER CONTINUING PRETRIAL CONFERENCE AND REQUIRING AMENDED PRETRIAL FILINGS |

　　　　Faced with pretrial filings that remained severely deficient even after multiple rounds of revisions, the Court permitted the parties to file belated summary judgment briefing, which they agreed would assist in narrowing the issues in dispute. The parties filed more than 3,700 pages of briefing and evidence, and the Court issued a 32-page decision adjudicating their disputes. Dkt. No. 331. The Court then allowed the parties additional time to attempt to resolve their dispute and to narrow their claims and defenses in light of the summary judgment ruling. On November 26, 2025, the parties reported that they were "cooperating and working towards resolution and also streamlining the trial," and "more in a collaborative business posture than ever before." Dkt. No. 333 at 13. The parties expressed optimism about resolving the entire case. *Id.* at 10 ("Defendants were and are cautiously optimistic about the prospects of a resolution. In Defendants' view (a view Defendants believe Plaintiff shares), a business resolution is much more in the mutual interests of all parties rather than going to trial."); Dkt. No. 335 at 3 ("SPAVI desires to pursue a specific option for a global resolution of all disputes, including this action. Mr. Koren was receptive to this framework and is in discussions with his team and is also gathering additional documents and information to present to SPAVI.").

　　　　Relying on the parties' representations, the Court extended until December 29 the deadline for all amended pretrial filings "[t]o allow the parties the maximum time possible to complete their settlement discussions while also allowing the Court time to prepare for trial." Dkt. No. 336 at 4. The Court cautioned them that

1

it "takes the parties at their word that they are cooperating better than ever before and expects the amended pretrial filings to reflect that cooperation." *Id*.

The parties once again have failed to live up to their representations or to follow the Court's instructions. On December 29, they reported that their settlement efforts were unsuccessful and they expected to proceed to trial as scheduled. Dkt. No. 351. They also filed amended pretrial filings that fall far short of their promised cooperation and do not comply with the Court's instructions.

I.

In its December 4 order, the Court—concerned that Defendants seemed to be searching for new theories and evidence in response to the summary judgment ruling—"emphasize[d] that the purpose of allowing the summary-judgment proceedings, as requested by the parties, was to *narrow* the issues and claims for trial" and that "[t]he parties are not being given another opportunity to raise new issues and evidence that could have been presented earlier." Dkt. No. 336 at 3. The Court explained:

> The parties and the Court have expended countless hours attempting to refine and narrow the claims, counterclaims, and defenses, and the Court expects the amended pretrial filings to reflect further progress in narrowing the issues to a smaller subset of what was previously asserted. Absent a showing of newly discovered evidence that could not have been obtained earlier through the exercise of diligence, the Court does not intend to permit the parties to advance claims or evidence that were not previously disclosed in their original pretrial filings. Thus, for example, the Court expects the amended joint exhibit list to contain only a subset of the previously proffered exhibits and expects the challenged exhibit list to include only a subset of the objections that have already been identified at Dkt. No. 298 (which reflects multiple rounds of negotiation and narrowing of disputes).

*Id*. The parties' filings—especially Plaintiff's—repeatedly violate these instructions.

First, in the updated joint exhibit list, Plaintiff[1] seeks to offer 45 new exhibits it had not previously identified.  In response to Defendant's objections, Plaintiff contends that most of the new exhibits are portions of exhibits that Defendants previously sought to offer.  Dkt. No. 358 at 6.  At best, this reflects a failure to adequately meet and confer.  To the extent the exhibits Plaintiff seeks to offer are pages from exhibits Defendants previously proffered and have now withdrawn (which should be objectively verifiable), the Court will permit their addition.  Otherwise, in the absence of a showing that an exhibit is "newly discovered evidence that could not have been obtained earlier through the exercise of diligence," no new exhibits will be permitted.  Dkt. No. 336 at 3.

Second, the challenged exhibit list has been expanded with numerous new objections by Plaintiff that go well beyond "a subset of the objections that have already been identified at Dkt. No. 298," as provided in the Court's order.  Several of the new objections are to exhibits previously offered by Plaintiff.  Dkt. No. 358 at 9–13, 24, 38–39.  The new objections have generated additional disputes about witnesses, as Defendants now seek to add new witnesses to authenticate newly challenged exhibits.  *See, e.g.*, Dkt. No. 349 at 10–11.  In any event, absent a showing that due process requires a contrary approach, any objections not previously asserted in the amended challenged exhibit list at Dkt. No. 298 have been waived.

Third, Plaintiff appears to be backtracking on its prior positions in other ways.  For one thing, it appears to no longer agree with all the facts to which it has stipulated.  *See* Dkt. No. 352-1 at 8 (Defendants contend that all stipulated facts at Dkt. No. 257 are admitted and require no proof, while Plaintiff agrees only as to a subset of the facts).  Plaintiff now also seeks bifurcation of trial on punitive damages after previously taking the position that "[b]ifurcation of *punitive* damages is ***inappropriate*** here. . . . This case can, and should, be tried all at once."  Dkt. No. 199 at 18 (emphasis in original).  Plaintiff has not provided any justification for why it should not be held to its prior positions.

These examples may not be exhaustive, but they raise serious concerns about Plaintiff's disregard for the Court's instructions.

---

[1] For convenience, the Court refers only to Plaintiff, but the discussion applies equally to the Third-Party Defendants, who are aligned with Plaintiff and jointly represented.

II.

In addition to Plaintiff's specific violations of the Court's instructions, the parties have failed once again to provide workable jury instructions. Notwithstanding the substantial narrowing of the claims and defenses for trial (addressed in § IV below), the parties have filed no fewer than 48 disputed jury instructions. Dkt. No. 354. *Cf.* Dkt. No. 30 at 7 ("The Court expects counsel to agree on almost all the jury instructions, particularly when pattern or model instructions provide a statement of applicable law."). The parties have also filed competing verdict forms, each exceeding 40 pages. Dkt. Nos. 347, 356.

The extensive disputes in the parties' proposed jury instructions and verdict forms are inconsistent with the parties' representations about their improved cooperation, on which the Court relied when allowing them additional time. *See* Dkt. No. 336 at 4 ("The Court takes the parties at their word that they are cooperating better than ever before and expects the amended pretrial filings to reflect that cooperation."). The parties still have not done the work necessary to enable the Court to prepare the case for trial, which is quickly approaching.

III.

Because of the parties' failure to file amended pretrial documents that comply with the Court's instructions or represent the cooperation they promised, the January 9 pretrial conference is continued to January 16, 2026 at 8:30 a.m. The parties shall further meet and confer and no later than 9:00 a.m. on January 14 shall file the following amended pretrial documents, which the Court expects to reflect substantial narrowing of the parties' disputes: (1) joint proposed jury instructions, (2) a joint proposed verdict form, (3) a joint witness list, (4) a joint exhibit list, (5) a challenged exhibits table, (6) a proposed PTC order, and (7) a further joint report on the status of any continuing settlement efforts. The parties shall not file further memoranda of contentions of law and fact,[2] motions in limine, or a joint statement of the case, but they shall include the most recent versions of those documents in a new pretrial binder with the amended documents, which shall be delivered no later than January 14.

The Court will separately consider appropriate sanctions for the parties' continuing misconduct. The Court notes that Plaintiff's lead counsel, upon

---

[2] The parties' stipulated request for additional pages for their memoranda (Dkt. No. 341) is denied as moot.

substituting into the case, assured opposing counsel and the Court that "with his substitution as lead counsel, there will be no further missed deadlines or noncompliance with court orders." Dkt. No. 324 at 5 n.2. Although the parties have subsequently improved on meeting deadlines, Plaintiff's compliance with the Court's orders remains lacking, as discussed above.

IV.

Notwithstanding the numerous disputes that remain, both sides have dropped claims and defenses that narrow the issues to be tried.

As stated in Plaintiff's notice at Dkt. No. 337, Plaintiff's claims for trademark infringement and false designation of origin in violation of 15 U.S.C. § 1125(a), contributory infringement in violation of §§ 1114 and 1125(a), violation of the Unfair Competition Law, declaratory relief, quantum meruit, and breach of confidence are dismissed without prejudice, leaving only trademark infringement under § 1114 and the common law for trial. Those remaining claims are dismissed as against Defendants Guy Koren, PCI Trading, LLC, and Potato Corner LA Group, LLC. Plaintiff's remaining defenses are unclean hands, failure to mitigate, and justification; all other affirmative defenses are expressly abandoned.

As stated in Defendants' report at Dkt. No. 343, Defendants' quantum meruit counterclaim is dismissed without prejudice, as are the portions of all counterclaims based on (1) supplier/vendor relationships or landlord/site agreements, (2) the tolling agreement, settlement documents, or the MIPA, and (3) the theory that Plaintiff is Cinco's successor as to the JVA. Defendants' remaining defenses are limited to abandonment by naked license, waiver, acquiescence, ratification, promissory estoppel, equitable estoppel, judicial estoppel, unclean hands, in pari delicto, and mitigation; all other affirmative defenses are expressly abandoned.

The parties state that Defendants intend to prosecute their counterclaims solely on behalf of PCJV and that the parties are continuing to meet and confer to formalize an appropriate agreement to that effect. The parties shall file their stipulation no later than January 13.

Date: January 8, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge