UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, Plaintiff, vs. PCJV USA, LLC, ET AL, Defendants. | CASE NO: 2:24-cv-04546-SB-AGR<br>CIVIL<br>Los Angeles, California<br>Friday, June 13, 2025<br>(9:10 a.m. to 9:20 a.m.) |

POST SETTLEMENT STATUS CONFERENCE

BEFORE THE HONORABLE STANLEY BLUMENFELD, JR.,
UNITED STATES DISTRICT JUDGE

**APPEARANCES**: SEE PAGE 2

Court Reporter: Recorded; CourtSmart

Courtroom Deputy: Lynnie Fahey

Transcribed by: Exceptional Reporting Services, Inc.
20079 Stone Oak Pkwy., Ste 1105-237
San Antonio, TX 78258
361 949-2988

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | MATTHEW R. FOLLETT, ESQ.<br>MICHAEL DONNELLY MURPHY, ESQ.<br>Fox Rothschild<br>10250 Constellation Boulevard<br>Suite 900<br>Los Angeles, CA 90067 |
| For Defendants: | TODD MATTHEW MALYNN, ESQ.<br>ARASH BERAL, ESQ.<br>Blank Rome<br>2029 Century Park East<br>6th Floor<br>Los Angeles, CA 90067 |

**Los Angeles, California; Friday, June 13, 2025; 9:10 a.m.**

**(Call to Order)**

**THE CLERK:** Calling item three, 24-cv-4546, *Shakey's Pizza Asia Ventures, Inc. versus PCJV USA, LLC*.

Counsel, please come forward and state your appearance.

**MR. MURPHY:** Morning, Your Honor. Michael Murphy, Fox Rothschild, counsel for Shakey's, the Plaintiff, PC International, the third party defendant, as well as the other two third party defendants, Cinco Corporation and Spavi U.S.

**MR. FOLLETT:** Good morning, Your Honor. Matthew Follett, Fox Rothschild, also on behalf of the same parties.

**MR. BERAL:** Good morning, Your Honor. Arash Beral and Todd Malynn of Blank Rome representing the PCJV parties.

**THE COURT:** Good morning. And this is here for a post-settlement status conference. This will be brief.

It appears -- I'll hear from Plaintiff's counsel, Mr. Murphy or Mr. Follett, at the lectern, please.

And so with regard to the settlement efforts, the Court's understanding is that you've had now four sessions or so with the magistrate judge in this matter, who I believe is Judge Rosenberg. And the parties have not been able to resolve this case; is that correct?

**MR. MURPHY:** Yes, Your Honor. And I have to say Judge Rosenberg put in more than a fulltime of effort and so I

-- yeah, she helped us exhaust I think pretty much every opportunity. And it was a lot of time spent by everybody so --

**THE COURT:** And what, if any, next steps have the parties discussed in attempting to resolve this business matter? Have you discussed proceeding with a private mediator or some informal discussions, or are the parties bent on trying this case?

**MR. MURPHY:** I don't think the parties are bent on trying this case, Your Honor. I think the issue is it's really a Mars, Venus problem.

I just think that there's a world view of who owns the intellectual property that is so -- I mean, it really came -- we have very thorough and very kind of complicated, creative business decisions that were on the table.

But at the end of the day, it came down to who believes who owns the Potato Corner intellectual property. And that fundamental Mars, Venus question I think has -- it affects your valuation of the stores, of the brand, of everything.

And so at the end of the day, although this sounds crass, it comes down to who's paying who. And that very blunt question was infecting a very thoughtful process I think by everyone involved.

**THE COURT:** All right. And what are the fact or factual disputes that divide the parties on that question? And I'm reluctant to ask that question given the Court's history

with the parties in this case. I don't want argument.

**MR. MURPHY:** Yeah.

**THE COURT:** And I don't want five minutes. So if you can -- if you're not able to very concisely tell me what the factual divide or divides are, then I'd rather not hear it frankly.

**MR. MURPHY:** It is -- in my opinion, it is a fact law question. It is who believes who has the goodwill to sell.

And if you believe that you in the United States have built the goodwill and it's your property to sell, you will have a different valuation than if you believe you are a former licensee who was building goodwill for the benefit of the licensor.

At the end of the day, that's the dispute.

**THE COURT:** All right. And that's helpful, Mr. Murphy.

Is that an actual factual dispute, are there actually fact disputes concerning whether the goodwill was being developed in the capacity of a licensee or whether they were doing it on their own behalf.

**MR. MURPHY:** It is unclear in my opinion as to which has been selected by Defendants' counsel. And so there's a question. Do -- were we a licensee or do we own the intellectual property? And that's kind of been buried in this case really since the injunction proceeding.

**THE COURT:** All right. The parties are aware that the first filings, the pretrial filings are on June 20th, the second are on July 7th. The pretrial conference is on July 18th. And the trial date is set for August 4.

The parties, as you've been hearing me tell others, and you're coming pretty close, you should advise your respective clients and all of your witnesses.

You've been on notice since the date of the case management order that there'll be a 30-day trial period.

I do have currently other matters that are set for trial, including criminal matters. And I do not intend to continue this trial.

**MR. MURPHY:** So, Your Honor, we -- I would like to figure out how we discuss that because there are three parties that were added to this case after --

**THE COURT:** Let me just stop you, Mr. Murphy, as a procedure matter.

**MR. MURPHY:** Thank you, Your Honor.

**THE COURT:** So this is not the time to discuss a trial continuance.

**MR. MURPHY:** Thank you.

**THE COURT:** I will not entertain an oral request for a trial continuance or a continuance of any of the case management deadlines at a post-settlement status conference.

**MR. MURPHY:** Thank you, Your Honor.

**THE COURT:** We are on the eve of trial. It is too late to be discussing these modified dates.

In any event, we will not -- I will not entertain an oral request. So to the extent that you are making an oral request, the request is denied for procedural purposes that it is simply not before me properly.

**MR. MURPHY:** Thank you, Your Honor.

**THE COURT:** So is there anything else that you wish to address the parties should prepare for trial and make sure that all of the filing deadlines are complied with?

I expect and will demand coordination, professionalism in the preparation of all papers. You should be prepared if the Court finds that the papers aren't consistent with the Court's orders, that there could be multiple pretrial conferences.

I still have the OSC that I'm considering with regard to the special master. And I will be making decisions on that in short order.

I'll hear briefly now from the defense.

**MR. MURPHY:** Thank you, Your Honor.

**MR. BERAL:** Thank you, Your Honor.

With respect to the trial, we have been complying with your CMO. We're intent to file our trial documents.

We've exchanged -- or at least we've sent them our jury instructions on the deadline that we were supposed to send

them. We sent them the verdict form on the deadline that we were sent -- supposed to send them. We got nothing from the other side.

We got -- we were supposed to meet and confer on trial deadlines and trial documents on -- by June 6th. Mr. Murphy did not want to meet and confer by June 6th. And he has not given us any date this week to meet and confer on that either.

We have trial documents that are due next week. We're preparing them. If we have to file unilateral submissions with alongside a report as to why they're not joint, we intend to do that.

Unless Mr. Murphy wants to provide us his trial documents and meet and confer, we'll be ready to provide our trial documents.

**THE COURT:** The parties should be prepared for serious sanctions in this case if the Court does not see compliance.

I have previously warned -- and I'm done warning -- on multiple occasions of what the Court's expectations are. And my expectations are as simple as can be: comply with the orders in the case.

Any failure to comply will at this point result in sanctions. It's simply going to be a question of how much sanctions.

And the Court is still considering as I've indicated referring counsel to the state bar in this matter.

I am still considering a special master to get behind the previous violations. So counsel should make sure that they understand that so that if in fact those consequences befall you, they're consequences that you have been plentifully advised of.

So I'm not going to entertain the back and forth at this point. If I receive unilateral filings, counsel should be prepared for consequences for that.

If I receive what effectively are unilateral filings which are both sides are saying this is what we think, this is what we think, when they're supposed to be joint, the purpose of the pretrial conference is to minimize the amount of disputes.

If I see that there are an unreasonable amount of disputes, the jury instructions, for example, where you're disputing things that clearly reflect a lack of seriousness with regard to the meet-and-confer process, there'll be consequences for that as well.

So with that, I don't think there's anything further for the Court to meaningfully obtain at this proceeding. So unless there's something that you've not been provided an opportunity to say, I'll hear from you briefly, and then I'll conclude this matter.

**MR. BERAL:** Just two points. One is we do have a hearing with just -- with Magistrate Judge Rosenberg. I believe it's in two weeks. It's -- concerns a Rule 37 motion that we have brought against Mr. Murphy's client for violation of a discovery order.

We are seeking certain terminating issue and evidentiary sanctions with respect to that motion. That might affect how things proceed here. I don't know. We'll see what happens there.

The second is just really short and to the point. We disagree with Mr. Murphy's characterizations about what was at issue during the settlement conferences.

**THE COURT:** All right. This matter is concluded. I will see the parties at the pretrial conference on July 18th.

And let's call the next matter, please.

**(This proceeding was adjourned at 9:20 a.m.)**

**CERTIFICATION**

**I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.**

**April 2, 2026**

**Signed** **Dated**

***TONI HUDSON, TRANSCRIBER***