UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| SHAKEY'S PIZZA ASIA VENTURES, INC, Plaintiff, vs. PCJV USA, LLC, ET AL, Defendants. | CASE NO: 2:24-cv-04546-SB-AGR<br>CIVIL<br>Los Angeles, California<br>Friday, August 8, 2025<br>(9:58 a.m. to 10:26 a.m.) |

FINAL PRETRIAL CONFERENCE

BEFORE THE HONORABLE STANLEY BLUMENFELD, JR.,
UNITED STATES DISTRICT JUDGE

**APPEARANCES**: SEE PAGE 2

Court Reporter: Recorded; CourtSmart

Courtroom Deputy: Lynnie Fahey

Transcribed by: Exceptional Reporting Services, Inc.
20079 Stone Oak Pkwy., Ste 1105-237
San Antonio, TX 78258
361 949-2988

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff:

MATTHEW R. FOLLETT, ESQ.
MICHAEL DONNELLY MURPHY, ESQ.
JEFFREY GRANT, ESQ.
Fox Rothschild
10250 Constellation Boulevard
Suite 900
Los Angeles, CA 90067

For Defendants:

TODD MATTHEW MALYNN, ESQ.
ARASH BERAL, ESQ.
JAMISON GILMORE, ESQ.
Blank Rome
2029 Century Park East
6th Floor
Los Angeles, CA 90067

**Los Angeles, California; Friday, August 8, 2025; 9:58 a.m.**

**(Call to Order)**

**THE CLERK:** Calling item five, 24-cv-4546, *Shakey's Pizza Asia Ventures, Inc. versus PCJV USA, LLC.*

Counsel, please come forward and state your appearance.

**MR. MURPHY:** Good morning. Michael Murphy from Fox Rothschild here on behalf of Plaintiff, counterclaim defendant, as well as the third party defendants.

**THE COURT:** Make sure that lead counsel are identifying everyone on their team.

**MR. MURPHY:** Oh. I've got Jeff Grant, who just associated in this morning, as well as Matt Follett, both from the same firm.

**THE COURT:** Please be seated.

**MR. BERAL:** Good morning, Your Honor. Arash Beral, also Todd Malynn, and Jamison Gilmore on behalf of the PCJV USA parties.

**THE COURT:** Good morning.

And this matter's here for a pretrial conference.

And the Court begins with the observation that the pretrial filings in this case are woefully deficient, among the most deficient pretrial filings this Court has had an opportunity over the course of almost 20 years to observe.

The parties are going to be required to meet and

confer and provide the Court with revised pretrial filings.

With regard to the claims, the pretrial conference order fails to line up with the claims, the counterclaims, the affirmative defenses such that they are not addressed by the jury instructions.

So when the Court considers the pretrial conference order, and the pretrial conference order is supposed to identify essentially the shape of the trial, there are claims, counterclaims, affirmative defenses that are simply not addressed by jury instructions.

And what that suggests to the Court is one of two things. Either those claims, counterclaims, and affirmative defenses that are not addressed by jury instructions have been abandoned, which is what the Court is going to conclude, or the parties believe that the claims, counterclaims, or affirmative defenses are not going to be tried by the jury.

The pretrial conference order should have addressed that, if that's the case. So the Court is going to conclude that they have been abandoned.

I'll hear from the parties at an appropriate time, but that's the Court's understanding of the failure to provide jury instructions or any indication that instructions are unnecessary in connection with the claims and defenses.

And with regard to the claims and affirmative defenses that have not been abandoned, it is unclear which

elements are disputed; and, if there are disputes, what the -- whether the disputes are legal or factual.

The parties are going to be required for each unabandoned claim, counterclaim, or affirmative defense to list the elements for each, and for each indicate whether the element is disputed, whether it's a legal or a factual dispute.

And if it is disputed, the Court is going to need to know if it's a legal or factual dispute. But then beyond that, if it's a legal dispute, the parties are going to be required to provide essentially in one paragraph each their respective positions, along with authority to support their respective positions.

If it's a factual dispute, similarly the Court is going to require the parties to provide their respective positions with the evidence that supports your respective positions.

And you'll have a limited amount of -- a limited length of pages, it'll probably be no more than a paragraph or two each, with regard to every single fact that's in dispute.

You'll also need to provide the Court with a list that explains with regard to the affirmative defenses what they relate to, what claim or counterclaim they relate to.

And then I'm also going to want a list that provides me with what issues are for the jury, what issues are for the bench.

I hope that the parties understand and counsel understand the significance of this requirement.

And let me be very direct. When I say that I've been doing this for a long time, and I have been, and have not seen a case as poorly prepared as this one, I can't even tell in this case really what the claims are about.

I don't even know what claims are really at issue. I could guess. I have some understanding. But there are a bevy of claims, counterclaims, affirmative defenses.

And when I look at this, when I come prepared for trial or pretrial conference -- and I assume counsel do as well, especially counsel who've had some experience -- and all counsel here have had experience -- is that they have an idea as to what the shape of the trial is going to look like.

I'll look at these papers, and what I see is an unabashed mess. I don't see a trial.

So what you're forcing the Court to do is to focus lawyers on the job that they're being retained to do in the first instance, which is at the most basic level to explain to the Court what are the claims that are at issue, what are the elements that are issue?

Are there really disputes? If so, what are the disputes? Are they factual or legal? And so that's something that the Court needs.

In the first instance, it's unfortunate that I have

to require it in that way. Usually the pretrial conference order at a bare minimum provides me with some semblance as to what the shape of the trial is going to be.

Parties also going to be ordered to meet and confer and do what they had suggested they would do, and that is provide me with stipulated facts.

I can't force you to stipulate to facts. I can only say that it doesn't speak well of the parties or the lawyers if you can't even come up with some basic stipulated facts.

It means that there is what appears to the Court and has appeared to the Court all along such a fundamental breakdown of professionalism that the parties can't even agree upon stipulated facts.

The jury instructions, jury instructions are critical, as I think all counsel know. It also provides the bench with an understanding as to the shape of the trial; very important.

There are approximately 99 jury instructions that have been provided. Almost all of the substantive instructions are disputed. Also a first for this Court.

Typically there are three, four jury instructions that are at issue. They're model instructions. It's pretty obvious what most of the instructions are going to be.

And good lawyers generally are able to limit the number of jury instructions.

Here, the parties have such a fundamental misunderstanding or difference as to what even the claims are -- I'm not even sure that the parties know what the claims are in this case, based upon the submission -- that that has a ripple effect into not being able to agree upon jury instructions.

You'll be required to do some work to narrow that down to a handful of disputes that the Court reasonably can adjudicate.

The exhibits, the Court already noted previously that the parties had an absurd number of challenged exhibits. And the parties' response to the Court's order to meet and confer and to narrow the scope of the challenges, again, regrettably is very characteristic of this case and the lawyers' performance, which is to go from 120 pages or so of challenged exhibits to 176, upping the ante.

You're going to be required to go every exhibit, exhibit by exhibit, and provide the Court with a paragraph as to what the objection is, with authority, what the response is, and what the reply is.

And there's an issue that has been raised with regard to Rule 37(c) sanctions and, again, regrettably with a lack of understanding as to the adjudicatory process.

How can the Court be expected to rule on objections like the other side failed to comply with initial disclosures,

and I'm seeking Rule 37 sanctions, without the Court having been involved at all in the discovery process, without the Court having any information about the initial disclosures?

And how do you expect the Court to rule on those issues at trial? Should we break every time there's an exhibit that's sought to be introduced?

Should I just excuse the jury and then we have a discussion, and then you provide the Court at that point with your respective positions and the documents that support it? How are we to do that?

So again the burden falls on the Court to provide the parties with directions as if the parties are being represented by themselves without a fully understanding as to the adjudicatory process.

The parties are going to be ordered to provide me with a table that contains a complete history of the discovery in this matter, which also feathers in the Rule 26 reports, when those reports were exchanged and disclosed to the other side, with an attachment to that table that provides me with the actual disclosures.

And then with your relative positions with regard to every challenged item, exhibit or otherwise, that you're seeking Rule 37 sanctions on that provides me with your respective positions.

That makes it easy on the Court to be able to follow

along with regard to that submission so I'm in a position to make a determination.

With regard to a couple of other items, the defense has requested that the Court take judicial notice of two state court orders, as well as a transcript.

But the defense has provided the Court with no information concerning the purpose of seeking judicial notice. In the absence of the Court having that understanding, it's simply not in a position to make a determination as to whether to grant or deny judicial notice.

As I'm sure all counsel are aware, it's not sufficient to say something is theoretically subject to judicial notice, like an order which theoretically is. But it depends upon what it's being offered for.

So the parties asked for judicial notice but provide the Court with no basis to make a determination. And we're ten days away from trial.

And the parties need to be prepared to go trial on the 18th.

Punitive damages, Plaintiff is seeking punitive damages apparently, wants punitive damage instructions to go two ways in the jury instruction. But Shakey's hasn't asked for punitive damages in its pleading; remarkably aggressive position.

Parties -- Plaintiff wants the Court to allow for the

Engel, E-N-G-E-L, deposition to be lodged. There's an objection. I have no idea what this is all about.

And, incidentally, I'm going to look of course more closely when I have a better understanding about what the shape of the trial is going to be.

But just looking at the amount of time, for example, for Koren's testimony, K-O-R-E-N, the parties are likely operating under a misunderstanding as to how long this trial's going to be and how long the Court is going to allow witnesses to testify.

And I'm certainly suspicious about the estimates in light of the performance of all counsel and all parties in this case throughout the history of your appearing before me.

So you're going to have to provide the Court with all of this information very quickly since trial is fast approaching. So you'll receive a copy of the Minute Order with the specifics of the dates.

But what you can expect is that I'm going to require that you provide the Court with the claims analysis that I started out with by 9:00 a.m. on Tuesday, August 12th; the same for the stipulations.

I'll give you until the 13th for the jury instructions; the 14th for the exhibits, and the 14th for the Rule 37 sanctions request and the information the Court's going to need.

So with that I'll hear very briefly from lead counsel for each side, very briefly. And the parties are going to be ordered back for a continued pretrial conference on August 15th, next Friday, at 8:30.

So I'll hear very briefly from Plaintiff's lead counsel, briefly from defense lead counsel, and then we'll wrap it up.

**MR. MURPHY:** Actually, Your Honor, if I may just from here, yeah.

**THE COURT:** From the lectern, please.

**MR. MURPHY:** Happy to comply, your orders make sense. I appreciate the guidance.

I think one thing that might help, doing the claims first is helpful because I think getting an agreement on what the claims are and what is legally and factually available is kind of the predicate to everything else falling in line.

And so one of the -- it's been a barrier.

So I am -- I think that for the jury instructions and the exhibits, one of the suggestions that I've made that might make sense now is that we have kind of an agreement that, you know, our disputes as to the jury instructions that arise from whether it is legally or factually available is just presumed.

And then we just talk about whether or not the jury instruction is properly stated under the law, and then that way the question as to whether you actually can allege this here

won't be part of the debate, as it has been quite a bit.

So other than that, I have nothing to offer.

**THE COURT:** And, Mr. Murphy, I think that largely should go without saying, that is to say there's a pretrial process, as the parties know.

This case essentially has not been pretrialed, remarkably so. The Court has not, other than I think the TRO and the preliminary injunction and the various skirmishes along the way, has not been presented with substantive challenges, including a summary judgment motion in this case.

Rather remarkable, rather remarkable.

So the parties find themselves in a position where the case hasn't been narrowed down, as happens in almost every case, such that the only issues for trial are actually presented during the pretrial conference.

But if a claim is still in existence, you have to provide the Court with jury instructions, period, end of story.

You may have a Rule 50(a) motion. So be it. But that doesn't relieve you of the obligation to provide jury instructions. I frankly can't even fathom why that would be an issue. That's obvious.

You can't just say, look, I don't believe there's a legal basis for this claim, I don't believe there's factual evidence for this claim, I therefore am not going to engage in the jury instruction process, I'm going to object.

Of course you can't do that. For you to do that is essentially saying I'm both lawyer and judge. I've just granted myself a dismissal motion or summary judgment on a claim. Of course you can't do that. It's obvious. So please cut it out.

**MR. MURPHY:** And we have. That's why we provided alternative instructions to those we don't believe are valid.

But I'm -- I do have one other issue that I think is probably better raised after we discuss this because it's kind of not related to the pretrial stuff. So if the Court would rather me do that now, I can, or after --

**THE COURT:** The Court is simply not going to entertain anything other than what is on the agenda for today, which is the pretrial conference. And I have now defined the scope.

**MR. MURPHY:** Right.

**THE COURT:** So if you have anything further to address with regard to the pretrial conference matters that the Court has identified, there's nothing further to address to the Court.

**MR. MURPHY:** Right. Thank you, Your Honor. I have nothing else.

**THE COURT:** All right. I'll hear from the defense.

**MR. BERAL:** Thank you, Your Honor. No big disagreements, Your Honor. I expect that the Court would say

that we have to meet and confer further on these jury instructions and other documents.

I would say that with respect to the pretrial conference order, I don't think there was an intention for us to abandon anything that's not in the jury instructions.

Our view was that if it's an equitable issue, claim, defense, whatever, there's no corresponding jury instruction that we could provide to the Court because it's an equitable issue that the Court would address.

So I would ask for the opportunity to provide some further paper or document to address exactly our thinking on that process about what we believe is a legal issue to be tried to the jury and versus to the Court.

**THE COURT:** You'll have the opportunity to do that in response to the Court's requirements regarding the specification of the claims, counterclaims, and defenses.

But I am interested, counsel, in what the thought process was that the pretrial conference order only applies to the issues that are presented to the jury and such that if you believe there still are claims and issues that have to be resolved, they simply don't need to be addressed at all in the pretrial conference order.

So what's the basis for that?

**MR. BERAL:** I believe we handled the pretrial conference order in a way to address all the issues and claims

that I believe are supposed to be tried.

Now, I don't think they're all in the jury instructions, but I could be wrong. Mr. Malynn has further understanding of the pretrial conference order because he handled it -- I'm sorry.

**MR. MALYNN:** I agree with your statement.

**MR. BERAL:** I believe, is it correct, that our issues --

**THE COURT:** Counsel, --

**MR. BERAL:** I'm sorry, Your Honor.

**THE COURT:** -- first of all, you're ordered to re-read the Court's pretrial conference and trial order. And you'll know that you cannot do what you just did.

**MR. BERAL:** I apologize, Your Honor.

**THE COURT:** When you're up at the lectern, there's only one person you're addressing, and that's me. Proceed.

**MR. BERAL:** I believe that we went into the -- with the intention of including all of our claims and defenses in the pretrial conference order.

However, the jury instructions don't include what we view to be the equitable issues in the case.

**THE COURT:** So the bottom line is that if I look at the pretrial conference order again, I will see all of the claims and defenses that you're asserting.

And to the extent that there's no corresponding jury

instruction to a claim, counterclaim, an affirmative defense, it means that you are representing that there is no jury issue concerning that claim or affirmative defense.

**MR. BERAL:** That is -- that's accurate, Your Honor.

**THE COURT:** All right. Is there anything further you wish to address with regard to the items -- I also would like to know what your position is or what the issue is concerning the purpose of the request for judicial notice.

**MR. BERAL:** That was specific to one of the pretrial conference order requirements for us to file a request for judicial notice by a certain deadline.

We made that request for judicial notice not really knowing how those issues are going to come up at trial. They could come up as part of impeachment, they could come up as different issues.

So we -- to be safe, we filed a request for judicial notice of those documents. And so we request any deferral on those rulings until the actual trial on an as-needed basis with respect to those documents.

**THE COURT:** And what is the basis for the objection of the Engel deposition?

**MR. BERAL:** Because Mr. Engel is going to be here in court, there's no reason for deposition testimony to be read to a jury. They can cross examine him, they can, you know, --

**THE COURT:** Well, remind the Court. I don't recall

that there was any designations or cross designations with regard to Mr. Engel, correct?

**MR. BERAL:** That's correct, Your Honor, with respect to his deposition testimony.

**THE COURT:** Correct.

**MR. BERAL:** Correct.

**THE COURT:** And so as far as I'm concerned, the Court's order is pretty clear. There is no request and there will not be any deposition testimony that's read in in lieu of trial testimony.

Of course the parties are always able to use a deposition transcript with a live witness in manners that are allowed by the rules of evidence.

But beyond that, I -- once again, this sounds like a good example of the parties are disputing something and they don't really even know what the basis of the dispute is, which is unfortunate.

But in any event, the Court is going to conclude that there is no dispute there. There is no request. There has been no designation to have Engel testify by way of deposition in lieu of live testimony.

So with that, unless there's anything further you wish to say, I will see the parties back next Friday at 8:30.

And you'll receive a copy of the Minute Order with the obligations that you each have. But I would strongly

suggest that you get working on it immediately.

What should not happen is that I receive essentially papers of the similar quality where you're just giving me stuff that's not useable so that the Court has to come back and focus you further.

If I have to do that, the Court again is going to look to see whether sanctions are going to be appropriate.

I understand this is a tight deadline. But the parties have been living with this case for a long time. And, in fact, at least some of the lawyers here have been living with these issues for a very long time that even precede this federal lawsuit.

By this point all parties should be in apposition to understand the basics of the case and the claims and the defenses, and to provide that to the Court without that much effort.

But if in fact I do not receive the information that is being ordered, the parties should be prepared -- when I say sanctions, I'm also considering appropriate default and dismissal sanctions, abandonment, waiver sanctions, evidentiary sanctions. Everything's going to be on the table.

I'm not here just talking about monetary sanctions and referral sanctions. That's going to be largely dealt with in connection with the special master and what the Court learns from the special master.

So with that, I will see the parties back at 8:30 next Friday.

**MR. BERAL:** Thank you.

**THE CLERK:** All rise. Court is adjourned.

**(This proceeding was adjourned at 10:25 a.m.)**

**CERTIFICATION**

**I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.**

**April 2, 2026**

**Signed** **Dated**

***TONI HUDSON, TRANSCRIBER***